IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to All Cases), | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

### ORDER DESIGNATING A SEPARATE TRACK FOR THE *SANOFI* CASE AND SETTING BRIEFING SCHEDULE FOR PENDING MOTION TO DISMISS IN THAT CASE

On September 7, 2017, the court held an initial scheduling conference in this MDL.  One of the topics of discussion was whether the court should allow certain cases in this MDL to proceed on separate tracks.  At present, this MDL mostly consists of cases filed by individual consumers or third party payors who allege they purchased EpiPens for consumption by themselves, their families, or their members, employees, insureds, participants or beneficiaries (collectively "the consumer class cases").  Among other things, the consumer class cases assert that defendants —sellers and manufacturers of the EpiPen—violated federal and state antitrust laws, the federal RICO act, and various state consumer protection laws.  The consumer class cases also seek certification of a class action or multiple classes.

One of the cases in this MDL differs from the consumer class cases.  It is *Sanofi-Aventis U.S. LLC v. Mylan Inc. et al.*, Case No. 17-2452 ("the *Sanofi* case").  Plaintiff Sanofi is a pharmaceutical company who purportedly competes with defendant Mylan, Inc.  Sanofi alleges that the Mylan defendants engaged in various anticompetitive conduct designed to prevent Auvi-Q®—a rival product once sold by Sanofi— from gaining access to the epinephrine autoinjector

market, and designed to prevent consumers from acquiring the Auvi-Q®. Sanofi asserts three claims against the Mylan defendants under Section 2 of the Sherman Antitrust Act. These claims include: (1) exclusive dealing; (2) deceptive conduct to further monopolization; and (3) monopolization. Case No. 17-2452, Doc. 1 at 62–66. Sanofi brings this action only for itself, and not on behalf of any other plaintiffs or putative class members. So, its Complaint neither asserts class action allegations nor seeks certification of a class.

### *The Court Designates a Separate Track for the <u>Sanofi</u> Case*

At the September 7 hearing, the Mylan defendants objected to separate tracks in this MDL. The Mylan defendants assert that separate tracks will produce inefficiencies because the *Sanofi* case raises the same legal issues raised by the consumer class cases. The court finds Mylan's argument unpersuasive. Although the consumer class cases share some similarities with the *Sanofi* case, the differences between them are substantial enough to warrant separate litigation tracks. True, plaintiff Sanofi alleges antitrust claims. But it asserts those claims in its role as a competitor of the Mylan defendants—not as a consumer. Also, the antitrust legal theories that Sanofi asserts in its Complaint differ from some of the antitrust violations alleged by the plaintiffs in the consumer class cases. And, importantly, Sanofi asserts no class action claims. Considering all these differences between the two types of cases, the court finds that maintaining all cases on a single track actually would produce inefficiencies.

The Mylan defendants also argue that separate tracks would impose duplicative burdens—including the requirement to respond to multiple rounds of briefing instead of one round in a single, consolidated proceeding. But, the Mylan defendants already have filed a Motion to Dismiss the Complaint in the *Sanofi* case when it still was pending in the District of New Jersey. Case No. 17-2452, Doc. 36. Sanofi has responded to that motion. Case No. 17-

2452, Doc. 41.  And, to conclude briefing on this motion and make it ripe for decision, the Mylan defendants need only to file their Reply.  The court thus concludes that placing the *Sanofi* case on a separate track and deciding the pending motion to dismiss—one that addresses a Complaint that is different and unique from the other consumer class cases in the MDL and one that is almost fully briefed for the court's consideration—will produce greater efficiencies.

Indeed, the Judicial Panel on Multidistrict Litigation ("JPML") envisioned that the court may order such an approach in the MDL.  The JPML noted:

> To the extent *Sanofi* presents unique factual and legal issues, the transferee judge has the discretion to address those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice.  Additionally, the transferee judge may recommend Section 1407 remand of *Sanofi* in advance of other actions if he deems it appropriate.

Transfer Order, *In re:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, MDL No. 2785 (J.P.M.L. Aug. 3, 2017), ECF 59 at 3 (citing *In re:  McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Practices Litig.*, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015)).  Notably, Sanofi's counsel suggested at the hearing that it may seek to remand the case to the District of New Jersey for expert discovery, summary judgment practice, and trial.

The court, exercising its discretion, concludes that differences between the consumer class cases and the *Sanofi* case warrant use of separate tracks at this stage of the proceeding.  The court notes that its ruling does not preclude the court from revising the tracks at a later stage.  Indeed, as counsel suggested at the hearing, the court can utilize separate tracks for certain matters—here, motion practice testing the sufficiency of the Complaint in the *Sanofi* case—and later combine those tracks on other matters that call for a single, consolidated track for all cases in the MDL.  But, for now, the court concludes that the most efficient course of action is to place the *Sanofi* case on a separate litigation track.

*Directions for CM/ECF Filing for the Separate Tracks*

To help the parties and the court recognize which filings pertain to which track(s), counsel must identify the applicable track(s) in the caption for each filing they make. For filings that apply only to the consumer class cases, the caption must report: "This document applies to consumer class cases." For filings that apply only to *Sanofi*'s case, the caption must report: "This document applies to the *Sanofi* case." For filings that apply to all cases, the caption must report: "This document applies to all cases."

The court also directs the Clerk to differentiate between pleadings for the two tracks on the MDL's CM/ECF docket. Filings for the consumer class cases will appear in red font; filings for the *Sanofi* case will appear in blue font; and filings that apply to all cases will appear in CM/ECF's normal font, *i.e.*, black and white.

While the court finds that this proceeding can derive certain efficiencies from separate pleading tracks, it declines to establish separate tracks for discovery. The court has established a Steering Committee that includes representatives from both the consumer class cases and the *Sanofi* case. The court believes this leadership group possesses requisite creativity and pragmatism to conduct discovery on a consolidated basis. The court trusts counsel will take the steps necessary to manage discovery efficiently while proceeding on a unified basis. This conclusion does not preclude any party from requesting, by motion, a different approach if future circumstances justify such a request.

*Briefing on the Pending Motion to Dismiss*

The court also orders the Mylan defendants to file a Reply to the pending Motion to Dismiss in the *Sanofi* case **on or before October 6, 2017**. The court recognizes that the Mylan defendants have asked the court to start the briefing over on this motion because their original

brief relies on case law from the Third Circuit, where the case was pending when the Mylan defendants filed their Motion to Dismiss.  The court has reviewed defendants' brief in support of their Motion to Dismiss (Case No. 17-2452, Doc. 36-1).  While the brief cites many cases from the Third Circuit, it relies mostly on Supreme Court antitrust authority.  The brief also includes several citations to Tenth Circuit authority.  The court finds no sufficient reason to restart the briefing on the motion based on the case's transfer to the MDL.  Defendants will have an adequate opportunity to cite Tenth Circuit case law in their Reply brief.

To the extent the Mylan defendants find that Tenth Circuit case law supports arguments that they premised originally on Third Circuit authority, the court authorizes the Mylan defendants to provide this information in one of two ways.  One, the Mylan defendants may identify the supplemental authority in the manner described by D. Kan. Rule 7.1(f).  Letters submitted under this rule are due on the same date as Mylan's Reply.  Two, Mylan may submit a redlined version of its initial brief (Doc. 36-1) with redline iteration inserting such additional citations.  Should Mylan decide to abandon certain arguments in light of Tenth Circuit authority, it may file with its Reply a separate Notice specifying any such arguments.

**IT IS THEREFORE ORDERED BY THE COURT** that this MDL will proceed on two separate pleading tracks.  One track will include the consumer class cases—that is, all cases in this MDL except the *Sanofi* case (Case No. 17-2452).  The other track will include only the *Sanofi* case (Case No. 17-2452).

**IT IS FURTHER ORDERED** that the court directs the Clerk of the Court to create two tracks for filing purposes in the master case (17-md-2785), as outlined more specifically in this Order.  The court also orders the Clerk of the Court to copy the Mylan defendants' pending Motion to Dismiss and plaintiff Sanofi's Memorandum of Law in Opposition filed in Case No.

17-2452 into the master case.  *See* Case No. 17-2452, Docs. 36, 41.  This will allow the Mylan defendants to file their Reply to the motion in the master case.

**IT IS FURTHER ORDERED** that the Mylan defendants in the *Sanofi* case must file their Reply in support of the pending Motion to Dismiss **on or before October 6, 2017**.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2017, at Topeka, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
