IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation

MDL No: 2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to All Cases)

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' Motion to Continue Stay of Discovery (ECF No. 50). In their motion, defendants ask the court to continue the stay of all discovery until it decides their pending and anticipated motions to dismiss. Plaintiffs oppose the requested stay. For the reasons discussed below, the court grants the motion in part and denies it in part.

**I.    Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] A stay is not favored because it can delay a timely resolution of the matter.[3] Therefore, as a general rule, the District

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC,* No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

1

of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[4]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[5]

However, a stay pending a ruling on a dispositive motion may be appropriate where the following circumstances are present:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[6]

A party seeking a stay of discovery has the burden to show a clear and compelling reason for the court to issue a stay.[7]

## II. The Parties' Arguments

Defendants argue that all the factors favoring a stay are present in this case. They think it likely that the court's rulings on their motions to dismiss will, "[a]t a minimum," result in "entire categories of issues, claims, and defendants" dropping out of the case. Reciting the standard for ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), defendants also assert that no

---

[4] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994). An exception exists when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity. *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[5] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[6] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[7] *Cargill*, 2015 WL 3937395, at *1.

facts adduced during discovery will affect the court's ruling.  Finally, defendants contend it would be wasteful, burdensome and prejudicial to allow discovery to go forward before knowing if any claims or parties will remain following the court's ruling on the motions to dismiss.

Relying in part on the general rule in this district that the court should not stay discovery pending a ruling on dispositive motions, plaintiffs contend defendants have not met their burden to show a compelling reason to grant the stay.  Plaintiffs also reach a different conclusion on each of the factors defendants discuss.  They submit defendants' motions to dismiss are not likely to conclude this litigation, argue that certain Pfizer patent settlement agreements are indeed relevant to the viability of the class plaintiffs' antitrust claims, and dispute the burden defendants would bear if discovery begins sooner rather than later.

## III. Application of the Standard to This Case

As noted above, the great weight of authority in this District disfavors granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending.  In those instances where a stay is appropriate, at least one of the following three factors is present:  (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the ruling on the pending motion, or (3) discovery on all issues would be wasteful and burdensome.[8]

### A. The likelihood of the case being concluded

Defendants express a great deal of confidence in the merits of their pending motion to dismiss the *Sanofi* complaint and the motion they will file seeking dismissal of the forthcoming consolidated amended class complaint.  While the court does not criticize defense counsel for aggressively advocating their clients' position, the court continues to believe it unlikely that

---

[8] *Fattaey*, 2016 WL 3743104, at *1–2.

defendants' motions will be granted in their entirety.[9]  Defendants remind the court that Judges Lungstrum and Gale granted their motions to stay discovery in the *Serrano* case until Judge Lungstrum ruled on defendants' motions to dismiss, and argue that the reasons for staying discovery have intensified with the advent of this MDL proceeding.  The court is well aware of the *Serrano* proceedings.  But, because discovery was stayed in the *Serrano* case and has yet to begin in any of the cases that comprise this MDL, it becomes more difficult to reconcile continuing delay with this court's commitment to the just, speedy, and inexpensive determination of this case called for by Rule 1.

The court finds that defendants have not demonstrated the case is likely to conclude with rulings on the motions to dismiss.

**B.     Whether discovery could reveal facts affecting ruling on dispositive motions**

Defendants correctly recite the standard the court will use to rule on their motions to dismiss; that is, the court will assume as true all well-pleaded factual allegations and determine whether they plausibly entitle plaintiffs to relief.[10]  Although plaintiffs suggest that certain patent settlement agreements they hope to acquire in discovery would help the court decide the motion, at this point the court does not anticipate looking beyond the pleadings.

The court does not find this factor an instructive one in this case.  In addition to the court's expectation that determining whether the complaints state plausible claims for relief will require a relatively straightforward analysis, the court will not have the benefit of the government investigation and patent settlement documents plaintiffs seek.  Contrary to plaintiffs'

---

[9] As the court stated during the October 3, 2017 scheduling conference during a colloquy with defense counsel, "I will tell you that having read the complaint and then having read at least the attack on it, it's hard for me to imagine that some of the consumer protection claims even on your best day don't survive."

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

urging, the court will not order defendants to produce those documents outside the ordinary means of discovery and will not review them when ruling on the motions to dismiss.

> C. **Whether defendants have shown discovery would be wasteful, burdensome, and unduly prejudicial**

Other than to address the patent settlement agreements and the government investigation documents plaintiffs seek, defendants offer no facts to support their conclusory statement that allowing discovery to proceed would be wasteful, burdensome, and prejudicial. As for those documents, defendants argue the settlement agreements are highly confidential and sensitive, and the investigation documents are irrelevant. Plaintiffs counter that the documents are highly relevant, easy to produce, and immediate production will move the case forward. Plaintiffs in the *Serrano* case raised this issue, and defendants resisted producing the documents both then and now.

As a procedural matter, plaintiffs have not properly presented the issue of immediate production of the documents. Plaintiffs included a deadline for defendants to produce the documents as "Initial Discovery" in their proposed First Scheduling Order and argued in favor of that deadline when responding to defendants' motion to stay. But they have not moved for immediate production nor demonstrated why they deserve it. On this record, the court will not order defendants to produce the documents plaintiffs seek.

By limiting their argument to the burden and prejudice they would suffer if forced to produce these two categories of documents at this time, defendants have not shown how allowing discovery to go forward in the normal course would burden or prejudice them unfairly. Although defendants argue they do not yet know what claims the consolidated amended complaint will contain, at the October 3 hearing plaintiffs emphasized that the consolidated complaint will "look like the old complaint." Plaintiffs intend to add the third-party payers

whose cases are now part of this MDL, along with a claim for injunctive relief under the Sherman Act and an Alabama Consumer Protection Act claim. Given the number of claims already pleaded, the court evaluates any change to the complaint's reach will be a slight one.

In sum, the court finds no compelling reason to continue to stay discovery beyond the entry of a protective order, ESI protocol, and document preservation order and the exchange of Rule 26(1)(1) initial disclosures. At that point, the parties may engage in all discovery allowed by the Federal Rules of Civil Procedure except for depositions. The court continues the stay of depositions until further order. Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Continue Stay of Discovery (ECF No. 50) is **GRANTED IN PART AND DENIED IN PART**. The stay of discovery permitted under the Federal Rules of Civil Procedure, excluding depositions under Rule 30, will be lifted upon entry of a protective order, ESI protocol, and document preservation order, and the parties' exchange of their Rule 26(a)(1) initial disclosures on November 21, 2017. The stay of discovery under Rule 30 remains until further order.

**IT IS SO ORDERED.**

Dated this 13th day of October, 2017 in Kansas City, Kansas.

                                        s/ Daniel D. Crabtree
                                        Daniel D. Crabtree
                                        U.S. District Judge