### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>**This Document Relates To Consumer Class Cases** | Case No. 2:17-md-02785-DDC-TJJ<br>MDL 2785 |

### PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Pfizer Inc., King Pharmaceuticals LLC ("King"), and Meridian Medical Technologies, Inc. ("Meridian") (collectively "Pfizer"[1]) move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Consolidated Class Action Complaint (ECF No. 60) for the following reasons and as fully set forth in the accompanying memorandum:

1. Plaintiffs' federal and state law antitrust and federal RICO claims fail because Plaintiffs did not, and cannot, plead any facts making plausible that any alleged anticompetitive conduct by Pfizer caused Plaintiffs' purported injury.

2. Plaintiffs' claims must be dismissed because Plaintiffs failed to plead facts making plausible an anticompetitive settlement containing a "large" "reverse payment," as required to satisfy the elements of a "reverse payment" claim under *FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013).

3. Plaintiffs' state law antitrust claims under the laws of Alaska, the District of Columbia, Iowa, New Mexico, North Dakota, Puerto Rico, Rhode Island, and South Dakota

---

[1] Pfizer Inc. acquired King and Meridian in 2011. *See* Consolidated Class Action Compl. ¶ 81 (Oct. 17, 2017), ECF No. 60.

must be dismissed because Plaintiffs lack standing to bring claims under state laws where they do not reside or did not purchase EpiPen Auto-Injector.

4. Plaintiffs' antitrust claims under the laws of Alaska, Arkansas, Illinois, Massachusetts, Missouri, Puerto Rico, Rhode Island, and West Virginia fail because Plaintiffs are indirect purchasers that lack standing under *Illinois Brick Co. v. Illinois Brick*, 431 U.S. 720 (1977).

5. Plaintiffs' RICO claim fails because Plaintiffs failed to plead facts to plausibly establish a) existence of RICO enterprise; b) Pfizer conducted the affairs of RICO enterprise; c) racketeering activity; d) pattern of racketeering activity; e) any predicate acts by Pfizer; f) mail or wire fraud with particularity; g) tampering with a witness or disrupting an official proceeding.

6. Plaintiffs' RICO claim must be dismissed because Plaintiffs lack statutory standing to bring a RICO claim.

7. Plaintiffs' federal antitrust, RICO, and state antitrust claims[2] are time-barred under the applicable statutes of limitations.

Pursuant to D. Kan. Rule 7.1(a), a Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint is being filed herewith.

---

[2] The state antitrust claims that are time-barred are the claims brought under the state antitrust laws of Alabama, Alaska, Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, and West Virginia.

Dated:  December 15, 2017         SHOOK, HARDY & BACON L.L.P.

By:    /s/ *Joseph Rebein*
      Joseph Rebein, #25912
      Angel D. Mitchell, #20110
      Ashley Harrison, D. Kan. #78667
      2555 Grand Boulevard
      Kansas City, MO 64108-2613
      Telephone:   (816) 474-6550
      Facsimile:    (816) 421-5547
      jrebein@shb.com
      amitchell@shb.com
      aharrison@shb.com

AND

Dimitrios T. Drivas*
Robert A. Milne*
Brendan G. Woodard*
Raj S. Gandesha*
Sheryn George*
Edward Thrasher*
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Fax: (212) 354-8113
ddrivas@whitecase.com
rmilne@whitecase.com
bwoodard@whitecase.com
rgandesha@whitecase.com
sgeorge@whitecase.com
ethrasher@whitecase.com

*Admitted Pro Hac Vice*

*COUNSEL FOR DEFENDANTS*
*Pfizer Inc., King Pharmaceuticals LLC,*
*and Meridian Medical Technologies, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will serve electronic notice of same upon all attorneys of record.

By:  /s/ Joseph Rebein

COUNSEL FOR DEFENDANTS
*Pfizer Inc., King Pharmaceuticals LLC, and Meridian Medical Technologies, Inc.*

4