IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE:  EpiPen (Epinephrine
           Injection, USP) Marketing,
           Sales Practices and Antitrust
           Litigation

(This Document Applies to the Notice of
Related Action Filed August 31, 2017
(Doc. 12))

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

MEMORANDUM AND ORDER

This Order addresses the Notice of Related Action filed on August 31, 2017.  Doc. 12.

That Notice seeks consolidation of another case pending in this judicial district in this MDL.

The case is *Brannon, et al. v. Express Scripts Holding Co., et al.*, No. 17-2497-DDC-TJJ.  For

reasons explained below, the court concludes that consolidation of the *Brannon* case in this MDL

is not warranted under our local rule, D. Kan. Rule 23-A(e).  The court thus declines to

consolidate *Brannon* into MDL No. 2785.

### I.     Factual Background

On August 29, 2017, plaintiffs Traci Brannon, Lindsey Rizzo, and Jamie Herr ("the

*Brannon* plaintiffs"), individually and on behalf of all others similarly situated, filed a Class

Action Complaint in the District of Kansas.  *Brannon, et al. v. Express Scripts Holding Co., et

al.*, No. 17-2497-DDC-TJJ, ECF 1.  The Complaint names five defendants who own or operate

pharmacy benefit management companies.  The five defendants are:  (1) Express Scripts Holding

Company; (2) Express Scripts, Inc.; (3) UnitedHealth Group, Inc.; (4) OptumRx, Inc.; and (5)

Prime Therapeutics, LLC.  The *Brannon* plaintiffs are enrolled in employer-provided welfare

benefit health plans through one of those five defendants.  The Employee Retirement Income Security Act of 1974 ("ERISA") governs these plans.

The *Brannon* plaintiffs allege that the defendant pharmacy benefit managers contracted on behalf of health plans and insurers with Mylan N.V., Mylan Specialty L.P., and/or Mylan Pharmaceuticals, Inc. (collectively, "Mylan") to purchase EpiPen epinephrine injectors.  And in doing so, plaintiffs assert, defendants violated ERISA by engaging in extortion and deceptive conduct with the purpose to extract unlawful portions of rebates and other payments funded by Mylan.  The *Brannon* Complaint refers to these payments as the "PBM Kickbacks."

Based on this theory, the *Brannon* plaintiffs seek to recover hundreds of millions of dollars allegedly paid to defendants through the "creation, maintenance, and concealment of a multi-tiered fraudulent scheme designed to deceive consumers through the marketing and sale of the EpiPen epinephrine injector."  *Brannon*, No. 17-2497-DDC-TJJ, ECF 1 ¶ 1.  The *Brannon* plaintiffs seek to represent a proposed class they define as:

> **The ERISA Class.**  All individuals residing in the United States and its territories who are or were enrolled in an ERISA-covered health benefit plan or health insurance plan for which one or more of the PBM Defendants administers or manages pharmacy benefits, who purchased an EpiPen epinephrine injector pursuant to such plans or policies and were required to pay all or a portion of the purchase price based on an inflated list price (the "ERISA Class").

> Excluded from the Class are:  (a) the named Defendants and any entity in which they have a controlling interest, and their legal representatives, officers, directors, assignees, and successors and (b) any co-conspirators, and their officers, directors, management, employees, subsidiaries, and affiliates.

*Id.* ¶ 138.

The *Brannon* Complaint asserts four claims:  (1) violating ERISA § 406(b) (29 U.S.C. § 1106(b)) by engaging in prohibited transactions between a plan and a fiduciary; (2) violating ERISA § 404 (29 U.S.C. § 1104) by breaching fiduciary duties of loyalty and prudence; (3)

violating ERISA § 702 (29 U.S.C. § 1182) by discriminating against plan participants and beneficiaries who have a medical condition requiring an EpiPen because defendants' alleged use of artificially inflated prices and undisclosed and excessive PBM Kickbacks have required them to pay greater premiums and contributions for their health plan benefits than those participants and beneficiaries not requiring an EpiPen; and (4) violation of ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) for knowing participation in ERISA violations.

On August 31, 2017, consistent with our local rule 23-A, the *Brannon* plaintiffs filed a Notice of Related Case in the MDL (Doc. 12). *See* D. Kan. Rule 23-A(a). Their Notice asks the court to consolidate the *Brannon* action into MDL No. 2785 because, the *Brannon* plaintiffs contend, *Brannon* "concerns the same subject matter as pending in . . . . MDL No. 2785." Doc. 12 at 1.

The *Brannon* defendants have filed responses opposing consolidation of *Brannon* into the MDL. *See* Doc. 31 (defendants Express Scripts Holding Co. and Express Script's Inc.'s Response); Doc. 34 (defendant Prime Therapeutics LLC's Response); and Doc. 36 (defendants OptumRx, Inc. and UnitedHealth Group, Inc.'s Response). Also, the MDL defendants have filed a response opposing consolidation. Doc. 35 (defendants Mylan Inc. and Mylan Specialty L.P.'s Objection). And, plaintiffs in an action pending in the District of Minnesota ("the *Klein* plaintiffs") have entered a limited appearance in the MDL for the purpose of opposing consolidation.[1] Doc. 17.

The court considers the parties' arguments for and against consolidation below.

---

[1]    The case pending in the District of Minnesota is *Klein v. Prime Therapeutics, LLC*, No. 17-1884-PAM-SER.

**II.    Analysis**

Our local rules provide, when a party files an objection to a Notice of Related Case, "the court will decide if the case should or should not be assigned to the MDL judge in accordance with the rules governing centralization found in 28 U.S.C. § 1407(a)."  D. Kan. Rule 23-A(e). Title 28 U.S.C. § 1407(a) provides for transfer of civil actions when the Judicial Panel on Multidistrict Litigation ("JPML") determines that "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).

The *Brannon* plaintiffs assert that consolidating their case with the MDL is warranted because their ERISA claims share common factual questions with the issues presented by the claims in the MDL.  Thus, the *Brannon* plaintiffs contend, consolidation will promote convenience and efficiency.  The parties opposing consolidation disagree.  They assert that the *Brannon* case involves different parties and different legal claims.  So, they contend, consolidating *Brannon* into the MDL would complicate discovery and legal issues presented by the claims in the MDL and not promote efficiency.

The JPML recently applied the § 1407(a) standard to a case pending in the District of Minnesota—the *Klein* case.  Like *Brannon*, *Klein* is an ERISA class action brought by plan participants against pharmacy benefit managers for allegedly subjecting plan participants and beneficiaries to greatly inflated prices for the EpiPen.  The *Klein* Class Action Complaint names eight defendants who own and operate pharmacy benefit management companies.  *Klein v. Prime Therapeutics, LLC*, No. 17-1884-PAM-SER (D. Minn. Sept. 27, 2017), ECF 107.  Three of the *Klein* defendants are also defendants in the *Brannon* case.  The eight defendants in *Klein* are:  (1) Prime Therapeutics, LLC; (2) Express Scripts Holding Company; (3) Express Scripts,

Inc.; (4) CVS Health Corp.; (5) Medco Health Solutions, Inc.; (6) Caremark PCS Health, LLC;

(7) Caremark, LLC; and (8) Caremark Rx, LLC.

> The *Klein* plaintiffs seek to represent a proposed class that they define in this fashion:

> All persons residing in the United States and its territories who are or were participants in, or beneficiaries of, health insurance plans governed by ERISA, for which Defendants administered pharmacy benefits, and who paid any portion of the purchase price for EpiPen, EpiPen Jr., EpiPen 2-Pak, or EpiPen Jr. 2-Pak calculated by reference to a benchmark price, including but not limited to WAC (Wholesale Acquisition Cost) or AWP (Average Wholesale Price), as required by the terms of their health insurance and/or prescription drug benefit plans. The class begins on June 2, 2011 and continues through the present. Excluded from the class are governmental entities; Defendants; any parent, subsidiary, or affiliate of Defendants; Defendants' officers, directors, and employees; and the immediate family members of Defendants' officers, directors, and employees.

*Id.* ¶ 154 (emphasis added).

The *Klein* plaintiffs assert four ERISA claims against the eight defendants. The four claims are: (1) violating ERISA § 404(a)(1)(A) (29 U.S.C. § 1104(a)) by breaching fiduciary duties owed to class members; (2) violating ERISA § 406(b)(2) (29 U.S.C. § 1106(b)(2)) by engaging in prohibited transactions between a plan and a fiduciary; (3) violating ERISA § 405(a) (29 U.S.C. § 1105(a)) by knowingly participating in, and enabling breaches of fiduciary duties; and (4) violating ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) by knowingly participating in ERISA violations. The *Brannon* plaintiffs assert three of these four ERISA claims in their case.

Indeed, the *Brannon* plaintiffs recognize that *Klein* shares many similarities with the *Brannon* case. They concede that *Klein*, like *Brannon*, "also rais[es] claims against certain [pharmacy benefit managers] for their role in Mylan's improper marketing practices." Doc. 18 at 2. And, *Brannon*'s plaintiffs recognize that their putative class claims "overlap with the class [claims] in *Klein* . . . ." Doc. 41 at 4.

On December 5, 2017, the JPML denied transfer of the *Klein* case to MDL No. 2785. *See* Doc. 86-1 (JPML's Order Vacating Conditional Transfer Order). The JPML concluded that

"inclusion of *Klein* in MDL No. 2785 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation." *Id.* at 1. The JMPL thus vacated its order that had transferred the *Klein* case conditionally to the MDL.

The JPML recognized that "some factual overlap" exists between the *Klein* case and the cases pending in the MDL. *Id.* at 1–2. Indeed, "[a]ll of these actions arise from recent price increases for the EpiPen, a spring-loaded injector marketed by Mylan that delivers a pre-measured and preloaded amount of epinephrine for the emergency treatment of anaphylaxis." *Id.* at 2. And, "[b]oth the *Klein* complaint and the consolidated class action complaint in the MDL include allegations that Mylan inflated its list price for the EpiPen so that it could pay excessive rebates to pharmacy benefit managers (PBMs) in exchange for more favorable formulary access than competing products." *Id.*

But the JPML also found that "[i]n all other respects . . . these actions are quite different." *Id.* "*Klein* involves claims that defendants, all of which are [pharmacy benefit managers], breached their fiduciary duty and conducted prohibited transactions under the Employee Retirement Income Security Act (ERISA) when they negotiated the enhanced rebates from Mylan." *Id.* In contrast, the JPML noted, the MDL plaintiffs do not assert ERISA claims or name any PBM as a defendant. *Id.* "Instead, they assert that Mylan and Pfizer are liable for anticompetitive conduct under antitrust and consumer protection laws, as well as the Racketeer Influenced and Corrupt Organizations (RICO) Act." *Id.*

The JPML determined that *Klein* and the MDL cases "involve different defendants, different claims and theories of liability, different putative classes, and seek different relief." *Id.* at 3. The JPML thus found "little risk of inconsistent pretrial rulings in these actions as discovery and pretrial proceedings will differ extensively." *Id.* And while the JPML recognized

6

that "some overlapping" discovery will occur, "informal coordination of such discovery by the parties and the involved courts is both practicable and preferable to expanding the scope of the MDL."  *Id.*  Because, as the JMPL recognized, "the inclusion of ERISA claims in the MDL could significantly complicate the efficient management of [that] already complex litigation." *Id.*

Like *Klein*, the *Brannon* case differs significantly from the cases in the MDL because *Brannon* involves different defendants, different claims and theories of liability, different putative classes, and seeks different relief.  Moreover, the *Brannon* case shares significant similarities to the *Klein* case.  The *Brannon* putative class definition is quite similar to the *Klein* putative class definition.  The *Brannon* plaintiffs assert three of the same ERISA claims that the *Klein* plaintiffs assert in their Complaint.  And the *Brannon* plaintiffs are suing three of the same defendants that the *Klein* plaintiffs have sued.

For the same reasons that the JPML concluded that transfer of the *Klein* action to the MDL would not serve the "convenience of parties and witnesses" nor "will promote the just and efficient conduct of such actions," the court thus declines to consolidate the *Brannon* case into this MDL.  28 U.S.C. § 1407(a).

**IT IS THEREFORE ORDERED** that the court denies the *Brannon* plaintiffs' request to consolidate *Brannon v. Express Scripts Holding Co.*, No. 17-2497-DDC-TJJ into MDL No. 2785.

**IT IS SO ORDERED.**

**Dated this 2nd day of January, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
