# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
    Injection, USP) Marketing,
    Sales Practices and Antitrust
    Litigation

**(This Document Applies to All Cases)**

MDL No. 2785
Case No. 17-md-2785-DDC-TJJ

## AMENDED STIPULATED PROTECTIVE ORDER

The parties hereby stipulate to an amendment to the Stipulated Protective Order entered by the Court on November 16, 2017 (ECF No. 69), by adding Section 15, as set forth below. All other provisions remain unchanged. Upon the Court's entry of this Order, the term "Stipulated Protective Order," as used below, should be construed as referring to this Amended Stipulated Protective Order.

The parties acknowledge that certain documents and information may be sought, produced or exhibited by and between the parties and non-parties in this proceeding (the "Proceeding") and that some of these documents may relate to sensitive information which the party or non-party making the production deems confidential in accordance with the rules and standards of the Court.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because it is anticipated that sensitive documents and information relating to patents, trade secrets, confidential settlements and negotiations thereof, other confidential, proprietary, or commercially or competitively sensitive information, and

individual protected health information, will be the subject of discovery in this case, and that a protective order is necessary to prevent harm to persons or businesses.

Therefore, it has been agreed by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court.  The Court has reviewed the terms and conditions of this Stipulated Protective Order.  Based on the parties' submissions, for good cause shown under Fed. R. Civ. P. 26(c), it is hereby ORDERED that:

1.    **Scope**

This Order shall govern all documents and electronically stored information ("ESI"), the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Designating Party") to any other party, including any non-party, (the "Receiving Party"), when same is designated with the procedures set forth herein.  This Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.  This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

1.1    "Designating Party" shall mean a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

1.2    "Confidential Information" shall mean and include any document (whether in hard copy or electronically stored information), deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by or on

2

behalf of a Designating Party (or any of their attorneys or other agents) ("Discovery Materials"), which is believed in good faith by the Designating Party, and/or the Designating Party's counsel, to contain any of the following:

a)      non-public material which contains or discloses information relating to, referencing, or pertaining to confidential, proprietary, or commercially or competitively sensitive information;

b)      personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information, or information received in confidence from third parties;

c)      material that is confidential pursuant to applicable law, including trade secrets, and any other materials that the Designating Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); or

d)      material that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies regarding the physical or mental health or condition of such individual, the provision of health care to such individual, or the payment for the provision of health care to such individual, and shall also include without limitation "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), including prescriptions, prescription notes, prescription records, prescription drug event reports, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, summaries, or oral communications.

1.3     Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

1.4     The parties agree that this Protective Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e), whereby the order (a) prohibits the parties from using or disclosing protected health information for any purpose other than the litigation or proceeding for which such information was requested and (b) requires the return to the covered entity or destruction of protected health information (including all copies made) at the end of the litigation or proceeding.

## 2.     **Designation of Confidentiality**

2.1     <u>General</u>.  Any Confidential Information provided by any Designating Party may be designated as "Confidential" under the terms of this Protective Order.

2.2     <u>Highly Confidential</u>.  A Designating Party may designate as "Highly Confidential" any Confidential Information that it reasonably and in good faith believes is of such a sensitive nature that disclosure to persons other than those listed in paragraph 4.2 could reasonably be expected to result in injury, including, but not limited to, (a) information related to pricing (including but not limited to credits, discounts, returns, allowances, rebates and charge backs), projected future sales, volumes, profits, revenue, costs, (b) claims and reimbursement data, (c) agreements with third parties, (d) transactional data, (e) information protected by foreign, federal or state privacy laws, (f) other materials that contain particularly sensitive trade secrets, or (g) information related to settlement of patent litigation or negotiations thereof.

2.3     <u>Manner of Designation</u>.  The designation of Confidential Information (other than deposition transcripts, which are addressed separately herein) shall be made by the Designating Party in the following manner:

4

a)      Documents produced by a Designating Party shall, if appropriate, be designated as "Confidential" or "Highly Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

b)      In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential or Highly Confidential information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential" or "Highly Confidential."  The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information:  "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

c)      In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within twenty-one (21) days of receipt of the deposition transcript or copy thereof.  The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order for twenty-one (21) days following receipt of the final transcript. After the expiration of twenty-one (21) days following receipt of the final transcript, only the portion by page and line designated by a party or non-party as Confidential or Highly Confidential in a letter or email served on all counsel of record within twenty-one (21) days following receipt of the final transcript shall be maintained as designated, with the letter or email kept with the transcript, and the following legend shall be conspicuously placed on the front and

5

back of any original deposition transcript, and on each copy thereof, which contains Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."  If portions of a video-recorded deposition are designated as "Confidential" or "Highly Confidential," the CD-ROM, DVD, or other videotape container shall be labeled with the same legend provided for in paragraph 2.3(a).

   d) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Designating Party may designate such matter as "Confidential" or "Highly Confidential" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 2.3(a) above.  Whenever any party to whom Computerized Material designated as "Confidential" or "Highly Confidential" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2.3(a) above.

   e) To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated "Confidential" and/or "Highly Confidential," that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or  Highly Confidential Information, and will affix to any media containing such information a label with the legend provided for in paragraph 2.3(a) above.

   2.4 <u>Timing of Designation</u>.  Any such Confidential Information designation shall be

made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

2.5   <u>Filing of Confidential Information</u>.  If either party desires to file anything with the Court that previously has been designated as Confidential Information, that party must move to file the Confidential Information under seal, unless the Designating Party provides written consent in advance that filing the Confidential Information under seal is unnecessary.  Any such motion to file under seal shall be made in accordance with Local Rule 5.4.6.  If the motion is granted, and to the extent not inconsistent with Local Rule 5.4.6, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential or Highly Confidential for the purposes of this Order.  Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

3.   **Use of Confidential Information**

Any discovery material, including Confidential Information, or the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used solely for the purpose of conducting this Proceeding, *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, MDL No. 2785, Case No. 17-md-2785-DDC-TJJ (D. Kan.), any appeals therefrom, and any cases remanded to their original transferor court from this Proceeding.  In no event shall such information be used for any business, competitive, personal, private, public purpose, or for any purpose or proceeding other than as stated in this Paragraph.

4.      **Disclosure of Confidential Information**

4.1      <u>Disclosure of Confidential Information Designated "Confidential."</u>   Confidential

Information designated as "Confidential," or copies or extracts therefrom and compilations and

summaries thereof, may be disclosed, summarized, described, characterized, or otherwise

communicated or made available in whole or in part only to the following persons:

a)      the parties, including outside and in-house counsel for the parties, as well

as members and employees of their companies and firms who are employed by and engaged in

assisting such counsel in this Proceeding, including but not limited to their paralegals and

investigative, secretarial, and clerical personnel;

b)      this Court or any other Court exercising jurisdiction with respect to this

litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel)

recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal

in this litigation; and

c)      a fact witness, at the witness's deposition in this Proceeding, but only if

counsel who discloses Confidential information to the witness determines, in good faith, that

such disclosure is reasonably necessary and appropriate to assist in the conduct of this

Proceeding, and subject to the terms set forth in this Order regarding the use of Confidential

Information in depositions;

d)      outside experts or consultants (or any employee of such outside expert or

consultant) retained, or sought to be retained, by counsel for a party in this Proceeding, for

purposes of consulting, and/or testifying in this Proceeding, who are retained or employed as a

bona fide outside independent consultant or expert, and to whom counsel in good faith has

deemed disclosure of such Confidential Information is reasonably necessary in order to assist in

the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information;

   e)  outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this Proceeding;

   f)  non-technical jury or trial consulting services retained by counsel for a party; and

   g)  any other person only upon order of the Court or upon written consent of the party producing the Confidential Information.

  4.2  <u>Disclosure of Confidential Information Designated "Highly Confidential."</u>  The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "Highly Confidential" pursuant to this Order.  Information designated as "Highly Confidential" or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to following persons:

   a)  the parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information be shown for the purposes of this litigation;

   b)  from Sanofi-Aventis U.S. LLC ("Sanofi") and from the Mylan and Pfizer Defendants, two designated in-house counsel who are assisting in the prosecution or defense of this Proceeding, whose job responsibilities are focused on litigation management, who are not involved in competitive decision-making or patent licensing, and who do not manage, direct, or

have day to day responsibility for patent prosecution or litigation, including settlement of litigation, involving claims of patent infringement (which, for purposes of clarity, does not include litigation, including, but not limited to, antitrust, Administrative Procedure Act, or breach of contract litigation, in which the only patent issues are incidental to or predicates of a non-patent claim or defense), subject to the following:

    i.    material designated as "Highly Confidential" shall not be disclosed to designated in-house counsel unless and until such person has executed a declaration in the form attached hereto as Exhibit C; and

    ii.    the Parties shall take all necessary steps required to segregate any files or materials thereof containing Highly Confidential information in a manner that protects the information from disclosure, whether intentional or inadvertent, to any individual and/or entity not designated in this Order as having access to Highly Confidential Information, including but not limited to all other employees and in-house counsel of Sanofi, Mylan, and Pfizer.

    iii.    Pursuant to the foregoing terms, the parties agree to name the following individuals as designated in-house counsel:

    a.   Sanofi: Christopher Liwski, Susan Manardo

    b.   Mylan: Doug Miner, Brian Cuthbertson

    c.   Pfizer: Sheila Brodbeck, Amanda T. Perez

    iv.    In the event of any change in the role of a party's designated in-house counsel as of the date of the designated in-house counsel's declaration that would materially alter that declaration, the affected party shall (a) suspend

10

all access to Highly Confidential information by such in-house counsel, and (b) within five business days, notify all other parties of the changed circumstances, and either cause the designated in-house counsel to execute a new declaration or propose substitute in-house counsel consistent with the terms of this Order.  For the purposes of this Order, a change in the in-house counsel's role shall be deemed to be material if it alters paragraphs 5 or 6 of the in-house counsel's declaration.  The parties shall engage in good faith discussions to resolve any situation set forth in this Paragraph, but may present any disagreements to the Court for resolution.

c)      the Court, Court personnel, and stenographic and video reporters engaged in proceedings or otherwise employed incident to this Proceeding;

d)      outside experts or consultants, if considered necessary in good faith;

e)      a person who, subject to Paragraph 4.4 below, (i) appears on the face of the document, or is shown through testimony or other evidentiary proof by the party wishing to make the disclosure, to have prepared, received, or reviewed the information, (ii) is permitted to see the information by the Designating Party upon request by the Party wishing to make the disclosure, (iii) is an employee of the Designating Party, or (iv) has been designated as a Rule 30(b)(6) witness by the Designating Party.

f)      outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this Proceeding; and

g)      any other person only upon order of the Court or upon written consent of the party producing the Confidential Information.

4.3     <u>Storage of Confidential Information</u>.  Any person in possession of Confidential

11

Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

      4.4    <u>Use of Confidential Information in Depositions</u>.  When Confidential Information is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by this Protective Order to have access to such Confidential Information are present.  Further, absent the agreement of the parties, prior to the disclosure of any Confidential Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within the Stipulated Protective Order, a copy of which shall be provided to the deponent upon request.

**5.**      <u>**Notification of Protective Order**</u>

      Material designated as "Confidential" or "Highly Confidential" shall not be disclosed to a person described in paragraphs 4.1(d), 4.1(e), 4.1(f), 4.1(g), or 4.2(c), 4.2(f), or 4.2(g) unless and until such person has executed a Certification in substantially the form attached hereto as Exhibit A.  This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts.  The originals of an executed Certification shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause.

**6.**      <u>**Use of Confidential Information at Hearing or Trial**</u>

      The use of any Confidential Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

7.      **Objections to Designations**

A party may, at any time, make a good faith challenge to the propriety of a "Confidential" or "Highly Confidential" designation.  In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the Designating Party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the Designating Party, the objecting party may apply to the Court for a ruling that the material shall not be so designated.  If such a motion is made, the Designating Party has the burden of establishing that the designation is proper, and will respond to the motion within ten days unless ordered earlier by the Court.  If no such motion is made, the material will retain its designation.  Any documents or other materials that have been designated "Confidential" or "Highly Confidential" shall be treated as Confidential or Highly Confidential until such time as the Court rules that such materials should not be treated as such.

8.      **Preservation of Rights and Privileges**

Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

(a)      Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b)      Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

13

(c)     Prejudice in any way the rights of any party to object to the use, authenticity, or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d)     Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

(e)     Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

(f)     Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

## 9.     Return or Destruction of Materials

All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on the parties and all persons who have executed acknowledgement forms pursuant to this Protective Order, after the conclusion of this Proceeding, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Within sixty business days after the final resolution of this litigation, and following written (e-mail) notice by the Designating Party, all originals and copies of Confidential Information shall be returned to counsel for the Designating Party or shall be destroyed.  As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order.  Such materials may not be filed or revealed in connection with any other proceeding or action.  Counsel also shall be entitled to retain in its files one copy of each pleading, affidavit, motion, brief, other paper filed with the

14

Court, deposition transcript, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are not filed or revealed in connection with any other proceeding or action absent a court order.

Backup copies of Confidential Information in an electronically stored format will be certified to have complied with the sixty day destruction deadline if the party has a data destruction policy resulting in the eventual destruction or overwriting of the electronically stored format.

**10.     Unauthorized Disclosure of Confidential Information**

If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

**11.     Inadvertent or Unintentional Disclosure of Confidential Information**

An inadvertent failure to designate Confidential Information does not constitute a waiver of the Designating Party's right to secure protection under this Protective Order for such material.   A Designating Party that inadvertently fails to designate Discovery Material as "Confidential" or "Highly Confidential" or mis-designates Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation.   Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated.   Those individuals who received the Discovery Material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable

steps to either (a) sequester the document if the new designation is disputed; or (b) destroy or return to the law firm representing the Designating Party all copies of such mis-designated documents.  The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

## 12.    Clawback Procedure for Inadvertent or Mistaken Disclosure of Privileged Information

The following "clawback" procedure applies to the inadvertent or mistaken production or inadvertent or mistaken disclosure of documents and/or other materials that constitute, contain, or reflect information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity ("Inadvertent Disclosure"), whether or not designated as "Confidential" or "Highly Confidential":  such Inadvertent Disclosure shall not, and does not, constitute a waiver, in whole or in part, of the privilege claimed as to such documents and/or other materials, or the subject-matter thereof.  In the event a Designating Party discovers that an Inadvertent Disclosure was made, the producing party or non-party shall provide written notice of the Inadvertent Disclosure to the recipient of the information.  Such written notice shall be provided within ten business days of the date it is discovered that an Inadvertent Disclosure was made.  Additionally, the notice shall identify the documents and/or other materials claimed to have been produced by production numbers or other identification and shall state the privilege(s) asserted.

16

Within five business days thereafter, the receiving party must notify the Designating Party that:  (a) it has returned or destroyed the specified information and any copies that it has (provided, however, that if the receiving party intends to raise the privilege issue with the court, it may retain and use one sequestered copy of the information solely for this purpose, which must be returned or destroyed in the event that the Court upholds the claim of privilege); (b) it has taken reasonable steps to retrieve any specified information that already has been disclosed, including without limitation consenting to a motion to seal court files containing the information if so requested; and (c) it will not use or disclose the information and/or other materials for any purpose, pending further Order of the Court regarding the privileged nature of the documents and/or other materials that are the subject of the written notice.  By providing this notification, the receiving party does not waive any right it has to challenge the assertion of privilege and to move for an order of the court denying such privilege; provided, however, that (i) the receiving party may not assert as a ground for such motion the fact or circumstances of the Inadvertent Disclosure, and (ii) the receiving party must move to file the document(s) at issue under seal or present them *in camera* if it chooses to present the document(s) to the court.

The provisions of this Paragraph apply to all information or materials produced in the litigation, whether designated Confidential or not.  Further, pursuant to Rule 502(d) of the Federal Rules of Evidence, it is hereby ordered that the inadvertent disclosure of privileged information in connection with this Proceeding shall not constitute a waiver in this or any other federal or state proceeding if the producing party or non-party timely invokes the clawback procedures set forth in this Paragraph.

13.    **Protected Material Subpoenaed or Ordered Produced**

13.1    If a party is served with a subpoena, court order, regulatory request, or other

demand that compels disclosure of any information or items designated in this action as Confidential Information ("Protected Materials Request"), that party must:

a)      promptly notify in writing the Designating Party.  Such notification shall include a copy of the Protected Materials Request;

b)      promptly notify in writing the party who caused the Protected Materials Request to issue that some or all of the material requested is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

13.2.   If the Designating Party timely seeks a protective order, the party served with the Protected Materials Request shall not produce any information designated in this action as Confidential Information before a determination by the court or body from which the request issued, unless the party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a party in this Proceeding to disobey a lawful directive from another court.

**14.     Other Provisions**

14.1.   The restrictions set forth in this Order shall not apply to documents or information designated "Confidential" or "Highly Confidential" that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

14.2.   If a Designating Party believes in good faith that a receiving party has violated any term of this Protective Order, they may file a motion with the Court requesting appropriate

18

relief.

14.3.   Third parties who produce information in this Proceeding may avail themselves of the provisions of this Protective Order, and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

14.4.   A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

14.5.   This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

14.6.   Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court.   This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

**15.**   **Application of the Protective Order to Third-Party Subpoenas**

15.1.   Upon receiving notice and a copy of any subpoena to be served in this case, as required by Fed. R. Civ. P. 45(a)(4), any party (the "Informing Party") may, within five business days of such notice, inform the party serving the subpoena and all other parties that documents produced in response to that subpoena (the "Identified Subpoena") may reasonably be expected to contain information that qualifies as Confidential or Highly Confidential under this Stipulated Protective Order, which shall include a general description of the documents expected to contain information that qualifies as Confidential or Highly Confidential.   (For subpoenas noticed or

served before the parties stipulated to this amendment, any party may, within five business days of the Court's entry of this amendment, so inform the parties.)  In that event, all parties being so informed shall treat all documents produced in response to the Identified Subpoena (the "Third-Party Production") as Highly Confidential from the time they receive such documents and until ten business days after the Informing Party receives a copy of the Third-Party Production, during which period the Informing Party may designate any part of the Third-Party Production as Confidential or Highly Confidential under this Stipulated Protective Order.   Any such designation may be challenged as provided in Section 7.  Upon request, the Informing Party will provide the parties with stamped copies of the documents so designated, consistent with Section 2.3(a).

15.2    Whether or not a party informs the serving party as provided in Section 15.1 above, any party serving a subpoena in this MDL will promptly provide the other parties with a copy of all materials produced by the third party in response to the subpoena (including a copy of the third-party's written responses or objections, if any).

15.3    Subject to the protocol in this Section and the protections in this Amended Protective Order, and solely for the purpose of this MDL, while reserving all other rights, the parties consent to (i) the production of documents and information by third parties regarding EpiPen® Auto-Injector and Auvi-Q® that may otherwise be protected by or subject to 42 U.S.C. § 1396r-8(b)(3)(D) or any of the following state statutes that have been previously raised by third parties: Fla. Stat. § 409.91196; 22 M.R.S. § 3174-R; Minn. Stat. § 13.37(1)(b), (2)(a); Miss. Code § 43-13-117(A)(9)(a); TN Code §§ 71-5-142, 71-5-197; 33 V.S.A. §§ 2002(c), 2010(e); and 1 V.S.A. § 317(c)(9), and (ii) the production of rebate agreements by third parties Aetna, Coventry, Anthem, Humana, Blue Shield of California and MedImpact pursuant to subpoenas

that have been served.   The parties agree to meet and confer in good faith to consider other statutes or other requests for a party's consent raised by third parties.

IT IS SO ORDERED this 31st day of January, 2018.

_Teresa J. James_

Teresa J. James
U. S. Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**IN RE: EpiPen (Epinephrine
        Injection, USP) Marketing,
        Sales Practices and Antitrust
        Litigation**

**MDL No. 2785
Case No. 17-md-2785-DDC-TJJ**

**CERTIFICATION**

1.      My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.      I have read the Stipulated Protective Order that has been entered in this case, and a copy of it has been given to me.  I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order.  I understand that violation of the Order may be punishable by contempt of court.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 201___

                    by_____
                          (signature).

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation** | **MDL No. 2785 Case No. 17-md-2785-DDC-TJJ** |

**NOTICE TO DEPOSITION WITNESSES**

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court.  Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition.  Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation.  In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court.  If you wish a complete copy of the Court Order, a copy will be provided to you upon request.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EPIPEN MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION | **2:17-md-2785** |
| | **MDL 2785** |
| **(This Document Relates to All Cases)** | |

<u>**IN-HOUSE COUNSEL DECLARATION OF [NAME]**</u>

I, _____, declare and state the following:

1.      I am over the age of 18, have personal knowledge of the facts at issue, and am competent to testify to the matters set forth herein.

2.      I am _____[TITLE]_____, at _____[COMPANY]_____.

3.      I am one of the in-house counsel designated by _____[COMPANY]_____ to access Highly Confidential information as defined by Paragraph 2.2 of the Protective Order in this matter.

4.      I certify that I have been provided with a copy of the Protective Order, have read it, understand it, and will abide by all of its terms.

5.      I certify that I am not involved in competitive decision-making at _____[COMPANY]_____, which includes but is not limited to: advising or participating in pricing, product design, marketing, strategic planning, or other decisions made in light of similar or corresponding information about a competitor. My responsibilities with respect to advising _____[COMPANY]_____on any of the above issues is limited to legal and regulatory compliance.

6.      I certify that I do not manage, direct, or have day to day responsibility for patent prosecution or litigation, including settlement of litigation, involving claims of patent infringement (which, for purposes of clarity, does not include litigation, including, but not limited to, antitrust, Administrative Procedure Act, or breach of contract litigation, in which the only patent issues are incidental to or predicates of a non-patent claim or defense), on behalf of _____[COMPANY]_____.

7.      I certify that I will not share or provide access to any Highly Confidential information or the substance thereof to any current or former employee of _____[COMPANY]_____ involved in competitive decision-making and/or patent prosecution or patent litigation.

8.      I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Protective Order.  I understand that violation of the Protective Order or the matters to which I have certified herein may be punishable by contempt of court.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on _____ _____, 201__.


_____
[NAME]