**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | CASE NO.: 2:17-MD-02785-DDC-TJJ<br><br>Hon. Daniel D. Crabtree<br><br>Hon. Teresa J. James |
| SANOFI-AVENTIS U.S. LLC,<br><br>                             Plaintiff,<br><br>    v.<br><br>MYLAN Inc., *et al.*,<br><br>                             Defendants.<br><br>This Document Relates to the *Sanofi* Case. | CASE NO.: 2:17-CV-02452-DDC-TJJ<br><br><br><br><br><br><br><br>*Document Filed Electronically* |

**SANOFI-AVENTIS U.S. LLC'S ANSWER TO**
**MYLAN SPECIALTY L.P.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Sanofi-Aventis U.S. LLC ("Sanofi"), by and through its attorneys, Weil, Gotshal & Manges LLP, hereby answers Defendant and Counterclaim-Plaintiff Mylan Specialty L.P.'s ("Mylan's") Answer, Affirmative Defenses, and Counterclaims (ECF No. 112) (the "Counterclaims") as follows:

**PRELIMINARY STATEMENT**

A.     Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph A of the Counterclaims, and therefore denies the same.

B.     Sanofi admits, upon information and belief, that Mylan sells the EpiPen® and EpiPen Jr® (collectively, "EpiPen") Auto-Injectors in the United States.  Sanofi lacks knowledge

and information sufficient to form a belief as to the truth of the other allegations in Paragraph B of the Counterclaims, and therefore denies the same.

C.      Sanofi admits, upon information and belief, that Mylan acquired Dey Pharma L.P. in 2007.    Sanofi admits that it began marketing Auvi-Q, an epinephrine auto-injector that competed with EpiPen, in 2013.    Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph C of the Counterclaims, and therefore denies the same.

D.      Sanofi admits that it voluntarily withdrew Auvi-Q from the market in 2015, but denies Mylan's characterization of its voluntary withdrawal.    Sanofi otherwise denies the allegations in Paragraph D of the Counterclaims.

E.      Sanofi denies the allegations in Paragraph E of the Counterclaims.

F.      The allegations in Paragraph F constitute Mylan's mischaracterization of Sanofi's claims and legal conclusions to which no response is required.    To the extent a response is required, Sanofi denies the allegations in Paragraph F of the Counterclaims.

G.      The allegations in Paragraph G constitute Mylan's mischaracterization of Sanofi's claims and legal conclusions to which no response is required.    To the extent a response is required, Sanofi denies the allegations in Paragraph G of the Counterclaims.

H.      The allegations in Paragraph H constitute Mylan's mischaracterization of Sanofi's claims and legal conclusions to which no response is required.    To the extent a response is required, Sanofi denies the allegations in Paragraph H of the Counterclaims.

## COUNTERCLAIMS

## INTRODUCTION

1.　　Sanofi admits, upon information and belief, that Mylan acquired Dey Pharma L.P. in 2007.  Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 1 of the Counterclaims, and therefore denies the same.

2.　　Sanofi admits, upon information and belief, that Mylan launched its EpiPen4Schools® program in 2012.  Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 2 of the Counterclaims, and therefore denies the same.

3.　　Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Counterclaims, and therefore denies the same.

4.　　Sanofi admits that it introduced Auvi-Q in 2013 as a competing product to the EpiPen.  Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 4 of the Counterclaims, and therefore denies the same.

5.　　Sanofi denies the allegations in Paragraph 5 of the Counterclaims.  To the extent the allegations in Paragraph 5 state legal conclusions, no response is required.

6.　　The allegations in Paragraph 6 constitute Mylan's characterization of its claims in this action and legal conclusions to which no response is required.  To the extent that a response is required, Sanofi denies the allegations in Paragraph 6 of the Counterclaims.

## PARTIES

7.　　Sanofi admits the allegations in Paragraph 7 of the Counterclaims.

8.　　Sanofi admits the allegations in the first sentence of Paragraph 8 of the Counterclaims.  Sanofi admits that from 2009 to 2016, Sanofi licensed Auvi-Q from Intelliject (now known as kaléo, Inc. ("kaléo")).  Sanofi admits that it marketed Auvi-Q in the United

States and Canada from 2013 until Sanofi issued a voluntary recall of Auvi-Q in October 2015.

Sanofi denies any remaining allegations in Paragraph 8 of the Counterclaims.

## JURISDICTION AND VENUE

9.       The allegations in Paragraph 9 of the Counterclaims state legal conclusions relating to jurisdiction to which no response is required.  To the extent a response is required, Sanofi admits that this Court has subject matter jurisdiction over Mylan's claims.

10.       The allegations in Paragraph 10 of the Counterclaims state legal conclusions relating to jurisdiction to which no response is required.  To the extent a response is required, Sanofi denies that venue is proper in this District.

## FACTUAL ALLEGATIONS

### Anaphylaxis and Epinephrine Auto-Injectors

11.       Sanofi admits the allegations in Paragraph 11 of the Counterclaims.

12.       Sanofi admits that epinephrine auto-injectors are designed to be used in emergencies and that it is important that patients know how to correctly use their auto-injectors. Sanofi admits that the cited FDA report exists, and states that the content of the report speaks for itself.  Sanofi admits that it is important that auto-injector products be appropriately designed and that patients and caregivers be trained in their use.  Sanofi denies the remaining allegations in Paragraph 12 of the Counterclaims.

### The EpiPen Auto-Injector

13.       Sanofi admits, upon information and belief, that the EpiPen Auto-Injector is an epinephrine auto-injector that allows patients to self-administer a prescribed amount of epinephrine through a spring-loaded needle.  Sanofi denies the other allegations in Paragraph 13 of the Counterclaims.

14.     Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Counterclaims, and therefore denies the same.

15.     Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaims, and therefore denies the same.

16.     Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaims, and therefore denies the same.

### Auvi-Q & Sanofi's Sales Strategy

17.     Sanofi admits the allegations in Paragraph 17 of the Counterclaims.

18.     Sanofi admits that the FDA's "Orange Book" exists, and states that the content of the "Orange Book" speaks for itself.  Sanofi denies any legal or factual conclusions based upon FDA approvals or ratings.   Sanofi denies the remaining allegations in Paragraph 18 of the Counterclaims.

19.     Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Counterclaims, and therefore denies the same.

20.     Sanofi denies the allegations in Paragraph 20 of the Counterclaims.

21.     The allegations in Paragraph 21 state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in Paragraph 21 of the Counterclaims.

22.     The allegations in Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, Sanofi denies the allegations in Paragraph 22 of the Counterclaims.

23.     The allegations in the first sentence of Paragraph 23 state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in the first sentence of Paragraph 23.   Sanofi denies that it intended to sow confusion in a

vulnerable population.  Sanofi lacks knowledge and information sufficient to form a belief as to the truth of the other allegations in Paragraph 23, and therefore denies the same.  Sanofi denies any remaining allegations in Paragraph 23 of the Counterclaims.

24.     Sanofi denies the allegations in Paragraph 24 of the Counterclaims.  To the extent the allegations in Paragraph 24 state legal conclusions, no response is required.

<u>**Sanofi Makes False and Misleading Representations<br>About the EpiPen Auto-Injector and Auvi-Q**</u>

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, Sanofi denies the allegations in Paragraph 25. Sanofi denies all remaining allegations in Paragraph 25 of the Counterclaims.

A.     <u>False and Misleading Statements That Auvi-Q is Equivalent to the EpiPen Auto-Injector.</u>

26.     Sanofi denies the allegations in Paragraph 26 of the Counterclaims.

27.     Sanofi denies the allegations in Paragraph 27 of the Counterclaims.  To the extent the allegations in Paragraph 27 state legal conclusions, no response is required.

28.     Sanofi denies the allegations in Paragraph 28 of the Counterclaims.  To the extent the allegations in Paragraph 28 state legal conclusions, no response is required.

29.     Sanofi denies the allegations in Paragraph 29 of the Counterclaims.

30.     Sanofi denies the allegations in Paragraph 30 of the Counterclaims.

31.     Sanofi denies the allegations in Paragraph 31 of the Counterclaims.

32.     Sanofi admits that the FDA's "Orange Book" exists, and states that the content of the "Orange Book" speaks for itself.  Sanofi denies any legal or factual conclusions based upon FDA approvals or ratings.   Sanofi denies the remaining allegations in Paragraph 32 of the Counterclaims.

33.     Sanofi denies the allegations in Paragraph 33 of the Counterclaims.  To the extent the allegations in Paragraph 33 state legal conclusions, no response is required.

34.     Sanofi denies the allegations in Paragraph 34 of the Counterclaims.  Sanofi lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding medical personnel and patients, and therefore denies the same.

35.     Sanofi admits that during the 2013-2014 time period, it promoted Auvi-Q through its website using a question and answer format, but denies Mylan's characterization of its website.  Sanofi denies that this format was designed to mislead or suggest that the Auvi-Q and the EpiPen Auto-Injector were bioequivalent and therefore interchangeable.  To the extent the allegations in Paragraph 35 state legal conclusions, no response is required.  Sanofi denies the remaining allegations in Paragraph 35 of the Counterclaims.

B.  Unsubstantiated and Misleading Claims Designed to Disparage the EpiPen-Auto Injector and Harm its Reputation.

36.     Sanofi denies the allegations in Paragraph 36 of the Counterclaims.

i.  Misrepresentations that patients do not carry or know how to use their auto-injectors.

37.     Sanofi denies the allegations in Paragraph 37 of the Counterclaims.

38.     Sanofi admits that a promotional press release titled "Sanofi Announces Auvi-Q, the First and Only Voice-Guided Epinephrine Auto-Injector, is Now Available in the U.S." (the "Press Release") exists, and states that the content of the Press Release speaks for itself.  Sanofi denies Mylan's characterization of its Press Release.

39.     Sanofi denies the allegations in Paragraph 39 of the Counterclaims.

40.     Sanofi denies the allegations in Paragraph 40 of the Counterclaims.

41.     Sanofi denies the allegations in Paragraph 41 of the Counterclaims.

ii.  <u>Misrepresentations about patient satisfaction with Auvi-Q.</u>

42.    To the extent the allegations in Paragraph 42 state legal conclusions, no response is required.  Sanofi denies the allegations in Paragraph 42 of the Counterclaims.

43.    Sanofi admits that its Press Release exists and states that the content of the Press Release speaks for itself.  Sanofi denies Mylan's characterization of its Press Release.  Sanofi denies the remaining allegations in Paragraph 43 of the Counterclaims.

44.    Sanofi admits that Anne Whitaker, Sanofi's then President of North America Pharmaceuticals, made a statement on the day the Press Release was issued, but denies Mylan's characterization of that statement.   Sanofi denies the allegations in Paragraph 44 of the Counterclaims.

45.    The allegations in Paragraph 45 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in Paragraph 45 of the Counterclaims.

46.    Sanofi admits that a sales representative once left a handwritten note in a physician's office, without the knowledge or approval of Sanofi and in violation of Sanofi's company policy, stating that "[t]he overwhelming majority of patients . . . prefer Auvi-Q as evidenced by clinical experience and peer reviewed surveys."  Sanofi denies all remaining allegations in Paragraph 46 of the Counterclaims.

47.    Sanofi admits that it began marketing Auvi-Q in 2013.  To the extent the allegations in Paragraph 47 of the Counterclaims state legal conclusions, no response is required. Sanofi denies the remaining allegations in Paragraph 47 of the Counterclaims.

48.    Sanofi denies the allegations in Paragraph 48 of the Counterclaims.

iii.  <u>Misleading claims regarding needlestick protection</u>

49.    Sanofi denies the allegations in Paragraph 49 of the Counterclaims.

50.     Sanofi admits that it issued and disseminated sales aids, and states that the sales aids speak for themselves.   Sanofi denies the remaining allegations in Paragraph 50 of the Counterclaims as stated.

51.     Sanofi admits that its Press Release exists, and states that the content of the Press Release speaks for itself.

52.     Sanofi admits that its own statements are true.  The other allegations in Paragraph 52 of the Counterclaims state legal conclusions to which no response is required.  As for the second, third, and fourth sentences, Sanofi lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.   Sanofi denies the remaining allegations in Paragraph 52 of the Counterclaims.

53.     Sanofi denies the allegations in Paragraph 53 of the Counterclaims.

54.     To the extent the allegations in Paragraph 54 of the Counterclaims state legal conclusions, no response is required.   Sanofi denies the allegations in Paragraph 54 of the Counterclaims.

      iv.   Misleading statements regarding heat tolerance

55.     Sanofi denies the allegations in Paragraph 55 of the Counterclaims.

56.     Sanofi admits that the recommended storage temperature range for epinephrine is 68 to 77 degrees Fahrenheit.   Sanofi denies the remaining allegations in Paragraph 56 of the Counterclaims.

**Sanofi Engaged in Other Unfair and Unlawful Conduct**

57.     The allegations in Paragraph 57 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in Paragraph 57 of the Counterclaims.

58.     Sanofi denies the allegations in Paragraph 58 of the Counterclaims.

59.     Sanofi denies the first two sentences of allegations in Paragraph 59 of the Counterclaims.  Sanofi admits that in 2012, it agreed to pay $109 million to the DOJ to resolve allegations that Sanofi violated the False Claims Act; Sanofi, however, denies Mylan's characterization of those claims.  Sanofi denies any remaining allegations in Paragraph 59 of the Counterclaims.

60.     Sanofi denies the allegations in Paragraph 60 of the Counterclaims.  To the extent the allegations in Paragraph state legal conclusions, no response is required.

61.     Sanofi denies the allegations in Paragraph 61 of the Counterclaims.  To the extent the allegations in Paragraph 61 state legal conclusions, no response is required.

62.     The allegations in Paragraph 62 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in Paragraph 62 of the Counterclaims.

63.     Sanofi admits that it voluntarily withdrew Auvi-Q from the market, but denies Sanofi's characterization of its withdrawal.  Sanofi denies all other allegations in Paragraph 63 of the Counterclaims.

### Sanofi's Illegal Actions Damaged Mylan Specialty

64.     Sanofi admits that Auvi-Q was voluntarily recalled for safety reasons in 2015, but denies Mylan's characterization of the recall.  To the extent the allegations in Paragraph 64 state legal conclusions, no response is required.  Sanofi denies the remaining allegations in Paragraph 64 of the Counterclaims.

65.     Sanofi denies the allegations in Paragraph 65 of the Counterclaims.  To the extent the allegations in Paragraph 65 state legal conclusions, no response is required.

66.     Sanofi denies the allegations in Paragraph 66 of the Counterclaims.  To the extent the allegations in Paragraph 66 state legal conclusions, no response is required.

## FIRST CLAIM FOR RELIEF

### Commercial Disparagement and False Advertising Under
### the Lanham Act, 15 U.S.C. § 1125(a)

67.     Sanofi repeats and realleges its responses to the allegations in Paragraphs 1 through 66 of the Counterclaims as if fully set forth herein.

68.     Sanofi denies the allegations in Paragraph 68 of the Counterclaims.  To the extent the allegations in Paragraph 68 state legal conclusions, no response is required.

69.     The allegations in Paragraph 69 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in Paragraph 69 of the Counterclaims.

70.     The allegations in Paragraph 70 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies these allegations.  Sanofi denies that Mylan is entitled to any of the relief requested in the Counterclaims, or to any relief at all.  Sanofi denies all remaining allegations in Paragraph 70 of the Counterclaims.

71.     Sanofi denies the allegations in Paragraph 71 of the Counterclaims.  To the extent the allegations in Paragraph 71 state legal conclusions, no response is required.

72.     Sanofi denies the allegations in Paragraph 72 of the Counterclaims.

73.     Sanofi admits that it offered, advertised, and promoted Auvi-Q to physicians and patients across the United States from 2013 until 2015.  To the extent the allegations in Paragraph 73 state legal conclusions, no response is required.  Sanofi denies all remaining allegations in Paragraph 73 of the Counterclaims.

74.     Sanofi denies the allegations in Paragraph 74 of the Counterclaims.  To the extent the allegations in Paragraph 74 state legal conclusions, no response is required.

75.     The allegations in Paragraph 75 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies these allegations.  Sanofi denies that Mylan is entitled to any of the relief requested in the Counterclaims, or to any relief at all.  Sanofi denies all remaining allegations in Paragraph 75 of the Counterclaims.

## SECOND CLAIM FOR RELIEF

### Common Law Unfair Competition

76.     Sanofi repeats and realleges its responses to the allegations in Paragraphs 1 through 75 of the Counterclaims as if fully set forth herein.

77.     Sanofi denies the allegations in Paragraph 77 of the Counterclaims.  To the extent the allegations in Paragraph 77 state legal conclusions, no response is required.

78.     Sanofi denies the allegations in Paragraph 78 of the Counterclaims.  To the extent the allegations in Paragraph 78 state legal conclusions, no response is required.

79.     Sanofi denies the allegations in Paragraph 79 of the Counterclaims.

80.     Sanofi denies the allegations in Paragraph 80 of the Counterclaims.  To the extent the allegations in Paragraph 80 state legal conclusions, no response is required.

81.     Sanofi denies the allegations in Paragraph 81 of the Counterclaims.  To the extent the allegations in Paragraph 81 state legal conclusions, no response is required.

82.     Sanofi denies the allegations in Paragraph 82 of the Counterclaims.  To the extent the allegations in Paragraph 82 state legal conclusions, no response is required.

83.     The allegations in Paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, Sanofi denies the allegations in Paragraph 83 of the Counterclaims.  Sanofi denies that Mylan is entitled to any of the relief requested in the Counterclaims, or to any relief at all.

## PRAYER FOR RELIEF

84.     Sanofi repeats and realleges its responses to the allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

85.     Sanofi denies that Mylan is entitled to any of the relief requested in the Counterclaims, or to any relief at all.   Sanofi denies all remaining allegations in the Counterclaims, should any response be necessary, objects to Mylan's defined terms to the extent not expressly admitted, and denies all allegations not expressly admitted to or responded to herein.

## JURY TRIAL DEMAND

Mylan's demand for a jury trial does not constitute a factual or legal allegation to which a response is required.

## SANOFI'S DEFENSES AND AFFIRMATIVE DEFENSES

Sanofi sets forth below its defenses and affirmative defenses.  Each defense is asserted as to all Counterclaims against Sanofi.  By setting forth these defenses and affirmative defenses, Sanofi does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Mylan.  Nothing stated herein is intended to be or shall be construed as an admission that any particular issue or subject matter is relevant to Mylan's allegations.  As separate and distinct affirmative defenses, Sanofi alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Mylan's Counterclaims are barred, in whole or in part, because Mylan has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Mylan's Counterclaims alleging common law unfair competition are barred because there is no federal common law for unfair competition.  Mylan has failed to identify any state law as a basis for its claim.

## THIRD AFFIRMATIVE DEFENSE

Mylan's Counterclaims are barred, in whole or in part, by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Mylan's Counterclaims are barred, in whole or in part, by Mylan's lack of standing.

## FIFTH AFFIRMATIVE DEFENSE

Mylan's Counterclaims are barred, in whole or in part, because Mylan's alleged damages, if any, were not caused by any Sanofi false or misleading advertising or unfair competition.

## SIXTH AFFIRMATIVE DEFENSE

Mylan's Counterclaims for damages are barred because Mylan's alleged damages, if any, are speculative and uncertain, and because of the impossibility of ascertaining and allocating these alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Mylan's recovery of damages is barred, in whole or in part, by Mylan's failure to mitigate their alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Mylan's Counterclaims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

## NINTH AFFIRMATIVE DEFENSE

Mylan's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

To the extent Mylan's Counterclaims or the issues raised by Mylan's Counterclaims have been previously litigated, Mylan's Counterclaims are barred, in whole or in part, from any recovery by the doctrines of res judicata and/or collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Mylan's prayer for statutory damages is barred by Section 35 of the Lanham Act, 15 U.S.C. § 1117, which only permits recovery of statutory damages for violations that involve the use of a counterfeit mark.

## TWELFTH AFFIRMATIVE DEFENSE

Mylan's prayer for punitive and/or exemplary damages is barred on the ground that Mylan cannot prove facts sufficient to state a claim for punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mylan's prayer for attorneys' fees is barred on the ground that Mylan cannot prove facts sufficient to show that Sanofi's conduct was exceptional.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Sanofi has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Sanofi reserves the right to amend or seek to amend its Answer and/or affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Sanofi prays for all the relief set forth in its Complaint, and also for entry of judgment that:

A.      All of Mylan's Counterclaims be dismissed with prejudice, and that Mylan recover nothing on any of its Counterclaims;

B.      Sanofi is the prevailing party on each of Mylan's Counterclaims, and that Sanofi be awarded its costs and attorney's fees in connection with those Counterclaims, to the extent permitted by law; and

C.      Sanofi be granted all such other and further relief as the Court may deem just and proper under the circumstances.


DATED:  February 6, 2018                    Respectfully submitted,

                                            /s/ Eric S. Hochstadt


**WEIL, GOTSHAL & MANGES LLP**              **WEIL, GOTSHAL & MANGES LLP**
Diane L. Sullivan                           Yehudah L. Buchweitz
diane.sullivan@weil.com                     yehuda.buchweitz@weil.com
17 Hulfish St., Suite 201                   Eric S. Hochstadt
Princeton, NJ 08542                         eric.hochstadt@weil.com
T: (609) 986-1120                           767 Fifth Avenue
F: (212) 310-8007                           New York, NY 10153
                                            T: (212) 310-8000
                                            F: (212) 310-8007

*Attorneys for Plaintiff and Counterclaim-*
*Defendant Sanofi-Aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I caused a copy of the foregoing SANOFI-AVENTIS U.S. LLC'S ANSWER TO MYLAN SPECIALTY L.P.'S COUNTERCLAIMS to be filed electronically via the Court's ECF system, which will serve notification of this filing on all counsel of record, in compliance with Rule 5.4.9 of the Rules of Practice of the United States District Court for the District of Kansas.

Dated: February 6, 2018

/s/  Eric S. Hochstadt
Eric S. Hochstadt
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
T: (212) 310-8000
F: (212) 310-8007
eric.hochstadt@weil.com