UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No: 2785)<br><br>[AMENDED] CLASS PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO NON-PARTY HUMANA, INC. |

1378926_1

**TABLE OF CONTENTS**

Page

I.  STATEMENT OF MATTERS BEFORE THE COURT ....................................................1

II. MEMORANDUM IN SUPPORT OF MOTION TO COMPEL .........................................1

III. LAW AND ARGUMENT .................................................................................................3

  A. This Court Has Jurisdiction to Resolve This Dispute ..............................................3

  B. Plaintiffs' Requests Seek Materials Relevant to this Case ......................................4

  C. Humana Should Be Compelled to Immediately Produce Responsive Materials It Has Agreed to Produce ..........................................................................5

    1. Rebate and Formulary Documents, Agreements and Communications; Consideration Paid or Received .....................................5

    2. Documents Concerning Market and Competitive Analysis, EAI Drug Device Cost, Demand, and Projections and Forecasts .......................7

    3. Data and Other Consumer Information..........................................................8

    4. Responsive Government and Regulatory Materials .....................................8

    5. Documents Sufficient to Identify EAI-Related Personnel...........................8

    6. Documents Related to Promotional and Educational Materials ..................9

    7. Communications and Other Responsive Documents..................................9

    8. Conditional and Conclusory Objections Should Be Overruled ..................10

IV. CONCLUSION AND RELIEF REQUESTED ................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cadence Educ., LLC v. Vore*,
   No. 17-cv-2092-JTM-TJJ, 2018 U.S. Dist. LEXIS 17880
   (D. Kan. Feb. 2, 2018) ..................................................................................................10

*Certain Underwriters at Lloyd's, London v. Morrow*,
   No. 1:16-CV-00180-GNS, 2017 U.S. Dist. LEXIS 166842
   (W.D. Ky. Oct. 10, 2017)..............................................................................................4, 5

*Gheesling v. Chater*,
   162 F.R.D. 649 (D. Kan. 1995)..........................................................................................5

*Gilbert v. Rare Moon Media*, *LLC*,
   No. 15-mc-217-CM, 2016 WL 141635 (D. Kan. Jan. 12, 2016).......................................4

*Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of
   Haverstraw, Inc.*,
   211 F.R.D. 658 (D. Kan. 2003)..........................................................................................4

*In re Am. Med. Sys.*,
   MDL No. 2325, 2017 U.S. Dist. LEXIS 41812
   (S.D. W. Va. Mar. 21, 2017).............................................................................................3

*In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*,
   MDL No. 2187, 2014 WL 1660386 (S.D. W. Va. Apr. 22, 2014) ....................................4

*In re Honeywell Int'l, Inc. Sec. Litig.*,
   230 F.R.D. 293 (S.D.N.Y. 2003) ......................................................................................7

*In re Liquid Aluminum Sulfate Antitrust Litig.*,
   No. 16-md-2687 (JLL) (JAD) (D.N.J. Sept. 5, 2017)........................................................4

*In re Motor Fuel Temperature Sales Practices Litig. v. Alon USA, Inc.*,
   MDL No. 1840, 2013 U.S. Dist. LEXIS 64639 (D. Kan. May 6, 2013) ...........................4

*In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*,
   No. 1:13-md-02419-FDS (D. Mass. June 21, 2013).........................................................4

*In re Niaspan Antitrust Litig.*,
   No. 13-md-2460 (E.D. Pa. June 9, 2015)..........................................................................4

*U, Inc. v. ShipMate, Inc.*,
   No. 2:14-cv-2287-JTM-TJJ, 2015 U.S. Dist. LEXIS 79694
   (D. Kan. June 19, 2015) ..................................................................................................10

**Page**

*United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*,
   444 F.3d 462 (6th Cir. 2006) ...................................................................................3

*Viacom Int'l, Inc. v. YouTube, Inc.*,
   No. C 08-80129 SI, 2008 U.S. Dist. LEXIS 79777
   (N.D. Cal. Aug. 18, 2008)........................................................................................7

*XPO Logistics Freight, Inc. v. YRC, Inc.*,
   No. 16-mc-224-CM-TJJ, 2016 U.S. Dist. LEXIS 165323
   (D. Kan. Nov. 30, 2016) ..........................................................................................6

**STATUTES, RULES AND REGULATIONS**

RICO ...............................................................................................................................1

District of Kansas Local Rules
   Rule 37.1(a)..............................................................................................................1
   Rule 37.1(b) .............................................................................................................1
   Rule 37.2 ..................................................................................................................1

Federal Rules of Civil Procedure
   Rule 26 .................................................................................................................1, 4
   Rule 26(b) ................................................................................................................4
   Rule 26(b)(1)........................................................................................................4, 6
   Rule 34 .....................................................................................................................4
   Rule 45 .................................................................................................................1, 4

Class Plaintiffs ("Plaintiffs"), individually and on behalf of the putative class, by and through their undersigned attorneys, hereby move this Court pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure for an Order compelling compliance with the Subpoena directed to and lawfully served upon non-party Humana, Inc. ("Humana").[1] The Memorandum in Support of this Motion is below and incorporated by reference.

## I. STATEMENT OF MATTERS BEFORE THE COURT

Plaintiffs' Amended Motion to Compel Compliance with Subpoena Directed to Non-Party Humana (the "Motion") presents the following legal issues:[2]

(a) Whether Humana's boilerplate and conclusory objections and unilateral narrowing of the documents responsive to the Subpoena, are improper and should be overruled?

(b) Whether the Court should compel Humana to immediately produce all documents responsive to Plaintiffs' Subpoena?

## II. MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

This is an antitrust, civil RICO, and consumer-protection class action brought on behalf of those who purchased or used the EpiPen, an epinephrine auto-injector ("EAI"). The Complaint's allegations give rise to a number of relevant topics for discovery, including the EAI market, EAI device coverage and formulary placement or exclusion, usage, claims, consumer costs, demand and

---

[1]  All references to "Ex." and "Exs." are to the exhibits attached to the Declaration of Brian O. O'Mara ("O'Mara Decl."), filed concurrently herewith. Pursuant to D. Kan. Rule 37.1(a), a copy of the Rule 45 Subpoena ("Subpoena") is attached to the O'Mara Decl. Ex. 1. Pursuant to D. Kan. Rule 37.2, Plaintiffs' counsel certifies that they have met and conferred with Humana's counsel concerning the Subpoena and Humana's failure to produce documents responsive to the Subpoena. Plaintiffs are entitled to the requested discovery. *See* Ex. 3, Humana, Inc.'s Objections and Responses to Class Plaintiffs' Subpoena to Produce Documents, Information, or Objects. This Motion is timely, as on February 2, 2018, this Court entered an order extending that D. Kan. Rule 37.1(b)'s 30-day deadline until after the February 15, 2018 status conference. *See* ECF No. 137, Order. During the conference the Court issued an additional extension until February 23, 2018.

[2]  This amendment is submitted to conform to the page limitations in ECF No. 226.

- 1 -

1378926_1

- 2 -

competitive conditions, and EAI-related payments and costs along the distribution and pharmaceutical supply chain. *See, e.g.*, ECF No. 60, ¶¶152-198. Relevant discovery subjects also include documents and information related to EAI manufacturer marketing, educational and presentation materials, concerning their and competitor EAI devices as it is alleged that Mylan engaged in a massive misinformation campaign concerning EpiPen and competitor EAIs directed at the healthcare industry and consumers. *See, e.g.*, ¶¶629-635.

On December 11, 2017, Plaintiffs served Humana with the Subpoena seeking the production of documents relevant to this action. Thereafter, on December 22, 2017, Humana requested and the parties reached agreement on an extension of Humana's response and production dates. *See* Ex. 4. In doing so, Plaintiffs made clear that "[a]s long as there is a commitment to begin producing responsive materials by January 31, we are fine with the extension." *Id.* Humana agreed to the extension on that condition. *Id.* ("Great."). Two months after Humana was served with the Subpoena, a month after serving its responses and objections confirming that it would produce responsive materials, and several weeks after Humana was to begin producing materials according to the parties' extension agreement, Humana has still not produced a single document. Humana has also ignored Plaintiffs' requests to identify a new date by which Humana would commit to begin producing documents. *See, e.g.*, Exs. 5, 11; *see also* Ex. 6.

There is no dispute that Humana possesses relevant, responsive information.[3] And in response to 12 of the Subpoena's 14 requests indeed Humana commits that it "will produce"

---

[3]    *E.g.*, Humana Inc., Annual Report (Form 10-K) at 31 (Feb. 17, 2017), https://humana.gcs-web.com/static-files/1d2dc7c9-7d43-4938-9b94-4d090c4deaf9 ("Annual Report"). (Humana has "contractual relationships with pharmaceutical manufacturers or wholesalers that provide us with purchase discounts and volume rebates on certain prescription drugs dispensed through our mail-order and specialty pharmacies.").

responsive information.  Ex. 3.  Humana, however, has not produced any materials and refuses to commit to a date by which it will even begin producing documents.

Humana also asserts conclusory and conditional objections, and unilaterally narrows certain topics.  For example, Humana objects to Request No. 7 which seeks "documents concerning any agreement or understandings . . . concerning . . . inclusion on any formulary or preferred drug writ" and agrees to produce, "[s]ubject to [its] objections," only "written agreements," excluding any communications or deliberative documents relating to Human's formulary placement. Ex. 3.  This is not proper.  The requested information is relevant, Humana has not demonstrated that production would be unduly burdensome, and there is no basis for Humana to artificially limit its production simply because it would rather not collect and produce certain categories of relevant documents.

**III.    LAW AND ARGUMENT**

    **A.    This Court Has Jurisdiction to Resolve This Dispute**

As the MDL transferee court, this Court has jurisdiction to decide the issues raised in this Motion.  Indeed, "[a] judge presiding over an MDL case therefore may compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted."  *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006);[4] *see also In re Am. Med. Sys.*, MDL No. 2325, 2017 U.S. Dist. LEXIS 41812, at *3-*4 (S.D. W. Va. Mar. 21, 2017) ("the court presiding over a MDL 'may compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district

---

[4]    The place for compliance is Louisville, Kentucky within the Sixth Circuit, where Humana is headquartered.

where discovery is being conducted'");[5] *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2187, 2014 WL 1660386, at *2 n.1 (S.D. W. Va. Apr. 22, 2014).[6] Here, while Humana resides outside of this district,[7] this Court has jurisdiction to resolve this discovery dispute. Indeed, "a transferee judge can handle all types of pretrial matters that otherwise would have been handled by the transferor court." *In re Motor Fuel Temperature Sales Practices Litig. v. Alon USA, Inc.*, MDL No. 1840, 2013 U.S. Dist. LEXIS 64639, at *61-*63 (D. Kan. May 6, 2013).

### B. Plaintiffs' Requests Seek Materials Relevant to this Case

"It is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003). *Certain Underwriters at Lloyd's, London v. Morrow*, No. 1:16-CV-00180-GNS, 2017 U.S. Dist. LEXIS 166842, at *7-*8 (W.D. Ky. Oct. 10, 2017) ("scope of discovery under a subpoena is the same as the scope of discovery under Rule 26"). Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance is broadly construed and the court should permit a request for discovery unless '***it is clear*** that the information sought can have ***no possible*** bearing' on the claim or defense of a party." *Gilbert v. Rare Moon Media*, *LLC*, No. 15-mc-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (emphasis in original).

---

[5] Citations and internal quotations marks omitted, and emphasis added unless otherwise noted.

[6] *See also* Ex. 8, *In re Niaspan Antitrust Litig.*, No. 13-md-2460, Order on Central Enforcement of Subpoenas (E.D. Pa. June 9, 2015); Ex. 9, *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 1:13-md-02419-FDS, Order on Central Enforcement of Subpoenas (D. Mass. June 21, 2013); Ex. 10, *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (JLL) (JAD), Order on Central Enforcement of Subpoenas (D.N.J. Sept. 5, 2017).

[7] Humana does have a corporate office in Overland Park, Kansas. *See* Humana Overland Park Location, https://www.humana.com/about/marketpoint-sales-office-locations/kansas/7311-west-132nd-street-overland-park (last visited Feb. 23, 2018).

- 4 -

1378926_1

These standards cannot be satisfied by a blanket refusal to produce responsive documents or an assertion of boilerplate and conclusory objections. "A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad." *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995); *see also Morrow*, 2017 U.S. Dist. LEXIS 166842, at *8 (production compelled where resisting party failed to "offer an explanation of how the information sought in the subpoena lacks relevance to the case" and rejecting "sweeping generalities" about volume and relevance of requested documents).

### C. Humana Should Be Compelled to Immediately Produce Responsive Materials It Has Agreed to Produce

#### 1. Rebate and Formulary Documents, Agreements and Communications; Consideration Paid or Received

Plaintiffs seek: (i) rebate and formulary information, including agreements, communications and other deliberative materials relating to those agreements; and (ii) documents concerning consideration paid or received related to the marketing, distribution, or sale of any EAI Drug Device. *See* Ex. 1, Req. No. 1 (documents regarding rebate or incentive agreements); *id*., Req. No. 4 (consideration related to marketing, distribution or sale of EAI Drug Devices); *id.*, Req. No. 7 (documents concerning agreements with EAI Drug Device Manufacturers regarding sale, reimbursement, formulary placement, etc.); and *id.*, Req. No. 14 (decision or consideration to include or exclude any EAI Drug Device from formularies). These materials are relevant to this action and Humana unquestionably possesses responsive information.[8]

---

[8] Annual Report at 31 ("We have contractual relationships with pharmaceutical manufacturers or wholesalers that provide us with purchase discounts and volume rebates on certain prescription drugs dispensed through our mail-order and specialty pharmacies."); *id*. at 131 ("Our pharmacy operations, which are responsible for designing pharmacy benefits, including defining member co-share

- 5 -

On January 17, 2018, Humana responded that it "will produce" responsive documents. Ex. 3. Despite this commitment, however, no documents have been produced. There is no dispute that these materials are relevant and Humana has not shown that production would be unduly burdensome. *See, e.g.*, *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 U.S. Dist. LEXIS 165323, at *10-*11 (D. Kan. Nov. 30, 2016) ("The resisting party cannot simply stand on a conclusory statement that the requested discovery is irrelevant, but instead must either demonstrate that the requested discovery does not come within the broad scope of relevance defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm caused by the discovery would outweigh the presumption in favor of broad disclosure."). Humana should be compelled to produce documents responsive to Request Nos. 1, 4, 7 and 14.

With respect to the documents relating to the "consideration and negotiation of Incentives from, Mylan (for the Epipen®)" (Ex. 1, Req. No. 1) and documents concerning Humana's "decision or consideration to include, place, or otherwise exclude any EAI Drug Device on any PBM, Medicaid, or other formulary" (*id.*, Req. No. 14), Humana identified what it refers to as its Pharmaceutical and Therapeutic ("P&T") Committee as the group that would possess responsive materials. The relevance of these materials is obvious: documents concerning or memorializing Humana's deliberative process and considerations concerning rebates and whether or not (and why) certain EAI Drug will be included or excluded from Humana's formulary. Humana refuses to produce these materials and claims that the materials are competitively sensitive. These documents are relevant, Humana has not articulated an undue burden in producing these documents, and the

---

responsibilities, determining formulary listings, contracting with retail pharmacies, confirming member eligibility, reviewing drug utilization, and processing claims, act as a principal in the arrangement on behalf of members in our other segments.").

- 6 -

1378926_1

protective order provides heightened levels of protection to address Mylan's and Sanofi's own similar sensitivity concerns. *See* ECF No. 135. Production should be compelled.

With respect to rebate agreements between Humana and Mylan, despite agreeing to "produce written agreements with Mylan . . . relating to Incentives," Humana refuses to do so claiming that, following conversations with Mylan's counsel, such agreements should just be obtained from Mylan. Ex. 3. "[T]here is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession." *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C 08-80129 SI, 2008 U.S. Dist. LEXIS 79777, at *10 (N.D. Cal. Aug. 18, 2008); *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003) ("fact that the same documents may be available from [defendant] is not persuasive"). Indeed, Humana's documents and agreement "may differ slightly from [Mylan's] copies [and] could include handwritten notes" or other additional information. *Honeywell*, 230 F.R.D. at 301; *see also* Ex. 5. The rebate agreements should be produced.[9]

### 2. Documents Concerning Market and Competitive Analysis, EAI Drug Device Cost, Demand, and Projections and Forecasts

Plaintiffs seek information concerning market and competitive analyses, EAI Drug Device cost and demand, and projections and forecasting materials. *See* Ex. 1, (Req. Nos. 6, 10 and 13). Humana states that it "***will produce***" documents, *see* Ex. 3, but to date, no such records have been produced and Humana has refused to identify a date by which these materials will be produced. Humana should be compelled to produce documents responsive to Request Nos. 6, 10, and 13.

---

[9] Humana revealed that following communications with Mylan's counsel concerning Plaintiffs' Subpoena it elected not to produce agreements between Humana and Mylan. Exs. 5 & 6. Humana should be compelled to produce communications with Mylan's counsel concerning the Subpoena. These communications, which Humana's counsel confirmed pertained to Humana's rebate agreements with Mylan, are responsive to the Subpoena. *See, e.g.*, Ex. 1, Req. No. 1 (documents and communications regarding incentive (*i.e.*, rebate) agreements with Mylan); *id.*, Req. No. 7 (documents "concerning any agreement or understanding" between Humana and Mylan "concerning the (a) sale, (b) marketing, (c) purchase, (d) reimbursement, or (e) inclusion on any formulary or preferred drug list"). The Court should order these communications be produced.

- 7 -

### 3. Data and Other Consumer Information

Request No. 8 seeks materials "sufficient to identify each customer, consumer, distributor, reseller, or retailer with whom You have communicated or transacted business relating to any EAI Drug Device." Ex. 1. Humana stated that it "***will produce*** data related to member claims for reimbursement for the EpiPen, Auvi-Q, or Adrenaclick EAI Drug Devices…." Ex. 3. The parties had a number of discussions concerning the data and on February 8, 2018, Plaintiffs sent over a set of narrow list of data fields to assist in the data production. *See* Ex. 7. Despite asking for confirmation from Humana that it will produce responsive data using the data fields Plaintiffs identified, Humana has not responded or committed to a production schedule. Ex. 5.

### 4. Responsive Government and Regulatory Materials

Request No. 2 seeks documents "provided by You or on Your behalf to the United States Department of Justice or any other local, state, or federal governmental or regulatory agency concerning any inquiry or investigation of any EAI Drug Device or the market for EAI Drug Devices."[10] Ex. 1. Humana responded that it "***will produce***" these documents. Ex. 3. On February 7, 2018, Humana indicated that it is still trying to determine whether responsive documents exist and has since failed to identify whether these materials exist and, if so, when Humana will produce them. These government and regulatory materials are relevant and Humana has not shown that producing these materials would be unduly burdensome. Humana should produce these documents.

### 5. Documents Sufficient to Identify EAI-Related Personnel

Request No. 9 seeks documents "sufficient to identify … personnel … or other groups with responsibility concerning EAI Drug Devices." Ex. 1. Humana states that it "***will produce***

---

[10] Similarly, Request No. 3 seeks transcripts of deposition or interview testimony. Humana has committed to producing these materials, but no documents have been produced.

- 8 -

1378926_1

documents or narrative responses," (Ex. 3), but no documents have been produced. Humana should be compelled to produce documents responsive to Request No. 9.

### 6. Documents Related to Promotional and Educational Materials

Request No. 11 seeks documents "concerning any presentation, educational material, or marketing material provided to [Humana] by any EAI Drug Device manufacturer, seller, wholesaler, distributor, or retailer related to any EAI Drug Device." Ex. 1. Humana stated that it "***will produce*** presentation, educational, or marketing materials." Ex. 3. Humana, however, has not produced any responsive documents. Humana should produce documents responsive to Request No. 11.

### 7. Communications and Other Responsive Documents

Humana refuses to produce communications or other related materials limiting its production to a category of documents narrower than what is requested. *See* Ex. 3, Resp. to Req. Nos. 1, 4, 6-8, 10-11, 13-14. For example, Request No. 1 seeks "Documents and Communications" concerning "consideration and negotiation of Incentives . . . ." Ex. 1. Humana agrees to produce the agreements, but not the communications or other documents related to those agreements. *See also* Req. No. 4 (seeking "documents" but responding that "Humana will produce any written agreements"); *id.*, Req. No. 6 (seeking "documents" but responding that "Humana will produce responsive, non-privileged internal analyses or reports"), *id.*, Req. No. 7 (seeking "documents" but responding that "Humana will produce any written agreements"); and *id.*, Req. No. 11 (seeking "documents" but responding that "Humana will produce presentation, educational, or marketing materials"); *see also id.*, Resp. to Req. Nos. 8, 10, 13 (agreeing to produce only certain documents responsive to Request Nos. 1, 6 and/or 7). Humana's deliberations and communications concerning these agreements, reports and analyses are relevant and should be produced.

- 9 -

1378926_1

### 8. Conditional and Conclusory Objections Should Be Overruled

Each of Humana's discovery responses states: "Subject to these objections and its General Objections, Humana will produce . . . ." *See, e.g.*, Ex. 3, Resp. to Req. No. 14. "[O]bjections followed by an answer 'preserve nothing and serve only to waste the time and resources of both the Parties and the Court.'" *U, Inc. v. ShipMate, Inc.*, No. 2:14-cv-2287-JTM-TJJ, 2015 U.S. Dist. LEXIS 79694, at *10-*11 (D. Kan. June 19, 2015) ("*ShipMate*"). Humana's responses are also "generic boilerplate objections with no rational substantive basis." *Id.* at *10. *See, e.g.*, Ex. 3, Resp. to Reqs. Nos. 1-2, 5-9 & Gen. Objs. No. 8-9. These boilerplate objections lack specificity, and fail to show why the requests are improper. *ShipMate*, 2015 U.S. Dist. LEXIS 79694, at *10-*11. "A discovery response that states responsive documents, if any, will be produced after a search, subject to its objections is not an option under the Rule." *Cadence Educ., LLC v. Vore*, No. 17-cv-2092-JTM-TJJ, 2018 U.S. Dist. LEXIS 17880, at *11 (D. Kan. Feb. 2, 2018).

Humana's response also does not state whether certain responsive documents exist. Ex. 3 (Resp. to Req. Nos. 5 & 12). Humana must "reveal or identify what responsive documents do or do not exist." *See ShipMate*, 2015 U.S. Dist. LEXIS 79694, at *11. Humana should be compelled to produce documents responsive to Request Nos. 5 and 12, and its conclusory objections, including those in response to Request Nos. 1-2, 5-9 and 12 and its General Objections 8 and 9 should be overruled. *See* Ex. 3, Resp. to Req. Nos. 1-2, 5-9 & Gen. Objs. Nos. 8-9.

### IV. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Humana should be compelled to produce responsive all documents.

DATED:  February 26, 2018                                Respectfully submitted,

                                                                                s/ Brian O. O'Mara
                                                                        BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA
ARTHUR L. SHINGLER III
LEA MALANI BAYS
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com
ashingler@rgrdlaw.com
lbays@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

KELLER ROHRBACK L.L.P.
LYNN LINCOLN SARKO
DEREK W. LOESER
GRETCHEN FREEMAN CAPPIO
GRETCHEN S. OBRIST
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone:  206/623-1900
206/623-3384 (fax)

BURNS CHAREST LLP
WARREN T. BURNS
SPENCER COX
900 Jackson Street, Suite 500
Dallas, TX  75201
Telephone:  469/904-4550
469/444-5002 (fax)

REX A. SHARP, P.A.
REX A. SHARP
RYAN C. HUDSON
5301 West 75th Street
Prairie Village, KS  66208
Telephone:  913/901-0505
913/901-0419 (fax)

Co-Lead Counsel and Liaison Counsel for Class Plaintiffs

- 11 -

1378926_1

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

I also hereby certify that on February 26 2018, I served:  Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Humana, Inc.

**Humana, Inc.:**

| NAME | FIRM | EMAIL |
|---|---|---|
| Ursula Taylor | Butler Rubin Saltarelli & Boyd LLP | UTaylor@butlerrubin.com |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 26, 2018.

s/ Brian O. O'Mara
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com