UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION | ) ) ) ) | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No: 2785) |
| | ) | |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) | |
| | ) | |

**NON-PARTY HUMANA INC.'S MEMORANDUM IN RESPONSE TO CLASS PLAINTIFFS' AMENDED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Ursula A. Taylor
Sandra J. Durkin
BUTLER RUBIN SALTARELLI & BOYD LLP
321 North Clark Street
Suite 400
Chicago, IL  60654
312-444-9660
utaylor@butlerrubin.com
sdurkin@butlerrubin.com

*Counsel for non-party Humana Inc.*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND NATURE OF MATTER BEFORE THE COURT ................... 1

II.    STATEMENT OF FACTS ........................................................................................ 1

III.   QUESTIONS PRESENTED .................................................................................... 3

IV.   ARGUMENT .......................................................................................................... 3

     A.     The Court Lacks Jurisdiction to Resolve this Dispute ........................................... 3

     B.     The Subpoena Imposes Undue Burden and Expense on Humana ........................ 4

          1.     Class Plaintiffs' Timeline for Compliance is Unreasonable ..................... 5

          2.     Class Plaintiffs' Requests Are Facially Overbroad ................................. 6

          3.     Class Plaintiffs' Requests for Communications and Deliberative Materials are Improper ........................................................................... 7

          4.     Class Plaintiffs' Request No. 5 Concerning "Demand" for EAI Drug Devices is Improper ........................................................................ 8

          5.     Class Plaintiffs' Request No. 12 Seeks Information Outside of Humana's Possession ............................................................................... 9

          6.     Humana's Objections Are Otherwise Appropriate ................................... 9

V.    CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Med. Sys. Inc.*,
  MDL No. 2325, 2017 WL 1090029 (S.D. W. Va. Mar. 21, 2017)..........................................4

*In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*,
  MDL No. 2187, 2014 WL 1660386 (S.D. W. Va. Apr. 22, 2014) ...........................................4

*In re ClassicStar Mare Lease Litig.*,
  MDL No. 1877, 2017 WL 27455 (E.D. Ky. Jan. 3, 2017) ......................................................4

*Mackey v. IBP, Inc.*,
  167 F.R.D. 186 (D. Kan. 1996)........................................................................................6, 7

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005) ....................................................................................8, 9

*Nidec Corp. v. Victor Co. of Japan*,
  249 F.R.D. 575 (N.D. Cal. 2007)........................................................................................9

*In re Packaged Seafood Prods. Antitrust Litig.*,
  No. 15-md-2670-JLS-MDD, 2018 WL 454440 (S.D. Cal. Jan. 17, 2018)..............................4

*Sonnino v. Univ. Of Kansas Hosp. Auth.*,
  No. 02-2576-KHV-DJW, 2004 WL 764085 (D. Kan. Apr. 8, 2004) .................................6, 10

*Stewart v. Mitchell Transp.*,
  No. 01-2546-JWL, 2002 WL 1558210 (D. Kan. July 11, 2002) ............................................6

*Tomelleri v. Zazzle, Inc.*,
  No. 13-cv-2576-EFM-TJJ, 2015 WL 400904 (D. Kan. Jan. 28, 2015) ...................................3

*U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*,
  444 F.3d 462 (6th Cir. 2006) ..............................................................................................4

*XPO Logistics Freight, Inc., v. YRC, Inc.*
  Nos. 16-mc-224-CM-TJJ, 2:16-cv-00194-JNP-BCW, 2016 WL 6996275 (D.
  Kan. Nov. 30, 2016)...........................................................................................................4

**Statutes**

28 U.S.C. § 1407(b) ..............................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)....................................................................................................9

Fed. R. Civ. P. 45..................................................................................................3, 4, 5, 7

Fed. R. Civ. P. 45(d)(1)..................................................................................................4, 5

Fed. R. Civ. P. 45(d)(2)(B)(i) .............................................................................................4

# INDEX OF EXHIBITS

Exhibit 1          December 11, 2017 Humana Subpoena

Exhibit 2          December 22, 2017 Email correspondence between U. Taylor and B. O'Mara

Exhibit 3          January 17, 2018 Humana. Inc.'s Objections and Responses to Class Plaintiff's
                   Subpoena to Produce Documents, Information or Objections

Exhibit 4          February 7, 2018 Letter from U. Taylor re HIPAA issues

Exhibit 5          February 8, 2018 Email from B. O'Mara to S. Durkin and U. Taylor

Exhibit 6          February 14, 2018 Email from B. O'Mara to S. Durkin and U. Taylor

Exhibit 7          March 1, 2018 Humana Production Letter to B. O'Mara

## I.      INTRODUCTION AND NATURE OF MATTER BEFORE THE COURT

Class Plaintiffs have made no effort to narrow their overbroad Requests or offer any compromises or clarifications in response to appropriate objections by Humana—a non-party to this litigation.  Class Plaintiffs do not dispute that Humana has agreed to search for and produce documents responsive to twelve of Class Plaintiffs' fourteen requests for documents (the "Requests").  Humana in good faith committed to search for and produce responsive materials despite the objectionable nature of the Requests, and, indeed, Humana has begun producing—and will continue to produce—responsive documents.  Class Plaintiffs now unnecessarily burden the Court in an effort to compel Humana to produce "all" responsive documents "immediately" —months in advance of the deadline for the Mylan Defendants to substantially complete their production of documents in response to initial discovery requests and eight months in advance of the close of fact discovery in this litigation.  Not only have Class Plaintiffs failed to bring their Motion in the proper court, but Class Plaintiffs' demands as to the scope and timing of discovery from a non-party are not reasonable or justified.  As a result, Humana is entitled to protection against Class Plaintiffs' overly burdensome Requests.  For these reasons, described more fully below, Class Plaintiffs' Motion should be denied.

## II.     STATEMENT OF FACTS

Upon receipt of Class Plaintiffs' Subpoena, counsel for Humana contacted counsel for Class Plaintiffs on December 22, 2018 and explained that the upcoming holidays would make it impossible for Humana to respond to the Subpoena by the January 9, 2018 deadline.  (Exs. 1-2; Pls.' Ex. 6.)[1]  Counsel for Class Plaintiffs indicated that they were amenable to an extension and stated a preference for a rolling production beginning on January 31, 2018.  (Pls.' Ex. 6.)

---

[1] References to "Pls.' Ex." or "Pls.' Exs." are to the exhibits attached to the Declaration of Mr. O'Mara.  (Dkt No. 282-1.)  All other references "Ex." or "Exs." are to exhibits attached hereto.

Counsel for Humana agreed to be in touch in mid-January "to confirm where we are and whether a deadline of . . . January 31 for rolling production makes sense." (Ex. 2.)

In the meantime, Humana served objections and responses to the Subpoena, agreeing to search for and produce documents in response to twelve of fourteen Requests, and endeavored to begin producing requested claims data. (Ex. 3; Pls.' Ex. 6.) During a January 29, 2018 conference, Humana advised Class Plaintiffs that it required information from Class Plaintiffs concerning the precise nature of claims data sought—including a list of the desired data fields that counsel for Class Plaintiffs had previously offered to provide—in order for Humana to comply with the "minimum necessary" rule under HIPAA. (Pls.' Ex. 6.) Humana also reminded Class Plaintiffs of a previous request for written assurances that the Protective Order met the requirements of HIPAA. (Ex. 4; Pls.' Ex. 6.) Humana explained that, in light of those outstanding issues, Humana would not be in a position to begin producing documents on January 31, 2018. (Pls.' Ex. 6.) Class Plaintiffs indicated that they were amenable to Humana's production beginning after January 31, 2018. (*Id.*) After receiving the requested data fields and written assurances from Class Plaintiffs, on February 15, 2018, Humana advised Class Plaintiffs that it could produce much of the requested claims data but that it required additional time to re-pull the data in accordance with the newly-supplied data fields. (Exs. 5-6; Pls.' Ex. 6.)

Class Plaintiffs have at no point agreed to any compromises or offered any clarifications or narrowing of the Requests other than an offer to accept a portion of Humana's objection as to the time period but only in exchange for an agreement to produce *all* responsive documents, including documents in response to objectionable Requests. (Pls.' Exs. 5-6.) Nonetheless, Humana produced the requested claims data on March 1, 2018 in response to Request 8 of the Subpoena. (Exs. 3, 7.) Humana also produced agreements in response to Requests 1, 4, 7, 8 and

2

13 and formularies in response to Request 14. (*Id.*) Humana has concluded its investigation in connection with Requests 2 and 3 concerning government investigations or inquiries and determined that it has no responsive documents. (*Id.*) Humana has also concluded its investigation in connection with Request 9 and will supplement its response with information concerning the departments, divisions, or other groups with responsibility concerning the formulary placement of EAI Drug Devices. (*Id.*) Humana continues its investigation into whether it has internal analyses or reports regarding Defendants' market share, production, manufacturing costs, or pricing of any EAI Drug Device (Requests 6, 10 and 13) or presentation, educational, or marketing materials provided by Mylan, Sanofi, Shionogi and/or Amedra (Request 11). (*Id.*)

## III.   QUESTIONS PRESENTED

1.   Whether the Court has jurisdiction to resolve this dispute.

2.   Whether the Court should allow Humana a reasonable time to complete its production of materials up to and including at least May 20, 2018—a time period that is equivalent to the deadline for the Mylan Defendants to produce documents responsive to initial discovery.

3.   Whether Class Plaintiffs' Motion should be denied consistent with Humana's objections to Class Plaintiffs' Requests.

## IV.   ARGUMENT

### A.   The Court Lacks Jurisdiction to Resolve this Dispute.

Class Plaintiffs admit that the place for compliance with the Subpoena is Louisville, Kentucky, where Humana is headquartered. (Mot. at 3; Ex. 1.) Accordingly, this Motion must be filed in the Western District of Kentucky where compliance is required. *See Tomelleri v. Zazzle, Inc.*, No. 13-cv-2576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) ("After the 2013 amendment [to Rule 45] . . . the authority to *quash* or modify the subpoena remains with 'the court for the district where compliance is required.'") (citations omitted).

3

The fact that Class Plaintiffs are involved in multidistrict litigation does not alter this result.  The applicable statutes do not grant an MDL court authority to enforce a subpoena for documents that requires compliance outside of the MDL district.  *See* 28 U.S.C. § 1407(b); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670-JLS-MDD, 2018 WL 454440, at \*2 (S.D. Cal. Jan. 17, 2018) ("The extension of jurisdiction in MDL cases to the conduct of pretrial depositions . . . is not tantamount to extending jurisdiction to enforce document subpoenas on third parties."); *In re ClassicStar Mare Lease Litig.*, MDL No. 1877, 2017 WL 27455, at \*1 (E.D. Ky. Jan. 3, 2017) (holding that motion to quash a document subpoena in an MDL case "is properly directed, at least initially, to the 'court for the district where compliance is required'").[2] Class Plaintiffs should have filed their Motion in the Western District of Kentucky, as this Court lacks jurisdiction to enforce the Subpoena.

### B.  The Subpoena Imposes Undue Burden and Expense on Humana.

Even if the Court chooses to address the Motion, it must be denied on the grounds that it imposes undue burden and expense on Humana in violation of the federal rules.  It is well-settled that non-parties are entitled to heightened protection from discovery abuses and, moreover, that courts are charged with protecting non-parties from excessive and overly burdensome discovery requests.  Fed. R. Civ. P. 45(d)(1); *XPO Logistics Freight, Inc., v. YRC, Inc.* Nos. 16-mc-224-CM-TJJ, 2:16-cv-00194-JNP-BCW, 2016 WL 6996275, at \*3 (D. Kan. Nov. 30, 2016).  Here, the Subpoena is overly burdensome because it imposes an unreasonable time for Humana to

---

[2] Class Plaintiffs' reliance on *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462 (6th Cir. 2006), is unavailing because it was decided prior to the 2013 Amendments to Rule 45(d)(2)(B)(i), which now specifically directs that the party serving a Rule 45 subpoena "move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).  Neither does *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2187, 2014 WL 1660386 (S.D. W. Va. Apr. 22, 2014) require a different result as the court in that case relied on cases pre-dating the 2013 Amendment to Rule 45. Finally, Class Plaintiffs' reliance upon *In re Am. Med. Sys. Inc.*, MDL No. 2325, 2017 WL 1090029 (S.D. W. Va. Mar. 21, 2017) is misplaced because the movant in that case sought to compel an appearance for a deposition, not compliance with a document subpoena.

comply, is facially overbroad, seeks information that is not reasonably calculated to lead to the

discovery of admissible evidence, is vague and ambiguous and seeks information that is not in

Humana's possession or that is equally accessible to Class Plaintiffs as Humana.  On the whole,

the Subpoena—with its sweeping twenty-four pages of definitions, instructions, and

specifications regarding the form of production—demonstrate Class Plaintiffs' utter disregard for

Rule 45's mandate to "take reasonable steps to avoid imposing undue burden or expense" on the

recipient.  Fed. R. Civ. P. 45(d)(1).  Under the rules, the Court **_must_** enforce this duty and impose

an appropriate sanction on Class Plaintiffs by, at minimum, denying Class Plaintiffs' Motion.

### 1.    Class Plaintiffs' Timeline for Compliance is Unreasonable.

Class Plaintiffs concede that Humana has agreed to produce documents responsive to

twelve of the fourteen Requests, and, indeed, Humana has produced responsive materials.  (Mot.

at 2-3; Ex. 7.)  Class Plaintiffs nonetheless burden the Court with its Motion seeking to compel

Humana—which, again, is not a party to this litigation—to "immediately" produce "all"

responsive documents.  (Mot. at 1, 5.)  Notably, the Mylan Defendants have been permitted up

until April 30, 2018 to substantially complete their production of documents responsive to Class

Plaintiffs' first set of discovery.  (Dkt. No. 226.)  Class Plaintiffs cannot justify a demand for

"immediate" production, particularly given that the close of fact discovery is eight months away

on October 31, 2018.  (Dkt. No. 61.)  Humana should be allowed an amount of time that is at

least equivalent to the timeframe allotted to Class Plaintiffs' adversaries, which would include up

to at least May 20, 2018,[3] to investigate and substantially complete its production.  Class

Plaintiffs' demand that Humana be compelled to "immediately" produce all responsive

documents should be rejected.

---

[3] The Mylan Defendants have been allotted twenty-two weeks and six days to respond to initial discovery, calculated from November 21, 2017 to April 30, 2018.  (Dkt. Nos. 96, 226.) A due date of May 20, 2018 would allow an equivalent timeframe for Humana to respond to the December 11, 2017 Subpoena.

### 2.      Class Plaintiffs' Requests Are Facially Overbroad.

Here, Class Plaintiffs seek "any" or "all" documents "concerning" broad categories and spanning over a ten year period of time that are possessed by any present or past employees, agents, officers or directors or those who have ever had a "joint venture or partnership relationship" with any such individuals or affiliates of Humana.  (Ex. 1 at Def'n 1, Requests 1-15.)  For instance, Class Plaintiffs seek:

- "*[a]ll* . . . internal Documents and Communications . . . ***concerning any*** actual or potential agreements with, and/or consideration and negotiation of Incentives from . . . ***any*** . . . pharmaceutical company for ***any*** EAI Drug Device."

- "*[a]ll* Documents concerning any consideration paid or received by [Humana] related to the marketing, distribution, or sale of ***any*** EAI Drug Device"

- "*[a]ll* Documents ***concerning any*** agreement or understanding between [Humana] and ***any*** EAI Drug Device manufacturer, distributor or retailer ***concerning***" five separate categories; and

- "*[a]ll* Documents ***concerning*** [Humana's] decision or consideration to include, place, or otherwise exclude ***any*** EAI Drug Device on ***any*** PBM, Medicaid, or other formulary . . . ."

(*Id*. at Requests 1, 4, 7 and 14 (emphasis added)).  Class Plaintiffs have failed and refused to offer any clarifications, narrowing, or compromises as to the scope of the Requests.

Class Plaintiffs' Requests are overbroad on their face.  *See Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *4 (D. Kan. July 11, 2002) (finding subpoena seeking "all records, documents or information . . . regarding" the plaintiff to be overbroad on its face); *Sonnino v. Univ. Of Kansas Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (use of the phrases "relate to" and "concern" rendered requests for documents overly broad on their face); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197 (D. Kan. 1996) (use of omnibus phrases such as "related to" or "pertaining to" were improper).  Class Plaintiffs' contention that Humana must identify what responsive documents do or do not exist (Mot. at 10)

6

is not justified where the Requests are facially overbroad.  Humana is not required "to engage in mental gymnastics to determine what information may or may not be remotely responsive." *See Mackey*, 167 F.R.D. at 197.  Accordingly, Humana's objections to the Subpoena are proper.

> **3.      Class Plaintiffs' Requests for Communications and Deliberative Materials are Improper.**

Class Plaintiffs demand the production of all internal communications, documents or deliberative materials concerning Humana's payments, formularies, agreements, "potential agreements" or understandings relating to EAI Drug Devices.  (Mot. at 5; Ex. 1 at Requests 1, 4, 7, and 14.)  Humana properly objected to these Requests on the basis that they are overbroad, unreasonable in scope, and not likely to lead to the discovery of admissible evidence.  (Ex. 3 at Requests 1, 4, 7, 14.)  Humana has already produced any agreements and formularies.  (Ex. 7.)  Searching for all communications and deliberative materials potentially responsive to Class Plaintiffs' Requests would impose an undue burden, requiring Humana to search the files of every individual or department with any responsibility relating to a number of extremely broad categories.

Class Plaintiffs are incorrect in their suggestion that a search for responsive materials could be limited to a search of documents maintained by Humana's Pharmacy & Therapeutics ("P&T") Committee.  (Mot. at 6.)  Humana's P&T Committee is responsible for clinical decision-making surrounding formularies and coverage and does not extend, for instance, to rebates or payments.  And, even if Class Plaintiffs' Requests were so limited, such a search would require culling the files and materials of dozens of individuals that have been connected with the P&T Committee over the past ten years—an effort that is beyond the reasonable bounds of third-party discovery under Rule 45.

In addition to being overbroad, Requests seeking Humana's communications and deliberative materials, including the clinical materials from Humana's P&T Committee, are not reasonably calculated to lead to the discovery of admissible evidence. Class Plaintiffs do not justify how "*Humana's* deliberative process and considerations" concerning payments, agreements, or formulary coverage are relevant to the antitrust claims against the Mylan Defendants. (Mot. at 6 (emphasis added).) Most notably, Humana has already produced any agreements between Humana and EAI Drug manufacturers as well as its claims data and formularies. (Ex. 7.) Additional internal documents possessed by Humana would not shed light on the Mylan Defendants' actions or intentions, or the impact of the Mylan Defendants' pricing or the effects of its monopolization. At minimum, any marginal relevance presented by these materials is far outweighed by the burden and expense associated with searching for and producing all internal documents or communications.[4] Accordingly, Class Plaintiffs' Motion to compel production of internal communications and deliberative materials should be denied.

**4.      Class Plaintiffs' Request No. 5 Concerning "Demand" for EAI Drug Devices is Improper.**

Class Plaintiffs seek "[a]ll Documents concerning the actual or potential demand for EAI Drug Devices, collectively or individually." (Ex. 1 at Request 5.) Humana objected on the basis that this request is vague, ambiguous and otherwise unclear as to the precise information sought, including with regard to the term "potential demand" and the phrase "collectively or individually." (Ex. 3 at Request 5.) Class Plaintiffs have offered no clarifications or compromises as to what is sought by this Request. (Pls.' Exs. 5-6.) Moreover, the Mylan

---

[4] Class Plaintiffs' request for post-litigation communications between Humana and Mylan should be rejected for the same reason. (Mot. at 7 n.9.) Such communications are wholly irrelevant to the issues before the Court. To the extent Class Plaintiffs wish to pursue this diversionary avenue of discovery, it should do so with Mylan, a party to the litigation. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty.")

Defendants are far more likely to have information concerning the market for EAI Drug Devices than Humana, if it is not publicly available.  (Ex. 3 at Request 5.)  Class Plaintiffs fail to justify why they require this information from Humana.

5.    **Class Plaintiffs' Request No. 12 Seeks Information Outside of Humana's Possession.**

Class Plaintiffs seek "[a]ll Document concerning the classification or misclassification ***by Mylan*** of its EAI Drug Devices as a non-innovator or generic drug under the Medicaid's Medical Drug Rebate Program."  (Ex. 1 at Request 12 (emphasis added).)  This Request is unduly burdensome, seeks information that is not in Humana's possession and seeks information that is accessible from parties in the litigation.  (Ex. 3 at Request 12.)

Class Plaintiffs do not explain what categories of documents it expects Humana to possess concerning Mylan's actions.  Documents or information concerning Mylan's drug classifications can be requested from the Mylan Defendants.  *See Moon*, 232 F.R.D. at 638; *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.")  Class Plaintiffs are only entitled to discovery that is "proportional" considering, among other factors, the parties' relative access to relevant information and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(1).  At minimum, any marginal benefit associated with documents from Humana is far outweighed by the burden of searching for and producing (i) "all" documents (ii) that are unlikely to be possessed by Humana and (iii) can be obtained from the defendants.  Class Plaintiffs' Motion as to this Request should be denied.

6.    **Humana's Objections Are Otherwise Appropriate.**

Instead of addressing the substance of Humana's objections, Class Plaintiffs argue that Humana's objections should be summarily overruled as "conclusory" or "boilerplate."  (Mot. at

3, 10.)  To the contrary, Humana identified the basis for its objections.  (*See e.g.*, Ex. 3 at Request 4 ("The Request is also not limited to transactions with the Defendants in this action or their competitors . . . ."), Request 7 ("Humana further objects to this Request on the ground that it is vague and ambiguous with regard to the term 'understanding'. . .") and Request 11 ("Class Plaintiffs seek every document covering a ten year period received by Humana from a wide range of entities . . . .").)

Even more incredibly, Class Plaintiffs argue that Humana has somehow acted improperly in identifying specific categories of documents that Humana is willing to search for and produce. (Mot. at 1, 3.)  Humana's efforts to identify non-objectionable portions of the Requests and produce responsive materials are appropriate and in good faith.  *See Sonnino*, 2004 WL 764085, at *5 (noting that responding party appropriately responded to non-objectionable portions of facially overbroad discovery requests under reservation of its objections).  Class Plaintiffs' argument is nothing more than an attempt to downplay the absurdity of its decision to file a Motion to Compel against a non-party that has agreed to produce responsive documents, notwithstanding the blatantly objectionable nature of Class Plaintiffs' Requests.

**V.**  <u>**CONCLUSION**</u>

Humana respectfully requests that the Court enter an order finding that the Court lacks jurisdiction to resolve the Motion; or, alternatively, (1) denying the Motion, (2) allowing Humana a reasonable time to complete its production of non-objectionable materials up to at least May 20, 2018 and (3) awarding such further relief that the Court deems just and proper.

Dated:  March 2, 2018

Respectfully submitted,

By:   /s/Ursula A. Taylor
By Its Attorneys

Ursula A. Taylor
Sandra J. Durkin
Butler Rubin Saltarelli & Boyd LLP
321 North Clark Street
Suite 400
Chicago, IL  60654
312-444-9660

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2018, I electronically filed the foregoing ***Non-Party Humana Inc.'s Memorandum in Response to Class Plaintiffs' Amended Motion to Compel Compliance with Subpoena*** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 2, 2018.


/s/Ursula A. Taylor
By Its Attorneys

Ursula A. Taylor
Sandra J. Durkin
Butler Rubin Saltarelli & Boyd LLP
321 North Clark Street
Suite 400
Chicago, IL  60654
312-444-9660

550874