IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |
| (This Document Applies to All Cases) | |
| UNITED HEALTHCARE SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER CLASS PLAINTIFFS, IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | Case No. 18-mc-205-DDC-TJJ |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on (1) Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party United Healthcare Services, Inc. (ECF No. 206) in Case No. 17-md-2785-DDC-TJJ, and (2) United Healthcare Services, Inc.'s Motion to Quash Plaintiff's Rule 45 Subpoena (ECF No. 1) in Case No. 18-mc-205-DDC-TJJ. Pursuant to Fed. R. Civ. P. 45, Class Plaintiffs seek an order requiring non-party United Healthcare Services, Inc. ("United") to search for and produce documents responsive to Plaintiffs' subpoena served on December 11, 2017. United opposes the motion. Also pursuant to Rule 45, United seeks an

order quashing Class Plaintiffs' subpoena. Class Plaintiffs oppose United's motion. As set forth below, the Court will grant Plaintiffs' motion and deny United's motion.

## I.       Relevant Background

On December 8, 2017, Plaintiffs issued a Rule 45 subpoena to United and served it three days later. Under Rule 45(d)(2)(b), United's deadline for objections was 14 days after service of the subpoena.[1] On December 18, 2017, counsel for United contacted Plaintiffs' counsel to request an extension of the deadlines to serve objections and respond to the subpoena. Counsel agreed to a January 11, 2018 deadline for objections, and to meet and confer ahead of that date to identify potentially responsive documents. Counsel conferred by telephone on January 2 and 10, 2018, but were unable to reach a compromise on any of the requests. On January 11, 2018, United served its objections on Plaintiffs' counsel. Counsel conferred again by telephone on January 25, 2018, exchanged letters in the following days, and continued to be in touch by both email and telephone. On February 7, 2018, United filed a motion to quash the subpoena in the U.S. District Court for the District of Minnesota.[2] On February 14, 2018, Plaintiffs moved to transfer the motion to quash to this district and filed the instant motion. On March 5, 2018, with United's consent, the Minnesota District Court granted Plaintiffs' motion and transferred United's motion to quash to this district.[3]

---

[1] An objection to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2).

[2] Case No. 18-mc-11 PJS/BR4.

[3] Case No. 18-mc-205-DDC-TJJ.

2

The parties have engaged in extensive written and oral communication regarding the subpoena.  Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.    Summary of the Parties' Arguments

The parties raise symmetrical issues and arguments in United's motion to quash and in Plaintiffs' motion to compel.[4]  Plaintiffs contend their subpoena is reasonable and narrowly tailored, and that the Court should overrule United's conclusory and boilerplate objections and require United to produce responsive documents.  United objects that complying with the subpoena would impose undue burden and expense on United, the latter of which should be remedied by requiring Plaintiffs to pay United's cost of compliance.  United also objects to the subpoena as premature and unnecessary.[5]

## III.    Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[6]  Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[7]

---

[4] Because the two motions raise the same issues, the Court will also enter an order denying United's motion to quash for the reasons stated in this order.

[5] United originally objected to this Court's authority to enforce the subpoena because this is not the district in which compliance is sought.  United waived the argument with respect to its motion to quash by consenting to the transfer of the motion to this district.  As the Court presiding over the MDL, this Court has authority to decide the motion to compel.  *E.g., In re Asbestos Prod. Liab. Litig.*, 256 F.R.D. 151, 153-55 (E.D. Penn. 2009).

[6] Fed. R. Civ. P. 45(d)(1).

[7] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party. Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[8] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[9]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[10] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[11] Information still "need not be admissible in evidence to be discoverable."[12] When the discovery sought appears relevant, the party resisting discovery has

---

[8] Fed. R. Civ. P. 45(d)(3)(A).

[9] Fed. R. Civ. P. 45(d)(3)(B).

[10] *In re Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[12] Fed. R. Civ. P. 26(b)(1).

4

the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14]  Relevancy determinations are generally made on a case-by-case basis.[15]

## IV.    Relevancy

Although United does not object to any of the requests on the basis of relevancy, the Court finds it appropriate to examine the relevancy of the requests to afford United the heightened protection a non-party deserves.  Construing relevancy broadly, as the standard directs, the Court finds Plaintiffs' document requests clearly encompass matters that bear on their claims in this case.  Plaintiffs allege Defendants created and exploited an EpiPen monopoly by providing aggressive rebates and incentives to pharmacy benefits managers (PBM), including Optum, to exclude EpiPen competitors from drug formularies.  Plaintiffs describe PBMs as the gatekeepers between drug and medical supply manufacturers on the one hand, and health insurers and patients on the other.  Plaintiffs allege Mylan paid to keep other epinephrine auto-

---

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

injector (EAI) competitors out, with the result being harm to the competitive process to the detriment of both competitors and consumers.

Given Plaintiffs' allegations, the Court finds relevant the categories of requests included in Plaintiffs' subpoena. As Plaintiffs describe these identical requests in arguing another motion to compel, the categories are as follows:

> (i) EAI-related incentives and rebates, EAI formulary placement and decisions, and attendant EAI-related incentive, consideration and cost data and EAI related budgeting, plans and forecasting (Req. Nos. 1, 4, 7, 8, 10, 13 and 14); (ii) the EAI market, and EAI competitive conditions and demand (Req. Nos. 5 and 6); (iii) EAI-related marketing and other presentation materials (Req. No. 11); (iv) and documents sufficient to identify [United]'s employees and divisions with responsibility concerning EAI-related decisions (Req. No. 9). The Subpoena also seeks documents provided to any governmental entity investigating or conducting an EAI or EAI market-related inquiry (including documents concerning Mylan's misclassification of its EAI devices as non-innovator/generic drugs under Medicaid's Medical Drug Rebate Program) (Req. Nos. 2, 3 and 12).[16]

Having found the document requests facially relevant, the Court turns to United's objections.

## V.     United's objection that the requests are overbroad and unduly burdensome

Citing Rule 45's directive that courts must enforce the serving party's obligation to take "reasonable steps to avoid imposing undue burden or expense,"[17] United argues it should be protected from responding to the subpoena. First, United contends the subpoena is premature because Plaintiffs may obtain the subpoenaed information during discovery between the parties

---

[16] Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Optum RX, Inc., ECF No. 198 at 10.

[17] Fed. R. Civ. P. 45(d)(1).

to this lawsuit, thereby obviating the need for Rule 45 discovery. The Court rejects United's characterization of the subpoena as calling for discovery that "will likely duplicate evidence" Plaintiffs will receive from parties.[18] To the extent Plaintiffs seek United's internal communications and deliberations, as well as documents, agreements, and communications with non-party manufacturers, there would be no duplication. In addition, United is not in a position to know what other parties will produce, nor whether a particular document may differ in version or have additions or omissions when coming from two different sources. As a result, the authority United cites is inapposite.

United's second argument is similar, suggesting it would suffer undue burden by having to respond to a subpoena that seeks information the parties to the litigation possess. United concedes, however, that Plaintiffs have agreed to limit their requests to documents Plaintiffs are not able to obtain from another party to this litigation. Because Plaintiffs are seeking only United's internal documents, United has not demonstrated complying with Plaintiffs' requests will cause undue burden.

United next argues that the subpoena is overbroad by virtue of its definitions, which it asserts "would require United to identify and search at least 500 corporate entities (including legacy entities and acquisitions for which gathering electronic information can be difficult) for vast amounts of epinephrine-related information from an eleven-year period."[19] United also objects to each individual request, repeatedly stating that the requested information is more readily available from the parties to the litigation, and that the requests are overly broad, unduly

---

[18] ECF No. 258 at 21.

[19] *Id.* at 25.

burdensome, vague, ambiguous, prohibitively expense, and excessively time-consuming.[20]  In addition, United objects that the following words and phrases are vague and ambiguous: "actual or potential demand," "competitive conditions," "understanding," "other data," "presentation(s)," "educational material," "marketing material," "classification," "misclassification," "budgets," "projections," "forecasts," "plans," "agreements," "guidelines," "policies," "standards," and "clinical or financial analysis or recommendations."[21]

"Whether a subpoena imposes an undue burden upon a respondent raises a case-specific inquiry. It turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[22]  A court is to balance the relevance of the information sought against the burden imposed.[23]  The *Goodyear Tire & Rubber Co.* case goes on to describe the concept of relevancy:

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such

---

[20] ECF No. 258-9.

[21] *Id.*

[22] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.,* 211 F.R.D. 658, 662 (D. Kan. 2003).

[23] *Id.; In re Coordinated Pretrial Proceedings in Petroleum Products Litig.,* 669 F.2d 620, 623 (10th Cir. 1982); *In re Subpoena Duces Tecum Directed To RCA Group,* No. 06–MC–230– JWL–GLR, 2006 WL 3844791, at *3 (D. Kan. Dec. 28, 2006).

> marginal relevance that the potential harm the discovery may cause would
> outweigh the presumption in favor of broad disclosure. Conversely, when
> relevancy is not apparent on the face of the request, the party seeking the
> discovery has the burden to show the relevancy of the request.[24]

As the Court has noted, the scope of discovery under a subpoena is the same as party discovery permitted by Rule 26.[25]  Thus, while the Court recognizes that "[c]ompliance with a subpoena inevitably involves some measure of burden to the producing party, . . . the court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[26]  As with Rule 26 discovery, one objecting to a subpoena has the burden to show compliance would cause undue burden, typically by presenting an affidavit or other evidentiary proof of the time and expense involved in responding to the subpoena.[27]  The affidavit United provides contains nothing more than generalities and truisms (e.g., review "could take weeks," "document reviews can generate significant costs")[28], and does not demonstrate that United will suffer burden and expense complying with the subpoena.

Neither does the Court find the words and phrases quoted above are vague and ambiguous, nor is a request for documents "concerning" or "relating to" a topic (even if the

---

[24] 211 F.R.D. at 663 (internal citations omitted).

[25] *In re Syngenta*, 2017 WL 1106257, at *16 (citing *Schneider,* 2014 WL 4749181, at *2).

[26] *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 WL 566988, at *3 (D. Kan. Feb. 11, 2015) (citations omitted).

[27] *Id.*

[28] ECF No. 258-21 (Declaration of David Yerich, Director of eDiscovery for UnitedHealth Group, Incorporated).  To be fair, the declarant may be unable to provide more specific information when also stated in response to every request that it will not search for or produce documents.  *See* ECF No. 258-9.

request is for "all" documents) facially overbroad or unduly burdensome. United's objections to the individual requests are boilerplate; they state an objection without offering an explanation. In response to United's boilerplate objections, Plaintiffs recount their agreement to limit the formulary and rebate-related requests to United entities with responsive documents related to PMB-related services, and their concomitant request that United provide this information so the parties can negotiate an informed compromise.[29] In spite of Plaintiffs' request, however, United continued to assert their objections without further explanation. The Court finds United's boilerplate objections lack support and do not adequately provide a basis for the Court to grant them.[30]

## VI.    Court review

The Court has reviewed the individual requests to determine relevancy based on the claims and defenses to this action, and to assess whether Plaintiffs have taken reasonable steps to avoid imposing undue burden or expense as required by Rule 45(d)(1).

The Court finds the relevant time period designated by Plaintiffs of January 1, 2007 to the present to be reasonable, as it is coextensive with when Mylan acquired and continues to hold the rights to EpiPen. The Court finds reasonable Plaintiffs' offer to limit the scope of the subpoena's formulary and rebate-related requests to "internal documents relating to the deliberative and decision-making process at United by which a given action or decision is considered, analyzed,

---

[29] *See* ECF No. 206-3.

[30] *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625-26 (D. Kan. 2014) (party asserting unduly burdensome objection has burden to show facts justifying objection by demonstrating time or expense involved is unduly burdensome).

discussed and ultimately decided, with respect to EAI formulary placement or exclusion, and EAI-related rebates, discounts o[r] other price adjustments."[31]

With this limitation, the Court finds no deficiency in each of the fourteen individual requests as written and will enforce the subpoena.

## VII.    Costs

Finally, United asks the Court to order Plaintiffs to pay the costs of compliance if the Court grants the motion to compel and denies the motion to quash.  Although the declaration United submitted in support of the request does not contain specific enough information for the Court to determine the precise costs, the Court is cognizant that compliance with the subpoena may require searches across a number of document custodians.  Plaintiffs have agreed to limit the formulary and rebate-related requests to United entities with responsive documents related to PMB-related services, and have agreed to limit their requests to documents Plaintiffs are not able to obtain from another party to this litigation.  The Court's policy is to deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party.  "[T]he court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[32]

In this instance, Plaintiffs have agreed to limitations on the subpoena, but compliance will still require searches for certain requests from entities other than United because of the

---

[31] ECF No. 206 at 18.

[32] *Booth v. Davis*, No. 10-4010, 2011 WL 2008284, at *7 (D. Kan. May 23, 2011) (citing *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993)).

subpoena's definition.[33]  Accordingly, the Court finds it appropriate for Class Plaintiffs to share in the cost of production and will require Class Plaintiffs to bear 25% of the costs United incurs in timely producing documents responsive to the subpoena.

## VIII.   Motion to Quash

In its motion to quash the subpoena, United relies on the subsections of Rule 45 which require the court to quash or modify a subpoena that (1) fails to allow a reasonable time to comply or (2) subjects a person to undue burden.[34]  The Court has ruled that compliance with the subpoena will not subject United to undue burden.

On the issue of time, the extent of United's argument is that 29 days (the time designated for compliance in the subpoena) is insufficient to respond "to requests that cover more than a decade, apply to hundreds of different unnamed entities, and seek information in every imaginable form."[35]  The Court does not find the argument compelling.   Accordingly, the Court will deny United's motion to quash.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party United Healthcare Services, Inc. (ECF No. 206) in Case No.

---

[33] "'You' and 'Your' shall refer to United Healthcare Services, Inc., and each of its predecessors, subsidiaries, parents, affiliates, and other organizational and operating units of each of them, all past and present directors, officers, employees, agents, representatives, employees, consultants, and attorneys of any of them, all entities acting in joint-venture or partnership relationships with each of them, and others acting on the behalf of each of them." ECF No. 206-1 at 5.  While the Court understands Plaintiffs have placed limitations on certain of their requests, nowhere have they agreed to amend the definition of "you" and "your" for all searches.

[34] Fed. R. Civ. P. 45(d)(3)(A)(i), (iv).

[35] Case No. 18-mc-205-DDC-TJJ, United Healthcare Services, Inc.'s Memorandum in Support of its Motion to Quash Plaintiff's Rule 45 Subpoena (ECF No. 2 at 16 n.6).

17-md-2785-DDC-TJJ, *In Re: Epipen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation* is granted. United shall produce documents responsive to the subpoena within **21 days** of the date of this order. Class Plaintiffs shall bear 25% of the costs of United's timely production.

**IT IS FURTHER ORDERED** that United Healthcare Services, Inc.'s Motion to Quash Plaintiff's Rule 45 Subpoena (ECF No. 1) in Case No. 18-mc-205-DDC-TJJ, *United Healthcare Services, Inc. v, Consumer Class Plaintiffs (In Re: EpiPen Epinephrine Injection USP Marketing, Sales Practices and Antitrust Litigation)* is denied.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2018 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge