# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation**<br><br>**(This Document Applies to All Cases)** | **MDL No: 2785**<br><br>**Case No. 17-md-2785-DDC-TJJ** |

## MEMORANDUM AND ORDER

This matter is before the Court on Class Plaintiffs' Amended Motion to Compel Compliance with Subpoena Directed to Non-Party Humana, Inc. (ECF No. 292). Pursuant to Fed. R. Civ. P. 26 and 45, Class Plaintiffs seek an order requiring non-party Humana, Inc. to search for and produce documents responsive to Plaintiffs' subpoena served on December 11, 2017. Humana opposes the motion. As set forth below, the Court will grant Plaintiffs' motion.

**I.     Relevant Background**

On December 11, 2017, Plaintiffs served a Rule 45 subpoena on Humana. Under Rule 45(d)(2)(b), Humana's deadline for objections was 14 days after service of the subpoena.[1]  On December 22, 2017, counsel for Humana contacted Plaintiffs' counsel to request an extension of the response and production deadlines. Plaintiffs agreed to an extension as long as Humana committed to begin producing responsive materials by January 31, 2018. Humana served its objections on January 17, 2018, and counsel conferred five days later. Plaintiffs state that,

---

[1] An objection to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2).

during the January 22 telephone conference, Humana's counsel confirmed the January 31 rolling production start.[2] Humana does not dispute the statement, but points to a January 29, 2018 telephone conversation during which Plaintiffs agreed to a delay in the start of production in light of Humana's concerns about its HIPAA obligations and members' privacy rights.[3]

Counsel continued to communicate, but as of the date Plaintiffs filed the instant motion, Humana had produced no responsive documents. On March 1, 2018, Humana produced 17 documents relating to six subpoena requests, with no indication whether additional documents exist that are responsive to those requests. Humana has not produced any documents in response to another six requests, nor has it indicated when it will do so.[4]

The parties have engaged in extensive written and oral communication regarding the subpoena. Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.  Summary of the Parties' Arguments

Plaintiffs assert this Court has jurisdiction to decide this motion, while Humana contends the motion should be heard in the Western District of Kentucky, the district that includes the place for compliance. Regarding the merits, Plaintiffs contend all their requests are relevant and Humana should be compelled to produce responsive documents. Humana stands by its

---

[2] ECF No. 282-12 at 2.

[3] ECF No. 282-7 at 2-3.

[4] ECF No. 355 at 2 n.1. Humana made no commitment to produce documents responsive to two of the requests. ECF No. 292 at 6-7.

objections, arguing that collectively they demonstrate the subpoena imposes undue burden and expense on Humana.

## III. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[5] Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[6]

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party.[7] Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[8] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[9]

---

[5] Fed. R. Civ. P. 45(d)(1).

[6] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[7] Humana has not filed a motion to quash the subpoena in this or any other federal district court.

[8] Fed. R. Civ. P. 45(d)(3)(A).

[9] Fed. R. Civ. P. 45(d)(3)(B).

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[10] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[11] Information still "need not be admissible in evidence to be discoverable."[12] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14] Relevancy determinations are generally made on a case-by-case basis.[15]

## IV. Jurisdiction

---

[10] *In re Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[12] Fed. R. Civ. P. 26(b)(1).

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

Plaintiffs assert that as the MDL transferee court, this Court has jurisdiction to rule on their motion to compel. Humana disagrees and although it does not say so directly, hints that the authorities Plaintiffs cite are no longer good law after the 2013 amendment to Rule 45. Prior to the amendment, Rule 45 required that subpoenas issue from the district where compliance was required.[16] The issuing court retained the authority to modify or quash the subpoena.[17] After the 2013 amendment, however, subpoenas must be *issued* from the court where the action is pending,[18] but the authority to *quash* or modify the subpoena remains with "the court for the district where compliance is required."[19] Although transfer of a motion to quash or other subpoena-related motion from the court where compliance is required to the issuing court is permitted in certain circumstances, any such transfer is not initiated by the issuing court.[20]

The language in Rule 45 which assigns enforcement to "the court for the district where compliance is required" refers only to orders quashing or modifying a subpoena.[21] It is no surprise that Rule 45 makes no mention of where a party must file a motion to compel compliance with a Rule 45 document subpoena, as that is determined by another rule. Rule

---

[16] *See* Fed. R. Civ. P. 45(a)(2) (2011) (stating that subpoenas "must issue as follows . . . for production or inspection, . . . from the court for the district where the production or inspection is to be made").

[17] *See* Fed. R. Civ. P. 45(c)(3) (2011) (stating that the "issuing court must quash or modify" subpoenas).

[18] Fed. R. Civ. P. 45(a)(2).

[19] Fed. R. Civ. P. 45(d)(3)(A), (B).

[20] *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court.").

[21] Fed. R. Civ. P. 45(d)(3).

37(a), which applies to motions for an order compelling disclosure or discovery, directs that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken."[22] This language is not new, but has been part of Rule 37 since its inception. Were the Court to decide this issue by looking only to the Federal Rules of Civil Procedure, the Court would deny Plaintiffs' motion without prejudice to its refiling in the Western District of Kentucky.

However, the basis for ruling that an MDL transferee court has authority to rule on a motion to compel in this situation (where a Rule 45 subpoena is issued by the MDL court but compliance is sought in another district) is not Rule 45 or Rule 37. Instead, courts find authority in 28 U.S.C. § 1407, the statute authorizing the MDL Panel to transfer civil actions involving one or more common questions of fact for coordinated pretrial proceedings.[23] Section 1407(b) expressly empowers an MDL court to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions."[24] The statute's remedial purpose of eliminating the potential for conflicting contemporaneous pretrial rulings would be frustrated if the MDL court could not entertain motions to compel. In this case, Class Plaintiffs have served subpoenas on numerous non-parties, each containing the same requests. To enable this Court to fully

---

[22] Fed. R. Civ. P. 37(a)(2).

[23] *E.g., In re Asbestos Prod. Liab. Litig.*, 256 F.R.D. 151, 153-55 (E.D. Penn. 2009); *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 485-86 (E.D. Penn. 2005); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 273-75 (D.D.C. 2002)

[24] 28 U.S.C. § 1407(b). *See also U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006) (describing MDL court's broad powers over nonparty discovery and noting MDL judge acts as judge of deposition or discovery district when using § 1407(b) authority)).

exercise its power under § 1407, it is necessary to assume enforcement powers in relation to these subpoenas. Doing so is also consistent with the transfer order in this case wherein the MDL panel noted that "centralization . . . will eliminate duplicative discovery [and] prevent inconsistent pretrial rulings."[25] As the Court presiding over the MDL, this Court has authority to decide the motion to compel.

## V. Relevancy

Although Humana does not object to any of the requests on the basis of relevancy, the Court finds it appropriate to examine the relevancy of the requests to afford Humana the heightened protection a non-party deserves. Construing relevancy broadly, as the standard directs, the Court finds Plaintiffs' document requests clearly encompass matters that bear on their claims in this case. This is an antitrust, civil RICO, and consumer-protection class action brought on behalf of those who purchased or used the EpiPen, an epinephrine auto-injector ("EAI"). The Complaint's allegations make relevant a number of topics for discovery, including the EAI market, EAI device coverage and formulary placement or exclusion, usage, claims, consumer costs, demand and competitive conditions, and EAI-related payments and costs along the distribution and pharmaceutical supply chain.[26] As Plaintiffs describe it, "[r]elevant discovery subjects also include documents and information related to EAI manufacturer marketing, educational and presentation materials, concerning their and competitor EAI devices

---

[25] ECF No. 1 at 3.

[26] *See, e.g.*, ECF No. 60, ¶¶152-198.

as it is alleged that Mylan engaged in a massive misinformation campaign concerning EpiPen and competitor EAIs directed at the healthcare industry and consumers."[27]

Given Plaintiffs' allegations, the Court finds relevant the categories of requests included in Plaintiffs' subpoena. As Plaintiffs describe their requests, they include: (i) rebate and formulary information, including agreements, communications and other deliberative materials relating to those agreements; and (ii) documents concerning consideration paid or received related to the marketing, distribution, or sale of any EAI Drug Device. *See* Ex. 1, Req. No. 1 (documents regarding rebate or incentive agreements); *id.*, Req. No. 4 (consideration related to marketing, distribution or sale of EAI Drug Devices); *id.*, Req. No. 7 (documents concerning agreements with EAI Drug Device Manufacturers regarding sale, reimbursement, formulary placement, etc.); and *id.*, Req. No. 14 (decision or consideration to include or exclude any EAI Drug Device from formularies).[28]

Having found the document requests facially relevant, the Court turns to Humana's objections.

## VI.     Humana's objections

Citing Rule 45's directive that courts must enforce the serving party's obligation to take "reasonable steps to avoid imposing undue burden or expense,"[29] Humana argues it should be protected from responding to the subpoena. First, Humana argues Plaintiffs' requests are facially

---

[27] ECF No. 292 at 6.

[28] *Id.* at 9. The Court has previously found these same requests relevant when posed to other PBMs. *See* ECF Nos. 645, 647.

[29] Fed. R. Civ. P. 45(d)(1).

8

overbroad because they seek "any" or "all" documents "concerning" broad categories of items in the possession of those who have ever had a "joint venture or partnership relationship" with affiliates of Humana.[30]

Humana's objections to the individual requests are boilerplate; they state an objection without offering an explanation. In response to Humana's boilerplate objections, Plaintiffs point out that Humana recognizes the documents Plaintiffs seek are uniquely within Humana's possession or control.[31] In addition, Plaintiffs have provided Humana with a specific list of data fields to assist in data production, narrowed the relevant time period at Humana's request,[32] and made suggestions where responsive documents may likely be located. The Court finds Humana's boilerplate objections lack support and do not adequately provide a basis for the Court to grant them.[33]

The same applies to Humana's assertion that Plaintiffs' request for communications and deliberative materials are improper. Humana objects to Requests 1, 4, 7, and 14 as overbroad and unreasonable in scope. It offers no explanation for its boilerplate objections. Humana also argues the requests are not likely to lead to the discovery of admissible evidence.

---

[30] ECF No. 316 at 11.

[31] ECF No. 355 at 4.

[32] Plaintiffs agreed to narrow the relevant time period to begin on January 1, 2009. *See* ECF No. 282-6 at 9.

[33] *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625-26 (D. Kan. 2014) (party asserting unduly burdensome objection has burden to show facts justifying objection by demonstrating time or expense involved is unduly burdensome).

"Whether a subpoena imposes an undue burden upon a respondent raises a case-specific inquiry. It turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[34] A court is to balance the relevance of the information sought against the burden imposed.[35] The *Goodyear Tire & Rubber Co.* case goes on to describe the concept of relevancy:

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[36]

As the Court has noted, the scope of discovery under a subpoena is the same as party discovery permitted by Rule 26.[37] Thus, while the Court recognizes that "[c]ompliance with a subpoena inevitably involves some measure of burden to the producing party, . . . the court will

---

[34] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.,* 211 F.R.D. 658, 662 (D. Kan. 2003).

[35] *Id.; In re Coordinated Pretrial Proceedings in Petroleum Products Litig.,* 669 F.2d 620, 623 (10th Cir. 1982); *In re Subpoena Duces Tecum Directed To RCA Group,* No. 06–MC–230–JWL–GLR, 2006 WL 3844791, at *3 (D. Kan. Dec. 28, 2006).

[36] 211 F.R.D. at 663 (internal citations omitted).

[37] *In re Syngenta*, 2017 WL 1106257, at *16 (citing *Schneider,* 2014 WL 4749181, at *2).

not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[38]  As with Rule 26 discovery, one objecting to a subpoena has the burden to show compliance would cause undue burden, typically by presenting an affidavit or other evidentiary proof of the time and expense involved in responding to the subpoena.[39]  Humana offers no affidavit, nor does it otherwise demonstrate that it will suffer undue burden and expense complying with the subpoena.

Next, Humana objects that certain words and terms are vague and ambiguous, including "understanding," "potential demand," and "collectively or individually."  Once again, these objections are boilerplate.  The Court finds Humana's boilerplate objections lack support and do not adequately provide a basis for the Court to grant them.[40]

Finally, Humana objects to producing documents that Plaintiffs can obtain from Defendants.  In addition to this being an improper objection to a subpoena, the Court rejects Humana's unsupported assertion that the subpoena calls for discovery Plaintiffs can otherwise obtain.  To the extent Plaintiffs seek Humana's internal communications and deliberations, as well as documents, agreements, and communications with non-party manufacturers, there would be no duplication.  In addition, Humana is not in a position to know what other parties will

---

[38] *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 WL 566988, at *3 (D. Kan. Feb. 11, 2015) (citations omitted).

[39] *Id.*

[40] *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625-26 (D. Kan. 2014) (party asserting unduly burdensome objection has burden to show facts justifying objection by demonstrating time or expense involved is unduly burdensome).

produce, nor whether a particular document may differ in version or have additions or omissions when coming from two different sources.

The Court overrules Humana's objections.[41]

## VII.  Court review

The Court has reviewed the individual requests to determine relevancy based on the claims and defenses to this action, and to assess whether Plaintiffs have taken reasonable steps to avoid imposing undue burden or expense as required by Rule 45(d)(1).

The Court finds the relevant time period (modified by Plaintiffs at Humana's request) of January 1, 2009 to the present to be reasonable, as it begins two years after Mylan acquired the rights to EpiPen that it continues to hold.  The Court finds reasonable Plaintiffs' offer to limit the scope of the subpoena to documents uniquely within Humana's possession or control, provide Humana with a specific list of data fields to assist in data production, narrow the relevant time period at Humana's request, and make suggestions where responsive documents may likely be located.  The Court will enforce the subpoena.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Amended Motion to Compel Compliance with Subpoena Directed to Non-Party Humana, Inc. (ECF No. 292) is granted. Humana shall produce documents responsive to the subpoena within **21 days** of the date of this order.

---

[41] Humana also contends that by demanding immediate production, Plaintiffs have not allowed a reasonable time to produce responsive documents.  Humana suggests a reasonable date would be May 20, 2018.  With that date behind us, the Court finds this argument moot.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2018 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge