# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation <br><br> (This Document Applies to All Cases) | MDL No: 2785 <br><br> Case No. 17-md-2785-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Change Healthcare, Inc. (ECF No. 462). Class Plaintiffs seek an order requiring Non-Party Change Healthcare to produce documents responsive to Plaintiffs' subpoena served on January 29, 2018. Change Healthcare opposes the motion. As set forth below, the Court will grant Plaintiffs' motion with one modification.

**I.   Relevant Background**

On January 29, 2018, Plaintiffs served a document subpoena on Change Healthcare pursuant to Fed. R. Civ. P. 45. Change Healthcare served objections to the subpoena on February 12, 2018. To date, Change Healthcare has produced no documents responsive to the subpoena.

Plaintiffs and Change Healthcare agree that counsel have conferred by telephone on four occasions and have exchanged letters regarding their clients' respective positions on the subpoena. The Court finds they have complied with the requirements of D. Kan. R. 37.2.

**II.   Summary of the Parties' Arguments**

Plaintiffs argue that Change Healthcare's objections are improper because they are boilerplate and conclusory in nature and do not address the substance of any request. Plaintiffs contend their subpoena is narrowly tailored and seeks relevant documents within Change Healthcare's possession and control. Change Healthcare contends its objections are valid, Plaintiffs are able to obtain the documents they seek from others, the current Protective Order in this case does not provide it with adequate protection, and if the Court orders compliance Plaintiffs should be required to pay Change Healthcare's fees and costs.

## III. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[1] Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[2]

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party.[3] Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the

---

[1] Fed. R. Civ. P. 45(d)(1).

[2] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[3] Change Healthcare has not filed a motion to quash the subpoena in this or any other federal district court.

subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[4] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[5]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[6] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Information still "need not be admissible in evidence to be discoverable."[8] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the

---

[4] Fed. R. Civ. P. 45(d)(3)(A).

[5] Fed. R. Civ. P. 45(d)(3)(B).

[6] *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

burden to show the relevancy of the request.[10] Relevancy determinations are generally made on a case-by-case basis.[11]

IV.     **Relevancy**

Change Healthcare has posed no objection that any of the documents Plaintiffs seek are irrelevant, and has thus waived the objection.[12] As the Court has found with respect to subpoenas Plaintiffs have served on other non-parties containing these same documents requests, relevancy is readily apparent. As an entity that administers the rebate negotiation process for a consortium of twelve state Medicaid programs,[13] the subpoena requests documents in five categories relevant to the core allegations at issue and within Change Healthcare's possession. The categories include the following: (1) EAI-related incentives and rebates, formulary placement and decisions, attendant EAI-related incentive, consideration and cost data, and EAI-related budgeting plans and forecasting; (2) EAI market, competitive conditions, and demand; (3) EAI-related marketing and other presentation materials; (4) identification of Change Healthcare personnel and departments responsible for EAI-related decisions; and (5) documents produced to governmental entities concerning Epipen investigations and litigation. The Court finds the requested documents are relevant to Plaintiffs' claims.

V.      **Change Healthcare's Objections**

---

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[11] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[12] *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").

[13] *See* ECF No. 482 at 3, ECF No. 462 at 2 & n.1.

In its objections, Change Healthcare does not address any of the fourteen individual document requests, but instead states objections to the subpoena in toto. In its response to the instant motion, Change Healthcare argues it was not required to make specific objections because every one of the requests is overly broad on its face, thereby relieving Change Healthcare of "the burden . . . to explain why they should not have to respond. . . . Nothing more was required from Change Healthcare."[14]

Change Healthcare provides little substance with its objections. With respect to its objection that the subpoena is overly broad and unduly burdensome in both time and scope, Change Healthcare asserts (1) a request for documents from 2007 would "require a tedious effort and expensive review of documents to determine their relevance, if any;"[15] (2) "each of the Document Requests covers an extremely broad range of categories;"[16] and (3) the subpoena "appears to call for a tremendous production of documents and does not allow sufficient time for their gathering."[17] With respect to expense, Change Healthcare objects that the "burden and expense of collecting, reviewing, and producing the documents in response to the Subpoena as currently phrased would greatly outweigh any conceivable benefit to the Consumer Class Cases Plaintiffs."[18]

---

[14] ECF No. 482 at 6.

[15] ECF No. 462-7 at 3.

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.* at 5.

As the Court has noted, the scope of discovery under a subpoena is the same as party discovery permitted by Rule 26.[19] Thus, while the Court recognizes that "[c]ompliance with a subpoena inevitably involves some measure of burden to the producing party, . . . the court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[20] As with Rule 26 discovery, one objecting to a subpoena has the burden to show compliance would cause undue burden, typically by presenting an affidavit or other evidentiary proof of the time and expense involved in responding to the subpoena.[21] Change Healthcare offers no affidavit or other form of evidentiary proof to demonstrate that identifying and collecting the subpoenaed data would impose additional costs on Change Healthcare.

Moreover, as Plaintiffs point out, Change Healthcare's objections that the subpoena is overly broad and unduly burdensome are boilerplate; that is, they lack specificity and state an objection to the subpoena as a whole without offering an explanation how each or all of the requests are improper.

Change Healthcare also objects to producing documents that Plaintiffs can obtain from elsewhere. In addition to this being an improper objection to a subpoena, the Court rejects Change Healthcare's unsupported assertion that every document requested by the subpoena calls for discovery Plaintiffs can otherwise obtain. To the extent Plaintiffs seek Change Healthcare's

---

[19] *In re Syngenta*, 2017 WL 1106257, at *16 (citing *Schneider,* 2014 WL 4749181, at *2).

[20] *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 WL 566988, at *3 (D. Kan. Feb. 11, 2015) (citations omitted).

[21] *Id.*

internal communications and deliberations, as well as documents, agreements, and communications with non-party manufacturers, there would be no duplication. In addition, Change Healthcare is not in a position to know what other parties will produce, nor whether a particular document may differ in version or have additions or omissions when coming from two different sources.

Finally, Change Healthcare objects that the subpoena calls for the release of information that Change Healthcare is precluded from disclosing under federal law. The law to which Change Healthcare refers is a provision of the Medicaid Drug Rebate Program ("MDRP"), 42 U.S.C. § 1396r-8. The provision relates to the confidentiality of rebate agreements negotiated between states and drug manufacturers for outpatient drugs covered by Medicaid programs.[22] Under the statute, information may not be disclosed by a contractor with a State agency in "a form which discloses the identity of a specific manufacturer or wholesaler" or the "prices charged for drugs by such manufacturer or wholesaler."[23] While Plaintiffs do not dispute that Change Healthcare is subject to this provision, they argue that because Mylan and Sanofi have consented in the Protective Order[24] to the production of their own confidential information by third parties that may otherwise be protected by the MDRP, the statute no longer confers protection on the intended beneficiaries. Perhaps recognizing the lack of legal authority for their

---

[22] 42 U.S.C. § 1396r-8(b)(3)(D).

[23] *Id.* Certain exceptions are listed, none of which Plaintiffs argue would apply to Change Healthcare. *See id.* ¶¶ (i)-(v).

[24] *See* Third Amended Stipulated Protective Order (ECF No. 556) § 15.3 ("[T]he parties consent to (i) the production of documents and information by third parties regarding EpiPen® Auto-Injector and Auvi-Q® that may otherwise by protected by or subject to 42 U.S.C. § 1396r-8(b)(3)(D). . . .").

7

position, Plaintiffs offer an alternative proposal. Plaintiffs suggest that Change Healthcare be compelled to produce the records in redacted form as follows: "Change could produce documents reflecting its communications or deliberations concerning rebate offers from manufacturers, while redacting the prices charged for drugs and still comply with the statute."[25]

For the most part the Court finds Plaintiffs' alternative proposal sound, particularly in light of the paucity of information Change Healthcare provides in its argument on the issue. As the Court reads the confidentiality provision of the MDRP, however, Change Healthcare must redact both the identity of the manufacturer as well as the prices charged by each manufacturer.[26] Although Mylan and Sanofi have consented to produce their own confidential information, Plaintiffs' subpoena also seeks rebate information pertaining to EAI drug devices manufactured by other pharmaceutical companies. Accordingly, the Court will grant Plaintiffs' motion, but in its production of documents subject to the confidentiality provisions of the MDRP, Change Healthcare shall redact the identities of EAI drug device manufacturers and the prices charged for drugs.

## VI. Costs

Change Healthcare asks the Court to order Plaintiffs to pay the costs of compliance if the Court grants the motion to compel, asserting in a single conclusory statement that non-parties are entitled to their fees and costs associated with subpoenas. Change Healthcare offers no

---

[25] ECF No. 490 at 4 n.3.

[26] 42 U.S.C. § 1396r-8(b)(3)(D).

additional argument, but by way of affidavit states it has incurred over $20,000 in legal fees and costs associated with the subpoena, even though it has not produced a single document.[27]

The Court's policy is to deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party. "[T]he court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[28] In this instance, the Court will hold in abeyance its ruling on costs until Change Healthcare has complied with this order and has submitted an affidavit setting forth the time and expense it has incurred in responding to the subpoenas.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Change Healthcare, Inc. (ECF No. 462) is granted with one modification. In its production of documents subject to the confidentiality provisions of the MDRP, Change Healthcare shall redact the identities of EAI drug device manufacturers and the prices charged for drugs. Change Healthcare shall produce documents responsive to the subpoena within **21 days** of the date of this order.

**IT IS FURTHER ORDERED** that if Change Healthcare intends to pursue its request for costs in connection with responding to the subpoena, it shall submit an appropriate affidavit with supporting documents no later than **10 business days** after it has fully complied with this order.

---

[27] *See* ECF No. 482-2 ¶9.

[28] *Booth v. Davis,* No. 10-4010, 2011 WL 2008284, at *7 (D. Kan. May 23, 2011) (citing *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993)).

**IT IS SO ORDERED.**

Dated this 30th day of July, 2018 in Kansas City, Kansas.

                                              Teresa J. James
                                              U. S. Magistrate Judge