# EXHIBIT B



Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

June 28, 2018

**By Electronic Mail**

Ryan Hudson
Rex A. Sharp, P.A.
5301 W. 75th Street
Prairie Village, KS 66208

Re:    *In Re EpiPen* MDL: Mylan's Responses and Objections to 30(b)(6) Notice

Dear Ryan:

On behalf of the Mylan Defendants, we are writing in further response to Nathan White's June 8, 2018 letter on behalf of all Plaintiffs regarding Mylan's Responses and Objections to Plaintiffs' Notice of 30(b)(6) Deposition, and in follow up to the meet-and-confer we had on this issue on June 19, Nathan's June 20 emails, and the discussions with the Court at the status conference on June 21.

**Objections Applicable to All Topics & Objections to Definitions**
Plaintiffs' June 8 letter asks "whether Mylan is refusing to offer testimony concerning any documents or information it has produced in discovery" based on its assertion of General and Specific Objections.  As we stated in our June 12 letter, the short answer to this question—and one that should be obvious given that Mylan has designated a witness for nearly every topic in Plaintiffs' Notice—is no. Mylan is simply clarifying and reserving certain objections for purposes of the 30(b)(6) depositions, as needed.  Tellingly, Sanofi's own Responses and Objections to the Mylan Defendants' Notice of Rule 30(b)(6) Deposition assert General Objections similar to those about which Plaintiffs complain.  Therefore, we assume that Plaintiffs do not truly have an issue with Mylan's Objections.

**Time Period**
As Plaintiffs are aware, the parties previously agreed to a reciprocal time period for certain discovery of January 1, 2009 through August 23, 2016.  *See* February 21, 2018 letter from E. Hochstadt to K. Zecca (agreeing that Sanofi and Mylan will apply search terms across the same time period). Notwithstanding that agreement, Mylan agreed in its Responses and Objections to All Plaintiffs' Second Set of Coordinated Requests for Production of Documents to provide discovery on limited topics beyond August 23, 2016, on the presumption that Sanofi would provide proportional discovery covering the same time period.  Consistent with that limited modification of the parties' prior agreement, and contingent on an explicit agreement that Sanofi would provide proportional discovery covering the same time period, Mylan's 30(b)(6) designees will be prepared to provide testimony as follows:

- Through a reasonable period prior to the June 22, 2018 service date of the Second Amended Notice of Deposition with respect to Topic 2; and

- Through December 31, 2017 with respect to actual market share and financial statements (if any) as stated in Topics 5 and 6 of the Second Amended Notice.  As with the RFP

responses that Mylan served on June 20, Mylan objects to 30(b)(6) testimony about projections after August 23, 2016.

Mylan otherwise stands on its objection to the time period specified in the Notice, but would be glad to have a more specific meet-and-confer to the extent Plaintiffs maintain that testimony about later time periods for remaining Topics may be relevant.

**Specific Responses and Objections**

Topic 2 – Agreements with Third Party Payors
As we discussed in the meet-and-confer, Mylan commits to preparing in good faith its designee for this Topic, but given the breadth of the Topic as noticed, no witness can possibly be expected to testify as to everything this Topic might cover.  Sanofi's own 30(b)(6) objections from June 22, 2018 make this clear: it "is unduly burdensome and not proportional to the needs of the litigation to expect a corporate designee to be prepared to testify about every document or communication, every person involved . . . and every factor or piece of information considered . . ."

Ultimately, we expect that all parties will be reasonable in conducting their 30(b)(6) examinations. Moreover, there is nothing to contest at this time; Mylan has designated a witness for Topic 2.  If Plaintiffs conduct a reasonable examination at the deposition with this in mind, then there should be no disputes.  But whether that happens necessarily will depend on the questions that are asked at the deposition and the context in which the examination is conducted.  Thus, Mylan is not "refusing to offer testimony regarding any of its specific negotiations and/or agreements with Third Party Payors relating to EAI Drug Devices," but—like Sanofi—is simply reserving all rights with respect to the overbreadth of Topic 2.  The parties should address any further issues that may arise during the deposition in the normal course.

Topics 3, 4, and 6 – Competitive Landscape for EAI Devices, Pricing Decisions, and Financial Statements and Projections
Our position as to these Topics is the same as Topic 2:  Mylan likewise commits in good faith to preparing its designee for these Topics.  However, given the breadth of the Topics as written, Mylan reserves all rights in this regard depending on what questions may be asked.  The parties can address any issues that may arise during the deposition in the normal course.

Topic 8 – EpiPen4Schools® Program
As above, Mylan commits in good faith to preparing its designee for this Topic, with one exception: Mylan continues to object to Plaintiffs' request for testimony regarding "the number of schools participating in the program" and "the number of schools that have signed a certification form . . ." These are data requests that are more appropriately addressed through written discovery.  A 30(b)(6) deposition is not a memory test, and Mylan's designee cannot reasonably be expected to memorize these precise data points under penalty of perjury.   As Mylan stated in its Responses and Objections, it will produce Roger Graham to provide non-privileged testimony concerning information reasonably available to Mylan regarding Topic 8.

Topic 11 – Statements to the Government
As Mylan said in its Response and Objection to Topic 11, Mylan will prepare its designee to provide non-privileged testimony concerning its presentations, statements, or speeches to Congress that are specifically referenced in the Complaints in this litigation.  To the extent Plaintiffs contend that there are other presentations, statements, or speeches they would like Mylan to produce a witness to testify about, Mylan has been and remains ready to meet and confer with Plaintiffs.

Plaintiffs' contention that Mylan's 30(b)(6) Notice to Sanofi "seeks essentially the same testimony" as Plaintiffs request in Topic 11 is not accurate. As explained in Mylan's correspondence from Phil Sechler dated May 25, 2018, and acknowledged in Sanofi's Responses and Objections to Mylan's Rule 30(b)(6) notice served June 22, 2018, Mylan's notice does not seek *any* communication to *any* federal entity regarding the products at issue. Instead, Mylan seeks only communications made in the context of governmental investigations into pricing and rebates—the very practices at issue in this litigation.

Topic 12 – Factual Bases for Mylan's Answer and Defenses & Non-Coordinated Topic 1

In your June 8 letter, Plaintiffs "demand[ed]" that Mylan "amend its 30(b)(6) Notice to Sanofi to withdraw Topic 28" or otherwise "withdraw its inconsistent objection(s)" to Coordinated Topic 12 and Non-Coordinated Topic 1. In response, we stated in our June 12 letter that we would agree to withdraw Topic 28 from Mylan's 30(b)(6) Notice to Sanofi "in exchange for Sanofi agreeing to drop Coordinated Topic 12 and Topic 1 of the Non-Coordinated Subject Matter Area" as proposed. Thereafter, however, in a June 20 email from Nathan White, Plaintiffs reneged on their own proposal, offering instead to narrow Topics 12 and Non-Coordinated Topic 1. Mr. White's email also stated that Plaintiffs "understand that Mylan has agreed to withdraw Topic 28 of its 30(b)(6) deposition notice to Sanofi"—even though Plaintiffs were no longer willing to do the same.

Plaintiffs' change of position on this issue is improper, and the statement in Mr. White's email is incorrect. Mylan's agreement to withdraw Topic 28 from its Notice to Sanofi was, obviously, based on an assumption that Plaintiffs would reciprocate by withdrawing Coordinated Topic 12 and Non-Coordinated Topic 1, as stated in Plaintiffs' June 8 letter. We assume that since this was Plaintiffs' proposal in the first place, Plaintiffs therefore will agree to withdraw Coordinated Topic 12 and Non-Coordinated Topic 1 in exchange for Mylan withdrawing Topic 28 of its Notice. If for some reason Plaintiffs are no longer willing to abide by their prior proposal, please let us know why. We will then consider how best to proceed.

Topic 13 – Consumer Preferences

As Mylan explained in its Responses and Objections, Plaintiffs' request for testimony on all "communications . . . regarding consumer preferences in the market for EAI Drug Devices" is grossly overbroad, unduly burdensome, and not proportional to the needs of the case. As written, this Topic could encompass conversations that Mylan employees had with anyone—literally—about consumer preferences for EAIs. Mylan obviously cannot be expected to prepare a corporate representative to testify as to all such communications. Plaintiffs' contention that Mylan's 30(b)(6) Notice to Sanofi similarly "seeks testimony on all 'communications' for numerous Topics," ignores that Mylan's Topics placed parameters around the communications at issue. Topic 1, for example, specifies that the relevant communications were those "*with kaleo or anyone involved in the negotiation of Sanofi's license of rights to Auvi-Q.*" Similarly, Topic 3 narrows the communications sought to those "*with pricing services (e.g., First Data Bank, MediSpan, RedBook)*" relate to Auvi-Q. As previously stated, therefore, Mylan will produce Roger Graham to provide non-privileged testimony concerning Mylan's focus group results, market research results, surveys, and presentations regarding consumer preferences relating to epinephrine auto-injectors. To the extent Plaintiffs are amenable to narrowing their request for "all communications" in connection with Topic 13, Mylan would be happy to meet and confer with Plaintiffs on that issue. As a practical matter, however, we expect that Plaintiffs will ask reasonable questions in the deposition and, as above, suggest that the parties address any issues that may arise during the deposition in the normal course.

Topic 14 – Interrogatory Responses

As Mylan stated in its Responses and Objections, Mylan is "not refusing to offer testimony"; Mylan has designated Roger Graham on this Topic.

- 4 -                                                                                                    June 28, 2018

Topic 15 – RFA Responses

In an email from Mr. White on June 20, Plaintiffs agreed to limit Topic 15 to RFA Nos. 5, 7, 13, 17, 19-23, 31, 45, 48, and 50.  Mylan continues to believe it is improper to materially expand the number of 30(b)(6) topics by adding a catch-all Topic for responses to certain Requests for Admission. Nonetheless, and without waiver of this concern, Mylan responds as follows:

- Mylan agrees to produce Roger Graham to testify as to Mylan's responses to RFA Nos. 7, 13, and 17, but only as to relevant facts underlying those RFAs, not the ultimate legal issues posed by these RFAs.

- Mylan reads RFA Nos. 19-23 and 31 as falling within Topic 2 of Plaintiffs' 30(b)(6) Notice, and therefore will produce Jeff May to testify as to Mylan's responses to these RFAs, as Mylan previously indicated when it designated Mr. May on Topic 2.

- Mylan reads RFA No. 45 as falling within Topic 9 of Plaintiffs' 30(b)(6) Notice, and therefore will produce Roger Graham to testify as to Mylan's responses to this RFA, as Mylan previously indicated when it designated Mr. Graham on Topic 9.

- Mylan reads RFA No. 48 as falling within Topic 7 of Plaintiffs' 30(b)(6) Notice, and therefore will produce Roger Graham to testify as to Mylan's responses to this RFA, as Mylan previously indicated when it designated Mr. Graham on Topic 7.

- Mylan agrees to produce Roger Graham to testify as to Mylan's responses to RFA Nos. 5 and 50, but only as to relevant facts underlying those RFAs, not the ultimate legal issues posed by these RFAs.

Sincerely,

*/s/ Adam K. Levin*

Adam K. Levin
Partner
adam.levin@hoganlovells.com
D (202) 637-6846