# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No: 2785 |
| | Case No. 17-md-2785-DDC-TJJ |
| (This Document Applies to All Cases) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Kaiser Foundation Hospitals (ECF No. 432) and Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Kaiser Health Plan, Inc. (ECF No. 433). Pursuant to Fed. R. Civ. P. 26 and 45, Class Plaintiffs seek an order requiring non-parties Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (collectively "Kaiser")[1] to search for and produce documents responsive to Plaintiffs' subpoenas served on December 8, 2017. Kaiser opposes the motion. As set forth below, the Court will grant Plaintiffs' motion.

## I.      Relevant Background

On December 8, 2017, Plaintiffs served Rule 45 subpoenas on Kaiser Foundation Hospitals ("KFH") and Kaiser Foundation Health Plan, Inc. ("KFHP"). Both non-parties timely

---

[1] Both Kaiser entities filed a joint response to Plaintiffs' separate motions, and Plaintiffs' single reply is in support of both motions. As the issues are identical, the Court rules both motions in this order and refers to Kaiser in the singular.

served objections, and the Court granted Class Plaintiffs' requests to extend the deadline to file the instant motion. On February 21, 2018, Mylan served subpoenas on KFH and KFHP, and the following day Plaintiffs and Kaiser met and conferred. Class Plaintiffs agreed that addressing the multiple subpoenas cooperatively and coextensively to the extent possible may resolve disputes, and on March 8, 2018, counsel for Class Plaintiffs, Kaiser, and Mylan met and conferred. Class Plaintiffs represent that on March 19, 2018, pursuant to agreement, Class Plaintiffs and Mylan provided information Kaiser requested. However, as of the time Class Plaintiffs filed the instant motion, Kaiser had not produced any responsive documents.

Kaiser later produced some documents.[2] Indeed, in its response Kaiser asserts it searched for and produced documents to the extent that only two issues remain unresolved. Class Plaintiffs disagree their differences have been narrowed quite so much.

Class Plaintiffs and Kaiser have engaged in extensive written and oral communication regarding the subpoenas. Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.    Summary of the Parties' Arguments

Class Plaintiffs assert this Court has jurisdiction to decide this motion, while Kaiser contends the motion should be heard in the Northern District of California, the district that includes the place for compliance. Regarding the merits, Plaintiffs contend all their requests are relevant and Kaiser should be compelled to produce responsive documents. Kaiser argues the

---

[2] Kaiser requested numerous extensions of time to respond to Class Plaintiffs' motions, each time citing counsel's ongoing efforts to resolve their disputes. The Court granted each such request. Although not all disputes were resolved, it appears counsel effectively used that time to continue meeting and conferring.

requests that remain in dispute are overly burdensome and, if this Court does exercise jurisdiction and grants Plaintiffs' motion, Plaintiffs should be ordered to pay Kaiser's costs of compliance.

## III. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[3] Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[4]

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party.[5] Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[6] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or

---

[3] Fed. R. Civ. P. 45(d)(1).

[4] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[5] Kaiser has not filed a motion to quash the subpoena in this or any other federal district court.

[6] Fed. R. Civ. P. 45(d)(3)(A).

other confidential research, development, or commercial information."[7]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[8]  In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena.  Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[9]  Information still "need not be admissible in evidence to be discoverable."[10]  When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[11]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[12]  Relevancy determinations are generally made on a case-by-case basis.[13]

---

[7] Fed. R. Civ. P. 45(d)(3)(B).

[8] *In re Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[9] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[10] Fed. R. Civ. P. 26(b)(1).

[11] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[12] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[13] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

**IV.     Jurisdiction**

Plaintiffs assert that as the MDL transferee court, this Court has jurisdiction to rule on their motion to compel.  Kaiser disagrees and contends the process for seeking discovery from non-parties was overhauled by the 2013 amendment to Rule 45.  Prior to the amendment, Rule 45 required that subpoenas issue from the district where compliance was required.[14]  The issuing court retained the authority to modify or quash the subpoena.[15]  After the 2013 amendment, however, subpoenas must be *issued* from the court where the action is pending,[16] but the authority to *quash* or modify the subpoena remains with "the court for the district where compliance is required."[17]  Although transfer of a motion to quash or other subpoena-related motion from the court where compliance is required to the issuing court is permitted in certain circumstances, any such transfer is not initiated by the issuing court.[18]

As Kaiser points out, when the responding party serves timely objections to the subpoena, the serving party "may move the court for the district where compliance is required

---

[14] *See* Fed. R. Civ. P. 45(a)(2) (2011) (stating that subpoenas "must issue as follows . . . for production or inspection, . . . from the court for the district where the production or inspection is to be made").

[15] *See* Fed. R. Civ. P. 45(c)(3) (2011) (stating that the "issuing court must quash or modify" subpoenas).

[16] Fed. R. Civ. P. 45(a)(2).

[17] Fed. R. Civ. P. 45(d)(3)(A), (B).

[18] *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court.").

for an order compelling production or inspection."[19]  Were the Court to decide this issue by looking only to the Federal Rules of Civil Procedure, the Court would deny Plaintiffs' motion without prejudice to its refiling in the Northern District of California.  However, the basis for ruling that an MDL transferee court has authority to rule on a motion to compel in this situation (where a Rule 45 subpoena is issued by the MDL court but compliance is sought in another district) is not Rule 45 or Rule 37.  Instead, courts find authority in 28 U.S.C. § 1407, the statute authorizing the MDL Panel to transfer civil actions involving one or more common questions of fact for coordinated pretrial proceedings.[20]  Section 1407(b) expressly empowers an MDL court to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions."[21]  The statute's remedial purpose of eliminating the potential for conflicting contemporaneous pretrial rulings would be frustrated if the MDL court could not entertain motions to compel.  In this case, Class Plaintiffs have served subpoenas on numerous non-parties, each containing the same requests.  To enable this Court to fully exercise its power under § 1407, it is necessary to assume enforcement powers in relation to these subpoenas.  Doing so is also consistent with the transfer order in this case wherein the MDL panel noted that "centralization . . . will eliminate duplicative discovery [and] prevent inconsistent pretrial

---

[19] Fed. R. Civ. P. 45(d)(2)((B)(i).  *See also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to [compel] a nonparty must be made in the court where the discovery is or will be taken.").
[20] *E.g., In re Asbestos Prod. Liab. Litig.*, 256 F.R.D. 151, 153-55 (E.D. Penn. 2009); *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 485-86 (E.D. Penn. 2005); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 273-75 (D.D.C. 2002).

[21] 28 U.S.C. § 1407(b).  *See also U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006) (describing MDL court's broad powers over nonparty discovery and noting MDL judge acts as judge of deposition or discovery district when using § 1407(b) authority)).

rulings."[22]  As the Court presiding over the MDL, this Court has authority to decide the motion to compel.[23]

## V.  Relevancy

Kaiser objected to every document request on the basis of relevancy, but in its response to Plaintiffs' motion it offers no argument in support of the objection.  However, the Court finds it appropriate to examine the relevancy of the requests to afford Kaiser the heightened protection a non-party deserves.  Construing relevancy broadly, as the standard directs, the Court finds Plaintiffs' document requests clearly encompass matters that bear on their claims in this case. This is an antitrust, civil RICO, and consumer-protection class action brought on behalf of those who purchased or used the EpiPen, an epinephrine auto-injector ("EAI"). The Complaint's allegations make relevant a number of topics for discovery, including the EAI market, EAI device coverage and formulary placement or exclusion, usage, claims, consumer costs, demand and competitive conditions, and EAI-related payments and costs along the distribution and pharmaceutical supply chain.[24]  As Plaintiffs correctly note, the Court has previously ruled on the relevance of Plaintiffs' identical subpoenas and found the document requests seek matters relevant to this action.  Kaiser has put forth no argument that compels a different conclusion.

Given Plaintiffs' allegations, the Court finds relevant the categories of requests included in Plaintiffs' subpoena.  As Plaintiffs describe their requests, they include: (i) EAI-related

---

[22] ECF No. 1 at 3.

[23] Kaiser recognizes the Court made the same analysis and reached the same conclusion in a previous order in this case regarding non-party Humana, Inc.  *See* ECF No. 687.  Kaiser urges the Court to reconsider its ruling.  The Court declines to do so.

[24] *See, e.g.*, ECF No. 60, ¶¶152-198.

incentives and rebates, EAI formulary placement and decisions, and attendant EAI-related incentive, consideration and cost data and EAI related budgeting, plans and forecasting (Req. Nos. 1, 4, 7, 8, 10, 13 and 14); (ii) the EAI market, and EAI competitive conditions and demand (Req. Nos. 5 and 6); (iii) EAI related marketing and other presentation materials (Req. No. 11); (iv) and documents sufficient to identify Kaiser's employees and divisions with responsibility concerning EAI-related decisions (Req. No. 9). The Subpoena also seeks documents provided to any governmental entity investigating or conducting an EAI or EAI market-related inquiry (including documents concerning Mylan's misclassification of its EAI devices as non-innovator/generic drugs under Medicaid's Medical Drug Rebate Program (Req. Nos. 2, 3 and 12).[25]

Having found the document requests facially relevant, the Court turns to Kaiser's objections.

## VI.    Kaiser's objections

Citing Rule 45's directive that courts must enforce the serving party's obligation to take "reasonable steps to avoid imposing undue burden or expense,"[26] Kaiser argues it should be protected from responding to the remaining items in dispute. First, Kaiser argues that Plaintiffs' remaining requests would place an undue burden on Kaiser by requiring significant additional expenditures of resources for Kaiser to obtain and produce responsive documents.

"Whether a subpoena imposes an undue burden upon a respondent raises a case-specific inquiry. It turns on such factors as relevance, the need of the party for the documents, the breadth

---

[25] ECF Nos. 432, 433 at 4-7.

[26] Fed. R. Civ. P. 45(d)(1).

of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[27] A court is to balance the relevance of the information sought against the burden imposed.[28] The *Goodyear Tire & Rubber Co.* case goes on to describe the concept of relevancy:

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[29]

As the Court has noted, the scope of discovery under a subpoena is the same as party discovery permitted by Rule 26.[30] Thus, while the Court recognizes that "[c]ompliance with a subpoena inevitably involves some measure of burden to the producing party, . . . the court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or

---

[27] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.,* 211 F.R.D. 658, 662 (D. Kan. 2003).

[28] *Id.; In re Coordinated Pretrial Proceedings in Petroleum Products Litig.,* 669 F.2d 620, 623 (10th Cir. 1982); *In re Subpoena Duces Tecum Directed To RCA Group,* No. 06–MC–230–JWL–GLR, 2006 WL 3844791, at *3 (D. Kan. Dec. 28, 2006).

[29] 211 F.R.D. at 663 (internal citations omitted).

[30] *In re Syngenta*, 2017 WL 1106257, at *16 (citing *Schneider,* 2014 WL 4749181, at *2).

subjects it to some expense."[31]  As with Rule 26 discovery, one objecting to a subpoena has the burden to show compliance would cause undue burden, typically by presenting an affidavit or other evidentiary proof of the time and expense involved in responding to the subpoena.[32]  Kaiser offers an affidavit, but the affidavit primarily describes Kaiser's inability to produce responsive documents because it does not track information Plaintiffs have requested.  If Kaiser simply does not have within its possession or control certain responsive documents, no objection is necessary.  In only two instances does the affidavit provide an estimate for the additional time it would take for Kaiser to obtain and produce the requested documents.  The Court finds Kaiser has not demonstrated that it will suffer undue burden and expense in complying with the remaining document requests.

Kaiser's other objections to the individual requests are boilerplate; they state an objection without offering an explanation.  In response, Plaintiffs assert they have negotiated in good faith to explain precisely what information they are seeking and to more narrowly tailor their requests, but Kaiser has not made a concrete proposal to minimize the burden it alleges.  The Court finds Kaiser's boilerplate objections lack support and do not adequately provide a basis for the Court to grant them.[33]

---

[31] *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 WL 566988, at *3 (D. Kan. Feb. 11, 2015) (citations omitted).

[32] *Id.*

[33] *See Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625-26 (D. Kan. 2014) (party asserting unduly burdensome objection has burden to show facts justifying objection by demonstrating time or expense involved is unduly burdensome).

The Court overrules Kaiser's objections.[34]

## VII. Costs

Kaiser asks the Court to order Class Plaintiffs to pay the costs of compliance if the Court grants the motion to compel, asserting it will incur significant costs if it is required to review emails from three individuals who are responsible for EAI contracting. By way of affidavit, Kaiser states it will incur nearly $25,000 in legal fees to perform such work.[35] Kaiser acknowledges its costs will lessen if Plaintiffs propose more targeted search terms. Plaintiffs assert they have proposed additional search terms.

The Court's policy is to deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party. "[T]he court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[36] In this instance, the Court will hold in abeyance its ruling on costs until Kaiser has complied with this order and has submitted an affidavit setting forth the time and expense it has incurred in responding to the subpoenas.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Kaiser Foundation Hospitals (ECF No. 432) and Class

---

[34] Kaiser filed as a motion its document entitled "Non-Parties Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospital's Objection to New Arguments in Plaintiffs' Reply and Request for Leave to File a Surreply" (ECF No. 743). The local rules of this court do not provide for the filing of surreplies, and Kaiser does not demonstrate that Plaintiffs' reply raises new arguments outside the scope of their opening brief. Accordingly, the Court will deny Kaiser's motion.

[35] *See* ECF No. 704.

[36] *Booth v. Davis,* No. 10-4010, 2011 WL 2008284, at *7 (D. Kan. May 23, 2011) (citing *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993)).

Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Kaiser Health Plan, Inc. (ECF No. 433) are granted. Kaiser shall produce documents responsive to the subpoena within **21 days** of the date of this order.

**IT IS FURTHER ORDERED** that if Kaiser intends to pursue its request for costs in connection with responding to the subpoenas, it shall submit an appropriate affidavit with supporting documents no later than **10 business days** after it has fully complied with this order.

**IT IS FURTHER ORDERED** that Non-Parties Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospital's Objection to New Arguments in Plaintiffs' Reply and Request for Leave to File a Surreply (ECF No. 743) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2018 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge