IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to All Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Collective Motion to Compel Discovery from Mylan and Sanofi Aventis U.S. LLC's Motion for a Protective Order (ECF No. 880) and The Mylan Defendants' Brief Regarding Sanofi's Production of Post-August 2016 Materials, Objection to Plaintiffs' Notice of 30(b)(6) Deposition, and Objection to Request for Production 75 (ECF No. 883). The parties simultaneously submitted these briefs at the Court's direction following a discovery status conference in this case. Pursuant to Fed. R. Civ. P. 37, Sanofi and Class Plaintiffs collectively move for an order compelling Mylan to (1) provide 30(b)(6) testimony on post-2016 conduct related to EpiPen and (2) produce documents sufficient to show EpiPen's projected market shares and rebates from 2016-2025 in response to All Plaintiffs' Second Set of Coordinated Document Request No. 75. In addition, Sanofi moves for a protective order under Fed. R. Civ. P. 26(c) to bar Mylan's request for post-2016 documents related to four Sanofi products. Mylan resists Plaintiffs' motion to compel and urges the Court to require Sanofi to produce the post-2016 documents Mylan seeks. As set forth below, the

Court will grant in part and deny in part the relief all Plaintiffs seek in their motion to compel, and will grant Sanofi's motion for a protective order.

## I. Relevant Background

The parties raised these issues during the August 9, 2018 discovery status conference. They arise from the parties' negotiations concerning the scope of testimony Mylan would agree to offer in response to certain of the topics in Plaintiffs' 30(b)(6) notice, Mylan's response to an RFP from all Plaintiffs, and Mylan's request that Sanofi produce post-August 2016 information regarding Sanofi's four insulin drugs. Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II. Plaintiffs' Motion to Compel

Following service by Mylan of its responses and objections to Plaintiffs' Notice of 30(b)(6) Deposition, counsel conferred about and resolved some issues. What remains in dispute is whether Mylan's designees will provide testimony on certain subjects for the entire time period Plaintiffs specified in their notice, i.e., January 1, 2009 to the present. The topics at issue are numbers 2, 3, 5, 6, and 8.[1] Mylan argues the time period should end on August 23, 2016, that testimony for any later time is irrelevant, and that if the Court grants Plaintiffs' request Mylan would also be entitled to reciprocal discovery from Sanofi for the same time frame.

Plaintiffs assert that post-2016 testimony is relevant to show how Mylan changed its commercial practices once Sanofi's Auvi-Q left the EAI market, and they reject the notion that a decision on their motion should be dependent on Mylan obtaining reciprocal discovery from Sanofi.

---

[1]*See* ECF No. 883-1 at 5-6.

The Court agrees that Mylan's 30(b)(6) designees should be prepared to testify on topic numbers 2, 3, 5, 6, and 8 with information from January 1, 2009 to the present. For the reasons Plaintiffs cite, the information is relevant. The Court will not condition this ruling on Sanofi making reciprocal discovery because the basis for the ruling does not support Mylan's request. Moreover, the 30(b)(6) notice was served by all Plaintiffs, and Class Plaintiffs would be unable to comply with an order directed to Sanofi. Plaintiffs' motion to compel is granted with respect to Rule 30(b)(6) testimony for topic numbers 2, 3, 5, 6, and 8.

Plaintiffs also seek to discover Mylan's projected EAI device market shares and rebates through 2025, which they seek in RFP No. 75. Mylan objected on the grounds of relevance, and argues projections it created after Sanofi left the market are predicated on a different set of business assumptions and are therefore relevant. Plaintiffs contend the information is relevant to show how Mylan has returned to the allegedly monopolistic behavior they engaged in while Sanofi was marketing Auvi-Q, and that they need this information to prepare for expert discovery.

Plaintiffs do not explain why they chose 2025 as the length of projections they seek, and the Court finds no readily apparent basis for that choice. The Court notes also that Mylan has offered and shall provide its actual rebates and market shares for EAI drug devices in 2017. Plaintiffs' real concern seems to be that Mylan will challenge Plaintiffs' damages models on the basis that the models incorporate Mylan's pre-2017 projections, leaving Class Plaintiffs shorthanded. The undersigned Magistrate Judge is confident the District Judge will ably handle the issue if and when it arises. Failing to find the relevancy in Plaintiffs' RFP 75, the Court denies Plaintiffs' motion to compel with respect to that request.

### III. Sanofi's Motion for Protective Order

Sanofi moves for an order barring Mylan's request for the reciprocal information referred to above, that is, post-August 2016 final rebate agreements and documents sufficient to show formulary coverage, rebates, and market share in 2017 for Sanofi's four insulin drugs (Apidra, Lantus, Soliqua, and Toujeo). Mylan's primary argument is that Sanofi should produce this information under the "goose/gander rule."[2] Sanofi argues Mylan is essentially seeking reconsideration of the Court's April 2, 2018,[3] but is out of time to do so. Mylan contends the post-August 2016 information is relevant for the same reasons the Court ordered such discovery in the first place, but what Mylan quotes as the Court's "reasons" was actually Mylan's argument to obtain documents related to twelve Sanofi products that the Court rejected in part.

Mylan has failed to demonstrate the relevancy of the request. It is not reciprocal, as this case contains no claims challenging Sanofi's conduct in the insulin market. The Court issues a protective order barring Mylan's request that Sanofi produce post-August 2016 final rebate agreements and documents sufficient to show formulary coverage, rebates, and market share in 2017 for Apidra, Lantus, Soliqua, and Toujeo.

IT IS HEREBY ORDERED that Plaintiffs' Collective Motion to Compel Discovery from Mylan and Sanofi Aventis U.S. LLC's Motion for a Protective Order (ECF No. 880) is granted in part and denied in part. Plaintiffs' Motion to Compel is granted with respect to Rule 30(b)(6) testimony for topic numbers 2, 3, 5, 6, and 8. Plaintiffs' Motion to Compel is denied with respect to RFP 75. Sanofi's Motion for Protective Order is granted.

**IT IS SO ORDERED.**

---

[2] ECF No. 883 at 3.

[3] ECF No. 435.

Dated this 21st day of September, 2018 in Kansas City, Kansas.

                                      Teresa J. James
                                      U. S. Magistrate Judge