## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>**This Document Relates to Consumer Class Case** | 2:17-md-2785<br>MDL 2785 |

### ANSWER AND AFFIRMATIVE DEFENSES OF THE MYLAN DEFENDANTS TO CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Mylan N.V.; Mylan Specialty L.P.; Mylan Pharmaceuticals, Inc.; and Heather Bresch (collectively, "Mylan"), by and through their attorneys, Hogan Lovells US LLP, hereby answer the Consolidated Class Action Complaint ("Complaint") as follows:

### INTRODUCTION[1]

1.      Mylan admits that Plaintiffs purport to seek an injunction and damages, but denies that they are entitled to any relief. Mylan denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains argument and rhetoric to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 2.[2]

3.      Mylan denies the allegations in Paragraph 3.

4.      Mylan denies the allegations contained in Paragraph 4.

---

[1]      To the extent that any of the Complaint's headings or footnotes constitutes factual allegations, Mylan specifically denies each and every one of them.

[2]      Plaintiffs incorrectly list in n.1 of the Complaint a number of products that they assert are subject to their claims.  The only Mylan EpiPen products on the market are the EpiPen® Auto-Injector and EpiPen® Jr Auto-Injector, as well as Mylan's own authorized generic versions of these products that were introduced on December 16, 2016.  The other items referenced by Plaintiffs are not EpiPen devices at all; they are advertising campaigns and slogans (e.g., "Be Prepared®," "LIFE HAPPENS®, and "Never-See-Needle®"); a program that distributes information via e-mail about EpiPen products ("My EpiPen®"); and a program through which Mylan has provided more than one million free EpiPen products to more than 77,000 schools across the country ("EpiPen4Schools®").

5.      Mylan denies the allegations contained in Paragraph 5.

6.      Mylan denies the allegations contained in Paragraph 6.

7.      Mylan admits that the article "Mylan Faces U.S. Antitrust Investigation on EpiPen Practices" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations in Paragraph 7.

8.      Mylan denies the allegations contained in Paragraph 8.

9.      Mylan admits that Plaintiffs purport to seek damages, trebled under federal antitrust laws, attorneys' fees, costs, punitive damages, and injunctive relief under the federal antitrust laws and various state consumer protection and antitrust laws, but denies that Plaintiffs are entitled to any relief.

## PARTIES

10.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 10, and therefore denies the same.

11.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 11, and therefore denies the same.

12.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 12, and therefore denies the same.

13.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 13, and therefore denies the same.

14.     Denied. Plaintiff Bredek voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

15.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 15, and therefore denies the same.

16.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 16, and therefore denies the same.

17.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 17, and therefore denies the same.

18.    Denied.  Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.

19.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 19, and therefore denies the same.

20.    Denied.  Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action.

21.    Denied.  Plaintiff Fernandez voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

22.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 22, and therefore denies the same.

23.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 23, and therefore denies the same.

24.    Denied.  Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.

25.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 25, and therefore denies the same.

26.    Denied.  Plaintiff Anderson voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.

27.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 27, and therefore denies the same.

28.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 28, and therefore denies the same.

29.    Denied.  Plaintiff McDaniel voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.

30.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 30, and therefore denies the same.

31.    Denied.  Plaintiff Montet voluntarily dismissed her claims on May 14, 2018 and is no longer a Plaintiff in this action.

32.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 32, and therefore denies the same.

33.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 33, and therefore denies the same.

34.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 34, and therefore denies the same.

35.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 35, and therefore denies the same.

36.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 36, and therefore denies the same.

37.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 37, and therefore denies the same.

38.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 38, and therefore denies the same.

39.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 39, and therefore denies the same.

40.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 40, and therefore denies the same.

41.    Denied.  Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

42.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 42, and therefore denies the same.

43.    Denied.  Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

44.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 44, and therefore denies the same.

45.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 45, and therefore denies the same.

46.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 46, and therefore denies the same.

47.    Denied.  Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

48.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 48, and therefore denies the same.

49.     Denied.  Plaintiff James voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

50.     Denied.  Plaintiff Smith voluntarily dismissed his claims on February 7, 2018 and is no longer a Plaintiff in this action.

51.     Denied.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

52.     Denied.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.

53.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 53, and therefore denies the same.

54.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 54, and therefore denies the same.

55.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 55, and therefore denies the same.

56.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 56, and therefore denies the same.

57.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 57, and therefore denies the same.

58.     Denied.  Plaintiff Dodge voluntarily dismissed his claims on February 7, 2018 and is no longer a Plaintiff in this action.

59.     Denied.  Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.

60.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 60, and therefore denies the same.

61.    Denied.  Plaintiff Stafford voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.

62.    Denied.  Plaintiff Myers voluntarily dismissed his claims on September 24, 2018 and is no longer a Plaintiff in this action.

63.    Denied.  Plaintiff Ruland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

64.    Denied.  Plaintiff Palmer voluntarily dismissed his claims on February 7, 2018 and is no longer a Plaintiff in this action.

65.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 65, and therefore denies the same.

66.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 66, and therefore denies the same.

67.    Mylan admits that Mylan N.V. was formed under the laws of the Netherlands, that its principal executive offices are located in Hatfield, Hartfordshire, England, and that Mylan N.V.'s global headquarters are located in Canonsburg, Pennsylvania.  Mylan N.V. admits that it is not registered to do business in the State of Kansas.  Mylan denies the remaining allegations in Paragraph 67.

68.    Mylan denies the allegations contained in Paragraph 68.

69.    Mylan denies the allegations contained in Paragraph 69.

70.    Mylan admits that the name of Dey Pharma, L.P was changed to Mylan Specialty L.P. in 2012. Mylan denies the remaining allegations contained in Paragraph 70.

7

71.    Mylan admits that Mylan Specialty L.P. is not registered to do business in the State of Kansas.  The remaining allegations contained in Paragraph 71 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations.

72.    Mylan admits that the website http:///www.epipen4schools.com exists and states that the content of that website speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 72.

73.    Mylan admits that the website http:///www.epipen4schools.com exists and that an article dated August 29, 2016 and titled "Mylan's (MYL) EpiPen4Schools Program is a Complicated Maze of Specialty Distribution Cos – Wells Fargo's Maris," exists and states that the contents of the article and the website speak for themselves.  Mylan denies the remaining allegations contained in Paragraph 73.

74.    The allegations contained in Paragraph 74 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations.

75.    Mylan denies the allegations contained in Paragraph 75.

76.    Mylan admits that Mylan N.V.'s global headquarters are located in Canonsburg, Pennsylvania.  The second sentence of Paragraph 76 contains legal conclusions as to which no response is required. To the extent a response is required, Mylan denies the allegations.  Mylan denies the remaining allegations contained in Paragraph 76.

77.    Mylan admits that Plaintiffs purport to refer to Mylan N.V., Mylan Specialty L.P. and Mylan Pharmaceuticals, Inc. as "Mylan" and the "Mylan Defendants."

78.    Mylan admits that Heather Bresch is the CEO of Mylan N.V. and is a resident of Sewickley Heights, Pennsylvania.

79.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 79, and therefore denies the same. Mylan admits that since 2007, Meridian has supplied all EpiPen devices sold by Mylan (which acquired Dey Pharma in 2007) in the United States.

80.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 80, and therefore denies the same.

81.     Mylan denies the allegations contained in the last sentence of Paragraph 81. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 81, and therefore denies the same.

82.     Mylan admits that Plaintiffs purport to refer to Pfizer, Inc., King Pharmaceuticals, Inc., and Meridian Medical Technologies, Inc., as "Pfizer" or the "Pfizer Defendants."

## JURISDICTION AND VENUE

83.     Paragraph 83 contains legal assertions relating to jurisdiction as to which no response is required.  To the extent a response is required, Mylan admits that this Court has jurisdiction over this action.

84.     Paragraph 84 contains legal assertions relating to jurisdiction as to which no response is required.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations that do not pertain to Mylan, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 84.

85.     Paragraph 85 contains legal assertions relating to venue as to which no response is required.  To the extent a response is required, Mylan admits that this case is properly before the United States District Court for the District of Kansas pursuant to the Transfer Order entered by the United States Judicial Panel on Multidistrict Litigation on August 4, 2017.  *See* Transfer

Order (ECF No. 38). Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations that do not pertain to Mylan, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 85.

## BACKGROUND AND FACTUAL ALLEGATIONS

A.    **Allergies, Anaphylaxis, and Epinephrine**

86.    Mylan admits the allegations contained in Paragraph 86.

87.    Mylan admits the allegations contained in Paragraph 87.

88.    Mylan admits the allegations contained in the last sentence of Paragraph 88. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 88, and therefore denies the same.

89.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 89, and therefore denies the same.

90.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 90, and therefore denies the same.

91.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 91, and therefore denies the same.

92.    Mylan denies the allegations in the first sentence in Paragraph 92 as stated, but avers that intramuscular epinephrine is the first-line therapy for anaphylaxis, as designated by National Institute of Allergy and Infectious Diseases ("NIAID"). Mylan admits that an epinephrine auto-injector device injects epinephrine into a muscle through the device's spring-loaded needle. Mylan further admits that the image from the article "Mylan's Upgraded EpiPen Torn Apart By Experts" exists and states that the content of the image speaks for itself.

93.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 93, and therefore denies the same.

**B.    The EpiPen**

94.    Mylan admits that the article, "The Story of the EpiPen: From Military Technology to Drug-Industry Cash Cow" exists and states that the content of the article speaks for itself.  Mylan admits that the Food and Drug Administration ("FDA") approved New Drug Application No. 019430 on December 22, 1987.   Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 94, and therefore denies the same.

95.    Mylan admits the allegations in the first sentence in Paragraph 95.  Mylan denies the allegations in the second sentence in Paragraph 95 as stated, but avers that the EpiPen Auto-Injector is an epinephrine auto-injector that allows patients to quickly and safely self-administer a prescribed amount of epinephrine through a spring-loaded needle.   Mylan admits that the article "What Is Epinephrine?" exists and states that the content of the article speaks for itself.

96.    With respect to the first sentence of Paragraph 96, Mylan states that Meridian Medical Technologies' 10-K filing speaks for itself.   Mylan denies the second sentence of Paragraph 96.

97.    Mylan admits that in 2007, Mylan Inc. acquired the predecessor to Mylan Specialty, Dey Pharma L.P., which had the rights to market EpiPen products.

98.    Mylan admits the allegations contained in Paragraph 98.

99.    Mylan denies the allegations contained in the second sentence of Paragraph 99. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained in the third sentence of Paragraph 99, and therefore denies the same. Mylan admits the remaining allegations Paragraph 99.

100.    Mylan denies the allegations contained in Paragraph 100.

101.    Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 101, and therefore denies the same.

102.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 102, and therefore denies the same.

103.     Mylan admits that the article "How Marketing Turned the EpiPen Into a Billion-Dollar Business" exists and states that the content of the article speaks for itself.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 103, and therefore denies the same.

104.    Mylan denies the allegations contained in Paragraph 104.

105.    Mylan denies the allegations contained in Paragraph 105.

106.    Paragraph 106 contains legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 106.

107.    Mylan admits that the article, "Industry Insiders Estimate EpiPen Costs No More Than $30" exists and states that the content of the article speaks for itself.

108.    Mylan admits that the article, "EpiPen Outrage: Silicon Valley Engineers Figure Real Cost to Make Lifesaving Auto-Injector Two-Pack—About $8" exists and states that the content of the article speaks for itself.

C.    **Pharmaceutical Industry Market Overview**

12

109.    Mylan admits that the article, "Citizen Petitions: Long, Late-Filed, and At-Last Denied," exists and states that the content of the article speaks for itself.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 109, and therefore denies the same.

110.    Mylan admits that the article, "Citizen Petitions: Long, Late-Filed, and At-Last Denied," exists and states that the content of the article speaks for itself.

111.    The allegations in Paragraph 111 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 111, and therefore denies the same.

112.    The allegations in Paragraph 112 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 112, and therefore denies the same.

113.    The allegations in Paragraph 113 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 113, and therefore denies the same.

114.    The allegations in Paragraph 114 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 114, and therefore denies the same.

115.    The allegations in Paragraph 115 state legal conclusions as to which no response is required.    To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 115, and therefore denies the same.

116.    The allegations in Paragraph 116 state legal conclusions as to which no response is required.    To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 116, and therefore denies the same.

117.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 117, and therefore denies the same.

118.    The allegations in Paragraph 118 state legal conclusions as to which no response is required.    To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 118, and therefore denies the same.

119.    The allegations in Paragraph 119 state legal conclusions as to which no response is required.    To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 119, and therefore denies the same.

120.    The allegations in Paragraph 120 state legal conclusions as to which no response is required.    To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 120, and therefore denies the same.

121.    The allegations in Paragraph 121 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 121, and therefore denies the same.

122.    The allegations in Paragraph 122 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 122, and therefore denies the same.

123.    Mylan denies the allegations contained in Paragraph 123.

124.    Mylan denies the allegations in the first sentence in Paragraph 124.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 124, and therefore denies the same.

125.    Mylan denies the allegations contained in Paragraph 125 as stated, but avers that epinephrine auto-injector devices are approved for use by patients and caregivers to treat anaphylaxis and are prescribed by healthcare providers for that use by patients at risk for anaphylaxis.

126.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 126, and therefore denies the same.

127.    Mylan denies the allegations contained in Paragraph 127.

128.    The allegations in Paragraph 128 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 128, and therefore denies the same.

D.    **Mylan's History of Anticompetitive Conduct**

129.    Mylan denies the allegations contained in Paragraph 129.

**Lorazepam and Clorazepate: FTC Investigation and Settlement**

130.    Mylan admits that in 1998, the Federal Trade Commission ("FTC") and 32 states filed a lawsuit against Mylan Laboratories, Inc. and four other companies.  Mylan denies the remaining allegations contained in Paragraph 130.

131.    Mylan admits that in 1998, the FTC and 32 states filed a lawsuit against Mylan Laboratories, Inc.  Mylan denies the remaining allegations contained in Paragraph 131.

132.    Mylan admits that in 1998, the FTC and 32 states filed a lawsuit against Mylan Laboratories, Inc.  Mylan denies the remaining allegations contained in Paragraph 132.

133.    Mylan admits that the article "Generic-Drug Maker Agrees to Settlement in Price-Fixing Case" exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 133.

**EpiPen Formulary Manipulation: DOJ Investigation and Settlement**

134.    The allegations contained in Paragraph 134 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 28-30.  To the extent a response is required, Mylan denies the allegations.

135.    The allegations in Paragraph 135 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

136.    The allegations in Paragraph 136 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

137.    The allegations in Paragraph 137 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

138.    The allegations in Paragraph 138 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

139.    The allegations in Paragraph 139 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

140.    The allegations in Paragraph 140, including the allegations contained in each of its subparts, relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

141.    The allegations in Paragraph 141 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

142.    The allegations in Paragraph 142 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

**Generic Drug Formulary Manipulation: DOJ Investigation and Settlement**

143.    The allegations in Paragraph 143 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

144.    The allegations in Paragraph 144 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

145.    The allegations in Paragraph 145 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

146.    The allegations in Paragraph 146 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

**E.    The EpiPen Scheme: Mylan's Predatory Monopolization, Racketeering, Unconscionable Sales and Deceptive and Unfair Trade Practices**

147.    Mylan denies the allegations contained in Paragraph 147.

148.    Mylan denies the allegations contained in Paragraph 148, including the allegations contained in each of its subparts.

**1.    Defendants' Illegal Acquisition and Maintenance of Mylan's Monopoly**

149.    The allegations in Paragraph 149 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations.

**a.    Mylan Abuses the EpiPen Monopoly by Paying PBMs to Exclude Competition**

150.    Mylan denies the allegations contained in Paragraph 150.

18

151.    The allegations in Paragraph 151 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 151.

152.    Mylan denies the allegations contained in Paragraph 152.

153.    Mylan denies the allegations in the first sentence in Paragraph 153.  Mylan avers that PBMs, among other things, administer pharmaceutical benefits on behalf of their clients, which may include health plans.  Mylan further avers that commercial health insurance providers may provide pharmaceutical benefits to their customers, which may include health plans or individuals.  Mylan denies the remaining allegations contained in Paragraph 153.

154.    Mylan denies the allegations contained in Paragraph 154.

155.    Mylan denies the allegations contained in Paragraph 155 as stated.  Mylan avers that PBMs, among other things, administer pharmaceutical benefits on behalf of their clients, which may include health plans.  Mylan further avers that commercial health insurance providers may provide pharmaceutical benefits to their customers, which may include health plans or individuals.

156.    Mylan admits that the article, "Pharmacy Benefit Management" exists and states that the content of the article speaks for itself.

157.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 157, and therefore denies the same.

158.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 158, and therefore denies the same.

159.    The allegations in Paragraph 159 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is

required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 159, and therefore denies the same.

160.    Mylan admits that some patients receive health insurance coverage through employer-sponsored plans.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 160, and therefore denies the same.

161.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 161, and therefore denies the same.

162.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 162, and therefore denies the same.

163.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 163, and therefore denies the same.

164.    Mylan denies the allegations in the last sentence in Paragraph 164.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 164, and therefore denies the same.

165.    Mylan denies the allegations contained in Paragraph 165.

166.    Mylan denies the allegations contained in Paragraph 166.

167.    Mylan denies the allegations contained in Paragraph 167.

168.    Mylan denies the allegations contained in Paragraph 168.

169.    Mylan denies the allegations in the first sentence in Paragraph 169.  Mylan admits that Auvi-Q is an epinephrine auto-injector device with voice instructions.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 169, and therefore denies the same.

170.    Mylan admits that on June 7, 2012, the FDA issued Memorandum for NDA No. 201739 regarding bioequivalence and states that the content of the Memorandum speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 170.

171.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 171, and therefore denies the same.

172.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 172, and therefore denies the same.

173.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 173, and therefore denies the same.

174.    Mylan denies the allegations contained in Paragraph 174.

175.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 175, and therefore denies the same.

176.    Mylan denies the allegations contained in Paragraph 176.

177.    Mylan denies the allegations contained in Paragraph 177.

178.    Mylan denies the allegations contained in Paragraph 178.

179.    The allegations in Paragraph 179 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

180.    The allegations in Paragraph 180 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

181.    The allegations in Paragraph 181 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

182.    Mylan denies the allegations contained in Paragraph 182.

183.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first two sentences in Paragraph 183, and therefore denies the same. Mylan denies the remaining allegations in Paragraph 183.

184.    The allegations in Paragraph 184 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

185.    The allegations in Paragraph 185 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

186.    The allegations in Paragraph 186 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

187.    The allegations in Paragraph 187 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

188.    The allegations in Paragraph 188 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 134.  To the extent a response is required, Mylan denies the allegations.

189.    Mylan denies the first sentence of Paragraph 189.  Mylan admits that the article "Industry Insiders Estimate EpiPen Costs No More Than $30" exists and that the content of the article speaks for itself.  However, Mylan denies Plaintiffs' characterization of that article.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 189, and therefore denies the same.

190.    Mylan admits that the article "Industry Insiders Estimate EpiPen Costs No More Than $30" exists and that the content of the article speaks for itself.  However, Mylan denies Plaintiffs' characterization of that article.

191.    Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s October 31, 2013 earnings call.  However, Mylan denies Plaintiffs' characterization of those statements.

192.    Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s August 7, 2014 earnings call.  However, Mylan denies Plaintiffs' characterization of those statements.

193.    Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan N.V.'s February 10, 2016 earnings call.  However, Mylan denies Plaintiffs' characterization of those statements.

194.    Mylan admits that the article "Mylan CEO on EpiPen Drug Price Controversy: I Get the Outrage," exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 194.

195.    Mylan admits that the article "How 'Price Cutting' Middlemen Are Making Crucial Drugs Vastly More Expensive" exists and states that the content of the article speaks for

itself.  Mylan admits that the chart depicted in Paragraph 195 exists and that the content of the

chart speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 195.

196.     Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during

an August 25, 2016 interview with CNBC.  However, Mylan denies Plaintiffs' characterization

of those statements.

197.     Mylan denies the allegations contained in Paragraph 197.

198.     Mylan denies the allegations contained in Paragraph 198.

**Defendants' Manipulate Access to Schools through Lobbying and Illegal Exclusive Dealing Arrangements to Enhance and Protect the EpiPen Monopoly**

199.     The first sentence in Paragraph 199 states a legal conclusion to which no response

is required to the extent it purports to allege a "submarket."   Mylan denies the remaining

allegations contained in Paragraph 199.

200.     Mylan denies the allegations contained in Paragraph 200.

201.     Mylan lacks knowledge or information sufficient to form a belief concerning the

truth of the allegations in Paragraph 201, and therefore denies the same.

202.     Mylan denies the allegations contained in Paragraph 202.

203.     Mylan states that its lobbying disclosures are a matter of public record and speak

for themselves.

204.     Mylan denies the allegations contained in Paragraph 204.

205.     Paragraph 205 states a legal conclusion to which no response is required.  To the

extent a response is required, Mylan denies the characterization of the allegations contained in

Paragraph 205.

206.     Mylan denies the allegations contained in Paragraph 206.

207.    Mylan admits that President Barack Obama signed the School Access to Emergency Epinephrine Act in 2013.  Mylan denies the remaining allegations contained in Paragraph 207.

208.    Mylan admits that the article "Mylan May Have Violated Antitrust Law in its EpiPen Sales to Schools, Legal Experts Say," exists and states that the content of the article speaks for itself.

209.    Mylan admits that the article, "How Mylan, the Maker of EpiPen, Became a Virtual Monopoly," exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 209.

210.    Mylan admits that the article, "How Mylan, the Maker of EpiPen, Became a Virtual Monopoly," exists and states that the content of the article speaks for itself.

211.    Mylan admits that the article, "How Mylan, the Maker of EpiPen, Became a Virtual Monopoly," exists and states that the content of the article speaks for itself.

212.    The first sentence of Paragraph 212 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 212.  Mylan denies the remaining allegations contained in Paragraph 212.

213.    Mylan denies the allegations contained in Paragraph 213.

214.    Mylan admits that it had a program to provide free or discounted epinephrine auto-injector devices to schools.  Mylan denies the remaining allegations contained in Paragraph 214 as stated.

215.    Mylan denies the allegations contained in Paragraph 215.

216.    Mylan admits that it had a program to provide free or discounted epinephrine auto-injector devices to schools.  Mylan denies the remaining allegations contained in Paragraph 216.

217.    Mylan admits that the article "Mylan May Have Violated Antitrust Law in its EpiPen Sales to Schools, Legal Experts Say," exists and states that the content of the article speaks for itself.

218.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 218, and therefore denies the same.

219.    Paragraph 219 states legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 219.

220.    Paragraph 220 states legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 220.

221.    Mylan denies the allegations contained in Paragraph 221.

222.    Mylan admits that the press release, "A.G. Schneiderman Launches Antitrust Investigation Into Mylan Pharmaceuticals Inc., Maker of EpiPen," exists and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 222.

223.    Mylan admits that the September 6, 2016 press release from Senators Richard Blumenthal and Amy Klobuchar exists and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 223.

224.    Mylan admits that the September 6, 2016 press release from Senators Richard Blumenthal and Amy Klobuchar exists and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 224.

225. Mylan denies the allegations contained in Paragraph 225.

226. Mylan admits that Mylan N.V.'s CEO, Heather Bresch, provided testimony to Congress on September 21, 2016. However, Mylan denies Plaintiffs' characterization of that testimony.

227. Mylan denies the allegations contained in Paragraph 227.

228. Mylan denies the allegations contained in Paragraph 228.

**Mylan's Use of Misleading Advertising to Exclude Competition**

229. Mylan admits that in June 7, 2012, the FDA issued Memorandum for NDA No. 201739 regarding bioequivalence and states that the content of the Memorandum speaks for itself. Mylan denies the remaining allegations contained in Paragraph 229.

230. Mylan denies the allegations contained in Paragraph 230.

231. Mylan admits that a newspaper article contains quotations, including the language excerpted in Paragraph 231, that are attributed to Mylan N.V.'s CEO, Heather Bresch. However, Mylan denies Plaintiff's characterization of the statements referenced in Paragraph 231. Mylan denies the remaining allegations contained in Paragraph 231.

232. Mylan admits that the promotional materials listed in Paragraph 232 exist and states that their content speaks for itself. Mylan denies the remaining allegations contained in Paragraph 232.

233. Mylan admits that the promotional materials listed in Paragraph 233 exist and states that their content speaks for itself. Mylan denies the remaining allegations contained in Paragraph 233.

234.     Mylan admits that the promotional materials listed in Paragraph 234 exist and states that their content speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 234.

235.     Mylan denies the allegations contained in Paragraph 235.

**Defendants' Illegal Pay-for-Delay Settlements**

236.     Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan denies the remaining allegations contained in Paragraph 236.

237.     Mylan denies the allegations contained in Paragraph 237.

238.     Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s May 1, 2009 earnings call.  However, Mylan denies Plaintiffs' characterization of those statements.

239.     Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s May 1, 2009 earnings call.  However, Mylan denies Plaintiffs' characterization of those statements.

240.     Mylan denies the allegations in the first sentence in Paragraph 240.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 240, and therefore denies the same.

241.     Mylan denies the allegations contained in Paragraph 241.

242.     Mylan denies the allegations contained in Paragraph 242.

243.     Mylan denies the allegations contained in Paragraph 243.

244.     Mylan denies the allegations contained in Paragraph 244.

245.     Mylan denies the allegations contained in Paragraph 245.

246.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 246, and therefore denies the same.

247.     With respect to the first and second sentences of Paragraph 247, Mylan states that the Orange Book speaks for itself.  Mylan admits that Meridian was at one point the sponsor of the NDA for EpiPen.   Mylan denies the remaining allegations contained in Paragraph 247.

248.     Mylan denies the allegations in the first sentence in Paragraph 248.  Mylan was not a party to the lawsuits referenced in Paragraph 248 and therefore lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 248, and therefore denies the same.

249.     Mylan denies the allegations contained in Paragraph 249.

250.     Mylan denies the allegations contained in Paragraph 250.

### i.     The Teva Settlement

251.     Mylan denies the allegations contained in Paragraph 251.

252.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 252, and therefore denies the same.

253.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 253, and therefore denies the same.

254.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 254, and therefore denies the same.

255.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 255, and therefore denies the same.

256.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 256, and therefore denies the same.

257.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 257, and therefore denies the same.

258.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 258, and therefore denies the same.

259.    Mylan denies the allegations contained in Paragraph 259.

260.    Mylan admits that the April 26, 2012 press release "Mylan and Pfizer Announce Epinephrine Auto-Injector Settlement Agreement with Teva" exists and states that the content of the press release speaks for itself.

261.    Paragraph 261 states legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 261.

262.    Paragraph 262 states legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 262.

263.    Mylan denies the allegations contained in Paragraph 263.

264.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 264, and therefore denies the same.

265.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 265, and therefore denies the same.

266.    Mylan denies the allegations contained in Paragraph 266.

267.    Mylan admits that the FTC report, "Agreements Filed with the Federal Trade Commission Under the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Overview of Agreements Filed in FY2012," exists and states that the content of the report speaks for itself.

268.    Mylan admits that the FTC report, "Agreements Filed with the Federal Trade Commission Under the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Overview of Agreements Filed in FY2012," exists and states that the content of the report speaks for itself.

269.    Mylan denies the allegations contained in Paragraph 269.

270.    Mylan admits that the April 26, 2012 press release "Mylan and Pfizer Announce Epinephrine Auto-Injector Settlement Agreement with Teva" exists and states that the content of the press release speaks for itself.

271.    Mylan denies the allegations contained in Paragraph 271.

272.    Mylan admits that Cephalon filed a patent-infringement lawsuit against Mylan Inc. in December 2009 in the U.S. District Court for the District of Delaware.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 272, and therefore denies the same.

273.    Mylan admits that Cephalon filed a patent-infringement lawsuit against Mylan Inc. in December 2009 in the U.S. District Court for the District of Delaware.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 273, and therefore denies the same.

274.    Mylan admits that Mylan Inc. announced that it reached a settlement agreement in the Nuvigil patent-infringement litigation on April 30, 2012.  Mylan denies the remaining allegations contained in Paragraph 274.

275.    Paragraph 275 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 277.

276.    Mylan denies the allegations in the last sentence in Paragraph 276.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 276, and therefore denies the same.

277.    Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s July 26, 2012 earnings call.  However, Mylan denies Plaintiffs' characterization of those statements.

278.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 278, and therefore denies the same.

279.    The first sentence in Paragraph 279 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 279.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 279, and therefore denies the same.

280.    Mylan admits that the article "U.S. Senator Prods Mylan on EpiPen 'Pay for Delay'" exists and states that the content of the article speaks for itself.

281.    Mylan denies the allegations contained in Paragraph 281.

282.    Mylan denies the allegations contained in Paragraph 282.

283.    Mylan denies the allegations contained in Paragraph 283.

284.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 284, and therefore denies the same.

### ii.    The Intelliject Settlement

285.    Mylan denies the allegations contained in Paragraph 285.

286.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 286, and therefore denies the same.

287.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 287, and therefore denies the same.

288.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 288, and therefore denies the same.

289.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 289, and therefore denies the same.

290.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 290, and therefore denies the same.

291.    The allegations contained in Paragraph 291 are Plaintiffs' characterizations of the EpiPen Auto-Injector, to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 291.

292.    Mylan admits that the e-cue device had a different design than the EpiPen Auto-Injector and used voice instructions.  Mylan denies the remaining allegations in Paragraph 292.

293.    Mylan denies the allegations contained in Paragraph 293.

294.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 294, and therefore denies the same.

295.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 295, and therefore denies the same.

296.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 296, and therefore denies the same.

297.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 297, and therefore denies the same.

298.    Mylan admits that Mylan Inc. issued a February 16, 2012 press release regarding a patent-litigation settlement with Intelliject and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations in Paragraph 298.

299.    Mylan denies the allegations contained in Paragraph 299.

300.    Paragraph 300 contains legal conclusions to which no response is required. To the extent a response is required, Mylan admits upon information and belief based on publicly available information, the FDA granted approval of Intelliject's NDA on August 10, 2012. Mylan otherwise denies the remaining allegations in Paragraph 300.

301.    Mylan admits that Mylan Inc. issued a February 16, 2012 press release regarding a patent-litigation settlement with Intelliject and states that the content of the press release speaks for itself.

### iii.    The Sandoz "Stay-and-Delay" Agreement

302.    Mylan denies the allegations in the second sentence in Paragraph 302.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 302, and therefore denies the same.

303.    Mylan denies the allegations in Paragraph 303.

### iv.    Mylan's Manipulation of the FDA's Citizen Petition Process

304.    Mylan admits that Mylan Specialty filed a citizen petition with the FDA in January 2015 and states that the content of the petition speaks for itself. Mylan denies the remaining allegations contained in Paragraph 304.

305.    Paragraph 305 contains Plaintiffs' characterization of their claims, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that Paragraph 305 purports to reference a law journal article but notes that such

34

document speaks for itself. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 305, and therefore denies the same.

306.    Mylan admits that the 2017 article, "Citizens Petitions: Long, Late-Filed, and At-Last Denied," exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 306, and therefore denies the same.

307.    Mylan admits that citizen petitions sometimes include scientific data regarding a drug's manufacturing process. Mylan denies the remaining allegations contained in Paragraph 307.

308.    Mylan admits that the 2012 article "Citizens Petitions: An Empirical Study" exists but denies that the article contains the quoted language.  Mylan admits that not all citizen petitions raise anticompetitive concerns.  Mylan denies the remaining allegations contained in Paragraph 308.

309.    Mylan admits that the 2012 article "Citizens Petitions: An Empirical Study" exists and states that the content of the article speaks for itself, but denies that the article contains the quoted language.

310.    Mylan admits that the 2012 article "Citizens Petitions: An Empirical Study" exists and states that the content of the article speaks for itself, but denies that the article contains the quoted language. Mylan also denies Plaintiffs' characterization of the article.

311.    Mylan denies the allegations contained in the first sentence of Paragraph 311. As to the remaining allegations contained in Paragraph 311, Mylan admits that the 2012 article "Citizens Petitions: An Empirical Study" exists and states that the content of the article speaks for itself, but denies that the article contains the quoted language.  Mylan admits that Mylan

Specialty filed a citizen petition with the FDA in January 2015 and states that the content of the petition speaks for itself. Mylan also admits that Mylan Specialty supplemented its citizen petition in May 2015 with an independent study and states that the content of the study speaks for itself. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the length of development of Teva's generic product, and therefore denies the allegation. Mylan denies the remaining allegations contained in Paragraph 311.

312.    Mylan denies the allegations contained in Paragraph 312.

313.    Mylan denies the allegations contained in Paragraph 313, including the allegations contained in each of its subparts.

314.    Mylan admits that the 2012 article "Citizens Petitions: An Empirical Study" exists but denies that the article contains the quoted language. Mylan admits that Teva filed an ANDA for a generic version of EpiPen in 2008. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained the third and fourth sentences of the quoted language in Paragraph 314, and therefore denies the same. Mylan denies the allegations contained in the last sentence of Paragraph 314. Mylan denies any remaining allegations contained in Paragraph 314.

315.    Mylan admits that Mylan Specialty filed a citizen petition with the FDA in January 2015 and states that the content of the petition speaks for itself. Mylan denies the remaining allegations contained in Paragraph 315.

316.    Mylan denies the allegations contained in Paragraph 316.

317.    Mylan admits that Mylan Specialty filed a citizen petition with the FDA in January 2015 and that the content of the petition speaks for itself. Mylan also admits that the August 31, 2016 article titled "How Mylan tried to keep Teva from selling a generic EpiPen"

exists, and states that the article speaks for itself, but Mylan denies that the article states that "Mylan's petition . . . relied on a medical statement from a Dr. Eli Meltzer that sought to downplay the generic device from Teva."

318.    Mylan denies the allegations contained in Paragraph 318.

319.    Mylan admits that Teva did not obtain FDA approval for a generic epinephrine auto-injector device until on or about August 16, 2018.  Mylan lacks knowledge or information sufficient to form a belief as to whether Teva has launched its generic product and therefore denies the same.  Mylan denies the remaining allegations contained in Paragraph 319.

320.    Mylan denies the allegations contained in Paragraph 320.

321.    Mylan denies the allegations contained in Paragraph 321.

322.    Mylan denies the allegations contained in Paragraph 322.

323.    Mylan denies the allegations contained in Paragraph 323.

324.    Mylan denies the allegations contained in Paragraph 324.

> **e.    Mylan Unlawfully Exercised Its Monopoly Power to Force American Consumers—and Only American Consumers—to Purchase EpiPens in Pairs**

325.    Mylan admits that Dey Pharma, L.P. began marketing EpiPen devices exclusively in two-packs in the United States in 2011. Mylan also admits that Mylan Inc. issued a press release on August 24, 2011 titled "Dey Pharma to Offer EpiPen 2-Pak and EpiPen Jr. 2-Pak Exclusively."  Mylan further admits that Dey Pharma, L.P. sold EpiPens individually in the United States prior to 2011.  Mylan denies the remaining allegations contained in Paragraph 325.

326.    Mylan admits that Mylan Inc. issued a press release on August 24, 2011 in which it stated that Dey Pharma, L.P. "will exclusively offer the EpiPen 2-Pak and EpiPen Jr. 2-Pak (epinephrine) Auto-Injector 0.3/0.15 mg, to encourage physicians and patients to follow

recommendations by the National Institute of Allergy and Infectious Diseases (NIAID)." Mylan also admits that the press release stated that Dey Pharma, L.P. "will transition away from distributing and marketing these configurations in the U.S." Mylan further admits that the image from the article titled "EpiPen's Dominance Driven by Competitors' Stumbles and Tragic Deaths" exists and states that the image speaks for itself. Mylan denies the remaining allegations contained in Paragraph 326.

327.    Mylan admits that Mylan Specialty currently sells EpiPens exclusively in two-packs in the United States. Mylan denies the remaining allegations contained in Paragraph 327.

328.    Mylan denies the allegations contained in Paragraph 328.

329.    Mylan denies the allegations contained in Paragraph 329.

330.    Mylan admits that Subsection 16.1 of EpiPen's "Full Prescribing Information" titled "How Supplied" exists and states that the contents speak for themselves, but denies that the language quoted in Paragraph 330 can be found at the website address cited as a footnote to Paragraph 330. Mylan denies the remaining allegations contained in Paragraph 330.

331.    Mylan admits that its website explains when to use a second dose of EpiPen, but denies that the website address cited as a footnote to Paragraph 331 shows this information. Mylan denies the remaining allegations contained in Paragraph 331.

332.    Mylan denies the allegations contained in Paragraph 332.

333.    Mylan denies the allegations contained in Paragraph 333.

334.    Mylan admits that a newspaper article contains quotations, including the language excerpted in Paragraph 334, that are attributed to Mylan N.V.'s CEO, Heather Bresch. However, Mylan denies Plaintiff's characterization of the statements referenced in Paragraph 334. Mylan also denies the remaining allegations contained in Paragraph 334.

335.     Mylan denies the allegations contained in Paragraph 335.

336.     Mylan admits that Mylan Inc. issued a press release on August 24, 2011 titled "Dey Pharma to Offer EpiPen 2-Pak and EpiPen Jr. 2-Pak Exclusively" with a subheading that states "Decision aligns with recent clinical guidelines for patients at risk for or who have experienced anaphylaxis to have immediate access to two doses of epinephrine," and states that the content of the press release speaks for itself. Mylan denies the remaining allegations contained in Paragraph 336.

337.     Mylan admits that Mylan Inc. issued a press release on August 24, 2011 titled "Dey Pharma to Offer EpiPen 2-Pak and EpiPen Jr. 2-Pak Exclusively" in which Heather Bresch is quoted, and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 337.

338.     Mylan admits that Mylan Inc. issued a press release on August 24, 2011 titled "Dey Pharma to Offer EpiPen 2-Pak and EpiPen Jr. 2-Pak Exclusively," and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 338.

339.     Mylan denies the allegations contained in Paragraph 339, including the allegations contained in each of its subparts.

340.     Mylan admits that Mylan Inc. issued a press release on August 24, 2011 titled "Dey Pharma to Offer EpiPen 2-Pak and EpiPen Jr. 2-Pak Exclusively," and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 340.

341.     Mylan denies the allegations contained in Paragraph 341.

342.     Mylan denies the allegations contained in Paragraph 342.

343.    Mylan denies the allegations contained in Paragraph 343.

344.    Mylan denies the allegations contained in Paragraph 344.

345.    The allegations in Paragraph 345 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 345.

346.    Mylan denies the allegations contained in Paragraph 346.

347.    Mylan denies the allegations contained in Paragraph 347.

        2.    **Mylan's Relentless EpiPen Price Increases**

348.    Mylan denies the allegations contained in Paragraph 348.

349.    Mylan denies the allegations contained in Paragraph 349.

350.    Mylan admits that the WAC of EpiPen products has increased 15 times since late 2009.

351.    Mylan denies the allegations contained in Paragraph 351.

352.    Mylan admits that on October 12, 2009, Mylan Specialty raised the WAC of two EpiPen devices to $124.

353.    Mylan admits that Dey Pharma, L.P. began selling EpiPens exclusively in two-packs in the United States in 2011.  Mylan further admits that Dey Pharma, L.P. began selling EpiPens exclusively in two-packs because of concern for patient safety.  Mylan denies the remaining allegations contained in Paragraph 353.

354.    Mylan denies the allegations contained in Paragraph 354.

355.    Mylan admits that in October 2011, Mylan Specialty raised the WAC of two EpiPen devices to $181.

356.    Mylan admits that in July 2013, Mylan Specialty raised the WAC of two EpiPen devices to $265.

357.    Mylan admits that in November 2014, Mylan Specialty raised the WAC of two EpiPen devices to $401.

358.    Mylan admits that the June 4, 2017 article titled "Outcry Over EpiPen Prices Hasn't Made Them Lower" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 358.

359.    Mylan admits that the WAC of EpiPen products increased in November 2015. Mylan denies the remaining allegations contained in Paragraph 359.

360.    Mylan admits that in May 2016, the WAC of two EpiPen devices was approximately $608.

361.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 361, and therefore denies the same.

362.    Mylan denies the allegations contained in Paragraph 362.

363.    Mylan denies the allegations contained in Paragraph 363.

364.    Mylan denies the allegations contained in Paragraph 364.

365.    Mylan admits that injecting manual syringes filled with epinephrine may result in administration of an incorrect dose.   Mylan denies the remaining allegations contained in Paragraph 365.

366.    Mylan admits that the August 22, 2016 article titled "Why did Mylan Hike EpiPen Prices 400%? Because They Could," exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 366.

367.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367, and therefore denies the same.

368.    Mylan denies the allegations contained in Paragraph 368.

41

369.     Mylan admits that the August 26, 2016 article titled "Painted as EpiPen Villain, Mylan's Chief Says She's No Such Thing," exists and states that the content of the article speaks for itself but denies Plaintiffs' characterization of that content. Mylan denies the remaining allegations contained in Paragraph 369.

370.     Mylan denies the allegations contained in Paragraph 370.

371.     Mylan admits that the August 26, 2016 article titled "Painted as EpiPen Villain, Mylan's Chief Says She's No Such Thing," exists and states that the content of the article speaks for itself but denies Plaintiffs' characterization of that content.

372.     Mylan admits that the August 26, 2016 article titled "Painted as EpiPen Villain, Mylan's Chief Says She's No Such Thing," exists and states that the content of the article speaks for itself but denies Plaintiffs' characterization of that content.

373.     Mylan denies the allegations contained in Paragraph 373.

374.     Mylan denies the allegations contained in Paragraph 374.

375.     Mylan denies the allegations contained in Paragraph 375.

376.     Mylan denies the allegations contained in Paragraph 376.

377.     Mylan denies the allegations contained in Paragraph 376.

378.     Mylan admits that Ms. Bresch testified before the House Oversight Committee in September 2016, admits that publicly available news sources have reported that Ms. Bresch has referred to the EpiPen as her "baby." Such sources speak for themselves and should be read as a whole.  Mylan admits that Ms. Bresch made statements at the Forbes Healthcare Summit on December 1, 2016.  Mylan denies the characterization of those statements.  Mylan also denies the remaining allegations contained in Paragraph 378.

379.     Mylan denies the allegations contained in Paragraph 379.

380.    Mylan admits that Ms. Bresch testified before the House Oversight Committee in September 2016 and Mylan admits that Ms. Bresch made statements at the Forbes Healthcare Summit on December 1, 2016.  Mylan denies the remaining allegations contained in Paragraph 380.

381.    Mylan admits that an article titled "Mylan CEO Bresch Admits 'Full Responsibility' For EpiPen Price Hikes" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 381.

382.    Mylan admits that Ms. Bresch made statements at the Forbes Healthcare Summit on December 1, 2016 related to EpiPens.  Mylan denies the remaining allegations contained in Paragraph 382.

383.    Mylan admits that an article titled "Mylan CEO Bresch Admits 'Full Responsibility' For EpiPen Price Hikes" exists and that it contains a video in which Ms. Bresch speaks and states that the content of the article and the video speaks for itself.  Mylan denies the characterizations of Ms. Bresch's statements and actions. Mylan denies the remaining allegations contained in Paragraph 383.

384.    Mylan admits that an article titled "Mylan CEO Bresch Admits 'Full Responsibility' For EpiPen Price Hikes" exists and that the article contains quotations that are attributed to Mylan N.V.'s CEO, Heather Bresch. Mylan denies that the language quoted in Paragraph 384 is included in the article and denies the remaining allegations contained in Paragraph 384.

385.    Mylan denies the allegations contained in Paragraph 385.

386.    Mylan denies the allegations contained in Paragraph 386.

387.    Mylan denies the allegations contained in Paragraph 387.

388.    Mylan denies the allegations contained in Paragraph 388.

389.    Mylan admits that the March 2, 2015 10-K of Mylan N.V. exists and states that the content of the 10-K speaks for itself.  Mylan denies that the passage quoted in Paragraph 389 can be found in Mylan's March 2, 2015 10-K.

390.    Mylan admits that the March 2, 2015 10-K of Mylan N.V. exists and states that the content of the 10-K speaks for itself.

391.    Mylan denies the allegations contained in Paragraph 391.

392.    Mylan admits that the September 1, 2016 article titled "EpiPen Maker Ties Bonuses to Profit Targets" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 392.

### 2.    Comparison to Prices and Markets for Epinephrine Auto-Injectors in Europe

393.    Mylan denies the allegations contained in Paragraph 393.

394.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 394, and therefore denies the same.

395.    Mylan admits that the statement titled "Statement – EpiPen Pricing Situation in the US – 26th August 2016," exists and states that the content of the statement speaks for itself. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 395, and therefore denies the same.

396.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 396, and therefore denies the same.

397.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 397, and therefore denies the same.

398.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 398, and therefore denies the same.

399.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 399, and therefore denies the same.

400.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 400, and therefore denies the same.

### 3.    False Statements Regarding Coupons, Rebates, and the Generic EpiPen

401.    Mylan denies the allegations contained in Paragraph 401.

402.    Mylan denies the allegations contained in Paragraph 402.

403.    Mylan admits that the August 25, 2016 article titled "Mylan Cuts EpiPen Prices, Blames Obamacare Rather than Greed for High Costs," exists and states that the content of the article speak for itself.  Mylan denies the remaining allegations contained in Paragraph 403.

404.    Mylan admits that the August 25, 2016 article titled "EpiPen Maker Boosts Discount Programs but Holds Price Steady, Despite Outrage," exists and states that the content of the article speaks for itself.  Mylan denies that the author of the article is the Los Angeles Times.  Mylan denies the remaining allegations contained in Paragraph 404.

405.    Mylan denies the allegations contained in Paragraph 405.

406.    Mylan admits that it has an EpiPen discount program.  Mylan also admits that the October 12, 2016 article titled "Drug Coupons: Helping a Few at the Expense of Everyone" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 406.

407.    Mylan denies the allegations contained in Paragraph 407.

45

408.    Mylan admits that the September 2, 2016 article titled "The Lesson of EpiPens: Why Drug Prices Spike, Again and Again" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 408.

409.    Mylan denies the allegations contained in Paragraph 409.

410.    Mylan admits that Mylan Inc. issued a press release titled "Mylan's Commitment to EpiPen (epinephrine injection, USP) Auto-Injector Access" exists and states that the content of the press release speaks for itself. Mylan denies Plaintiffs' characterization of that content and denies the remaining allegations contained in Paragraph 410.

411.    Mylan admits that it announced that  its U.S. subsidiary planned to sell a generic version of EpiPen in August 2016.   Mylan denies the remaining allegations contained in Paragraph 411.

412.    Mylan denies the allegations contained in Paragraph 412.

413.    Mylan denies the allegations contained in Paragraph 413.

414.    Mylan admits that the August 25, 2016 press release titled "Mylan's Announcement on EpiPen Prices: Too Little Too Late" exists and states that the content of the press release speaks for itself. Mylan denies that the quoted language attributed to Robert Weissman in Paragraph 414 appears in the press release. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 414, and therefore denies the same.

415.    Mylan admits that the August 25, 2016 press release titled "Mylan's Announcement on EpiPen Prices: Too Little Too Late" exists and states that the content of the press release speaks for itself.

416.    Mylan admits that the August 25, 2016 article titled "Mylan Cuts EpiPen Prices, Blames Obamacare Rather Than Greed for High Costs" exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 416.

### 4.    False Statements to Congress Under Oath on September 21, 2016

417.    Mylan denies the allegations contained in Paragraph 417.

418.    Mylan admits that Ms. Bresch testified before Congress in September 2016, however, Mylan denies Plaintiffs' characterization of that testimony. Mylan denies the remaining allegations contained in Paragraph 418.

419.    Mylan admits that on September 19, 2016 Ms. Bresch signed a "Committee on Oversight and Government Reform Witness Declaration Requirement – 'Truth in Testimony' Required by House Rule XI, Clause 2(g)(5)" and states that the content of the form speaks for itself. Mylan further admits that Ms. Bresch testified before Congress on September 21, 2016. Mylan denies any remaining allegations contained in Paragraph 419.

420.    Mylan admits that Ms. Bresch signed a "Committee on Oversight and Government Reform Witness Declaration Requirement – 'Truth in Testimony' Required by House Rule XI, Clause 2(g)(5)" and states that the content of the form speaks for itself.

421.    Mylan denies the allegations contained in Paragraph 421.

422.    Mylan admits that Ms. Bresch testified before Congress on September 21, 2016 and states that the content of that testimony speaks for itself.

423.    Mylan admits that a September 26, 2016 article titled "Mylan's EpiPen Pretax Profits 60% Higher than Number Told to Congress," exists and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 423.

424.    Mylan admits that a September 26, 2016 article titled "Mylan's EpiPen Pretax Profits 60% Higher than Number Told to Congress," exists and states that the content of the article speaks for itself.

425.    Mylan admits that a September 21, 2016 article titled "Mylan Chief Comes under Fire over Cost of EpiPen" exists and states that the content of the article speaks for itself.

426.    Mylan admits that the image from the article titled "Drug Coupons: Helping a Few at the Expense of Everyone" exists and states that the image speaks for itself.

427.    Mylan denies the allegations contained in Paragraph 427.

428.    Mylan admits that Ms. Bresch testified before Congress on September 21, 2016, and states that that testimony speaks for itself, however, Mylan denies Plaintiffs' characterizations of that testimony. Mylan denies the remaining allegations contained in Paragraph 428.

429.    Mylan admits that the September 26, 2016 article titled "3 Dubious Claims Mylan's CEO Made to Congress" exists and that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 429.

430.    Mylan denies the allegations contained in Paragraph 430.

431.    Mylan denies the allegations contained in Paragraph 431.

432.    Mylan denies the allegations contained in Paragraph 432.

433.    Mylan admits that Ms. Bresch testified before Congress on September 21, 2016 and that she displayed a poster during this testimony, and states that the content of the poster speaks for itself. Mylan denies the remaining allegations contained in Paragraph 433.

434.    Mylan admits that Ms. Bresch testified before Congress on September 21, 2016, but denies Plaintiffs' characterization of that testimony.

435.     Mylan denies the allegations contained in the first sentence of Paragraph 435. Mylan admits that Mylan does not manufacture EpiPen, and that EpiPen products are "manufactured by Meridian, a Pfizer subsidiary."

436.     Mylan denies the allegations contained in the first sentence of Paragraph 436. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 436.

437.     Mylan denies the allegations contained in Paragraph 437.

438.     Mylan admits that a September 20, 2016 article titled "Mylan's upgraded EpiPen Torn Apart by Experts" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 438.

439.     Mylan admits that the image from the article titled "Mylan's upgraded EpiPen Torn Apart by Experts" exists and states that the image speaks for itself. Mylan denies the remaining allegations contained in Paragraph 439.

440.     Mylan admits that the EpiPen redesign included a change in the color of portions of the device.  Mylan denies the remaining allegations contained in Paragraph 440.

441.     Mylan admits that an email from Lauren Kashtan, Head of North America Communications, exists and that the content of the email speaks for itself. Mylan denies the remaining allegations contained in Paragraph 441.

442.     Mylan admits that a September 26, 2016 article titled "Whoops, Mylan Underreported EpiPen Profits to Congress" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 442.

443.     Mylan denies the allegations contained in Paragraph 443.

444.     Mylan denies the allegations contained in Paragraph 444.

445.    Mylan admits that a September 1, 2016 article titled "EpiPen Price Rises Could Mean More Riches for Mylan Executives" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 445.

446.    Mylan admits that a September 1, 2016 article titled "EpiPen Price Rises Could Mean More Riches for Mylan Executives" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 446.

447.    Mylan denies the allegations contained in Paragraph 447.

448.    Mylan denies the allegations contained in Paragraph 448.

**F.    Relevant Market and Mylan's Market Power**

449.    Paragraph 449 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 449.

450.    Paragraph 450 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 450.

451.    Mylan denies the allegations contained in the first two sentences of Paragraph 451. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 451 and therefore denies the same.

452.    Paragraph 452 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 452.

453.    Paragraph 453 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 453.

454.    Paragraph 454 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 454.

455.    Mylan denies the allegations contained in the fifth sentence of Paragraph 455. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations contained in Paragraph 455, and therefore denies the same.

456.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 456, and therefore denies the same.

457.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 457, and therefore denies the same.

458.    Paragraph 458 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations in Paragraph 458.

459.    Paragraph 459 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations in Paragraph 459.

460.    The first sentence of Paragraph 460 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in the first sentence of Paragraph 460. Mylan admits that the February 22, 2011 10-K of Mylan Inc. exists and states that the content of the 10-K speaks for itself.

461.    Mylan denies the allegations contained in Paragraph 461.

462.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 462, and therefore denies the same. The remaining allegations contained in Paragraph 462 state a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 462.

463.    Paragraph 463 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 463.

464.    Mylan admits that Sanofi issued a total recall of Auvi-Q in October 2015. Mylan denies the remaining allegations contained in Paragraph 464.

465.    Paragraph 465 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 465.

**G.    Barriers to Entry**

466.    Paragraph 466 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 466.

467.    The allegations in Paragraph 467 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan admits that epinephrine auto-injectors must be prescribed by a medical professional and may not be sold in the United States absent FDA approval.  However, Mylan denies any legal conclusions based on the FDA approval requirements for purposes of antitrust law or this matter.  Mylan denies the allegations contained in the last sentence of Paragraph 467.

468.    Mylan admits that proper training in how to use EpiPen products is important and that many caregivers and physicians are trained to use EpiPen products.  Mylan denies the remaining allegations contained in Paragraph 468.

469.    Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan also admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s August 1, 2013 Investor Day presentation.  However, Mylan denies Plaintiff's characterization of the statements referenced in Paragraph 469.  Mylan

admits that Twinject® was discontinued.  Mylan denies the remaining allegations contained in Paragraph 469.

470.    Paragraph 470 states legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that the Orange Book states that Mylan Specialty LP owns four patents related to epinephrine auto-injectors.    However, Mylan states that Meridian is the owner of the patents listed in the FDA Orange Book as to the EpiPen products.  Mylan denies the remaining allegations in Paragraph 470.

471.    Mylan admits that an August 25, 2016 article titled "How Mylan, the maker of EpiPen, became a virtual monopoly" exists and states that the content of the article speaks for itself.  Mylan admits that the article purports to summarize some statements the article attributes to Mylan N.V.'s CEO Heather Bresch in a 2009 earnings call. Mylan denies Plaintiff's characterization of the statements referenced in Paragraph 471. Mylan denies the remaining allegations contained in Paragraph 471.

472.    Mylan denies the allegations contained in Paragraph 472.

473.    Mylan admits that a March 28, 2016 article titled "Lack of competition leads to EpiPen pricing woes," exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 473.

474.    Mylan also admits that an August 24, 2016 article titled "The Lack of EpiPen Competitors is the FDA's Fault" exists and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 474.

475.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 475, and therefore denies the same.

476.    The first sentence in Paragraph 476 in the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 476.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 476, and therefore denies the same.

477.    Mylan admits that the article, "The EpiPen, a Case Study in Health System Dysfunction," exists and states that the content of the article speaks for itself.  The remaining allegations in Paragraph 477 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 477.

478.    Mylan denies the allegations contained in Paragraph 478.

479.    Mylan admits that an epinephrine auto-injector is a potentially lifesaving device. Mylan also admits that proper training in how to use EpiPen products is important and that many caregivers and physicians are trained to use EpiPen products.  Mylan denies the remaining allegations contained in Paragraph 479.

480.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 480, and therefore denies the same.

481.    Mylan admits that proper training in how to use EpiPen products is important and that many caregivers and physicians are trained to use EpiPen products.  Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s October 29, 2009 earnings call.  However, Mylan denies Plaintiff's characterization of those statements.  Mylan denies the remaining allegations contained in Paragraph 481.

482.    Mylan admits that Mylan N.V.'s CEO, Heather Bresch, made statements during Mylan Inc.'s October 29, 2009 earnings call.  However, Mylan denies Plaintiff's characterization of those statements.

483.    Paragraph 483 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 483.

484.    Mylan denies the allegations contained in Paragraph 484.

**H.    Tying the EpiPen 2-Pak**

485.    Paragraph 485 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 485.

486.    Paragraph 486 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 486.

487.    Mylan denies the allegations contained in Paragraph 489.

488.    Mylan denies the allegations contained in Paragraph 488.

489.    Mylan denies the allegations contained in Paragraph 489.

490.    Mylan denies the allegations contained in Paragraph 490.

**I.    Antitrust Injury and Harm to Plaintiffs and Competition**

491.    Mylan denies the allegations contained in Paragraph 491.

492.    Mylan denies the allegations contained in Paragraph 492.

493.    Mylan denies the allegations contained in Paragraph 493.

494.    Mylan denies the allegations contained in Paragraph 494.

495.    Mylan denies the allegations contained in Paragraph 495.

496.    Mylan denies the allegations contained in Paragraph 496.

**J.    Effect on Interstate and Intrastate Commerce**

497.    Mylan admits that epinephrine auto-injector ("EAI") drug devices are sold in interstate commerce. Mylan denies the remaining allegations contained in Paragraph 497.

498.    Paragraph 498 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan admits that EAI drug devices are sold in interstate commerce, but denies the remaining allegations in Paragraph 498.

499.    Mylan denies the allegations contained in Paragraph 499.

500.    Mylan denies the allegations contained in Paragraph 500.

501.    Mylan denies the allegations contained in Paragraph 501.

**K.    Equitable Tolling, Discovery Rule, and Fraudulent Concealment**

502.    In response to Paragraph 502, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.  Mylan denies the allegations contained in Paragraph 502.

503.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 503, and therefore denies the same.

504.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 504, and therefore denies the same.

505.    Mylan denies the allegations contained in Paragraph 505, including that Mylan engaged in any unlawful activities.

506.    Paragraph 506 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 506.

507.    The first sentence of Paragraph 507 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in the

first sentence of Paragraph 507. Mylan denies the remaining allegations contained in Paragraph 507.

508.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 508, and therefore denies the same. Mylan denies the allegations contained in the second sentence of Paragraph 508, including that Plaintiffs or any purported class members were injured or that Mylan engaged in any unlawful conduct.

509.    Mylan denies the allegations contained in Paragraph 509.

510.    Mylan denies the allegations contained in Paragraph 510.

511.    Mylan denies that it engaged in any unlawful conduct, and therefore denies the allegations contained in Paragraph 511.

512.    Mylan denies the allegations contained in Paragraph 512.

513.    Paragraph 513 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 513.

514.    Paragraph 514 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 514.

## L.    CLASS ACTION ALLEGATIONS

515.    In response to Paragraph 515, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

516.    Mylan admits that Plaintiffs purport to bring this lawsuit, both individually and as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3).  The remaining allegations state legal conclusions to which no response is required.  To the extent a response is

required, Mylan denies the allegations in Paragraph 516, including the allegations contained in each of its subparts.

517.    Mylan admits that Plaintiffs purport to bring this lawsuit, both individually and as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3).  The remaining allegations state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 517, including the allegations contained in each of its subparts.

518.    The allegations in Paragraph 518 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 518.

519.    The allegations in Paragraph 519 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 519, including the allegations contained in each of its subparts.

520.    The allegations in Paragraph 520 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 520.

521.    The allegations in Paragraph 521 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 521.

522.    The allegations in Paragraph 519 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 519, including the allegations contained in each of its subparts.

523.    The allegations in Paragraph 523 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 523.

524.    The allegations in Paragraph 524 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 524.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of Sections 1 & 2 of the Sherman Act Against All Defendants (on behalf of Plaintiffs and the Nationwide Class)

525.    In response to Paragraph 525, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

526.    Mylan admits that Plaintiffs purport to bring this case under §§ 1 and 2 of the Sherman Act and amended to allow injunctive relief under §16 of the Clayton Act (15 U.S.C. §26) individually and on behalf of the Nationwide Class, but denies that Plaintiffs are entitled to any relief.  The Court dismissed plaintiffs' exclusive dealing claims against the Mylan Defendants based on discounts or rebates that Mylan offered to state or state agencies and plaintiffs' antitrust claim based on deceptive speech asserted against the Mylan Defendants to the extent the class plaintiffs base their claim on Mylan's alleged failure to disclose that it paid physicians for their statements supporting the EpiPen 2-Pak.  ECF No. 896 at 126-27.  To the extent a response is required, Mylan denies the remaining allegations contained in Paragraph 526.

527.    Mylan denies the allegations contained in Paragraph 527.

528.    Mylan denies the allegations contained in Paragraph 528.

529.    Mylan denies the allegations contained in Paragraph 529.

530.    Mylan denies the allegations contained in Paragraph 530.

531.    Mylan denies the allegations contained in Paragraph 531.

532.    Mylan admits that Plaintiffs purport to seek equitable and injunctive relief pursuant to §16 of the Clayton Act (15 U.S.C. §26) and other applicable law, but denies that Plaintiffs are entitled to any relief.

533.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 533, and therefore denies the same.

534.    Mylan admits that Plaintiffs purport to seek a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201(a), but denies that Plaintiffs are entitled to any relief.

535.    Mylan admits that Plaintiffs purport to seek equitable and injunctive relief pursuant to §16 of the Clayton Act (15 U.S.C. §26), and other applicable law, but denies that Plaintiffs are entitled to any relief.

## COUNT II
### Violation of Section 3 of the Clayton Act Against All Defendants (on behalf of Plaintiffs and the Nationwide Class)

536.    In response to Paragraph 536, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

537.    Mylan denies the allegations contained in Paragraph 537. The Court dismissed plaintiffs' exclusive dealing claims against the Mylan Defendants based on discounts or rebates that Mylan offered to state or state agencies and plaintiffs' antitrust claim based on deceptive speech asserted against the Mylan Defendants to the extent the class plaintiffs base their claim on Mylan's alleged failure to disclose that it paid physicians for their statements supporting the EpiPen 2-Pak.  ECF No. 896 at 126-27.

538.    Mylan denies the allegations contained in Paragraph 538.

539.    Mylan denies the allegations contained in Paragraph 539.

540.    Mylan denies the allegations contained in Paragraph 540.

541.    Mylan admits that Plaintiffs purport to seek equitable and injunctive relief pursuant to §16 of the Clayton Act (15 U.S.C. §26), and other applicable law, but denies that Plaintiffs are entitled to any relief.

**COUNT III**
**Violation of State Antitrust Statutes: Conspiracy (on Behalf of Plaintiffs and the
State Antitrust and Consumer Protection Class)**

542.    In response to Paragraph 542, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

543.    Mylan denies the allegations contained in Paragraph 543.

544.    Mylan denies the allegations contained in Paragraph 544.

545.    Mylan denies the allegations contained in Paragraph 545.

546.    Mylan denies the allegations contained in Paragraph 546.

547.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 547, and therefore denies the same.

548.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 548, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 548.

549.    Mylan denies the allegations contained in Paragraph 549.

550.    Mylan denies the allegations contained in Paragraph 550.

551.    Mylan denies the allegations contained in Paragraph 551.

552.    Mylan denies the allegations contained in Paragraph 552.

553.    Mylan denies the allegations contained in Paragraph 553.

554.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 554, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 554.

555.    The allegations contained in Paragraph 555, subparts (b), (c), (d), (f), (j), (l), (q), (u), (x), (y), (z), (aa), (bb), (ee), and (gg) relate to claims that have been dismissed pursuant to

the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations. Mylan denies the remaining allegations contained in Paragraph 555, including the allegations contained in each of the remaining subparts.

**COUNT IV**
**Violation of State Antitrust Statutes: Monopolization (on behalf of Plaintiffs and the State Antitrust and Consumer Protection Class**

556.    In response to Paragraph 556, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

557.    Mylan denies the allegations contained in Paragraph 557.

558.    Mylan denies the allegations contained in Paragraph 558.

559.    Mylan denies the allegations contained in Paragraph 559.

560.    Paragraph 560 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations in Paragraph 560.

561.    Mylan denies the allegations contained in Paragraph 561.

562.    The allegations contained in Paragraph 562, subparts (b), (c), (d), (f), (j), (k), (l), (q), (u), (v), (x), (y), (z), (aa), (bb), (cc), (ee), and (gg)—as well as subpart (e), to the extent they assert claims under the Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq.*—relate to claims that have been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations. Mylan denies the remaining allegations contained in Paragraph 562, including the allegations contained in each of the remaining subparts.

563.    Mylan denies the allegations contained in Paragraph 563.

564.     Mylan denies the allegations contained in Paragraph 564.

565.     Mylan admits that Plaintiffs purport to seek damages and Attorneys' fees and costs, but denies that Plaintiffs are entitled to any relief.

## COUNT V
### Violation of State Antitrust Statutes: Attempted Monopolization (on behalf of Plaintiffs and the State Antitrust and Consumer Protection Class)

566.     In response to Paragraph 566, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

567.     Mylan denies the allegations contained in Paragraph 567.

568.     Mylan denies the allegations contained in Paragraph 568.

569.     Mylan denies the allegations contained in Paragraph 569.

570.     Mylan denies the allegations contained in Paragraph 570.

571.     Mylan admits that Plaintiffs purport to seek damages and Attorneys' fees and costs, but denies that Plaintiffs are entitled to any relief.

572.     The allegations contained in Paragraph 572, subparts (b), (c), (d), (f), (j), (k), (l), (q), (u), (v), (x), (y), (z), (aa), (bb), (cc), (ee), and (gg)—as well as subpart (e), to the extent they assert claims under the Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq.*—relate to claims that have been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.  To the extent a response is required, Mylan denies the allegations.  Mylan denies the remaining allegations contained in Paragraph 572, including the allegations contained in each of the remaining subparts.

## COUNT VI
### Violation of State Antitrust Statutes: Tying (on behalf of Plaintiffs and the State Antitrust and Consumer Protection Class)

573.    In response to Paragraph 573, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

574.    Mylan denies the allegations contained in Paragraph 574.

575.    Mylan admits that EpiPens were previously sold as individual devices. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 575.

576.    Mylan admits that consumers could purchase epinephrine auto-injectors other than branded EpiPen. Mylan denies the remaining allegations contained in Paragraph 576.

577.    Mylan denies the allegations contained in Paragraph 577.

578.    Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.

579.    Mylan denies the allegations contained in Paragraph 579.

580.    Mylan denies the allegations contained in Paragraph 580.

581.    Mylan denies the allegations contained in Paragraph 581.

582.    Mylan denies the allegations contained in Paragraph 582.

583.    Mylan denies the allegations contained in Paragraph 583.

584.    Paragraph 584 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations in Paragraph 584.

585.    Paragraph 585 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations in Paragraph 585.

586.    Paragraph 586 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations in Paragraph 586.

587.    Mylan denies the allegations contained in Paragraph 587.

588.    The allegations contained in Paragraph 588, subparts (b), (c), (d), (f), (j), (k), (l), (q), (u), (v), (x), (y), (z), (aa), (bb), (cc), (ee), and (gg)—as well as subpart (e), to the extent they assert claims under the Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq.*—relate to claims that have been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.  To the extent a response is required, Mylan denies the allegations.  Mylan denies the remaining allegations contained in Paragraph 588, including the allegations contained in each of the remaining subparts.

589.    Mylan denies the allegations contained in Paragraph 589.

590.    Mylan denies the allegations contained in Paragraph 590.

591.    Mylan admits that Plaintiffs purport to seek damages, but denies that they are entitled to any relief.

## COUNT VII
## Violation of the Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. § 1962 (on behalf of Plaintiffs and the Nationwide Class)

592.    In response to Paragraph 592, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

593.    In response to Paragraph 593, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

594.    Mylan admits that Plaintiffs purport to bring this Count against the following Defendants: (1) Mylan N.V.; (2) Mylan Specialty, LP; (3) Heather Bresch; (4) Pfizer, Inc.; (5) King Pharmaceuticals, Inc.; and (6) Meridian Medical Technologies, but denies that they are entitled to any relief.

595.    Paragraph 595 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 595.

596.    Paragraph 596 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 596.

597.    Paragraph 597 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 597.

598.    Mylan denies the allegations contained in Paragraph 598.

599.    Mylan denies the allegations contained in Paragraph 599.

600.    Mylan denies the allegations contained in Paragraph 600.

601.    Mylan denies the allegations contained in Paragraph 601.

602.    Mylan denies the allegations contained in Paragraph 602.

**A.    The EpiPen Pricing Enterprise**

603.    Mylan denies the allegations contained in Paragraph 603.

604.    Mylan denies the allegations contained in Paragraph 604.

605.    Mylan denies the allegations contained in Paragraph 605.

**1.    The Mylan Defendants**

606.    Paragraph 606 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 606.

607.    Mylan admits that Mylan N.V. and Mylan Specialty L.P are distinct legal entities.

608.    Mylan admits that Heather Bresch is the CEO of Mylan N.V.

609.    Mylan denies the allegations contained in Paragraph 609.

610.    Mylan denies the allegations contained in Paragraph 610.

611.    Mylan denies the allegations contained in Paragraph 611.

66

612.    Mylan admits that Mylan Specialty L.P. sells EAI drug devices in the United States.

613.    Mylan admits that Heather Bresch is the CEO of Mylan N.V.  Mylan admits that Ms. Bresch provided testimony to Congress on September 21, 2016.  Mylan admits that Ms. Bresch signed a September 19, 2016 Truth in Disclosure Form and states that the content of the form speaks for itself.

614.    Mylan admits that Heather Bresch is not the CEO of Mylan Specialty.  Mylan denies the remaining allegations in Paragraph 614.

615.    Mylan admits that the article "How a Senator's Daughter Became the CEO of the Company at the Center of the EpiPen Controversy" exists and states that the content of the article speaks for itself but denies Plaintiffs' characterization of that article.

616.    Mylan admits that publicly available news sources have reported that Ms. Bresch has referred to the EpiPen as her "baby."  Such sources speak for themselves and should be read as a whole.

617.    Mylan admits that Ms. Bresch appeared before the House Oversight Committee on September 21, 2016.  Mylan admits that Ms. Bresch appeared at the Forbes Summit on December 1, 2016.  Mylan admits that Ms. Bresch appeared on CBS on January 27, 2017. Mylan denies the remaining allegations contained in Paragraph 617.

618.    Mylan denies the allegations contained in Paragraph 618.

619.    Mylan denies the allegations contained in Paragraph 619.

620.    Mylan denies the allegations contained in Paragraph 620.

621.    Mylan denies the allegations contained in Paragraph 621.

622.    Mylan admits that the article "Outcry Over EpiPen Prices Hasn't Made Them Lower" exists and states that the content of the article speaks for itself but denies Plaintiffs' characterization of that article.

623.    Mylan denies the allegations contained in Paragraph 623.

624.    Mylan admits that the article "Outcry Over EpiPen Prices Hasn't Made Them Lower" exists and states that the content of the article speaks for itself but denies Plaintiffs' characterization of that article.

625.    Mylan denies the allegations contained in Paragraph 625.

### 2.    The Pfizer Defendants

626.    Paragraph 626 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 626.

627.    Mylan denies the allegations contained in Paragraph 627.

628.    Mylan denies the allegations contained in Paragraph 628.

629.    Mylan denies the allegations contained in Paragraph 629.

630.    Mylan denies the allegations contained in Paragraph 630.

631.    Mylan denies the allegations contained in Paragraph 631.

632.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 632, and therefore denies the same.

### 3.    The PBM Conspirators

633.    Mylan denies the allegations contained in Paragraph 633.

634.    Paragraph 634 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 634.

635.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 635, and therefore denies the same.

636.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 636, and therefore denies the same.

637.    Mylan admits that providing rebates to third-party payors is common in the pharmaceutical industry, that rebates are often solicited by PBMs and payors, and that rebates are a form of price competition that helps to lower prices to the customers.

638.    Mylan denies the allegations contained in Paragraph 638.

639.    Mylan denies the allegations contained in Paragraph 639.

640.    Mylan denies the allegations contained in Paragraph 640.

641.    Mylan denies the allegations contained in Paragraph 641.

**M.     The EpiPen Pricing Enterprise Sought to Illegally Dominate the Market and to Increase Profits and Revenues By Forcing Consumers to Purchase the EpiPen at an Inflated Price and, Since 2011, in a 2-Pak**

642.    Mylan admits that Ms. Bresch made statements on a Q1 2009 earnings call on April 30, 2009 but denies Plaintiffs' characterization of those statements.  Mylan denies the remaining allegations contained in Paragraph 642.

643.    Mylan denies the allegations contained in Paragraph 643.

644.    Mylan denies the allegations contained in Paragraph 644 that pertain to Mylan. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 644 that do not pertain to Mylan, and therefore denies the same.

645.    Mylan denies the allegations contained in Paragraph 645.

646.    Mylan denies the allegations contained in Paragraph 646.

647.    Mylan denies the allegations contained in Paragraph 647.

648.    Mylan denies the allegations contained in Paragraph 648.

649.    Mylan denies the allegations contained in Paragraph 649.

650.    Mylan denies the allegations contained in Paragraph 650.

651.    Mylan denies the allegations contained in Paragraph 651.

**N.    The Pattern of Racketeering: Mail Fraud, Wire Fraud, and Corruption of an of an Official Proceeding**

652.    Mylan denies the allegations contained in Paragraph 652.

653.    Mylan denies the allegations contained in Paragraph 653.

654.    Mylan denies the allegations contained in Paragraph 654, including the allegations contained in each of its subparts.

**1.    The RICO Defendants' Engaged in Predicate Acts to Defraud Consumers and Third-Party Payors and Exclude Competitors from the Market**

655.    Mylan admits that Ms. Bresch made statements on an August 30, 2009 earnings call, but denies Plaintiffs' characterization of those statements.  Mylan admits that Mylan Inc. issued a press release on August 24, 2011 titled "Dey Pharma to Offer EpiPen 2-Pak and EpiPen Jr. 2-Pak Exclusively" with a subheading that states "Decision aligns with recent clinical guidelines for patients at risk for or who have experienced anaphylaxis to have immediate access to two doses of epinephrine," but denies Plaintiffs' characterization of that press release.  Mylan admits that Mylan Inc. issued an April 26, 2012 press release titled "Mylan and Pfizer Announce Epinephrine Auto-injector Settlement Agreement with Teva," but denies Plaintiffs' characterization of that press release.  Mylan admits that Mylan Inc. issued an August 14, 2012 press release titled "Mylan Specialty Offers Free EpiPen® (epinephrine) Auto-Injectors to Schools Nationwide," but denies Plaintiffs' characterization of that press release. Mylan admits that it issued an August 10, 2015 press release titled "Mylan Celebrates EpiPen4Schools® Third

Anniversary, Program Extension Encourages Anaphylaxis Awareness and Preparedness This Back-to-School Season," but denies Plaintiffs' characterization of that press release. Mylan admits that Mylan N.V.'s CEO, Heather Bresch, provided testimony to Congress on September 21, 2016. However, Mylan denies Plaintiffs' characterization of that testimony. Mylan admits that Ms. Bresch appeared on CBS This Morning on January 27, 2017 and made statements related to EpiPen. However, Mylan denies Plaintiffs' characterization of those statements. Mylan denies the remaining allegations contained in Paragraph 655, including the allegations contained in each of its subparts.

656.    Mylan denies the allegations contained in Paragraph 656.

657.    Mylan denies the allegations contained in Paragraph 657.

658.    Mylan denies the allegations contained in Paragraph 658.

659.    Mylan denies the allegations contained in Paragraph 659, including the allegations contained in each of its subparts.

### 2.    Agreements Between the RICO Defendants and the PBM Conspirators Served to Formalize the RICO Defendants' Fraudulent and Anti-Competitive Market Behavior

660.    Mylan denies the allegations contained in Paragraph 660.

661.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 661, and therefore denies the same.

### 2.    The 2-Pak Arrival on the Market in 2011 Benefited the RICO Defendants and Illustrates a Piece of the EpiPen Pricing Enterprise

662.    Mylan denies the allegations contained in Paragraph 662.

663.    Mylan denies the allegations contained in Paragraph 663.

664.    Mylan denies the allegations contained in Paragraph 664.

665.    Mylan denies the allegations contained in Paragraph 665.

666.     Mylan admits that the EpiPen two-pack contains two identical products.  Mylan denies the remaining allegations contained in Paragraph 666.

667.     Mylan admits that on April 25, 2013, it announced the twenty-fifth anniversary of the FDA approval of the EpiPen auto-injector.  Mylan denies the remaining allegations in Paragraph 667.

668.     Mylan denies the allegations contained in Paragraph 668.

669.     Mylan denies the allegations contained in Paragraph 669.

670.     Mylan denies the allegations contained in Paragraph 670.

671.     Mylan denies the allegations contained in Paragraph 671.

> **3.     The RICO Defendants' and PBM Conspirators' Pattern of Racketeering**

672.     Mylan denies the allegations contained in Paragraph 672.

673.     Mylan denies the allegations contained in Paragraph 673.

674.     Mylan denies the allegations contained in Paragraph 674.

675.     Mylan denies the allegations contained in Paragraph 675.

676.     Mylan denies the allegations contained in Paragraph 676.

677.     Mylan denies the allegations contained in Paragraph 677.

678.     Mylan denies the allegations contained in Paragraph 678.

679.     Mylan denies the allegations contained in Paragraph 679.

**O.     Causation and Damages**

680.     Mylan denies the allegations contained in Paragraph 680.

681.     Mylan denies the allegations contained in Paragraph 681.

682.     Mylan denies the allegations contained in Paragraph 682.

## COUNT VIII
### Violation of State Consumer Protection Laws (on behalf of Plaintiffs and the State Antitrust and Consumer Protection Class)

683.    In response to Paragraph 683, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

684.    Mylan denies the allegations contained in Paragraph 684, including the allegations contained in each of its subparts.

685.    Mylan denies the allegations contained in Paragraph 685, including the allegations contained in each of its subparts.

686.    Paragraph 686 states a legal conclusion to which no response is required.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 686.

687.    Paragraph 687 states a legal conclusion to which no response is required.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 687.

688.    Mylan denies the allegations contained in Paragraph 688.

689.    Mylan denies the allegations in Paragraph 689 that relate to Mylan. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 689, and therefore denies the same.

690.    Mylan denies the allegations contained in Paragraph 690.

691.    Mylan denies the allegations contained in Paragraph 691.

692.    Mylan denies the allegations contained in Paragraph 692.

693.    Mylan denies the allegations contained in Paragraph 693.

## A.    VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT (Ala. Code § 8-19-1, et seq.)

694.    In response to Paragraph 694, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

695.    Mylan admits that Plaintiff Kenneth Evans purports to bring this claim on behalf of himself and others, but denies that Plaintiffs are entitled to any relief.  Mylan lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 695, and therefore denies them.

696.    Paragraph 696 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Alabama Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

697.    Paragraph 697 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 697.

698.    Paragraph 698 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 698.

699.    Paragraph 699 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 699.

700.    Mylan denies the allegations contained in Paragraph 700.

701.    Mylan denies the allegations contained in Paragraph 701.

702.    Mylan admits that Plaintiffs purport to seek monetary relief, but denies Plaintiffs are entitled to any relief.

703.    Mylan admits that Plaintiffs purport to seek an injunction, but denies that Plaintiffs are entitled to any relief.

704.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 704, and therefore denies the same.

**B.    VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT (Ariz. Rev. Stat. § 44-1521, et seq.)**

705.    In response to Paragraph 705, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

706.    Denied. Plaintiff Bredek voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

707.    The allegations contained in Paragraph 707 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.   To the extent a response is required, Mylan denies the allegations contained in Paragraph 707.

708.    The allegations contained in Paragraph 708 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 708.

709.    The allegations contained in Paragraph 709 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan admits that the Arizona Consumer Fraud Act exists and states that the statutory language speaks for itself.

710.    The allegations contained in Paragraph 710 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 710.

711.    The allegations contained in Paragraph 711 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 711.

712.    The allegations contained in Paragraph 712 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 712.

713.    The allegations contained in Paragraph 713 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 713.

714.    The allegations contained in Paragraph 714 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 714.

715.    The allegations contained in Paragraph 715 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 715.

716.    The allegations contained in Paragraph 716 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 716.

717.    The allegations contained in Paragraph 717 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 717.

718.    The allegations contained in Paragraph 718 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan admits that Plaintiffs purport to seek monetary relief and punitive damages, but denies that Plaintiffs are entitled to any relief.  Mylan denies any remaining allegations contained in Paragraph 718.

719.    The allegations contained in Paragraph 719 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 707.  To the extent a response is required, Mylan admits that Plaintiffs purport to seek an injunction and attorneys' fees, but denies that Plaintiffs are entitled to any relief.

C.    **VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICE Act (Ark. Code Ann. § 4-88-101, et seq.)**

720.    In response to Paragraph 720, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

721.    Mylan admits that Plaintiff Christopher Rippy purports to bring this claim on behalf of himself and others, but denies that Plaintiffs are entitled to any relief.  Mylan lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 721, and therefore denies them.

722.    Paragraph 722 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 722.

723.    Paragraph 723 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Arkansas DTPA exists and states that the language speaks for itself.

724.    Paragraph 724 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Arkansas DTPA exists and states that the language speaks for itself.

725.    Mylan denies the allegations contained in Paragraph 725.

726.    Mylan denies the allegations contained in Paragraph 726.

727.    Mylan denies the allegations contained in Paragraph 727.

728.    Mylan denies the allegations contained in Paragraph 728.

729.    Mylan denies the allegations contained in Paragraph 729.

730.    Mylan denies the allegations contained in Paragraph 730.

731.    Mylan denies the allegations contained in Paragraph 731.

732.    Mylan denies the allegations contained in Paragraph 732.

733.    Mylan denies the allegations contained in Paragraph 733.

734.    Mylan admits that Plaintiffs purport to seek monetary relief and punitive damages, but denies that Plaintiffs are entitled to any relief.  Mylan denies any remaining allegations contained in Paragraph 734.

735.    Mylan admits that Plaintiffs purport to seek an injunction and attorneys' fees, but denies that Plaintiffs are entitled to any relief.

**D.    VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code §§ 1750, et seq.)**

736.    In response to Paragraph 736, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

737.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Elizabeth Huelsman and Nikitia Marshall purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.  Mylan lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 737, and therefore denies them.

738.    Paragraph 738 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the California Consumers Legal Remedies Act exists and states that the statutory language speaks for itself.

739.    Paragraph 739 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 739.

740.    Paragraph 740 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 740.

741.    Paragraph 741 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 741.

742.    Mylan denies the allegations contained in Paragraph 742, including the allegations contained in each of its subparts.

743.    Mylan denies the allegations contained in Paragraph 743.

744.    Mylan denies the allegations contained in Paragraph 744.

745.    Mylan denies the allegations contained in Paragraph 745.

746.    Mylan denies the allegations contained in Paragraph 746.

747.    Mylan denies the allegations contained in Paragraph 747.

748.    Mylan denies the allegations contained in Paragraph 748.

749.    Mylan denies the allegations contained in Paragraph 749.

750.    Mylan denies the allegations contained in Paragraph 750.

751.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Huelsman and Marshall purport to seek monetary relief, but denies that Plaintiffs are entitled to any relief.

752.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Huelsman and Marshall seek an additional award of up to $5,000 for Plaintiffs who qualify as a "senior citizen" or "disabled person" under the CLRA, but denies that Plaintiffs are entitled to any relief.  Mylan denies the remaining allegations contained in Paragraph 752.

753.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action and therefore, no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 753.

754.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action and therefore, no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 754.

755.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Huelsman and Marshall purport to seek punitive damages, but denies that Plaintiffs are entitled to any relief.  Mylan denies the remaining allegations contained in Paragraph 754.

756.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Huelsman and Marshall purport to

seek an injunction, restitution, punitive damages, court costs, and attorneys' fees, but denies that they are entitled to any relief.

757.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 757, and therefore denies the same.

E.     **VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW (Cal. Bus. & Prof. Code §§ 17500, et seq.)**

758.     In response to Paragraph 758, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

759.     Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Elizabeth Huelsman and Nikitia Marshall purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.

760.     Paragraph 760 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the California Business and Professions Code § 17500 exists and states that the statutory language speaks for itself.

761.     Mylan denies the allegations contained in Paragraph 761.

762.     Mylan denies the allegations contained in Paragraph 762.

763.     Mylan denies the allegations contained in Paragraph 763.

764.     Mylan denies the allegations contained in Paragraph 764.

765.     Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Huelsman and Marshall purport to request an injunction, restitution and/or restitutionary disgorgement, but denies that they are entitled to any relief.

**F.      VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, et seq.)**

766.    In response to Paragraph 766, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

767.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiffs Huelsman and Marshall purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.

768.    Paragraph 768 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the California Business and Professions Code § 17200 exists and states that the statutory language speaks for itself.

769.    Mylan denies the allegations contained in Paragraph 769.

770.    Mylan denies the allegations contained in Paragraph 770.

771.    Mylan admits that California Senate Joint Resolution No. 29 exists and states that the resolution speaks for itself.

772.    Paragraph 772, including the allegations contained in each of its subparts, states legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that the California Education Code § 49414, California Health & Safety Code § 1797.197a, California Civil Code § 1714.23, and California Business & Professions Code § 4119.4 exist and states that the statutory language speaks for itself, however, Mylan denies Plaintiffs' characterization of those statutes.

773.    Paragraph 773, including the allegations contained in each of its subparts, states legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that the U.S. School Access to Emergency Epinephrine Act and 21 U.S.C. § 2205 exist

and states that the statutory language speaks for itself, however, Mylan denies Plaintiffs' characterization of those statutes.

774.    Paragraph 774, including the allegations contained in each of its subparts, states legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that California Welfare & Institutions Code § 14007.8 exists and states that the statutory language speaks for itself, however, Mylan denies Plaintiffs' characterization of that statute. Mylan denies that the citation in subsection b to Paragraph 774 contains the language quoted in subsection b.  Mylan denies any remaining allegations contained in Paragraph 774.

775.    Paragraph 775, including the allegations contained in each of its subparts, states legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that the California Health and Safety Code and the California Business & Professions Code § 657 exist and states that the statutory language speaks for itself, however, Mylan denies Plaintiffs' characterization of those statutes.

776.    Paragraph 776 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the California Unfair Competition Law exists and states that the statutory language speaks for itself. Mylan denies the remaining allegations contained in Paragraph 776.

777.    Plaintiff Corcoran voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 777.

778.    Mylan admits that Plaintiffs purport to request an injunction, restitution and/or restitutionary disgorgement, but denies that they are entitled to any relief.

**G.    VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT (Col. Rev. Stat. § 6-1-101, et seq.)**

779.    In response to Paragraph 779, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

780.    Mylan admits that Plaintiffs Svites and Nordstrum purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.

781.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 781 and therefore denies the same.

782.    Paragraph 782 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 782.

783.    Paragraph 783 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Colorado Consumer Protection Act exists and states that the statutory language speaks for itself.

784.    Mylan denies the allegations contained in Paragraph 784.

785.    Mylan denies the allegations contained in Paragraph 785.

786.    Mylan denies the allegations contained in Paragraph 786.

787.    Mylan denies the allegations contained in Paragraph 787.

788.    Mylan denies the allegations contained in Paragraph 788.

789.    Mylan denies the allegations contained in Paragraph 789.

790.    Mylan denies the allegations contained in Paragraph 790.

791.    Mylan denies the allegations contained in Paragraph 791.

792.    Mylan admits that Plaintiffs purport to seek monetary relief, but denies that they are entitled to any relief.

793.    Mylan admits that Plaintiffs purport to seek an injunction, declaratory relief, and attorneys' fees, but denies that they are entitled to any relief.

## H.    VIOLATIONS OF CONNECTICUT UNLAWFUL TRADE PRACTICES ACT (Conn. Gen. Stat. § 42-110A, et seq.)

794.    In response to Paragraph 794, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

795.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action.  Plaintiff Fernandez voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to bring this claim on behalf of itself and others, but denies that they are entitled to any relief.

796.    Paragraph 796 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Connecticut Unfair Trade Practices Act exists and states that the statutory language speaks for itself.

797.    Paragraph 797 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 797.

798.    Paragraph 798 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 798.

799.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 799 and therefore denies the same.

800.    Paragraph 800 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies that the Connecticut Consumer Protection Act exists. Mylan admits that Conn. Gen. Stat. Ann. § 42-110b exists and states that the statutory language speaks for itself.

801.    Mylan denies the allegations contained in Paragraph 801.

802.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action.  Plaintiff Fernandez also voluntarily dismissed her claims on

February 7, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 802.

803.    Mylan denies the allegations contained in Paragraph 803.

804.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action. Plaintiff Fernandez voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 804.

805.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action. Plaintiff Fernandez voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 805.

806.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action. Plaintiff Fernandez voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 806.

807.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action. Plaintiff Fernandez voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 807.

808.    Mylan denies the allegations contained in Paragraph 808.

809.    Mylan denies the allegations contained in Paragraph 809.

810.    Plaintiff Coale voluntarily dismissed her claims on August 6, 2018 and is no longer a Plaintiff in this action. Plaintiff Fernandez voluntarily dismissed her claims on February

7, 2018 and is no longer a Plaintiff in this action. Mylan denies the remaining allegations contained in Paragraph 810.

I.     **VIOLATIONS OF THE DELAWARE CONSUMER FRAUD ACT (6 Del. Code § 2513, et seq.)**

811.     In response to Paragraph 811, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

812.     Mylan admits that Plaintiff Raymond Buchta purports to bring this claim on behalf of himself and others, but denies that he is entitled to any relief.

813.     Paragraph 813 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 813.

814.     Paragraph 814 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Delaware Consumer Fraud Act exists and states that the statutory language speaks for itself.

815.     Mylan denies the allegations contained in Paragraph 815.

816.     Mylan denies the allegations contained in Paragraph 816.

817.     Mylan denies the allegations contained in Paragraph 817.

818.     Mylan denies the allegations contained in Paragraph 818.

819.     Mylan denies the allegations contained in Paragraph 819.

820.     Mylan denies the allegations contained in Paragraph 820.

821.     Mylan denies the allegations contained in Paragraph 821.

822.     Mylan denies the allegations contained in Paragraph 822.

823.     Mylan admits that Plaintiffs seek damages under the Delaware CFA, but denies that they are entitled to any relief.

824.    Mylan admits that Plaintiffs seek an injunction under the Delaware CFA, but denies that they are entitled to any relief.

825.    Mylan denies the allegations contained in Paragraph 825.

## J.    VIOLATIONS OF FLORIDA'S UNFAIR & DECEPTIVE TRADE PRACTICES ACT (Fla. Stat. § 501.201, et seq.)

826.    In response to Paragraph 826, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

827.    Mylan admits that Plaintiff Lee Seltzer and Local 282 purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.

828.    Paragraph 828 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 828.

829.    Paragraph 829 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Florida Unfair and Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

830.    Mylan denies the allegations contained in Paragraph 830.

831.    Mylan denies the allegations contained in Paragraph 831.

832.    Mylan denies the allegations contained in Paragraph 832.

833.    Mylan denies the allegations contained in Paragraph 833.

834.    Mylan denies the allegations contained in Paragraph 834.

835.    Mylan denies the allegations contained in Paragraph 835.

836.    Mylan denies the allegations contained in Paragraph 836.

837.    Mylan denies the allegations contained in Paragraph 837.

838.    Mylan denies the allegations contained in Paragraph 838.

839.    Mylan admits that Plaintiffs purport to seek an injunction under the FUDTPA, but denies that they are entitled to any relief.

## K.    VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT (Ga. Code Ann. § 10-1-390, et seq.)

840.    In response to Paragraph 840, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

841.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to bring this claim on behalf of itself and others, but denies that they are entitled to any relief.

842.    Paragraph 842 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Georgia Fair Business Practices Act exists and states that the statutory language speaks for itself.

843.    Mylan denies the allegations contained in Paragraph 843.

844.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 844.

845.    Mylan denies the allegations contained in Paragraph 845.

846.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 846.

847.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 847.

848.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 848.

849.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 849.

850.    Mylan denies the allegations contained in Paragraph 850.

851.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 851.

852.    Mylan admits that Plaintiffs purport to seek an injunction under the Georgia FBPA, but denies that they are entitled to any relief.

853.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 853 and therefore denies the same.

## L.    VIOLATIONS OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT (Ga. Code Ann. § 10-1-370, et seq.)

854.    In response to Paragraph 854, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

855.    Plaintiff Dollander voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.

856.    The allegations contained in Paragraph 856 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 856.

90

857.     The allegations contained in Paragraph 857 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan admits that the Georgia Uniform Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

858.     The allegations contained in Paragraph 858 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 858.

859.     The allegations contained in Paragraph 859 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 859.

860.     The allegations contained in Paragraph 860 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 860.

861.     The allegations contained in Paragraph 861 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 861.

862.     The allegations contained in Paragraph 862 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 862.

863.    The allegations contained in Paragraph 863 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 863.

864.    The allegations contained in Paragraph 864 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 864.

865.    The allegations contained in Paragraph 865 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 865.

866.    The allegations contained in Paragraph 865 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent a response is required, Mylan admits that Plaintiffs purport to seek an injunction under the Georgia UDTPA, but denies that they are entitled to any relief.

**M.    UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF HAWAII LAW (Haw. Rev. Stat. § 480, et seq.)**

867.    In response to Paragraph 867, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

868.    Mylan admits that Plaintiff Linda Wagner purports to bring this claim on behalf of herself and others, but denies that they are entitled to any relief.

869.    Paragraph 869 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 869.

870.    Paragraph 870 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 870.

871.    Paragraph 871 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 871.

872.    Paragraph 872 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that Haw. Rev. Stat. § 480-1 *et seq.* exists and states that the statutory language speaks for itself.

873.    Mylan denies the allegations contained in Paragraph 873.

874.    Mylan denies the allegations contained in Paragraph 874.

875.    Mylan denies the allegations contained in Paragraph 875.

876.    Mylan denies the allegations contained in Paragraph 876.

877.    Mylan denies the allegations contained in Paragraph 877.

878.    Mylan denies the allegations contained in Paragraph 878.

879.    Mylan denies the allegations contained in Paragraph 879.

880.    Mylan denies the allegations contained in Paragraph 880.

881.    Mylan admits that Plaintiffs purport to seek monetary damages, but denies that they are entitled to any relief.

882.     Mylan admits that Plaintiffs seek an additional award of up to $10,000 for violations directed at a Hawaiian elder under Hawaiian law, but denies that Plaintiffs are entitled to any relief.  Mylan denies the remaining allegations contained in Paragraph 752.

## N.    VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT (Idaho Code § 48-601, et seq.)

883.     In response to Paragraph 883, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

884.     Plaintiff Anderson voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.

885.     The allegations contained in Paragraph 885 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.   To the extent that a response is required, Mylan denies the allegations contained in Paragraph 885.

886.     The allegations contained in Paragraph 886 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 886.

887.     The allegations contained in Paragraph 887 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885. To the extent a response is required, Mylan admits that the Idaho Consumer Protection Act exists and states that the statutory language speaks for itself.

888.     The allegations contained in Paragraph 888 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required.  *See supra* Paragraph 885.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 888.

889.    The allegations contained in Paragraph 889 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 889.

890.    The allegations contained in Paragraph 890 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 890.

891.    The allegations contained in Paragraph 891 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 891.

892.    The allegations contained in Paragraph 892 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 892.

893.    The allegations contained in Paragraph 893 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 885.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 893.

894.    The allegations contained in Paragraph 894 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 885. To the extent a response is required, Mylan denies the allegations contained in Paragraph 894.

895.    The allegations contained in Paragraph 895 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 885. To the extent a response is required, Mylan denies the allegations contained in Paragraph 895.

896.    The allegations contained in Paragraph 896 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 885. To the extent a response is required, Mylan admits that Plaintiffs purport to seek monetary relief, but denies that they are entitled to any relief.

897.    The allegations contained in Paragraph 897 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 885. To the extent a response is required, Mylan admits that Plaintiffs purport to seek an injunction and attorneys' fees, but denies that they are entitled to any relief.

898.    The allegations contained in Paragraph 898 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 885. To the extent a response is required, Mylan admits that Plaintiffs purport to seek punitive damages, but denies

that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 898.

## O.    VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/1, et seq. and 720 ILCS 295/1a)

899.    In response to Paragraph 899, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

900.    Mylan admits that Plaintiffs Erin Korte-Lamparter and Vishal Aggarwal purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.

901.    Paragraph 901 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 901.

902.    Paragraph 902 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 902.

903.    Paragraph 903 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Illinois Consumer Fraud Act exists and states that the statutory language speaks for itself.

904.    Paragraph 904 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Illinois Deceptive Business Practices Act exists and states that the statutory language speaks for itself.

905.    Mylan denies the allegations contained in Paragraph 905.

906.    Mylan denies the allegations contained in Paragraph 906.

907.    Mylan denies the allegations contained in Paragraph 907.

908.    Mylan denies the allegations contained in Paragraph 908.

909.    Mylan denies the allegations contained in Paragraph 909.

910.    Mylan denies the allegations contained in Paragraph 910.

911.    Mylan denies the allegations contained in Paragraph 911.

912.    Mylan denies the allegations contained in Paragraph 912.

913.    Mylan admits that Plaintiffs purport to seek monetary damages and punitive damages pursuant to Illinois law, but denies that Plaintiffs are entitled to any relief.  Mylan denies the remaining allegations contained in Paragraph 913.

914.    Mylan admits that Plaintiffs purport to seek an injunction, punitive damages, and attorneys' fees under Illinois law, but denies that they are entitled to any relief.

## P.    VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT (Ind. Code § 24-5-0.5-3)

915.    In response to Paragraph 915, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

916.    Plaintiff McDaniel voluntarily dismissed her claims on July 31, 2018 and is no longer a Plaintiff in this action.

917.    The allegations contained in Paragraph 917 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.   To the extent that a response is required, Mylan denies the allegations contained in Paragraph 917.

918.    The allegations contained in Paragraph 918 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 917.   To the extent that a response is required, Mylan denies the allegations contained in Paragraph 918.

919.    The allegations contained in Paragraph 919 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required. *See supra* Paragraph 917. To the extent a response is required, Mylan admits that the Indiana Deceptive Consumer Sales Act exists and states that the statutory language speaks for itself.

920. The allegations contained in Paragraph 920 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 917. To the extent a response is required, Mylan denies the allegations contained in Paragraph 920.

921. The allegations contained in Paragraph 921 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 917. To the extent a response is required, Mylan denies the allegations contained in Paragraph 921.

922. The allegations contained in Paragraph 922 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 917. To the extent a response is required, Mylan denies the allegations contained in Paragraph 922.

923. The allegations contained in Paragraph 923 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 917. To the extent a response is required, Mylan denies the allegations contained in Paragraph 923.

924. The allegations contained in Paragraph 924 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 917. To the extent a response is required, Mylan denies the allegations contained in Paragraph 924.

925.    The allegations contained in Paragraph 925 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 917.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 925.

926.    The allegations contained in Paragraph 926 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 917.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 926.

927.    The allegations contained in Paragraph 927 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 917.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 927.

928.    The allegations contained in Paragraph 928 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 917.  To the extent a response is required, Mylan admits that Plaintiffs purport to seek monetary relief, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in 928.

929.    The allegations contained in Paragraph 929 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 917.  To the extent a response is required, Mylan admits that Plaintiffs purport to seek punitive damages, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in 929.

**Q.    VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT (Kan. Stat. Ann. § 50-623, et seq.)**

930.    In response to Paragraph 930, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

931.    Mylan admits that Plaintiffs Rosetta Serrano and Lesley Huston purport to bring this claim on behalf of themselves and others, but denies that they are entitled to any relief.

932.    Paragraph 932 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 932.

933.    Paragraph 933 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 933.

934.    Paragraph 934 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 934.

935.    Paragraph 935 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Kansas Consumer Protection Act exists and states that the language speaks for itself.

936.    Mylan denies the allegations contained in Paragraph 936.

937.    Mylan denies the allegations contained in Paragraph 937.

938.    Mylan denies the allegations contained in Paragraph 938.

939.    Mylan denies the allegations contained in Paragraph 939.

940.    Mylan denies the allegations contained in Paragraph 940.

941.    Mylan denies the allegations contained in Paragraph 941.

942.    Mylan denies the allegations contained in Paragraph 942.

943.    Mylan denies the allegations contained in Paragraph 943.

944.    Mylan admits that Plaintiffs purport to seek monetary relief under Kansas law, but denies that they are entitled to any relief.

945.    Mylan admits that Plaintiffs purport to seek an injunction under Kansas law, but denies that they are entitled to any relief.

**R.      VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT (Ky. Rev. Stat. § 367.110, et seq.)**

946.    In response to Paragraph 946, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

947.    Mylan admits that Plaintiff Joy Shepard purports to bring this claim on behalf of herself and others, but denies that they are entitled to any relief.

948.    Paragraph 948 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 948.

949.    Paragraph 949 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 949.

950.    Paragraph 950 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Kentucky Consumer Protection Act exists and states that the statutory language speaks for itself.

951.    Mylan denies the allegations contained in Paragraph 951.

952.    Mylan denies the allegations contained in Paragraph 952.

953.    Mylan denies the allegations contained in Paragraph 953.

954.    Mylan denies the allegations contained in Paragraph 954.

955.    Mylan denies the allegations contained in Paragraph 955.

956.    Mylan denies the allegations contained in Paragraph 956.

957.    Mylan denies the allegations contained in Paragraph 957.

958.    Mylan denies the allegations contained in Paragraph 958.

959.    Mylan admits that Plaintiffs purport to seek damages, an injunction, declaratory relief, and attorneys' fees, but deny that they are entitled to any relief.

## S.    VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (La. Rev. Stat. § 51:1401, et seq.)

960.    In response to Paragraph 960, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

961.    Plaintiff Montet voluntarily dismissed her claims on May 14, 2018 and is no longer a Plaintiff in this action.

962.    The allegations contained in Paragraph 962 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 962.

963.    The allegations contained in Paragraph 963 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 963.

964.    The allegations contained in Paragraph 964 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 964.

965.    The allegations contained in Paragraph 965 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962. To the extent a

response is required, Mylan admits that the Louisiana Unfair Trade Practices and Consumer Protection Law exists and states that the statutory language speaks for itself.

966.    The allegations contained in Paragraph 966 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 966.

967.    The allegations contained in Paragraph 967 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 967.

968.    The allegations contained in Paragraph 968 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 968.

969.    The allegations contained in Paragraph 969 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 969.

970.    The allegations contained in Paragraph 970 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 970.

971.    The allegations contained in Paragraph 971 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 971.

972.    The allegations contained in Paragraph 972 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 972.

973.    The allegations contained in Paragraph 973 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 973.

974.    The allegations contained in Paragraph 974 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 962.  To the extent a response is required, Mylan admits that Plaintiffs purport to seek actual damages, treble damages, an injunction, declaratory relief, and attorneys' fees, but denies that Plaintiffs are entitled to any relief.

**T.    MAINE UNFAIR TRADE PRACTICES ACT (MUTPA) AND UNIFORM DECEPTIVE TRADE PRACTICES ACT (MUDTPA) (5 M.R.S.A. § 205-A et seq., 5 M.R.S.A. § 1211 et seq.)**

975.    In response to Paragraph 975, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

976.     Mylan admits that Plaintiff Lorraine Wight purports to bring this claim on behalf of herself and others, but denies that they are entitled to any relief.

977.     Paragraph 977 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 977.

978.     Paragraph 978 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 978.

979.     Paragraph 979 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Maine Unfair Trade Practices Act exists and states that the statutory language speaks for itself.

980.     Paragraph 980 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Maine Uniform Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

981.     Mylan denies the allegations contained in Paragraph 981.

982.     Mylan denies the allegations contained in Paragraph 982.

983.     Mylan denies the allegations contained in Paragraph 983.

984.     Mylan denies the allegations contained in Paragraph 984.

985.     Mylan denies the allegations contained in Paragraph 985.

986.     Mylan denies the allegations contained in Paragraph 986.

987.     Mylan denies the allegations contained in Paragraph 987.

988.     Mylan denies the allegations contained in Paragraph 988.

989.     Mylan admits that Plaintiffs purport to seek an injunction, damages, punitive damages, and attorneys' fees, and costs, under the MUTPA and the MUDTPA, but denies that Plaintiffs are entitled to any relief.

990.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 990.  Mylan admits that Plaintiffs purport to seek damages, but denies Plaintiffs are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 990.

**U.     VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT (Md. Code Com. Law § 13-101, et seq.)**

991.    In response to Paragraph 991, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

992.    Mylan admits that Plaintiff Teia Amell purports to bring this claim on behalf of herself and others, but denies that they are entitled to any relief.

993.    Paragraph 993 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 993.

994.    Paragraph 994 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Maryland Consumer Protection Act exists and states that the statutory language speaks for itself.

995.    Paragraph 995 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Maryland Consumer Protection Act exists and states that the statutory language speaks for itself.

996.    Mylan denies the allegations contained in Paragraph 996.

997.    Mylan denies the allegations contained in Paragraph 997.

998.    Mylan denies the allegations contained in Paragraph 998.

999.    Mylan denies the allegations contained in Paragraph 999.

1000.   Mylan denies the allegations contained in Paragraph 1000.

1001.   Mylan denies the allegations contained in Paragraph 1001.

1002.    Mylan denies the allegations contained in Paragraph 1002.

1003.    Mylan denies the allegations contained in Paragraph 1002.

1004.    Mylan admits that Plaintiffs purport to seek damages and attorneys' fees under the Maryland CPA, but denies that Plaintiffs are entitled to any relief.

## V.    DECEPTIVE ACTS OR PRACTICES PROHIBITED BY MASSACHUSETTS LAW (Mass. Gen. Laws Ch. 93a, § 1, et seq.)

1005.    In response to Paragraph 1005, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1006.    Mylan admits that Plaintiff Todd Beaulieu purports to bring this action on behalf of himself and others, but denies that they are entitled to any relief.

1007.    Paragraph 1007 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1007.

1008.    Paragraph 1008 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1008.

1009.    Paragraph 1009 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that Mass. Gen. Laws ch. 93A, § 2 exists and states that the statutory language speaks for itself.

1010.    Mylan denies the allegations contained in Paragraph 1010.

1011.    Mylan denies the allegations contained in Paragraph 1011.

1012.    Mylan denies the allegations contained in Paragraph 1012.

1013.    Mylan denies the allegations contained in Paragraph 1013.

1014.    Mylan denies the allegations contained in Paragraph 1014.

1015.    Mylan denies the allegations contained in Paragraph 1015.

1016.    Mylan denies the allegations contained in Paragraph 1016.

1017.   Mylan denies the allegations contained in Paragraph 1017.

1018.   Mylan denies the allegations contained in Paragraph 1018.

1019.   Mylan denies the allegations contained in Paragraph 1019.

1020.   Mylan denies the allegations contained in Paragraph 1020.

1021.   Mylan admits that Plaintiffs purport to seek monetary relief, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1021.

1022.   Mylan admits that Plaintiffs purport to seek an injunction under the Massachusetts CPA, but denies that they are entitled to any relief.

1023.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 1023. Mylan admits that Plaintiffs purport to seek damages, but denies Plaintiffs are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1023.

## W.    VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT (Mich. Comp. Laws § 445.903, et seq.)

1024.   In response to Paragraph 1024, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1025.   Mylan admits that Plaintiffs Anastasia Johnston and Annette Sutorik purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1026.   Paragraph 1026 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1026.

1027.   Paragraph 1027 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1027.

1028.   Paragraph 1028 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Michigan Consumer Protection Act exists and states that the statutory language speaks for itself.

1029.   Mylan denies the allegations contained in Paragraph 1029.

1030.   Paragraph 1030 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Michigan Consumer Protection Act exists and states that the statutory language speaks for itself.

1031.   Mylan denies the allegations contained in Paragraph 1031.

1032.   Mylan denies the allegations contained in Paragraph 1032.

1033.   Mylan denies the allegations contained in Paragraph 1033.

1034.   Mylan denies the allegations contained in Paragraph 1034.

1035.   Mylan denies the allegations contained in Paragraph 1035.

1036.   Mylan denies the allegations contained in Paragraph 1036.

1037.   Mylan denies the allegations contained in Paragraph 1037.

1038.   Mylan denies the allegations contained in Paragraph 1038.

1039.   Mylan admits that Plaintiffs purport to seek an injunction and monetary relief, but denies that they are entitled to any relief.

1040.   Mylan admits that Plaintiffs purport to seek punitive damages, but denies that they are entitled to any relief.  Mylan denies the remaining allegations contained in Paragraph 1040.

## X.    VIOLATIONS OF MINNESOTA PREVENTION OF CONSUMER FRAUD ACT (Minn. Stat. § 325f.68, et seq.)

1041.   In response to Paragraph 1041, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1042.   Mylan admits that Plaintiff Heather DeStefano purports to bring this action on behalf of herself and others, but denies that they are entitled to any relief.

1043.   Paragraph 1043 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1043.

1044.   Paragraph 1044 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Minnesota Prevention of Consumer Fraud Act exists and states that the statutory language speaks for itself.

1045.   Mylan denies the allegations contained in Paragraph 1045.

1046.   Mylan denies the allegations contained in Paragraph 1046.

1047.   Mylan denies the allegations contained in Paragraph 1047.

1048.   Mylan denies the allegations contained in Paragraph 1048.

1049.   Mylan denies the allegations contained in Paragraph 1049.

1050.   Mylan denies the allegations contained in Paragraph 1050.

1051.   Mylan denies the allegations contained in Paragraph 1051.

1052.   Mylan denies the allegations contained in Paragraph 1052.

1053.   Mylan admits that Plaintiffs purport to seek damages and attorneys' fees under the Minnesota CFA, but denies that they are entitled to any relief.

1054.   Mylan admits that Plaintiffs purport to seek punitive damages under Minnesota law, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1054.

**Y.    VIOLATIONS OF MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT (Minn. Stat. § 325d.43-48, et seq.)**

1055.   In response to Paragraph 1055, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

111

1056.   Mylan admits that Plaintiff Heather DeStefano purports to bring this action on behalf of herself and others, but denies that they are entitled to any relief.

1057.   Paragraph 1057 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Minnesota Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

1058.   Mylan denies the allegations contained in Paragraph 1058.

1059.   Mylan denies the allegations contained in Paragraph 1059.

1060.   Mylan denies the allegations contained in Paragraph 1060.

1061.   Mylan denies the allegations contained in Paragraph 1061.

1062.   Mylan denies the allegations contained in Paragraph 1062.

1063.   Mylan denies the allegations contained in Paragraph 1063.

1064.   Mylan denies the allegations contained in Paragraph 1064.

1065.   Mylan denies the allegations contained in Paragraph 1065.

1066.   Mylan admits that Plaintiffs purport to seek damages and attorneys' fees under the Minnesota DTPA, but denies that they are entitled to any relief.

1067.   Mylan admits that Plaintiffs purport to seek punitive damages under Minnesota law, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1067.

**Z.   VIOLATIONS OF MISSISSIPPI CONSUMER PROTECTION ACT (Miss. Code. Ann. § 75-24-1, et seq.)**

1068.   In response to Paragraph 1068, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1069.   Mylan admits that Plaintiff Elizabeth Williamson purports to bring this action on behalf of herself and others, but denies that they are entitled to any relief.

1070.   Paragraph 1070 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Mississippi Consumer Protection Act exists and states that the statutory language speaks for itself.

1071.   Mylan denies the allegations contained in Paragraph 1071.

1072.   Mylan denies the allegations contained in Paragraph 1072.

1073.   Mylan denies the allegations contained in Paragraph 1073.

1074.   Mylan denies the allegations contained in Paragraph 1074.

1075.   Mylan denies the allegations contained in Paragraph 1075.

1076.   Mylan denies the allegations contained in Paragraph 1076.

1077.   Mylan denies the allegations contained in Paragraph 1077.

1078.   Mylan admits that Plaintiffs purport to seek damages under the Mississippi CPA, but denies that they are entitled to any relief.

## AA.   VIOLATIONS OF MISSOURI MERCHANDISING PRACTICES ACT (MO. REV. STAT. § 407.010, ET SEQ.)

1079.   In response to Paragraph 1079, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1080.   Mylan admits that Plaintiffs Shannon Clements and Local 282 purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1081.   Paragraph 1081 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1081.

1082.   Paragraph 1082 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1082.

1083.   Paragraph 1083 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Missouri Merchandising Practices Act exists and states that the statutory language speaks for itself.

1084.   Paragraph 1084 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Missouri Merchandising Practices Act exists and states that the statutory language speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 1084.

1085.   Paragraph 1085 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Missouri Merchandising Practices Act exists and states that the statutory language speaks for itself.

1086.   Mylan denies the allegations contained in Paragraph 1086.

1087.   Mylan denies the allegations contained in Paragraph 1087.

1088.   Mylan denies the allegations contained in Paragraph 1088.

1089.   Mylan denies the allegations contained in Paragraph 1089.

1090.   Paragraph 1090 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Missouri Merchandising Practices Act exists and states that the statutory language speaks for itself.

1091.   Mylan denies the allegations contained in Paragraph 1091.

1092.   Mylan denies the allegations contained in Paragraph 1092.

1093.   Paragraph 1093 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Missouri Merchandising Practices Act exists and states that the statutory language speaks for itself.

1094.   Mylan denies the allegations contained in Paragraph 1094.

114

1095.   Mylan denies the allegations contained in Paragraph 1095.

1096.   Mylan denies the allegations contained in Paragraph 1096.

1097.   Mylan denies the allegations contained in Paragraph 1097.

1098.   Mylan denies the allegations contained in Paragraph 1098.

1099.   Mylan denies the allegations contained in Paragraph 1099.

1100.   Mylan denies the allegations contained in Paragraph 1100.

1101.   Mylan denies the allegations contained in Paragraph 1101.

1102.   Mylan denies the allegations contained in Paragraph 1102.

1103.   Mylan admits that Plaintiffs purport to seek damages, including attorneys' fees, costs, and punitive damages, and injunctive relief under Missouri law, but denies that they are entitled to any relief.

## BB.    VIOLATIONS OF THE NEBRASKA CONSUMER PROTECTION ACT (NEB. REV. STAT. § 59-1601, ET SEQ.)

1104.   In response to Paragraph 1104, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1105.   Mylan admits that Plaintiff Mark Kovarik purports to bring this action on behalf of himself and others, but denies that they are entitled to any relief.

1106.   Mylan lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1106, and therefore denies them.

1107.   Paragraph 1107 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1107.

1108.   Paragraph 1108 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1108.

1109.   Paragraph 1109 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Nebraska Consumer Protection Act exists and states that the statutory language speaks for itself.

1110.   Mylan denies the allegations contained in Paragraph 1110.

1111.   Mylan denies the allegations contained in Paragraph 1111.

1112.   Mylan denies the allegations contained in Paragraph 1112.

1113.   Mylan denies the allegations contained in Paragraph 1113.

1114.   Mylan denies the allegations contained in Paragraph 1114.

1115.   Mylan denies the allegations contained in Paragraph 1115.

1116.   Mylan denies the allegations contained in Paragraph 1116.

1117.   Mylan denies the allegations contained in Paragraph 1117.

1118.   Mylan admits that Plaintiffs purport to seek injunctive relief, damages, punitive damages, attorneys' fees, and costs under the Nebraska CPA, but denies that they are entitled to any relief.

## CC.   VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT (Nev. Rev. Stat. § 598.0903, et seq.)

1119.   In response to Paragraph 1119, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1120.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to bring this action on behalf of itself and others, but denies that they are entitled to any relief.

1121.   Paragraph 1121 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Nevada Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

1122.   Mylan denies the allegations contained in Paragraph 1122.

1123.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1123.

1124.   Mylan denies the allegations contained in Paragraph 1124.

1125.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1125.

1126.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1126.

1127.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1127.

1128.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1128.

1129.   Mylan denies the allegations contained in Paragraph 1129.

1130.   Plaintiff Clarke voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to seek damages, including punitive damages, court costs, attorneys' fees, and injunctive relief under the Nevada Deceptive Trade Practices Act, but denies that it is entitled to any relief.

**DD.    VIOLATIONS OF NEW HAMPSHIRE CONSUMER PROTECTION ACT (N.H. Rev. Stat. Ann. § 358-a:1, et seq.)**

1131.   In response to Paragraph 1131, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1132.   Mylan admits that Plaintiff Laura Chapin purports to bring this action on behalf of herself and others, but denies that they are entitled to any relief.

1133.   Paragraph 1133 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1133.

1134.   Paragraph 1134 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1134.

1135.   Paragraph 1135 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the New Hampshire Consumer Protection Act exists and states that the statutory language speaks for itself.

1136.   Mylan denies the allegations contained in Paragraph 1136.

1137.   Mylan denies the allegations contained in Paragraph 1137.

1138.   Mylan denies the allegations contained in Paragraph 1138.

1139.   Mylan denies the allegations contained in Paragraph 1139.

1140.   Mylan denies the allegations contained in Paragraph 1140.

1141.   Mylan denies the allegations contained in Paragraph 1141.

1142.   Mylan denies the allegations contained in Paragraph 1142.

1143.   Mylan admits that Plaintiffs purport to seek damages, treble damages, costs and attorneys' fees, and injunctive relief under the New Hampshire CPA, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1143.

**EE.    VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT (N.J. Stat. Ann. §§ 56:8-1, et seq.)**

1144.   In response to Paragraph 1144, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1145.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to bring this action on behalf of itself and others, but denies that they are entitled to any relief.

1146.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  The remaining allegations in Paragraph 1146 state a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1146.

1147.   Paragraph 1147 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1147.

1148.   Paragraph 1148 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1148.

1149.   Paragraph 1149 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the New Jersey Consumer Fraud Act exists and states that the statutory language speaks for itself.

1150.   Mylan denies the allegations contained in Paragraph 1150.

1151.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1151.

1152.   Mylan denies the allegations contained in Paragraph 1152.

1153.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1153.

1154.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1154.

1155.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1155.

1156.   Plaintiff Giurland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1156.

1157.   Mylan admits that Plaintiffs purport to seek damages, including treble damages, costs, and attorneys' fees, and an injunction under New Jersey law, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1157.

## FF.    VIOLATIONS OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT (N.M. Stat. Ann. §§ 57-12-1, et seq.)

1158.   In response to Paragraph 1158, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1159.   The allegations contained in Paragraph 1159 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1159.

1160.   Paragraph 1160 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1160.

1161.   Paragraph 1161 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1161.

1162.   Paragraph 1162 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the New Mexico Unfair Trade Practices Act exists and states that the statutory language speaks for itself.

1163.   Mylan denies the allegations contained in Paragraph 1163.

1164.   Mylan denies the allegations contained in Paragraph 1164.

1165.   Mylan denies the allegations contained in Paragraph 1165.

1166.   Mylan denies the allegations contained in Paragraph 1166.

1167.   Mylan denies the allegations contained in Paragraph 1167.

1168.   Mylan denies the allegations contained in Paragraph 1168.

1169.   Mylan denies the allegations contained in Paragraph 1169.

1170.   Mylan admits that Plaintiffs purport to seek damages, treble damages, punitive damages, attorneys' fees, and costs under New Mexico law, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1170.

## GG.    VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (N.Y. Gen. Bus. Law § 349)

1171.   In response to Paragraph 1171, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1172.   Mylan admits that Plaintiffs Donna Wemple, Michael Gill, Suzanne Harwood, and Local 282 purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1173.   Paragraph 1173 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1173.

1174.   Paragraph 1174 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1174.

1175.   Paragraph 1175 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the New York Deceptive Acts and Practices Act exists and states that the statutory language speaks for itself.

1176.   Paragraph 1176 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the New York State General Business Law Section 349 exists and states that the statutory language speaks for itself.

1177.   Mylan denies the allegations contained in Paragraph 1177.

1178.   Mylan denies the allegations contained in Paragraph 1178.

1179.   Mylan denies the allegations contained in Paragraph 1179.

1180.   Mylan denies the allegations contained in Paragraph 1180.

1181.   Mylan denies the allegations contained in Paragraph 1181.

1182.   Mylan denies the allegations contained in Paragraph 1182.

1183.   Mylan denies the allegations contained in Paragraph 1183.

1184.   Mylan denies the allegations contained in Paragraph 1184.

1185.   Mylan admits that Plaintiffs purport to seek damages, including treble damages, punitive damages, attorneys' fees, and costs, and an injunction under the New York DAPA, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1185.

**HH.    VIOLATIONS OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (N.C. Gen. Stat. §§ 75-1.1, et seq.)**

1186.   In response to Paragraph 1186, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1187.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to bring this action on behalf of itself and others, but denies that they are entitled to any relief.

1188.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  The remaining allegations in Paragraph 1188 state a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1188.

1189.   Paragraph 1189 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1189.

1190.   Paragraph 1190 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the North Carolina Unfair and Deceptive Trade Practices Act exists but states that the statutory language speaks for itself.

1191.   Mylan denies the allegations contained in Paragraph 1191.

1192.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1192.

1193.   Mylan denies the allegations contained in Paragraph 1193.

1194.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1194.

1195.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1195.

1196.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1196.

1197.   Plaintiff Cobb voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1197.

1198.   Mylan denies the allegations contained in Paragraph 1198.

1199.   Mylan admits that Plaintiffs purport to seek treble damages, injunctive relief, court costs, and attorneys' fees under North Carolina law, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1199.

## II.    VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT (Ohio Rev. Code §§ 1345.01, et seq.)

1200.   In response to Paragraph 1200, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1201.   Mylan admits that Plaintiffs Bowersock, North, and Local 282 purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1202.   Paragraph 1202 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1202.

1203.   Paragraph 1203 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1203.

1204.   Paragraph 1204 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1204.

1205.   Paragraph 1205 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Ohio Consumer Sales Practices Act exists and states that the statutory language speaks for itself.

1206.   Mylan denies the allegations contained in Paragraph 1206.

1207.   Mylan denies the allegations contained in Paragraph 1207.

1208.   Mylan denies the allegations contained in Paragraph 1208.

1209.   Mylan denies the allegations contained in Paragraph 1209.

1210.   Mylan denies the allegations contained in Paragraph 1210.

1211.   Mylan denies the allegations contained in Paragraph 1211.

1212.   Mylan denies the allegations contained in Paragraph 1212.

1213.   Mylan denies the allegations contained in Paragraph 1213.

1214.   Mylan admits that Plaintiffs purport to seek an injunction, treble damages, attorneys' fees, and costs under the Ohio CSPA, but denies that they are entitled to any relief.

## JJ.    VIOLATIONS OF THE OHIO DECEPTIVE TRADE PRACTICES ACT (Ohio Rev. Code § 4165.01, et seq.)

1215.   In response to Paragraph 1215, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1216.   Mylan admits that Plaintiffs Bowersock, North, and Local 282 purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1217.   Paragraph 1217 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1217.

125

1218.   Paragraph 1218 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1218.

1219.   Paragraph 1219 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Ohio Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

1220.   Mylan denies the allegations contained in Paragraph 1220.

1221.   Mylan denies the allegations contained in Paragraph 1221.

1222.   Mylan denies the allegations contained in Paragraph 1222.

1223.   Mylan denies the allegations contained in Paragraph 1223.

1224.   Mylan denies the allegations contained in Paragraph 1224.

1225.   Mylan denies the allegations contained in Paragraph 1225.

1226.   Mylan denies the allegations contained in Paragraph 1226.

1227.   Mylan denies the allegations contained in Paragraph 1227.

1228.   Mylan admits that Plaintiffs purport to seek an injunction, damages, punitive damages, attorneys' fees, and costs under the Ohio DTPA, but denies that they are entitled to any relief.

## KK.    VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT (Okla. Stat. Tit. 15 § 751, et seq.)

1229.   In response to Paragraph 1229, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1230.   Plaintiff James voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents.  Therefore, the claim made under this statute should be dismissed pursuant to Court's

126

August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.

1231.   Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1231.

1232.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1232.

1233.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan admits that the Oklahoma Consumer Protection Act exists and states that the statutory language speaks for itself.

1234.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20,

2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1234.

1235.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1235.

1236.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1236.

1237.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1237.

1238.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents.

Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1238.

1239.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1239.

1240.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1240.

1241.  Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1241.

1242.    Plaintiff James is the only named Plaintiff who asserts a claim under the Oklahoma Consumer Protection Act on her behalf and on behalf of other Oklahoma residents. Therefore, the claim made under this statute should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan admits that the purported Oklahoma Class purports to seek an injunction, damages, punitive damages, attorneys' fees, and costs under the Oklahoma CPA, but denies that they are entitled to any relief.

## LL.    VIOLATIONS OF THE OREGON UNLAWFUL TRADE PRACTICES ACT (Or. Rev. Stat. §§ 646.605, et seq.)

1243.    In response to Paragraph 1243, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1244.    Plaintiff Smith voluntarily dismissed his claims on February 7, 2018 and is no longer a Plaintiff in this action.

1245.    The allegations contained in Paragraph 1245 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1245.

1246.    The allegations contained in Paragraph 1246 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1246.

1247.    The allegations contained in Paragraph 1247 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245. To the extent a

response is required, Mylan admits that the Oregon Unfair Trade Practices Act exists and states that the statutory language speaks for itself.

1248.   The allegations contained in Paragraph 1248 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1248.

1249.   The allegations contained in Paragraph 1249 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1249.

1250.   The allegations contained in Paragraph 1250 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1250.

1251.   The allegations contained in Paragraph 1251 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1251.

1252.   The allegations contained in Paragraph 1252 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* Paragraph 1245.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 1252.

1253.    The allegations contained in Paragraph 1253 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.    *See supra* Paragraph 1245.    To the extent a response is required, Mylan denies the allegations contained in Paragraph 1253.

1254.    The allegations contained in Paragraph 1254 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.    *See supra* Paragraph 1245.    To the extent a response is required, Mylan denies the allegations contained in Paragraph 1254.

1255.    The allegations contained in Paragraph 1255 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.    *See supra* Paragraph 1245.    To the extent a response is required, Mylan denies the allegations contained in Paragraph 1255.

1256.    The allegations contained in Paragraph 1256 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.    *See supra* Paragraph 1245.    To the extent a response is required, Mylan admits that Plaintiffs purport to seek an injunction, damages, punitive damages, attorneys' fees, and costs under the Oregon UTPA, but denies that they are entitled to any relief.

## MM.    VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. § 201-1, et seq.)

1257.    In response to Paragraph 1257, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1258.    Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.    Plaintiff Jones voluntarily dismissed her claims on May 16, 2018

and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to bring this action on behalf of itself and others, but denies that they are entitled to any relief.

1259.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  The remaining allegations in Paragraph 1259 state a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1259.

1260.  Paragraph 1260 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1260.

1261.  Paragraph 1261 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Pennsylvania Unfair Trade Practices Act exists and states that the statutory language speaks for itself.

1262.  Mylan denies the allegations contained in Paragraph 1262.

1263.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1263.

1264.  Mylan denies the allegations contained in Paragraph 1264.

1265.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1265.

1266.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1266.

1267.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1267.

1268.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1268.

1269.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1269.

1270.  Plaintiff Collins voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.  Plaintiff Jones voluntarily dismissed her claims on May 16, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Local 282 purports to seek an injunction, damages, punitive damages, attorneys' fees, and costs under the Pennsylvania UTPA, but denies that it is entitled to any relief.

**NN.    VIOLATIONS OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT (S.C. Code Ann. § 39-5-10, et seq.)**

1271.   In response to Paragraph 1271, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1272.   Mylan admits that Plaintiffs Jennifer Walton and Local 282 purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1273.   Paragraph 1273 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1273.

1274.   Paragraph 1274 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1274.

1275.   Paragraph 1275 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the South Carolina Unfair Trade Practices Act exists and states that the statutory language speaks for itself.

1276.   Mylan denies the allegations contained in Paragraph 1276.

1277.   Mylan denies the allegations contained in Paragraph 1277.

1278.   Mylan denies the allegations contained in Paragraph 1278.

1279.   Mylan denies the allegations contained in Paragraph 1279.

1280.   Mylan denies the allegations contained in Paragraph 1280.

1281.   Mylan denies the allegations contained in Paragraph 1281.

1282.   Mylan denies the allegations contained in Paragraph 1282.

1283.   Mylan denies the allegations contained in Paragraph 1283.

1284.   Mylan admits that Plaintiffs purport to seek an injunction and damages, including treble damages, punitive damages, attorneys' fees, and costs, under the South Carolina UTPA, but denies that they are entitled to any relief.

**OO.    VIOLATIONS OF TENNESSEE CONSUMER PROTECTION ACT OF 1977**
        **(Tenn. Code Ann. § 47-18-101, et seq.)**

1285.   In response to Paragraph 1285, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1286.   Mylan admits that Plaintiff April Sumner purports to bring this action on behalf of herself and others, but denies that they are entitled to any relief.

1287.   Paragraph 1287 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1287.

1288.   Paragraph 1288 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1288.

1289.   Paragraph 1289 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1289.

1290.   Paragraph 1290 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Tennessee Consumer Protection Act exists and states that the statutory language speaks for itself.

1291.   Mylan denies the allegations contained in Paragraph 1291.

1292.   Mylan denies the allegations contained in Paragraph 1292.

1293.   Mylan denies the allegations contained in Paragraph 1293.

1294.   Mylan denies the allegations contained in Paragraph 1294.

1295.   Mylan denies the allegations contained in Paragraph 1295.

1296.   Mylan denies the allegations contained in Paragraph 1296.

1297.   Mylan denies the allegations contained in Paragraph 1297.

1298.   Mylan denies the allegations contained in Paragraph 1298.

1299.   Mylan admits that Plaintiffs purport to seek an injunction and damages, including treble damages, punitive damages, attorneys' fees, and costs, under the Tennessee CPA, but denies that they are entitled to any relief.

## PP.    VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT – CONSUMER PROTECTION ACT (Tex. Bus. & Com. Code §§ 17.41, et seq.)

1300.   In response to Paragraph 1300, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1301.   Mylan admits that Plaintiffs Meredith Krimmel and Local 282 purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1302.   Paragraph 1302 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Texas Deceptive Trade Practices – Consumer Protection Act exists and states that the statutory language speaks for itself, however, Mylan denies Plaintiffs' characterization of that statute.

1303.   Paragraph 1303 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1303.

1304.   Paragraph 1304 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1304.

1305.   Paragraph 1305 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1305.

1306.   Paragraph 1306 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Texas Deceptive Trade Practices – Consumer Protection Act exists and states that the statutory language speaks for itself.

1307.   Mylan denies the allegations contained in Paragraph 1307.

1308.   Mylan denies the allegations contained in Paragraph 1308.

1309.   Mylan denies the allegations contained in Paragraph 1309.

1310.   Mylan denies the allegations contained in Paragraph 1310.

1311.   Mylan denies the allegations contained in Paragraph 1311.

1312.   Mylan denies the allegations contained in Paragraph 1312.

1313.   Mylan denies the allegations contained in Paragraph 1313.

1314.   Mylan denies the allegations contained in Paragraph 1314.

1315.   Mylan admits that Plaintiffs purport to seek an injunction and damages, including multiple damages, punitive damages, attorneys' fees, and costs, under the Texas DTPA, but denies that they are entitled to any relief.

1316.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 1316. Mylan admits that Plaintiffs purport to seek damages, but denies Plaintiffs are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1316.

## QQ.    VIOLATIONS OF UTAH CONSUMER SALES PRACTICES ACT (Utah Code Ann. § 13-11-1, et seq.)

1317.   In response to Paragraph 1317, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1318.   Mylan admits that Plaintiffs Ipson and Steinhauser purport to bring this action on behalf of themselves and others, but denies that they are entitled to any relief.

1319.   Paragraph 1319 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1319.

1320.   Paragraph 1320 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1320.

1321.   Paragraph 1321 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1321.

1322.   Paragraph 1322 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Utah Consumer Sales Practices Act exists and states that the statutory language speaks for itself.

1323.   Mylan denies the allegations contained in Paragraph 1323.

1324.   Mylan denies the allegations contained in Paragraph 1324.

1325.   Mylan denies the allegations contained in Paragraph 1325.

1326.   Mylan denies the allegations contained in Paragraph 1326.

1327.   Mylan denies the allegations contained in Paragraph 1327.

1328.   Mylan denies the allegations contained in Paragraph 1328.

1329.   Mylan denies the allegations contained in Paragraph 1329.

1330.   Mylan denies the allegations contained in Paragraph 1330.

1331.   Mylan admits that Plaintiffs purport to seek an injunction and damages, including multiple damages, punitive damages, attorneys' fees, and costs, under the Utah CSPA, but denies that they are entitled to any relief.

**RR.   VIOLATIONS OF VERMONT CONSUMER PROTECTION ACT (Vt. Stat. Ann. Tit. 9, § 2451 et seq.)**

1332.   In response to Paragraph 1332, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1333.   Plaintiff Dodge voluntarily dismissed his claims on February 7, 2018 and is no longer a Plaintiff in this action.

1334.   The allegations contained in Paragraph 1334 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required. ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1334.

1335. The allegations contained in Paragraph 1335 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1335.

1336. The allegations contained in Paragraph 1336 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1336.

1337. The allegations contained in Paragraph 1337 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan admits that the Vermont Consumer Protection Act exists and states that the statutory language speaks for itself.

1338. The allegations contained in Paragraph 1338 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1338.

1339. The allegations contained in Paragraph 1339 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1339.

1340. The allegations contained in Paragraph 1340 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1340.

1341. The allegations contained in Paragraph 1341 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1341.

1342. The allegations contained in Paragraph 1342 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1342.

1343. The allegations contained in Paragraph 1343 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1343.

1344. The allegations contained in Paragraph 1344 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1344.

1345. The allegations contained in Paragraph 1345 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1345.

1346.  The allegations contained in Paragraph 1346 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* Paragraph 1334. To the extent a response is required, Mylan admits that Plaintiffs purport to seek an injunction and damages, including punitive damages, attorneys' fees, and costs, under the Vermont CPA, but denies that they are entitled to any relief.

## SS.     VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION ACT (Va. Code Ann. §§ 59.1-196, et seq.)

1347.  In response to Paragraph 1347, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1348.  Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Donna Anne Dvorak purports to bring this action on behalf of herself and others, but denies that they are entitled to any relief.

1349.  Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  The remaining allegations in Paragraph 1349 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1349.

1350.  Paragraph 1350 states a legal conclusion to which no response is required. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1350.

1351.   Paragraph 1351 states a legal conclusion to which no response is required. To the extent a response is required, Mylan admits that the Virginia Consumer Protection Act exists and states that the statutory language speaks for itself.

1352.   Mylan denies the allegations contained in Paragraph 1352.

1353.   Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1353.

1354.   Mylan denies the allegations contained in Paragraph 1354.

1355.   Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1355.

1356.   Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1356.

1357.   Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1357.

1358.   Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1358.

1359.   Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan denies the remaining allegations contained in Paragraph 1359.

1360.  Plaintiff Vialet De Montbel voluntarily dismissed her claims on August 28, 2018 and is no longer a Plaintiff in this action.  Mylan admits that Plaintiff Dvorak purports to seek damages, treble damages, attorneys' fees, and costs under Virginia law, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1360.

## TT.    VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT (Wash. Rev. Code Ann. §§ 19.86.010, et seq.)

1361.  In response to Paragraph 1361, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1362.  Plaintiff Stafford voluntarily dismissed her claims on July 24, 2018 and is no longer a Plaintiff in this action.

1363.  The allegations contained in Paragraph 1363 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1363.

1364.  The allegations contained in Paragraph 1364 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1364.

1365.  The allegations contained in Paragraph 1365 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent a response is required, Mylan admits that the Washington Consumer Protection Act exists and states that the statutory language speaks for itself.

1366.  The allegations contained in Paragraph 1366 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent a response is required, Mylan admits that the Washington Consumer Protection Act exists and states that the statutory language speaks for itself.

1367.  The allegations contained in Paragraph 1367 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1367.

1368.  The allegations contained in Paragraph 1368 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1368.

1369.  The allegations contained in Paragraph 1369 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1369.

1370.  The allegations contained in Paragraph 1370 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1370.

1371.  The allegations contained in Paragraph 1371 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required. *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1371.

1372.  The allegations contained in Paragraph 1372 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1372.

1373.  The allegations contained in Paragraph 1373 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1373.

1374.  The allegations contained in Paragraph 1374 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* paragraph 1363. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1374.

1375.  The allegations contained in Paragraph 1375 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required. *See supra* paragraph 1363. To the extent a response is required, Mylan admits that Plaintiffs purport to seek an injunction, treble damages, punitive damages, attorneys' fees, and costs under the Washington CPA, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 1375.

**UU.    VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT (W. Va. Code § 46A-1-101, et seq.)**

1376.  In response to Paragraph 1376, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1377.   Francis Myers voluntarily dismissed his claims on September 24, 2018 and is no longer a Plaintiff in this action.  Plaintiff Myers is the only named Plaintiff who resides in West Virginia.  Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  See ECF No. 896 at 123-24.

1378.   Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1378.

1379.   Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1379.

1380.   Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required.  *See* ECF No. 896 at 123-24.  To the extent a response is required, Mylan admits that the West Virginia Consumer Credit and Protection Act exists and states that the statutory language speaks for itself.

1381.   Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should

be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1381.

1382. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1382.

1383. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1383.

1384. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1384.

1385. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1385.

1386. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1386.

1387. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1387.

1388. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan admits that the purported West Virginia members of the alleged Class purport to seek an injunction, damages, and punitive damages under the West Virginia CCPA, but denies that they are entitled to any relief.

1389. Plaintiff Myers is the only named Plaintiff who resides in West Virginia. Therefore, the claim made under the West Virginia Consumer Credit and Protection Act should be dismissed pursuant to Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and no response is required. *See* ECF No. 896 at 123-24. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1389 and therefore denies the same.

## VV.    VIOLATIONS OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT (WIS. STAT. § 100.18)

1390.   In response to Paragraph 1390, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1391.   Plaintiff Ruland voluntarily dismissed her claims on February 7, 2018 and is no longer a Plaintiff in this action.

1392.   The allegations contained in Paragraph 1392 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1392.

1393.   The allegations contained in Paragraph 1393 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1393.

1394.   The allegations contained in Paragraph 1394 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1394.

1395.   The allegations contained in Paragraph 1395 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan admits that the Wisconsin Deceptive Trade Practices Act exists and states that the statutory language speaks for itself.

1396.   The allegations contained in Paragraph 1396 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1396.

1397.   The allegations contained in Paragraph 1397 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1397.

1398.   The allegations contained in Paragraph 1398 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1398.

1399.   The allegations contained in Paragraph 1399 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1399.

1400.   The allegations contained in Paragraph 1400 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.   ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1400.

1401.   The allegations contained in Paragraph 1401 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1401.

1402.  The allegations contained in Paragraph 1402 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1402.

1403.  The allegations contained in Paragraph 1404 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1403.

1404.  The allegations contained in Paragraph 1404 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan admits that Plaintiffs purport to seek damages, court costs, and attorneys' fees under the Wisconsin DTPA, but denies that they are entitled to any relief.

## WW.   VIOLATIONS OF THE WYOMING CONSUMER PROTECTION ACT (Wyo. Stat. §§ 40-12-101, et seq.)

1405.  In response to Paragraph 1405, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1406.  Plaintiff Palmer voluntarily dismissed his claims on February 7, 2018 and is no longer a Plaintiff in this action.

1407.  The allegations contained in Paragraph 1407 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1407.

1408.  The allegations contained in Paragraph 1408 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1408.

1409.  The allegations contained in Paragraph 1409 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent that a response is required, Mylan denies the allegations contained in Paragraph 1409.

1410.  The allegations contained in Paragraph 1410 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan admits that the Wyoming Consumer Protection Act exists and states that the statutory language speaks for itself.

1411.  The allegations contained in Paragraph 1411 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1411.

1412.  The allegations contained in Paragraph 1412 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1412.

1413.   The allegations contained in Paragraph 1413 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1413.

1414.   The allegations contained in Paragraph 1414 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1414.

1415.   The allegations contained in Paragraph 1415 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1415.

1416.   The allegations contained in Paragraph 1416 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1416.

1417.   The allegations contained in Paragraph 1417 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1417.

1418.   The allegations contained in Paragraph 1418 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to

dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan denies the allegations contained in Paragraph 1418.

1419.  The allegations contained in Paragraph 1419 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan admits that Plaintiffs purport to seek damages, court costs, and attorneys' fees under the Wyoming CPA, but denies that they are entitled to any relief.

1420.  The allegations contained in Paragraph 1420 relate to a claim that has been dismissed pursuant to the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss, and therefore no response is required.  ECF No. 896 at 127. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1420 and therefore denies the same.

## COUNT IX
### Unjust Enrichment (on behalf of Plaintiffs and the Nationwide Class)

1421.  In response to Paragraph 1421, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

1422.  Mylan admits that Plaintiffs purport to bring this claim under the common law of all 50 states and territories, but denies that they are entitled to any relief.  Moreover, the Court's August 20, 2018 Order granting in part Defendants' motion to dismiss all claims asserted in Count IX brought under the laws of Alaska, Arizona, the District of Columbia, Idaho, Indiana, Iowa, Louisiana, Montana, New Mexico, North and South Dakota, Oregon, Puerto Rico, Rhode Island, Vermont, Washington, Wisconsin, and Wyoming because there is no named plaintiff who resides in any of these states.  ECF No. 896 at 127-28.

1423.  Mylan denies the allegations contained in Paragraph 1423.

1424.   Mylan denies the allegations contained in Paragraph 1424.

1425.   Mylan denies the allegations contained in Paragraph 1425.

1426.   Mylan denies the allegations contained in Paragraph 1426.

1427.   Mylan denies the allegations contained in Paragraph 1427.

1428.   Mylan denies the allegations contained in Paragraph 1428.

## DEMAND FOR JURY TRIAL

1429.   Mylan admits that Plaintiffs purport to demand a jury trial.

## PRAYER FOR RELIEF

Mylan denies that Plaintiffs are entitled to any relief.  To the extent Mylan has not specifically admitted any allegation herein, it is denied.  Further, Mylan states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Mylan asserts the following additional affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against Mylan under Sections 1 and 2 of the Sherman Act; Section 3 of the Clayton Act; the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and state antitrust and consumer-protection statutes because, among other things: (1) Plaintiff fails to state a tying claim regarding the EpiPen "Two-Pack," (2) Plaintiffs' allegations regarding PBM rebates and EpiPen4Schools fail to state an antitrust claim, (3) Plaintiffs fail to allege causation for their antitrust claims regarding

patent settlements, (4) Plaintiffs fail to allege any facts showing Mylan's involvement in an antitrust conspiracy, (5) Plaintiffs' patent-settlement claims are time-barred, (6) Plaintiffs fail to allege causation regarding Mylan's citizenship petition to the FDA, (7) Plaintiffs fail to state an antitrust claim regarding allegedly "misleading" statements, (8) Plaintiffs fail to state a claim under various state antitrust laws, (9) Plaintiffs fail to allege any facts showing deceptive or misleading conduct by Mylan, (10) Plaintiffs fail to allege unfair or unconscionable conduct by Mylan, (11) Plaintiffs fail to allege actual loss with respect to their consumer protection claims, (12) Plaintiffs fail to allege causation or reliance with respect to their consumer protection claims, (13) Plaintiffs fail to plead their consumer protection claims with particularity, (13) Plaintiffs fail to state a claim for unjust enrichment under the law of any state, (14) Plaintiffs' consumer protection claims are preempted by federal patent law, and (15) Plaintiffs fail to state a RICO claim. The Court already dismissed (1) "the class plaintiffs' exclusive dealing claims against the Mylan Defendants based on discounts or rebates that Mylan offered to state or state agencies because the *Noerr-Pennington* doctrine immunizes them from liability"; (2) "the class plaintiffs' antitrust claim based on deceptive speech asserted against the Mylan Defendants to the extent the class plaintiffs base their claim on Mylan's alleged failure to disclose that it paid physicians for their statements supporting the Epi-Pen 2-Pak"; and (3) various state-law antitrust and consumer protection claims.  Order (ECF No. 896) at 126-28.

## SECOND AFFIRMATIVE DEFENSE

(Procompetitive Benefits)

The procompetitive benefits of Mylan's alleged conduct substantially outweigh its purportedly anticompetitive effects.

## THIRD AFFIRMATIVE DEFENSE

(Price-Cost Test)

To the extent Plaintiff's Sherman Act claims are based on Mylan's rebates, these claims fail because Plaintiff cannot show that Mylan priced its rebates below its costs. *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 408 (3d Cir. 2016).

## FOURTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' claims are based on activity by Mylan with other parties that share unified economic interests, Mylan is immune from antitrust liability under the *Copperweld* doctrine. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984).

## FIFTH AFFIRMATIVE DEFENSE

(*Noerr-Pennington* Immunity)

To the extent any of Plaintiffs' claims are based on government petitioning activity by Mylan, Mylan is immune from antitrust liability under the *Noerr-Pennington* doctrine. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56–60 (1993).

## SIXTH AFFIRMATIVE DEFENSE

(State Action Immunity)

To the extent any of Plaintiffs' claims are based on conduct that was taken pursuant to a "clearly articulated and affirmatively expressed . . . state policy" that is "'actively supervised' by the State itself," Mylan is immune from antitrust liability under the state action doctrine. *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980) (citation omitted).

## SEVENTH AFFIRMATIVE DEFENSE

(Article III Standing)

158

Plaintiffs have suffered no injury and do not have standing to assert a Sherman Act claim or claims based on state consumer protection law or unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Antitrust Standing)

Plaintiffs lack standing to bring an antitrust claim because they have not suffered "injury of the type of the antitrust laws were intended to prevent and that flows from that which makes defendant's acts unlawful." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990).

## NINTH AFFIRMATIVE DEFENSE

### (Consumer Protection Standing)

Plaintiffs lack standing to bring any consumer protection claims because they have not suffered injury-in-fact, "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual and imminent,' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted).

## TENTH AFFIRMATIVE DEFENSE

### (RICO Standing)

Plaintiffs lack standing to bring any RICO claims because they have not been injured "by reason of a violation of [RICO]," 18 U.S.C. § 1964(c), which requires that a RICO predicate act be "not only [the] 'but for' cause of [the] injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs lack standing to bring any consumer protection claims because those claims are preempted by federal patent law.

159

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Privity)

Plaintiffs' consumer protection claims are barred because Plaintiffs lack privity with Mylan with respect to their purchases of EpiPen products.  Plaintiffs did not purchase EpiPen products directly from Mylan, and Plaintiffs' out-of-pocket costs were set by entities other than Mylan.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

To the extent any of Plaintiffs' Sherman Act allegations exceed four years from the date of the filing of the Complaint, such claims or allegations are barred by the four-year statute of limitations under the Clayton Act, 15 U.S.C. § 15b.  To the extent any of Plaintiffs' state antitrust allegations exceed two to six years from the date of the filing of the Complaint, such claims or allegations are barred by the relevant statutes of limitations of certain states.  To the extent any of Plaintiffs' consumer protection allegations exceed one to six years from the date of the filing of the Complaint, such claims or allegations are barred by the relevant statutes of limitations of certain states.  To the extent any of Plaintiffs' unjust enrichment allegations exceed two to ten years from the date of the filing of the Complaint, such claims or allegations are barred by the relevant statutes of limitations of certain states.  To the extent any of Plaintiffs' RICO allegations exceed four years from the date of the filing of the Complaint, such claims are barred by the four-year statute of limitations under RICO, 18 U.S.C. § 1962 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

If Plaintiffs recover any damages, such award must be reduced by all damages attributable to Plaintiffs' failure to take appropriate action and mitigate damages prior to and subsequent to the institution of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Duplicative Relief)

To the extent any relief sought by Plaintiffs would be duplicative of relief sought by Plaintiffs or other plaintiffs in other lawsuits, subjecting Mylan to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than Mylan, including third parties, under the principle of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Settlement Credits)

In the event that a settlement is reached between Plaintiffs and any other person or entity for conduct related to this action, Mylan is entitled to any settlement credits permitted by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Waiver, Laches, Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, and estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

To the extent Plaintiffs' claims or the issues raised by Plaintiffs' claims have been previously litigated, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

(Release)

Plaintiffs' claims are barred to the extent they have been released through settlement in any prior litigation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Due Process)

Plaintiffs' claims are barred to the extent Plaintiffs seek excessive statutory or punitive damages in violation of the Due Process Clause.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Defenses Specific to Putative Class Members)

Mylan may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class.  Mylan reserves the right to assert additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

162

Dated: September 25, 2018

By:  /s/ Adam K. Levin
Adam K. Levin
David M. Foster
Carolyn A. DeLone
Kathryn M. Ali
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone:  (202) 637-5600
Telecopier:  (202) 637-5910
Email: adam.levin@hoganlovells.com
Email: david.foster@hoganlovells.com
Email: carolyn.delone@hoganlovells.com
Email: kathryn.ali@hoganlovells.com

Brian C. Fries (15889)
James Moloney (23786)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001
Email: bfries@lathropgage.com
Email: jmoloney@lathropgage.com

*Attorneys for the Mylan Defendants*

163

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2018, I electronically filed the foregoing Answer, Affirmative Defenses with the Clerk of Court for the United States District Court, District of Kansas by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

/s/ Adam K. Levin