IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation

MDL No: 2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to All Cases)

**MEMORANDUM AND ORDER**

This matter is before the Court on Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Teva Pharmaceuticals USA, Inc. (ECF No. 992). Class Plaintiffs seek an order compelling Non-Party Teva Pharmaceuticals USA, Inc. ("Teva") to comply with subpoenas Class Plaintiffs served on Teva. Teva opposes the motion. As set forth below, the Court will grant Class Plaintiffs' motion.

**I.    Relevant Background**

On December 8, 2017, Class Plaintiffs served a subpoena on Teva which includes two requests seeking non-privileged documents concerning the facts and circumstances surrounding the litigation and settlement of the EpiPen and Nuvigil patent infringement lawsuits.[1] After meeting and conferring, Class Plaintiffs and Teva agreed that Class Plaintiffs would withdraw those two requests without prejudice to re-issuance after District Judge Crabtree ruled on Defendants' motion to dismiss the Class Complaint.

---

[1] ECF No. 992-2, Request Nos. 12 and 13.

On August 9, 2018, during a discovery status conference in this case, the undersigned Magistrate Judge ordered Mylan to produce Nuvigil-related documents.[2] Four days later, Class Plaintiffs issued a second subpoena to Teva that requests documents regarding Nuvigil and the settled patent litigation. On August 20, 2018, District Judge Crabtree ruled in connection with Defendants' motion to dismiss that Plaintiffs' pay-for-delay allegation regarding Nuvigil and EpiPen states a cognizable claim for relief.[3]

On August 30, 2018, Teva served its responses and objections to the latest subpoena. Although Teva apparently had produced some documents in response to Class Plaintiffs' first subpoena, Teva has refused to produce any documents requested by Class Plaintiffs' second subpoena on the basis of the following objection it lodged to every request:

> By way of further response, and based on the evidence Teva USA has produced and will produce concerning Teva USA's efforts to obtain FDA approval for its generic EpiPen ANDA until August 16, 2018, more than three years after the licensed entry date in June of 2015, Teva USA does not believe that it is – or should be – required to produce any further discovery unless and until the Court has assessed on the factual record the threshold issue of whether Plaintiffs can plausibly show antitrust standing in connection with their claims concerning Nuvigil.[4]

Class Plaintiffs and Teva met and conferred on this objection, which resulted in no change in Teva's position. Following Teva's confirmation that it would not produce responsive documents, Class Plaintiffs filed the instant motion. The Court finds that Plaintiffs and Teva have complied with the requirements of D. Kan. R. 37.2.

---

[2] The oral ruling is memorialized in the order dated August 10, 2018 (ECF No. 872) at 3.

[3] ECF No. 894 at 48-54.

[4] ECF No. 992-4.

## II. Summary of the Parties' Arguments

Class Plaintiffs argue that, simply put, Teva's refusal to produce documents until after "the Court has assessed on the factual record the threshold issue of whether Plaintiffs can plausibly show antitrust standing in connection with their claims concerning Nuvigil," would stand discovery on its head. Class Plaintiffs assert that under the legal standards governing third-party discovery, their requests are proper and enforceable and would not cause Teva undue burden. Teva denies it is seeking to avoid discovery in toto, but is instead asking the court to use its inherent authority to manage discovery by sequencing discovery until Plaintiffs demonstrate a substantial basis, grounded in evidence, to show that the pay-for-delay agreement actually delayed approval of its EpiPen Abbreviated New Drug Application ("ANDA").[5] Teva has asserted additional objections, which it continues to discuss with Class Plaintiffs. For the moment, those objections are not before the Court.[6]

## III. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[7] Non-parties responding to Rule 45

---

[5] Teva contradicts the assurance that it is not seeking to avoid all such discovery by its assertion that "the evidence categorically forecloses any . . . showing" that an alleged pay-for-delay agreement delayed approval of Teva's EpiPen ANDA. *See* ECF No. 1066 at 3. In other words, Teva seeks delay until Class Plaintiffs make some sort of showing, but insists the evidence makes it impossible for Class Plaintiffs to do so.

[6] Although Teva purports to reserve the right to raise those objections at a later date, whether an objection is properly preserved will be for the Court to determine.

[7] Fed. R. Civ. P. 45(d)(1).

subpoenas generally receive heightened protection from discovery abuses.[8]

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party.[9] Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[10] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[11]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[12] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any

---

[8] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[9] Teva has not filed a motion to quash the subpoena in this or any other federal district court.

[10] Fed. R. Civ. P. 45(d)(3)(A).

[11] Fed. R. Civ. P. 45(d)(3)(B).

[12] *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

party's claim or defense.[13] Information still "need not be admissible in evidence to be discoverable."[14] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[15] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[16] Relevancy determinations are generally made on a case-by-case basis.[17]

## IV. Relevancy

Teva repeatedly refers to the discovery Class Plaintiffs seek as almost certainly irrelevant and futile, based on its position that Class Plaintiffs must prove the subpoenaed documents are relevant by producing "sufficient evidence to establish antitrust standing and antitrust injury."[18] According to Teva, "if the evidence defeats such a showing [of antitrust standing and injury],

---

[13] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[14] Fed. R. Civ. P. 26(b)(1).

[15] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[16] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[17] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[18] ECF No. 1066 at 15.

5

then each Definition, Instruction, and Request, to the extent it seeks documents and/or information beyond this threshold issue, is irrelevant. . . ."[19]

Teva offers no proposal for how, to whom, or by what standard Plaintiffs should be required to satisfy this threshold showing. Nor does Teva explain how its argument fits with the legal principle that the scope of discovery under a subpoena is the same as party discovery permitted by Federal Rule of Civil Procedure 26. And while the Court acknowledges that Rule 26 provides it with authority to manage discovery, Teva's proposal flies in the face of the purpose of discovery in general and of Federal Rule of Civil Procedure 1, and more particularly ignores this court's orders regarding Defendants' motion to dismiss the class complaint and party discovery.

Judge Crabtree ruled that "the Class Complaint alleges 'enough facts' to allow a reasonable inference that the Teva settlement constituted an unlawful reverse payment and thus is sufficient to 'nudge[ ] the[ ] claims across the line from conceivable to plausible.'"[20] In light of Judge Crabtree's ruling, the undersigned Magistrate Judge ordered Mylan to produce documents related to Nuvigil. The same scope of discovery analysis applies to both Mylan and Teva. Accordingly, consistent with this Court's prior ruling, the Court finds Class Plaintiffs' subpoena requests are relevant on their face.

## V. Burden

---

[19] *Id.* at 13.

[20] ECF No. 896 at 52 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A "reverse payment settlement" is what Class Plaintiffs refer to as their "pay-for-delay" claim. "A reverse payment settlement refers to an agreement by a brand-name manufacturer and patent holder to compensate a generic manufacturer and alleged patent infringer in exchange for settling patent infringement litigation, thus delaying the generic's market entry." *Id.* at 48.

Teva argues that responding to Class Plaintiffs' subpoena would impose a very substantial burden. Through the declaration of in-house counsel, Teva estimates it would be required to review a minimum of tens of thousands of pages, and recounts the millions of dollars in legal fees Teva has incurred in litigating pay-for-delay cases.[21] The Court is not persuaded by the support Teva offers. First, the declaration contains nothing more than speculation about the number of documents Teva would be required to review. And as far as the financial burden, the Court does not find it useful to know what Teva's total legal fees have been to litigate pay-for-delay cases in which Teva was a party. Accordingly, the Court will not deny Class Plaintiffs' motion on the ground that compliance would be unduly burdensome.

## VI. Request to Defer Production

In responding to Class Plaintiffs' assertion that Teva's proposal to defer its discovery responses would turn discovery on its head, "Teva acknowledges that the Court's motion to dismiss ruling addressed, for pleading purposes, the issue of antitrust standing and antitrust injury related to Teva's inability to obtain FDA approval for its generic EpiPen product prior to its license date in June 2015."[22] Teva asserts, however, that "this discovery motion comes to the Court on a different posture and with a different record" whereby "the Court can and should consider the evidence, not just allegations or speculation, in deciding this motion."[23] Putting aside how this statement demonstrates a lack of understanding of motion to dismiss standards, the most striking feature is the "evidence" Teva thinks the Court should consider. The

---

[21] ECF No. 1066-1.

[22] ECF No. 1066 at 17.

[23] *Id.*

"evidence" apparently is Teva's unsupported eight-page recitation of the FDA approval process and how Teva got from beginning to end of that process for its EpiPen ANDA.[24]

Teva's argument is devoid of legal support or logical procedural analysis. The Court finds no basis to exercise its discretion to defer Teva's obligation to comply with the requests contained in Class Plaintiffs' Rule 45 subpoenas. Because no other objections are before the Court, the Court will deny Teva's request and will grant Class Plaintiffs' motion.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Teva Pharmaceuticals USA, Inc. (ECF No. 992) is granted. Teva shall produce documents responsive to Class Plaintiffs' subpoenas within **14 days** of the date of this order.

**IT IS FURTHER ORDERED** that if Teva intends to pursue its request for costs in connection with responding to the subpoenas, it shall submit an appropriate affidavit with supporting documents no later than **10 business days** after it has fully complied with this order.

Dated this 5th day of October, 2018 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[24] *Id.* at 4-12.