IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to All Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

# MEMORANDUM AND ORDER

The Court conducted an in-person discovery status conference in this case on October 10, 2018.[1] The parties timely submitted status reports on the issues to be discussed, which the Court had thoroughly reviewed in advance of the conference. The parties also submitted a proposed agenda, which the Court followed and supplemented. This order memorializes the rulings, sets forth deadlines, and sets a place-holder date for a hearing if necessary.

**I.      DISCOVERY ISSUES**

**Class Plaintiffs' Discovery Issues with Mylan**

**A.      Class Plaintiffs' Second and Third RFPs to Mylan**

Class Plaintiffs announced, and Mylan confirmed, that the parties have resolved this issue in principle with Mylan agreeing to produce certain international sales and domestic transaction

---

[1] Class Plaintiffs appeared through counsel, Warren T. Burns, Gretchen Freeman Cappio, Stuart A. Davidson, Ryan C. Hudson, Amanda Klevorn, Elizabeth C. Pritzker, and Rex A. Sharp. Local 282 Welfare Trust Fund Plaintiffs appeared through counsel, Brian O'Mara. Sanofi appeared through counsel, Yehudah L. Buchweitz and Eric S. Hochstadt, and in-house counsel Chris Liwski. Mylan Defendants appeared through counsel, Kathryn Ali, Carolyn A. DeLone, David M. Foster, Brian C. Fries, Adam K. Levin, Ralph C. Mayrell, James Moloney, and Philip A. Sechler. Pfizer Defendants appeared through counsel, Raj Gandesha and Joseph M. Rebein.

data.[2]  Class Plaintiffs asked the Court to set deadlines for Mylan's production.  Mylan agreed to produce the international sales data on a rolling basis, which it represents is coming from nine different entities in two countries.  The Court understands the challenge this task presents to Mylan but is also aware of the November 16, 2018 class certification motion deadline Class Plaintiffs face.  Accordingly, the Court ordered Mylan to produce the international sales information responsive to Class Plaintiffs' Second RFP by **October 17, 2018**.  If production is not complete by that date, counsel must confer and if necessary, Mylan may request additional time.

With respect to the domestic transaction data, Mylan indicated the large quantity slows the production process.  The Court imposed the same deadline of **October 17, 2018** for Mylan to produce domestic transaction data.  If production is not complete by that date, counsel must confer and if necessary, Mylan may request additional time.

      **B.**      **Class Plaintiffs' Motion to Compel the Production of Documents from the Mylan Defendants (ECF No. 931)**

Class Plaintiffs ask the Court to compel Mylan to conduct additional ESI searches for two custodians, Defendant Bresch and Robert Coury, and to produce unredacted Board of Directors materials.  The Court will not require Mylan to run additional searches at this late date based merely upon Class Plaintiffs' suspicions that Bresch and Coury authored or received a relatively small number of documents.  The Court denies Class Plaintiffs' motion insofar as it seeks to require Mylan to run additional ESI searches with three additional search terms for custodians Bresch and Coury.

---

[2] Plaintiffs' Second RFP seeks international sales data, and their Third RFP is directed to domestic transaction data.

The Court noted receipt of correspondence from counsel on this issue following the October 9 deposition of Defendant Bresch. If Class Plaintiffs believe the transcript from the Bresch deposition provides support for their motion, the parties shall confer and if necessary Class Plaintiffs may seek reconsideration of the Court's denial of this portion of their motion.

Class Plaintiffs also ask the Court to compel Mylan to produce unredacted Board materials for twelve documents. Mylan opposes the motion on the ground that it made redactions pursuant to an agreement with Class Plaintiffs as reflected in the transcript of the June 21, 2018 hearing. The Court does not find Class Plaintiffs agreed to the redaction, which leaves Mylan with the burden to show why its redactions are proper on the basis of relevance. The Court finds Mylan has failed to meet this burden and grants Class Plaintiffs' motion with respect to the redacted Board materials. No later than **October 17, 2018,** Mylan shall produce unredacted copies of the documents Class Plaintiffs requested as set forth in the table on pages 14 and 15 of ECF No. 931.

**Defendants' Discovery Issues with Class Plaintiffs**

A. **Mylan's Motion to Compel Responses From Class Plaintiffs to Mylan's Second Set of Document Requests (ECF No. 952)**

Mylan's reply narrows the scope of its motion to RFPs 1 and 2. Mylan seeks an order compelling Class Plaintiffs to produce documents that constitute advertisements of this case and solicitation of plaintiffs. Class Plaintiffs' counsel represent these documents are not in the custody, possession, or control of Class Plaintiffs, but instead the documents were created by and are maintained by counsel. Accordingly, the documents Mylan seeks are not the documents of a party to this litigation.

The Court overrules Class Plaintiffs' objections to RFPs 1 and 2 on the grounds of relevance, overbreadth, and vagueness. The Court sustains Class Plaintiffs' objections to the

extent they seek to obtain documents or materials from Class Plaintiffs' counsel. Federal Rule of Civil Procedure 34 does not require non-parties to produce documents. However, if individual Class Plaintiffs have not responded completely to RFPs 1 and 2 consistent with the offer by Class Plaintiffs at ECF No. 989 pages 14-15, they shall serve supplemental responses by **October 17, 2018**.

    **B.    The Mylan and Pfizer Defendants' Joint Motion to Compel Plaintiff Local 282 Welfare Trust Fund to Provide Additional Deposition Testimony, Produce Responsive Documents, and Amend Plaintiff Fact Sheet Response (ECF No. 976)**

The Court heard argument on events relevant to this motion that occurred after the September 13, 2018 hearing. While not part of the motion, Class Plaintiffs' counsel referred to portions of the transcript of the Bresch deposition that occurred the day before this Status Conference. Judge Crabtree directed lead counsel from both sides to submit to him a certified copy of the Bresch deposition transcript as soon as it is available.

**Privilege Log Issues**

    **A.    Class Plaintiffs' Motion to Compel Regarding the Mylan Defendants' Privilege Log and Other Privilege-Related Issues (ECF No. 983)**

Class Plaintiffs ask the Court to find that deficiencies in Mylan's privilege log compel a finding that Mylan has waived privilege with respect to the 3,822 business, media, public relations, marketing, and advertising documents shown in Exhibit A to their motion. The Court does not find Mylan engaged in bad faith or misconduct of any kind that would justify imposing the harsh result of waiver.

However, the Court is persuaded that Mylan has not met its burden with respect to its privilege log. The Court cannot determine whether the documents listed on the log involve

predominantly legal advice as opposed to legal advice that is merely incidental to business advice.

After reading the parties' briefs and reviewing the voluminous exhibits, the Court concludes Class Plaintiffs' motion should be granted in part and will grant Class Plaintiffs' request for alternative relief. The Court will conduct an *in camera* review of a sample of communications listed on Exhibit A to the Motion. Class Plaintiffs and Mylan shall each choose 25 documents for the Court to review *in camera*. Class Plaintiffs will choose from the 200 documents they list on Exhibit 1 to their Reply; Mylan will choose from the 3,822 documents shown in Exhibit A to Class Plaintiffs' Motion. Counsel shall submit those documents to Magistrate Judge James no later than **October 16, 2018**.

Class Plaintiffs informed the Court they were withdrawing their argument concerning the lack of symmetry between Pfizer's and Mylan's privilege logs.

The final issue in this motion relates to slipsheets. Following meet-and-confer sessions between all Plaintiffs and Mylan, both Mylan and Sanofi agreed to re-review a subset of their own non-responsive documents. Mylan ultimately produced 1,043 documents it determined to be responsive. In their motion, Class Plaintiffs complain that Mylan took an excessive amount of time to review its non-responsive documents, and for that reason alone Class Plaintiffs asked the Court to order Mylan to produce all of its slipsheeted documents. In their reply, Class Plaintiffs highlighted the relevance of seven of the documents Mylan produced following its re-review, and essentially asked the Court to infer that every document Mylan had slipsheeted is relevant and should be produced. The Court will not make that inference. The Court denies Class Plaintiffs' motion with regard to slipsheets.

### B. Class Plaintiffs' Motion for Relief for Violations of Federal Rule of Civil Procedure 45 and Local Rule 37.2 (ECF No. 1082)

Mylan's response is due on October 15, 2018. The Court will await the completion of briefing before ruling on this motion.

### C. Sanofi's Motion for Protective Order (ECF No. 903) and Mylan's Cross Motion to Compel Sanofi (ECF No. 946)

Sanofi seeks protection and Mylan challenges Sanofi's production regarding the same four categories of documents on Sanofi's privilege log. The Court ruled as follows for each category.

#### 1. Sanofi's Legal Department and In-House Counsel

In its privilege log, Sanofi identifies "Legal Department" or "Sanofi in-house counsel" as the attorney supporting the privilege claim. The Court grants Sanofi's motion for a protective order regarding these documents as unopposed and, so far as it is pertinent, denies Mylan's cross motion. In its memorandum in support of its cross motion, Mylan states that it "opposes granting Sanofi protection only to the extent that Class Plaintiffs' identical objections to Mylan's log are sustained." Class Plaintiffs do not make identical objections to Mylan's log. But even if Mylan maintained its objection, the Court finds Sanofi has met its burden to show these documents are entitled to privilege protection.

- Sanofi uses "Legal Department" only in the "from" field in sent emails regarding litigation holds. It is a system-generated email address, managed by Sanofi's in-house counsel, which cannot receive replies.

- Sanofi has demonstrated its entries listing "in-house counsel" as the Legal Source reflect legal advice provided by or sought from counsel, even though attorneys are not parties to the communication. Mylan cites no legal authority for its opposition, but merely relies on

what it anticipated Class Plaintiffs would argue. Class Plaintiffs did not argue as Mylan expected. Instead, they made a more nuanced argument.

### 2. Descriptions Referencing Legal Advice Regarding Business Issues

Communications regarding public relations and business issues that give only incidental legal advice are not privileged. Here, too, Mylan relies on what it expected Class Plaintiffs to argue in their motion to compel. Although the Court does not rule on that basis, the Court concludes it does not have sufficient information to determine whether the documents on Sanofi's log in this category are privileged. Consistent with its treatment of the issue in Class Plaintiffs' motion, the Court will conduct an *in camera* review of Sanofi's documents. Sanofi and Mylan shall each submit 50 documents to Magistrate Judge James no later than **October 19, 2018**.

### 3. "Legal Source" Documents

The Court finds Sanofi has met its burden to show its privilege log is sufficient with respect to these documents. The "Legal Source" field in Sanofi's log names the Sanofi attorney whose involvement forms the basis of the privilege claim, and together with the entries in the remaining fields, sufficient information exists to enable the Court to assess privilege. The phrase "email providing legal advice" frequently appears in the entries in this category, which Mylan says includes 10,600 documents.

The Court grants Sanofi's motion for a protective order and denies Mylan's cross motion to compel regarding this category of privilege log entries.

### 4. Information Provided to Counsel for Purpose of Obtaining Legal Advice

Mylan suggests that some or all of the 940 documents identified in Exhibit E to its response to Sanofi's motion may contain pre-existing non-privileged information. Sanofi

7

indicated in its reply that this issue may be resolved. Counsel advised the Court they have not conferred after Sanofi re-reviewed these documents and produced approximately 400 of them. Counsel are urged to confer promptly and to advise the Court if the issue is not resolved.

     **5.     Additional Issue Raised in Mylan's Motion**

In its memorandum in support of its cross motion to compel, Mylan raises an issue regarding Sanofi's claim that it shares a common interest with a number of third parties (including kaleo) such that communicating with those parties has not waived privilege. The parties advised the issue is resolved, and the Court denied as moot that portion of Mylan's cross motion to compel.

**Third Party Discovery Issue**

Class Plaintiffs advised the Court the parties have reached agreement on the structure of third-party depositions. In response to Mylan's concerns regarding scheduling problems with third-party depositions, the Court will permit the parties to complete the depositions of non-parties CVS, ESI, Prime Therapeutics, and Optum Rx by **November 14, 2018**.

**September 21 Order re: Mylan Document Production and 30(b)(6) Deposition**

Sanofi reported that Mylan will produce a designee on Topics 5 and 6 by October 31, 2018. In addition, Sanofi and Mylan are working productively to resolve Topic 3 of the 30(b)(6) deposition through an exchange of documents.

**II.    NON-DISCOVERY ISSUES**

**Dismissal of Class Plaintiffs' West Virginia Claims**

No later than **October 22, 2018**, Defendants may file a motion to dismiss Class Plaintiffs' West Virginia claims. Class Plaintiffs may file a response within **ten days** of the motion. No reply shall be filed.

**Expert Schedule in Sanofi Case**

Judge Crabtree announced his intention to issue an amended scheduling order with the following deadlines. The deadline for expert reports submitted in support of a claim or defense on which a party bears the burden of proof in the Sanofi case will be February 4, 2019. Opposing expert reports will be due on March 25, 2019. Rebuttal expert reports will be due on April 18, 2019. Expert discovery for the Sanofi case will close on May 31, 2019.

No later than **October 31, 2018**¸ lead counsel for Sanofi and Mylan shall submit to Judge Crabtree either (1) an agreed-upon dispositive motion and *Daubert* motion briefing schedule, or (2) each side's proposal for a briefing schedule for those motions. If the latter occurs, Judge Crabtree will likely choose one party's submission.

**Page Limits for Class Certification Briefing**

Judge Crabtree directed the parties to confer again and submit a joint report suggesting a total number of pages for the briefing on class certification.

**III.    NEXT IN-PERSON DISCOVERY STATUS CONFERENCE**

The Court did not set another discovery status conference. However, in the event one is necessary, the Court announced a placeholder date of **November 19, 2018, at 1:30 PM**. If any party feels a hearing is necessary, counsel shall notify the undersigned judges by email no later than **November 5, 2018**.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2018 in Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel E. Crabtree**
**United States District Judge**


**s/ Teresa J. James**
**Teresa J. James**
**United States Magistrate Judge**