IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>**This Document Relates To Consumer Class Cases** | 2:17-md-2785<br>MDL 2785 |

**DEFENDANTS' JOINT MOTION TO DISMISS
<u>CLASS PLAINTIFFS' WEST VIRGINIA STATE LAW CLAIMS</u>**

The Mylan and Pfizer Defendants jointly move the Court for an order dismissing Class Plaintiffs' claims brought under West Virginia law on the basis that there is no longer any putative class representative from West Virginia.

In ruling on Defendants' Motion to Dismiss, this Court held that "plaintiffs in a putative class action may only assert a state law claim if a named plaintiff resides in, does business in, or has some other connection to that state." ECF 896 at 63; *see also* Mylan Defendants' Mem. in Supp. of Mot. to Dismiss, ECF No. 95 at 75 n.80; Mylan Defendants' Reply in Supp. of Mot. to Dismiss, ECF No. 219 at 3. On that basis, the Court dismissed Class Plaintiffs' antitrust, consumer protection, and unjust enrichment claims asserted under the laws of states where no named Plaintiff resided. *See* ECF 896 at 64, 123-24. That decision was correct. *See, e.g.*, *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, at *3 (D. Kan. Oct. 24, 2014) ("Several courts, including other district courts in the Tenth Circuit, have determined that

1

the plaintiffs in a putative class action may only assert a state law claim if a named plaintiff resides in, does business in, or has some other connection to that state.") (citation omitted).[1]

The Court's decision on the Motion to Dismiss also is the law of the case. "Under the law of the case doctrine, a court should not reopen issues decided in earlier stages of the same litigation." *United States v. Hendrix*, 673 F. App'x 850, 853 (10th Cir. 2016). Indeed, courts may reconsider settled issues only when "the failure to do so would work a manifest injustice." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016) (internal quotations and citations omitted).

On September 24, 2018—after this Court issued its ruling on Defendants' Motion to Dismiss—Plaintiffs voluntarily dismissed the claims of Francis Myers, ECF No. 1046, the sole named Plaintiff from West Virginia, for which there is now no class representative. Other than the timing of when this dismissal occurred, nothing distinguishes Class Plaintiffs' West Virginia claims from the other state law claims that were dismissed for lack of a class representative. Accordingly, the Court should dismiss for lack of standing Class Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act (Count UU) as well as their antitrust (Counts III-VI) and unjust enrichment claims (Count IX) based on West Virginia law. The rationale of the Court's Motion to Dismiss decision applies with full force to Plaintiffs' West Virginia claims. Moreover, it plainly would not work a "manifest injustice" to dismiss Plaintiffs' West Virginia claims when there is no named Plaintiff from that state. *See id.* Thus, the rationale in

---

[1] *See also Hunnicutt v. Zeneca, Inc.*, No. 10-CV-708, 2012 WL 4321392, at *5 (N.D. Okla. Sep. 19, 2012) ("[C]ourts generally reason that a named plaintiff in a putative class action does not have standing to allege claims on his own behalf under the laws of states where he has never lived or resided because he has not suffered an injury under those laws, nor is he protected by those laws") (internal quotations omitted); *Thomas v. Metro Life Ins. Co.*, 540 F. Supp. 2d 1212, 1226 (W.D. Okla. 2008) (dismissing claims alleging violations of the laws of states where the plaintiff did not reside); *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2011 WL 2791331, at *8 (D. Colo. July 14, 2011) ("It is well established that a plaintiff does not have standing to allege claims on his own behalf under the laws of states where he has never lived or resided because he has not suffered an injury under those laws, nor is he protected by those laws.").

the Court's ruling on the Motion to Dismiss and the law of the case doctrine compels dismissal. The Court should dismiss Plaintiffs' claims under West Virginia law.

Dated: October 22, 2018

                                          Respectfully submitted,

                                          /s/ Brian C. Fries
                                          Brian C. Fries (15889)
                                          James Moloney (23786)
                                          LATHROP GAGE LLP
                                          2345 Grand Boulevard, Suite 2200
                                          Kansas City, Missouri 64108-2618
                                          Telephone: (816) 292-2000
                                          Telecopier: (816) 292-2001
                                          bfries@lathropgage.com
                                          jmoloney@lathropgage.com

                                          Adam K. Levin
                                          David M. Foster
                                          Kathryn M. Ali
                                          Carolyn A. DeLone
                                          HOGAN LOVELLS US LLP
                                          555 13th Street NW
                                          Washington, DC 20004
                                          Telephone: (202) 637-5600
                                          Telecopier: (202) 637-5910
                                          adam.levin@hoganlovells.com
                                          david.foster@hoganlovells.com
                                          kathryn.ali@hoganlovells.com
                                          carrie.delone@hoganlovells.com

                                          *Counsel for the Mylan Defendants*

                                          Joseph Rebein (25912)
                                          Angel D. Mitchell (20110)
                                          Ashley Harrison (78667)
                                          SHOOK, HARDY & BACON L.L.P
                                          2555 Grand Boulevard
                                          Kansas City, Missouri 64108-2613
                                          Telephone: (816) 474-6550
                                          Telecopier: (816) 421-5547
                                          jrebein@shb.com
                                          amitchell@shb.com
                                          aharrison@shb.com

Dimitrios T. Drivas
Robert A. Milne
Brendan G. Woodard
Raj S. Gandesha
Sheryn George
Edward Thrasher
Kathryn Swisher
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Telecopier: (212) 354-8113
ddrivas@whitecase.com
rmilne@whitecase.com
bwoodard@whitecase.com
rgandesha@whitecase.com
sgeorge@whitecase.com
ethrasher@whitecase.com
kathryn.swisher@whitecase.com

*Counsel for Defendants Pfizer Inc., King Pharmaceuticals LLC, and Meridian Medical Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on October 22, 2018 on counsel of record through Liaison Counsel and electronically filed with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Brian C. Fries*
Brian C. Fries