# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re: EpiPen (Epinephrine Injection USP) Marketing, Sales, Practices & Antitrust Litigation** | MDL No. 2785; Case No. 17-md-2785-DDC-TJJ |

**NON-PARTY CVS HEALTH CORPORATION'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO MODIFY THE SUBPOENA DIRECTED TO NON-PARTY CVS HEALTH CORPORATION OR, IN THE ALTERNATIVE, TO QUASH**

In defense of their broad Rule 30(b)(6) subpoena, Plaintiffs insist that they are entitled to force CVS to prepare a corporate witness on any matter that is relevant. Pls' Resp. at 1–2. That is not the standard. Any discovery must also be "proportional to the needs of the case," which includes considering "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiffs are further obligated to "take reasonable steps to avoid imposing undue burden or expense" on CVS, a non-party. Fed. R. Civ. P. 45(d)(1). And Plaintiffs' Rule 30(b)(6) topics must be articulated with "painstaking specificity." *Arenas v. Unified Sch. Dist. No. 223*, 2016 WL 6071802, at *4 (D. Kan. Oct. 17, 2016). The Court should grant CVS's motion and order that any deposition be limited consistent with those requirements.

***CVS Has Shown Undue Burden.*** Plaintiffs' argument that CVS "provides no evidence" of undue burden is simply incorrect. CVS filed declarations demonstrating burden. *See* Dkt. 1158-2 ¶¶ 22–25; 1158-3 ¶ 3; 1158-4 ¶¶ 5–7. And Plaintiffs do not even challenge CVS's argument that CVS would be unduly burdened if required to appear for a deposition prior to November 29, 2018, tacitly acknowledging the significant time CVS will need to prepare. *See* CVS's Mot. at 21–22. Given Plaintiffs' failure to respond, and in light of other non-party depositions that have been scheduled at the end of November, *e.g.*, Dkt. 1225 (10/26/18 Order), the Court should either quash the subpoena or order that CVS's deposition be scheduled no earlier than November 29.

Plaintiffs also do not contest that CVS's preparation burden would be reduced significantly if Plaintiffs identify or provide to CVS the documents regarding which they expect CVS to prepare its designee. Plaintiffs instead rest on their argument that the Federal Rules and Kansas Deposition Guidelines do not explicitly require them to do so. *See* Dkt. 1141 at 8–9. But Plaintiffs offer no response to the cases in which courts have routinely ruled that advance notice of documents prior to a ***Rule 30(b)(6) deposition*** is proper. CVS's Mot. at 19. This Court should follow suit.

***Cost-sharing Is Appropriate.*** Plaintiffs focus on Rule 45(d)(2)(B)(ii) but ignore that both Rule 26(c)(1)(B) and 45(d)(1) also authorize cost-sharing when appropriate without limit to the type of discovery sought. Plaintiffs also do not dispute that other, less burdensome avenues of deposition discovery were available to them. As it did before, this Court should order cost-sharing.

***The 30(b)(6) Topics Should Be Modified.***  Plaintiffs do not dispute that CVS proposed modifications to the topics prior to motions practice.  Nor do Plaintiffs dispute that they promised to respond to CVS's proposed modifications, yet never did so.  CVS's proposed modifications focus and clarify the topics so as to reduce unnecessary burden and to allow the deposition to "effectively function," *Arenas*, 2016 WL 6071802, at *4, and are therefore appropriate.

***Topics 1–2 Should Focus on the Contracts and Drugs at Issue.***  Even if CVS is able to identify the entire "***universe***" of contract negotiations and agreements, Pls' Resp. at 3–4, CVS should not be required to guess as to which ***specific*** kinds of information and ***specific*** negotiations and agreements Plaintiffs plan to question CVS's designee about.  Notably, Plaintiffs do not contest that they are ***capable*** of being more specific.  Mot. at 12.  Plaintiffs' reliance on this Court's order regarding a document subpoena issued to another PBM is inapposite; preparing a Rule 30(b)(6) witness for unspecified questions is much different from simply producing documents.

Plaintiffs admit that Topic 2 encompasses negotiations with non-EpiPen EAI device producers regarding non-EAI devices.  Pls' Resp. at 4.  But while this Court has held that CVS information about non-EAI devices may be "relevant," it did so only in the context of whether information about non-EAI devices should be redacted from ***documents that did address EAI devices***.  Dkt. 717 at 5.  The Court never held CVS information regarding non-EAI devices to be relevant ***on its own***.  Furthermore, even if other drugs are relevant, any relevance is outweighed by the substantial burden it would impose on CVS in the context of a Rule 30(b)(6) deposition. Plaintiffs do not and cannot dispute that preparing a designee on every drug in existence would increase CVS's preparation burden by orders of magnitude.  Mot. at 13.

***Topics 3–4 Should Be Narrowed to the Formularies and Drugs at Issue.***  Plaintiffs' suggested definition of "formulary coverage decisions"—"how CVS decides whether a product is covered on its formulary," Pls' Resp. at 4–5—remains unnecessarily ambiguous and broad. Plaintiffs again fail to explain any benefit that could possibly justify the burden to CVS of having to prepare a witness on all "products" (as opposed to focusing on EAI devices).  As to the meaning of "its formulary," Plaintiffs do not dispute that they ***accepted*** from CVS a production limited to

its national, standard commercial Performance Drug Lists ("PDLs").[1]  Plaintiffs do not articulate what more expansive definition of "formularies" they would prefer, or any benefits that would outweigh the burdens of expanding CVS's preparation obligations beyond the PDLs.   And Plaintiffs' argument that they should be permitted to question CVS regarding the identity of external members of the P&T Committee was disposed of by this Court when it held that CVS could redact those identities because they are irrelevant and highly sensitive.   Dkt. 717 at 4–5.

*Topic 5 Should Be Narrowed to AWP/MAC Prices and U.S. Formulary Decisions.* Plaintiffs' proposed expansion of Topic 5 to cover "whether a price increase at *any* point in the distribution chain was a relevant consideration for formulary placement," Pls' Resp. at 6, is unreasonable, as it would require CVS to prepare regarding an indefinite set of EpiPen price increases made by an indefinite set of third parties over a period of more than five years.  Plaintiffs insist that international formulary decisions are "relevant," but do not explain how they are **proportional** to the needs of the case.  Plaintiffs quibble with counsel's sworn declaration that CVS does not provide PBM services to clients outside the United States, so CVS submits herewith the declaration of a CVS employee confirming the same.  Suppl. Decl. of Andrea Zollett, ¶ 3.

*Topics 6–8 Should Be Set Aside as Disproportionate.*  Plaintiffs do not contest that Topics 6, 7, and 8 would require CVS to prepare a witness on extremely broad material:  "any effects" on "all relevant areas" of an event in 2011 (despite this Court having previously limited discovery of CVS to 2013 forward, *see* Dkt. 717 at 4); the knowledge of anyone at the company regarding feedback from millions of customers and tens of thousands of pharmacies over five years; and the knowledge of anyone at the company regarding public details of a settlement that CVS otherwise had nothing to do with.  *Compare* Mot. at 16–18 *with* Pls' Resp. at 7–9.  Plaintiffs do not even argue (let alone offer support) that the benefit of requiring CVS to prepare a witness to testify on these subjects would be remotely **proportional** to the burden.

---

[1] Contrary to Plaintiffs' suggestion, Pls' Resp. at 5, the Court never ordered CVS to produce all of its formularies without limit.  The Court's Order did not address the scope of formulary production because formularies were **not among the "Disputed Materials" at issue**.  Dkt. 717 at 6.  That was because CVS had agreed to and did produce the PDLs (and only the PDLs) months earlier, **without objection from Plaintiffs**.  2d Suppl. Decl. of D. Dockery, ¶¶ 6–17 & Ex. 11.

Dated:  October 31, 2018     By:    **SPENCER FANE, LLP**

/s/ J. Nick Badgerow
J. Nick Badgerow #9138
9401 Indian Creek Parkway, Suite 700
Overland Park, KS 66210
Telephone: 913.327.5134
Facsimile: 913.345.0736
nbadgerow@spencerfane.com

**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029
Paul Boehm (*pro hac vice admission pending*)
pboehm@wc.com
Daniel M. Dockery (*pro hac vice admission pending*)
ddockery@wc.com

*Attorneys for Non-Party CVS Health Corporation*

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true copy of the foregoing pleading was served via this Court's

CMC/ECF system on this 31st day of October, 2018, which will in turn serve all counsel of record.

/s/ J. Nick Badgerow
*Attorney for Non-Party CVS Health Corporation*