IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to All Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Non-Party CVS Health Corporation's Motion For a Protective Order to Modify the Subpoena Directed to Non-Party CVS Health Corporation or, in the Alternative, to Quash (ECF No. 1158). CVS Health Corporation seeks an order modifying or quashing Class Plaintiffs' Rule 45(d)(3) deposition subpoena, along with an award of costs and expenses. Class Plaintiffs oppose the motion. As set forth below, the Court will grant in part and deny in part CVS's motion.

**I.     Relevant Background**

The Court briefly summarizes the events leading to this motion.[1] CVS and Class Plaintiffs have been communicating about a deposition subpoena since July 18, 2018. Class Plaintiffs first provided CVS with proposed 30(b)(6) topics on August 17, 2018. The parties met and conferred on August 22, September 10, and October 12, and corresponded on various other

---

[1] The Court also notes that Class Plaintiffs moved to compel CVS to comply with its records subpoena. *See* ECF No. 429. The Court granted in part and denied in part Class Plaintiffs' motion. *See* ECF No. 727.

dates. While they were able to resolve some of CVS's objections to the list of topics, others remain. Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.     Summary of the Parties' Arguments

CVS argues each of the topics included in the subpoena should be modified or set aside to protect CVS from undue burden. CVS also contends Class Plaintiffs should provide advance copies of documents the witness may be asked to review as suggested by this court's Deposition Guidelines, particularly in light of its status as a non-party. In addition, CVS wants a delay in the deposition date and asks the Court to order Class Plaintiffs to pay its costs of responding to the subpoena.

Class Plaintiffs contend CVS fails to articulate undue burden and that its objections and proposed modifications of several topics are improper. Class Plaintiffs assert the topics are clear, unambiguous, and narrowly tailored, and fall within topics the Court already has found relevant in this action. Accordingly, Class Plaintiffs oppose narrowing or quashing their subpoena. They further contend they are under no obligation to provide CVS with copies of documents they may use in the deposition, nor should they be required to pay any share of CVS's cost of compliance. Class Plaintiffs have agreed an extension of the deposition deadline is necessary.

## III.    Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[2] Non-parties responding to Rule 45

---

[2] Fed. R. Civ. P. 45(d)(1).

subpoenas generally receive heightened protection from discovery abuses.[3]

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party. Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[4] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[5]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[6] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any

---

[3] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

[4] Fed. R. Civ. P. 45(d)(3)(A).

[5] Fed. R. Civ. P. 45(d)(3)(B).

[6] *In re Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

party's claim or defense.[7] Information still "need not be admissible in evidence to be discoverable."[8] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10] Relevancy determinations are generally made on a case-by-case basis.[11]

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[12] The decision to enter a protective order is within the court's broad discretion.[13] Despite this broad discretion, "a protective order is only warranted when the movant

---

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[11] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[12] Fed. R. Civ. P. 26(c)(1).

[13] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[14] In addition, the party seeking a protective order bears the burden of establishing good cause.[15] The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[16] If in its discretion the court determines a protective order is warranted, the court has substantial latitude to devise an appropriate order after fairly weighing the parties' competing needs and interests.[17]

## IV. Analysis

CVS suggests new versions of six of the deposition topics, asserts two topics should be set aside, and argues it must be allowed more time to prepare its witness. CVS further argues that Class Plaintiffs must provide in advance documents they may use at the deposition and should bear the costs of CVS's compliance. The Court considers each in turn.

### A. Topics

#### 1. Topic No. 1

CVS objects to this topic as not being "proportional to the level of specificity provided by the Plaintiffs regarding what they want to know."[18] While that phrase is difficult to parse, it appears that CVS is objecting to the topic because it uses the phrase "including, but not limited

---

[14] *Herrera v. Easygates, LLC*, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan.2003)).

[15] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[16] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[17] *Seattle Times Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[18] ECF No. 1158 at 13.

to" in requesting information related to CVS's negotiations with Mylan and other EAI producers. CVS offers its own version of Topic No. 1.

Class Plaintiffs disagree that their use of the phrase "including, but not limited to" causes the request to be overbroad. Class Plaintiffs disagree, citing *Heartland Surgical Specialty Hospital v. Midwest Division, Inc.*,[19] in which the court found a notice would be impermissibly overbroad "if the notice list[ed] topics, but then indicate[d] that the listed topics are not exclusive."[20] Class Plaintiffs point to the court's analysis of a challenged topic that uses the phrase in its request, "followed by an extensive example list of the records and reports for which information is sought by Defendants."[21] In this instance, Class Plaintiffs' use of the phrase is much closer to the second reference: it is the example list that is non-exclusive, and not the topic list. The Court finds the phrase "including, but not limited to" in Topic No. 1 is not overbroad.

The Court denies the motion insofar as it seeks to quash or modify subpoena Topic No. 1.

### 2. Topic No. 2

CVS objects as irrelevant the request in Topic No. 2 for testimony on contract negotiations with producers of other EAI devices because it limits the scope of the producers but not the devices. Even if the information is relevant, CVS argues it is disproportional because it would "increase the burden on CVS by orders of magnitude."[22] CVS offers no affidavit or other

---

[19] Case No. 05-2164-MWL-DWB, 2007 WL 1054279 (D. Kan. April 9, 2007).

[20] *Id.* at *3.

[21] *Id.* at *4.

[22] ECF No. 1158 at 13.

evidentiary support for its conclusory assertion. And as with Topic No. 1, CVS objects to the phrase "including, but not limited to."

Class Plaintiffs point to the Court's previous holding, in ruling on their document subpoena to CVS, that "[t]he similarity or dissimilarity in [a PBM's] handling of EAI devices and other products is clearly relevant to Plaintiffs' claims."[23] Class Plaintiffs also point to their months of negotiations with CVS over the confines and parameters of CVS's production pursuant to Class Plaintiffs' document subpoena. As Class Plaintiffs point out, CVS knows what documents it agreed to and did produce pursuant to the subpoena as relevant to contract negotiations. Regarding proportionality, CVS's unsupported assertion about the magnitude of its efforts garners no traction. CVS does not explain if and how its contract negotiations differ depending on what drug it is considering. As for CVS's objection to the phrase "including, but not limited to," the Court addressed that in its discussion of Topic No. 1. The Court denies the motion insofar as it seeks to preclude other prescription drugs from the scope of Topic 2.

### 3. Topic Nos. 3 and 4

CVS proposes alternative versions of Topic Nos. 3 and 4 to address its objection that the phrase "formulary coverage decisions" is not defined and should be interpreted to apply only to CVS's national, standard commercial Performance Drug Lists. In addition, CVS argues that it should not be required to disclose the identities of the members of its external P&T committee for the same reasons that the Court permitted CVS to redact those names from its documents.[24] Finally, CVS raises the same issue regarding non-EAI devices as in Topic No. 2.

---

[23] ECF No. 717 at 4.

[24] *See id.* at 4-5.

Class Plaintiffs assert the phrase is easily understood and the relevance of the information is readily apparent. They also contend the identities of CVS's P&T committee members will be protected by the Third Amended Stipulated Protective Order entered in this case.[25]

CVS has not provided sufficient facts to support a finding that it would suffer undue burden by complying with the subpoena as written for the topics that include "formulary coverage decisions." Not only is the support for what burden it would suffer insufficient, but neither does the description of its formulary development explain why it cannot offer testimony on the formulary coverage decision issues sought in those topics. Class Plaintiffs ask for the internal deliberative process CVS employs (Topic No. 3) and the factors CVS considers (Topic No.4). While the Court presumes—based on briefing by other PBMs, although CVS offers no such explanation—that CVS's clients can adapt a formulary to fit their own needs, CVS has offered no evidence to distinguish between the internal deliberative process it uses for its national, standard commercial Performance Drug Lists and any other formularies.

However, with respect to the identities of CVS's external P&T committee members, the Court finds CVS will not be required to offer such testimony. In its order regarding CVS's document production, the Court found those individuals' identities are not relevant to the claims or defenses in this case. Class Plaintiffs have offered no argument to the contrary, and the Court will exclude that information from the scope of Topic Nos. 3 and 4.

The Court has addressed the non-EAI devices in Topic No. 2.

---

[25] ECF No. 556.

Accordingly, the Court denies the motion insofar as it seeks to modify Topic Nos. 3 and 4, but excludes from the scope of either topic the identities of CVS's external P&T committee members.

### 4. Topic No. 5

The only new objection CVS raises in Topic No. 5 is that Plaintiffs seek testimony regarding CVS's formulary coverage decisions outside of the United States. CVS asserts that it offers PBM services only to clients within the United States. Class Plaintiffs challenge the sufficiency of CVS's evidentiary support for that statement, as it came from a declaration by outside counsel. In its reply, CVS offers the declaration of one of its internal senior legal counsel with the same statement. CVS obviously cannot offer testimony about its decisions in areas where it does not operate, but that does not make the topic itself objectionable. The Court denies the motion insofar as it seeks to modify Topic No. 5.

### 5. Topic No. 6

CVS objects to Topic No. 6's inclusion of the words and phrases "Mylan's switch to EpiPen 2-Paks," "effect," and "feedback." According to CVS, without limitation or specificity the topic "explodes"[26] because CVS could not adequately prepare a witness to testify regarding all the interactions the topic would address. CVS offers an alternative version.

The Court rejects CVS's argument. Clearly, CVS understands what Topic No. 6 seeks. Moreover, CVS has made no showing that its manner of tracking complaints or other feedback is made more cumbersome or difficult because Class Plaintiffs have not narrowed the source of the feedback. The Court denies the motion insofar as it seeks to modify Topic No. 6.

---

[26] ECF No. 1158 at 17.

### 6. Topic No. 7

CVS urges the Court to quash this topic because "knowledge" is undefined in the request for CVS's "knowledge of any surveys, feedback, or complaints from pharmacies, physicians, or consumers related to the availability or unavailability of any non-EpiPen EAI device," and because "communications with pharmacies, physicians, or consumers" in that phrase would "implicate vast volume of information."[27]

The Court rejects CVS's objection to the word "knowledge." This is a Rule 30(b)(6) deposition which requires the deponent to "testify about information known or reasonably available to the organization."[28] And as with Topic No. 6, CVS has made no showing that its manner of tracking complaints or other feedback is made more cumbersome or difficult because Class Plaintiffs have not narrowed the source of the feedback. The Court denies the motion insofar as it seeks to quash Topic No. 7.

### 7. Topic No. 8

CVS also asks the Court to quash Topic No. 8, with the only new basis being objections based on relevance and proportionality. The totality of CVS's objections is as follows: "It is entirely unclear how CVS's knowledge on these matters [CVS's knowledge of investigation into Mylan's rebates or practices] could be relevant; what is clear is that preparation of a witness to testify regarding this topic would require CVS to shoulder a burden that is totally disproportionate to any possible benefit."[29] These boilerplate objections provide the Court no

---

[27] *Id.* at 18.

[28] Fed. R. Civ. P. 30(b)(6).

[29] ECF No. 1158 at 19.

basis to assess their validity. Moreover, Mylan's allegedly improper use of rebates is a central issue to this case. The topic calls for information that is facially relevant, and CVS has not met its burden to demonstrate otherwise. The Court denies the motion insofar as it seeks to quash Topic No. 8.

### B. Advance Copies of Documents

CVS seeks an order requiring Class Plaintiffs to produce ten days in advance copies of documents it intends to use at the 30(b)(6) deposition. CVS argues that, as a non-party, it is at an unfair advantage because it does not have access to the documents that have been produced to the parties. In addition, CVS points to the provision in this district's Deposition Guidelines which states that "[i]f the witness is going to be asked to review numerous or lengthy documents, copies of the documents should be sent to the witness sufficiently in advance of the deposition to enable the witness to read them prior to the deposition."[30] What is markedly absent from the argument, however, is a showing that such order is necessary to protect a deponent from "annoyance, embarrassment, oppression, or undue burden or expense."[31]

Class Plaintiffs oppose the request, pointing out that this district's Deposition Guidelines are permissive and not mandatory. Class Plaintiffs cite to a case from this district that discusses the issue, *In re Urethane Antitrust Litigation*, Case No. 04-MD-1616, 2011 WL 13074295 (D. Kan. Dec. 22, 2011). In that case, four non-party witnesses were to be deposed by certain defendants. The witnesses argued that common courtesy required advance production of

---

[30] District of Kansas Deposition Guidelines 6(c), http://ksd.uscourts.gov/index.php/deposition-guidelines/.

[31] Fed. R. Civ. P. 26(c)(1).

documents to be used at the deposition, and doing so would avoid needless waste of time during the deposition. Defendants did not expect to show the witnesses lengthy or numerous documents, and expressed concern that if they disclosed the documents in advance, the witnesses could strategize with counsel to frame their responses. Magistrate Judge O'Hara found the movants had not met their burden to show the need for the "unorthodox approach" of a protective order, and he denied the motion.[32]

The Court likewise finds that CVS has not met its burden to demonstrate entitlement to a protective order on one of the enumerated grounds of Rule 26. In terms of proportionality, the Court notes it has not imposed this restriction for any other non-party deposition. However, having reminded and even admonished the parties to this action to be attentive to this district's Deposition Guidelines, the Court directs Class Plaintiffs to fully consider whether the deposition might be more efficiently conducted and disputes could be avoided by providing copies of numerous or lengthy documents in advance.

### C. Costs

CVS seeks to have Class Plaintiffs pay one-third of its reasonable costs for the deposition, asserting preparation will be a significant undertaking of time and effort. Class Plaintiffs oppose the request. The Court finds no basis for cost-shifting and denies the request.

### D. Deposition deadline

CVS requests an extension of the deposition deadline until November 29, 2018. The Court has stayed the deposition deadline,[33] and now extends it until November 30, 2018.

---

[32] 2011 WL 13074295, at *1.

[33] *See* ECF No. 1269.

**IT IS HEREBY ORDERED** Non-Party CVS Health Corporation's Motion For a Protective Order to Modify the Subpoena Directed to Non-Party CVS Health Corporation or, in the Alternative, to Quash (ECF No. 1158) is granted in part and denied in part. It is granted insofar as the scope of Topic Nos. 3 and 4 does not include the identities of CVS's external P&T committee members. It is denied in all other respects.

**IT IS FURTHER ORDERED** that the deadline for the deposition is extended until November 30, 2018.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2018 in Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge