IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to All Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Class Plaintiffs' Motion to Compel Compliance with the Subpoenas Directed to Non-Parties Horizon Blue Cross Blue Shield of New Jersey and Aetna (ECF No. 1114). Class Plaintiffs seek an order requiring non-parties Horizon Blue Cross Blue Shield of New Jersey, Inc. and Aetna Inc. to attend duly noticed depositions pursuant to subpoenas. Horizon and Aetna ("the Non-Parties") oppose the motion. As set forth below, the Court will grant Plaintiffs' motion.

**I.    Relevant Background**

Since the end of July and through early October 2018, Class Plaintiffs' counsel attempted to and ultimately did meet and confer with the law firm that represents both Horizon and Aetna concerning a Rule 30(b)(6) deposition of each non-party. Much of that time involved Class Plaintiffs trying to get the attention of the Non-Parties. Eventually the discussions turned to dates, locations, and deposition topics. Ultimately, after the Non-Parties refused to produce witnesses for deposition, Class Plaintiffs issued a notice and served a subpoena on each organization.

Aetna sent Class Plaintiffs email objections to the subpoena, asked Class Plaintiffs to withdraw the subpoena, and stated it would not produce a witness for deposition without court order. Likewise, Horizon sent email objections and asked Class Plaintiffs to withdraw the subpoena. Class Plaintiffs sent one last letter to Horizon but received no reply. On October 9, 2018, five days after Aetna had been noticed for deposition (but did not appear) and on the day of Horizon's noticed deposition, Class Plaintiffs filed the instant motion. The Court finds Class Plaintiffs have complied with the requirements of D. Kan. R. 37.2.

## II.     Summary of the Parties' Arguments

Class Plaintiffs argue the Non-Parties have discoverable knowledge and information that Class Plaintiffs are entitled to explore in depositions, and that the subpoenas they served are not unduly burdensome and do not seek duplicative discovery or privileged information. The Non-Parties, in their joint response, assert the subpoenas should be quashed because compliance would be burdensome, Class Plaintiffs likely have already received many documents from Mylan and from these non-parties, and the non-parties do not have information about some of the topics.

## III.    Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[1] Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[2]

---

[1] Fed. R. Civ. P. 45(d)(1).

[2] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party.[3] Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[4] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[5]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[6] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Information still "need not be admissible in evidence to be

---

[3] The Non-Parties have not filed a motion to quash the subpoenas in this or any other federal district court.

[4] Fed. R. Civ. P. 45(d)(3)(A).

[5] Fed. R. Civ. P. 45(d)(3)(B).

[6] *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

discoverable."[8]  When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10]  Relevancy determinations are generally made on a case-by-case basis.[11]

## IV. Analysis

Class Plaintiffs represent that Aetna and Blue Cross Blue Shield are "two of the largest insurers in the United States and both had significant relationships with Mylan and Sanofi with respect to the epinephrine devices at issue in this case during the relevant time period."[12]  The Non-Parties do not dispute this characterization, nor do they argue that Class Plaintiffs seek to obtain testimony on irrelevant topics.  Having reviewed the topics listed in the subpoena, the Court finds all are relevant to the claims in this action.[13]

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[11] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[12] ECF No. 1114 at 4.

[13] The Court notes that Mylan has filed a response to Class Plaintiffs' motion, noting that it has also served a deposition subpoena on Aetna and has cross-noticed Horizon's deposition. *See* ECF No. 1129.

The Non-Parties' first argument ignores their burden in the face of relevant discovery requests and is among their many conclusory contentions. They assert that Plaintiffs have failed to show why the Non-Parties "should be forced to sit for unnecessary depositions" to obtain information that is beyond the scope of their agreed-upon productions. As support, they point to separate letters from counsel on behalf of Aetna and Horizon which merely state that the subpoenas seek information beyond their agreement with Class Plaintiffs. Apparently the Non-Parties take this as license to fail to look for and as an excuse to claim they do not have the information.[14] What Class Plaintiffs explain, however, is the agreement the Non-Parties reference is one made in response to their earlier document subpoenas; they reached no such agreement related to the deposition subpoenas. The Court rejects the Non-Parties' argument concerning scope.

Second, the Non-Parties argue the information Class Plaintiffs seek is duplicative of what can be found in documents the Non-Parties have produced, and suggest that Class Plaintiffs have the burden to show the information sought is not duplicative. Once again, the Non-Parties bear the burden with respect to valid objections to relevant requests, which they have not met. They offer no support for the proposition that a party may not seek testimony from a non-party concerning documents the non-party has produced, and their conclusory assertion is contrary to discovery practice.[15] Class Plaintiffs also contend that the Non-Parties produced many heavily

---

[14] *See* ECF Nos. 1114-3 and 1135-1 at 14-15.

[15] "[T]he various methods of discovery as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive." *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 641 (D. Kan. 1999) (quoting *Richlin v. Sigma Design W, Ltd.*, 88 F.R.D. 634, 637 (E.D. Cal. 1980)).

redacted documents,[16] and that Horizon produced no contracts with its PBMs prior to July 1, 2013. Class Plaintiffs are entitled to obtain testimony to clarify such issues. The Court rejects the Non-Parties' argument that Class Plaintiffs are not entitled to obtain testimony regarding documents the Non-Parties have produced.

Next, Horizon disputes that it contracted with Mylan between 2008 and 2013, but asserts that instead Horizon contracted with a PBM that handled rebate and coverage negotiations. To the extent that Class Plaintiffs seek information relating to contracts and negotiations between that PBM at issue (Prime Therapeutics) and Mylan, Horizon claims the law protects it from disclosing that information because it is in Mylan's hands. Neither case Horizon cites is on point.[17] The topics Class Plaintiffs propounded seek relevant information, and Horizon is obligated to produce a witness to "testify about information known or reasonably available to the organization."[18]

Finally, the Non-Parties contend they cannot produce a witness on several topics. They offer no reason for some, assert some would be "more efficiently and reliably addressed through

---

[16] Class Plaintiffs assert some of the documents the Non-Parties produced "are so heavily redacted, they are almost unintelligible," citing a 39-page document with few visible words. *See* ECF No. 1160-1 at 12-50.

[17] In *Kitchens v. Tordsen*, No. 12-0105, 2015 WL 1011711, at *2 (E.D. Cal. Mar. 5, 2015), the court would not compel a non-party to produce documents to a pro se plaintiff who did not seek the documents from defendant or demonstrate relevancy. And in *Gen. Parts Distrib., LLC v. Perry*, No. 12-093, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013), the district judge did not find sufficient reason to reverse the magistrate judge's order to quash parts of a third-party subpoena where the third party had produced similar documents. The case contains no further discussion of the issue.

[18] Fed. R. Civ. P. 30(b)(6).

written questions or in declaration format,"[19] or offer the unsupported assertion of counsel that the organizations simply have no knowledge with respect to others. The Non-Parties do not have a unilateral right to direct the means Class Plaintiffs use to conduct discovery. And while it is a given that no witness can testify to information the organization does not possess, that is not a valid basis to object to a topic. The Court rejects the Non-Parties' objection to certain topics on the basis that the organizations do not possess relevant information.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion to Compel Compliance with the Subpoenas Directed to Non-Parties Horizon Blue Cross Blue Shield of New Jersey and Aetna (ECF No. 1114) is granted.

**IT IS FURTHER ORDERED** that the deadline for the depositions of Aetna Inc. and Horizon Blue Cross and Blue Shield of New Jersey, Inc. is extended until November 30, 2018.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2018 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[19] ECF No. 1135 at 10 n.10.