# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE:  **EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation**

**(This Document Applies to Consumer Class Cases)**

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

## MEMORANDUM AND ORDER

On October 22, 2018, the Mylan and Pfizer Defendants jointly filed a Motion to Dismiss Class Plaintiffs' West Virginia State Law Claims.  Doc. 1163.  The motion asks the court to dismiss the class plaintiffs' claims asserted under the West Virginia Consumer Credit and Protection Act (Count VII.UU) and their antitrust and unjust enrichment claims asserted under West Virginia law (Counts III–VI & IX) because the Class Complaint no longer includes any named plaintiff who resides in West Virginia.

On August 20, 2018, the court issued a Memorandum and Order that, among other things, dismissed the class plaintiffs' state law claims for which the Class Complaint includes no named plaintiff from those states.  *See* Doc. 896 at 64 (dismissing the antitrust state law claims for which the Class Complaint includes no named plaintiff from those states); *see id.* at 123–24 (dismissing the consumer protection law and unjust enrichment claims asserted under state laws for which the Class Complaint included no named plaintiff from those states).  As the court explained, our Circuit has held:  "Prior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole—that unnamed plaintiffs might

have a case or controversy is irrelevant." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) (citations omitted). So, following that reasoning, our court and others have concluded that "[w]here the only named plaintiff in a putative class action lacks standing from the outset of the case, and a class is yet to be certified, the proper course is dismissal." *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, at *4 (D. Kan. Oct. 24, 2014); *see also Smith v. Pizza Hut, Inc.*, No. 09-cv-1632-CMA-BNB, 2011 WL 2791331, at *10 (D. Colo. July 14, 2011) (holding, "Plaintiff lacks standing to bring claims under state laws to which Plaintiff has never been subjected and the class action claim must therefore be dismissed for lack of standing").

After the court issued its August 20, 2018, Order, the Class Complaint's only named plaintiff residing in West Virginia voluntarily dismissed his claims without prejudice. Doc. 1046. Thus, the Class Complaint no longer includes a named plaintiff who resides in West Virginia. As a consequence, defendants argue, the court should dismiss plaintiffs' West Virginia state law claims for the same reasons that it already has dismissed the state law claims for which the Class Complaint includes no named plaintiff from those states.

Our court's local rules required the class plaintiffs to respond to defendants' motion within 21 days, or by November 12, 2018. D. Kan. Rules 6.1(d)(2) & 7.1(c). Because that deadline fell on a federal holiday, the class plaintiffs' deadline was extended to November 13, 2018. Fed. R. Civ. P. 6(a)(1)(C). That deadline now has expired. And, to date, the class plaintiffs have filed no response to defendants' motion. Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. This rule also provides, "[i]f a responsive brief or memorandum is not filed within the

D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b).

Because the class plaintiffs never have responded to defendants' Motion to Dismiss Class Plaintiffs' West Virginia State Law Claims and the time for doing so has expired, and for the reasons explained in the court's August 20, 2018, Memorandum and Order (Doc. 896 at 64, 123–24), the court dismisses the class plaintiffs' claims asserted under the West Virginia Consumer Credit and Protection Act (Count VII.UU) and their antitrust and unjust enrichment claims asserted under West Virginia law (Counts III–VI & IX) because the Class Complaint no longer includes any named plaintiff who resides in West Virginia.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Joint Motion to Dismiss Class Plaintiffs' West Virginia State Law Claims (Doc. 1163) is granted.

**IT IS SO ORDERED.**

**Dated this 21st day of November, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
