**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter comes before the court on non-parties Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals' (collectively, "Kaiser") Objections to Magistrate Order Granting the consumer class plaintiffs' Motion to Compel Production of Documents. Doc. 1048. The consumer class plaintiffs have filed a Response opposing Kaiser's Objections. Doc. 1079. Kaiser never has filed a Reply, and the time for doing so has expired. For reasons explained below, the court denies Kaiser's Objections.

I.  **Factual and Procedural Background**

On December 11, 2017, the consumer class plaintiffs[1] served subpoenas on Kaiser under Federal Rule of Civil Procedure 45. Docs. 165 & 166. Kaiser timely filed objections to the subpoenas. Later, Kaiser produced some documents in response to the subpoenas. But the class plaintiffs contended that Kaiser withheld other relevant and responsive documents. The class plaintiffs thus moved the court to compel Kaiser to produce those documents. Docs. 432 & 433.

---

[1]  The court has ordered this MDL to proceed on two separate tracks. This order pertains just to one of the two tracks—*i.e.*, the consumer class track. The consumer class track consists of cases filed by individual consumers or third-party payors who allege they purchased EpiPens for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries.

On September 10, 2018, Magistrate Judge Teresa J. James granted the class plaintiffs' Motion to Compel. Doc. 980. Specifically, Judge James concluded that our court has jurisdiction to decide the Motion to Compel. *Id.* at 6–7. Also, Judge James found that the class plaintiffs' document requests sought relevant materials and were not unduly burdensome. *Id.* at 7–11. Judge James thus overruled Kaiser's objections and ordered Kaiser to comply with the subpoenas. *Id.* at 11.

Kaiser now has filed Objections to Judge James's Order. Doc. 1048. Kaiser's Objections assert that Judge James erred when she granted the class plaintiffs' Motion to Compel requiring Kaiser to comply with the class plaintiffs' subpoenas. Thus, Kaiser argues, the court should set aside Judge James's Order under Federal Rule of Civil Procedure 72(a). Kaiser's Objections also recite that "Kaiser and the Class Plaintiffs are in discussions about the scope of [Judge James's] Order and plaintiffs' subpoenas, and Kaiser is optimistic that it can resolve any scope concerns without further court involvement," but that "Kaiser is lodging these objections as a protective matter, so as to preserve them in the event [the] negotiations break down." *Id.* at 4. About two months has passed since Kaiser filed its Objections, and no one has reported that the parties have resolved the "scope concerns." Thus, Kaiser's Objections remain ripe for the court to decide. Accordingly, the court addresses and decides Kaiser's Objections, below.

**II.    Legal Standard**

Federal Rule of Civil Procedure 72(a) permits a party to present specific written objections to a magistrate judge's order. When reviewing a magistrate judge's order deciding nondispositive pretrial matters, the district court applies a "clearly erroneous or contrary to law" standard of review. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28

2

U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This clearly erroneous standard doesn't permit a de novo review of the factual findings; instead, the district court must affirm a magistrate judge's order unless a full review of the evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464. In contrast, "the contrary to law" standard permits the district court to conduct an independent review of the magistrate judge's purely legal determinations. *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations and internal quotation marks omitted). A magistrate judge's order is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citing *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

### III. Analysis

Kaiser asserts three arguments to support its Objections to Judge James's Order. The court addresses each argument, in turn, below.

*First*, Kaiser argues that our court lacks jurisdiction to decide the class plaintiffs' Motion to Compel Kaiser to comply with the class plaintiffs' subpoenas. Kaiser asserts that Federal Rule of Civil Procedure 45 requires the class plaintiffs to move for relief in the Northern District of California—where Kaiser's headquarters is located and where Kaiser must comply with the subpoenas. In 2013, Rule 45 was amended to require the filing of "subpoena-related motions and applications [in] the court where compliance is required . . . ." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. The amendment's purpose was "[t]o protect local nonparties" by providing for "local resolution of disputes about subpoenas" and to "avoid[ ] burdens on local nonparties subject to subpoenas." *Id.*

3

Rule 45 provides that the place of compliance for producing documents is within 100 miles of where the "person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Here, the class plaintiffs' subpoena directs Kaiser to produce documents in Oakland, California. Doc. 432-7. Thus, Kaiser argues, the place of compliance is the Northern District of California. Consequently, Kaiser contends, our court lacks jurisdiction to decide the class plaintiffs' Motion to Compel because the District of Kansas is not the place of compliance for the Kaiser subpoenas. The court disagrees.

As Judge James correctly ruled, our court—as the transferee court in this MDL proceeding—has jurisdiction to decide this issue, not under Rule 45, but instead under 28 U.S.C. § 1407. Section 1407(a) authorizes the MDL Panel to transfer "civil actions involving one or more common questions of fact" to any district for coordinated pretrial proceedings. 28 U.S.C. § 1407(a). When Congress enacted § 1407, its purpose was "intended to provide centralized management of pretrial proceedings and to ensure their just and efficient conduct." *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 273 (D.D.C. 2002) (citations and internal quotation marks omitted). And, specifically, § 1407(b) permits the MDL court to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). Other courts thus have concluded—both before and after the 2013 amendment to Rule 45—that § 1407(b) empowers an MDL judge to enforce a subpoena duces tecum acting as a judge of another district. *See, e.g.*, *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468–69 (6th Cir. 2006); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 377–78 (D.D.C. 2017); *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:14-cv-29705, 2016 WL 756485, at *2 (S.D. W. Va. Feb. 25, 2016); *In re Boston*

*Sci. Corp. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2326, 2014 WL 1329944, at *1 n.2 (S.D. W. Va. Mar. 31, 2014).

Also, Kaiser argues that our court—in earlier MDL proceedings—has refused to apply an exception to Rule 45's place of compliance requirement. But, in the case cited, the parties didn't argue, and thus Magistrate Judge O'Hara never considered whether the court could exercise jurisdiction under § 1407. *See In re Syngenta Ag Mir 162 Corn Litig.*, MDL No. 2591, 2017 WL 386835, at *1 (D. Kan. Jan. 27, 2017) (holding that the court could not quash a subpoena under Rule 45 because the subpoena required compliance in the Northern District of California, but never discussing whether § 1407 conferred jurisdiction on the court to decide the issue in an MDL proceeding). Also, Kaiser cites another case where the court found that § 1407 may confer an MDL court with authority to enforce a deposition subpoena, but not a subpoena duces tecum. *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018). This result, however, represents an isolated outcome. And the court has found no other cases that have followed the case's reasoning.

The court instead finds the cases presenting the majority view more persuasive and applies their reasoning here. The court thus concludes that Judge James did not err when she determined that § 1407 confers jurisdiction for our court to decide the class plaintiffs' Motion to Compel Kaiser's compliance with the subpoenas.

*Second*, Kaiser contends, even if the court has jurisdiction to decide the Motion to Compel, Judge James erred when she determined that the class plaintiffs' document requests are not unduly burdensome. Specifically, Kaiser objects to Judge James's Order to the extent it requires full compliance with the subpoenas' document requests because, it contends, the class plaintiffs had agreed to reasonable limitations on the discovery requests during their meet-and-

5

confer process but later reneged. Doc. 1048 at 3. But Judge James did not agree with Kaiser's characterization of the parties' agreements. She noted that "Kaiser asserts . . . that only two issues remain unresolved," but "Class Plaintiffs disagree that their differences have been narrowed quite so much." Doc. 980 at 2. Judge James also refused to consider Kaiser's Surreply. *Id.* at 11 n.34. The Surreply argued that the class plaintiffs had raised new arguments by disputing Kaiser's description of the agreement the parties reached during their meet-and-confer communications. But Judge James found that Kaiser's Surreply raised no new arguments that exceeded the scope of their opening brief. Kaiser's Objections fail to demonstrate that Judge James erred when she made these factual findings over the parties' discovery dispute. And the court won't disturb those findings now.

Also, Kaiser's Objections fail to show that Judge James erred when she concluded that the subpoenas' document requests are not unduly burdensome. When a party asserts an unduly burdensome objection to a discovery request, it bears "'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'" *Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (quoting *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10-2514-RDR, 2011 WL 5553652, at *3 (D. Kan. Nov. 15, 2011)). Usually, this obligation requires the objecting party to "provide an 'affidavit or other evidentiary proof of the time or expense involved' in responding to the discovery request." *Id.* at 626 (quoting *Shoemake*, 2011 WL 5553652, at *3).

Here, Judge James concluded that Kaiser had failed to shoulder its burden to show an undue burden. She explained: "Kaiser offers an affidavit, but the affidavit primarily describes Kaiser's inability to produce responsive documents because it does not track [the] information

6

Plaintiffs have requested." Doc. 980 at 10. Judge James correctly explained: "If Kaiser simply does not have within its possession or control certain responsive documents, no objection is necessary." *Id.* Kaiser's Objections fail to show how this ruling erred.

Judge James went on to describe additional shortcomings of Kaiser's affidavit: "In only two instances does the affidavit provide an estimate for the additional time it would take for Kaiser to obtain and produce the requested documents." *Id.* Judge James held that this showing failed to demonstrate that Kaiser "will suffer undue burden and expense in complying with the remaining document requests." *Id.* Kaiser's Objections never establish that it made the requisite factual showing to demonstrate that the class plaintiffs' document requests are unduly burdensome. Thus, Judge James did not err in her ruling on this point.

Also, Judge James concluded that Kaiser's "other objections to the individual requests are boilerplate; they state an objection without offering an explanation." *Id.* Our court "has repeatedly condemned the use of 'boilerplate' or blanket objections" because they "do not provide the requesting party or the Court any way to evaluate the validity of the objection, or any way to know whether or not information is being withheld pursuant to the objection." *Nyamjom v. Hawker Beechcraft, Inc.*, No. 12-1461-JAR-KGG, 2014 WL 2135997, at *1 (D. Kan. May 22, 2014). Kaiser's Objections fail to demonstrate that Judge James erred when she rejected Kaiser's boilerplate objections to the discovery requests. The court thus overrules Kaiser's Objections to Judge James's Order based on its unduly burdensome arguments.

*Finally*, Kaiser objects to Judge James's Order to the extent it requires Kaiser to produce pharmacy-specific data not reasonably feasible for Kaiser's Pharmacy Operations to collect. Kaiser asserts that its Pharmacy Operations does not track many of the categories of information requested. As Judge James correctly held, Kaiser need not object to these requests if it does not

7

have responsive documents in its possession or control. Doc. 980 at 10. Also, Kaiser asserts, to the extent the database does track the categories of information requested, the data is "so granular in nature and of such limited relevancy . . . that collecting them would require extensive and unjustified amounts of analysts' time." Doc. 1048 at 4. Judge James thoroughly examined the relevancy of the document requests, concluding that they "clearly encompass matters that bear on [the class plaintiffs'] claims in this case" and thus were "facially relevant." Doc. 980 at 7–8. Other than making a conclusory assertion, Kaiser's Objections fail to show why the information sought is "of such limited relevancy." Doc. 1048 at 4. And the Objections do not establish that Kaiser's collection of the information "require[s] extensive and unjustified amounts of analysts' time." *Id.* Kaiser again cites an affidavit providing estimates of the time involved in collecting the information. But the Objections fail to show that Judge James erred when she concluded that Kaiser's affidavit had failed to provide the requisite showing of undue burden.

For all these reasons, the court concludes that Judge James did not err when she granted the class plaintiffs' Motion to Compel Kaiser to produce documents in response to subpoenas. The court thus overrules Kaiser's Objections to Judge James's Order.

**IT IS THEREFORE ORDERED BY THE COURT** that non-parties Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals' Objections to Magistrate Order Granting Plaintiff's Motion to Compel Production of Documents (Doc. 1048) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of December, 2018, at Kansas City, Kansas.**

                              **s/ Daniel D. Crabtree**
                              **Daniel D. Crabtree**
                              **United States District Judge**