**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>**(This Document Applies to Consumer Class Cases)** | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## MEMORANDUM AND ORDER

On December 7, 2018, the class plaintiffs in this Multi-District Litigation ("MDL") filed a Motion for Class Certification (Doc. 1353). The same day, the class plaintiffs filed an Unopposed Motion to File Under Seal (Doc. 1342). This Motion asks the court to grant the class plaintiffs leave to file, under seal, their entire Memorandum in Support of their Motion for Class Certification and 92 separately numbered exhibits supporting the Motion.

To support their sprawling request for a sealed filing, the class plaintiffs assert that the 92 separately numbered exhibits are documents produced by defendants and third parties and designated as "Confidential" or "Highly Confidential," or deposition transcripts designated as "Confidential" and "Highly Confidential" under the Third Amended Stipulated Protective Order ("Protective Order") (Doc. 556). Also, the class plaintiffs contend that the Memorandum in Support of the Motion for Class Certification uses information from these 92 exhibits, and thus the class plaintiffs seek to file their entire Memorandum under seal. After reviewing the class plaintiffs' Motion and the corresponding documents they seek to file under seal, the court denies their Motion to File Under Seal, but it does so without prejudice to refiling another motion. To

put it mildly, the request here over-designates confidential information. The request does not comport with the Supreme Court and Tenth Circuit's governing standards for permitting sealed filings. So, the court cannot abide the class plaintiffs' request to seal here, even though it is unopposed by the other parties.

The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not an absolute one. *Id.* at 598. For example, a court has power to deny access to "sources of business information that might harm a litigant's competitive standing." *Id.* (citations omitted). A party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted). The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumption of access. *Id.* (citation and internal quotation marks omitted).

This legal standard requires federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection. When engaging in this endeavor, the case authority confers substantial discretion on district judges. *See, e.g.*, *Nixon*, 435 U.S. at 599; *see also Mann*, 477 F.3d at 1149. They must utilize this discretion, however, "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. And a reviewing court generally will not disturb a decision "to keep the case file public" unless it holds "a definite and firm conviction that [the district judge] made a clear error of judgment or [one that] exceeded the bounds of permissible choice in the circumstances." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

When exercising this discretion, the court is mindful that taxpayers fund the cost of court operations. They thus hold a substantial stake in what happens in our courtrooms and the decisions that judges make there. Also, the public's faith in court rulings is important to the rule of law. Having access to court decisions, and the reasoning and facts that produce them, helps inspire such faith. While both of these factors favor access and transparency, our law also recognizes that some exceptions exist. When a piece of information or a data point qualifies for restricted access, the court should make that restriction no greater than necessary to serve the interest deserving protection.

Here, the class plaintiffs haven't presented the court with enough information to shoulder their burden to establish that a sufficiently significant interest outweighs the presumption of public access to judicial records. The class plaintiffs' blanket assertions that their Memorandum and the supporting exhibits include information that the parties have designated as confidential under the case's Protective Order will not suffice. The court recognizes that some of the exhibits might qualify for a sealed filing because they appear to include "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S at 597. But the class plaintiffs haven't made that showing with their Motion. Also, the court questions how other exhibits—for example, a press release (Ex. 5 (Doc. 1342-6)) and an SEC filing (Ex. 8 (Doc. 1345-1))—could qualify for confidential protection if they are, as they appear to be, publicly issued documents. And, although the class plaintiffs assert in their Motion that Exhibits 21, 23, 26, 44, and 83 are designated as "Confidential" or "Highly Confidential" under the Protective Order (Doc. 1342 ¶¶ 21, 23, 26, 43, 81), the actual exhibits contain no such confidential designations (*see* Docs. 1346-13, 1346-15, 1347-2, 1348-10, 1352-9).

Also, the court will not allow the class plaintiffs to file their Memorandum in Support of Motion for Class Certification under seal absent a showing that the <u>entire</u> Memorandum is entitled to a sealed filing.  To the extent only certain portions of the Memorandum refer to confidential information, the court directs the class plaintiffs to redact only those confidential portions and seek leave to file those confidential portions under seal.

For all these reasons, the court denies the class plaintiffs' Motion to File Under Seal without prejudice.  The class plaintiffs may renew their Motion seeking leave to file under seal, but only if they provide an explicit explanation showing why a sealed filing of the <u>entire</u> Memorandum is appropriate and why each of the 92 exhibits is entitled to sealed protection.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the class plaintiffs' Unopposed Motion to File Under Seal (Doc. 1342) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 17th day of December, 2018, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**