IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation <br><br> (This Document Relates to the Class Cases) | MDL No: 2785 <br><br> Case No. 17-md-2785-DDC-TJJ |

# ORDER

This matter is before the Court on Non-Party Anthem, Inc., Anthem Insurance Companies, Inc., and Amerigroup Corporation's request for an order directing Class Plaintiffs to pay its costs of compliance with subpoenas served in this case.

In its order granting Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Parties Highmark, Inc., Health Care Service Corporation, Anthem, Inc. and Anthem Insurance Companies, Inc., and Amerigroup Corporation (ECF No. 400), the Court held in abeyance the request by Anthem, Inc., Anthem Insurance Companies, Inc., and Amerigroup Corporation to impose costs on Class Plaintiffs in connection with the underlying subpoenas.[1] Anthem, Inc., Anthem Insurance Companies, Inc., and Amerigroup Corporation subsequently submitted a declaration in support of their request, along with invoices from the law firm that

---

[1] *See* ECF No. 695 at 8-9. The Non-Parties also filed a Cross-Motion for Costs and Fees Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(ii) (ECF No. 427). Because the Cross-Motion was nearly identical to their response to Class Plaintiffs' Motion to Compel, the court entered an order finding the Non-Parties' Cross-Motion moot. (ECF No. 696).

performed services on their behalf.[2] They seek to recover $33,476 is outside legal fees and expenses. Class Plaintiffs oppose the request and contend the Court should not order them to share in the cost of production.

As the order ruling on the motion to compel noted, the Court's policy is to deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party. "[T]he court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[3] Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), once an order to compel is in place, the court must "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[4] The widely-applied standard in determining cost allocation under the rule calls for consideration of three factors: "(1) whether the non-party actually has an interest in the outcome of the case, (2) whether the non-party can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance."[5]

Class Plaintiffs address each factor. First, Class Plaintiffs assert the non-parties have a distinct interest in the outcome of this litigation because they may share in any recovery on the consumer class claims. "When the nonparty producing materials has a potential interest in the underlying litigation, courts have weighed that interest against shifting the costs of production to

---

[2] ECF No. 749.

[3] *Booth v. Davis,* No. 10-4010, 2011 WL 2008284, at *7 (D. Kan. May 23, 2011) (citing *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993)).

[4] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[5] *E.g. Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass 2004).

the requesting party."[6] The Court agrees the non-parties are not the classic disinterested parties subject to subpoenas from a party to a lawsuit to which they have no connection. "When a party from whom documents are sought is not a 'classic disinterested non-party,' . . . the court can order that the non-party produce the documents at its own expense."[7]

Second, Class Plaintiffs contend Anthem, Inc., the parent company of Anthem Insurance Companies, Inc. and Amerigroup Corporation, is ranked 29th on the Fortune 500 with approximately $90 billion in revenues for 2017. They contrast their own composition of individual consumers and one regional Taft-Hartley welfare trust fund. As the entities seeking to shift costs and attorney's fees, it is up to the non-parties to "demonstrate that they cannot more readily bear the expense" than the requesting party.[8] The non-parties have made no such showing.

Finally, Class Plaintiffs submit this litigation has significant public importance, pointing in part to congressional hearings on the pricing of EpiPen and rebate payments. The Court also notes the antitrust and consumer class claims raise a matter of concern to the public, as an adverse finding would indicate those who purchased or otherwise paid for EpiPen paid a higher

---

[6] *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *13 (W.D. Va. April 23, 2014).

[7] *In re Seroquel Prods. Liab. Litig.*, No. 06-1769, 2007 WL 42876676, at *3 (M.D. Fla. Dec. 6, 2007) (citing *In re First Am. Corp.*, 184 F.R.D. 234, 241-42 (S.D.N.Y. 1998)).

[8] *In re Application of Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-KMT, 2012 WL 1901217, at *5 (D. Colo. May 24, 2012).

price because of one or more Defendants' actions.  To find public importance in this case is consistent with the way in which other courts interpret this factor.[9]

The non-parties offer no argument in response.  The Court finds the non-parties have failed to set forth any reason why they should not bear the expense of their production.  Considering the relevant factors, the Court concludes that Anthem, Inc., Anthem Insurance Companies, Inc., and Amerigroup Corporation are not entitled to cost allocation under Rule 45.

**IT IS HEREBY ORDERED** that the request for costs in connection with responding to the subpoenas issued by Class Plaintiffs to non-parties Anthem, Inc., Anthem Insurance Companies, Inc., and Amerigroup Corporation is denied.

**IT IS SO ORDERED.**

Dated this 4th day of February, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[9] *See Behrend*, 248 F.R.D. at 87; *cf Bell Inc.*, 2014 WL 1630754, at *14 (contrasting *Behrend* with case involving single plaintiff and single defendant).