# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation

MDL No: 2785

Case No. 17-md-2785-DDC-TJJ

**(This Document Relates to the Class Cases)**

## ORDER

This matter is before the Court on Non-Party Humana's[1] request for an order directing Class Plaintiffs to pay its reasonable costs of compliance with a subpoena served in this case. Class Plaintiffs moved to compel Humana to comply with the subpoena, and the Court previously granted Class Plaintiffs' motion.[2] In its response to Class Plaintiffs' motion to compel, Humana made no request for costs. It was not until Humana moved for an extension of time to comply with the Court's order and for protective order that Humana requested costs.[3] The Court ruled on the substantive issues in Humana's motion and took under advisement the issue of costs.

---

[1] Although here are two entities at issue, Humana Inc. and Humana Pharmacy Solutions, Inc., the Court follows Humana's convention of referring to them in the singular "Humana."

[2] ECF No. 687.

[3] *See* ECF No. 753.

Humana submitted a declaration in support of its request, which stated the "fees billed or billable" to Humana by an outside law firm in connection with the subpoena exceed $35,000. The affidavit includes no billing records or indication of the individuals involved, their billing rates, or a description of services rendered.[4] Class Plaintiffs oppose the request and contend the Court should not order them to share in the cost of production.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), once an order to compel is in place, the court must "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[5] The widely-applied standard in determining cost allocation under the rule calls for consideration of three factors: "(1) whether the non-party actually has an interest in the outcome of the case, (2) whether the non-party can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance."[6]

Class Plaintiffs address each factor. First, Class Plaintiffs assert that Humana has a distinct interest in the outcome of this litigation because it may share in any recovery on the consumer class claims. Moreover, Class Plaintiffs claim, Humana has a direct business interest in the underlying claims in this litigation and has warned its investors of the risk that its gross margins may decline if it does not continue to earn and retain purchase discounts and volume rebates from pharmaceutical manufacturers at current levels. "When the nonparty producing materials has a potential interest in the underlying litigation, courts have weighed that interest

---

[4] ECF No. 755-1.

[5] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[6] *E.g. Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass 2004).

against shifting the costs of production to the requesting party."[7] The Court agrees that Humana is not the classic disinterested party subject to subpoena from a party to a lawsuit to which it has no connection. "When a party from whom documents are sought is not a 'classic disinterested non-party,' . . . the court can order that the non-party produce the documents at its own expense."[8]

Second, Class Plaintiffs contend Humana has revenues exceeding $53 billion and is ranked 56th on the Fortune 500. They contrast their own composition of individual consumers and one regional Taft-Hartley welfare trust fund. As the entities seeking to shift costs and attorney's fees, it is up to the non-parties to "demonstrate that they cannot more readily bear the expense" than the requesting party.[9] Humana has made no such showing.

Finally, Class Plaintiffs submit this litigation has significant public importance, pointing in part to congressional hearings on the pricing of EpiPen and rebate payments. The Court also notes the antitrust and consumer class claims raise a matter of concern to the public, as an adverse finding would indicate those who purchased or otherwise paid for EpiPen paid a higher price because of one or more Defendants' actions. To find public importance in this case is consistent with the way in which other courts interpret this factor.[10]

---

[7] *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *13 (W.D. Va. April 23, 2014).

[8] *In re Seroquel Prods. Liab. Litig.*, No. 06-1769, 2007 WL 42876676, at *3 (M.D. Fla. Dec. 6, 2007) (citing *In re First Am. Corp.*, 184 F.R.D. 234, 241-42 (S.D.N.Y. 1998)).

[9] *In re Application of Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-KMT, 2012 WL 1901217, at *5 (D. Colo. May 24, 2012).

[10] *See Behrend*, 248 F.R.D. at 87; *cf Bell Inc.*, 2014 WL 1630754, at *14 (contrasting *Behrend* with case involving single plaintiff and single defendant).

In addition to addressing each of the relevant factors, Class Plaintiffs argue cost-shifting is particularly inappropriate because Humana produced no responsive documents until Class Plaintiffs moved to compel production and the Court granted their motion. Class Plaintiffs also point to this Court's finding that they have taken reasonable steps to avoid imposing undue burden or expense on Humana.[11]

Humana offers no argument in response, nor has it provided invoices or other documentary support for its request. The Court finds that Humana has failed to set forth any reason why it should not bear the expense of production. Considering the relevant factors, the Court concludes that Humana is not entitled to cost allocation under Rule 45.

**IT IS HEREBY ORDERED** that the request for costs in connection with responding to the subpoena issued by Class Plaintiffs to non-party Humana is denied.

**IT IS SO ORDERED.**

Dated this 4th day of February, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[11] *See* ECF No. 687 at 12.