IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Relates to the Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## ORDER

This matter is before the Court on Non-Party Change Healthcare, Inc.'s Motion for Costs and Fees Pursuant to FRCP 45(d)(2)(B)(ii) (ECF No. 1125). Change Healthcare seeks to recover its reasonable and necessary costs and expenses incurred in complying with subpoenas served by Class Plaintiffs. Class Plaintiffs oppose the motion. As set forth below, the Court will grant the motion in part.

In its opposition to Class Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Non-Party Change Healthcare, Inc. (ECF No. 462), Change Healthcare asked the Court to order Plaintiffs to pay the costs of compliance if the Court grants the motion to compel. As the order ruling on the motion to compel noted, the Court's policy is to deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party.[1] "[T]he court will not deny a party access to relevant discovery because

---

[1] ECF No. 820 at 9.

compliance inconveniences a nonparty or subjects it to some expense."[2] The Court held in abeyance its ruling on costs until Change Healthcare had complied with the Court's order and submitted an affidavit setting forth the time and expense it incurred in responding to the subpoenas. This motion followed.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), once an order to compel is in place, the court must "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[3] The widely-applied standard in determining cost allocation under the rule calls for consideration of three factors: "(1) whether the non-party actually has an interest in the outcome of the case, (2) whether the non-party can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance."[4]

Change Healthcare asserts it has little interest in the outcome of this case because it is not a PBM, does not manufacture epinephrine drugs, and is not an end user affected in any way by this litigation. Change Healthcare acknowledges that Class Plaintiffs worked to limit its costs and fees by agreeing to withdraw portions of the subpoena subject to the Court's order compelling Change Healthcare's compliance, but argues it was required to perform extensive review and redaction. Change Healthcare has submitted a declaration in support of its motion that sets forth the names of the lawyers who worked on this matter, the number of hours billed, the hourly rates, with a total amount of $56,619.50. It also lists costs of $14,916.00 from its e-

---

[2] *Booth v. Davis,* No. 10-4010, 2011 WL 2008284, at *7 (D. Kan. May 23, 2011) (citing *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993)).

[3] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[4] *E.g. Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass 2004).

2

discovery vendor. However, the affidavit provides no information from which the Court can discern the necessity or reasonableness of the work performed by each person or entity.

In addition to addressing each of the factors set forth above, Class Plaintiffs argue that Change Healthcare fails to meet its burden to show the reasonableness of its request or that the expenses resulted from compliance with the Court's order. Specifically, Class Plaintiffs point out that a significant portion of the attorney's fees predate the Court's order compelling Change Healthcare to produce documents. In addition, the final agreement Class Plaintiffs reached with Change Healthcare yielded a production of only 534 documents.

With respect to the first factor, Class Plaintiffs assert that although Change Healthcare is not a PBM, it does administer the rebate process for PBMs and the Sovereign States Drug Consortium (SSDC), a consortium of 12 state Medicaid programs of over 7 million people that collectively solicits and evaluates offers from manufacturers for state supplemental and DME rebates. Class Plaintiffs point out that their complaint alleges the participation of PBMs and state Medicaid programs in Mylan's alleged scheme. "When the nonparty producing materials has a potential interest in the underlying litigation, courts have weighed that interest against shifting the costs of production to the requesting party."[5] The Court finds Class Plaintiffs have not adequately demonstrated that Change Healthcare can be equated with a PBM for purposes of determining its level of interest in this case. Although the Court found the subpoena relevant to Class Plaintiffs' claims, the standard for relevance is much broader than that used to decide

---

[5] *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *13 (W.D. Va. April 23, 2014).

whether a non-party is interested in an underlying action. This factor weighs in favor of Change Healthcare.

Second, Class Plaintiffs contend Change Healthcare can more readily bear its costs than the requesting party. With revenues exceeding $1.5 billion, Class Plaintiffs assert that the amount Change Healthcare seeks to recover is hardly significant. They contrast their own composition of individual consumers and one regional Taft-Hartley welfare trust fund. As the entity seeking to shift costs and attorney's fees, it is up to Change Healthcare to "demonstrate that they cannot more readily bear the expense" than the requesting party.[6] Change Healthcare has made no such showing.

Finally, Class Plaintiffs submit this litigation has significant public importance, pointing to congressional hearings on the pricing of EpiPen and rebate payments. The Court also notes the antitrust and consumer class claims raise a matter of concern to the public, as an adverse finding would indicate those who purchased or otherwise paid for EpiPen paid a higher price because of one or more Defendants' actions. To find public importance in this case is consistent with the way in which other courts interpret this factor.[7]

Considering the relevant factors, the Court concludes that Change Healthcare should bear most of the costs of production. Although more disinterested than many non-parties that have been required to comply with subpoenas in this case, Change Healthcare is clearly more able to bear the cost of compliance and is involved in the very business that makes this case one of

---

[6] *In re Application of Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-KMT, 2012 WL 1901217, at *5 (D. Colo. May 24, 2012).

[7] *See Behrend*, 248 F.R.D. at 87; *cf Bell Inc.*, 2014 WL 1630754, at *14 (contrasting *Behrend* with case involving single plaintiff and single defendant).

significant public importance. The required "protection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance. . . [A] non-party can be required to bear some or all of its expense where the equities of a particular case demand it."[8]

The Court will not require Class Plaintiffs to pay any of the attorney's fees Change Healthcare seeks. Change Healthcare has not demonstrated the reasonableness of its fees, nor has it provided information from which the Court can determine the necessity of the work billed by five different lawyers. As for the $14,916.00 shown on the invoice from its e-discovery vendor, the Court finds the lack of detail makes it impossible to determine the start of the billing period. It appears likely that the vendor includes charges for services rendered before Change Healthcare began producing documents. Accordingly, based on the applicable factors and the equities of the case, the Court will require Class Plaintiffs to pay $5,000.00 of the e-discovery invoice.

**IT IS HEREBY ORDERED** that Non-Party Change Healthcare, Inc.'s Motion for Costs and Fees Pursuant to FRCP 45(d)(2)(B)(ii) (ECF No. 1125) is granted in part. Within 30 days of the date of this order, Class Plaintiffs shall pay Change Healthcare $5,000.00.

**IT IS SO ORDERED.**

Dated this 4th day of February, 2019 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[8] *In re Law Firms of McCourts*, No. M19-96, 2001 WL 345233, at *1 (S.D.N.Y. Apr. 9, 2001).