**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Relates to the Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## ORDER

This matter is before the Court on the Joint Motion of OptumRx, Inc. and United Healthcare Services, Inc. to Recover Costs Ordered by the Court in Connection with OptumRx, Inc. and United Healthcare Services, Inc.'s Compliance with Class Plaintiffs' Rule 45 Document Subpoenas (ECF No. 1390). Optum and United seek to recover certain costs following the Court's orders requiring Class Plaintiffs to bear 50% and 25%, respectively, of the non-parties' costs incurred in producing documents responsive to Class Plaintiffs' subpoenas.[1] Class Plaintiffs oppose the motion. As set forth below, the Court will deny the motion.

Following the Court's May 31, 2018 orders granting Class Plaintiffs' motions to compel, the parties conferred to narrow the scope of the subpoenas. Class Plaintiffs stated they would not pay for a manual document review the non-parties intended to conduct because the review would benefit the non-parties and not Class Plaintiffs.[2] Optum and United proceeded with the manual

---

[1] *See* ECF Nos. 645 (OptumRx), 647 (United).

[2] Optum and United wanted to perform a manual review to cull non-responsive documents, review for attorney-client privilege, and designate documents as confidential.

review before producing responsive documents. On September 25, 2018, Class Plaintiffs represented to the Court that all issues pertaining to Optum and United's document productions had been resolved for Rule 45(g) purposes.[3] Ultimately, counsel for Optum and United presented Class Plaintiffs with a list of their fees and costs totaling $381,740.83, and a demand that Class Plaintiffs pay $153,879.88 of that amount.[4]

In their motion, Optum and United represent they incurred costs of $337,194 in producing documents responsive to Class Plaintiffs' subpoena. Of that amount, Optum wants Class Plaintiffs to reimburse it $103,615 (50%), and United seeks reimbursement of $32,491 (25%), for a total of $136,106. It appears the costs include billing by approximately twenty-five lawyers.[5]

Class Plaintiffs acknowledge they are obligated to pay a portion of the costs for compliance with the subpoena, but resist paying for costs related to a manual review and costs they deem unreasonable. Class Plaintiffs have offered to pay a total of $19,615.25, which they describe as their share of United and Optum's entire claimed technical services costs. Class Plaintiffs' offer takes at face value the gross amount of the technical costs and the allocation of these costs between United and Optum, and does not challenge what they believe is the likely inclusion of technical costs in the manual review.

---

[3] *See* ECF No. 1391-1 at 35.

[4] *See* ECF No. 1417-1, -5.

[5] *See* ECF No. 1391-1.

Class Plaintiffs argue that Optum and United failed to meet their burden to show the reasonableness of their request or that the expenses resulted from compliance with the Court's order. "As the party seeking reimbursement, the [non-parties] have the burden of establishing the existence and reasonableness of the costs or fees incurred."[6] Specifically, Class Plaintiffs point out that the invoices from the non-parties' discovery vendor lack information necessary to determine whether they were incurred in connection with the manual review Optum and United decided to conduct. While United and Optum had the right to conduct whatever review they wanted to serve their own interests, they may not then charge Class Plaintiffs with the costs of this effort.[7]

Moreover, the Court notes the invoices from the discovery vendor list the names of the twenty lawyers who performed contract work on behalf of United and Optum, a date, and an amount. They contain no information from which one may assess the reasonableness of their services.[8] The four outside lawyers who billed $208,336 in fees describe their work as internal investigation to identify potential custodians and sources of responsive documents; internal investigation and supervision regarding the identification, collection, and production of data on epinephrine claims and rebates; meeting and conferring with class counsel; and supervision and direction of contract attorneys for the discovery vendor.[9] Clearly, some of these efforts involved

---

[6] *In re Application of Michael Wilson and Partners, Ltd.*, No. 06-cv-12575-MSK-KMT, 2012 WL 1901217, at *4 (D. Colo. May 24, 2012).

[7] *See G & E Real Est., Inc. v. Avison Young-Washington, D.C., LLC*, 317 F.R.D. 313, 319 (D.D.C. 2016).

[8] ECF No. 1391-1 at 10-22.

[9] ECF No. 1391-1 ¶37.

the manual review the non-parties conducted. The Court's review of the billing record details reveals a great deal of likely duplication among the four lawyers.

Finally, the Court is struck by the size of the total costs United and Optum claim to have incurred in complying with these subpoenas. The amount, $337,194, is approximately ten times greater than other non-parties have reported spending to comply with identical or very similar subpoenas from Class Plaintiffs. A non-party is not entitled to recover costs greater than those incurred by similarly situated persons.[10]

The Court concludes that the amount Class Plaintiffs have arrived at as a calculation of their share of costs is reasonable and appropriate.

Based on the applicable factors and the equities of the case, the Court will require Class Plaintiffs to pay $19,615.25 of the costs United and Optum seek.

**IT IS HEREBY ORDERED** that the Joint Motion of OptumRx, Inc. and United Healthcare Services, Inc. to Recover Costs Ordered by the Court in Connection with OptumRx, Inc. and United Healthcare Services, Inc.'s Compliance with Class Plaintiffs' Rule 45 Document Subpoenas (ECF No. 1390) is denied. Instead, within 30 days of the date of this order, Class Plaintiffs shall pay United Healthcare Services, Inc. and OptumRx, Inc. $19,615.25 in complete satisfaction of the Court's May 31, 2018 orders.

**IT IS SO ORDERED.**

---

[10] *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 672-73 (N.D. Fla. 2010). While the Court does not accept Class Plaintiffs' invitation to impose some of its share of the costs on Defendants, who also served subpoenas on these and other non-parties, United and Optum are the only non-parties who have responded on the issue. Their response, to the effect that any agreement they have with other parties who have issued them subpoenas is irrelevant, is accurate. However, the amount United and Optum seek to have Class Plaintiffs pay, considered along with the role PBMs play in this litigation, are factors in determining reasonableness.

Dated this 5th day of February, 2019 in Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge