**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to the *Sanofi* Case) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

# ORDER

On December 17, 2018, the Court appointed the Honorable Margaret R. Hinkle as Special Master to handle and resolve a single discovery dispute, i.e., review of the 2,086 disputed documents on Sanofi's privilege log. On January 10, 2019, the Special Master filed a report setting forth her conclusions.[1] Of the 2,086 documents she reviewed, the Special Master determined 412 documents, or just under twenty percent, are not privileged. As the Court's order of appointment directed and pursuant to Federal Rule of Civil Procedure 53(f)(2), Sanofi and Mylan had ten (10) days from the date the report was filed to file objections to the Special Master's report. Both Sanofi and Mylan affirmatively reported that neither had an objection.[2]

The Special Master has submitted an invoice of her services and expenses to the Court and has provided a copy to each party. Consistent with the fee schedule set forth in the Court's order of appointment, the Special Master's invoice is in the amount of $17,500.00.

---

[1] ECF No. 1396.

[2] ECF No. 1404 (Sanofi); ECF No. 1416 (Mylan).

1

The Court's order of appointment indicated that following the expiration of the objection period or after District Judge Crabtree's ruling on objections, the Court would determine the amount Sanofi and Mylan would pay and how the payment shall be apportioned between them. Sanofi's position is that Mylan pay 80 percent, which represents the proportion of documents challenged by Mylan for which the Special Master determined Sanofi's privilege calls were correct.  Mylan believes the Court should allocate payment of the Special Master's compensation equally between the parties such that Mylan and Sanofi each pay 50% of it.

After consideration of the matter, the Court finds that "[t]he payment of the Special Master fees and costs shall reflect the degree of success enjoyed by each party."[3]  In this instance, that means Mylan shall pay 80% of the Special Master's invoice, and Sanofi shall pay 20%.  The Special Master has offered to prepare separate invoices for each party, and the Court appreciates and accepts her offer.  Accordingly, it is hereby

**ORDERED** that within 30 days of receiving an invoice from the Special Master, Sanofi shall pay $3,500.00 and Mylan shall pay $14,000.00.

 **IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 5th day of February, 2019.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[3] *Albemarle Corp. v. Great Lakes Chem. Corp.*, No. CIV. A. 02-505-A-M3, 2008 WL 205340, at *5 (M.D. La. Jan. 23, 2008).