IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
       Injection, USP) Marketing,
       Sales Practices and Antitrust
       Litigation

MDL No: 2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to the Class Cases)

# MEMORANDUM AND ORDER

This matter is before the Court on Mylan's Motion to Compel Class Plaintiffs to Produce Amended Responses to Interrogatories and Requests for Admission (ECF No. 1355). Mylan seeks an order requiring Class Plaintiffs to (1) respond to Interrogatories 3-6 of Mylan's Second Set of Interrogatories, and (2) produce amended responses to several of Mylan's First Set of Requests for Admission. Class Plaintiffs oppose the motion. As set forth below, the Court grants in part and denies in part Mylan's motion.

## I.    Relevant Background

On October 1, 2018, Mylan served its Second Set of Interrogatories and First Set of Requests for Admission on Class Plaintiffs. Class Plaintiffs timely responded to both. Mylan found their responses lacking in completeness, however, and the parties twice met and conferred and later exchanged correspondence to try to resolve their differences. Class Plaintiffs agreed to provide amended responses to both sets of discovery and, while they ultimately did so, their amended interrogatory answers came after Mylan's deadline to file a motion to compel and another session of meeting and conferring.

Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.     Summary of the Parties' Arguments

Although Mylan agrees that Class Plaintiffs have now served amended answers to the four interrogatories at issue, Mylan argues in its reply that one answer still lacks facts relating to the interrogatory's key component. In addition, Mylan takes issue with Class Plaintiffs' mention of ongoing discovery, asserting that these interrogatories relate to coordinated discovery issues for which discovery closed on October 31, 2018.

Mylan contends Class Plaintiffs' responses to six of its Requests for Admission are evasive and contain non-responsive statements and unsupported claims of lack of knowledge that should be stricken. Class Plaintiffs argue their responses comply with Rule 36, including qualifications to answers made in good faith.

## III.    Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[1]

---

[1] Fed. R. Civ. P. 26(b)(1).

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[2] Information still "need not be admissible in evidence to be discoverable."[3] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[4] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[5] Relevancy determinations are generally made on a case-by-case basis.[6]

Federal Rule of Civil Procedure 36 governs requests for admission. It allows a party to serve on any other party a written request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.[7] Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to

---

[2] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[3] Fed. R. Civ. P. 26(b)(1).

[4] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[5] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[6] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[7] Fed. R. Civ. P. 36(a)(1).

facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be [eliminated]."[8] The purpose of a request for admission generally is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[9] Determining the sufficiency of a party's response is a matter of the court's discretion.[10]

## IV. Analysis

### A. Interrogatory No. 3

Mylan's Interrogatory No. 3 is a contention interrogatory that quotes part of two paragraphs of Class Plaintiffs' complaint in which they allege that Class Plaintiffs and putative class members paid higher prices for epinephrine auto-injectors due to Mylan's exclusionary agreements, including arrangements with PBMs and the EpiPen4Schools program.[11] In Interrogatory No. 3, Mylan asks Class Plaintiffs to state all material or principal facts supporting these allegations.[12]

---

[8] Fed. R. Civ. P. advisory committee's note to 1970 amendment.

[9] *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012).

[10] *Harris v. Oil Reclaiming Co., LTD.,* 190 F.R.D. 674, 679 (D. Kan. 1999).

[11] ECF No. 1355-1 at 3.

[12] The original interrogatory directs Class Plaintiffs to state "all facts," but Mylan later agreed to seek only "the principal or material facts" in support of Class Plaintiffs' allegations. *See* ECF No. 1376-4 at 5.

Mylan's motion sought only to compel Class Plaintiffs to serve an amended answer to the interrogatory, and in their response Class Plaintiffs state they had done so within three days of Mylan filing the motion. In its reply, however, Mylan points out that the amended answer includes no facts related to PBM contracts. When confronted with the omission, Class Plaintiffs asserted they had fully and appropriately responded to Interrogatory No. 3 as well as to Interrogatory No. 6.[13] The latter asks Class Plaintiffs to state the facts on which they base their contentions in paragraph 641 of the complaint. Among other things, paragraph 641 alleges PBM conspirators affirmatively misrepresented or concealed certain price increases and discounts that resulted in higher drug costs for Class Plaintiffs and others.[14] Plaintiffs' amended answer to Interrogatory No. 6 is extensive and detailed, including the document numbers for allegedly exclusionary contracts Mylan entered into with PBMs.[15]

Mylan does not take issue with Class Plaintiffs' amended answer to Interrogatory No. 6.[16] However, the fact that Class Plaintiffs served an amended answer to one interrogatory that proved satisfactory—even if the subject matter is the same—does not excuse them from fully answering another interrogatory. And, of course, a belated objection is ineffective. Class Plaintiffs will be required to further amend their answer to Interrogatory No. 3 to include principal or material facts regarding PBM contracts.

---

[13] *See* ECF No. 1392-2 at 1.

[14] *See* ECF No. 60 ¶641.

[15] *See* ECF No. 1376-4 at 10-13.

[16] Neither does Mylan indicate dissatisfaction with Class Plaintiffs' amended answers to Interrogatory Nos. 4 or 5. The Court therefore finds Mylan has abandoned its request for relief regarding Interrogatory Nos. 4-6.

B.    **Requests for Admission**

Mylan asks the Court to review and find insufficient six of Class Plaintiffs' responses to the 84 requests contained in Mylan's First Set of Requests for Admission.[17] Mylan claims some of Class Plaintiffs' responses are inadequate because they do not admit "undisputable facts," while others are evasive and non-responsive. Mylan separates the allegedly deficient responses into three categories.

1.    **Whether certain responses that do not admit "undisputable facts" are adequate**

Mylan complains that in response to RFA Nos. 29, 30, and 36, Class Plaintiffs refuse to admit that "rebates paid by pharmaceutical manufacturers like Mylan and Sanofi to PBMs and third-party payors are common, widespread, and are one of the principal means by which pharmaceutical manufacturers compete against one another."[18] Mylan argues Class Plaintiffs' objections to some of the terms contained in these RFAs are baseless, and that Class Plaintiffs have avoided responding to them. To illustrate the demonstrable truth of the statements in RFA Nos. 29 and 30, Mylan points out that Sanofi admitted to similar RFAs.[19]

---

[17] A motion to compel under Rule 37 is not available for challenging responses to requests for admission. Instead, Rule 36 authorizes the requesting party to move to determine the sufficiency of an answer or objection. If the court does not sustain an objection, it must order that an answer be served. And if the court determines an answer does not comply with the rule, the court may (1) order that the matter is admitted; (2) order that an amended answer be served; or (3) defer its final decision until a pretrial conference or a specified time before trial. Fed. R. Civ. P. 36(a)(6). Here, Mylan asks that Class Plaintiffs be compelled to produce amended responses to replace their current responses that are "evasive and include non-responsive statements and unsupported claims of lack of knowledge." ECF No. 1355 at 6.

[18] ECF No. 1355 at 6.

[19] *Id.* n.2.

Class Plaintiffs contend their objections are well-founded because the RFAs at issue do not seek admissions about Mylan's behavior, but instead ask Class Plaintiffs to admit factual statements about all drug manufacturers, PBMs, and third-party payors throughout an undefined pharmaceutical industry. Class Plaintiffs also point out that they provided substantive responses to each: they stated that after a reasonable inquiry, they could not admit or deny RFA Nos. 29 and 30 and explained why, and they admitted in part and denied in part RFA No. 36.

The Court disagrees with Mylan's premise that the Court can require Class Plaintiffs to admit facts. When reviewing the sufficiency of responses to requests for admission, the court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[20] Rule 36 does not require admissions, and the Court will not substitute its judgment to provide definitions for the terms to which Class Plaintiffs object.

The Court likewise rejects Mylan's argument that Class Plaintiffs should be required to admit statements because Sanofi admitted them. Class Plaintiffs' admissions would not further the purposes of admissions, i.e. facilitating proof with respect to issues that cannot be eliminated

---

[20] *Ash Grove Cement v. Emp'rs Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007).

from the case or narrowing the issues.[21] If a request does not further either purpose, it is not a proper request.[22]

"When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."[23] The party making the request bears the burden of succinctly stating the matter to which it seeks an admission, while the responding party is "merely required to agree or disagree, . . . with an occasionally warranted qualification or explanation, for purposes of clarification, if desired."[24]

Considering RFA Nos. 29, 30, and 36 as written, the Court finds that Class Plaintiffs have complied with Rule 36 in responding to each request. The Court denies Mylan's motion insofar as it challenges the sufficiency of Class Plaintiffs' responses to RFA Nos. 29, 30, and 36.

### 2. Whether Plaintiffs should be required to admit "basic facts" about epinephrine

---

[21] *Richard v. Sedgwick Cty. Bd. of Comm'rs*, Nos. 09-1278-MLB, 10-1042-MLB, 2013 WL 3467124, at *6 (D. Kan. July 10, 2013) ("If [defendant] admitted the requests while the co-defendant denied the same, the issues would still require proof at trial. If [defendant] admitted or denied the requests similar to the co-defendants, his answers would be superfluous. If [defendant] denied the requests and the co-defendants admitted the same, his responses would be unnecessary.").

[22] *See Rutherford v. Reliance Standard Life Ins. Co.*, No. 10-2456-JWL, 2011 WL 4376557, at *2 (D. Kan. Sept. 20, 2011) (denying motion in part because requests "provide no assistance in narrowing the discovery issues or issues concerning the merits of the case").

[23] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625744, at *2 (D. Kan. Oct. 5, 1995) (quoting *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 9D. Conn. 1988)).

[24] *Audiotext*, 1995 WL 625744, at *2.

Mylan also finds inadequate Class Plaintiffs' objections and responses to RFA Nos. 74 and 75, which seek admissions that a patient experiencing anaphylaxis who did not receive the intended dose of epinephrine could suffer significant health consequences or death. In their responses Class Plaintiffs admit Mylan has stated that a delay in administering epinephrine can be life-threatening, but that after reasonable inquiry they cannot admit or deny the requests as stated. Class Plaintiffs also object that the requests are vague and ambiguous, pose hypotheticals, and call for speculation concerning the facts and circumstances of a hypothetical patient.

The Court will not require Class Plaintiffs to admit requests on the ground that Mylan considers them basic facts.

> Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted. Requests for admissions should be made only if the requesting party has a reasonable expectation that the opponent should in good faith admit them. . . . With respect to factual matters, a request is appropriate when the evidence at hand indicates that the matter is not reasonably disputable and that proof at trial may thereby be limited or facilitated.[25]

Although Mylan reads the requests as containing matters not reasonably disputable, Class Plaintiffs read them as hypotheticals requiring an assumption that failure to administer the undefined "intended" dose of epinephrine is the sole cause of the adverse consequences. Class Plaintiffs had a duty to make a reasonable inquiry to determine their ability to admit or deny and upon determining neither was possible, to provide a detailed explanation to describe their

---

[25] *Id.*

inability with a response that fairly meets the substance of the requested admission.[26] The Court finds that Class Plaintiffs fulfilled their duty.

Mylan also mentions that Sanofi did not object in response to these RFAs, but admitted that "if a patient experiencing anaphylaxis did not receive the intended dose of epinephrine, there could be significant health consequences, including death."[27] However, Sanofi also denied the requests in part. As stated above, the Court will not require Class Plaintiffs to admit a request simply because Sanofi did. Moreover, Sanofi and Class Plaintiffs do not have the same knowledge with respect to this issue, as Class Plaintiffs are not a manufacturer of epinephrine.

The Court finds Class Plaintiffs' responses to RFA Nos. 74 and 75 fairly meet the substance of each request. The Court denies Mylan's motion insofar as it challenges the sufficiency of Class Plaintiffs' responses to RFA Nos. 74 and 75.

### 3. Whether a response is evasive

Mylan argues that in their response to RFA No. 10, Class Plaintiffs are refusing to admit facts regarding their basic purchasing history. The request asks for an admission that "at least some of the named Plaintiffs received advice from a healthcare provider that influenced their decision to purchase EpiPen devices instead of the Auvi-Q and/or Adrenaclick."[28] Class Plaintiffs object to the request as vague and ambiguous in that it is unclear whether it includes filling a prescription for an EpiPen and if so, what quantity and packaging is intended. They also admit certain matters for one of the named Plaintiffs but deny the remainder of the request.

---

[26] *Ash Grove Cement*, 2007 WL 2333350, at *2.

[27] ECF No. 1355 n.3.

[28] ECF No. 1355-4 at 11.

In their response, Class Plaintiffs further explain the request implies that a healthcare provider merely influences a patient's purchasing decision, when the reality is "both that a patient can purchase such devices only with a physician's prescription, and patients are constrained by their insurers' formularies."[29] Asking Class Plaintiffs to admit that a healthcare provider influenced their decision to purchase EpiPens instead of a competing device may seem to Mylan like a request that ought to be admitted. But the statement ignores the realities of how one obtains a prescription-only medical device and the role an insurer's formulary plays. "A request for admission is meant to be answered with a simple admission or denial."[30] RFA No. 10 does not call for a simple admission or denial, and Class Plaintiffs' response complies with Rule 36.

The Court denies Mylan's motion insofar as it challenges the sufficiency of Class Plaintiffs' responses to RFA No. 10.

In its analysis of the issues raised in Mylan's motion, the Court finds it helpful to focus on the unique character of a Rule 36 request for admission, described in part as follows:

> In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party. Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.
>
> Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the

---

[29] ECF No. 1376 at 11.

[30] *Heartland Surgical Specialty Hosp. LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *6 (D. Kan. Oct. 29, 2007) (citing Fed. R. Civ. P. 36(a)).

merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.[31]

Class Plaintiffs are entitled to deny requests without explanation, and their denial has no preclusive effect on the issue. If Mylan later proves the truth of any statement Class Plaintiffs have denied in their responses, Mylan may seek relief under Federal Rule of Civil Procedure 37(c)(2).

**IT IS HEREBY ORDERED** that Mylan's Motion to Compel Class Plaintiffs to Produce Amended Responses to Interrogatories and Requests for Admission (ECF No. 1355) is **GRANTED** insofar as it seeks to compel Class Plaintiffs to further amend their answer to Interrogatory No. 3 to include principal or material facts regarding PBM contracts. Class Plaintiffs shall serve their amended answer within five business days of the date of this order. The motion is **DENIED** in all other respects.

Dated this 22nd day of February, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[31] Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment (internal citations omitted).