**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation** | **MDL No:  2785**<br><br>**Case No. 17-md-2785-DDC-TJJ** |
| **(This Document Applies to Consumer Class Cases)** | |

**MEMORANDUM AND ORDER**

This matter comes before the court on the class plaintiffs' Renewed Motion to File Under Seal Certain Class Certification Exhibits.  Doc. 1428.  As the court previously has discussed, the Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted).  Nevertheless, a party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted).  The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumption of access.  *Id*. (citation and internal quotation marks omitted).

This legal standard requires federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection.  When engaging in this endeavor, the case authority confers substantial discretion on district judges.  *See, e.g.*, *Nixon*, 435 U.S. at 599; *see also Mann*, 477 F.3d at 1149.  Applying

this standard, the court grants the Renewed Motion to File Under Seal Certain Class Certification Exhibits in part and denies it in part in the following manner:

- The court grants the request to file under seal unredacted versions of the class plaintiffs' Memorandum of Law in Support of Class Certification and the Expert Reports of Prof. Einer Elhauge (Exhibit 1), Dr. Meredith Rosenthal (Exhibit 3), and Dr. Andrew Torrance (Exhibit 4). Also, the court orders the class plaintiffs to file redacted copies of those documents publicly with redactions for sections of those documents that rely on or discuss exhibits or documents the court has approved for filing under seal, as outlined in this Order.

- The court grants the request to file under seal Exhibits 9, 10, 11, 14–19, 21, 24, 27, 29, 30–32, 35–37, 39, 40, 42, 44, 45, 47, 48, 50, 53, 55, 56, 57, 59, 60, 63, 67, 68, 70, 72–75, 76, 77, 79, 81, 83, 84, 85, 88, 90, and 92.

- The court denies the request to file under seal Exhibits 22, 41, 43, 46, 49, 51, 87, and 89.

- The court grants in part the request to file under seal Exhibit 13. The court agrees with Anthem that the testimony at 272:1–273:2 does not qualify for a sealed filing, but the other portions of the testimony qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 13 under seal. Also, it orders the class plaintiffs to file Exhibit 13 publicly and with a redaction of all testimony except the testimony at 272:1–273:2.

- The court grants in part the request to file under seal Exhibit 20. The court agrees with the class plaintiffs that the testimony at 192:14–20 qualifies for a sealed filing, but the other portions of the testimony do not qualify for a sealed filing.

2

The court thus orders the class plaintiffs to file an unredacted version of Exhibit 20 under seal. Also, it orders the class plaintiffs to file Exhibit 20 publicly and with a redaction <u>only</u> of the testimony at 192:14–20.

- The court grants in part the request to file under seal Exhibit 23. The court agrees with Mylan that the November 4, 2013 email (sent at 8:48 a.m.) beginning on the bottom of page 3 (Bates number MYEP00305855) and continuing through page 4 (Bates number MYEP00305856) qualifies for a sealed filing, but the court disagrees that the other portions of the document qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 23 under seal. Also, it orders the class plaintiffs to file Exhibit 23 publicly and with a redaction <u>only</u> of the November 4, 2013 email (sent at 8:48 a.m.) beginning on the bottom of page 3 (Bates number MYEP00305855) and continuing through page 4 (Bates number MYEP00305856).

- The court grants in part the request to file under seal Exhibit 25. The court agrees with Mylan that the testimony at 69:6–72:25, 197:1–200:25, and 241:1–248:25 qualifies for a sealed filing, but the court disagrees that the other portions of the testimony qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 25 under seal. Also, it orders the class plaintiffs to file Exhibit 25 publicly and with a redaction <u>only</u> of the testimony at 69:6–72:25, 197:1–200:25, and 241:1–248:25.

- The court grants in part the request to file under seal Exhibit 26. The court agrees with Mylan that the testimony at 62:16–68:25 qualifies for a sealed filing, but the court finds that the other portions of the testimony do not qualify for a sealed

filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 26 under seal. Also, it orders the class plaintiffs to file Exhibit 26 publicly and with a redaction <u>only</u> of the testimony at 62:16–68:25.

- The court grants in part the request to file under seal Exhibit 54. The court agrees with Mylan that the first page of the document (Bates number MYEP00877436) qualifies for a sealed filing, but the court disagrees that the remaining portions of the document qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 54 under seal. Also, it orders the class plaintiffs to file Exhibit 54 publicly and with a redaction <u>only</u> of the first page of the document (Bates number MYEP00877436).

- The court grants in part the request to file under seal Exhibit 64. The court agrees with the class plaintiffs that the testimony at 207:4–208:4 does not qualify for a sealed filing but the remaining portions of the testimony qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 64 under seal. Also, it orders the class plaintiffs to file Exhibit 64 publicly and with a redaction of all testimony <u>except</u> the testimony at 207:4–208:4.

- The court grants in part the request to file under seal Exhibit 65. The court agrees with the class plaintiffs that the testimony at 317:9–12, 355:17–21, 377:15–19, and 372:4–9 qualifies for a sealed filing but the court finds that the remaining portions of the testimony do not qualify for a sealed filing. The court disagrees with the class plaintiffs about testimony at 336:17–337:17 and 369:14–370:21, and believes this testimony qualifies for a sealed filing. The court thus orders the

class plaintiffs to file an unredacted version of Exhibit 65 under seal. Also, it orders the class plaintiffs to file Exhibit 65 publicly and with a redaction of all testimony <u>except</u> the testimony at 317:9–12, 355:17–21, 377:15–19, and 372:4–9.

- The court grants in part the request to file under seal Exhibit 71. The court agrees with Mylan that the second full paragraph of the document qualifies for a sealed filing because it contains confidential sales data, but the remaining portions of the document do not qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 71 under seal. Also, it orders the class plaintiffs to file Exhibit 71 publicly and with a redaction <u>only</u> of the document's second paragraph.

- The court grants in part the request to file under seal Exhibit 82. The court agrees with Mylan that the testimony at 206:11–213:25 qualifies for a sealed filing but the remaining portions of the testimony do not qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 82 under seal. Also, it orders the class plaintiffs to file Exhibit 82 publicly and with a redaction <u>only</u> of the testimony at 206:11–213:25.

- The court grants in part the request to file under seal Exhibit 91. The court agrees with Mylan that the testimony at 76:2–79:21, 80:15–22, and 373:1–384:22 qualifies for a sealed filing but the court disagrees that the remaining portions of the testimony qualify for a sealed filing. The court thus orders the class plaintiffs to file an unredacted version of Exhibit 91 under seal. Also, it orders the class plaintiffs to file Exhibit 91 publicly and with a redaction <u>only</u> of the testimony at 76:2–79:21, 80:15–22, and 373:1–384:22.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the class plaintiffs' Renewed Motion to File Under Seal Certain Class Certification Exhibits (Doc. 1428) is granted in part and denied in part, as set forth in this Order.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2019, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
