IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to the Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Mylan's Motion to Compel Class Plaintiffs to Produce Amended Responses to Requests for Admission and Interrogatories (ECF No. 1410). Mylan seeks an order requiring Class Plaintiffs to produce amended responses to (1) several of Mylan's Second Set of Requests for Admission to Class Plaintiffs,[1] and (2) Interrogatory No. 14 in Mylan's Third Set of Interrogatories to Class Plaintiffs.[2] Class Plaintiffs oppose the motion. As set forth below, the Court grants in part and denies in part Mylan's motion.

**I.  Relevant Background**

On November 16, 2018, Mylan served its Third Set of Interrogatories and Second Set of Requests for Admission on Class Plaintiffs. Class Plaintiffs timely responded to both. Mylan found their responses lacking in completeness, however, and the parties twice met and conferred

---

[1] Mylan has withdrawn its motion as it relates to twenty of its Requests for Admission. *See* ECF No. 1457 n.2.

[2] Mylan has withdrawn its motion as it relates to Interrogatory No. 17. *See id.* at 10.

and later exchanged correspondence to try to resolve their differences. Class Plaintiffs agreed to and did provide amended responses to both sets of discovery, but not to Mylan's satisfaction.

Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.     Summary of the Parties' Arguments

Mylan contends Class Plaintiffs' objections to 82 of its Requests for Admission are inadequate and Class Plaintiffs should be required to respond to each. Mylan also argues that Class Plaintiffs' answer to RFA No. 233 is evasive and Class Plaintiffs should be compelled to provide an adequate response. Class Plaintiffs argue Mylan has served RFAs for the improper purpose of conducting basic fact discovery, and that the 82 Requests at issue are the functional equivalent of interrogatories that exceed Mylan's limit. With respect to RFA No. 233, Class Plaintiffs stand by their objection.

Although Mylan agrees that Class Plaintiffs have now served a satisfactory amended answer to one of the interrogatories at issue, Mylan argues in its reply that Class Plaintiffs' objections to another interrogatory are inadequate. Class Plaintiffs contend the interrogatory is overly broad and unduly burdensome.

## III.    Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not

2

be admissible in evidence to be discoverable.[3]

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information still "need not be admissible in evidence to be discoverable."[5] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[6] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[7] Relevancy determinations are generally made on a case-by-case basis.[8]

Federal Rule of Civil Procedure 36 governs requests for admission. It allows a party to serve on any other party a written request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.[9] Requests for admission serve "two vital

---

[3] Fed. R. Civ. P. 26(b)(1).

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[7] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[8] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[9] Fed. R. Civ. P. 36(a)(1).

3

purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be [eliminated]."[10] The purpose of a request for admission generally is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[11] Determining the sufficiency of a party's response is a matter of the court's discretion.[12]

**IV.     Analysis**

    **A.     82 Requests for Admission**

Mylan asserts it properly propounded RFAs that "seek basic information about named Plaintiffs' EAI purchases and insurance coverage from 2009 through 2016 and for individual years during that period."[13] The RFAs seek admissions that at least one of the named Plaintiffs (1) had prescription drug coverage through health insurance plans for the entire period from 2009 to 2016, (2) did NOT have prescription drug coverage through health insurance plans for the entire period from 2009 to 2016, (3) had coverage for at least one portion of the period, (4) did NOT have coverage for at least one portion of the period, (5) did or did not have a number of additional insurance-related events, (6) paid no out-of-pocket expenses for EpiPen in each of

---

[10] Fed. R. Civ. P. advisory committee's note to 1970 amendment.

[11] *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012).

[12] *Harris v. Oil Reclaiming Co., LTD.,* 190 F.R.D. 674, 679 (D. Kan. 1999).

[13] ECF No. 1410 at 6.

those years, or less than $100, or less than $50, or before meeting an annual deductible, or free, or with a coupon, or using a copay card, or through a health savings account (in varying levels), or through a flexible spending account (in varying levels), (7) did not have an increase of insurance premiums during those years, and (8) never complained to Mylan about the price of EpiPens during that period.

Recounting Mylan's failure to challenge Class Plaintiffs' objections to two earlier interrogatories that tied into Class Plaintiffs' responses to RFAs, Class Plaintiffs contend these current Requests are Mylan's way of trying to circumvent its interrogatory limit. One of the earlier interrogatories had asked Class Plaintiffs to identify the named Plaintiff to which any admission applied in each of Class Plaintiffs' responses to 28 of Mylan's First Sets of Requests for Admission; the second had asked the same with regard to any denial. Class Plaintiffs objected that Mylan was trying to squeeze 56 interrogatories into two, and Mylan chose not to press the point during the parties' meet-and-confer sessions that covered other objections. Class Plaintiffs contend the current RFAs at issue are objectionable for the same reason, i.e. that Mylan is using these Requests for the improper purpose of conducting basic fact discovery.

Mylan asserts that it served the Requests for precisely the purposes for which RFAs are intended, to require Class Plaintiffs to formally admit the truth of certain facts "that have already been discovered through the named Plaintiffs' Fact Sheets, depositions, and productions."[14] In other words, Mylan denies that their RFAs seek to discover additional information. In their response, Class Plaintiffs challenge Mylan's representation by repeating the offer they made during the parties' meet-and-confer process to the effect that Class Plaintiffs would withdraw

---

[14] *Id.* at 8.

5

their objection for each RFA for which Mylan would specify the basis within the record. According to Class Plaintiffs, Mylan's rejection of that offer indicates Mylan does not have a reasonable basis to request the admissions or it is withholding the information for the purpose of imposing unnecessary and unwarranted costs and expenses on Class Plaintiffs.

Mylan acknowledges that RFAs may be improper if used in an effort to obtain basic factual discovery.[15] Read objectively, the Court finds these RFAs certainly appear to have that purpose. In fact, Mylan describes them as "seek[ing] basic information about named Plaintiffs' EAI purchases and insurance coverage from 2009 through 2016 and for individual years during that period."[16] And if that is not the purpose, it seems Mylan would point Class Plaintiffs to where the facts have been developed in discovery so the RFAs have their intended purpose of streamlining issues for the fact-finder.

In its analysis, the Court finds it helpful to focus on the unique character of a Rule 36 request for admission, described in part as follows:

> In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party. Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.
>
> Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.[17]

---

[15] *See id.* n.2 (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. CIV.A. 94-2395-GTV, 1995 WL 625744, at *3 (D. Kan. Oct. 5, 1995).

[16] ECF No. 1410 at 6.

[17] Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment (internal citations omitted).

Motions concerning RFAs are meant to test the sufficiency of a response, rather than to compel. The Court disagrees with Mylan's premise that the Court can require Class Plaintiffs to admit facts. When reviewing the sufficiency of responses to requests for admission, the court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[18] Rule 36 does not require admissions. Accordingly, the Court denies Mylan's motion insofar as it seeks to compel Class Plaintiffs to respond to RFA Nos. 121-31, 133-39, 142-47, 150-61, 164-69, 172-77, 180-85, 188-93, 196-201, 204-09, 212-21, and 223.

### B. RFA No. 233

This Request seeks an admission that "at least one of the named Plaintiffs were told by their physicians that it was medically necessary to have on hand at least two EpiPen devices at a time." Class Plaintiffs objected that the phrase "medically necessary" is vague and ambiguous, explained how that is so, admitted "that a physician with responsibility for the care of the named Plaintiff's minor child communicated that the minor child should have two EpiPen devices on hand," and otherwise denied the Request. Mylan then offered to allow Class Plaintiffs to interpret the phrase "medically necessary" as simply "necessary," but Class Plaintiffs did not withdraw their objection or amend their answer. Mylan complains that Class Plaintiffs improperly ignored the word "necessary" and evaded the substance of the Request by "downplaying the importance and necessity of carrying two EpiPen devices."[19]

---

[18] *Ash Grove Cement v. Emp'rs Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007).

[19] ECF No. 1457 at 7.

Class Plaintiffs stand by their response, which they say tracks the testimony Mylan obtained from the named Plaintiffs through their own questioning.

"When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."[20] The party making the request bears the burden of succinctly stating the matter to which it seeks an admission, while the responding party is "merely required to agree or disagree, . . . with an occasionally warranted qualification or explanation, for purposes of clarification, if desired."[21] In this instance, the Request includes a phrase that is clearly open to various interpretations, and Class Plaintiffs pointed out the ambiguity and provided a qualified answer as they were entitled to do.

"A request for admission is meant to be answered with a simple admission or denial."[22] RFA No. 233 does not call for a simple admission or denial, and Class Plaintiffs' response complies with Rule 36.

The Court denies Mylan's motion insofar as it challenges the sufficiency of Class Plaintiffs' responses to RFA No. 233.

### C. Interrogatory No. 14

---

[20] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625744, at *2 (D. Kan. Oct. 5, 1995) (quoting *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 9D. Conn. 1988)).

[21] *Audiotext*, 1995 WL 625744, at *2.

[22] *Heartland Surgical Specialty Hosp. LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *6 (D. Kan. Oct. 29, 2007) (citing Fed. R. Civ. P. 36(a)).

Mylan's Interrogatory No. 14 is a contention interrogatory that quotes part of paragraph 652 of Class Plaintiffs' complaint in which they allege that Mylan and the PBM Conspirators engaged in wire and mail fraud, and asks Class Plaintiffs to "identify each instance of use of the mails or wire including but not limited to those instances referenced in" two other paragraphs of the complaint.[23]  Mylan asks Class Plaintiffs to state all principal and material facts supporting these allegations.[24]

Class Plaintiffs object that the interrogatory is premature because discovery is ongoing, and Class Plaintiffs do not currently possess knowledge sufficient to provide an answer.  They also object that the interrogatory is improperly compound because it not only seeks material facts, but it seeks each instance of the use of the mail or wire and is compounded by references to other allegations and the catch-all language "including but not limited to" those allegations.  Class Plaintiffs offered to answer the interrogatory if it omitted the request to "identify each instance of use of the mails or wire including but not limited to those instances referenced in paragraphs 655 and 661" of their complaint.

The Court finds that the clause Plaintiffs object to is improperly compound and overbroad.  Class Plaintiffs have withdrawn their objection to the interrogatory if that language is removed, and the Court will grant Mylan's motion insofar as it seeks an answer to Interrogatory No. 14 written as follows:  State all principal and material facts on which you base your

---

[23] ECF No. 1410-2 at 3.

[24] The original interrogatory directs Class Plaintiffs to state "all facts," but Mylan later agreed to seek only "the principal or material facts" in support of Class Plaintiffs' allegations.  *See* ECF No. 1376-4 at 5.

contention in paragraph 652 of your Complaint that Mylan and the so-called PBM Conspirators "employed the use of the mail and wire facilities, in violation of 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud)."

**IT IS HEREBY ORDERED** that Mylan's Motion to Compel Class Plaintiffs to Produce Amended Responses to Requests for Admission and Interrogatories (ECF No. 1410) is **GRANTED** insofar as it seeks to compel Class Plaintiffs to amend their answer to Interrogatory No. 14 as indicated herein.  Class Plaintiffs shall serve their amended answer within ten business days of the date of this order.  The motion is **DENIED** in all other respects.

Dated this 12th day of March, 2019 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

10