# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation**<br><br>**(This Document Applies to Consumer Class Cases)** | **MDL No: 2785**<br><br>**Case No. 17-md-2785-DDC-TJJ** |

## MEMORANDUM AND ORDER

This matter is before the Court on Class Plaintiffs' Motion to Compel Concerning Non-Coordinated Depositions (ECF No. 1412) and Mylan's Motion for Protective Order to Prevent Class Plaintiffs from Taking Discovery in Violation of Coordinated Discovery Cut-Off and Deposition Limit (ECF No. 1435). Although the latter seeks a more expansive order than the former, the motions address the same issue and the Court thus considers them together. Each side opposes the other's motion and Sanofi filed a response to Mylan's motion.[1] As set forth below, the Court will deny both motions.

**I.  Relevant Background**

Coordinated fact discovery closed on October 31, 2018.[2] Since then, Class Plaintiffs have served deposition notices for several witnesses other than PBMs.[3] This issue arose when

---

[1] ECF No. 1452.

[2] Scheduling Order No. 2, ECF No. 61 at 4.

[3] *See* ECF Nos. 1408, 1415, 1425, 1447, 1454, 1458, and 1469. All notices name individuals except ECF No. 1415, which names Mylan N.V., Mylan Specialty, L.P., and Mylan Pharmaceuticals, Inc. for a 30(b)(6) deposition.

Class Plaintiffs requested deposition dates for Thomas Theiss, a former Mylan employee. Mylan asked the subject matter Class Plaintiffs planned to address with Mr. Theiss, noting that because he was a managed markets account representative his testimony "would seem to fit within coordinated discovery, rather than the ongoing non-coordinated discovery."[4] Counsel continued to correspond via email, met and conferred, and ultimately Mylan sent a letter that included the following statement: "Mylan's position is that the close of coordinated discovery means that Class Plaintiffs no longer may take discovery on coordinated topics, but instead are limited to seeking discovery concerning subject matter that is unique to the Class Case and does not overlap with the Sanofi case."[5] Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II.     Class Plaintiffs' Motion to Compel

Class Plaintiffs seek an order compelling Mylan to comply with this district's Deposition Guidelines,[6] the Stipulated Deposition Protocol Order,[7] and this Court's orders to ensure that Mylan refrains from improper interference with deposition questioning. Specifically, Class Plaintiffs seek to preclude Mylan from objecting to deposition questions on the basis that they relate to topics Mylan characterizes as coordinated fact discovery. Class Plaintiffs insist they have no intention of re-doing any of the fifteen depositions they have taken in coordination with

---

[4] ECF No. 1412 at 3.

[5] *Id.* at 4-5.

[6] District of Kansas Deposition Guidelines, Guideline 5(b)(1), available at http://ksd.uscourts.gov/index.php/deposition-guidelines/.

[7] ECF No. 506.

Sanofi. For its part, Sanofi strongly denies that Class Plaintiffs are seeking additional coordinated discovery at Sanofi's behest, as Sanofi is focused solely on avoiding delay of its expert and summary judgment proceedings. Class Plaintiffs assert they merely want to preserve their right to question deponents on topics in the witnesses' personal knowledge.

In its response, Mylan denies it intends to instruct deposition witnesses not to answer questions based on this dispute, or to prohibit Class Plaintiffs from asking follow-up questions related to coordinated issues. Although the parties address other tangential arguments in their briefs, none remain relevant in light of the arguments raised in support of and opposition to Mylan's motion.

### III.  Mylan's Motion for Protective Order

Mylan filed its motion for protective order concurrent with filing its response to Class Plaintiffs' motion to compel. Mylan asks the Court to enter a protective order "barring Class Plaintiffs from seeking untimely deposition testimony and other discovery on coordinated issues because the deadline for coordinated fact discovery has expired and Plaintiffs have exhausted their limit of fifteen coordinated depositions."[8] While acknowledging this case is without an order defining "coordinated" and "non-coordinated" discovery and that "there may be some gray area lining the border between coordinated and non-coordinated issues during a deposition,"[9] Mylan describes non-coordinated discovery as discovery that would exclude "any coordinated subjects which relate to the claims and defenses shared between Class Plaintiffs and Sanofi."[10]

---

[8] ECF No. 1435 at 3.

[9] *Id.* at 16.

[10] *Id.* at 20.

Mylan claims a need for a protective order because, in its view, Class Plaintiffs have signaled their intention to engage in "a free-for-all without coordinated discovery limits"[11] that would flaunt the October 31, 2018 close of coordinated discovery to Mylan's detriment.

Class Plaintiffs deny any intention to reopen the coordinated phase of discovery. Instead, they assert they have noticed the deposition of Thomas Theiss and intend to take other Mylan fact witness depositions "to ask properly-noticed Rule 30(b)(1) witnesses questions about matters within their personal knowledge."[12] The Court has allowed Class Plaintiffs ten non-coordinated Mylan fact witness depositions—none of which may be taken of witnesses already deposed[13]—and Class Plaintiffs state they seek Mr. Theiss's deposition as non-coordinated. During a deposition Class Plaintiffs and Sanofi jointly took during the coordinated discovery period of a witness who had a role similar to Mr. Theiss's, Class Plaintiffs learned that witness also had knowledge related to class-specific issues. Class Plaintiffs include this explanation in their briefing but reject the notion they must reveal to Mylan intended topics of questioning and deposition exhibits as a precondition to a non-coordinated deposition.

**IV.     Analysis**

The Court is confident of the following: (1) all counsel in this case who have taken or defended depositions are well aware of this district's Deposition Guidelines, the Stipulated Deposition Protocol Order, and Judge Crabtree's Memorandum and Order dated December 14,

---

[11] *Id.* at 16.

[12] ECF No. 1412 at 2; ECF No. 1465 at 2-3.

[13] ECF No. 506 at 3-4.

2018,[14] and are committed to complying with each; (2) Sanofi is completely absent from this dispute as it focuses on expert and summary judgment in its case; and (3) Mylan and Class Plaintiffs do not need and the Court will not fashion a speculative roadmap that attempts to control future discovery in the abstract.

Consequently, the Court denies both motions. While the parties' discussion concerning Mr. Theiss's deposition understandably raised concerns for Class Plaintiffs that Mylan might take the position that it could instruct Mr. Theiss and other deponents not to answer questions it deems part of coordinated discovery, the Court takes Mylan at its word that Mylan is looking to avoid such a situation. For that reason, the Court will not order Mylan to comply with directives it knows well and is committed to continue following.

And while Mylan may fear that Mr. Theiss's deposition and as many as nine more Mylan fact witness depositions may include questions or documents whose subject matter overlaps the Class and Sanofi cases, the Court takes Class Plaintiffs at their word that they are focused on exploring issues unique to their own case. Clearly, though, a bright line does not exist for every question or document. Indeed, Mylan acknowledges as much by stating that Mr. Theiss's "primary role and knowledge" relate to coordinated issues. Implicit in Mylan's statement is that Mr. Theiss has one or more non-primary roles. Class Plaintiffs represent they intend to depose him on Class issues, about which he presumably has personal knowledge by virtue of any non-primary role he plays.

---

[14] ECF No. 1361.

The Court also notes that Sanofi filed its motion to remand the day after coordinated discovery ended,[15] and announced from early in the case its intention to do so. Sanofi thus was motivated to timely complete all discovery on coordinated issues, and the Court presumes that is what happened. Having no reason to believe that any coordinated discovery remained incomplete after October 31, 2018, the Court finds no basis for entering an order when no dispute is ripe. The Court trusts counsel will appropriately handle any issues that may arise consistent with Federal Rule of Civil Procedure 30(c) and the Stipulated Deposition Protocol Order. Accordingly,

IT IS HEREBY ORDERED that Class Plaintiffs' Motion to Compel Concerning Non-Coordinated Depositions (ECF No. 1412) and Mylan's Motion for Protective Order to Prevent Class Plaintiffs from Taking Discovery in Violation of Coordinated Discovery Cut-Off and Deposition Limit (ECF No. 1435) are denied.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[15] *See* ECF No. 1248.