IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## ORDER

On May 20, 2019, the Court conducted a telephone conference in this case[1] to hear argument and rule on Class Plaintiffs' Motion to Compel the Mylan Defendants' Responses to their Third Set of Interrogatories and Eighth Set of Requests for Production of Documents.[2] This order memorializes the Court's ruling.

In their motion, Class Plaintiffs asked for an order overruling Mylan's objections to Class Plaintiffs' Third Set of Interrogatories and Eighth Set of Requests for Production of Documents and compelling Mylan to produce responsive documents and provide a complete response to Interrogatory No. 16.[3]  The discovery aims to identify any "side deals" related to the pay-for-

---

[1] Class Plaintiffs appeared through counsel, Alison Elizabeth Chase, Spencer Cox,, and Ryan C. Hudson.  Local 282 Welfare Trust Fund Plaintiffs appeared through counsel, Bradley Beall, Stuart A. Davidson.  Mylan Defendants appeared through counsel, Carolyn A. DeLone, David M. Foster, Brian C. Fries, and Adam K. Levin.  Pfizer Defendants appeared through counsel, Joseph M. Rebein and Edward Thrasher.

[2] ECF No. 1559.

[3] The Third Set of Interrogatories contains only Interrogatory No. 16, and the Eighth Set of Requests for Production of Documents contains only RFP No. 1.

delay patent litigation settlements Class Plaintiffs allege one or more Defendants entered into with Teva, Intelliject, and/or Sandoz.  Plaintiffs also assert the alleged agreements go directly to their expert Dr. Elhauge's no-payment settlement entry date calculations.  Mylan objected to the discovery on the basis of relevancy, burden, and overbreadth.

The Court found both the RFP and the Interrogatory seek relevant information.  Because the scope of discovery is broad, and particularly so in antitrust actions, and the requests are tied directly to allegations in Plaintiffs' consolidated complaint, the Court overruled Mylan's objection based on relevancy.  However, the Court ruled that as written, RFP No. 1 is overbroad.[4]  During the meet and confer process, Class Plaintiffs had proposed simplifying the language of the RFP to "agreements, contracts, or amendments thereto," which the Court took to mean that Class Plaintiffs were abandoning the language "evidencing, concerning, or referring to."  During the conference, Class Plaintiffs indicated that hadn't been their exact intent, and they referred to the two-stage approach they had discussed with Mylan in which Mylan would produce responsive contracts in the first phase and Class Plaintiffs would have the opportunity to request additional documents regarding those agreements in a second phase.  The Court determined that RFP No. 1 would be a proportional and appropriate discovery request without the expansive language.

The Court also addressed Mylan's objections of undue burden and lack of proportionality, finding their arguments are not compelling and the declaration they offered is vague and without sufficient specific supporting information.

---

[4] RFP No. 1 states as follows: "All documents evidencing, concerning, or referring to any joint venture, alliance, agreement, initiative, or business relation identified in your response to Class Plaintiffs' Third Set of Interrogatories, Interrogatory No. 16."  ECF No. 1560-4 at 3.

The Court granted Class Plaintiffs' motion to compel with respect to Interrogatory No. 16, and also granted the motion with respect to RFP No. 1 with the limitation that Mylan need not produce documents evidencing, concerning, or referring to the requested material.  Mylan shall produce the documents no later than **May 30, 2019**.  If Class Plaintiffs' review of the documents leads them to reasonably believe there are additional relevant documents to which they are entitled, they shall advise Mylan.  If the parties are not able to come to agreement on the issue, Class Plaintiffs shall contact Judge James no later than **June 6, 2019.**

**IT IS SO ORDERED.**

Dated this 21st day of May, 2019 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge