UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | CASE NO. 2:17-MD-02785-DDC-TJJ (MDL No. 2785) |
| SANOFI-AVENTIS U.S., LLC,<br><br>     Plaintiff,<br>  v.<br>MYLAN INC., et al.,<br><br>     Defendants.<br><br>*This Document Relates to the* Sanofi *case.* | CASE NO. 2:17-CV-02452-DDC-TJJ<br><br>**ORAL ARGUMENT REQUESTED**<br><br>*Document Filed Electronically* |

## MYLAN'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendants Mylan Inc. and Mylan Specialty L.P. (together "Mylan") hereby move for the entry of summary judgment on all claims asserted by Sanofi-Aventis U.S. LLC ("Sanofi").

Sanofi asserts three claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2: Exclusive Dealing in the U.S. EAI Drug Device Market (Count I); Deceptive Conduct to Further Monopolization of the U.S. EAI Drug Device Market (Count II); and an Overall Scheme to Monopolize the U.S. EAI Drug Device Market (Count III). Summary judgment is warranted because the fully developed record demonstrates, as a matter of law, that Sanofi cannot prevail on any of its claims. In particular, the Court should enter summary judgment in Mylan's favor on all counts because the undisputed facts show that:

1. Mylan and Sanofi competed to secure preferred formulary coverage for their respective epinephrine auto-injector devices, the EpiPen® Auto-Injector and Auvi-Q®. They offered rebates to pharmacy benefit managers ("PBMs"), health insurers, and health plans (collectively, "Payors") to secure that formulary coverage. Far from being coerced, those Payors leveraged the competitive environment to obtain greater discounts from both manufacturers. This mode of bargaining is, as Sanofi has acknowledged in another federal court, "how the entire branded pharmaceutical industry functions" and "entirely rational and lawful." Ultimately, many Payors chose to provide unrestricted coverage for only the lowest cost product.

2. Price was the clearly predominant mechanism of Sanofi's alleged exclusion and Mylan never priced below cost.

3. Mylan did not engage in the type of "exclusive dealing" that courts have found to violate the antitrust laws. Mylan's rebate agreements with Payors generally were short in duration, easily terminable, and permitted Payors to reconfigure their formularies at any time, and thus they cannot be found to have foreclosed competition. Mylan never threatened to cut off the supply of EpiPen, and Payors entered exclusive deals freely, rather than being coerced.

4. The undisputed facts do not support Sanofi's claims of deceptive conduct. The supposedly deceptive statements Sanofi points to were true, and in any event Sanofi, a global pharmaceutical behemoth, was more than capable of using its resources to neutralize them.

5. Sanofi cannot show antitrust injury because it cannot show that Mylan's conduct caused higher prices, reduced output, or a decline in product quality; that it deprived consumers of choice; or that it injured consumers in any way.

6. Sanofi's claim for ▮▮▮▮▮▮▮ in damages fails as a matter of law because Sanofi cannot disaggregate losses between procompetitive and anticompetitive conduct. Further, Sanofi's

claim for damages based on the period *after* Sanofi totally recalled its product from the market and elected to return the product to its inventor—▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉—are speculative and improper.

WHEREFORE, Mylan respectfully requests that the Court enter summary judgment for Mylan on all claims for relief in Sanofi's Complaint and grant all other and further relief as the Court deems just.

Dated: June 28, 2019                            Respectfully submitted,

                                                s/ *Philip A. Sechler*
                                                Philip A. Sechler

                                                Roy T. Englert
                                                Kathryn S. Zecca
                                                Lee Turner Friedman
                                                Ralph C. Mayrell
                                                Jessica Arden Ettinger
                                                John B. Goerlich
                                                ROBBINS, RUSSELL, ENGLERT, ORSECK,
                                                UNTEREINER & SAUBER LLP
                                                2000 K St. NW, 4th Floor
                                                Washington, DC 20006
                                                Telephone: (202) 775 4500
                                                Fax: (202) 775 4510
                                                psechler@robbinsrussell.com
                                                renglert@robbinsrussell.com
                                                kzecca@robbinsrussell.com
                                                lfriedman@robbinsrussell.com
                                                rmayrell@robbinsrussell.com
                                                jettinger@robbinsrussell.com
                                                jgoerlich@robbinsrussell.com

                                                *Counsel for Defendant Mylan Inc. and*
                                                *Defendant/Counterclaim Plaintiff Mylan*
                                                *Specialty L.P.*

**CERTIFICATE OF SERVICE**

On this 28th day of June, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which provides a notice of such filing on each attorney registered for ECF notification to the counsel of record in this case.

    Respectfully submitted,

    s/ *Philip A. Sechler*
    Philip A. Sechler
    ROBBINS, RUSSELL, ENGLERT, ORSECK,
    UNTEREINER & SAUBER LLP
    2000 K St. NW, 4th Floor
    Washington, DC 20006
    Telephone: (202) 775 4492
    Fax: (202) 775 4510
    psechler@robbinsrussell.com

    *Counsel for Defendant Mylan Inc. and Defendant/Counterclaim Plaintiff Mylan Specialty L.P.*