**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Class Plaintiffs' Motion for Leave to Take Second, Limited Deposition of Heather Bresch (ECF No. 1732).[1] Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), Class Plaintiffs seek an order allowing them to take a second, limited deposition of Defendant Heather Bresch. Mylan opposes the motion. As set forth below, the Court will grant Plaintiffs' motion and allow additional deposition time not to exceed two hours.

**I.      Relevant Background**

In October 2018, Class Plaintiffs and Sanofi deposed Defendant Heather Bresch as part of the coordinated discovery in this case. The Court imposed an eight-hour limit on her deposition.[2] Neither Sanofi nor Class Plaintiffs sought to extend the time during her deposition

---

[1] The original title of this motion contains unnecessary surplusage. The Court has directed the Clerk's office to edit the entries relating to this motion to match the title listed herein.

[2] Mylan states that the Court relied in part on Plaintiffs' representation that Ms. Bresch would have a substantial amount of information regarding the pay-for-delay allegations in granting Plaintiffs "an extra hour for the deposition." The record does not support Mylan's statement. Plaintiffs had requested ten hours, while Mylan urged the Court not to extend the deposition beyond seven hours. The Court stated that a large part of the rationale for the ruling was to avoid setting a precedent for a CEO to sit for deposition beyond seven hours, but because Sanofi and

or for the remainder of coordinated discovery. But after non-party Teva Pharmaceuticals produced documents to Class Plaintiff on June 14, 2019 in further response to a subpoena Class Plaintiffs served on August 13, 2018,[3] Class Plaintiffs filed the instant motion. Class Plaintiffs and Mylan met and conferred on Class Plaintiffs' request that Mylan agree to the deposition. The Court finds the parties have complied with the requirements of D. Kan. R. 37.2.

## II.     Summary of the Parties' Arguments

Class Plaintiffs contend the documents Teva produced constitute good cause to allow them to take a second deposition of Defendant Heather Bresch, limited to exploring the reverse-payment allegations[4] in their consolidated amended complaint. Mylan disagrees, arguing the documents Teva produced do not justify re-deposing Ms. Bresch. Mylan asserts the documents are not highly inculpatory and they contain information Class Plaintiffs knew but chose to ignore when they deposed Ms. Bresch. Regarding the timing of Teva's production, Mylan faults Class Plaintiffs for allowing Teva to produce documents so long after the Court ordered Teva to comply with the subpoena. Without suggesting a real reason, Mylan asserts that Class Plaintiffs are using the documents as a "purported" reason to seek a second deposition.

## III.    Legal Standard

---

Class Plaintiffs were being required to split the time, the Court would permit each to have four hours of questioning. *See* Aug. 9, 2018 Hr'g Tr. at 62-32 (ECF No. 863).

[3] On September 11, 2018, Class Plaintiffs moved to compel Teva's production of responsive documents (ECF No. 922), which the Court granted on October 5, 2018. *See* ECF No. 1104. The parties engaged in a meet-and-confer process and Teva began a rolling document production as it continued to produce documents responsive to an earlier subpoena. Teva produced the documents at the heart of this motion in its final set of 8,137 documents. *See* Declaration of Arthur L. Shingler III in Support of Class Plaintiffs' Reply in Support of Motion for Leave to Take Second, Limited Deposition of Heather Bresch at 6-8 (ECF No. 1745-2).

[4] The parties interchange the phrases "reverse-payment" and "pay-for-delay."

2

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."[5] Although the decision is discretionary, courts generally disfavor repeat depositions.[6] The common exception is to allow a party to re-open a deposition where new information is discovered after the initial deposition.[7]

## IV.  Analysis

An objective assessment of the facts leads the Court to conclude that Class Plaintiffs' motion should be granted.  The documents they received from Teva in the last of several productions over many months, regardless of the timing vis-à-vis the class certification hearing, provide new information highly relevant to Class Plaintiffs' reverse-payment allegations.  Moreover, one of the three documents contains a specific reference to Ms. Bresch.  Given her position at Mylan and her status as a party in this case, Class Plaintiffs are justified in arguing the documents provide a good-faith basis to question Ms. Bresch about an agreement with Teva.

Rule 30 requires the Court to grant Plaintiffs' motion "to the extent consistent with Rule

---

[5] Fed. R. Civ. P. 30(a)(2)(A)(ii).

[6] *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996) (citations omitted).

[7] *E.g., Dixon*, 14 F.R.D. at 691-92 (allowing second deposition limited to inquiring about statements contained in safety report produced four months after initial deposition); *Le v. Diligence, Inc.*, 312 F.R.D. 245, 246 (D. Mass. 2015) (allowing second deposition  because defendants failed to disclose maintenance records relevant to personal injury action until one year after initial discovery responses); *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (allowing second 30(b)(6) deposition, finding that "newly-discovered information [is]... sufficient for a finding of good cause under Rule 30"); *Keck v. Union Bank of Switzerland*, No. 94–4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) ("a second deposition is often permitted, where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition").

26(b)(1) and (2)."[8] The subject matter of the requested discovery is relevant to Class Plaintiffs' claim, and the manner is proportional to the needs of the case considering the importance of the issues at stake. Clearly, the parties' relative access to the information is one-sided, and the Court finds the burden of the proposed discovery does not outweigh its likely benefit.[9]

If Class Plaintiffs had these documents in their possession before the October deposition, they surely would have inquired about them. Class Plaintiffs should not be penalized for the recent production, and the Court finds good cause to permit a very limited further deposition. The Court will permit Class Plaintiffs to depose Ms. Bresch for a maximum of two hours. The Court directs the parties to confer regarding the location and date, and expects the deposition to take place no later than early September, 2019.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion for Leave to Take Second, Limited Deposition of Heather Bresch (ECF No. 1732) is granted. Class Plaintiffs may conduct another deposition of Defendant Heather Bresch, not to exceed two hours.

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2019 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[8] Fed. R. Civ. P. 30(a)(2).

[9] *See* Fed. R. Civ. P. 26(b)(1). The Court's order is in no way inconsistent with the Court's stated refusal to set a precedent for lengthy depositions of CEOs. Instead, the order applies Rule 30(a)(2) and 26(b)(1) to the particular circumstances set forth in the motion.