IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |
| (This Order Applies to the Class Cases) | |

### ORDER CLARIFYING THE COURT'S JUNE 14, 2019 ORDER (DOC. 1633) AND DIRECTING THE CLASS PLAINTIFFS TO FILE CERTAIN DOCUMENTS

On June 14, 2019, the court issued an Order granting in part the Mylan Defendants' and non-party OptumRx's requests to file under seal certain exhibits supporting the class plaintiffs' Reply to Class Certification.  Doc. 1633.  In response to the court's Order, the class plaintiffs filed redacted versions of certain exhibits which qualified for sealed filing.  Doc. 1711.

After further review of the court's June 14, 2019 Order, the court realizes that it neglected to address the Mylan Defendants' request that the court order class plaintiffs to redact certain portions of their Reply Brief.  *See* Doc. 1568 at 1; 1568-1 at 2.  After reviewing the proposed redactions, the court grants the Mylan Defendants' request in part and denies it in part. The court finds that the proposed redactions to the class plaintiffs' Reply Brief at page 16 and footnote 83 and footnote 140 are appropriate because they reference confidential information that, the court already has ruled, is entitled to sealed treatment.  The court denies the request to redact the information about Professor Rosenthal's opinions found on pages 8 and 9 of the Reply Brief for the reasons already articulated in the court's June 14, 2019 Order.

The court thus orders the class plaintiffs, within 10 days of the date of this Order, to do the following:

(1) The class plaintiffs must file <u>publicly</u>:  (1) a redacted version of their Reply Brief redacting only those portions of the Reply that the court has approved in the above paragraph; and (2) the exhibits to the Reply brief not entitled to a sealed filing.

(2) The class plaintiffs must file <u>under seal</u>:  (1) an unredacted version of their Reply Brief; (2) the exhibits to the Reply that the court has granted leave to file under seal in their entirety; and (3) unredacted versions of the exhibits entitled to partial sealing with public redactions.[1]  Counsel is directed to file forthwith the requested documents with an event from the SEALED DOCUMENTS category.  Access to the sealed documents is governed by the court's Order Denying Sealed Access (Doc. 299).

Also, with this order, the court denies the Mylan Defendants' Motion for Leave to File Under Seal their Reply in Support of Motion to Seal Class Plaintiffs' Class Certification Reply Documents.  Doc. 1593.  The Mylan Defendants titled this filing as a "Motion for Leave to File Under Seal" in the docket text.  And this document is docketed as a motion.  But the actual document never seeks the court's leave to file the Reply under seal.  And it provides no reason for the court to permit a sealed filing of this Reply.  The court has reviewed the Mylan Defendants' Reply, and it has determined that this document does not qualify for a sealed filing.

---

[1] The court recognizes that the class plaintiffs already have made sealed filings of these documents as attachments to their Motion for Leave to Preliminarily File Documents Under Seal.  Doc. 1554.  Now that the court has granted leave to file certain documents under seal, the class plaintiffs must file the documents under seal as a separate docket entry.

The court thus denies the request (found only in the docket text) to seal the Reply.  And the court directs the Clerk of the Court to unseal Doc. 1593, allowing public access to this filing.

**IT IS THEREFORE ORDERED BY THE COURT THAT**, within 10 days of the date of this Order:

>  (1) The class plaintiffs must file <u>publicly</u>:  (1) a redacted version of their Reply Brief redacting only those portions of the Reply that the court has approved in the above paragraph; and (2) the exhibits to the Reply brief not entitled to a sealed filing.

>  (2) The class plaintiffs must file <u>under seal</u>:  (1) an unredacted version of their Reply Brief; (2) the exhibits to the Reply that the court has granted leave to file under seal in their entirety; and (3) unredacted versions of the exhibits entitled to partial sealing with public redactions.  Counsel is directed to file forthwith the requested documents with an event from the SEALED DOCUMENTS category.  Access to the sealed documents is governed by the court's Order Denying Sealed Access (Doc. 299).

**IT IS FURTHER ORDERED THAT** the Mylan Defendants' Motion for Leave to File Under Seal their Reply in Support of Motion to Seal Class Plaintiffs' Class Certification Reply Documents (Doc. 1593) is denied.  The court directs the Clerk of the Court to unseal Doc. 1593, allowing public access to this filing.

**IT IS SO ORDERED.**

**Dated this 7th day of August, 2019, at Kansas City, Kansas.**

>                                         s/ Daniel D. Crabtree
>                                         **Daniel D. Crabtree**
>                                         **United States District Judge**

3