IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine Injection,
       USP) Marketing, Sales Practices
       and Antitrust Litigation

MDL No. 2785

Case No. 17-md-2785-DDC-TJJ

(This Order Applies to:
Consumer Class Cases)

## MEMORANDUM AND ORDER ADOPTING SCHEDULING ORDER NO. 9

The putative class plaintiffs have moved to extend all remaining deadlines by 90 days. Doc. 1740. Both the Mylan (Doc. 1776) and Pfizer defendants (Doc. 1782) have filed a Response opposing the motion. The court heard arguments from counsel during a telephone conference on August 12, 2019, and, at the end of the conference, took the motion under advisement. The court is now ready to rule.

As explained in this Scheduling Order No. 9, the court grants plaintiffs' motion in part and denies it in part. In summary form, the putative class plaintiffs have shown the requisite good cause, as Fed. R. Civ. P. 16(b)(4) requires. *See Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014) ("In practice, [Rule 16's] standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." (internal quotation marks omitted)); *Stonebarger v. Union Pac. Corp.*, No. 13-CV-2137-JAR, 2014 WL 5782385, at *2 (D. Kan. Nov. 6, 2014).

*Gorsuch* provides an example that is important to the court's analysis here. "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery . . . ." 771 F.3d at 1240. Plaintiffs have shown that a non-party's recent production has provided new information that is material to their case theory. Specifically, Teva Pharmaceuticals produced documents on June 14, 2019, in response to a subpoena served by

plaintiffs in August 2018. These documents, plaintiffs plausibly argue, refer to Mylan's CEO and the alleged pay-for-delay settlement involving—they contend—Pfizer, Teva, and Mylan. Teva produced these documents in the final 8,000-plus page installment of the "just under [one] half million pages of documents" that it produced "on a rolling basis through no [fewer] than 22 individual productions . . . ." Doc. 1745-1 at 5–6. Plaintiffs didn't control the pace or sequencing of that production, and Mylan's arguments to the contrary are not well-taken.

Still, Mylan argues that Teva's recent documents can't provide good cause to permit more discovery on any subject. Plaintiffs, they say, haven't shown that they have discovered the case diligently. *See* Doc. 1776 at 4–8. This argument is hard to reconcile with defendants' other arguments about the voluminous discovery record and the burdensome discovery obligations plaintiffs have forced them to bear. *See, e.g.*, Doc. 1782 at 1. The case's docket and progress refute defendants' argument that plaintiffs haven't discovered the case diligently. Indeed, the docket convinces the court that counsel on both sides of the caption have moved with appropriate dispatch and dedication.

But Mylan and Pfizer's arguments carry the day in other respects. Namely, they persuade the court that 90 more days of unfettered, open-season discovery is unwarranted. Plaintiffs have failed to demonstrate good cause for permitting discovery to proceed on every front for another 90 days. All things—good or otherwise—indeed must come to an end. The court thus denies plaintiffs' request for the broadscale relief requested by their motion. Instead, the court has decided to permit *certain* discovery—as outlined below—for 60 days. The 60 days will begin on August 16 and continue until October 15, 2019. The court starts the 60-day clock on August 16 and not on August 1, 2019, because, in effect, the discovery window closed on July 31 under

2

Scheduling Orders No. 2 (Doc. 61) at 3 & 7 (Doc. 1517) at 2. It has remained closed until this Order reopened it on the limited basis specified by this Order.

For these reasons, the court amends the schedule of deadlines governing this case, as specified below. Unless modified by this Scheduling Order No. 9, all deadlines established in the court's earlier Scheduling Orders remain in effect.

## SCHEDULNG ORDER NO. 9

**A. Merits Discovery Deadlines:** The court orders that the following discovery can continue to proceed from August 16, 2019 until October 15, 2019:

(1) discovery regarding any non-privileged matter that is proportional to the needs of the case and relevant to the claim or defense of the allegation that the April 2012 settlement of patent infringement claims involving EpiPen and Nuvigil amounted to a reverse payment or pay-for-delay settlement; and

(2) depositions and other forms of discovery that the parties have agreed to conduct after the July 31, 2019 discovery deadline established by Docs. 61 & 1517. This discovery includes (but is not confined to) the second deposition of Heather Bresch (Doc. 1762), Phillip Lieberman, John Wilmot, Jill Ondos, Joe Haggerty, Tom Jenkins, and Paul Muma.

The parties may continue to use Fed. R. Civ. P. 29(b) if appropriate. The court reminds the parties, however, that any "stipulation extending the time for any form of discovery must have court approval if it would interfere with the time established for completing discovery, for hearing a motion, or for trial." *Id.* The court will not be available to resolve any disputes that may arise during any such extended discovery if it does not have court approval. Also, the court

reminds the parties of the 30-day deadline established by D. Kan. Rule 37.1(b) for filing any motion to compel.

### B. Expert Discovery

To accommodate the new deadline for completing merits, non-expert discovery established in this Scheduling Order No. 9, the court extends deadlines for putative expert witnesses in the class cases. The new deadlines governing discovery for merits experts are as follows:

| **Subject of Deadline** | **New Deadline under this Scheduling Order No. 9** | **Old Deadline under Scheduling Order No. 7** |
|---|---|---|
| Merits experts disclosed by class plaintiffs (report required) | October 31, 2019 | August 16, 2019 |
| Merits experts disclosed by defendants (report required) | December 16, 2019 | October 1, 2019 |
| Merits rebuttal experts disclosed (report required) | January 31, 2020[1] | October 31, 2019 |
| Completion of all expert discovery | February 14, 2020 | November 15, 2019 |

### C. Pretrial Order and Pretrial Conference

To accommodate the new deadlines established in this Scheduling Order No. 9, the court also extends the deadlines for submitting the proposed Pretrial Order and the Pretrial Conference. The new deadlines are as follows:

---

[1] In its discretion, the court enlarges the sequence between this last expert disclosure deadline and the deadline on which it is based. The additional 16-day gap adopted in this Order will offset the scheduling difficulties imposed by end-of-the year holidays and it will not prejudice any party.

4

| Subject of Deadline | **New** Deadline under this Scheduling Order No. 9 | **Old** Deadline under Scheduling Order No. 7 |
|---|---|---|
| Submission of proposed Pretrial Order | February 21, 2020 | November 22, 2019 |
| Final Pretrial Conference | March 10, 2020 | December 5, 2019 |

### D. Dispositive Motions, *Daubert* Motions, and Trial

| Subject of Deadline | **New** Deadline under this Scheduling Order No. 9 | **Old** Deadline under Scheduling Order No. 7 |
|---|---|---|
| Dispositive motion and *Daubert* motion deadline | April 16, 2020 | December 10, 2019 |
| Dispositive motion and *Daubert* motion response deadline | May 15, 2020 | January 17, 2020 |
| Dispositive motion and *Daubert* motion reply deadline | June 15, 2020 | February 7, 2020 |
| Trial | April 13, 2021 | November 2, 2020 |

**IT IS THEREFORE ORDERED BY THE COURT** that the Class Plaintiffs' Motion to Extend the Remaining Deadlines by 90 Days (Doc. 1740) is granted in part and denied in part, as set forth in this Memorandum and Order Adopting Scheduling Order No. 9.

**IT IS SO ORDERED.**

**Dated this 14th day of August, 2019 at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

**s/ Teresa J. James**
**Teresa J. James**
**United States Magistrate Judge**