## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE:  EpiPen (Epinephrine
        Injection, USP) Marketing,
        Sales Practices and Antitrust
        Litigation

(This Document Applies to the *Sanofi* case)

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

## ORDER

This Order rules the pending Motions for Leave to File Under Seal filed in connection with the dispositive and *Daubert* motions in the *Sanofi* case.

The court first addresses the parties' Joint Motion to Adopt Sealing Protocols for Motions for Summary Judgment and *Daubert* Motions.  Doc. 1654.  With this motion, the parties propose a procedure for seeking the court's leave to file documents under seal in connection with their dispositive and *Daubert* motions.  Since the parties filed their Joint Motion, the court has issued an Order directing the parties to follow a different procedure when seeking leave to file under seal.  Doc. 1787.  The court directs the parties to follow the instructions in Doc. 1787 for any future motions seeking leave to file under seal.  The court thus denies as moot the parties' Joint Motion.

Nevertheless, the court commends the parties for working together and adopting a consistent procedure for filing their sealing motions.  Also, the court appreciates the highly organized and detailed submissions that the parties have submitted when filing renewed motions for leave to file under seal.  *See, e.g.*, Docs. 1764 (Sanofi's motion), 1765–70 (Mylan's motion).

These submissions have helped the court efficiently evaluate and decide the motions for leave to file under seal.

The court now turns to discuss the pending motions for leave to file under seal.

### I.     The Parties' "Preliminary" Motions for Leave to File Under Seal

On June 28, 2019, plaintiff/counterclaim defendant Sanofi-Aventis U.S. LLC ("Sanofi") filed several motions seeking leave to file documents preliminarily under seal in connection with its dispositive and *Daubert* motions. *See* Doc. 1664 (Sanofi's Unopposed Motion to Seal Exhibits 1, 2, 3, and 4 to its Motions to Exclude the Expert Reports and Testimony Offered by Defendant/Counterclaim-Plaintiffs' Expert Gary Zieziula), Doc. 1674 (Sanofi's Unopposed Motion to Seal Portions of its Motion to Exclude the Expert Reports and Testimony Offered by Defendant/Counterclaim-Plaintiff's Expert Thomas Varner and Certain Attached Exhibits), Doc. 1686 (Sanofi's Unopposed Motion to Seal Portions of its Motion for Summary Judgment and Certain Attached Exhibits).

Also on June 28, 2019, defendant Mylan Inc. and defendant/counterclaim plaintiff Mylan Specialty L.C. (collectively, "Mylan") filed several motions seeking leave to file documents preliminarily under seal in connection with their dispositive and *Daubert* motions. *See* Doc. 1660 (Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion for Summary Judgment and Exhibits), Doc. 1676 (Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur), Doc. 1678 (Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Mary Ann Michelis, M.D.), Doc. 1679 (Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Steven N.

Wiggins, Ph.D.), Doc. 1680 (Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D.).

The parties' motions seek the court's leave to file documents under seal preliminarily while the parties engage in a meet and confer process to determine what information qualifies for a sealed filing. In substance, the court already has approved the parties' proposal to engage in the meet and confer process and then seek the court's leave to file under seal only those portions of the record that they have determined may qualify for sealing. *See* Doc. 1787. But, the court denies the parties' requests to file the documents under seal preliminarily. The court does so without prejudice to filing another motion after the parties have completed the meet and confer process—as they have done by filing renewed motions for leave to file under seal on August 2, 2019.[1] *See* Docs. 1764, 1765. The court has ordered the parties to follow a different procedure—one that does not grant blanket requests to file all documents "preliminary" under seal. The court orders the parties to follow its procedure because it puts the onus on the filing parties—not the court—to seek leave to file documents under seal in a renewed motion, thus ensuring that the parties' supporting documents are filed in the case either publicly or under seal, as appropriate.

The court thus denies each of the motions seeking leave to "preliminarily" file under seal, but without prejudice to filing another motion seeking leave to file documents under seal after the parties have worked through the meet and confer process.

---

[1] The court does not deny the motions as moot because the court understands the parties are reserving their motions for leave to file under seal for expert reports and memoranda in support of motions until after the court issues an Order on the motions seeking leave to file under seal certain exhibits. *See* Doc. 1654 at 3–4 (Joint Motion to Adopt Sealing Protocol for Motions for Summary Judgment and *Daubert* Motions); *see also* Doc. 1765 at 2 n.3 (Mylan's Motion for Leave to File Under Seal).

## II.    Sanofi's Motion for Leave to File Under Seal (Doc. 1764)

On August 2, 2019, Sanofi filed a motion seeking the court's leave to file under seal certain exhibits and portions of exhibits supporting its Motion for Summary Judgment.  Doc. 1764.  Sanofi's motion asks for the court's leave to file under seal certain documents that, Sanofi asserts, qualify for sealed filing.  Also, Sanofi's motion presents sealing requests on behalf of Mylan and other third parties who contend that certain exhibits contain confidential information entitled to sealing.  The court addresses each request, below.[2]  The court grants some, but not all of, the requests to file exhibits under seal.  The court thus grants in part Sanofi's Motion for Leave to File Under Seal (Doc. 1764) and denies the motion in part.  The court explains its rulings in the next sections.

### A.  Sanofi's Sealing Requests

Sanofi asks the court for leave to file under seal three exhibits supporting its summary judgment motion—*i.e.*, Exhibits 109, 114, and 133.

First, Sanofi asks the court for leave to file publicly a redacted version of Exhibit 109 and to file under seal an unredacted version of Exhibit 109.  Sanofi asserts that the proposed redactions from the deposition testimony in Exhibit 109 contain commercially sensitive information about Auvi-Q's manufacture.  After reviewing the testimony, the court agrees.  The passage at issue contains commercially sensitive information that qualifies for a sealed filing.  The court thus grants Sanofi's sealing request for Exhibit 109.

Second, Sanofi asks the court for leave to file Exhibit 114 under seal.  Sanofi explains that Exhibit 114 is a non-public document that contains financially sensitive information about

---

[2]    When addressing the seal requests in this Order, the court applies the legal standard governing seal requests set forth in the court's earlier Orders addressing other motions for leave to file under seal. *See, e.g.*, Doc. 1372 at 2–3; Doc. 1477 at 1–2; Doc. 1608 at 1–3.

Auvi-Q, including pricing strategies and sales.  The court agrees that Exhibit 114 qualifies for a sealed filing.

Finally, Sanofi asks the court for leave to file publicly a redacted version of Exhibit 133 and to file under seal an unredacted version of Exhibit 133.  Sanofi asserts that the proposed redacted deposition testimony in Exhibit 133 discloses commercially sensitive product information as well as confidential information and business strategies involving Sanofi's internal review committee.  The court has reviewed Exhibit 133.  It agrees that the redacted testimony qualifies for a sealed filing.

The court thus grants Sanofi's requests to file under seal Exhibits 109, 114, and 133 to Sanofi's Motion for Summary Judgment.

## B.  kaléo's Sealing Requests

Non-party kaléo seeks to have Sanofi file under seal five exhibits to Sanofi's summary judgment motion—*i.e.*, Exhibits 126, 127, 128, 130, and 134.  kaléo asserts that it will sustain competitive and business injury if these documents are made available in the public record. kaléo contends that the exhibits reveal information about FDA approval and marketing and consumer acceptance of their principal product—Auvi-Q.

Exhibits 126 and 128 are government agency contact reports that describes Sanofi's communications with the FDA about the FDA's marketing and advertising requirements. Exhibit 127 is a letter from Sanofi to the FDA asking for feedback on a proposed study and enclosing the study protocol.  Exhibit 130 is a letter from the FDA responding to Sanofi's request for feedback on the study.  And Exhibit 134 is a letter from Sanofi responding to the FDA's requests for information.

Mylan objects to kaléo's request to file these exhibits under seal.  Mylan asserts that the exhibits contain nonconfidential communications with a government agency which do not qualify for a sealed filing.  The court agrees with Mylan.  The court thus denies kaléo's request for leave to file these exhibits under seal.  And, the court orders Sanofi to file publicly Exhibits 126, 127, 128, 130, and 134 to Sanofi's Motion for Summary Judgment.

### C.  Mylan, Pfizer, and Other Third Party Sealing Requests

Mylan, Pfizer, and other third parties ask the court to order Sanofi to file under seal certain exhibits supporting Sanofi's Motion for Summary Judgment, Sanofi's Motion to Exclude the Expert Report and Testimony of Thomas Varner, and Sanofi's Motion to Exclude the Expert Report and Testimony of Gary Zieziula.  The court addresses the requests in the three subsections, below.

### 1.  Exhibits to Sanofi's Motion for Summary Judgment

Mylan, Pfizer, and other third parties ask the court to order Sanofi to file under seal many of the exhibits supporting Sanofi's Motion for Summary Judgment.

### i.  Documents

Mylan asks the court to order Sanofi to file under seal several exhibits that are Mylan's internal documents and that contain confidential business information.  Some of these documents include internal market forecasting, strategic planning, market and pricing analysis, and sales and pricing strategies.  Other documents include information about Mylan's contract negotiations and pricing and rebate terms with third party payors.  The court agrees that these exhibits contain confidential information that qualifies them for a sealed filing.  They include Exhibits 19–22,

24–32, 39, 43–49, 52–56, 64,[3] 67,[4] 70, 74,[5] 75,[6] 76, 79,[7] 81–93, 95–99, 101, 102,[8] 103–105, 108,[9] 110–13,[10] 115–16, 117,[11] 118–19, 139, and 150.

Mylan asks the court to order Sanofi to file under seal Exhibit 138.  This exhibit is an email from a Mylan sales representative discussing the comments and questions she had received during sales visits.  Mylan asserts that the document qualifies for sealing because it contains information about sales strategies.  The court disagrees.  Nothing in the email discusses sales strategies.  Instead, the sales representative simply reports about her office visits.  The content does not qualify for sealed treatment, and the court thus orders Sanofi to file publicly Exhibit 138.

Also, Pfizer asks the court to order Sanofi to file under seal Exhibit 12.  Pfizer asserts that this exhibit contains commercial and competitive sensitive information about the EpiPen brand strategy and product development.  Also, Pfizer contends, disclosing the information would harm Pfizer competitively.  The court agrees that Exhibit 12 qualifies for sealing.  And the court orders Sanofi to file under seal Exhibit 12.

---

[3]     Third-party Humana also asks the court to order Sanofi to file Exhibit 64 under seal.

[4]     Third-party Prime Therapeutics LLC also asks the court to order Sanofi to file Exhibit 67 under seal.

[5]     Third-party Express Scripts also asks the court to order Sanofi to file Exhibit 74 under seal.

[6]     Mylan seeks to redact a portion of this document.  The court approves the proposed redaction.

[7]     Pfizer also asks the court to order Sanofi to file Exhibit 79 under seal.

[8]     Third-party Texas Health and Human Services Commission also asks the court to order Sanofi to file Exhibit 102 under seal.

[9]     Pfizer also asks the court to order Sanofi to file Exhibit 108 under seal.

[10]     Pfizer also asks the court to order Sanofi to file under seal Exhibits 110, 112, and 113.

[11]     Pfizer also asks the court to order Sanofi to file Exhibit 117 under seal.

Pfizer also asks the court to order Sanofi to file under seal Exhibit 72.  Exhibit 72 is an email attaching a slide presentation.  The court agrees with Mylan that Slides 2–5 and 10 of the presentation contain confidential information that qualifies for sealing.  But the remaining pages of the exhibit do not qualify for sealing.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 72, and (2) file publicly a redacted version of Exhibit 72, redacting only Mylan's requested redactions at Slides 2–5 and 10.

Pfizer asks the court to order Sanofi to file under seal Exhibit 77.  Exhibit 77 is an email communication that contains some information about the contractual relationship between Mylan and Meridian (the supplier of the EpiPen).  The court agrees with Mylan that portions of this email contain confidential information that qualifies for sealing, but the remaining content does not.  Thus, the court orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 77, and (2) file publicly a redacted version of Exhibit 77, redacting only the two paragraphs that Mylan has proposed for redaction.

### ii.        Deposition Transcriptions

Mylan asks the court to order Sanofi to file under seal several deposition transcripts and to grant Sanofi leave to file redacted versions of those transcripts, redacting information that, Mylan—and, in some cases, others—contends, qualifies for sealing.

First, Mylan asks the court to order Sanofi to redact portions of Exhibit 13.  Exhibit 13 consists of selected pages from the transcript of Mylan CEO Heather Bresch's deposition.  In the portion that Mylan seeks to redact, Ms. Bresch is responding to questions about Mylan's policies and EpiPen's dominant position in the marketplace.  Sanofi objects to the proposed redactions because, it contends, Ms. Bresch's testimony consists of general statements about Mylan's

dominant position in the market—information that is not confidential.  The court agrees with Sanofi.  Thus, the court orders Sanofi to file publicly Exhibit 13.

Next, Mylan seeks an order directing Sanofi to redact certain portions of Exhibit 14. Exhibit 14 is selected pages from the transcript of the Rule 30(b)(6) deposition of Roger Graham. Mylan asserts that the proposed redactions contain testimony about Mylan's confidential analysis of the EAI market and the competition within that market.  Mylan contends that disclosing this information to competitors and customers would harm Mylan's business interests.  The court agrees that all but one set of proposed redactions qualify for sealing.  The testimony at 165:23–167:14 does not qualify for sealing.  The testimony discusses EpiPen price increases, something the court already has refused to shield from public access.  Thus, the court orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 14, and (2) file publicly a redacted version of Exhibit 14 with all the requested redactions except for those found at 165:23–167:14.

Mylan next asks the court to order Sanofi to redact portions of Exhibit 33.  Exhibit 33 is selected pages from the transcript of Ron Graybill's deposition.  Mylan asserts that the proposed redacted testimony qualifies for sealing because it discusses confidential business information including internal analyses of the market, internal business strategies, and Mylan's rebate levels. The court agrees that the proposed redacted testimony merits a sealed filing.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 33, and (2) file publicly a redacted version of Exhibit 33 with the approved proposed redactions.

Mylan also seeks an order directing Sanofi to redact certain portions of Exhibit 34. Exhibit 34 is selected pages from the transcript of Harry Jordan's deposition.  Mylan asserts that the court should approve the proposed redactions because they discuss confidential and commercially sensitive business information about formulary coverage and rebates.  The court

agrees that the testimony qualifies for sealing.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 34, and (2) file publicly a redacted version of Exhibit 34 with the approved proposed redactions.

Mylan next asks the court to order Sanofi to redact certain portions of Exhibit 38. Exhibit 38 is selected pages from the transcript of Jeff May's Rule 30(b)(6) deposition.  Mylan asserts that the court should approve the proposed redactions because the testimony discusses information about Mylan's negotiations, pricing, and other contract terms with customers. Mylan argues that this information is commercially sensitive and, if disclosed, it would hinder Mylan's contracting ability.  The court agrees that the testimony qualifies for sealing.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 38, and (2) file publicly a redacted version of Exhibit 38 with the approved proposed redactions.

Mylan also seeks an order directing Sanofi to redact certain portions of Exhibit 57. Exhibit 57 is selected pages from the transcript of Bruce Foster's deposition.  Mylan asserts that the court should approve the proposed redactions because the testimony discusses confidential information about Mylan's contract negotiations and strategy, as well as confidential pricing information.  The court agrees that most of the proposed redactions qualify for sealing because the testimony discusses Mylan's commercially sensitive information.  However, the court denies the request to file under seal the testimony at 119:11–120:4.  This portion of the testimony discusses nonconfidential information about EpiPen's market share.  This testimony does not qualify for redaction.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 57, and (2) file publicly a redacted version of Exhibit 57 with all the requested redactions except for those found at 119:11–120:4.

Next, Mylan asks the court to order Sanofi to redact certain portions of Exhibit 58. Exhibit 58 consists of selected pages from transcript of Roger Graham's Rule 30(b)(1) deposition. Mylan asserts that the court should approve the proposed redactions because the testimony discusses Mylan's analysis of the market, pricing strategies, and compliance training. The court agrees that this testimony qualifies for sealing because it discusses commercially sensitive information that would harm Mylan, if disclosed to competitors. The court thus orders Sanofi to: (1) file under seal an unredacted version of Exhibit 58, and (2) file publicly a redacted version of Exhibit 58 with the approved proposed redactions.

Mylan asks the court to order Sanofi to redact certain portions of Exhibit 60—excerpts from the transcript of Patrick Jones's deposition. Mylan says the testimony qualifies for redaction because it discusses Mylan's internal training procedures. The court agrees this testimony qualifies for sealing. The court orders Sanofi to: (1) file under seal an unredacted version of Exhibit 60, and (2) file publicly a redacted version of Exhibit 60 with the approved proposed redactions.

Next, Mylan asks the court to order Sanofi to redact certain portions of Exhibit 61— excerpts from the transcript of Pranay Patel's deposition. Mylan asserts that the court should approve the proposed redactions because the testimony discusses Mylan's analysis of the market and internal compliance training. The court agrees that this testimony qualifies for sealing because it discusses commercially sensitive information that would harm Mylan if disclosed to competitors. The court thus orders Sanofi to: (1) file under seal an unredacted version of Exhibit 61, and (2) file publicly a redacted version of Exhibit 61 with the approved proposed redactions.

Mylan seeks an order requiring Sanofi to redact certain portions of Exhibit 62—excerpts from the transcript of Scott Sussman's deposition.  Mylan asserts that the proposed redactions qualify for sealing because the testimony discusses Mylan's marketing and sales strategies.  And, Mylan says, disclosure of the information to competitors would harm Mylan.  The court agrees that this testimony qualifies for redaction.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 62, and (2) file publicly a redacted version of Exhibit 62 with the approved proposed redactions.

Next, Mylan asks the court to order Sanofi to redact certain portions of Exhibit 63.  Exhibit 63 is excerpts from the transcript of Nicole Willing's deposition.  Mylan argues that the proposed redactions qualify for sealing because the testimony discusses Mylan's contracting procedures and negotiations as well as internal compliance training.  The court agrees.  This testimony qualifies for sealing because it discusses commercially sensitive information that would harm Mylan if disclosed to competitors.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 63, and (2) file publicly a redacted version of Exhibit 63 with the approved proposed redactions.

Mylan asks the court to order Sanofi to redact certain portions of Exhibit 68—excerpts from the transcript of Sherry Korczynski's deposition.  Mylan asserts that the testimony qualifies for redaction because it discusses Mylan's internal market analysis.  The court agrees that this testimony qualifies for sealing.  The court orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 68, and (2) file publicly a redacted version of Exhibit 68 with the approved proposed redactions.

Mylan seeks an order directing Sanofi to redact portions of Exhibit 73.  This exhibit is the transcript of Patrick Zinn's deposition.  Mylan contends that the testimony qualifies for sealing

because it discusses internal pricing strategies and the impact of those strategies on EpiPen sales. The court agrees that this information is confidential business information entitled to sealing. The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 73, and (2) file publicly a redacted version of Exhibit 73 with the approved proposed redactions.

Next, Mylan asks the court to order Sanofi to redact portions of Exhibit 78—*i.e.*, the transcript of Thomas Handel's deposition.  Mylan asserts that portions of this testimony qualify for sealing because they discuss confidential research and development efforts for the EpiPen as well as confidential strategic planning information.  Pfizer also asserts that this testimony qualifies for sealing.  But, instead of seeking certain redactions, Pfizer asks the court to order Sanofi to file the entire exhibit under seal.  Pfizer asserts that the deposition testimony qualifies for sealing because it contains commercially and competitively sensitive information about the EpiPen supply and production to Mylan that, if disclosed, would cause Pfizer competitive harm. The court agrees that some of the deposition testimony qualifies for sealing because it contains confidential business information.  But the testimony at 162:2 through 164:22 contains no information that can qualify for sealing.  The court thus orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 78, and (2) file publicly a redacted version of Exhibit 78 with redactions of all the deposition testimony except for the testimony at 162:2–164:22.

Mylan seeks an order directing Sanofi to redact portions of Exhibit 100.  This exhibit is the transcript of Saira Jan's deposition.  Mylan contends that the testimony qualifies for sealing because it discusses highly confidential pricing and rebate information and the rebate negotiations between Mylan and a customer.  The court agrees that the testimony—because it references the terms specific to this customer's pricing and rebates—is information that is confidential and qualifies for sealing.  The court thus orders Sanofi to:  (1) file under seal an

13

unredacted version of Exhibit 100, and (2) file publicly a redacted version of Exhibit 100 with the approved proposed redactions.

Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to:

(1) File <u>under seal</u>, and without redactions, Exhibits 12, 14, 19–22, 24–34, 38–39, 43–49, 52–58, 60–64, 67–68, 70, 72–79, 81–93, 95–105, 108–19, 133, 139, and 150 to Sanofi's Motion for Summary Judgment,

(2) File <u>publicly</u> Exhibits 13, 14 (with the approved redactions), 33 (with the approved redactions), 34 (with the approved redactions), 38 (with the approved redactions), 57 (with the approved redactions), 58 (with the approved redactions), 60 (with the approved redactions), 61 (with the approved redactions), 62 (with the approved redactions), 63 (with the approved redactions), 68 (with the approved redactions), 72 (with the approved redactions), 73 (with the approved redactions), 75 (with the approved redactions), 77 (with the approved redactions), 78 (with the approved redactions), 100 (with the approved redactions), 109 (with the approved redactions), 126, 127, 128, 130, 133 (with the approved redactions), 134, and 138 to Sanofi's Motion for Summary Judgment, and

(3) File <u>publicly</u> the exhibits to Sanofi's Motion for Summary Judgment that no party has sought leave to file under seal in Sanofi's Motion for Leave to File Under Seal (Doc. 1764).[12]

---

[12]     This does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

### 2.   Exhibits to Motion to Exclude Thomas Varner

Mylan asks the court to order Sanofi to file under seal five exhibits supporting Sanofi's Motion to Exclude the Expert Report and Testimony of Thomas Varner—*i.e.*, Exhibits 3, 5, 6, 7 and 8.

Exhibit 3 is Mr. Varner's deposition transcript.  Mylan asks the court to approve redactions on one page of the deposition.  Mylan asserts that the testimony at page 262 contains confidential information about the health of Mylan's EpiPen supply chain.  Mylan contends that this information is commercially sensitive and would benefit competitors if it is disclosed publicly.  The court agrees that this testimony qualifies for sealing.  Thus, the court orders Sanofi to:  (1) file under seal an unredacted version of Exhibit 3, and (2) file publicly a redacted version of Exhibit 3 with the approved proposed redactions on page 262.

Exhibits 5, 6, 7, and 8 contain confidential information about the results of Mylan's market research.  Mylan asserts that these communications qualify for sealed treatment because they show how Mylan evaluates competition and targets prescribers.  The court agrees that these exhibits qualify for sealing.  The court thus orders Sanofi to file Exhibits 5, 6, 7, and 8 under seal.

**Consistent with these rulings, the court orders <span style="color:red">Sanofi</span>, within 30 days from the date of this Order, to:**

**(1) File <u>under seal</u>, and without redactions, Exhibits 3, 5, 6, 7, and 8 to Sanofi's Motion to Exclude the Expert Report and Testimony of Thomas Varner,**

**(2) File <u>publicly</u> Exhibit 3 (with the approved redactions) to Sanofi's Motion to Exclude the Expert Report and Testimony of Thomas Varner, and**

**(3) File <u>publicly</u> the exhibits to Sanofi's Motion to Exclude the Expert Report**

**and Testimony of Thomas Varner that no party has sought leave to file**

**under seal in Sanofi's Motion for Leave to File Under Seal (Doc. 1764). [13]**

### 3.  Exhibits to Motion to Exclude Gary Zieziula

Mylan asks the court to order Sanofi to file publicly a redacted version of Exhibit 1 to Sanofi's Motion to Exclude the Expert Report and Testimony of Gary Zieziula.  Exhibit 1 is Mr. Zieziula's deposition transcript.  Mylan asks the court to approve four sets of redactions.  First, Mylan wants Sanofi to redact Mr. Zieziula's testimony at 17:15–18:7 because it refers to confidential information that Mr. Zieziula learned in an earlier employment position for a different company.  The court agrees that this testimony qualifies for a sealed filing.

Next, Mylan asks the court to order Sanofi to redact the testimony at 153:8–154:21, 155:6–156:12, and 313:1–315:9 because the testimony discusses highly confidential information about Mylan's business relationship and contract negotiations with third parties.  The court agrees this information qualifies for a sealed filing.

Mylan next asks the court for an order requiring Sanofi to redact the testimony at 353:1–354:4 because it discusses highly confidential sales data and Mylan's competitive sales strategies.  The court agrees that disclosing this testimony publicly would harm Mylan by providing its competitors with confidential information about Mylan's internal business strategies.  Thus, this testimony qualifies for a sealed filing.

Finally, Mylan asks the court to order Sanofi to redact the testimony at 414:8–21.  Mylan asserts that the testimony contains counsel's characterization of the confidential testimony of a

---

[13]     This directive does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

former Mylan employee about his work at Mylan.  Sanofi objects to the request to seal this testimony because, it contends, the testimony merely involves questioning of the expert's knowledge of Mylan's general culture.  The court agrees with Sanofi.  This testimony does not contain confidential information that qualifies for sealing.

The court thus grants Mylan's requests to order Sanofi to redact portions of Mr. Zieziula's deposition transcript, but only in part.  The court orders Sanofi to:  (1) file under seal Exhibit 1 to Sanofi's Motion to Exclude the Expert Report and Testimony of Gary Zieziula, and (2) file publicly Exhibit 1 with redactions of all the testimony that Mylan has requested <u>except for</u> the testimony at 414:8–21.

**Consistent with these rulings, the court orders <span style="color:red">Sanofi</span>, within 30 days from the date of this Order, to:**

    **(4) File <u>under seal</u>, and without redactions, Exhibit 1 to Sanofi's Motion to Exclude the Expert Report and Testimony of Gary Zieziula,**

    **(5) File <u>publicly</u> Exhibit 1 (with the approved redactions) to Sanofi's Motion to Exclude the Expert Report and Testimony of Gary Zieziula, and**

    **(6) File <u>publicly</u> the exhibits to Sanofi's Motion to Exclude the Expert Report and Testimony of Gary Zieziula that no party has sought leave to file under seal in Sanofi's Motion for Leave to File Under Seal (Doc. 1764).[14]**

### III.    Mylan's Motion for Leave to File Under Seal (Doc. 1765)

On August 2, 2019, Mylan filed a Motion for Leave to File Under Seal certain exhibits supporting its Motion for Summary Judgment and supporting its *Daubert* motions.  Mylan has

---

[14]    This directive does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

identified certain exhibits that either Mylan or other third parties seek leave from the court to file under seal.  *See* Doc. 1765-1 (Exhibit A).  Also, Mylan has provided a list of exhibits that Sanofi contends qualify for sealing.  Doc. 1768 (Exhibit B), Doc. 1770-49 (Exhibit C).  Sanofi seeks an order from the court directing Mylan to file the identified exhibits under seal.  The court addresses the parties' requests, below.

### A.  Exhibits to Mylan's Motion for Summary Judgment

The court has reviewed the requests for leave to file under seal certain exhibits to Mylan's Motion for Summary Judgment.  The court agrees that the following exhibits qualify for sealing because they contain confidential business and commercial information including non-public contract terms, negotiation strategies, and product pricing and sales.  And, public disclosure of this information could cause competitive harm to the parties seeking the court's leave to file the exhibits under seal.  Some exhibits qualify for sealing in their entirety while others qualify for partial redaction.

The exhibits that the court grants Mylan leave to file under seal in their entirety include: Exhibits 2, 8, 16, 18, 28, 33, 40–41, 43, 45, 51, 56–70, 72, 74, 76, 78, 80–81, 83–87, 90–91, 93–99, 101, 103–04, 106–08, 111–16, 119–21, 123, 125–26, 130–33, 135–36, 138–39, 141–46, 148–50, 152–53, 156–58, 161–62, 165, 167, 170, 172–74, 177–79, 181–82, 185, 187, 189, 191–94, 196–205, 207–17, 221–27, 230, 232, 234, 239-48.

The exhibits that the court grants Mylan leave to file both under seal and publicly with redactions include:  Exhibits 1, 3, 9–10, 12, 14–15, 17, 19, 21–27, 29, 31–32, 38–39, 47, 77, 79,

82, 89, 100, 102, 105, 109, 118, 122, 124, 127–29, 134, 137, 140, 151, 155, 159–60, 163, 166, 168, 175–76, 184, 186, 188, 206, 218–19, 231, 233, and 236.[15]

But the court also denies certain requests for leave to file under seal.  The court denies Sanofi's request for a court order requiring Mylan to redact Exhibit 30 at page 197, line 6.  The court agrees with Mylan that this information is not confidential business information.  But the court agrees that Sanofi's remaining redaction requests for Exhibit 30 are appropriate.  Thus, the court orders Mylan to:  (1) file under seal Exhibit 30, and (2) file publicly a redacted version of Exhibit 30 with redactions of all the testimony that Sanofi has requested <u>except for</u> the testimony at 197:6.

The court denies Sanofi's request to redact information on the last page of Exhibit 52 (SAN-EPI-0410390).  The proposed redaction does not reveal any confidential information about the substance of contract negotiations.  However, the court approves the proposed redaction in the first email string in the document (on the page marked SAN-EPI-0410389).  The court thus orders Mylan to:  (1) file under seal Exhibit 52, and (2) file publicly a redacted version of Exhibit 52 with redactions of all the information that Sanofi has requested <u>except for</u> the proposed redaction on the last page of the exhibit (on page SAN-EPI-0410390).

The court denies Sanofi's request to file Exhibit 183 entirely under seal.  The court agrees with Mylan that the first email in the email string (dated January 21, 2014 at 7:18 A.M.) contains only general information that will not harm Sanofi's business if disclosed.  But the second email in the email string does qualify for sealing.  The court thus orders Mylan to:  (1) file under seal

---

[15]   The court approves the redactions proposed by Mylan, Sanofi, and other third-parties as indicated by the light blue, light green, or yellow highlighting on the exhibits filed with Mylan's Motion for Leave to File Under Seal.

Exhibit 183, and (2) file publicly a redacted version of Exhibit 183, redacting the second email in the email string, but not the first email dated January 21, 2014 at 7:18 A.M.

Also, the court denies Sanofi's request to file Exhibits 237, 238, and 250 under seal. These exhibits consist of Sanofi's communications with the FDA about the Auvi-Q recall. Mylan objects to Sanofi's request to file these exhibits under seal because, Mylan contends, the the exhibits contain nonconfidential communications with a government agency which do not qualify for sealed filing. The court agrees. The court thus denies the request for leave to file these exhibits under seal. And the court orders Mylan to file publicly Exhibits 237, 238, and 250.

Finally, the court denies Mylan's request to file under seal Exhibit 249. This exhibit provides Sanofi's damages calculations. Mylan asserts that the exhibit qualifies for sealing because the calculations are based on confidential projections and data. Sanofi objects to the sealing request because the calculations don't reveal any underlying sources. And Mylan's counsel has quantified Sanofi's damages claim in a public hearing in this case. The court agrees with Sanofi. Exhibit 249 does not qualify for sealing.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> (1) **File <u>under seal</u>, and without redactions, Exhibits 1–3, 8–10, 12, 14–19, 21–33, 38–41, 43, 45, 47, 51–52, 56–70, 72, 74, 76–87, 89–91, 93–109, 111–16, 118–46, 148–53, 155–63, 165–68, 170, 172–79, 181–89, 191–94, 196–219, 221–27, 230–34, 236, and 239–48 to Mylan's Motion for Summary Judgment,**

(2) **File <u>publicly</u> Exhibits 1 (with the approved redactions), 3 (with the approved redactions), 9 (with the approved redactions), 10 (with the approved redactions), 12 (with the approved redactions), 14 (with the approved redactions), 15 (with the approved redactions), 17 (with the approved redactions), 19 (with the approved redactions), 21 (with the approved redactions), 22 (with the approved redactions), 23 (with the approved redactions), 24 (with the approved redactions), 25 (with the approved redactions), 26 (with the approved redactions), 27 (with the approved redactions), 29 (with the approved redactions), 30 (with the approved redactions), 31 (with the approved redactions), 32 (with the approved redactions), 38 (with the approved redactions), 39 (with the approved redactions), 47 (with the approved redactions), 52 (with the approved redactions),  77 (with the approved redactions), 79 (with the approved redactions), 82 (with the approved redactions), 89 (with the approved redactions), 100 (with the approved redactions), 102 (with the approved redactions), 105 (with the approved redactions), 109 (with the approved redactions), 118 (with the approved redactions), 122 (with the approved redactions), 124 (with the approved redactions), 127 (with the approved redactions), 128 (with the approved redactions), 129 (with the approved redactions), 134 (with the approved redactions), 137 (with the approved redactions), 140 (with the approved redactions), 151 (with the approved redactions), 155 (with the approved redactions), 159 (with the approved redactions), 160 (with the approved redactions), 163 (with the**

**approved redactions), 166 (with the approved redactions), 168 (with the
approved redactions), 175 (with the approved redactions), 176 (with the
approved redactions), 183 (with the approved redactions), 184 (with the
approved redactions), 186 (with the approved redactions), 188 (with the
approved redactions), 206 (with the approved redactions), 218 (with the
approved redactions), 219 (with the approved redactions), 231 (with the
approved redactions), 233 (with the approved redactions), 236 (with the
approved redactions), 237, 238, 249, and 250 to Mylan's Motion for
Summary Judgment, and**

(3) **File <u>publicly</u> the exhibits to Mylan's Motion for Summary Judgment that
no party has sought leave to file under seal in Mylan's Motion for Leave
to File Under Seal (Doc. 1765).** [16]

**B.  Exhibits to Mylan's Motion to Exclude Fiona M. Scott Morton, Ph.D.**

Mylan, Sanofi, and certain third parties ask the court to order Mylan to file under seal
certain exhibits to Mylan's Motion to Exclude the Opinion Testimony of Fiona M. Scott Morton,
Ph.D.  The court agrees that the exhibits listed below qualify for sealing because they contain
confidential business information including non-public financial information and contract terms.
Also, these documents contain confidential information about negotiation strategies, budgeting,
forecasting, and product development.  Some exhibits qualify for sealing in their entirety while
others qualify for partial redaction.

---

[16]    This directive does not include the exhibits that that the parties intend to seek leave to file under
seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

The exhibits that the court grants Mylan leave to file under seal in their entirety include: Exhibits 7–8, 15, 19–22, 25–33, 35–39, 42–45, 47–48, and 50–55.

The exhibits that the court grants Mylan leave to file both under seal and publicly with redactions include:  Exhibits 10–13, 24, and 40.

The court denies in part Mylan and Sanofi's request to file a redacted version of Exhibit 2.  Exhibit 2 is the transcript of Prof. Fiona M. Scott Morton's deposition on March 12, 2019. Both Mylan and Sanofi seek to redact portions of the transcript that discuss confidential business information.  The court finds that most of the requested redactions discuss confidential information about contract negotiations, pricing and rebate terms, and internal forecasting.  Thus, most of the proposed redactions qualify for sealing.  However, the court denies the requests to seal three portions of the transcript.  *First*, the court concludes that the testimony at 253:25–254:1 and 254:5–11 does not qualify for sealing.  The testimony discusses Sanofi's damages calculation but it does not identify the underlying data used to derive that calculation.  As discussed above, the damages calculation—itself—does not qualify for sealing.  *Second*, the testimony at 312:25 reveals no confidential information.  Thus, it doesn't qualify for redaction. *Third*, the testimony at 326:4–11 identifies Prof. Scott Morton's conclusion about the reason Sanofi returned Auvi-Q to kaléo.  This information simply is an expert's opinion or assumption, and it doesn't reveal confidential information.  The court thus denies the request to redact this portion of the transcript.  The court thus orders Mylan to:  (1) file under seal Exhibit 2, and (2) file publicly a redacted version of Exhibit 2 with redactions of all the information that both Mylan and Sanofi have requested except for the proposed redactions at 253:25–254:1, 254:5–11, 312:25, and 326:4–11.

Also, the court denies Mylan's request to redact the information on page 4 of Exhibit 4. Exhibit 4 is a letter from Mylan's counsel to Sanofi's counsel about Prof. Scott Morton's Expert Reply Report.  Mylan asks for a redaction of one sentence of page 2 of the letter.  This sentence discusses Prof. Scott Morton's damages calculation.  As addressed above, this information does not qualify for sealing.  However, the court approves of Sanofi's proposed redactions on page 3 because the information discusses non-public information about products other than Auvi-Q. The court thus orders Mylan to:  (1) file under seal Exhibit 4, and (2) file publicly a redacted version of Exhibit 4 with only the redactions on page 3 that Sanofi has requested.

The court denies in part Mylan and Sanofi's request to file a redacted version of Exhibit 6.  Exhibit 6 is the transcript of Prof. Fiona M. Scott Morton's deposition taken on May 30, 2019.  Both Mylan and Sanofi seek to redact portions of the transcript that discuss confidential business information.  The court finds that most of the requested redactions discuss confidential information that qualifies for sealing.  But the court denies Mylan's request to redact the testimony at pages 402–06, 408–10, and 454.  The testimony on these pages discusses Prof. Scott Morton's damages calculation but it doesn't discuss any of the underlying data that she used to form her calculations.  Thus, the testimony doesn't qualify for sealing.  Also, the court denies Sanofi's request to redact the testimony on pages 439–40.  This testimony identifies a document that Prof. Scott Morton relied on to form her opinions, but it doesn't reveal any confidential business information.  The court thus orders Mylan to:  (1) file under seal Exhibit 6, and (2) file publicly a redacted version of Exhibit 6 with redactions of all the information that both Mylan and Sanofi have requested except for the proposed redactions at pages 402–06, 408–10, 439–40, and 454.

The court denies Mylan's request to file under seal Exhibit 9. Exhibit 9 is a chart showing Prof. Scott Morton's damages calculations for Sanofi. For reasons already discussed, the court denies Mylan's request to file Exhibit 9 under seal.[17]

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> **(1)  File <u>under seal</u>, and without redactions, Exhibits 2, 4, 6–8, 10–13, 15, 19–22, 24–33, 35–40, 42–45, 47–48, and 50–55 to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D.,**
>
> **(2)  File <u>publicly</u> Exhibits 2 (with the approved redactions), 4 (with the approved redactions), 6 (with the approved redactions), 9, 10–13 (with the approved redactions), 24 (with the approved redactions), and 40 (with the approved redactions) to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D., and**
>
> **(3)  File <u>publicly</u> the exhibits to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. that no party has sought leave to file under seal in Mylan's Motion for Leave to File Under Seal (Doc. 1765).[18]**

---

[17]  Exhibit 9 is the same document attached as Exhibit 249 to Mylan's Motion for Summary Judgment.

[18]  This directive does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

### C.  Exhibits to Mylan's Motion to Exclude Steven N. Wiggins, Ph.D.

Mylan seeks the court's leave to file under seal one exhibit to its Motion to Exclude the Opinion Testimony of Steven N. Wiggins, Ph.D.  Mylan asks the court for leave to file under seal the transcript of Dr. Steven Wiggins's deposition and to file a public version of the document with certain portions of his testimony redacted.  Mylan proposes redactions to certain lines on the deposition transcript at pages 95–96, 117–20, 140, 159, 164–67, 169–74, 190, and 194.  Mylan asserts that the testimony on these pages discusses highly confidential information about EpiPen brand strategy, product development, technology, and internal assessments of potential competition.  Mylan contends that disclosing this information would cause Mylan and Pfizer competitive harm.  After reviewing the selected redactions, the court agrees that the redacted testimony qualifies for sealing.  The court thus orders Mylan to:  (1) file under seal Exhibit 2 to its Motion to Exclude the Opinion Testimony of Steven N. Wiggins, Ph.D., and (2) file publicly a redacted version of Exhibit 2 with all the proposed redactions that Mylan has requested.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> **(1) File under seal, and without redactions, Exhibit 2 to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D.,**
>
> **(2) File publicly Exhibit 2 (with the approved redactions) to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D., and**
>
> **(3) File publicly the exhibits to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D. that no party has sought leave to**

file under seal in Mylan's Motion for Leave to File Under Seal (Doc.

1765).[19]

### D.  Exhibits to Mylan's Motion to Exclude Mary Ann Michelis, M.D.

Sanofi asks the court to order Mylan to file publicly a redacted version of Exhibit 6 to

Mylan's Motion to Exclude the Opinion Testimony of Mary Ann Michelis, M.D.  Exhibit 6 is

Sanofi's Third Amended Rule 26(a)(1)(A) disclosures.  Sanofi seeks to redact non-public and

confidential information about products other than Auvi-Q.  The court agrees that this

information qualifies for sealing.  Thus, the court orders Mylan to:  (1) file under seal Exhibit 6

to its Motion to Exclude the Opinion Testimony of Mary Ann Michelis, M.D., and (2) file

publicly a redacted version of Exhibit 6 with all the proposed redactions that Sanofi has

requested.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date**

**of this Order, to:**

(1) **File <u>under seal</u>, and without redactions, Exhibit 6 to Mylan's Motion to**

**Exclude Opinion Testimony of Mary Ann Michelis, M.D.,**

(2) **File <u>publicly</u> Exhibit 6 (with the approved redactions) to Mylan's Motion**

**to Exclude Opinion Testimony of Mary Ann Michelis, M.D., and**

(3) **File <u>publicly</u> the exhibits to Mylan's Motion to Exclude Opinion**

**Testimony of Mary Ann Michelis, M.D. that no party has sought leave to**

---

[19]       This directive does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

**file under seal in Mylan's Motion for Leave to File Under Seal (Doc. 1765). [20]**

### E.  Exhibits to Mylan's Motion to Exclude Eduardo Schur

Sanofi asks the court to order Mylan to file under seal Exhibits 3, 4, and 5 to Mylan's Motion to Exclude the Opinion Testimony of Eduardo Schur.  Exhibit 3 is the transcript of Mr. Schur's deposition.  Sanofi asks the court to order Mylan to redact certain portions of the transcript.  Sanofi contends that this testimony discusses technical and confidential information about the Auvi-Q recall.  The court agrees.  Most of the redactions qualify for sealing because they discuss confidential business information.  However, the testimony on pages 182 and 183 does not qualify for sealing because it discusses public information about the Auvi-Q recall. Thus, the court orders Mylan to:  (1) file under seal Exhibit 3 to its Motion to Exclude the Opinion Testimony of Eduardo Schur, and (2) file publicly a redacted version of Exhibit 3 with all the proposed redactions that Sanofi has requested <u>except for</u> the redactions on pages 182 and 183.

Exhibits 4 and 5 are Sanofi documents that describe confidential information about financial forecasting and business strategy for Auvi-Q.  The court agrees that these exhibits qualify for a sealed filing.  The court thus orders Mylan to file under seal Exhibits 4 and 5 to its Motion to Exclude the Opinion Testimony of Eduardo Schur.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

---

[20]    This directive does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

> **(1) File <u>under seal</u>, and without redactions, Exhibit 3, 4, and 5 to Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur,**
>
> **(2) File <u>publicly</u> Exhibit 3 (with the approved redactions) to Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur, and**
>
> **(3) File <u>publicly</u> the exhibits to Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur that no party has sought leave to file under seal in Mylan's Motion for Leave to File Under Seal (Doc. 1765).** [21]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion to Adopt Sealing Protocols for Motions for Summary Judgment and *Daubert* Motions (Doc. 1654) is denied as moot.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion for Summary Judgment and Exhibits (Doc. 1660) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion to Seal Exhibits 1, 2, 3, and 4 to its Motion to Exclude the Expert Reports and Testimony Offered by Defendant/Counterclaim-Plaintiffs' Expert Gary Zieziula (Doc. 1664) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion to Seal Portions of its Motion to Exclude the Expert Reports and Testimony Offered by Defendant/Counterclaim-Plaintiff's Expert Thomas Varner and Certain Attached Exhibits (Doc. 1674) is denied without prejudice.

---

[21] This directive does not include the exhibits that that the parties intend to seek leave to file under seal after the court issues this Order, *i.e.*, expert reports and memoranda in support of motions.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur (Doc. 1676) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Mary Ann Michelis, M.D. (Doc. 1678) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D. (Doc. 1679) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal Memorandum in Support of Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. (Doc. 1680) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion to Seal Portions of its Motion for Summary Judgment and Certain Attached Exhibits (Doc. 1686) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Sanofi's Motion to Seal Certain Exhibits and Portions of Exhibits in its Motion for Summary Judgment (Doc. 1764) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Motion for Leave to File Under Seal Exhibits to Mylan's Motion for Summary Judgment and Mylan's *Daubert* Motions Pursuant to the Parties' Joint Proposed Sealing Protocol (Doc. 1765) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT the parties must follow the instructions that the court has outlined above for filing documents both publicly and under seal.**

**IT IS SO ORDERED.**

**Dated this 6th day of September, 2019, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**