IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation

MDL No: 2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to Consumer Class Cases)

## MEMORANDUM AND ORDER

This matter is before the Court on Class Plaintiffs' Amended Motion to Compel Production of Documents Responsive to Tenth Set of Requests for Production to Mylan Defendants (ECF No. 1904). Class Plaintiffs seek an order requiring Mylan to produce all documents responsive to RFP Nos. 10 and 13. Mylan opposes the motion. As set forth below, the Court will grant the motion in part and deny it in part.

**I.    Relevant Background**

Class Plaintiffs served their Tenth Set of Requests for Production to Mylan Defendants on July 1, 2019. Mylan timely served its responses and objections. Following Class Plaintiffs' golden rule letter dated August 5, 2019, the parties held a meet and confer on August 9, 2019. Over the course of the next 40 days, Mylan sent four letters to Plaintiffs' counsel and Class Plaintiffs sent one to Mylan's counsel. This motion followed.[1] Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

---

[1] Class Plaintiffs first filed a motion to compel to address three of its RFPs (ECF No. 1892). Through their correspondence, the parties resolved issues related to one of those requests. Class

## II. Summary of the Parties' Arguments

Class Plaintiffs contend Mylan has failed to provide all documents responsive to RFP Nos. 10 and 13 of their Tenth Set of Requests for Production. With respect to the supply and distribution agreements between Mylan and Pfizer from January 1, 2009 to the present[2] for EpiPen or any other pharmaceuticals or pharmaceutical device (RFP No. 10), Class Plaintiffs assert (1) the request is relevant to its RICO, 2-Pak, and pay-for-delay claims; (2) public availability of some documents does not relieve Mylan of the obligation to produce responsive documents; (3) Mylan has an obligation to identify by Bates number those responsive documents it claims to have previously produced; and (4) Mylan's other objections should be overruled as unsupported. With respect to the compensation documents for Defendant Heather Bresch during the same period, Class Plaintiffs assert the documents are relevant to Ms. Bresch's personal motive in approving EpiPen price increases, and that Mylan's objection that the request is burdensome should be overruled because it is unsupported by affidavit or declaration.

Mylan disputes that Class Plaintiffs' requests are facially relevant to any of Plaintiffs' claims or Defendants' defenses. Mylan asserts it has produced all relevant responsive documents, directed Class Plaintiffs to any documents that are publicly available, and advised Class Plaintiffs it has no more documents to produce. Mylan's response also abandons any objection other than relevancy.

---

Plaintiffs filed this amended motion omitting the resolved issue, and the Court found moot the first motion (ECF No. 1905).

[2] The requests seek documents during the "Relevant Period," which Class Plaintiffs define in their discovery request as January 1, 2009 to the present. *See* ECF No. 1914-4 at 13.

### III.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[3]

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information still "need not be admissible in evidence to be discoverable."[5]  When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[6]  Conversely, when the relevancy of the discovery request is not readily

---

[3] Fed. R. Civ. P. 26(b)(1).

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[7] Relevancy determinations are generally made on a case-by-case basis.[8]

IV. Analysis

Since it was served with Class Plaintiffs' document requests in July, Mylan has produced no documents in response to RFP Nos. 10 or 13. Instead, Mylan objected to each request as overly broad, unduly burdensome, and not relevant to any party's claims or defenses. Mylan also objected that RFP No. 10 is disproportionate to the needs of this litigation. Mylan asserts that because Class Plaintiffs questioned Ms. Bresch about her compensation during her deposition, Mylan owes no further responses because Plaintiffs "already have explored and received discovery on any link between Ms. Bresch's compensation and EpiPen pricing."[9]

    A.    RFP No. 10 -- Agreements with Pfizer

Class Plaintiffs made the following request:

RFP No. 10: All supply and distribution agreements and/or contracts between the Mylan Defendants and the Pfizer Defendants during the Relevant Period for EpiPen or any other pharmaceuticals or pharmaceutical devices.

Mylan responded as follows:

Mylan objects to this Request to the extent it is duplicative of Class Plaintiffs' First Set of Requests for Production No. 2.[10] Mylan incorporates its objections to Class Plaintiffs' First Set of Requests for Production No. 2 by reference. To the

---

[7] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[8] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[9] ECF No. 1914 at 11.

[10] Mylan represents the referenced RFP sought "[a]ll documents and communications regarding any agreements between Pfizer and Mylan concerning any EAI Drug Device." ECF No. 1914 n.2.

extent this Request seeks Mylan's agreements with Pfizer that are wholly unrelated to any EAI Drug Device, Mylan objects on the grounds that the Request is overly broad, unduly burdensome, not relevant to any party's claims or defenses, and disproportionate to the needs of this litigation. Finally, to the extent this Request seeks Mylan's agreements with Pfizer in 2012, Mylan objects on the grounds that the Request is duplicative of Class Plaintiffs' Eighth Set of Requests for Production of Documents No. 1[11] and violates the agreement the parties made to resolve their dispute concerning that Request. Mylan incorporates its objections to Class Plaintiffs' Eighth Set of Requests for Production of Documents No. 1 by reference.

Based on these objections, Mylan refers Plaintiffs to the documents it produced in response to Class Plaintiffs' First Set of Requests for Production No. 2 and Class Plaintiffs' Eighth Set of Requests for Production of Documents No. 1. Otherwise, Mylan stands on its objections.

The Court notes that Mylan has asserted boilerplate objections in which it merely states the objection without offering an explanation. Mylan asserts in conclusory fashion that certain requests are overly broad and unduly burdensome. These objections are not accompanied by facts justifying the objection or setting forth an assessment of the costs in time and/or money Mylan would incur if it produced the requested discovery. To the extent the boilerplate objections lack specificity, Mylan has not met its burden to show why the discovery requests are improper.[12] Moreover, Mylan has abandoned these objections.

Class Plaintiffs assert RFP No. 10 is relevant in a variety of ways, beginning with their allegation that Mylan and Pfizer operated as a RICO enterprise. Class Plaintiffs point to Judge Crabtree's order denying Mylan's motion to dismiss their RICO count, and add that an announced merger between Mylan and Upjohn, a Pfizer subsidiary, confirms that Mylan and

---

[11] Neither Class Plaintiffs nor Mylan indicate the substance of this earlier RFP.

[12] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. March 30, 2005).

Pfizer were working side by side "in shared interdependence and toward a common purpose, on boosting the price and sales of EpiPen."[13] Class Plaintiffs contend they are entitled to see whether non-EpiPen agreements show a larger RICO enterprise between the two. They also assert the request is relevant to their 2-Pak claim because it would elicit any agreements involving Adrenaclick, a single-dose competitor to EpiPen that Pfizer sold in the United States through a subsidiary. Adrenaclick left the market after EpiPen went to the exclusive 2-Pak, which Class Plaintiffs say makes agreements regarding the product also relevant to their pay-for-delay claim in that competition went away.

Class Plaintiffs also complain that Mylan has not identified by Bates number the documents Mylan claims it produced, in response to earlier document requests, that are also responsive to RFP No. 10. Mylan includes that identification in its response.[14] Although belated, Mylan has now provided the location of the documents by Bates number.

Mylan insists that through its production of documents to Class Plaintiffs in response to earlier RFPs, it has produced all relevant documents responsive to this request. To be relevant, Mylan takes the position that any responsive document must have an EpiPen nexus. Class Plaintiffs take a broader view of relevance when it comes to their RICO allegations, asserting agreements concerning other drugs and drug devices are relevant to the RICO enterprise between Mylan and Pfizer. But Class Plaintiffs' RICO claim targets the alleged EpiPen Pricing Scheme as the alleged enterprise.[15] They do not point to a single piece of evidence which permits the

---

[13] ECF No. 1904 at 6.

[14] *See* ECF No. 1914 n.1.

[15] Class Plaintiffs allege the RICO enterprise was "formed for the purpose of engaging in a scheme to defraud the public regarding the pricing of the EpiPen, the medical necessity, quality,

6

Court to draw the inference that any alleged RICO enterprise would extend beyond EpiPen or other EAI devices, nor do they cite any case law supporting their position.

The Court also notes that although this RFP was served on the Mylan Defendants, Pfizer also filed a response because the request seeks agreements to which Pfizer is a party. Pfizer asserts that in its responses to discovery served on it by Class Plaintiffs, Pfizer has produced all agreements with Mylan relating to EpiPen or any other EAI device and has conducted a search for agreements related to other products that could be relevant to the issues in this case. Pfizer has not located and is not aware of any. Class Plaintiffs have never challenged the sufficiency or completeness of Pfizer's document production. Accordingly, Pfizer joins with Mylan in opposing the motion. Class Plaintiffs did not respond to Pfizer's submission.

Citing the language of RFP No. 10 which seeks "supply and distribution agreements," Mylan contends corporate transaction agreements related to the combination of Mylan and Upjohn are definitionally excluded. The Court agrees. Plaintiffs make no showing that the announced combination of Mylan and Upjohn has resulted in them entering into any supply and distribution agreements, and the Court will not require Mylan to produce documents from its combination with Upjohn in response to RFP No. 10.

Mylan also argues that no agreements exist between it and Greenstone concerning Adrenaclick. Even if they did exist, Mylan states it would have produced them in response to RFP No. 2 of Plaintiffs' First Set of Document Requests which sought all agreements between Pfizer and Mylan concerning any EAI drug device. The Court will not enter an order requiring

---

and characteristics of EpiPens and the EpiPen 2-Pak, and Mylan's profits and efforts to control the price of the EpiPen." Class Compl. (ECF No. 60) ¶ 604.

Mylan to produce nonexistent documents. In their reply, Class Plaintiffs reproduce a January 2011 email from Heather Bresch to Pfizer's CEO which mentions their discussion regarding EpiPen and Adrenaclick. An objective reading of this email suggests the possibility of an agreement between Mylan and Pfizer about the product. The Court presumes Mylan's statement that no responsive agreements exist is made with full knowledge of whatever discussion Ms. Bresch refers to in her email, as well as interactions between Mylan and Pfizer concerning Adrenaclick that occurred before or after she sent the message. On the other hand, if the email brings to light the existence of any responsive documents, Mylan shall produce them within ten (10) days of the date of this order.

Finally, Mylan asserts there are no Joint Commercial Committee-related agreements it has not produced, and that Class Plaintiffs made no mention of such documents during their meet-and-confer process. Although Mylan should have identified its previously-produced documents much earlier in this process, Class Plaintiffs acknowledge Mylan has now done so. No issue remains with respect to agreements set forth in the Joint Commercial Committee meeting minutes.

The Court denies the motion insofar as it relates to RFP No. 10.

**B.     RFP No. 13 – Bresch Compensation Documents**

Class Plaintiffs posed the following request:

RFP No. 13:   Documents regarding the annual cash compensation paid to Heather Bresch and total compensation of Heather Bresch and incentive plans by fiscal year for the Relevant Period, including the factors considered each year in setting compensation and incentives.

Mylan posed the following objection:

Mylan objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense. Class Plaintiffs' claims are not based on executive compensation. Therefore, this Request seeks information that would be

8

> wholly outside the subject matter of this case. Class Plaintiffs seek discovery
> concerning this topic solely for purposes of harassment, annoyance,
> embarrassment, and/or oppression. Class Plaintiffs have already questioned Ms.
> Bresch regarding her compensation during her deposition, and additional
> information regarding her compensation is publicly available through SEC filings.
> Based on these objections, Mylan refers Plaintiffs to Ms. Bresch's deposition
> testimony and Mylan's public securities filings regarding her compensation.
> Mylan otherwise stands on these objections.

Mylan has again asserted boilerplate objections in which it merely states the objection without offering an explanation. Mylan asserts in conclusory fashion that certain requests are overly broad and unduly burdensome. These objections are not accompanied by facts justifying the objection or setting forth an assessment of the costs in time and/or money Mylan would incur if it produced the requested discovery. To the extent the boilerplate objections lack specificity, Mylan has not met its burden to show why the discovery requests are improper[16] and has abandoned the objections.

Class Plaintiffs assert the request is relevant because Ms. Bresch is a named party defendant on the RICO claim, allegedly making tens of millions of dollars from the EpiPen price increases. They argue that her compensation, and how it was arrived at, are relevant to that claim and to show personal bias.

Mylan disputes that Ms. Bresch's compensation rose in lockstep with prices of EpiPen products, as Class Plaintiffs allege, and assert it has produced all documents relating to pricing of EpiPen products. Such documents necessarily would have included compensation-related documents, Mylan states, and their absence demonstrates the falsity of Class Plaintiffs' allegation. Mylan also points to its response to Interrogatory No. 13 which directed Plaintiffs to

---

[16] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. March 30, 2005).

Mylan public proxy statements that disclose Ms. Bresch's base salary and potential awards; a summary of cash and non-cash benefits provided to her; and all relevant details on her security ownership. And finally, Mylan explains that Class Plaintiffs spent nearly forty minutes during Ms. Bresch's deposition asking questions related to her compensation. Mylan does not provide Bates numbers for any documents it has previously produced that it considers responsive to this request.

The Court is not persuaded by Mylan's response that because its EpiPen pricing documents contained no documents related to Ms. Bresch's compensation, no connection exists between the two. Class Plaintiffs demonstrate the facial relevance of the request by quoting media reports of the steep increases in Ms. Bresch's compensation that coincided with Mylan acquiring the rights to EpiPen and the series of price increases Mylan instituted for the product. Class Plaintiffs are entitled to discovery on the issue through more than one means; questioning Ms. Bresch on the topic during her deposition does not preclude seeking documents that may expand upon, explain, confirm, or deny her testimony.

The Court will grant the motion with respect to RFP No. 13.

IT IS HEREBY ORDERED that Class Plaintiffs' Amended Motion to Compel Production of Documents Responsive to Tenth Set of Requests for Production to Mylan Defendants (ECF No. 1904) is denied with respect to Mylan's responses and objections to RFP No. 10, and granted with respect to Mylan's responses and objections to RFP No. 13. Mylan shall produce responsive documents within ten (10) days of the date of this order.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2019 in Kansas City, Kansas.

                                                  _____
                                                  Teresa J. James
                                                  U. S. Magistrate Judge