IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |
| (This Document Applies to Consumer Class Cases) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Mylan's Motion to Compel Class Plaintiffs to Amend Their Responses to Mylan's Fourth Set of Interrogatories and Third Set of Requests for Admission (ECF No. 1909). Mylan seeks an order requiring Class Plaintiffs to amend their responses to four interrogatories and three requests for admission. Class Plaintiffs oppose the motion. As set forth below, the Court will deny the motion.

I.  **Relevant Background**

On July 1, 2019, Mylan served its Fourth Set of Interrogatories and Third Set of Requests for Admissions (RFAs) on Class Plaintiffs. Class Plaintiffs timely served their answers, responses, and objections. By letter dated August 8, 2019, Mylan advised Class Plaintiffs of deficiencies they perceived, and during the next forty days the parties met and conferred at least four times and exchanged additional correspondence. During this process, Class Plaintiffs twice amended their interrogatory answers and RFA responses. This motion followed. Based on the parties' efforts, the Court finds they have complied with the requirements of D. Kan. R. 37.2.

## II. Summary of the Parties' Arguments

Pointing out that the consumer class cases have come to the end of the discovery period, Mylan asserts it served contention interrogatories and requests for admission for the appropriate purpose of narrowing the issues for trial. In its motion, Mylan contends Class Plaintiffs should be required to amend their answers to four interrogatories. With respect to Interrogatory Nos. 18-20, Mylan objects that Plaintiffs refuse to certify their answers are complete, but that instead they gave qualified responses that leave open the possibility of future discovery, even though discovery has closed. Mylan contends Plaintiffs' response to Interrogatory No. 23 is insufficient because it refers to named Class Plaintiffs' depositions without saying how the testimony is responsive or providing transcript citations. In responding to RFA Nos. 10, 12, and 13, all of which ask about settlement agreements with Intelliject or Sandoz, Plaintiffs object that the term "settlement agreement" is vague and ambiguous. Mylan asserts Plaintiffs have repeatedly used the same term and their objection should therefore be overruled. Mylan contends the Court should also overrule Plaintiffs' objection to the RFAs on the basis that they lack sufficient information to admit or deny the requests because discovery is closed. Mylan also denies having limited the phrase "settlement agreement" to a single document with respect to RFA No. 10.

Plaintiffs contend Mylan has likewise refused to certify the completion of its discovery responses. They explain their answer to Interrogatory No. 23 cannot contain citations to deposition testimony because their answer is based on the absence of testimony. Plaintiffs argue Mylan improperly asserts relief under Rule 37 of the Federal Rules of Civil Procedure, and they explain the difficulty in admitting facts concerning "settlement agreements" arises from the phrase having inconsistent meanings and Mylan's refusal to better define the term. And

Plaintiffs insist they have fulfilled their discovery obligation to make reasonable inquiry and provide responses to the extent they have or can readily obtain information.

**III. Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[1]

Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[2] Information still "need not be admissible in evidence to be discoverable."[3] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[4] Conversely, when the relevancy of the discovery request is not readily

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

[3] Fed. R. Civ. P. 26(b)(1).

[4] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[5] Relevancy determinations are generally made on a case-by-case basis.[6]

Federal Rule of Civil Procedure 36 governs requests for admission. It allows a party to serve on any other party a written request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.[7] Requests for admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be [eliminated]."[8] The purpose of a request for admission generally is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[9] Determining the sufficiency of a party's response is a matter of the court's discretion.[10]

## IV. Analysis

---

[5] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[6] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[7] Fed. R. Civ. P. 36(a)(1).

[8] Fed. R. Civ. P. advisory committee's note to 1970 amendment.

[9] *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012).

[10] *Harris v. Oil Reclaiming Co., LTD.,* 190 F.R.D. 674, 679 (D. Kan. 1999).

### A. Interrogatory Nos. 18-20

Interrogatory Nos. 18-20 are contention interrogatories concerning Class Plaintiffs' pay-for-delay allegations. They state as follows:

> Interrogatory No. 18: Describe all principal and material facts on which you base your contention that the Supplier Commitment Agreement entered into between Mylan and Teva (MYEP01386498) was related to Mylan's settlement agreement with Teva referenced in paragraph 258 of your Complaint.
>
> Interrogatory No. 19: Describe all principal and material facts on which you base your contention in paragraph 303 of your Complaint that "Defendants entered into an agreement with Sandoz to stay the case indefinitely in exchange for valuable consideration to Sandoz."
>
> Interrogatory No. 20: Describe all principal and material facts on which you base your contention in paragraph 299 of your Complaint that "Intelliject and Sanofi agreed not to enter the market until November 15, 2012 in exchange for valuable consideration."[11]

In their amended responses and objections, Class Plaintiffs begin their answer to Interrogatory No. 18 with the following:

> Plaintiffs object to the term "principal" facts as vague but will provide all "material" facts. Plaintiffs further object that they only recently received a large production from Mylan containing documents related to the Supplier Commitment Agreement between Mylan and Teva (MYEP01386498). Further, as of the date of this response, Plaintiffs have not yet deposed certain Mylan and/or Teva witnesses who are likely to have relevant knowledge concerning the Supplier Commitment Agreement. **Accordingly, Plaintiffs have not yet completed their discovery of all of the facts pertaining to this action or reviewed all potential evidence for use at trial. As this action proceeds and further investigation and discovery are conducted, additional facts, witnesses, documents, testimony or other evidence likely will arise, and Plaintiffs will have more time to review the recent document productions and to assemble factual evidence. Plaintiffs are providing responses based on their review of evidence to date.**[12]

---

[11] ECF No. 1910-3 at 5-7.

[12] *Id.* at 5-8.

The answers to Interrogatory Nos. 19 and 20 contain the same or similar language to that highlighted in bold. Plaintiffs amended their answers to Interrogatory Nos. 18 and 20 to include certain responsive facts.

In its motion, Mylan asks the Court to require Plaintiffs to verify under oath that their responses to these interrogatories are complete. According to Mylan, the law of this district requires that in response to a contention interrogatory, a party must say when it has provided all material responsive facts. Mylan cites two cases in support, neither of which is directly on point.[13]

Class Plaintiffs argue their answers and objections are sufficient because discovery is ongoing in part and they continue to review recently produced Mylan documents. Moreover, they assert Mylan refused to certify its discovery responses were complete and final, so they should not be held to a higher standard.

Although Class Plaintiffs filed their response before the deadline for additional discovery the Court allowed,[14] that deadline has now passed. The Court therefore finds moot Plaintiffs' argument that they may learn more responsive information in discovery. And the Court will not

---

[13] Mylan cites *Western Resources, Inc. v. Union Pacific Railroad Co.*, No. 00-2043-CM, 2001 WL 1723817, at *2 (D. Kan. Dec. 4, 2001). In that case, Judge Waxse ruled that because he could not tell if plaintiff's general examples in answer to a contention interrogatory provided all material facts, plaintiff would be required to fully answer or say the examples listed in its previous answer constitute all material facts. Mylan also cites *Sunbird Air Services, Inc. v. Beech Aircraft*, No. 89-2181-V, 1992 WL 739505, at *1 (D. Kan. Sept. 4, 1992), in which plaintiff objected to two interrogatories on the grounds it had insufficient information. Surmising that plaintiff must be aware of some facts that form the basis of its complaint, Judge Rushfelt directed plaintiff to say if it could not answer the interrogatories based on the information it possessed.

[14] *See* ECF No. 1832.

involve itself in a dispute over whether the parties are being held to the same standards where no motion arose out of what one party believes was a more lenient allowance.

"An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case."[15] When a contention interrogatory instead seeks "every" or "all facts" that support a party's allegations or defenses, our courts will sustain objections that the request is overbroad and unduly burdensome but require the answering party to provide an answer limited to the "material" or "principal" facts.[16] Mylan's interrogatories are not improper, as they ask for material and principal facts.[17] And in their amended responses to Interrogatory Nos. 18 and 20, Plaintiffs provide the material facts that support their contentions. They explain the facts are based on their review to date of evidence in the case, thus leaving open the possibility of further amendment. But Mylan insists they are entitled to some sort of certification that whatever facts Plaintiffs recite today comprise the universe of facts Plaintiffs will rely on at trial to support the respective contentions. Not only does the law not support Mylan's position, but indeed Plaintiffs have an obligation to supplement their interrogatory answers if they "learn[] that in some material respect the disclosure or response is incomplete or incorrect, and if the

---

[15] *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) (quoting *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)).

[16] *E.g., Brown v. Panhandle Eastern Pipeline Co., L.P.*, No. 16-cv-2428-JAR-TJJ, 2018 WL 263238, at *5 (D. Kan. Jan. 2, 2018); *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Bottling Group, L.L.C.*, No. 07-2315-JAR, 2008 WL 234326, at *2 (D. Kan. Jan. 28, 2008).

[17] Plaintiffs object that the word "principal" is vague. The Court overrules that objection on the basis that our cases have required parties to state both "material" and "principal" facts, and because Plaintiffs have abandoned the objection in their response to Mylan's motion. Reviewing Plaintiffs' amended responses, however, the Court finds no reason to accept that the facts listed are not both material and principal, and Mylan does not argue otherwise.

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[18] The rule requires any supplementation to be timely,[19] which provides Mylan an avenue to preclude belated disclosure that might cause prejudice. If Plaintiffs seek to further amend their answers to Interrogatory Nos. 18-20 at a time when Mylan believes it would be prejudiced in its trial preparation, Mylan would be free to seek a protective order. For now, however, Mylan is entitled to no relief. The Court denies the motion with respect to Interrogatory Nos. 18-20.

### B. Interrogatory No. 23

In this interrogatory, Mylan directs Plaintiffs to "[d]escribe all principal and material facts on which you base your allegations in paragraphs 503-506 of the Complaint that Plaintiffs' claims are not barred by applicable statutes of limitations due to application of the discovery rule."[20] Plaintiffs object that the word "principal" is vague and that this interrogatory seeks to require Plaintiffs to marshal their evidence for four separate paragraphs. Plaintiffs abandon these objections in their response. But Plaintiffs also answer the interrogatory, stating in part that their lack of knowledge of Defendants' misconduct was "confirmed by the depositions of the Class Plaintiffs taken in this case (and the absence of any citation by Mylan to any contrary deposition testimony from any Class Plaintiff)."[21] Mylan argues that to the extent Plaintiffs rely on deposition testimony, they must cite to it specifically.

---

[18] Fed. R. Civ. P. 26(e)(1)(A). *See Brown*, 2018 WL 263238, at *5 ("Defendant must provide the requested information it currently possesses and, to the extent Defendant is still learning those facts and gathering information, Defendant shall timely supplement its answer.").

[19] *Id.*

[20] ECF No. 1910-3 at 10.

[21] *Id.* at 10-11.

8

Plaintiffs explain they cannot cite deposition testimony because what they rely on is the *absence* of deposition testimony by any Class Plaintiff that they were aware of the schemes allegedly committed by Defendants. They further respond that if the Court were to compel them to provide a further response, they could not do so.

A motion to compel is not the place to decide who bears the burden of proof on a party's claim or defense. Mylan asks Plaintiffs to state facts on which they base allegations in four paragraphs of their complaint that Plaintiffs' claims are not barred by applicable statutes of limitations due to application of the discovery rule. Plaintiffs list facts and point out that Mylan elicited no testimony from Class Plaintiffs concerning their knowledge of Defendants' alleged misconduct. Plaintiffs are not relying on unspecified deposition testimony. Accordingly, the Court denies Mylan's motion with respect to Interrogatory No. 23.

**C.     RFA Nos. 10, 12, and 13**

Mylan challenges Plaintiffs' responses to the following RFAs:

RFA No. 10:   Admit that Mylan was not a party to the settlement agreement in the litigation styled *King Pharm., Inc. v. Intelliject, Inc.*, No. 09-C652-GMS (D. Del.), referenced in paragraph 298 of the Complaint.

RFA No. 12:   Admit that the parties to the litigation styled *King Pharm., Inc. v. Sandoz, Inc.*, No. 10-cv-3568 (D.N.J.), did not enter into any settlement agreement.

RFA No. 13:   Admit that Mylan is not a party to any settlement agreement in the litigation styled *King Pharm., Inc. v. Sandoz, Inc.*, No. 10-cv-3568 (D.N.J.).

Plaintiffs object that the term "settlement agreement" in each RFA is vague and ambiguous, and that it cannot admit or deny RFA Nos. 12 and 13 in part because they were not parties to the litigation or settlement agreement in the *Sandoz* case. Plaintiffs also respond to

RFA No. 10 by referring to a settlement agreement they obtained in discovery, admitting the document recites the parties thereto (which includes unidentified affiliates of each), but stating they cannot verify all the parties thereto because Class Plaintiffs were not among them. In response to RFA Nos. 12 and 13, Class Plaintiffs admit the current docket of the case indicates the litigation is ongoing.

Mylan argues the Court should overrule Plaintiffs' objection that the term "settlement agreement" in these RFAs is vague and ambiguous because Plaintiffs have repeatedly used the term over the course of this litigation. Mylan also contends Plaintiffs raise a baseless objection that they lack sufficient information to admit or deny these requests because they were not parties to the settlement agreements or the referenced litigation. The relief Mylan requests is that the Court compel Plaintiffs to admit or deny the requests.[22]

Plaintiffs stand by their objections. They assert the term "settlement agreement" could include "any number of side deals, riders, amendments, quid pro quos, or other understandings

---

[22] As the Court has previously pointed out in another Memorandum and Order in this case:

> A motion to compel under Rule 37 is not available for challenging responses to requests for admission. Instead, Rule 36 authorizes the requesting party to move to determine the sufficiency of an answer or objection. If the court does not sustain an objection, it must order that an answer be served. And if the court determines an answer does not comply with the rule, the court may (1) order that the matter is admitted; (2) order that an amended answer be served; or (3) defer its final decision until a pretrial conference or a specified time before trial. Fed. R. Civ. P. 36(a)(6).

ECF No. 1472.

In response to Class Plaintiffs' argument that the Court should reject Mylan's motion, Mylan asks the Court to construe this portion of the motion as a motion regarding the sufficiency of an answer or objection pursuant to Fed. R. Civ. P. 36(a)(6). For the sake of efficiency and without determining which is the correct avenue, the Court will decide the issue.

that may have been part of such an agreement."[23] Mylan responds by stating that discovery is closed and Plaintiffs should be required to answer these requests on the basis of what they have or have not learned. But Mylan confuses any failure by Plaintiffs to discover facts relating to the settlement agreements with Plaintiffs' ability to admit facts concerning agreements to which they are not a party. Mylan is asking the Court to determine the sufficiency of Plaintiffs' answers and objections. In making its ruling, "the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."[24]

Plaintiffs made clear which document they were construing as the relevant settlement agreement in RFA No. 10, and they provided an answer along with their objections.[25] They explained why they were unable to admit or deny RFA Nos. 12 and 13. When reviewing the sufficiency of the responses, the court does not "determine the merit . . . [of] the substantive content of a request for admission, [as] this is not a dispositive motion."[26] Rule 36 does not require admissions, and the Court will not substitute its judgment to provide definitions for the terms to which Class Plaintiffs object. The Court denies the motion with respect to RFA Nos. 10, 12, and 13.

---

[23] ECF No. 1916 (citing Plaintiffs' letter to Mylan dated August 21, 2019).

[24] ECF No. 1472 at 8 (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625744, at *2 (D. Kan. Oct. 5, 1995)).

[25] Mylan complains this was an improper qualification because its counsel had not agreed the phrase "settlement agreement" is limited to the document Plaintiffs identify. But Mylan does not explain if or why that document does not comprise the settlement agreement, nor does it designate additional documents that do. The Court rejects the argument. Mylan cannot be heard to complain that Plaintiffs respond based on the wrong document, but not identify the correct one(s).

[26] ECF No. 1472 at 7 (quoting *Ash Grove Cement v. Emp'rs Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007)).

IT IS HEREBY ORDERED that Mylan's Motion to Compel Class Plaintiffs to Amend Their Responses to Mylan's Fourth Set of Interrogatories and Third Set of Requests for Admission (ECF No. 1909) is denied.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge