# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation

(This Document Applies to Consumer
Class Cases)

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

## NOTICE OF UNSEALING AND ORDER

Today, the court issued a Memorandum and Order (Doc. 2018), ruling the plaintiffs'

Motion for Class Certification (Doc. 1353).  That Memorandum and Order certifies the

following two classes under Federal Rule of Civil Procedure 23(b)(3):

      **1.**      **Nationwide RICO Damages Class ("RICO Class").**  All persons and entities in the United States who paid or provided reimbursement for some or all of the purchase price of Branded or authorized generic EpiPens for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries, at any time between August 24, 2011, and [specific date to be inserted when class notice is finalized].

      **2.**      **State Antitrust Damages Class ("State Antitrust Class").** All persons and entities in the Antitrust States[1] who paid or provided reimbursement for some or all of the purchase price of Branded EpiPens at any time between January 28, 2013, and [specific date to be inserted when class notice is finalized], for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries.

The following groups are excluded from each of the classes:

---

[1]      The "Antitrust States" are:  Alabama, California, Florida, Hawaii, Illinois, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New York, North Carolina, Tennessee, and Utah.

(a) Defendants and their officers, directors, management, employees, subsidiaries, and affiliates;

(b) Government entities, other than government-funded employee benefit plans;

(c) Fully insured health plans (*i.e.*, plans that purchased insurance that covered 100% of the plan's reimbursement obligations to its members);

(d) "Single flat co-pay" consumers who purchased EpiPens or generic EpiPens only via a fixed dollar co-payment that is the same for all covered devices, whether branded or generic (*e.g.*, $20 for all branded and generic devices);

(e) Consumers who purchased or received EpiPens or authorized generic equivalents only through a Medicaid program;

(f) All persons or entities who purchased branded or generic EpiPens directly from defendants;

(g) The judges in this case and members of their immediate families;

(h) All third-party payors who own or otherwise function as a Pharmacy Benefit Manager or control an entity who functions as a Pharmacy Benefit Manager; and

(i) Individual consumers whose only purchases of an EpiPen occurred before March 13, 2014 (the Generic Start Date).

Also, the court's Memorandum and Order denies plaintiffs' motion to certify three other classes.[2] The Memorandum and Order explains the court's reasons for certifying the two classes and declining to certify the other three classes.

---

[2] The three putative classes that the court declined to certify are:

**1. Nationwide Injunctive Relief Class ("Injunctive Class").** All persons and entities in the United States who paid or provided reimbursement for some or all of the purchase price of Branded or authorized generic EpiPens for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants,

The court also issued today a Memorandum and Order (Doc. 2017), ruling motions filed by plaintiffs and defendants that seek to exclude certain expert testimony offered either to support or oppose the putative class members' Motion for Class Certification.  For reasons explained in that Memorandum and Order, the court denies the following four motions in their entirety:  (1) plaintiffs' Motion to Strike the Partial Testimony of Dr. Michael Blaiss (Doc. 1584), (2) plaintiffs' Motion to Strike the Testimony of Professor James Hughes (Doc. 1852), (3) defendants' Motion to Exclude Expert Opinions of Professor Meredith Rosenthal (Doc. 1602), and (4) defendants' Motion to Exclude Opinions and Proposed Testimony of Andrew K. Torrance (Doc. 1847),  Also, the court grants in part and denies in part defendants' Motion to Exclude Expert Opinions of Professor Einer Elhauge (Doc. 1604).  As the court explains in its Memorandum and Order, it grants a portion of this motion.  Specifically, the court grants defendants' motion to exclude Professor Elhauge's opinions about Auvi-Q market foreclosure

---

employees, or beneficiaries, at any time from August 24, 2011, until the effects of defendants' unlawful conduct cease.

        **2.**      **Consumer Protection Damages Class ("CP Class")**. All persons and entities in the Consumer Protection States who paid or provided reimbursement for some or all of the purchase price of Branded EpiPens at any time from August 24, 2011, until the effects of defendants' unlawful conduct cease, for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries.  Plaintiffs define the term "Consumer Protection States" as:  Alaska, California, Connecticut, the District of Columbia, Florida, Hawaii, Illinois, Maine, Maryland, Massachusetts, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, Oklahoma, Rhode Island, Vermont, Washington, and West Virginia.

        **3.**      **Unjust Enrichment Class ("UE Class")**.  All persons and entities in the Unjust Enrichment States who paid or provided reimbursement for some or all of the purchase price of Branded or authorized generic EpiPens for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries, at any time from August 24, 2011, until the effects of defendants' unlawful conduct cease.  Plaintiffs define the term "Unjust Enrichment States" as all 50 states.

based on Mylan's EpiPens4Schools program because plaintiffs since have abandoned this theory. But the court denies that motion in all other respects.

The court has placed both the Memorandum and Order (Doc. 2018) ruling the class certification motion and the Memorandum and Order (Doc. 2017) ruling the motions seeking to exclude expert opinions on the CM/ECF docket as sealed orders. But this status is merely a temporary one. This Order explains why, and also establishes the procedures the court will follow to unseal the Memoranda and Orders.

Our Circuit long has recognized a common-law right of access to judicial records. *United States v. Bacon*, __ F.3d __, 2020 WL 855514, at *4 (10th Cir. Feb. 21, 2020); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right "is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994) (citation and internal quotation marks omitted). But, the public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest that outweighs the presumption of access. *Id.*; *see also Bacon*, 2020 WL 855514, at *4 ("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" (citation and internal quotation marks omitted)). Also, our Circuit assigns a strong presumption of public access to judicial records containing substantive rulings about a litigant's legal rights. *Riker v. Fed. Bureau of Prisons*,

4

315 F. App'x 752, 755 (10th Cir. 2009) ("Especially 'where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) ("[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies.").

Consistent with this precedent, the court adopts the following procedures:

1. The parties promptly shall meet and confer to determine whether any aspect of the court's two Memoranda and Orders (Docs. 2017 & 2018), consistent with the standards outlined above, should remain under seal. For purposes of this requirement, a telephone or video conference may satisfy the "meet" portion of this directive.

2. If any party contends that any aspect of either Memorandum and Order qualifies for sealed status, the parties must file, no later than March 6, 2020, a joint notice: (a) identifying all portions that the party or parties contend should remain sealed and the parties' respective positions on that request; and (b) briefly explaining why the passage deserves sealed status. The parties may use any effective and efficient method to convey this information, *e.g.*, interlineation of the Memorandum and Order. When making the decision whether to request continued sealing, the court asks the parties to remember that much of the information cited in the Memoranda and Orders was made available publicly during the June 11–12, 2019 class certification hearing.

3.      If the parties file a joint notice like the one described in paragraph (2), the

court promptly will convene a telephone conference with counsel to

consider and rule on the requests.  If no such notice is timely filed, the

court will unseal the entire Memorandum and Order ruling the class

certification motion and the entire Memorandum and Order ruling the

motions seeking to exclude expert opinions on the public CM/ECF docket

on March 10, 2020.

**IT IS SO ORDERED.**

**Dated this 27th day of February, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**