# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation

MDL No: 2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to Consumer Class Cases)

## MEMORANDUM AND ORDER

The court previously placed on the CM/ECF docket as sealed orders the Memorandum and Order (Doc. 2018), ruling the plaintiffs' Motion for Class Certification (Doc. 1353), and the Memorandum and Order (Doc. 2017), ruling motions filed by plaintiffs and defendants seeking to exclude certain expert testimony offered either to support or oppose plaintiffs' Motion for Class Certification. The court also notified the parties that it intended to place both Memoranda and Orders in their entirety, unsealed, on the public CM/ECF docket unless the parties identified portions of them that warranted limited access. *See* Notice of Unsealing and Order (Doc. 2019).

On March 6, 2020, the parties filed jointly a "Notice of Parties' Views on Proposed Sealing Requests for ECF Nos. 2017 and 2018" (Doc. 2024-1).[1] In that Notice, the parties advise that they don't ask the court to restrict access to any portion of the Memorandum and Order (Doc. 2017) ruling the motions to exclude experts. In light of that agreement, the court

---

[1] Mylan has filed a Motion for Leave to file the Notice under seal. Doc. 2024. The court grants the request to file the Notice under seal. But, for reasons explained above, the court denies Mylan's request to keep under seal a portion of the Memorandum and Order ruling the class certification motion.

will direct the Clerk of the Court to unseal this document, placing the entire Memorandum and Order (Doc. 2017) on the public CM/ECF docket.

With respect to the Memorandum and Order ruling the class certification motion (Doc. 2018), Mylan asks the court to restrict access to just one portion of that Order. Pfizer makes no separate request to restrict access to any portion of the Memorandum and Order, but it agrees with Mylan's request to seal the particular portion of the Memorandum and Order that Mylan asks the court to seal. Plaintiffs ask the court to reject Mylan's request, and they ask the court to file the Memorandum and Order ruling the class certification motion on the public CM/ECF docket in its entirety.

Specifically, Mylan asks the court to keep under seal two citations to internal Mylan documents discussing Mylan's switch from selling the EpiPen in a single dose to selling it only as a 2-Pak. Mylan contends that these citations contain confidential information about its business strategy that, if disclosed, would harm its competitive standing. Mylan argues that the court previously allowed the parties to file these documents under seal as exhibits to the class certification briefing. *See* Doc. 1477 at 2 (granting a request to file under seal Exhibits 68 and 85). It asserts that neither document was made public at the June 2019 certification hearing. And, Mylan contends, the court should allow this information to remain under seal because it includes "sources of business information that might harm a litigant's competitive standing" which qualify for sealing under the governing case law. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 598 (1978) (citations omitted). Thus, Mylan contends, it has satisfied its burden to rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted).

The court disagrees. Here, the information that Mylan seeks to restrict from public access is almost 10 years old.[2] Mylan asserts that the documents' age is immaterial because they discuss Mylan's internal strategy for dealing with competition and for considering how to package its product—topics that remain relevant and sensitive today. But, the two citations at issue don't discuss business strategy specifically. Also, they don't include sensitive data. Instead, the information cited discusses projections Mylan made based on its decision to eliminate sales of single doses of the EpiPen. It's difficult to imagine how business projections this old could qualify for sealing.

Also, the court finds that the information doesn't qualify for sealing because it is important to the court's analysis when deciding the class certification motion. Consequently, the public's interest in access to that information outweighs the confidentiality concerns. *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (holding that a party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court[,]" but instead, it "must articulate a real and substantial interest that justifies depriving the public of access to the records *that inform* [the court's] *decision-making process*" (emphasis added)); *see also In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2015 WL 3440476, at *2 (D. Kan. May 28, 2015) (denying request to file Class Action Master Complaint under seal because the Complaint's "allegations go to the 'heart of the issues' in this multi-district litigation" and thus, they "are undoubtedly relevant to the public's understanding of this litigation and evaluation of the legal process").

---

[2] The documents don't include the specific dates when they were created. Plaintiffs represent that they are nearly 10 years old, and defendants don't challenge that characterization. Also, the documents discuss Mylan's switch to selling the EpiPen exclusively in the 2-Pak. That switch occurred in August 2011. Doc. 1502-5 (Mylan press release dated August 24, 2011, announcing the switch to the 2-Pak).

The court has discretion when deciding whether privacy interests "heavily outweigh" the general right of public access to judicial records. *See Mann*, 477 F.3d at 1149 (explaining that a reviewing court generally will not disturb a decision "to keep the case file public" unless it holds "a definite and firm conviction that [the district judge] made a clear error of judgment or [one that] exceeded the bounds of permissible choice in the circumstances" (citation and internal quotation marks omitted)); *see also Nixon*, 435 U.S. at 599 ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The court exercises that discretion here, and it concludes that Mylan has not shouldered its burden to establish that "countervailing interests heavily outweigh the public interests in access" to the material Mylan asks the court to keep under seal. *Mann*, 477 F.3d at 1149.

The court thus denies Mylan's request to seal a portion of the Memorandum and Order ruling the class certification motion. In a separate Order, the court will order the Clerk of the Court to unseal in their entirety both the Memorandum and Order ruling the plaintiffs' Motion for Class Certification (Doc. 2018), and the Memorandum and Order ruling motions to exclude experts (Doc. 2017).

**IT IS THEREFORE ORDERED BY THE COURT** that Mylan's request to seal a portion of the court's Memorandum and Order ruling the plaintiff's Motion for Class Certification, as described in the "Notice of the Parties' Views on Proposed Sealing Requests for ECF Nos. 2017 and 2018" (Doc. 2024-1), is denied.

**IT IS FURTHER ORDERED THAT** Mylan's "Motion for Leave to File Under Seal the Notice of the Parties' Views on Proposed Sealing Requests for ECF Nos. 2017 and 2018" (Doc. 2024) is granted. Mylan is granted leave to file the Notice under seal. Counsel for Mylan

4

is directed to file the Notice on the CM/ECF docket with an event from the SEALED DOCUMENTS category. Access to the sealed documents is governed by the Court's March 1, 2018 Order Denying Sealed Access (Doc. 299).

**IT IS FURTHER ORDERED THAT**, by separate docket entry, the court will order the Clerk of the Court to unseal, and make available to the public on the CM/ECF docket, Doc. 2017 and Doc. 2018.

**IT IS SO ORDERED.**

**Dated this 10th day of March, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u><br>
**Daniel D. Crabtree**<br>
**United States District Judge**