IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## ORDER ADOPTING SCHEDULING ORDER NO. 12

This matter comes before the court on plaintiffs' Motion for Scheduling Order. Doc. 2036. Plaintiffs ask the court to enter a Scheduling Order that: (1) extends the current dispositive and *Daubert* motion deadlines by 30 days to May 15, 2020, (2) stays the issuance of notice to the class members until defendants' Rule 23(f) petition or appeal to the Tenth Circuit is resolved, and (3) sets dates certain for a Final Pretrial Conference to correspond with the already set trial date of April 13, 2021.

Defendants have filed an Opposition to plaintiffs' Motion. Doc. 2041. The Opposition asserts: (1) the court should extend the current dispositive and *Daubert* motion deadlines by 90 days to July 15, 2020, (2) defendants agree with plaintiffs that class notice should not issue until the Rule 23(f) petition is decided, and (3) the court need not enter a full schedule with the remaining deadlines until after the Tenth Circuit decides the Rule 23(f) petition. Defendants also assert that a stay is warranted if the Tenth Circuit grants defendants' Rule 23(f) petition. Separately, defendants have filed a Motion for Stay Pending Resolution of Petition Requesting Permission to Appeal and Any Resulting Appeal. Doc. 2042. Defendants filed the motion just

two days ago—on March 18, 2020. And so, that motion is not yet ripe for decision. The court will defer ruling the stay issue until that motion is fully briefed.

In light of the procedural posture of the case and the vividly real disruptions facing the parties, their law firms, and the court's schedule caused by the COVID-19 pandemic, the court agrees with defendants. A 90-day extension of time is warranted. Also, the court agrees with the parties that it should stay issuance of class notice until the Tenth Circuit resolves the Rule 23(f) petition or appeal. The court thus enters the following revised schedule:

| Subject of Deadline | New Deadline under this Scheduling Order No. 12 | Old Deadline under Scheduling Order Nos. 9 and 11 |
|---|---|---|
| Submission of a Proposed Plan for Issuing Class Notice | 30 days after the Tenth Circuit resolves defendants' Rule 23(f) petition or appeal[1] | March 31, 2020[2] |
| Submission of proposed Pretrial Order | May 29, 2020 | None (vacated by Scheduling Order No. 11) |
| Final Pretrial Conference | June 12, 2020 | None (vacated by Scheduling Order No. 11) |
| Dispositive motion and *Daubert* motion deadline | July 15, 2020 | April 16, 2020 |
| Dispositive motion and *Daubert* motion response deadline | August 17, 2020 | May 15, 2020 |
| Dispositive motion and *Daubert* motion reply deadline | September 15, 2020 | June 15, 2020 |
| Trial | April 13, 2021 | April 13, 2021 |

---

[1] The court recognizes that if the Tenth Circuit reverses the court's certification decision, that decision may render this deadline moot.

[2] This deadline was established by the court's Memorandum and Order ruling the plaintiffs' Motion for Class Certification. Doc. 2018-1 at 129.

The parties' filings also discuss page limits for the dispositive motion and *Daubert* briefing.  Plaintiffs ask the court to place a 75-page per side limit on all parties' affirmative and responsive dispositive and *Daubert* motion briefing and 35 total pages per side for replies. Plaintiffs provide further clarification about this proposal:

> [E]ach side's total affirmative dispositive motion briefing would be limited to 75 pages, whether in one 75-page brief or three 25-page briefs, and total affirmative Daubert motion briefing to 75 pages, whether that is 75 pages in one brief against one expert, or five 15-page briefs against five experts.  The same would apply to each side's responses to dispositive and Daubert motions.

Doc. 2036 at 5.

Defendants oppose plaintiffs' request that the court establish page limits for two reasons. *First*, defendants argue, the request is premature because they do not know which issues they should brief on a classwide basis until the Tenth Circuit decides their Rule 23(f) petition or appeal.  Also, defendants assert that the parties have not yet taken three expert depositions.  And, the timing for completing those depositions is uncertain based on the national emergency caused by COVID-19.  *Second*, defendants assert that plaintiffs never communicated with them about page limits before filing their motion.  And, defendants argue, the parties should not burden the court with this dispute without first directing the parties to reach agreement among themselves. But, defendants suggest, if the court is inclined to address page limits now, defendants propose an aggregate total limit of 125 pages for opening and response briefs (including statements of fact under D. Kan. Rule 56.1) and 50 pages for replies.

For now, the court defers its decision on setting page limits.  The court agrees with defendants.  Plaintiffs should have conferred with their opposing counsel before raising this issue by motion.  The court directs the parties to meet and confer about this issue.  If the parties can reach an agreement on the issue, the court orders the parties to submit a joint motion asking the

court to set page limits on the briefing **on or before April 15, 2020.** If the parties cannot reach agreement on the issue, they should each file a motion asking the court to establish page limits and explaining their position on the issue **on or before April 15, 2020.** Any such motion should not exceed 5 pages. The court will not consider responsive briefs on this issue.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for Scheduling Order (Doc. 2036) is granted in part. The court grants plaintiffs' request for a Scheduling Order, and it enters a Scheduling Order, consistent with the above Order.

**IT IS FURTHER ORDERED** that the parties must meet and confer about the page limits for briefing on the dispositive and *Daubert* motions and submit a motion (either jointly or separately) asking the court to establish page limits **on or before April 15, 2020.**

**IT IS SO ORDERED.**

**Dated this 20th day of March, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge

s/ Teresa J. James
Teresa J. James
U.S. Magistrate Judge