IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |
| (This Document Applies to Consumer Class Cases) | |

# MEMORANDUM AND ORDER

This multi-district litigation ("MDL") involves two litigation tracks. This Order applies just to one of the two: the Consumer Class Cases. In that litigation track, plaintiffs are end-payors in the United States who paid or reimbursed others for some or all of the purchase price of branded or authorized generic EpiPens. Generally, plaintiffs allege that defendants (who distribute and manufacture the EpiPen) devised an illegal scheme to maintain a monopoly over the epinephrine auto-injector ("EAI") market that successfully forced EpiPen consumers to pay inflated prices for the product.

On February 27, 2020, the court granted in part and denied in part plaintiffs' Motion for Class Certification. Doc. 2018-1. The court's Order certified a nationwide RICO class and a state law antitrust class under Federal Rule of Civil Procedure 23(b)(3). *Id.* at 126–27, 129. Also, the court declined to certify a state consumer protection class, a nationwide unjust enrichment class, and an injunction class. *Id.* at 120, 123, 126, 129. The court's Order directed plaintiffs to submit to the court a proposed plan for notice to class members of the two certified classes so that the parties could begin the process of giving class notice consistent with Rule 23(c)(2)(B). *Id.* at 128–29.

On March 12, 2020, defendants filed a Petition for Permission to Appeal with the Tenth Circuit Court of Appeals. The Petition asks the Circuit for permission to appeal the court's class certification order under Rule 23(f).

This matter is before the court on defendants' Motion for a Stay Pending Resolution of Petition Requesting Permission to Appeal and Any Resulting Appeal. Doc. 2042. Defendants ask the court to stay this litigation pending the Tenth Circuit's decision on defendants' request for permission to appeal and any subsequent appeal.[1]  Plaintiffs have filed an Opposition to defendants' Motion for Stay. Doc. 2046. And defendants have filed a Reply. Doc. 2054.

For reasons explained below, the court denies defendants' Motion for Stay at this procedural stage. The court finds that the factors governing stays pending appeal of a class certification order don't weigh in favor of a stay when the Circuit has not yet granted defendants permission to appeal. But the court does so without prejudice to refiling should the Circuit grant defendants' Petition and take an appeal of the class certification order. If that happens, defendants may file a renewed motion for stay.

I. **Legal Standard**

Rule 23(f) allows a party to petition the court of appeals for permission to appeal a district court's order "granting or denying class-action certification." Fed. R. Civ. P. 23(f). But, the Rule specifically provides that "[a]n appeal does *not* stay proceedings in the district court *unless* the district judge or the court of appeals so orders." *Id.* (emphasis added).

---

[1] The parties agree that the court should stay issuance of class notice until the Tenth Circuit resolves the Rule 23(f) petition or appeal. Consistent with that agreement, by separate order, the court vacated the deadline for plaintiffs to submit their proposed plan for issuing class notice. Doc. 2044 at 2. And, instead, it has ordered plaintiffs to make that submission 30 days after the Tenth Circuit resolves defendants' Rule 23(f) petition or appeal. *Id.*

Our court has explained that, when deciding whether to stay proceedings under Rule 23(f), "district courts generally employ an analysis similar to that used in motions for preliminary injunctions or motions to stay pending appeal of final judgments." *Better v. YRC Worldwide, Inc.*, No. 11-2072-KHV, 2016 WL 1359860, at *2 (D. Kan. Apr. 6, 2016) (citing *In re Urethane Antitrust Litig.*, No. 04-md-1616-JWL, 2006 WL 3021126, at *1 (D. Kan. Oct. 23, 2006)). "In the Tenth Circuit, such relief is warranted if the moving party establishes (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable harm without the relief sought; (3) threatened injury that outweighs any harm the relief would cause the opposing party; and (4) that the relief would not be contrary to public interest." *Id.* (citing *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1254–55 (10th Cir. 2006)).

**II.   Analysis**

To decide whether to grant defendants' requested stay, the court considers each of the four factors governing Rule 23(f) stays, below.

### A.  Substantial Likelihood of Success on the Merits

*First*, the court finds that defendants cannot satisfy their burden to show that their Petition seeking appeal has a substantial likelihood of success on the merits. Some courts treat "the substantial likelihood of success on appeal inquiry" as having "two layers." *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *2 (D. Kan. Nov. 10, 2014) (first citing *Thorpe v. Dist. of Columbia*, 306 F.R.D. 6, 9 (D.D.C. 2014); then citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 4 (D.D.C. 2002)). The first layer "is whether the moving party will obtain permission to appeal." *Id.* (citing *Thorpe*, 306 F.R.D. at 9). And, the second layer asks "whether, if permission to appeal is granted, the moving party will prevail on the merits of its appeal." *Id.* (citing *Thorpe*, 306 F.R.D. at 9).

3

Considering the first layer of the inquiry, the Tenth Circuit has not yet decided defendants' Petition seeking permission to appeal.  The Tenth Circuit has discretion whether to grant an appeal of a class certification order.  *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006).  And, generally, the Circuit will not grant such an appeal unless the case involves "'appeal-worthy certification issues.'"  *Id.* (quoting Fed. R. Civ. P. 23(f) advisory committee's note to the 1998 amendment).  Our Circuit has explained that "[i]nterlocutory review of a district court's class certification order is generally appropriate in three types of cases."  *Vallario v. Vandehey*, 554 F.3d 1259, 1263 (10th Cir. 2009).  They include:  (1) "'death knell cases,' which refers to situations in which a questionable class certification order is likely to force either a plaintiff or a defendant to resolve the case based on considerations independent of the merits[,]" (2) cases involving "an unresolved issue of law relating to class actions that is likely to evade end-of-case review" where the issue is "significant to the case at hand, as well as to class action cases generally[,]" and (3) cases involving a certification decision that "is manifestly erroneous."  *Id.*

Here, defendants' Motion for Stay focuses on the second layer of the inquiry—*i.e.*, whether, if permission to appeal is granted, the moving party will prevail on the merits of its appeal.  Defendants argue that they satisfy this inquiry under the more lenient standard the Tenth Circuit has adopted for the likelihood of success requirement when the other three preliminary injunction factors are satisfied.  Doc. 2042 at 6 (citing *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003)).  Indeed, the Tenth Circuit has explained:  "With respect to the four stay factors, where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed."  *Mainstream Mktg.*, 345 F.3d at 852 (citation omitted).  "Under those circumstances, probability

4

of success is demonstrated when the petitioner seeking the stay has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Id.* at 852–53 (citation and internal quotation marks omitted). As discussed below, the court doesn't find that defendants have shouldered their burden to establish the other three stay requirements, let alone that these three factors "tip decidedly in [their] favor." *Id.* at 852 (citation omitted). So, this relaxed standard doesn't apply here. Nevertheless, the court finds that defendants haven't shown a substantial likelihood of success even under this more lenient standard.

Here, defendants identify five issues raised in their Petition seeking appeal that, they argue, raise serious legal questions that are fair ground for litigation.[2] Doc. 2042 at 3–4. More specifically, defendants argue that several of these issues present issues of first impression for the Tenth Circuit and involve a split of legal authority among the Circuit Courts of Appeal. But, plaintiffs counter, our Circuit previously has denied Rule 23(f) review of many of the same issues that defendants raise in their Petition. *See* Doc. 2046 at 3 (first citing Order, *Sunoco Inc. (R&M) v. Cline*, No. 19-608 (10th Cir. Nov. 13, 2019); then citing Order, *Apache Corp. v. Rhea*, No. 19-602 (10th Cir. July 16, 2019); then citing Order, *In re Syngenta AG MIR 162 Litig.*, No. 16-607 (10th Cir. Dec. 7, 2016)); *see also id.* at 4 (citing Order, *Apache Corp. v. Rhea*, No. 19-

---

[2] For the first issue, defendants assert that this court applied "a 'plausibility' standard to class certification" that has "not been adopted by the Tenth Circuit" and that other courts have declined to use in favor of a "preponderance standard." Doc. 2042 at 3–4. The court is uncertain why defendants believe the court applied a "plausibility standard" in its analysis of the class certification motion. Defendants' Petition for Permission to Appeal cites certain passages from the court's Order and asserts that 20 times, the court applied a "'plausibility' *pleading* standard from Fed. R. Civ. P. 12(b)(6)" that amounts to manifest error. Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f), *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, No. 20-603, at *16 (10th Cir. Mar. 12, 2020). But, in the passages defendants cite, the court considered plaintiffs' expert opinions—*i.e.*, *evidence* submitted by plaintiffs to support their class certification motion, not allegations found in pleadings—and the court concluded that these expert opinions are capable of proving various elements of plaintiffs' claims on a classwide basis. The court's analysis didn't involve the application of any sort of plausibility pleading standard, as defendants have argued.

602 (10th Cir. July 16, 2019)). When denying permission to take an interlocutory appeal in *In re Syngenta AG MIR 162 Litigation*, the Circuit found that the case presented none of the circumstances outlined in *Vallario* that make a case appropriate for appellate review. Order, *In re Syngenta AG MIR 162 Corn Litig.*, No. 16-607, at *3 (10th Cir. Dec. 7, 2016) (citing *Vallario*, 554 F.3d at 1263–64). And, the Circuit observed, "if any rulings are in error, those errors can be addressed on appeal, if necessary." *Id.*

The court recognizes that its class certification Order decided some complex and challenging legal issues. But, the court is not convinced that the issues defendants raise in their Rule 23(f) Petition are "so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Mainstream Mktg.*, 345 F.3d at 852–53. So, in sum, the court does not find it likely either that: (1) the Tenth Circuit will grant defendants' Petition for an interlocutory appeal; or (2) defendants will prevail on the merits of their appeal, if permission to appeal is granted. As a consequence, defendants have failed to shoulder their burden to satisfy either the first or second layer of inquiry under the substantial likelihood of success factor. The court thus finds that the first factor does not favor defendants' request for a stay.

### B. Irreparable Harm

*Second*, the court finds that defendants have not shouldered their burden to establish irreparable harm. Defendants argue that they will sustain irreparable harm if the parties are forced to incur the burden of briefing summary judgment and *Daubert* motions while the appeal is pending. Defendants contend that they will realize a substantial monetary loss if the Tenth Circuit reverses any portion of the court's class certification Order because such a ruling will affect the issues the parties must raise and address in the dispositive and *Daubert* motions.

6

But, as plaintiffs emphasize, the court recently granted defendants' request for a 90-day extension of the deadline for filing dispositive and *Daubert* motions. *See* Doc. 2044 at 2 (Scheduling Order No. 12 extends the deadline for filing dispositive and *Daubert* motions from April 16, 2020 to July 15, 2020). With this deadline more than three months away, the court finds no reason to stay the case pending the Tenth Circuit's resolution of defendants' Rule 23(f) Petition. The court recognizes, however, if the Tenth Circuit grants that Petition, this analysis may change. If the Circuit takes the appeal, the time required for briefing the appeal and the Circuit's issuance of a decision on the appeal likely will run beyond the deadline for filing dispositive and *Daubert* motions. If that happens, defendants may renew their request for a stay. But, under the current circumstances, the court finds that this second factor weighs against a stay because defendants haven't shown irreparable harm.

### C. Threatened Injury Compared to Harm to Plaintiffs

*Third*, the court finds that the threatened injury to defendants without a stay does not outweigh the harm plaintiffs will incur if the court stays the case. Plaintiffs assert that a stay will delay their case, forcing them to give up their scheduled trial date after years of litigation. Defendants counter that the "mere assertion of delay does not constitute substantial harm." Doc. 2042 at 10 n.5 (quoting *United States v. Phillip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)). But defendants' characterization of plaintiff's argument shortchanges it. Plaintiffs here do more than merely assert delay. They have explained how a stay will require the court to vacate the current schedule's deadlines, including the trial date. And "a stay [that] requires another continuance of the trial date . . . is a significant harm to the plaintiffs." *CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013) (concluding that "[d]elay works to the benefit of the

7

defendants and to the detriment of the plaintiffs in this case"). Thus, the third factor weighs against ordering a stay of the case.

### D. Public Interest

*Finally*, the court concludes that imposing a stay is "contrary to the public interest in having civil matters timely resolved." *Better*, 2016 WL 1359860, at *2 (citing *Harper v. City of Meridian*, No. 3:14-cv-48-CWR-FKB, 2015 WL 1867229, at *2 (S.D. Miss. Apr. 23, 2015)); *see also In re Urethane Antitrust Litig.*, 2006 WL 3021126, at *3 (holding that "[t]he public interest would not be served by any undue delay" produced by a stay). Thus, this final factor weighs against ordering a stay of the case.

### III. Conclusion

Considering all the factors governing stays pending appeal of class certification orders, the court finds that all four factors favor denying defendants' request for a stay of the case pending the Tenth Circuit's resolution of their Rule 23(f) Petition and any resulting appeal. So, the court denies defendants' Motion for a Stay Pending Resolution of Petition Requesting Permission to Appeal and Any Resulting Appeal (Doc. 2042).

But, as noted above, the court bases its analysis on the current posture of defendants' appeal. That is, defendants have filed a petition seeking permission to appeal that the Tenth Circuit hasn't yet decided. As discussed, the court doesn't find it likely that the Tenth Circuit will grant defendants permission to appeal. But, if the court's prediction is wrong and the Circuit gives defendants that permission, the court's analysis of the four factors above could change. So, the court's decision here denying defendants' Motion for a Stay is without prejudice to defendants renewing their request if the Tenth Circuit grants them permission to appeal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for a Stay Pending Resolution of Petition Requesting Permission to Appeal and Any Resulting Appeal (Doc. 2042) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2020, at Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**