## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation


(This Document Applies to Consumer
Class Cases)

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

 

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Class Plaintiffs' Motion for Leave to Take Limited
Depositions of Two Former and Present Employees of Non-Party Teva Pharmaceuticals USA,
Inc. – William Marth and Staci Julie (ECF No. 2008) and Teva Pharmaceuticals USA, Inc. and
William Marth's Motion for Protective Order (ECF No. 2011).  Class Plaintiffs seek permission
to take these depositions after the October 15, 2019 discovery deadline imposed by Scheduling
Order No. 9 (ECF No. 1832). Teva Pharmaceuticals USA, Inc. (Teva), William Marth, and
Defendants oppose the motion, and Teva and Mr. Marth seek a protective order prohibiting
Plaintiffs from taking depositions of current and former Teva employees.  As set forth below, the
Court will deny Class Plaintiffs' motion and will find moot the motion for protective order.

## I.    Relevant Background and Arguments

Class Plaintiffs and Teva each submitted affidavits chronicling the discovery underlying
this motion. The Court highlights pertinent events and the parties' comments on their relevance.

On August 13, 2018, Class Plaintiffs issued a Rule 45 subpoena to Teva that requested
documents regarding Nuvigil and the settlement of the EpiPen and Nuvigil patent infringement

lawsuits. Teva refused to produce documents in response to the subpoena, and Class Plaintiffs sought compliance by filing a motion to compel (ECF No. 992). On October 5, 2018, the Court granted Class Plaintiffs' motion (ECF No. 1104), and Teva began a rolling production of responsive documents.

Class Plaintiffs' and Teva's affidavits detail Teva's production and communications between them over the following 14 months, ending on December 16, 2019, when Teva provided an authenticity declaration that its document production was complete. Although Class Plaintiffs acknowledge that discovery closed on October 15, 2019, their position is that it made no sense for them to depose these two individuals before Teva had completed its document production. Class Plaintiffs also state they had hoped their second deposition of Heather Bresch (taken on the last day of discovery) would obviate the need for these depositions. Moreover, Class Plaintiffs contend, no appreciable burden will result from their taking two, two-hour depositions on the same day, and no other pending deadlines will be adversely affected. Class Plaintiffs also assert that they "require the depositions to help ensure admissibility of relevant documents and further explicate the factual circumstances attending this case."[1]

Teva does not dispute that it took more than fourteen months to fully comply with this Court's order compelling compliance with the subpoena. It points out, however, that at various points along the production it advised Class Plaintiffs what categories of production were complete. Pertinent to this motion are three dates: (1) June 14, 2019, when Teva told Class Plaintiffs that its production of documents was complete,[2] and after which it produced no

---

[1] Class Plaintiffs' Motion (ECF No. 2008) at 4.

[2] Actually, Teva's production would not be complete for another six months.

additional responsive non-privileged documents concerning communications between Mr. Marth

and Ms. Bresch on these issues; (2) September 27, 2019, when Teva responded to a third

subpoena[3] that specifically requested documents about communications between Ms. Bresch and

Teva employees about the settlement negotiations, advising Class Plaintiffs that Teva already

had produced its responsive non-privileged documents and would not be producing any

additional documents, and (3) October 5, 2019, when Teva's counsel made clear to Class

Plaintiffs that Teva's production of documents concerning communications between Ms. Bresch

and Teva about the EpiPen Settlement and the Nuvigil settlement was complete. Between June

14 and October 5, 2019, Teva produced two privilege logs and Class Plaintiffs and Teva

discussed the propriety of Teva's claims of privilege for certain documents on those logs.

Teva also points out that the email exchange Class Plaintiffs refer to in this motion,

which Class Plaintiffs also relied on when they sought an extension of fact discovery, was

included in Teva's June 14, 2019 production. Indeed, during the August 12, 2019 hearing on

Class Plaintiffs' motion to extend fact discovery, Class Plaintiffs stated that in light of

documents Teva had produced (including the same email exchange), they may or may not need a

Teva deposition during the extended discovery period.[4]

---

[3] Class Plaintiffs served this third subpoena on September 9, 2019. According to Teva's
uncontroverted affidavit, Class Plaintiffs never sought a meet-and-confer after Teva said it would
not be producing any documents responsive to the third subpoena, nor did Class Plaintiffs
otherwise challenge the sufficiency of Teva's response. Holding Decl. ¶¶ 11, 12.

[4] Aug. 12, 2019 Hr'g Tr. at 28:2-4. Scheduling Order No. 9 directed in part "that the following
discovery can continue to proceed from August 16, 2019 until October 15, 2019:

(1) discovery regarding any non-privileged matter that is proportional to
the needs of the case and relevant to the claim or defense of the

3

On December 10, 2019, Class Plaintiffs requested to take the depositions of Mr. Marth, Ms. Julie, and a third Teva employee. They later limited the request to Mr. Marth and Ms. Julie. When Teva declined to produce the witnesses, this motion followed. The Court finds that Class Plaintiffs and Teva have complied with the requirements of D. Kan. R. 37.2.

## II.     Summary of the Parties' Arguments

Class Plaintiffs argue they have established good cause to modify Scheduling Order No. 9 with what they describe as limited relief to take two depositions, lasting no more than two hours each, conducted in a single day at a time and place of Teva's choosing. They argue that it would not have made sense for them to depose Teva employees before Teva produced all the documents sought by the subpoenas, and they had hoped to avoid the depositions altogether by obtaining information from Ms. Bresch's second deposition. Class Plaintiffs also assert the depositions will facilitate presentation of the facts to the trier of fact and are required to help ensure admissibility of relevant documents. Finally, Class Plaintiffs contend no burden will result.

Teva contends Class Plaintiffs have failed to show good cause because they have not demonstrated their own diligence in pursuing the depositions before the close of discovery, nor have they demonstrated they could not have reasonably met the schedule in light of their diligence. Teva asserts the deponents are entitled to extra protection from burdensome discovery,

---

allegation that the April 2012 settlement of patent infringement claims involving EpiPen and Nuvigil amounted to a reverse payment or pay-for-delay settlement.

ECF No. 1832 at 3.

but whether prejudice would result is irrelevant to a determination of whether Class Plaintiffs have established good cause. Based on the untimeliness of the request and the failure to show good cause, Teva and Mr. Marth seek a protective order prohibiting the depositions.

Defendants, along with Teva, argue that Class Plaintiffs have failed to establish good cause and that the absence of prejudice to the opposing party does not constitute an affirmative showing of good cause. Nonetheless, Defendants contend they would be prejudiced if the Court were to extend discovery to permit these depositions to go forward.

## III.   Legal Standard

A party seeking to reopen discovery after the expiration of a discovery cutoff must show good cause under Fed. R. Civ. P. 16(b). "Good cause, within the meaning of Fed.R.Civ.P. 16(b), primarily considers the diligence of the party seeking to alter the existing schedule."[5] The party seeking to extend the schedule must show "that it could not have reasonably met the deadline despite its diligence."[6] And the absence of prejudice to the opposing party does not constitute an affirmative showing of "good cause" to amend the existing schedule.[7]

## IV.   Analysis

Class Plaintiffs focus their attention on the effort it took to gain Teva's full compliance with its obligation to produce documents in response to Class Plaintiffs' subpoenas, which did not occur until more than a year after this Court issued its October 5, 2018 order compelling

---

[5] *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[6] *Pfeiffer v. Eagle Mfg. Co.,* 137 F.R.D. 352, 355 (D. Kan. 1991).

[7] *Deghand,* 904 F. Supp. at 1221.

production.[8] And they tie the timing of their first request to take Mr. Marth's and Ms. Julie's depositions (December 10, 2019) to the date on which Teva finally certified its production was complete (December 16, 2019), explaining that it "would have made little sense to depose these two individuals before Teva had completed its document production."[9] Class Plaintiffs concede that on October 15, 2019, the extended deadline to conduct discovery related to allegations that the April 2012 settlement of patent infringement claims involving EpiPen and Nuvigil amounted to a reverse payment or pay-for-delay settlement expired, thereby requiring them to show good cause why they should be permitted to take the depositions.

Class Plaintiffs' attempts to demonstrate good cause are thin. They minimize the scope of the request by pointing out the subject matter of the depositions would be limited to their pay-for-delay allegations, they could schedule both on the same day at a place of Teva's choosing, and they would limit each to two hours. But those details say nothing about why Class Plaintiffs should be allowed to take the depositions after the deadline.

Next, Class Plaintiffs contend relief is warranted "under the circumstances," which refers to the length of time it took for Teva to conclude its document production. While those circumstances might have been relevant to a request to postpone a timely-scheduled deposition, that is not what happened. Class Plaintiffs do not dispute that they first raised the issue of these depositions nearly two months after the deadline passed. Expressing their hope that Ms. Bresch's testimony in her second deposition "would obviate the need to" depose Mr. Marth and Ms. Julie

---

[8] ECF No. 1104.

[9] ECF No. 2009 at 4.

is a non-sequitur. If obviated, that means scheduled depositions would be canceled. But Class Plaintiffs never attempted to schedule these depositions, even though they acknowledged at the August 2019 hearing that they may need a Teva deposition. In any event, whether Class Plaintiffs earlier considered taking these particular depositions is of no import: the point is, they did not act on it until it was too late. Furthermore, on October 5, 2019, Teva's counsel made clear to Class Plaintiffs that Teva's production of documents concerning communications between Ms. Bresch and Teva about the EpiPen Settlement and the Nuvigil settlement was complete, and one week earlier Teva had responded to the third subpoena by telling Class Plaintiffs essentially the same thing.

In conclusory fashion, Class Plaintiffs next state that the depositions will "facilitate presentation of the facts to the trier of fact," and that they "require the depositions to help ensure admissibility of relevant documents and further explicate the factual circumstances attending this case." They offer no explanation, make no showing of what testimony they expect of these witnesses, and point to no documents whose admissibility is at stake.

Finally, Class Plaintiffs argue that allowing the depositions will not impose any appreciable burden on Teva or Defendants. But as Defendants point out, lack of prejudice is irrelevant to satisfying the good cause standard. "The absence of prejudice to the opposing party does not constitute an affirmative showing of 'good cause' to alter the schedule ordered by the court."[10]

---

[10] *Sithon Mar. Co. v. Holiday Mansion*, No. CIV. A. 96-2262-KHV, 1999 WL 66216, at *2 (D. Kan. Feb. 8, 1999).

In sum, Class Plaintiffs have failed to demonstrate good cause why they should be permitted to take the depositions of Mr. Marth and Ms. Julie after the deadline to do so has passed. Accordingly, the Court will deny their motion and will find Teva's and Mr. Marth's motion for protective order moot.

**IT IS HEREBY ORDERED** that Class Plaintiffs' Motion for Leave to Take Limited Depositions of Two Former and Present Employees of Non-Party Teva Pharmaceuticals USA, Inc. – William Marth and Staci Julie (ECF No. 2008) is **DENIED.**

**IT IS FURTHER ORDERED THAT** Teva Pharmaceuticals USA, Inc. and William Marth's Motion for Protective Order (ECF No. 2011) is **MOOT.**

Dated this 22nd day of April, 2020 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge