## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |
| (This Document Relates to All Cases and to *Gott v. Mylan N.V., et al.*, Case No. 20-cv-2099-EFM-TJJ), | |

## MEMORANDUM AND ORDER

This matter comes before the court on Class Plaintiffs' Motion to Transfer and Consolidate the *Gott* case with the *EpiPen* MDL (Doc. 2040).  Defendants have filed their Opposition (Doc. 2045).  And plaintiffs have submitted a Reply (Doc. 2051).  After considering the parties' arguments, the court denies the Motion to Transfer and Consolidate the *Gott* case with the *EpiPen* MDL.

### I.     Background

In August 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created MDL 2785, *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*.  *See* Doc. 1 (JMPL Transfer Order).  The MDL's cases assert claims of "anticompetitive conduct or unfair methods of competition" against Mylan N.V., Mylan Pharmaceuticals Inc., Mylan Specialty, L.P., Mylan, Inc., Heather Bresch, Pfizer, Inc., King Pharmaceuticals, Inc., and Meridian Medical Technologies, Inc. ("the MDL defendants") arising from their manufacture, marketing, and sales of the EpiPen (an epinephrine auto-injector used to treat anaphylaxis).  *Id.* at 1.  The JPML found that the cases "share factual questions arising from

Mylan's alleged dominance in the market for epinephrine auto-injectors and recent increases of the price for the EpiPen." *Id.* at 2.  The JPML noted that, in each case:

> Plaintiffs allege anticompetitive conduct including, among other things:  engaging in a "hard switch" and selling EpiPens only in packs of two; entering into discount agreements with schools that were conditioned on the schools not purchasing competing products; securing multiple overlapping patents on minor changes to the EpiPen and engaging in "sham" patent litigation to forestall generic competition; and paying excessive rebates to commercial insurance companies, pharmaceutical benefits managers, and state-based Medicaid agencies conditioned on those companies and agencies not reimbursing the use of competing products.

*Id.*  Also, the JPML concluded that "centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."  *Id.*  So, the JMPL assigned the MDL to this court, and it transferred several actions filed in other federal district courts to our court for "coordinated or consolidated pretrial proceedings."  *Id.* at 4.

### Two Tracks in the MDL

After the JPML assigned the MDL to the District of Kansas, the court ordered the MDL to proceed on two separate litigation tracks.  Doc. 42.  One track—the consumer class cases—consists of cases filed by individual consumers or third-party payors who allege they purchased EpiPens for consumption by themselves, their families, or their members, employees, insureds, participants or beneficiaries.  Generally, plaintiffs in the consumer class cases allege that defendants devised an illegal scheme to maintain a monopoly over the epinephrine auto-injector ("EAI") market that successfully forced EpiPen consumers to pay inflated prices for the product. Through this scheme, plaintiffs allege that defendants have violated federal and state antitrust laws, the federal RICO act, and various state consumer protection laws.

Plaintiffs in the consumer class cases asked the court to certify five separate classes.  On February 27, 2020, the court granted that request in part and denied it in part.  Doc. 2018-1.  The

court certified a nationwide RICO class and a state law antitrust class under Federal Rule of Civil Procedure 23(b)(3). *Id.* at 126–27, 129. But it declined to certify a state consumer protection class, a nationwide unjust enrichment class, and an injunction class. *Id.* at 120, 123, 126, 129.

The other litigation track—the Sanofi track—consists of just one case: a case filed by plaintiff Sanofi-Aventis U.S. LCC against defendants Mylan, Inc. and Mylan Specialty, L.P. Sanofi is a pharmaceutical company who alleges that Mylan, as distributor of the EpiPen, engaged in a variety of anticompetitive conduct designed to prevent Auvi-Q®—a rival product once sold by Sanofi—from gaining access to the epinephrine autoinjector market, and designed to prevent consumers from acquiring Auvi-Q®. Sanofi asserts three claims against Mylan under Section 2 of the Sherman Antitrust Act: (1) monopolization through exclusive dealing; (2) deceptive conduct to further monopolization; and (3) an overall scheme to monopolize. Sanofi brings this action only for itself, and not on behalf of any other plaintiffs or putative class members.

## The *Gott* Case

On March 4, 2020, plaintiff Troy Gott filed a lawsuit against defendants Mylan N.V., Mylan Specialty L.P., Pfizer, Inc., and Meridian Medical Technologies, Inc. in the District of Kansas. *See* Compl., *Gott v. Mylan, N.V.*, No. 20-cv-2099-EFM-TJJ (D. Kan. Mar. 4, 2020), ECF No. 1 ("the *Gott* case"). The following day, Mr. Gott filed an Amended Complaint. Am. Compl., *Gott v. Mylan, N.V.*, No. 20-cv-2099-EFM-TJJ (D. Kan. Mar. 5, 2020), ECF No. 4 ("*Gott* Complaint"). The *Gott* case currently is assigned to United States District Judge Eric F. Melgren of our court.

Generally, Mr. Gott alleges that defendants violated the RICO act by entering into an alleged "scheme to manipulate EpiPen expiration dates in order to force patients to refill EpiPen

prescriptions more often." *Gott* Complaint ¶ 1.  Mr. Gott alleges that defendants' scheme "extracted hundreds of millions of dollars of excess profits every year, year after year, for over the last decade." *Id.*  Mr. Gott brings his lawsuit his own behalf and for all others similarly situated across the United States. *Id.* ¶ 125.  He aspires to represent a class under Federal Rule of Civil Procedure 23(b)(2) and (2), consisting of:

> All persons or entities in the United States and its territories who paid any part of the purchase price of an EpiPen refill or replacement within 3 ½ years for consumption by themselves, their families, or their members, employees, insureds, participants or beneficiaries, and not for the purpose of resale, from December 21, 2001, when Defendants first reduced the shelf life of the EpiPen, through and until Class Notice is given (the "Class Period").  For purposes of this Class definition, persons or entities "purchased" an EpiPen if they directly paid for or reimbursed all or some of the purchase price of an EpiPen.

*Id.*[1]

Mr. Gott is represented by some of the same counsel who represent the class plaintiffs in this MDL.  Class plaintiffs—through their counsel—have filed a motion in this MDL asking the court to transfer and consolidate the *Gott* Case with the MDL.  The court considers and decides that request, below.

---

[1]     Mr. Gott excludes the following from his putative class definition:

a.     The Defendants and their officers, directors, management, employees, subsidiaries or affiliates;
b.     All governmental entities, except for government funded employee benefit plans;
c.     The judges in this case and any members of their immediate families;
d.     All persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and
e.     All persons who are currently incarcerated.

*Gott* Complaint ¶ 125.

## II.      Legal Standard

The class plaintiffs' motion invokes three rules to support their request to transfer and consolidate the *Gott* case with the MDL:  (1) Federal Rule of Civil Procedure 1; (2) JMPL Rule 7.2(a); and (3) D. Kan. Rule 23-A.

Rule 1 directs that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

JPML Rule 7.2(a) provides that a "[p]otential tag-along action[ ] filed in the transferee district do[es] not require Panel action."  JPML Rule 7.2(a).  Instead, the JPML Rule directs a party to "request assignment of such [an] action[ ] to the Section 1407 transferee judge in accordance with applicable local rules."  *Id.*

Our court's local rule, D. Kan. Rule 23-A, provides:

> If any party to a Multi-District Litigation ("MDL") is named in a civil action pending in this District which concerns the same subject matter as the cases in the MDL, it shall file a Notice of Related Case in the individual docket and the MDL docket, stating if the case should or should not be assigned to the judge coordinating the MDL in accordance with the rules governing centralization found in 28 U.S.C. § 1407(a).

D. Kan. Rule 23-A(a).  If a party files an objection to a Notice of Related Case, "the court will decide if the case should or should not be assigned to the MDL judge in accordance with the rules governing centralization found in 28 U.S.C. § 1407(a)."  D. Kan. Rule 23-A(e).

Section 1407(a) of Title 28 of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for

the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* Section 1407 thus requires three things: "(1) 'one or more common questions of fact are pending in different districts,' (2) a transfer would serve 'the convenience of parties and witnesses,' and (3) a transfer would 'promote the just and efficient conduct of [the] actions.'" *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2006 WL 2709847, at *2 (D. Kan. Sept. 20, 2006) (quoting 28 U.S.C. § 1407(a)).

### III.  Analysis

Class plaintiffs assert that the court should transfer and consolidate the *Gott* case with the MDL, placing it on a separate litigation track (*i.e.*, a third track in the MDL). Class plaintiffs argue that transfer and consolidation is warranted because both the *Gott* case and the MDL involve: (1) the same defendants (except the *Gott* case does not name Heather Bresch as a defendant but class plaintiffs assert she is involved factually in both cases), (2) the same product, the EpiPen, and (3) the same RICO marketing scheme where defendants tried to sell more product by deceiving the public about medical necessity (*i.e.*, as asserted in the MDL, defendants allegedly deceived the public about the medical necessity of buying the EpiPen in 2-Paks, and as asserted in the *Gott* case, defendants allegedly deceived the public about the true expiration dates for the EpiPen).

Defendants oppose class plaintiffs' motion. Defendants argue that this court lacks jurisdiction to decide this motion because another district judge is assigned to the *Gott* case. And, defendants contend, the class plaintiffs haven't invoked any rule that gives the undersigned judge the authority to transfer and consolidate the *Gott* case with the MDL. Defendants argue that the class plaintiffs cannot invoke D. Kan. Rule 23-A because that rule only permits a "party to a Multi-District Litigation ('MDL') [who] is named in a civil action pending in this District

6

which concerns the same subject matter as the cases in the MDL" to file a Notice of Related Case seeking consolidation with the MDL.  D. Kan. Rule 23-A(a).  Here, the class plaintiffs are a party to the MDL, but they are not a named party in the *Gott* case.  And Mr. Gott is not a named party in the MDL.  So, defendants argue, the class plaintiffs cannot seek transfer and consolidation under D. Kan. Rule 23-A(a).

Plaintiffs respond that the JPML has rejected the "mistaken reading" of its Rules that only "parties" to the MDL can notify the Panel about potential tag-along cases.  Doc. 2051 at 4 n.3 (citing Order Vacating Conditional Transfer Order, *In re: EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices and Antitrust Litig.*, MDL No. 2785 (J.P.M.L. Dec. 5, 2017), ECF No. 111 at 1–2 n.2).  Instead, plaintiffs say, the JPML observed that its Rule 7.1 "does not limit other parties from providing the Panel notice of potential tag-along actions—indeed, the Panel routinely receives notice of such actions from the transferor courts themselves."  Order Vacating Conditional Transfer Order, *In re: EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices and Antitrust Litig.*, MDL No. 2785 (J.P.M.L. Dec. 5, 2017), ECF No. 111 at 1–2 n.2

Plaintiffs argue that the court should apply this same relaxed reading to D. Kan. Rule 23-A.  Plaintiffs urge the court not to construe D. Kan. Rule 23-A strictly as limiting the filing of a Notice of Related Case to a "party to a Multi-District Litigation ('MDL') [who also] is named in a civil action pending in this District which concerns the same subject matter as the cases in the MDL[,]" as the Rule reads.  D. Kan. Rule 23-A.  Instead, plaintiffs contend, the court should read the Rule to permit other parties to invoke the rule as well.

The court need not decide this issue.  Even if plaintiffs properly could invoke Rule 23-A to tag the *Gott* case as a Related Case,[2] the court finds that transfer and consolidation isn't

---

[2]     Plaintiffs' Reply argues that defendants' Opposition violates the deadlines and page limits that D. Kan. Rule 23-A establishes for filing responses to a Notice of Related Case under the local rule.  Doc.

warranted under 28 U.S.C. § 1407.  To reach this conclusion, the court considers the three

factors found in § 1407.

     *First*, the *Gott* case doesn't involve "common questions of fact" with the MDL.  28

U.S.C. § 1407(a).  The *Gott* case asserts a RICO claim based on fraudulent expiration dates and

the EpiPen's shelf-life.  The MDL's claims don't involve this kind of allegation.  Indeed, the

JPML's Transfer Order listed the specific types of "anticompetitive conduct" that plaintiffs in the

MDL have alleged—including the switch to selling the EpiPen only in a 2-Pak, delaying generic

entry by bringing "sham" patent litigation, and exclusionary rebate programs.  Doc. 1 at 2.  But

the JPML's Transfer Order never references allegations based on expiration dates and the shelf-

life of the EpiPen.  Thus, this first factor doesn't favor consolidating the *Gott* case with the

MDL.

     *Second*, the convenience of the parties and witnesses isn't served by consolidating the

*Gott* case with the MDL.  Discovery is closed in the MDL.  In the Sanofi track of the MDL,

dispositive motions are pending.  In the consumer class cases track, the court recently issued an

order deciding class certification, and the parties are approaching their deadlines for filing

dispositive and *Daubert* motions.  Also, both the MDL and the *Gott* case are pending in the

District of Kansas.  So, it is equally convenient for the parties and witnesses for the court to leave

the *Gott* case pending as a separate case in the District of Kansas instead of consolidating it with

the MDL.  For these reasons, this second factor doesn't favor consolidation.

---

2051 at 2 (citing D. Kan. Rule 23-A(b)).  But defendants' Opposition logically takes the position that D. Kan. Rule 23-A doesn't apply here because the class plaintiffs can't invoke that Rule when they aren't a party to *Gott*.  So, it makes sense that defendants wouldn't abide by D. Kan. Rule 23-A's requirements when filing their Opposition.  Instead, defendants filed their Opposition 14 days after plaintiffs filed their motion, consistent with our court's local rule, D. Kan. Rule 6.1(d)(1), which requires the filing of a response to a non-dispositive motion within 14 days.  Given these circumstances, there's no reason to punish defendants for not following a rule that doesn't even apply.

*Finally*, the court finds that consolidation won't promote the just and efficient conduct of the action. The MDL is in a very different procedural posture than the newly-filed *Gott* case. The court has presided over the MDL for nearly three years. And, as discussed above, discovery is closed in the MDL, dispositive motions are pending in one track, and the deadline for filing dispositive motions in the other track is approaching. In contrast, Mr. Gott filed his lawsuit just last month. Defendants recently entered their appearances but have not yet filed answers. As defendants assert, the *Gott* case may present a new motion to dismiss, require new discovery of a new named plaintiff, and new class certification proceedings. Consolidating the *Gott* case with the MDL will not promote the just and efficient conduct of the action because the two cases occupy materially different procedural postures.[3] So, this last factor doesn't favor consolidating the *Gott* case with the MDL.

After considering § 1407's three factors that guide the court when deciding whether cases with common questions of fact should be "coordinated or consolidated" for "pretrial proceedings," the court concludes that all three factors weigh against transferring and consolidating the *Gott* case with the MDL. The court thus denies the class plaintiffs' Motion to Transfer and Consolidate the *Gott* case with the *EpiPen* MDL.

## IV.    Conclusion

For all these reasons, the court denies plaintiffs' Motion to Transfer and Consolidate the *Gott* case with the *EpiPen* MDL (Doc. 2040).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Transfer and Consolidate the *Gott* case with the *EpiPen* MDL (Doc. 2040) is denied.

---

[3]     For the same reasons, the court declines to order transfer and consolidation under Rule 1. The court isn't convinced that transferring and consolidating the *Gott* case with the MDL will "secure the just, speedy, and inexpensive determination" of the proceedings. Fed. R. Civ. P. 1.

**IT IS SO ORDERED.**

**Dated this 27th day of April, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**