UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>    CONSUMER CLASS CASES. | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No. 2785)<br><br>CLASS PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR AN ORDER IMPLEMENTING STAGE ONE OF CLASS NOTICE PLAN |

- i -

## TABLE OF CONTENTS

                                                                                                                                           **Page**

I. INTRODUCTION ...................................................................................................1

II. REPLY ARGUMENT ............................................................................................3

      A.    Defendants' Substantive Objections to Stage One of Class Plaintiffs' Notice Plan Have No Merit, Legally or Factually .......................................3

           1.    Stage One of the Class Notice Plan Is *Not* Discovery and Will Not Be Used by Class Plaintiffs as Discovery......................................3

           2.    Stage One of the Class Notice Plan is Fully Consistent with the Class Certification Briefing and the Court's Class Certification Order ..................................................................................................5

           3.    Defendants Exaggerate the Scope of the Subpoenas and the Time that Will Be Needed to Comply......................................................6

           4.    Defendants' "One-Way Intervention" Argument Is Frivolous and the Court's Schedule Will Not Be Delayed .................................6

      B.    Defendants' Footnote Regarding A.B. Data's Appointment as Notice Administrator Is Not an Opposition..........................................................9

III. CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Barfield v. Sho-Me Power Elec. Co-op.*,
  No. 2:11-CV-04321-NKL, 2014 WL 1955107
  (W.D. Mo. May 14, 2014) ...................................................................................................7

*Costello v. BeavEx, Inc.*,
  810 F.3d 1045 (7th Cir. 2016) ............................................................................................7

*Cummings v. Connell*,
  402 F.3d 936 (9th Cir. 2005) ..............................................................................................8

*Diva Limousine, Ltd. v. Uber Techs., Inc.*,
  392 F. Supp. 3d 1074 (N.D. Cal. 2019) .............................................................................7

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices*
  *& Antitrust Litig.*,
  No. 17-MD-2785-DDC-TJJ, 2020 WL 1873989
  (D. Kan. Feb. 27, 2020) .............................................................................................1, 2, 5

*In re Williams-Sonoma, Inc.*,
  947 F.3d 535 (9th Cir. 2020) ....................................................................................2, 3, 4, 5

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978)................................................................................................. passim

*San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*,
  No. 15CV1401-BEN-MDD, 2017 WL 3877731
  (S.D. Cal. Sept. 5, 2017) .....................................................................................................2

*Tyson Foods, Inc. v. Bouaphakeo*,
  __ U.S. __,136 S. Ct. 1036 (2016)......................................................................................8

*United States v. Judd*,
  42 F. App'x 140 (10th Cir. 2002) ........................................................................................9

*Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*,
  No. 08-1330-JTM-KMH, 2015 WL 790081
  (D. Kan. Feb. 25, 2015) ......................................................................................................7

4837-8304-3004.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 ......................................................................................................................4, 8
    Rule 23(b)(3) ..................................................................................................................1
    Rule 23(c)(2) ..................................................................................................................1
    Rule 23(c)(2)(B) .............................................................................................................1
    Rule 23(d) ......................................................................................................................4
    Rule 26 ...................................................................................................................1, 3, 4
    Rule 26(b)(1) .............................................................................................................2, 4

**SECONDARY AUTHORITIES**

*Construction and Application of Rule Against One-Way Intervention*, (2016)
    14 A.L.R. 7th Article 5 .................................................................................................7

Class Plaintiffs, by and through their undersigned Class Counsel, respectfully submit the following Reply Memorandum in further support of their Motion for an Order Implementing Stage One of Class Notice Plan ("Motion" or "Mot.") (ECF No. 2058).

## I. INTRODUCTION

Defendants' Opposition to Plaintiffs' Motion for an Order Implementing Stage One of Class Notice Plan ("Opposition" or "Opp.") (ECF No. 2068) is contrary to Supreme Court precedent, ignores the facts set forth in the Motion, and misstates both the record and the law. The Opposition borders on the frivolous and should be denied. The Motion proposes a tried and true method of obtaining data necessary to comply with Rules 23(b)(3) and 23(c)(2)(B) of the Federal Rules of Civil Procedure, for distributing individual notice to a certified class, as this Court expressly recognized. *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2020 WL 1873989, at *61 (D. Kan. Feb. 27, 2020) ("When a court certifies a Rule 23(b)(3) class, Rule 23(c)(2)(B) provides 'the court must direct to class members the best notice practicable under the circumstances, including individual notice to ***all members who can be identified through reasonable effort***.'").[1]

***First***, Defendants' argument that Class Plaintiffs are seeking additional merits discovery falls apart quickly. The information sought by the draft Class Notice Subpoenas is to enable the Notice Administrator to provide notice to the certified classes as required by Rule 23(c)(2). It is ***not*** discovery under Rule 26, which ***has been the law for more than four decades***. *See Oppenheimer*

---

[1]  Citations are omitted and emphasis added, unless otherwise noted.

*Fund, Inc. v. Sanders*, 437 U.S. 340 (1978);[2] *see also In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020).

***Second***, however the information sought is characterized, Class Plaintiffs are not seeking to reopen merits discovery; a fact that should have been abundantly clear to Defendants after they read the Motion, which states that all information produced in response to the Class Notice Subpoenas will be sent ***only*** to the Notice Administrator, not to Class Plaintiffs, and used ***only*** for the purposes of providing class notice. Mot. at 7.

***Third***, Defendants' efforts to muddle and misstate the class certification record should be rejected. Class Plaintiffs were clear in the class-certification briefing that they were only proposing a viable methodology for providing class notice if the classes were certified, not that they already had the contact information necessary to provide class notice, a distinction that the Court plainly understood. *See EpiPen*, 2020 WL 1873989, at *12 n.15.

***Fourth***, Defendants mischaracterize the nature of the information being sought by the Class Notice Subpoenas and exaggerate the amount of time it should take for this information to be produced. Unlike the earlier subpoenas to certain PBMs and pharmacies that sought a broad range of documents from multiple sources within each company, the Class Notice Subpoenas include a single request. The requested information is likely to be a single data file from a single source at each PBM and pharmacy chain. *See* Declaration of Gretchen Freeman Cappio in Support of Class Plaintiffs' Motion for an Order Implementing Stage One of Class Notice Plan ("Cappio Decl."), Ex. 1 (ECF No. 2058-3) (exemplar of Class Notice Subpoena). As explained in the accompanying Supplemental Declaration of Eric Schachter ("Schachter Reply Decl."), attached hereto as Exhibit A,

---

[2]  *Oppenheimer Fund* was subsequently superseded, on other grounds, by amendments to Rule 26(b)(1), as stated in *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 15CV1401-BEN-MDD, 2017 WL 3877731 (S.D. Cal. Sept. 5, 2017).

- 2 -

this information should be relatively easy to locate, compile, and produce and should not, therefore, require any changes to the existing case schedule as a result.

*Fifth*, Defendants' fanciful "one-way intervention" argument misstates the law and the facts. The one-way intervention rule prevents the Court from *ruling* on summary judgment prior to giving a certified class their opt-out rights. It does not prevent the parties from *briefing* summary judgment. Since trial is not scheduled until April 2021, there is plenty of time to implement the notice plan, allow the class sufficient time to decide whether to opt-out, decide summary judgment, and try the case. No change in the current schedule is necessary.

For the reasons set forth herein, the Motion should be granted in all respects.

## II. REPLY ARGUMENT

### A. Defendants' Substantive Objections to Stage One of Class Plaintiffs' Notice Plan Have No Merit, Legally or Factually

#### 1. Stage One of the Class Notice Plan Is *Not* Discovery and Will Not Be Used by Class Plaintiffs as Discovery

Defendants' primary argument in opposition to the Motion is that in requesting the class member contact and transaction information from the PBMs and pharmacy chains, Class Plaintiffs are really seeking to reopen merits discovery. This argument is wrong on the law and the facts. It has been black letter law for more than 40 years that post-certification requests for information identifying individual class members for the purpose of providing class notice do not constitute discovery under Rule 26 because the information sought is not "relevant to any party's claim or defense." *See Williams-Sonoma*, 947 F.3d at 538-40; *Oppenheimer Fund*, 437 U.S. at 350-55.

*Oppenheimer Fund* concerned a post-class certification dispute among the parties as to who would pay to retrieve and organize class member contact information. Plaintiffs (respondents before the Supreme Court) took the position that this information constituted "discovery" under Rule 26, and therefore, under the usual rules, defendants were responsible for any costs they incurred creating

and producing a class list. *Oppenheimer Fund*, 437 U.S. at 342. The Supreme Court disagreed, holding that the class member information was not discovery under Rule 26, but rather, information necessary to facilitate class notice under Rule 23:

> Although respondents' request resembles discovery in that it seeks to obtain information, we are convinced that it more properly is handled under Rule 23(d). The critical point is that the information is sought to facilitate the sending of notice rather than to define or clarify issues in the case.
>
> \*   \*   \*
>
> Respondents argued to the District Court that they desired this information to enable them to send the class notice, and not for any other purpose. Taking them at their word, it would appear that respondents' request is not within the scope of Rule 26(b)(1).

*Id*. at 350, 353.

Notwithstanding changes to Rule 26 and the passage of more than forty years, the holding in *Oppenheimer Fund* remains good law, and was, in fact, relied on by the Ninth Circuit in a decision earlier this year. In *Williams-Sonoma*, the plaintiff, **prior** to a class being certified, sought to compel defendants to produce class member information for a portion of the proposed class. 947 F.3d at 538. The district court granted the motion to compel, but the Ninth Circuit reversed, holding as follows:

> In the present case, contrary Supreme Court authority demonstrates the clear error in the district court's decision. Rule 26(b)(1) limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense." And the Supreme Court has determined that seeking discovery of the name of a class member (here an unknown person, who could sue Williams-Sonoma) is not relevant within the meaning of that rule.
>
> \*   \*   \*
>
> The other distinction is that *Oppenheimer* dealt with a case where class certification had already been granted, and the moving party sought to obtain a list of members of that class. This case is a step removed from that – here counsel is without a lead plaintiff for the class issues that counsel wishes to pursue, so no class has been certified. It follows that the request here is less relevant than the request in *Oppenheimer*. The district court clearly erred as a matter of law when it ordered the discovery in question.

- 4 -

*Id.* at 539, 540.  Thus, like the *Oppenheimer Fund* plaintiffs, Class Plaintiffs here seek to pursue the correct order of operations: first, getting the class certified, and then seeking the personal information to properly distribute individual notice to the class.

In addition to being wrong on the law, Defendants also misstate the facts.  If Class Plaintiffs really were seeking to reopen merits discovery, the proposed class notice program and Class Notice Subpoenas would hardly be useful to them, considering that any information produced in response to the Class Notice Subpoenas will be provided to the Notice Administrator ***only***, not to Class Plaintiffs, and may only be used for the purposes of providing class notice.  This can hardly come as a surprise to Defendants since it is spelled out in the Motion and in the attached exemplar of the Class Notice Subpoenas.  *See* Mot. at 7 ("any information and data produced in response to the Class Notice Subpoenas will be produced directly to, and maintained solely by, A.B. Data, not Class Counsel"); and Cappio Decl., Ex. 1 (instructing entities responding to the Class Notice Subpoenas to produce information directly to A.B. Data, not Class Counsel).

> 2. **Stage One of the Class Notice Plan is Fully Consistent with the Class Certification Briefing and the Court's Class Certification Order**

Defendants would have the Court believe that Class Plaintiffs were less than candid in their class certification briefing.  Defendants profess to be outraged that now that the classes have been certified, Class Plaintiffs are requesting information to identify and provide notice to absent class members.  But the outrage is feigned.  It was made abundantly clear during the class-certification briefing that Class Plaintiffs did not have the information in hand – like plaintiffs in other cases – to provide notice to absent class members, only a viable methodology for obtaining it.  The Court understood this perfectly well, as reflected in the Court's class certification order. *See EpiPen*, 2020 WL 1873989, at *12 n.15 ("[P]laintiffs assert that they can identify such class members using pharmacy and medical records.  Indeed, plaintiffs' expert, Prof. Meredith Rosenthal, has identified

- 5 -

various data that, she says, will allow plaintiffs to ascertain who qualifies as a class member. This information includes data from PBMs, pharmacy records, and individuals' own records documenting EpiPen purchases."). On this record, there is no merit to Defendants' suggestion that Class Plaintiffs misrepresented the record to the Court during the class certification briefing. Class Plaintiffs are proceeding on the same path that other pharmaceutical class actions have traveled.

### 3. Defendants Exaggerate the Scope of the Subpoenas and the Time that Will Be Needed to Comply

Defendants further exaggerate the scope of the information being sought in the Class Notice Subpoenas, claiming that Class Plaintiffs are seeking a "potentially massive amount of data: information about EpiPen® ("EpiPen") device prescriptions for the last nine years under seven categories comprising more than 22 subcategories." Opp. at 2. In fact, the Class Notice Subpoenas include a single request that seeks a single data file from a single source at each PBM and pharmacy chain. *See* Cappio Decl., Ex. 1 at Ex. A, thereto. Even if the data file might be large because it includes the records of millions of individual transactions, all of the information sought in the Class Notice Subpoenas is contained within each transaction record, because the information sought is required for each transaction under the standard NCPDP format used by all of the PBMs and pharmacies. *See* Mot. at 5-6.

As explained in the Schachter Reply Declaration, this information should be relatively easy to locate, compile, and produce. *See* Schachter Reply Declaration, ¶¶2-5. It should not, therefore, require any changes to the existing case schedule as a result. *Id.*, ¶6.

### 4. Defendants' "One-Way Intervention" Argument Is Frivolous and the Court's Schedule Will Not Be Delayed

Defendants' assertion that Class Plaintiffs' proposed notice plan "risks violating the one-way intervention doctrine" (Opp. at 3; *see also id.* at 13-16), and *ad hominem* attack of "gamesmanship"

on Class Plaintiffs' part (*id.* at 14), are not only absurd, but are belied by the very case law, arguments, and case deadlines Defendants purport to rely on.

We begin with the law. As Defendants concede, the "one-way intervention" rule "require[s] class notice to be issued and the opt-out process to be complete before the Court ***rules*** on summary judgment and before trial occurs." Opp. at 14. Said plainly, the one-way intervention rule does not prevent the parties from ***briefing*** summary judgment, but prevents the Court from ***deciding*** summary judgment prior to the opt-out period expiring. *See Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-JTM-KMH, 2015 WL 790081, at *1 (D. Kan. Feb. 25, 2015) ("'One-way intervention' occurs when judgment on the merits in favor of plaintiffs prior to class certification allows potential class members to 'await a ***resolution on the merits*** of the claim before deciding whether or not to join the lawsuit.'") (Marten, J.); *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-04321-NKL, 2014 WL 1955107, at *2 (W.D. Mo. May 14, 2014) ("'One-way intervention' occurs when the potential members of a class action are allowed to await ***final judgment*** on the merits in order to determine whether participation in the class would be favorable to their interests.'"); *see also Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) ("Had the district court chosen to ***decide*** Plaintiffs' motion for partial summary judgment prior to deciding class certification, the rule against one-way intervention may have precluded certification."); *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) ("The one-way intervention rule exists to 'protect defendants from unfair "one-way intervention," where the members of a class not yet certified can wait for ***the court's ruling*** on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one.' 'The doctrine is "one-way" because a plaintiff would not be bound by a decision that favors the defendant but could decide to benefit from a decision favoring the class. . . .' 'The one-way intervention rule applies in the context of merits rulings . . . ."); *see generally* George L. Blum, *Construction and Application of*

- 7 -

*Rule Against One-Way Intervention*, 14 A.L.R. 7th Art. 5 (2016) ("'One-way intervention' is the practice of permitting class members to intervene after the court **has decided the merits** in their favor although they would not have been bound by an adverse decision.").

Defendants, however, fail to comprehend the distinction. While acknowledging that only a summary-judgment *ruling* must await class notice, they suggest that they are somehow hamstrung in their ability to *file* summary-judgment motions, stating: "If the Court were to adopt Plaintiffs' notice plan, the summary judgment deadline would need to be lifted or extended, and likely the trial date too." Opp. at 15. Not so. Nothing about the final number of class members in this case will, in any way, impact the arguments Defendants raise in support of summary judgment. After all, once a class is certified, it is the named plaintiffs' claims, on a representative basis, that are the subject of either summary judgment or a jury trial. *See Tyson Foods, Inc. v. Bouaphakeo*, __ U.S. __ ,136 S. Ct. 1036, 1042 (2016) ("Rule 23 permits one or more individuals to sue as 'representative parties on behalf of all members' of a class . . . ."); *see also Cummings v. Connell*, 402 F.3d 936, 944 (9th Cir. 2005) (explaining that in every class action, "a class representative functions as a stand-in for the entire class and assumes duties on behalf of the class"). Again, the one-way intervention rule precludes a decision on summary judgment prior to the opt-out period expiring; the rule does not preclude the parties' ability to file or brief a motion for summary judgment.

And, indeed, there is plenty of time in the schedule for the Court to decide summary judgment after the opt-out period expires and prior to trial. Even assuming that the subpoenaed third parties fail to cooperate with Class Plaintiffs and A.B. Data, and Class Plaintiffs' notice plan takes all of the rest of 2020 to complete, which is unexpected, the class trial in this case is not scheduled to commence until April 13, 2021. *See* ECF No. 2044 at 2. While unlikely, the Court can wait to rule on summary judgment right up until the start of trial, eleven months from now. Thus, there is simply

- 8 -

- 9 -

no basis to argue that either the summary judgment deadlines or the trial have to move to accommodate Class Plaintiffs' notice plan.

### B. Defendants' Footnote Regarding A.B. Data's Appointment as Notice Administrator Is Not an Opposition

In one footnote at the tail-end of their Opposition, Defendants – as they often feel compelled to do – broadly "reserved their right" (twice in one footnote, actually) to oppose A.B. Data's appointment. Opp. at 16 n.8. But they do not actually oppose A.B. Data's appointment, nor could they as they are not the party footing the bill for class notice. They simply are "unable to assess the adequacy of A.B. Data." *Id.*

Putting aside the Tenth Circuit's admonition that "[a]rguments made in a perfunctory manner, such as in a footnote, are waived" (*United States v. Judd*, 42 F. App'x 140, 144 (10th Cir. 2002)), since Defendants provided no meaningful, good-faith reason why A.B. Data should ***not*** be appointed as Notice Administrator, the Court should appoint A.B. Data. Indeed, Defendants could not legitimately object in good faith, as A.B. Data has been appointed as the class action administrator (without objection) in several cases involving Defendants' counsel, Hogan Lovells and White & Case, including: (1) *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516 (D. Conn.) (White & Case represented one defendant); (2) *In re Loestrin 24 FE Antitrust Litig.*, No. 1:13-md-2472 (D.R.I.) (White & Case represented defendants); and (3) *Kamakahi v. Am. Soc'y for Reproductive Med.*, No. 11-cv-01781 (N.D. Cal.) (Hogan Lovells represented defendants).

### III. CONCLUSION

For all of the foregoing reasons, and the reasons stated in the Motion, Class Plaintiffs respectfully request that the Court appoint A.B. Data as the Notice Administrator and authorize the issuance of the Class Notice Subpoenas.

DATED: May 12, 2020        Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
BRADLEY M. BEALL


           s/ Stuart A Davidson
           STUART A. DAVIDSON

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
bbeall@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA
ARTHUR L. SHINGLER III
LEA MALANI BAYS
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com
ashingler@rgrdlaw.com
lbays@rgrdlaw.com

- 11 -

KELLER ROHRBACK L.L.P.
LYNN LINCOLN SARKO
GRETCHEN FREEMAN CAPPIO
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone:  206/623-1900
206/623-3384 (fax)
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com

BURNS CHAREST LLP
WARREN T. BURNS
SPENCER COX
900 Jackson Street, Suite 500
Dallas, TX  75202
Telephone:  469/904-4550
469/444-5002 (fax)
wburns@burnscharest.com
scox@burnscharest.com

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER
JONATHAN K. LEVINE
180 Grand Avenue, Suite 1390
Oakland, CA  94612
Telephone:  415/692-0772
415/366-6110 (fax)
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com

SHARP LAW, LLP
REX A. SHARP
RYAN C. HUDSON
5301 West 75th Street
Prairie Village, KS  66208
Telephone:  913/901-0505
913/901-0419 (fax)
rsharp@midwest-law.com
rhudson@midwest-law.com

Co-Lead Counsel and Liaison Counsel for Class Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing CLASS PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR AN ORDER IMPLEMENTING STAGE ONE OF CLASS NOTICE PLAN was served upon the following as liaison counsel to all Defendants and Plaintiffs in this matter by email this 12th day of May, 2020:

Philip A. Sechler
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
2000 K Street NW, 4th Floor
Washington, DC  20006
psechler@robbinsrussell.com

Rex A. Sharp
Ryan C. Hudson
SHARP LAW, LLP
5301 West 75th Street
Prairie Village, KS 66208
rsharp@midwest-law.com
rhudson@ midwest-law.com

                               s/ Stuart A. Davidson
                                 STUART A. DAVIDSON

ROBBINS GELLER RUDMAN
  & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

4837-8304-3004.v1