FILED
United States Court of Appeals
Tenth Circuit

May 26, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

PFIZER, INC.; KING PHARMACEUTICALS, INC., nka King Pharmaceuticals LLC; MERIDIAN MEDICAL TECHNOLOGIES, INC.; MYLAN SPECIALTY L.P.; MYLAN PHARMACEUTICALS INC.; MYLAN INC.; MYLAN N.V.; HEATHER BRESCH, CEO of Mylan N.V.,

    Petitioners,

v.

ALL PLAINTIFFS,

    Respondent.

No. 20-603
(D.C. No. 2:17-MD-02785-DDC-TJJ)
(D. Kan.)

_____

**ORDER**
_____

Before **BRISCOE**, **McHUGH**, and **EID**, Circuit Judges.
_____

This matter is before us on the *Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f)* (the "Petition"), which was filed by the defendants in the underlying multi-district litigation, Mylan Specialty L.P., Mylan Pharmaceuticals Inc., Mylan Inc., Mylan N.V., Heather Bresch, Pfizer Inc., King Pharmaceuticals, Inc. n/k/a King Pharmaceuticals LLC, and Meridian Medical Technologies, Inc. The petitioners seek review of the district court's order certifying two of five proposed classes of EpiPen purchasers to pursue claims against the manufacturers and distributors of the EpiPen. In

response, the plaintiffs filed their *Class Plaintiffs' Answer to Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f)*. In addition, the petitioners filed their *Motion for Leave to File Reply Brief in Support of Petition for Permission to Appeal* along with a proposed reply, to which the respondents filed an opposition and the petitioners filed a reply in support of the motion to file a reply.

As a preliminary matter, we grant the petitioners' motion to file a reply and direct the clerk of this court to file the reply attached to the motion as of the date it was received.

Next, we consider the Petition. No appeal as of right exists from a district court's class certification order, but a circuit court may permit an appeal of such an order. Fed. R. Civ. P. 23(f); Vallario v. Vandehey, 554 F.3d 1259, 1261-62 (10th Cir. 2009); see also Fed. R. App. P. 5. Whether to grant a petition for permission to appeal is within the circuit court's discretion. Fed. R. Civ. P. 23(f). This discretion is "'unfettered' and 'akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.'" Vallario, 554 F.3d at 1262 (quoting Fed. R. Civ. P. 23(f) advisory committee's note). Interlocutory review of a class certification order is strongly disfavored, as it disrupts and delays the trial court proceedings. Carpenter v. Boeing Co., 456 F.3d 1183, 1189 (10th Cir. 2006). Thus, "the grant of a petition for interlocutory review constitutes the exception rather than the rule." Vallario, 554 F.3d at 1262 (quotations omitted).

This court has declined to define any test for which appeals to accept, but it has "set forth a set of principles that may prove useful in evaluating the merits of a Rule 23(f) petition." Id. at 1263. First, appeal might be permitted when the class certification

2

decision sounds the "death-knell" for the entire case. Id. Second, appeal may be appropriate when the class certification order implicates unresolved legal issues and may facilitate development of the law application to class actions. Id. Third, a court may grant permission to appeal when the district court's decision is manifestly erroneous. Id. The court should not use this third category to "micromanage class actions," but may invoke it where "the deficiencies of a certification order are both significant and readily ascertainable." Id. at 1263-64.

The petitioners seek interlocutory review on all three grounds, although they chiefly support only the second two categories – *i.e.*, to review unresolved issues of law related to class actions and to correct manifest error by the district court in partially granting the plaintiffs' motion for class certification. The respondents counter that immediate review of the class certification decision at this stage of the proceedings is unnecessary and that the petitioners have failed to demonstrate why it is.

We have carefully considered the district court's written class certification order, the parties' well-presented arguments, the applicable legal authority, and the record as a whole. The petitioners have presented persuasive arguments for why this court should grant the Petition. But we conclude that the district court conducted the required "rigorous analysis" before partially granting class certification and that its conclusions are well-supported. See CGC Holding Co., LLC v. Broad & Cassel, 773 F.3d 1076, 1086 (10th Cir. 2014) (citing Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) (Rule 23(b)); Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348-50 (2011) (Rule 23(a))). The petitioners have not convinced us that interrupting the district court proceedings with an

interlocutory appeal at this time is necessary or warranted. Therefore, the Petition is denied.

Lastly, our denial of the Petition is not res judicata and does not limit the district court's discretion to modify its class-certification decision at any time prior to entering final judgment. See Carpenter, 456 F.3d at 1187 ("The district court can modify or amend its class-certification determination at any time before final judgment in response to changing circumstances in the case." (citing Fed. R. Civ. P. 23(c)(1)(C))).

        Entered for the Court
        CHRISTOPHER M. WOLPERT, Clerk

        *Lara Smith*

        by: Lara Smith
           Counsel to the Clerk