# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Yehudah L. Buchweitz**
+1 (212) 310-8256
Yehudah.Buchweitz@weil.com

BY ECF

June 25, 2020

The Honorable Daniel D. Crabtree
United States District Judge
United States District Court for the District of Kansas
500 State Avenue, Suite 628
Kansas City, KS 66101

Re:  *In re: EpiPen Mktg., Sales Practices, & Antitrust Litig.*, Nos. MDL 2785, 2:17-md-2785 (D. Kan.)

Dear Judge Crabtree:

I write on behalf of Plaintiff Sanofi-Aventis U.S. LLC ("Sanofi") in the matter of *Sanofi-Aventis U.S., LLC, v. Mylan Inc. & Mylan N.V.,* Case No. 2:17-CV-02452 ("*Sanofi* Action").

While we recognize dispositive motions in the *Sanofi* Action are pending, given the Court's upcoming July 1 Final Pretrial Conference in the Consumer Class Cases ("Class Action"), and only because the Court may now be considering its future calendar, we thought it an appropriate time to inform the Court of precedent and the procedural mechanism permitting the remand of the *Sanofi* Action to the District of New Jersey, while simultaneously permitting this Court to preside over trial in the *Sanofi* Action, should it wish to do so. *See* ECF No. 2075. This procedure would provide the benefits of having Your Honor's experience with the parties and knowledge of the matters at issue while preserving governing Third Circuit law.

If this option is of interest to Your Honor, the following simply outlines the procedural process:

Pursuant to 28 U.S.C. § 292(d), this Court may seek intercircuit assignment to sit by designation in the District of New Jersey. Under 28 U.S.C. § 292(d), "[t]he Chief Justice of the United States may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises." In multidistrict litigations, transferee judges have sought to sit by designation in the district of the transferor court when the transferred cases have been remanded for trial. *See In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. 4:08-MD-2004 (CDL), 2014 WL 715579, at *1 (M.D. Ga. Feb. 24, 2014). In *Mentor Corp.*, over 500 products liability related cases, including one filed in the District of Minnesota ("*Cline* Action"), were consolidated in the Middle District of Georgia before Judge Clay Land. In his decision on suggestion of remand of the *Cline* Action, Judge Land stated that he would "seek an inter-circuit assignment with the understanding that the Court would preside over the trial of this matter in the United States District Court for the District of Minnesota." *Id.*

The Hon. Daniel D. Crabtree  
June 25, 2020  
Page 2

**Weil, Gotshal & Manges LLP**

at *2. Judge Land also stated, in a letter to the Chief Judges of the Eight Circuit and Eleventh Circuit, that based on his "familiarity with the issues in this action . . . it would be preferable for [him] to travel to Minnesota to try this case rather than burdening one of the judges from the District of Minnesota." *Cline v. Mentor Worldwide LLC,* Case No. 4:10-cv-5060-CDL, ECF No. 83 (M.D. Ga. Feb. 25, 2014).[1]

Procedurally, should Your Honor wish to seek intercircuit assignment to the District of New Jersey, this Court may seek certain formal approvals in connection with a suggestion of remand. The case of *Jowers v. Airgas-Gulf States, Inc.*, No. 1:07-wf-17010-KMO (N.D. Ohio) provides a roadmap for such a request. In *Jowers*, Judge Kathleen McDonald O'Malley, then United States District Judge for the Northern District of Ohio, presided over the *In re: Welding Fumes Products Liability Litigation* multidistrict litigation, which was consolidated for pretrial proceedings in the Northern District of Ohio. Once the *Jowers* action was ready to be remanded for trial, Judge O'Malley obtained formal approvals for temporary assignment to the Southern District of Mississippi from: (1) Chief Justice John G. Roberts, Jr.; (2) Fifth Circuit Court of Appeals Chief Judge Edith Jones; (3) Sixth Circuit Court of Appeals Chief Judge Danny Boggs; and (4) the Chairman of the Judicial Conference Committee on Inter-Circuit Assignments. In her Suggestion of Remand filed with the JPML, Judge O'Malley recommended remand of the *Jowers* action and stated that, by virtue of her temporary judicial assignment, she would "ensure that any remaining pretrial proceedings are completed before the anticipated trial date." *In re: Welding Fumes Products Liability Litigation*, MDL No. 1535, ECF No. 260 (J.P.M.L. Nov. 13, 2007); *see also Jowers*, No. 1:07-wf-17010-KMO, ECF No. 136-4 (Nov. 8, 2007). Thereafter, Judge O'Malley presided over the *Jowers* trial in the Southern District of Mississippi. *Jowers v. BOC Grp., Inc.*, 608 F. Supp. 2d 724, 729 (S.D. Miss. 2009).

Here, this Court may seek intercircuit assignment in the same way. First, this Court may obtain approvals for temporary assignment to the District of New Jersey from (1) Chief Justice John G. Roberts, Jr.; (2) Third Circuit Court of Appeals Chief Judge D. Brooks Smith; (3) Tenth Circuit Court of Appeals Chief Judge Timothy M. Tymkovich; and (4) the Chairman of the Judicial Conference Committee on Inter-Circuit Assignments, Judge Nicholas G. Garaufis. This Court may then file a suggestion of remand with the JPML, providing for remand in conjunction with this Court's intercircuit assignment.

Given that certain of the issues in the *Sanofi* Action overlap with the Class Action, there may be efficiencies to conducting the *Sanofi* Action trial first and then holding the Class Action trial as scheduled in April 2021.

If Your Honor should wish to seek intercircuit assignment in connection with a suggestion of remand, Sanofi would support any such application.

---

[1] *But see In re Motor Fuel Temperature Sales Practices Litig.*, 711 F.3d 1050, 1055 (9th Cir. 2013) (former Chief Judge Alex Kozinski of the Ninth Circuit Court of Appeals denying the request for a certificate of necessity in multidistrict litigation).

The Hon. Daniel D. Crabtree
June 25, 2020
Page 3

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

*/s/ Yehudah L. Buchweitz*

Yehudah L. Buchweitz

cc:     Counsel of Record