IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>*This Document Relates to CLASS CASES.* | Case No. 2:17-MD-2785-DDC-TJJ<br>(MDL No. 2785) |

**DEFENDANTS' MOTION TO ADOPT SEALING PROTOCOL FOR SUMMARY JUDGMENT AND *DAUBERT* MOTION BRIEFING**

Pursuant to the Court's Order adopting Scheduling Order No. 12 in the Class case (Dkt. 2044), the parties are scheduled to file motions for summary judgment and *Daubert* motions by July 15, 2020, responses to those motions by August 17, 2020, and replies in support of those motions by September 15, 2020. As was the case with briefing on class certification, the parties expect to submit as exhibits and to cite in briefs information that the parties and third parties have designated as Confidential or Highly Confidential pursuant to the Third Amended Protective Order (Dkt. 556). The parties met and conferred on the appropriate confidentiality protocol for summary judgment and *Daubert* briefing but were unable to reach an agreement. Defendants therefore file this Motion to Adopt Sealing Protocol for Summary Judgment and *Daubert* Motion Briefing to present their proposal for the protocol and timelines that the parties should follow when seeking to seal information in the upcoming filings.

In support of this Motion, Defendants state as follows:

1. Defendants recognize that the public has a "general right" to inspect judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), but note that a party

seeking to have a record or document remain confidential may rebut the presumption of access by showing that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Defendants therefore recognize that the Court expects the parties to justify any requests to seal specific documents and briefs, as explained in its orders on motions to seal. *See, e.g.*, Dkt. 1372, 1477, 1608, 1633, 1787.

2. Defendants agree with the Court's comments at the pretrial conference that the parties should "do the same thing we've been doing" with respect to confidentiality and sealing for purposes of summary judgment and *Daubert* briefs. Pretrial Conference Tr. 55:17-56:1. In an effort to facilitate compliance with the Court's previous guidance, and in respect of the parties' and third-parties' rights to protect confidential business information, Defendants thus propose to follow the same protocol the Court approved for class certification, Dkt. 1400, 1406, 1503, 1608, and the same timelines that the Court approved for summary judgment and *Daubert* briefing in the *Sanofi* case, Dkt. 1654, 1889.[1]

3. Defendants respectfully submit that following the same procedures this Court previously approved makes good sense, as does adhering to the timelines the Court approved for the *Sanofi* summary judgment and *Daubert* briefing. Indeed, the *Sanofi* case involved fewer issues and third-parties than the class case, and the number of exhibits that the parties must review and the number of third-parties that will need to be contacted is even more numerous in

---

[1] While the *Sanofi* parties' sealing proposal was filed before the Court issued its further guidance in Dkt. 1787 on the procedures that parties should follow when seeking leave to file documents under seal, the Court accepted the parties' timeframes, Dkt. 1889 at 3, and in fact mentioned that it "appreciates the highly organized and detailed submissions that the parties have submitted when filing renewed motions for leave to file under seal." *See* Dkt. 1889 at 1. Defendants are proposing to follow the same timelines here, but will also incorporate the guidance from the Court's order in Dkt. 1787, including that the underlying motion should be filed publicly so as to preserve the docket.

the class case. The parties should therefore be afforded at least as much time as the Court permitted the parties in the *Sanofi* case.

4. During the meet-and-confer process, Class Plaintiffs indicated that they believe shorter timelines are adequate, and that, at most, the parties only need the same amount of time to review and make sealing requests as was permitted for the opposition to the class certification motion. But in this regard, summary judgment is fundamentally different than class certification, with a record that will contain far more exhibits to be considered for protection. The parties will be reviewing thousands of pages of documents spanning multiple motions simultaneously. They must review documents for proposed sealing requests and redactions, liaise with third-parties about confidential information, consult with their clients, and compile the final sealing motion of hundreds of exhibits. And to the extent Class Plaintiffs believe that redactions for the memoranda and expert reports should happen simultaneously, the parties have always followed a two-step phase for these redactions, where the Court (i) rules on the sealing requests for exhibits first, and then (ii) the parties propose redactions to the memoranda and expert reports so that they can take into account the Court's guidance on what information is permitted to be sealed. Defendants respectfully submit that there is no need to deviate from that proposal here when the briefing will be more voluminous and complex.

Defendants' joint proposal, including specific deadlines, is attached as **Exhibit A**. Defendants respectfully request that the Court grant this Motion and approve the above sealing protocol for the summary judgment and *Daubert* briefing.

Dated: July 10, 2020                                       Respectfully submitted,

                                                           */s/ Adam K. Levin*

3

Adam K. Levin
David M. Foster
Carolyn A. DeLone
Kathryn M. Ali
Christine A. Sifferman
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Fax: (202) 637-5910
adam.levin@hoganlovells.com
david.foster@hoganlovells.com
carolyn.delone@hoganlovells.com
kathryn.ali@hoganlovells.com
christine.sifferman@hoganlovells.com

Brian Fries (15889)
James Moloney (23786)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Fax: (816) 292-2001
bfries@lathropgpm.com
jmoloney@lathropgpm.com

*Counsel for the Mylan Defendants*


*/s/ Raj Gandesha*
Dimitrios T. Drivas
Robert A. Milne
Raj S. Gandesha
Edward Thrasher
Kathryn Swisher
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Fax: (212) 354-8113
ddrivas@whitecase.com
rmilne@whitecase.com
rgandesha@whitecase.com
edward.thrasher@whitecase.com
kathryn.swisher@whitecase.com

4

Case 2:17-md-02785-DDC-TJJ   Document 2128   Filed 07/10/20   Page 5 of 5

AND

Joseph Rebein, #25912
Ashley Harrison, D. Kan. #78667
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone:      (816) 474-6550
Facsimile:      (816) 421-5547
jrebein@shb.com
aharrison@shb.com

*Counsel for Pfizer Defendants*

5