UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | Case No. 2:17-md-2785-DDC-TJJ (MDL No. 2785) |
| This Document Relates To: Consumer Class Cases | |

**CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ADOPT PRELIMINARY SEALING PROTOCOL FOR SUMMARY JUDGMENT AND DAUBERT MOTION BRIEFING**

For all the reasons set forth in Plaintiffs' Motion to Adopt Sealing Protocol for Summary Judgement and Daubert Motion Briefing (Dkt. No. 2129), Class Plaintiffs oppose Defendants' motion in favor of its proposed protocol.[1] It is best to start out with a potentially proper position—even preliminarily for sealing and redaction.

Defendants' proposal seeks to impose sealing and redaction using its most lax discovery designation under the Protective Order of "Confidential," rather than "Highly Confidential."[2] Under the Protective Order, the parties are only supposed to classify material as "Highly Confidential" if the party has a reasonable, good faith belief that the material is "of such a sensitive nature" that it "could reasonably be expected to result in injury." Dkt. No. 556, at ¶ 2.2. The threshold for sealing is even higher than "Highly Confidential." Thus, by definition, "Confidential" information never satisfies the test for

---

[1] Class Plaintiffs also note that Defendants did not request expedited consideration on this motion.

[2] Of course, these protocols for sealing information is not applicable to material that the parties must redact by law including personal identifying information and protected health information covered by HIPAA.

1

sealing.

The party proposing sealing "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *United States v. Walker*, Case Nos. 17-1415, 18-1273, 2019 WL 325111, at * (10th Cir. Jan. 23, 2019), based on a "particularized showing with respect to particular information, based on evidence" such as "in the form of sworn declaration," *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-2637-JWL, 2020 WL 1303967, at *2 (D. Kan. Mar. 19, 2020). As this Court and the Tenth Circuit court have emphasized, the standard for sealing material filed at summary judgment is considerably higher than the discovery classifications of "Confidential" and "Highly Confidential." Here are the levels of confidentiality with sealing at the very top:



Evading the Tenth Circuit's case law, Defendants try to justify filing documents under seal by pointing to the parties' Protective Order concerning discovery. But that *discovery* protocol is irrelevant (an apples to oranges situation) to whether *filings* can be sealed:

> The fact that the exhibits are "confidential" within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record. The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record. The disclosure analysis under Rule 26(c) generally balances the need for discovery against the need for confidentiality. But once such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher.

*New Jersey & its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, at *2 (D. Kan. Dec. 17, 2010); *accord Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 101858, at *3 (D. Kan. Jan. 10, 2007) (noting that "courts in this district have refused to allow protective orders which permit any party to file documents under seal without first filing a motion with the court and identifying the public or private harm that would allegedly occur if the document were filed of record without being sealed").

Once this is understood, it becomes clear that Defendants' proposal is built on a gross misunderstanding of how sealing works in the Tenth Circuit. It wastes the parties' and Court's time quibbling over documents that will never be sealed. In contrast, Plaintiffs' proposal makes clear that the parties should only be raising disputes about the smaller category of documents that even have a chance of meeting the criteria for sealing—those classified as Highly Confidential. As shown in the

3

attached Declaration, this "Highly Confidential" designation has not been sparingly used by Defendants: Mylan designated 156,213 documents (45% of the total it produced); and Pfizer 148,670 documents (40% of the total it produced). *See* Ex. A, Wright Decl. Because of this rampant classification of documents as "Highly Confidential" (which itself should invite scrutiny), Defendants' proposal will already require the parties and this Court to devote a massive amount of time litigating the sealing criteria. But through Defendants' proposal to also redact and seal "Confidential" documents (another 136,648 by Mylan, and 137,737 by Pfizer), this work is potentially almost doubled and for documents that cannot meet the sealing criteria. *Id.* Indeed, both Defendants have strongly over-designated their documents, classifying over 75% of produced documents as Confidential or Highly Confidential. *Id.* And, undoubtedly, likely at least 90% of the documents that the parties believe are relevant at the summary judgment stage will have been classified by Defendants under one of those criteria.

It makes no sense to cut up and redact briefs for preliminary sealing based on documents that could never be sealed. Nor does it serve the public interest to leave the public wondering what has been hidden (and why so much). Preliminary redactions (instead of filing the whole pleading under seal) would require massive amounts of meeting and conferring because Defendants' confidentiality designations do not indicate what portions of the documents are "Confidential" or "Highly Confidential." Better to file the entire brief under seal for a short time, leave the parties with only half the work

4

by focusing just on "Highly Confidential" documents, and get a completed brief out to the public quickly.

    For all these reasons, Class Plaintiffs request the Court deny Defendants' motion on sealing protocols (Dkt. No. 2128), and instead grant Class Plaintiffs' proposed scheduling order and protocol for submitting motions to seal for summary judgment and *Daubert* materials—both for preliminary purposes and throughout the briefing process.

Dated: July 15, 2020                    Respectfully submitted,

                                          SHARP LAW LLP

                                          /s/ Rex A. Sharp
                                          Rex A. Sharp
                                          Ryan C. Hudson
                                          5301 West 75th Street
                                          Prairie Village, KS 66208
                                          Telephone: 913/901-0505
                                          Fax: 913/901-0419
                                          rsharp@midwest-law.com
                                          rhudson@midwest-law.com

                                          ***Co-Lead and Liaison Class Counsel***

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ADOPT SEALING PROTOCOL FOR SUMMARY JUDGMENT AND DAUBERT MOTION BRIEFING was served by filing this document on the electronic filing system for this matter, which delivered a copy to all counsel in this case, and upon the following as liaison counsel to all Defendants by email this 15th day of July, 2020:

Philip A. Sechler
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
psechler@robbinsrussell.com

      /s/ Rex A. Sharp
      **Rex A. Sharp**