# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br><br>*This Document Relates to CLASS CASES.* | Case No. 2:17-MD-2785-DDC-TJJ<br>(MDL No. 2785) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

The Court should deny Plaintiffs' Motion to Strike Defendants' Summary Judgment and *Daubert* Briefs Or, Alternatively, To Order Refiling [ECF No. 2170] ("Mot."). Defendants' statement of undisputed material facts ("SMF") fully complies with L.R. 56.1(a) and established practices in this Court. Defendants' briefs also fully comply with the requirement in L.R. 5.1 that they be "double spaced." The "exactly 24" spacing that Defendants used is "double spaced" based on the plain meaning of that term, and is supported by a leading treatise, case law, and prior practices in this case. The Court should deny the Motion.

## I. DEFENDANTS' STATEMENT OF MATERIAL FACTS IS COMPLIANT.

The controlling authority for Plaintiffs' argument about the SMF is the text of the Local Rule, which Plaintiffs do not quote in their Motion. Under L.R. 56.1(a), a summary judgment brief must "begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies." L.R. 56.1(a). Defendants' brief begins with precisely such a section, including numbered paragraphs that are supported with particularity by over 400 footnotes with record citations. Plaintiffs contend the requirements of the Local Rule extend beyond its plain text to "require *each* fact to be *separately numbered*." Mot. ¶ 4 (emphasis in original). But nothing in L.R. 56.1(a), any other rule, or this District's Summary Judgment Guidelines prohibits the use of multi-sentence numbered paragraphs. Nor do these authorities prohibit what Defendants did—namely, combine multiple factually-related points into a single paragraph for the sake of clarity and readability.

Local practice confirms that this is a well-established practice in this District, in which parties routinely file SMF paragraphs like what Defendants did here. This is particularly so in complex cases with significant factual records. In *Suture Express, Inc. v. Owens & Minor Distribution, Inc.*, for example, the defendants' statement included a mix of shorter and longer paragraphs, many of which contained multiple facts. Ex. 1 (No. 2:12-cv-02760-DDC (D. Kan. Sept. 22, 2015), ECF No. 266). One paragraph, for example, included three sentences with three footnotes that spanned more than a page. *Id.* ¶ 13. This Court *granted* that summary judgment

motion, and the Tenth Circuit affirmed—all without anyone questioning the propriety of the statement of facts. *See* No. 12-2760-DDC-KGS, 2016 WL 1377342 (D. Kan. Apr. 7, 2016), *aff'd*, 851 F.3d 1029 (10th Cir. 2017). Similarly, in *In Re Syngenta AG MIR 162 Corn Litigation*, Syngenta's SMF included paragraphs of varying length, some of which far exceeded the longest paragraph at issue here. For instance, Paragraph 28 contains *63 lines* of text, and Paragraph 118 carries on for seven full sentences, excluding citations. *See* Ex. 2 (No. 2:14-md-02591-JWL-JPO (D. Kan. Feb. 6, 2017), ECF No. 2861). Neither the plaintiffs in that case nor Judge Lungstrum raised any objection to paragraph length or formatting. There are countless more examples just like these, some of which are attached as Exhibit 3.[1]

The cases Plaintiffs cite, Mot. ¶¶ 8-9, are not to the contrary. First, while Plaintiffs claim that "this District has repeatedly quashed attempts to combine numerous 'facts' into a single paragraph," *id.* ¶ 8, none of the cases they cite even considered—much less granted—a motion to strike (or "quash"). Five of the six cases are pure *dicta*; in four of them, the court simply stated that "[e]ach fact must appear in a separately numbered paragraph," never to return to the topic again.[2] These cases did not hold—or even consider—whether a moving party violates the Local Rules by including multiple related factual points in a single numbered paragraph.

Plaintiffs also cite a footnote from *Berroth v. Farm Bureau Mutual Insurance Co.* in which Judge Murguia "encourage[d] counsel for both parties," "in the future, to number separately each fact." But the court there went on to resolve the motion on the merits without

[1] *See, e.g.*, Mem. in Supp. of Summ. J., *Smith v. Kansas Public Employees Retirement System*, No. 2:18-cv-02340-CM-ADM (D. Kan. Nov. 13, 2019), ECF No. 121 (many paragraphs contain multiple sentences and address multiple related factual points); Mem. in Supp. of Summ. J., *Viper Nurburgring Record, LLC v. Robbins Motor Co., LLC*, No. 5:18-cv-04025-HLT (D. Kan. Mar. 29, 2019), ECF No. 87 (same); Mem. in Supp. of Summ. J., *Appleby v. Bd. of Cty. Comm'rs of Douglas Cty. Kan.*, No. 2:17-cv-02101-DDC (D. Kan. Jan. 19, 2018), ECF No. 59 (same); Mem. in Supp. of Summ. J., *Carr v. Estes Express Lines*, No. 2:14-cv-02284-DDC (Mar. 24, 2015), ECF No. 26 (same). Defendants' SMF is also in line with prior practice in this MDL. Sanofi's statement of undisputed material facts in support of its own motion for summary judgment includes at least one numbered paragraph containing *ten* sentences. *See* Sanofi's Mem. of Law in Supp. of its Mot. for Summ. J. ¶ 3, ECF No. 1686-1. Other paragraphs in Sanofi's memorandum spanned a half page or more. *See id.* ¶¶ 35, 39, 40, 63, 68, 104, 105, 111.

[2] *U.S. Transp., Inc. v. Torley*, No. CIV.A. 08-1403-MLB, 2011 WL 3704723, at *2 (D. Kan. Aug. 23, 2011); *Barnes v. Genetic Techs, Inc.*, No. CV 05-1328-MLB, 2006 WL 8440231, at *2 (D. Kan. Aug. 14, 2006), *aff'd*, 224 F. App'x 842 (10th Cir. 2007); *Strope v. Pettis*, No. CIV.A. 05-3059-MLB, 2006 WL 482915, at *2 (D. Kan. Feb. 28, 2006); *Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1228 (D. Kan. 2002).

striking any party's filing or imposing any other remedy. 232 F. Supp. 2d 1244, 1246 n.4 (D. Kan. 2002). And Plaintiffs' citation to *Neighbors v. Lawrence Police Department* is entirely inapposite. There, a *pro se* plaintiff's motion contained "14 numbered paragraphs" that "mostly contain[ed] legal argument," none of which included a single citation to the factual record. No. 15-CV-4921-DDC-KGS, 2016 WL 3685355, at *16 (D. Kan. July 12, 2016); Mot. for Summ. J., *Neighbors v. Lawrence Police Dep't*, No. 5:15-cv-04921-DDC-KGS (D. Kan. Feb. 11, 2016), ECF No. 44. Even in that extreme example, this Court denied summary judgment *on the merits*, 2016 WL 3685355, at *18, without addressing the issue Plaintiffs raise in their Motion.

Plaintiffs also did not cite the one case from this District in which the court considered a motion to strike a SMF that allegedly included more than "one fact per paragraph." *Signature Marketing, Inc. v. New Frontier Armory, LLC*, No. 15-7200-JWL, 2016 WL 5409996, at *9 (D. Kan. Sept. 28, 2016). In that case, one paragraph contained more than 1,100 words and spanned almost two full (single-spaced) pages.[3] Yet Judge Lungstrum denied the motion to strike, holding that "the approach utilized by plaintiff did not hamper defendants' ability to respond to the motion" or "the court's ability to understand and resolve plaintiff's motion." *Id.* at *10.[4]

With all of this in mind, Defendants' SMF is consistent with both the local rules and local practice. The SMF consists of almost 200 numbered paragraphs, each of which is generally organized around a single "fact." Dozens of paragraphs are just one sentence long.[5] In other instances, Defendants used two or more sentences to explain a single uncontested material fact.[6] This is precisely in line with what was done (and accepted) in *Suture Express*, *Syngenta*, and

---

[3] *See* Mem. in Supp. of Mot. for Partial Summ. J. on Warranty Counterclaims ¶ 116, *Signature Mktg., Inc. v. New Frontier Armory, LLC*, No. 15-7200-JWL (D. Kan. Jul. 7, 2016), ECF No. 154.

[4] The court concluded (in *dicta*) that the plaintiff did not "strictly compl[y]" with Local Rule 56.1, but it did not explain why. *Id.* Nor did it accept defendants' invocation of a supposed "one fact per paragraph" rule. *Id.* at *9.

[5] *E.g.*, SMF ¶¶ 9, 14, 17, 18, 19, 36, 42, 43, 48, 50, 52, 53, 54, 56. 58, 61, 62, 63, 66, 67, 69, 75, 76, 78, 81, 83, 84, 85, 89, 93, 94, 103, 104, 105, 107, 110, 112, 113, 117, 118, 120, 122, 137, 145, 146, 151, 152, 153, 154, 155, 156, 161, 173, 185, 186, 188, ECF No. 2142-1.

[6] *E.g.*, *id.* ¶ 82 ("After Pfizer rested its case-in-chief, Teva moved for judgment as a matter of law. The presiding Judge, The Hon. Gregory M. Sleet, denied the motion."); *id.* ¶ 130 ("The term 'formulary' refers to a published list of prescription drugs covered by a health plan. Formularies are also sometimes called 'preferred drug lists.'").

numerous other complex cases like this one.  *See supra* n.1.  Further, Defendants organized their SMF not only to be consistent with the Local Rules and established practices in this District, but also to present the facts in an organized and readable way.  Facts are organized with headings, grouped together, and supported by record cites.  Plaintiffs' strained analogy of this MDL to the *pro se* and other cases on which they rely would result in an interpretation of L.R. 56.1(a) that (i) is not required by its terms and (ii) would make the SMF unwieldy and unreadable.

Plaintiffs' argument about testimony on the two-pack issue, Mot. ¶ 7, proves this point well.  The sentence they complain about states that "[a]t least 11 named Plaintiffs purchased multiple devices in a single transaction while the single-pack was available," and cites to the supporting evidence.  Defs.' SJ Br. at 17 & n.112.  If Plaintiffs wish to dispute this fact, all they need to do is identify evidence by one named plaintiff (or more) and say in a single response sentence why the statement is wrong.  Indeed, that is exactly why Defendants organized the testimony of 11 plaintiffs into a single sentence; it allows for a much more efficient way to address facts that are supported by multiple sources in the record.

Plaintiffs purport to take issue with "67%" of Defendants' SMF, Mot. ¶ 7, but they point to just two other specific "examples," *id.* ¶¶ 5-6 (quoting SMF ¶¶ 6, 87), asserting that each of these paragraphs contains "seven separate 'facts.'"  *Id.*  Plaintiffs never identify what those "separate" facts supposedly are.  In any event, Paragraphs 6 and 87 are consistent with all of the authorities and examples above:  they are each organized around a central fact and address related points in an ordered and systematic way, with statements about state laws barring schools from using epinephrine auto-injectors (¶ 6) and two EpiPen-related patents that were outside the scope of the EpiPen patent litigation (¶ 87).

The Local Rules and local practice do not support Plaintiffs' motion.  It should be denied.

## II.  DEFENDANTS' BRIEFS COMPLY WITH L.R. 5.1.

Defendants' briefing also complies with L.R. 5.1, which requires that "[t]ypewritten documents must be double-spaced."  The Rule does not define "double-spaced," and no case has ever interpreted its meaning.  Nor is undersigned counsel aware of this issue having been

litigated in this District.  But the Court need not issue a pronouncement on what the Rule means for all time or consider the drastic relief that Plaintiffs seek.  It need only look at a leading treatise on this issue, case law from other jurisdictions, and prior practices in this case to find that Defendants' briefs are compliant and should be accepted as filed.

When a document includes 12-point font, as the briefs here do, exactly 24 spacing *is* double spacing.  As a leading treatise on this subject explains:

> Most courts adopted their line-spacing standards in the typewriter era.  That's why court rules usually call for double-spaced lines.  On a typewriter, each line is the height of the font, thus double spacing means twice the font size.  ***So if you're required to use a 12-point font, double line spacing means 24 points***.

> Curiously, the so-called 'double' line-spacing option in your word processor doesn't produce true double line spacing.  *Microsoft Word's 'double' spacing, for instance, is about 15% looser, and it varies depending on the font.  To get accurate spacing, you should always set it yourself, exactly*.[7]

Not all word processing programs are the same, and even Microsoft has changed its line-spacing conventions over time.  *See id.*[8]  But whether a brief is "double-spaced" under L.R. 5.1 should not depend on what word processor a litigant uses or the whims of any software programmer.  The only way to interpret "double spaced" that will produce consistent results over time and across word processing platforms is to require an exact amount of space between lines.  *See id.* ("double line spacing in its traditional sense can be implemented with any typesetting program" using exact settings).  For 12-point font, that amount is exactly 24 points (12 x 2 = 24).  *See id.*  The exactly 24 setting thus effectuates the plain meaning of "double spaced."

---

[7]   Matthew Butterick, *Typography for Lawyers* (2d ed. 2015) (emphasis added), https://typographyforlawyers.com/line-spacing.html.  This treatise contains a forward by *Black's Law Dictionary* editor Bryan Garner and has been cited approvingly by federal courts across the country.  *See, e.g., Roberts v. Blue World Pools, Inc.*, No. 3:15-cv-00335, 2015 WL 5315213, at *3 (W.D. Ky. Sept. 11, 2015); *Williams v. Bank of America, N.A.*, No. SACV 15-1597, 2016 WL 7626494, at *6 (C.D. Cal. Sept. 26, 2016); *Highland Holdings, Inc. v. Mid-Continent Casualty Company*, 8:14-cv-1334, 2016 WL 3447523, at *1, n.1 (M.D. Fla. June 23, 2016).

[8]   *See also, e.g.*, The New Document Look, https://docs.microsoft.com/en-us/archive/blogs/joe_friend/the-new-document-look (regarding changes to Word 2007) ("We . . . added a bit of space between each line within the paragraph.  Though some folks have described this as "double-spaced," it is actually 115% of the line height (double-spaced would be 200%.)").

Other federal courts have recognized that, when documents are presented in 12-point font, 24-point spacing is equivalent to double spacing. *See, e.g.*, *Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 3472557, at *1 (E.D. Cal. July 18, 2018) (documents must be in 12-point font and "must be double-spaced meaning, at minimum, 24-point *line spacing*") (emphasis in original).[9]  And the cases Plaintiffs cite do not support a different result.  Most do not address the issue before the Court, but instead discuss situations where parties used single-spacing or 1.5-spacing when double spacing was required.[10]  Another addressed a local rule that, unlike L.R. 5.1, expressly did not allow "exactly 24" spacing—a prohibition that has since been eliminated.[11]  That leaves only two cases:  *Deepwater Horizon* and *CafeX Communications*.[12]  But in both of them, the courts issued their orders without the benefit of briefing on this issue, and neither court addressed the authorities cited above.

There is also another key fact that distinguishes this case from the cases Plaintiffs cite:  Going back to this case's predecessor—the *Serrano* case that was before Judge Lungstrum—and the early days of this MDL, Defendants have filed multiple substantive briefs using the same "exactly 24" spacing they used here.[13]  Neither the Court nor Plaintiffs ever commented on or

---

[9] The local rules of other district courts have also defined double-spacing to mean even more lines per page than Exactly 24.  *See, e.g.*, N.D. Cal. L. R. 3-4(c)(2) (eff. May 1, 2018) ("Text . . . must be double-spaced with no more than 28 lines per page . . . ."); C.D. Cal. L. R. 11-3.2 (eff. June 1, 2020) ("All documents shall be formatted . . . with not more than 28 lines per page.  The lines on each page shall be double-spaced . . . .").

[10] *See Woodruff v. Herrera*, No. CV 09-449, 2011 WL 13168988, at *2 (D.N.M. Mar. 31, 2011) (1.5 spacing violated double spacing requirement); *Wright v. Liberty Mut. Fire Ins. Co.*, No. CIV.A. 06-cv-00351-WYD KLM, 2009 WL 2338058, at *1 (D. Colo. July 27, 2009) (single-spacing violated double spacing requirement) (filing available at ECF No. 185); *Found. Learning LLC v. Acad. Arts & Action Charter Acad.*, No. 17-cv-03182-RM-KLM, 2018 WL 3382933, at *3 (D. Colo. May 18, 2018) (same) (filing available at ECF No. 2); *Johnson v. U.S. Bancorp*, No. C11-02010, 2012 WL 6615507, at *1, n.3 (W.D. Was. Dec. 18, 2012) (single spacing violated double spacing/exactly 24 point spacing requirement) (filing available at ECF No. 45); *see also Starr v. Astrue*, No. CV 10-1131 JCH/WPL, 2011 WL 13284758, at *1, n.1 (D.N.M. Nov. 28, 2011) (filing "clearly" did not use double spacing; spacing used unclear because underlying motion under seal).

[11] *Cristler v. United States through United States Dep't of Agric.*, No. CV-07-07-M-DWM, 2008 WL 11348475, at *1 (D. Mont. Aug. 26, 2008) (at the time, Local Rule 10.1(a) stated "Spacing mechanisms such as 'Exactly 24' are not acceptable."); *see also* D. Mont. L.R. 1.5.

[12] Court Order 2-3 n.4, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179-CJB-DPC (E.D. La. Sept. 15, 2014), ECF No. 13393; Court Order at 1, *CafeX Commcn's, Inc. v. Amazon Web Servs., Inc.*, No. 1:17-cv-01349 (VM) (S.D.N.Y. Mar. 30, 2017), ECF No. 43.

[13] *See, e.g.*, Mylan Defs' Mem. in Supp. of their Mot. to Dismiss Pls' Consolidated Class Action Compl., ECF No. 95; Mylan Defs' Reply in Supp. of Their Mot. to Dismiss Pls' Second Am. Compl., *In Re: EpiPen® Auto-Injector*

questioned this practice.   Defendants formatted all of their summary judgment and *Daubert* briefs consistent with this practice and undersigned counsel's understanding of the Rules.

In sum, Defendants formatted their briefs in compliance with L.R. 5.1 and consistent with prior briefing in the case.  Plaintiffs' Motion should be denied.

## III.      THE REMEDY SOUGHT BY PLAINTIFFS IS NOT APPROPRIATE.

The Court also should deny Plaintiffs' motion for a third, independent reason:  The relief that Plaintiffs seek is inappropriate.  Plaintiffs have not cited a single case where a court struck summary judgment or *Daubert* briefs in similar circumstances.   In addition, the Court has another alternative remedy.  The Court could simply allow Plaintiffs to use the same conventions that Defendants used.   That would allow the parties and the Court to resolve these issues expeditiously and without delay to what matters:  deciding the case on the merits.[14]  The best way to achieve the goal of ensuring that "adjudication on the merits" occurs "in a timely manner," Mot. at 1 n.1, is thus to deny Plaintiffs' motion, or at the very least adopt this alternate approach.

---

*Litigation*, No. 2:16-cv-2711-JWL-KGG (D. Kan. June 26, 2017), ECF No. 126; Defs Mylan Specialty L.P and Mylan N.V.'s Mem. in Supp. of Their Mot. to Dismiss Pl. First Am. Class Action Compl., *Serrano v. Mylan N.V.*, No. 2:16-cv-02711-JWL-JGG (D. Kan. Dec. 19, 2016), ECF No. 17.

[14] There likewise is no basis for Plaintiffs' request that they be afforded an additional "30 days from the date of re-filing" to respond to Defendants' summary judgment and *Daubert* briefs.  Mot. ¶ 18.  Plaintiffs know precisely what Defendants have argued, and even a re-filed brief would be *shorter*, so Plaintiffs already have everything they will need to prepare their response. The Court should deny Plaintiffs' request.

Dated:  July 22, 2020                              Respectfully submitted,


                                                   /s/ Brian Fries

                                                   Brian Fries (15889)
                                                   James Moloney (23786)
                                                   LATHROP GPM
                                                   2345 Grand Boulevard, Suite 2200
                                                   Kansas City, Missouri 64108-2618
                                                   Telephone: (816) 292-2000
                                                   Fax: (816) 292-2001
                                                   bfries@lathropgpm.com
                                                   jmoloney@lathropgpm.com

                                                   Adam K. Levin
                                                   David M. Foster
                                                   Carolyn A. DeLone
                                                   Kathryn M. Ali
                                                   HOGAN LOVELLS US LLP
                                                   555 13th Street, NW
                                                   Washington, DC 20004
                                                   Telephone: (202) 637-5600
                                                   Fax: (202) 637-5910
                                                   adam.levin@hoganlovells.com
                                                   david.foster@hoganlovells.com
                                                   carolyn.delone@hoganlovells.com
                                                   kathryn.ali@hoganlovells.com

                                                   *Counsel for the Mylan Defendants*


                                                   /s/ Joseph Rebein

                                                   Joseph Rebein (25912)
                                                   Ashley Harrison, D. Kan. (78667)
                                                   SHOOK, HARDY & BACON L.L.P.
                                                   2555 Grand Boulevard
                                                   Kansas City, MO 64108-2613
                                                   Telephone:  (816) 474-6550
                                                   Fax: (816) 421-5547
                                                   jrebein@shb.com
                                                   aharrison@shb.com

                                                   Dimitrios T. Drivas
                                                   Robert A. Milne
                                                   Raj S. Gandesha

Edward Thrasher
Kathryn Swisher
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Fax: (212) 354-8113
ddrivas@whitecase.com
rmilne@whitecase.com
rgandesha@whitecase.com
ethrasher@whitecase.com
kswisher@whitecase.com

*Counsel for Pfizer Defendants*