IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to the Consumer Class Cases) | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## MEMORANDUM AND ORDER

In this MDL proceeding, no battle is too small to wage.  Here, the court considers plaintiffs' Motion to Strike Defendants' Summary Judgment and Daubert Briefs, or, alternatively, to Order Refiling in Compliance with D. Kan. Rules 5.1(a) and 56.1 (Doc. 2170). Plaintiffs ask the court to strike defendants' summary judgment and *Daubert* briefs for two reasons.

*First*, plaintiffs contend that the summary judgment briefs don't comply with our local rule's requirement that the facts supporting a summary judgment motion "must be numbered and must refer with particularity to those portions of the record upon which movant relies." D. Kan. Rule 56.1(a).  Plaintiffs take issue with the length of some of defendants' separately numbered facts.  They argue that those paragraphs contain multiple sentences, and thus violate the court's rule requiring separately numbered facts.  The court rejects plaintiffs' proposition.  The specific factual paragraphs that plaintiffs complain about are separately numbered and defendants properly have cited record evidence that, they contend, supports the factual statements asserted in them.  It is true that some of defendants' paragraphs contain multiple sentences.  But as defendants point out, nothing in our rule prohibits a party from using multiple sentences to recite

a statement of fact in a summary judgment brief.  And, in practice, parties do this all the time.[1]  Though our local rule's requirement to number each fact separately exists so the parties and the court can determine the undisputed facts efficiently, defendants' method doesn't contravene the court's rules or materially complicate the court's work.  The court thus rejects plaintiffs' argument that defendants' summary judgment briefs don't comply with D. Kan. Rule 56.1.

*Second*, plaintiffs argue that defendants' summary judgment and *Daubert* briefs violate our local rule requiring that "[t]ypewritten documents must be double-spaced."  D. Kan. Rule 5.1(a).  Plaintiffs complain that defendants' briefs use "Exactly 24" line spacing.  Plaintiffs contend this practice allowed defendants to file briefs which—had they used traditional double-spaced line spacing—would have exceeded the page limitations that the court adopted (based on the parties' jointly proposed limits) for the parties' dispositive and *Daubert* motions.  The parties cite case law, a treatise, and information about how Microsoft Word has changed its line spacing over time to support their competing positions whether defendants' use of "Exactly 24" was proper under this court's local rules.  As tempting as it is, the court respectfully declines plaintiffs' invitation to join the discussion about the true meaning of "double-spaced."  The court's decision undoubtedly will disappoint scholars and court watchers who long have waited for this question to arise in an actual case or controversy.  Instead, the court opts for a practical solution:  To the extent defendants' use of the "Exactly 24" line spacing gave them more room to make their arguments while still complying with the court's page limitations, plaintiffs may avail themselves of the same benefit:  They may use "Exactly 24" line spacing for their responses to defendants' motions.

---

[1]  *See, e.g.*, Brief in Support of Plaintiff Class's Motion for Partial Summary Judgment on Marketable Condition Rule, *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-EFM-GEB (D. Kan. Oct. 17, 2014), ECF No. 283 at 8–13 (containing multiple sentences and subparagraphs in separately numbered summary judgment facts).

3

But the court refuses to strike defendants' briefs, or order defendants to refile their briefs. The parties have invested significant time and resources in this MDL. While the court understands counsel's desire to pursue the case vigorously on behalf of their clients, a dispute like the current one dishonors Rule 1's admonition that parties should employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Strike Defendants' Summary Judgment and Daubert Briefs, or, alternatively, to Order Refiling in Compliance with D. Kan. Rules 5.1(a) and 56.1 (Doc. 2170) is denied.

**IT IS SO ORDERED.**

**Dated this 28th day of July, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**