**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY ECF

**Yehudah L. Buchweitz**
+1 (212) 310-8256
Yehudah.Buchweitz@weil.com

August 10, 2020

The Honorable Daniel D. Crabtree
United States District Judge
United States District Court for the District of Kansas
500 State Avenue, Suite 628
Kansas City, KS 66101

Re:  *In re: EpiPen Mktg., Sales Practices, & Antitrust Litig.*, Nos. MDL 2785, 2:17-md-02785 (D. Kan.)

Dear Judge Crabtree:

We write in response to Mylan's letter to the Court, dated August 7, 2020. ECF No. 2180. After six submissions to the Court, *see* ECF Nos. 1673-1 at 5, 99; 1814 at 26, 100; 1883 at 46; 2005; 2006, and 2180, Mylan has finally admitted that it will continue to market EpiPen in the United States well beyond 2020. ECF No. 2180.

While Mylan's letter makes it seem like there was just one purportedly "undisputed fact" that is now not true, in reality, Mylan's lead factual argument is also now admittedly baseless. Mylan argued that Sanofi's damages through Auvi-Q's patent expiration went "beyond rampant speculation and into counterfactual assumptions" ***because*** Mylan would be exiting the U.S. EAI drug device market in 2020 and therefore, after 2020, Mylan could no longer target Auvi-Q with its anticompetitive conduct. ECF No. 1673-1 at 99. Mylan's mea culpa settles this "counterfactual assumption" once and for all, and this ill-conceived argument is now properly expunged from the summary judgment record.

Mylan's admission confirms that its premature argument opposing Sanofi's damages is meritless, or at minimum, another hotly disputed fact for trial and, if appropriate, a special verdict form.

Respectfully submitted,

*/s/ Yehudah L. Buchweitz*

Yehudah L. Buchweitz

cc:     Counsel of Record