# EXHIBIT 13

### 4. Sufficient Facts or Data

The third requirement for the admission of expert testimony is that it must be "based on sufficient facts or data."[33] This requirement is part of the overall relevance inquiry, in the sense that expert testimony that is not based on sufficient facts or data is unlikely to be helpful to the trier of fact. In terms of econometric evidence, this subpart of Rule 702 requires a court to look at the sufficiency of the underlying data and assess how the expert's opinion does or does not grow out of the data.

### a.  Weaknesses in the Underlying Data

Parties frequently assail the data underlying experts' studies. Courts typically tend to find that weaknesses or problems in the underlying data go to weight, rather than admissibility.[34] However, if the weaknesses of the data are sufficiently significant and readily apparent, a court may find that the expert's analysis is not based on sufficient data.

For example, in *In re Scrap Metal Antitrust Litigation*,[35] the Sixth Circuit found an expert's analysis admissible under *Daubert*

---

(rejecting argument that expert's selection of one study group as benchmark rendered expert's analysis irrelevant where the defendants' expert had "not identified any generally accepted procedures or methodologies in the field of economics which required [the plaintiffs' expert] to use other benchmarks for his measure of damages"; expert's "model is sufficiently 'fit' to the inquiry in the case and it will be helpful to the jury for that reason"); Newport Ltd. v. Sears, Roebuck & Co., No. 86-2319, 1995 U.S. Dist. LEXIS 7652, at *5-6 (E.D. La. 1995) (conditioning admission on inclusion of several expressly listed assumptions that the court believed would lend relevance to the analysis, including that "[expert's] analysis may ultimately aid the trier of fact . . . . [in] calculating lost profits . . . as long as the assumptions upon which it is based have some basis in reality") (emphasis omitted); *cf.* Lantec, Inc. v. Novell, Inc., No. 2:95-CV-97-ST, 2001 U.S. Dist. LEXIS 24816, at *23-27 (D. Utah 2001) (finding expert's analysis irrelevant, in part, because of his failure to conduct a regression analysis).

33.   FED. R. EVID. 702(b).

34.   *See Louis Trauth Dairy*, 925 F. Supp. at 1253 ("Defendants assert that control group of Plaintiffs' expert is flawed and prejudices the analysis. Problems in selection of a sample bear on the weight of the testimony, not its admissibility.").

35.   527 F.3d 517 (6th Cir. 2008).