UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No: 2785) |
| This Document Relates To: CONSUMER CLASS CASES | CLASS PLAINTIFFS' MOTION FOR AN ORDER IMPLEMENTING STAGE TWO OF CLASS NOTICE PLAN |

Class Plaintiffs, by and through their undersigned Class Counsel, in order to implement Stage Two of the Class Notice Plan, respectfully move the Court under Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure for an order approving the proposed manner and forms of notice to be used to provide notice of pendency of the action to the certified Classes. As grounds therefore, Class Plaintiffs submit the following brief in support and state as follows:

## I. INTRODUCTION

Having substantially completed Stage One of their Class Notice Plan, which was approved by the Court on June 1, 2020 (Mem. & Order, ECF No. 2074), Class Plaintiffs now seek Court approval of Stage Two, which proposes a notice program and forms of notice that fully satisfy the requirements of Rule 23 and collectively provide the certified Classes with the best notice practicable under the circumstances of this case. Class Plaintiffs propose to provide individual notice to most third-party providers ("TPPs") and individual class members, communicated primarily through email that is cost-effective, expeditious, and compliant with Rule 23(c)(2)(B), as recently amended in 2018 to permit notice by "electronic means." Fed. R. Civ. P. 23(c)(2)(B). Class members whose addresses are known, but who cannot be contacted by email, will be provided notice by first-class mail. The individual notice program will be supplemented by a case-specific website and a targeted, but robust, publication notice program to provide the broadest possible reach. A.B. Data, the Notice Administrator previously appointed by the Court, estimates that this proposed notice program will reach at least 85% of the two certified classes, well above the 70% threshold the Federal Judicial Center considers "reasonable."[1] *See* Declaration of Eric Schachter ("Schachter Decl."), submitted herewith.

---

[1] *See Judge's Class Action Notice and Claims Process Checklist and Plain Language Guide* at 3, Fed. Jud. Ctr. (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited Apr. 8, 2020).

With respect to the notices themselves, the form of summary notice that Class Plaintiffs propose to provide to Class members by email and U.S. mail is attached as Exhibit 1 to the Declaration of Elizabeth C. Pritzker ("Pritzker Decl."), submitted herewith. While in summary form, this notice provides all of the information required by Rule 23 in plain, easily understood language and complies with the disclosure requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq*. *See* Pritzker Decl. Ex. 1. The summary notice also provides a link to a dedicated Class Notice website (to be set up and maintained by A.B. Data) and to the long-form class notice, which sets forth even more information about the action and is attached as Exhibit 2 to the Pritzker Declaration.[2]

For the reasons set forth below and in the attached Schachter and Pritzker Declarations, the Court should approve Stage Two of the Class Notice Program.

## II. BACKGROUND

On February 27, 2020, the Court certified two Rule 23(b)(3) classes and ordered Class Plaintiffs to submit "a proposed plan for notice to the class members consistent with Rule 23(c)(2)(B)." Mem. & Order at 129, ECF No. 2018-1. On April 21, 2020, Class Plaintiffs filed their motion for an order approving Stage One of their proposed Class Notice Plan, which sought the appointment of A.B. Data as the class notice administrator and an order authorizing Class Plaintiffs to issue subpoenas seeking class member contact information and data for EpiPen purchases during the class periods from the six largest pharmacy benefit managers ("PBMs") and the ten largest pharmacies (the "Class Notice Subpoenas"). *See* Class Pls.' Mot. for an Order

---

[2] The forms of the summary notice and the long-form notice were provided to Defendants in advance of the filing of this motion and incorporate many of the edits suggested or requested by them. Pritzker Decl. ¶ 7.

3

Implementing Stage One of Class Notice Plan, ECF No. 2058. On June 1, 2020, the Court approved Stage One of Class Plaintiffs' proposed Notice Plan. Mem. & Order, ECF No. 2074.

Following the Court's approval of Stage One, Class Plaintiffs served Class Notice Subpoenas on the PBMs and pharmacies identified in the motion.[3] Pritzker Decl. ¶ 3. Class Counsel, working with A.B. Data, subsequently negotiated with the subpoenaed non-parties to obtain the requested Class member information. *Id*. As of the filing of this motion, eleven of the sixteen subpoenaed non-parties have produced responsive information to A.B. Data, and the remaining five are expected to complete their productions shortly. *Id*.

As a result of the eleven productions already made, A.B. Data currently has contact information for approximately 1.3 million potential individual Class members. Schachter Decl. ¶ 2. This number will almost certainly increase when the remaining five productions are completed. *Id*. Because some potential Class members may have used multiple PBMs or shopped at different pharmacies during the nine-year class period, there is likely to be duplication in the data produced. When all productions are complete, A.B. Data will sort the productions in an effort to remove duplicate entries for individual Class members, and ensure that each potential Class receives one notice and not duplicative notices. *Id*.

Although the data produced to date includes email addresses for only some potential Class members, A.B. Data estimates that it will be able to obtain email addresses for at least 50% of all individual Class members, based on its prior experience in other cases where emails had been generated, and the data that has been provided, which includes names, home addresses and, in

---

[3] As explained in Class Plaintiffs' Stage One motion, the PBMs collectively handled 95% of all prescriptions filled in the United States in 2018. The pharmacies collectively filled 73.3% of all prescriptions in the United States in 2018. Class Pls.' Mot. for an Order Implementing Stage One of Class Notice Plan at 4-5, ECF No. 2058.

many instances, telephone numbers, from which emails can be generated and traced to individual Class members. *Id.* ¶ 7. With respect to the TPPs, A.B. Data maintains a pre-existing proprietary TPP database that contains the names and contact information for more than 42,000 TPPs in the United States. *Id.* ¶ 5.

### III. ARGUMENT

#### A. Class Plaintiffs' Proposed Notice Plan Satisfies the Notice Requirements of Fed. R. Civ. P. 23(c) and Due Process

The proposed Notice Plan conforms to the mandates of Rule 23 and due process. Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23, as amended in 2018, also provides that notice can be made by "United States mail, electronic means, or other appropriate means." *Id.* Here, Class Plaintiffs propose to provide notice to the Classes by electronic means, U.S. mail and other appropriate means (the website and publication notice).

While individual notice is not required for all Rule 23(b)(3) certified classes, *see Briseno v. ConAgra Foods, Inc*, 844 F.3d 1121, 1129 (9th Cir. 2017), here it is the best notice practicable for most Class members because A.B. Data ultimately will have direct contact information for a substantial portion of the Classes and can send individual notice to most of the potential Class members; first by electronic means and then by U.S. mail for those potential Class members who cannot be contacted electronically. *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (actual notice to all class members not required but publication notice alone cannot satisfy due process where names and addresses of class members known). This program satisfies due process. *See, e.g.*, *Murphy v. Allstaff Med. Res., Inc.*, No. 16-cv-2370-WJM-MEH, 2017 WL 6945036, at *3 (D. Colo. June 13, 2017) (approving email and

5

mail class notice); *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1314-15 (D.N.M. 2017) (approving notice by email, text, and mail); *Corcoran v. CVS Health*, No. 15-cv-03504-YGR, 2019 WL 6250972, at *9 (N.D. Cal. Nov. 22, 2019) (approving initial notice to six million class members by email with mailed notice if email address unavailable or email delivery failed); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 941, 946 (9th Cir. 2015) (notice was first emailed to thirty-five million class members and then sent via U.S. mail to over nine million class members whose email addresses generated bounce-back messages); *In re Magsafe Apple Power Adapter Litig.*, No. 5:091-CV-01911-EJD, 2015 WL 428105, at *10 (N.D. Cal. Jan. 30, 2015) (emails, the primary notice vehicle, were sent to 5,523,878 class members).[4]

Class Plaintiffs intend to supplement this individual notice program with a case-specific website and a targeted, robust publication notice campaign. *See* Schachter Decl. ¶¶ 8-14. The case website will be maintained by A.B. Data and will contain both versions of the notices, important case documents, a list of frequently asked questions (with answers), and contact information for Class Counsel if any potential Class member has additional questions. *Id.* ¶¶ 15-16. This supplemental publication notice plan further satisfies due process requirements. *See Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1226 n.7 (D. Utah 2019) ("[M]any courts have ruled that Internet-published notice, among other efforts, is sufficient to meet Rule 23 and Due Process requirements. . . . Indeed, there are many reasons why both class action judges and class representatives may prefer to provide notice through the Internet, including increased access by

---

[4] The Advisory Committee's Notes to Rule 23(c)(2) endorse "contemporary methods of giving notice to class members": "Counsel should consider which method or methods of giving notice will be most effective; simply assuming that the 'traditional' methods are best may disregard contemporary communication realities." Fed. R. Civ. P. 23(c)(2) advisory committee's notes to 2018 amendment.

6

putative class members, reduced costs, the ability to transmit up-to-date information, and the ability to target notice to certain subsets of potential class participants.").

In total, through individual notice to all members of the Classes who can be identified through reasonable effort, the website, and the publication notice campaign, Class Plaintiffs expect to be able to provide notice to at least 85% of the certified Classes. This high percentage plainly supports a finding that the proposed Notice Plan conforms to the mandates of Rule 23 and due process and is the best notice practicable in the circumstances. *See In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110-11 (10th Cir. 2001) (holding that a class action notice process satisfied Rule 23 and due process requirements, even though the record showed that only 77% of class members actually received notice).

> **B.     Class Plaintiffs' Proposed Forms of Notice Satisfy the Notice Requirements of Fed. R. Civ. P. 23(c) and Due Process**

The proposed forms of notice also conform to the mandates of Rule 23 and due process. The summary and long-form notices are written in plain, easily understood language and include all of the information required under Rule 23(c)(2)(B): the nature of the action, the Class definitions, a summary of the Class claims, that a Class member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, and the binding effect of a final judgment.[5] Fed. R. Civ. P. 23(c)(2)(B); *see also* Pritzker

---

[5] To the extent a TPP seeks to request exclusion for a client for which it performs administrative services only, Class Plaintiffs seek an order requiring the TPP to submit a form indicating its proof of authority to exclude that client, either in the form of affidavit or verification. A template for this "Proof of Authority" is attached hereto as Exhibit 3 to the Pritzker Declaration. A similar requirement for an affidavit or other proof of authority is commonplace and has been routinely upheld. *See, e.g.*, *In re Aggrenox Antitrust Litig.*, 812 F. App'x 26 (2d Cir. 2020) (affirming district court order rejecting opt-outs that failed to comply with proof of authority, *see* Courtroom Minutes-Civil, *In re Aggrenox Antitrust Litig.*, No. 3:14-md-02516-SRU (D. Conn. July 19, 2018), ECF No. 822)); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 1:14-MD-2503-

Decl. Exs. 1-2. The forms of notice thus include all information necessary for Class members to make informed decisions relating to the action.

### C. Class Plaintiffs' Proposed Notice Plan Steers Clear of HIPAA Issues

Because this case implicates individual Class members' protected health information ("PHI"), Class Plaintiffs and A.B. Data carefully considered the potential applicability of HIPAA in the development of the Notice Plan now being proposed for approval by the Court. Class Plaintiffs believe that their proposed Notice Plan complies with HIPAA for the reasons discussed below.

As relevant here, HIPAA and its implementing rules prohibit the disclosure by a HIPAA-covered entity, such as one of the PBMs or pharmacies, of an individual class member's PHI without that individual's authorization, or unless the disclosure is otherwise permitted under HIPAA, such as pursuant to a court order or in response to a subpoena. The Department of Health and Human Services' regulations implementing HIPAA contemplate and authorize such a disclosure: "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding [] [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order[.]" 45 C.F.R. § 164.512(e)(1)(i) (2016) (emphasis added).[6] PHI is considered to be any identifiable health information (such as a name, address, or phone number)

---

DJC, 2017 WL 5710424 (D. Mass. Nov. 27, 2017); Order Regarding Opt-Outs at 8, *In re Lidoderm Antitrust Litig.*, No. 3:14-md-02521-WHO (N.D. Cal. Dec. 28, 2017), ECF No. 946.

[6] *See Court Orders and Subpoenas*, U.S. Dep't of Health & Human Servs., https://www.hhs.gov/hipaa/for-individuals/court-orders-subpoenas/index.html (last visited Aug. 26, 2020).

that is used, maintained, stored, or transmitted by a HIPAA-covered entity (or its business associates) in relation to the provision of healthcare or payment for healthcare services.[7]

Recognizing the important concerns that HIPAA addresses, Class Plaintiffs submit that the summary notice proposed here, if approved by the Court, complies with HIPAA. This is so for two reasons.

First, Class Plaintiffs (working in conjunction with A.B. Data) took great care to draft the summary notice in a generic fashion so as to not specifically connect a notice recipient with a prescription purchase, medical condition, or health status. The notice specifically ***does not*** say that the notice recipient is a Class member, nor does it say that the recipient was provided healthcare or paid for a healthcare service.[8] Rather, the notice is directed generically to all persons and entities in the United States who may have purchased a branded or authorized generic EpiPen. Pritzker Decl. Ex. 1.[9] Thus, as drafted, the notice does not disclose or connect any individual person's PHI in relation to the provision of healthcare or the payment for healthcare services. This satisfies the purposes of HIPAA. It also satisfies the requirements of Rule 23, by describing the nature and pendency of the class action, and by advising the recipient of steps that can be taken if the recipient thinks he or she may be a member of a Class.

Second, even if the notice arguably discloses PHI in relation to the provision of healthcare or payment for healthcare services, it is HIPAA-compliant because the disclosure will be pursuant

---

[7] *See What is Considered Protected Health Information under HIPAA?*, HIPAA J. (Apr. 2, 2018), https://www.hipaajournal.com/what-is-considered-protected-health-information-under-hipaa/.

[8] The summary notice proposed here is substantially similar to the summary notice recently approved in another healthcare case, *Corcoran*, 2019 WL 6250972, at *9, and far more general than the summary notices that recently were emailed to all known and unknown class members in yet another healthcare case, *In re USC Student Health Center Litig.*, No. 2:18-cv-04258-SVW-GJS (C.D. Cal.). *See* Pritzker Decl. Ex. 4 (*Corcoran* summary notice), Ex. 5 (class notices issued in *USC Health Center*).

[9] The proposed long form notice contains similar generic language. *See* Pritzker Decl. Ex. 2.

9

to a court order (the proposed notice order) and each subpoenaed PBM and pharmacy that produced Class member PHI previously informed its customers in its privacy policy that PHI may be disclosed in response to a court order or pursuant to a subpoena without seeking prior authorization. *See* Pritzker Decl. ¶ 4. The Court's order directing that an informative notice of pendency be delivered to the classes in the manner proposed by Class Plaintiffs allows for this minimal disclosure of PHI (if it is PHI at all), consistent with each entity's privacy policy. Moreover, neither Class Plaintiffs nor A.B. Data are "covered entities" nor "business associates" as defined by the statute. Nevertheless, as described above, they have painstakingly attempted to limit any potential disclosure of PHI by using generic language that does not identify the notice recipient's prescription purchase history, medical condition, or health status.

## IV. CONCLUSION

For all of the foregoing reasons, Class Plaintiffs respectfully request that the Court approve Stage Two of the Class Notice Plan and authorize the issuance of notice to the certified Classes in the form and manner proposed herein.

Dated: August 31, 2020

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: */s/ Lynn L. Sarko*
Lynn L. Sarko
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: 206/623-1900
206/623-3384 (fax)
lsarko@kellerrohrback.com

SHARP LAW, LLP
Rex A. Sharp
Ryan C. Hudson
5301 W. 75th Street
Prairie Village, KS 66208
Telephone: 913/901-0505

913/901-0419 (fax)

BURNS CHAREST, LLP
Warren T. Burns
900 Jackson Street, Suite 500
Dallas, TX  75201
Telephone: 469/904-4550
469/444-5002 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
Paul J. Geller
120 East Palmetto Park Road,
Suite 500 Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)

PRITZKER LEVINE LLP
Elizabeth C. Pritzker
1900 Powell Street, Suite 450
Emeryville, CA  94608
Telephone: 415/692-0772
415/366-6110 (fax)

*Co-Lead Counsel for Class Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on August 31, 2020 on counsel of record by electronically filing the document with the clerk of the court using CM/ECF system, which will send a notice of electronic filing to all counsel of record, and also served a copy of the foregoing to liaison counsel for defendants.

*/s/ Lynn L .Sarko*
Lynn L. Sarko