# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |
| (This Document Applies to the *Sanofi* Case) | |

## NOTICE OF UNSEALING AND ORDER

Today, the court issues two Memoranda and Orders ruling pending motions in the *Sanofi* track of this MDL.

One Memorandum and Order decides motions filed by plaintiff Sanofi-Aventis U.S. LLC ("Sanofi") and defendants Mylan, Inc. and Mylan Specialty, L.P. (collectively "Mylan") that seek to exclude certain expert testimony offered either to support or oppose Sanofi's Sherman Act Antitrust claims or Mylan's Counterclaim asserting Lanham Act violations and unfair competition claims.  For reasons explained in that Order, the court denies the following motions in their entirety:  (1) Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Thomas Varner (Doc. 1675); and (2) Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur (Doc. 1684).  Also, the court grants in part and denies in part:  (1) Sanofi's Motion to Exclude the Expert Reports and Testimony Offered By Gary Zieziula (Doc. 1666); (2) Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. (Doc. 1682); (3) Mylan's Motion to Exclude Opinion Testimony of Mary Ann Michelis, M.D. (Doc. 1683); and (4) Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D. (Doc. 1685).

The other Memorandum and Order grants Mylan's Motion for Summary Judgment (Doc. 1673) against Sanofi's Sherman Antitrust Act claims. It also grants in part and denies in part Sanofi's Motion for Summary Judgment (Doc. 1691). As that Order explains, the court grants summary judgment against Mylan's Counterclaim asserting Lanham Act violations and a New Jersey common law unfair competition claim. But it denies as moot the portion of Sanofi's summary judgment motion asking the court to grant summary judgment in its favor on one element of Sanofi's Sherman Antitrust Act claims.

The court has placed both the Memorandum and Order (Doc. 2254) ruling the dispositive motions and the Memorandum and Order (Doc. 2253) ruling the motions seeking to exclude expert opinions on the CM/ECF docket as sealed orders. **But this status is merely a temporary one.** This Order explains why, and also establishes the procedures the court will follow to unseal the Memoranda and Orders.

Our Circuit long has recognized a common-law right of access to judicial records. *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right "is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994) (citation and internal quotation marks omitted). But, the public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted). A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest outweighing the presumption of public access. *Id.*; *see also Bacon*, 950 F.3d at 1293

("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" (citation and internal quotation marks omitted)).  Also, our Circuit assigns a strong presumption of public access to judicial records containing substantive rulings about a litigant's legal rights.  *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) ("Especially 'where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) ("[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies.").

Consistent with this precedent, the court adopts the following procedures:

1. The parties promptly shall meet and confer to determine whether any aspect of the court's two Memoranda and Orders (Docs. 2253 & 2254), consistent with the standards outlined above, should remain under seal.  For purposes of this requirement, a telephone or video conference may satisfy the "meet" portion of this directive.

2. If any party contends that any aspect of either Memorandum and Order qualifies for sealed status, the parties must file, no later than **January 13, 2021**, a joint notice:  (a) identifying all portions that the party or parties contend should remain sealed and the parties' respective positions on that request; and (b) briefly explaining why the passage deserves sealed status.

3

> The parties may use any effective and efficient method to convey this information, *e.g.*, interlineation of the Memorandum and Order.

3. If the parties file a joint notice like the one described in paragraph (2), the court promptly will convene a telephone conference with counsel to consider and rule on the requests. If no such notice is timely filed, the court will unseal the entire Memorandum and Order ruling the dispositive motions and the entire Memorandum and Order ruling the motions seeking to exclude expert opinions on the public CM/ECF docket on **January 15, 2021**.

**IT IS SO ORDERED.**

**Dated this 17th day of December, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**