IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE:  EpiPen (Epinephrine
          Injection, USP) Marketing,
          Sales Practices and Antitrust
          Litigation

(This Document Applies to the *Sanofi* case)

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

## MEMORANDUM AND ORDER

This Order rules the remaining pending Motions for Leave to File Under Seal filed in connection with briefing on the dispositive and *Daubert* motions in the *Sanofi* track of this MDL. The court recognizes the significant undertaking that filing this summary judgment record has involved.  The court greatly appreciates the parties' diligence preparing the record for filing by conferring with opposing and third parties to determine which information qualifies for sealing. The court also noted, and appreciates, the parties' work to narrow their requests for sealed treatment and tailor them to protect the kinds of information that might qualify for sealing under our Circuit's governing case law.

Consistent with that case law, the court is mindful that our Circuit long has recognized a common-law right of access to judicial records.  *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).  But, the public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access."  *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest outweighing the presumption of public access. *Id.*; *see also Bacon*, 950 F.3d at 1293 ("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access[.]" (citation and internal quotation marks omitted)). Also, our Circuit assigns a strong presumption of public access to judicial records containing substantive rulings about a litigant's legal rights. *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) ("Especially 'where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) ("[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies."). When assessing whether a judicial record deserves sealed treatment, a district judge has substantial discretion to decide whether the interests that favor the general right of public access outweigh those that genuinely deserve some protection. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 599 (1978) (citations omitted); *see also Mann*, 477 F.3d at 1149.

The court applies this legal standard, below, to decide the parties' requests to file under seal certain portions of their briefing on the dispositive and *Daubert* motions in the *Sanofi* case.

**I.      Sanofi's Unopposed Motion for Leave to Seal Portions of its Memorandum of Law in Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D., and Certain Attached Exhibits (Doc. 1796)**

Sanofi asks the court to grant it leave to file under seal certain portions of its Opposition to Mylan's motion seeking to exclude expert opinion testimony of Sanofi's expert, Fiona M. Scott Morton, Ph.D., as well as certain exhibits attached to that Opposition.

Sanofi already has filed a publicly-available version of its Opposition (Doc. 1795) with certain portions redacted from public view.  The redacted portions conceal information about Mylan and Sanofi's confidential strategic planning for pricing, sales, and marketing, as well as information about contract negotiations.  The court finds that these limited redactions properly protect the parties' confidential business information.  The court thus grants Sanofi leave to file its unredacted Opposition under seal.

Next, Sanofi asks the court for leave to file under seal certain exhibits attached to the Opposition.  These exhibits fall into three categories:  (1) deposition transcripts, (2) expert reports, and (3) documents.  In a later-filed motion (Doc. 1938), Sanofi renews its request to file under seal some, but not all portions of these exhibits.[1]  The court addresses those requests in Part XVIII.B., below.  The court thus denies without prejudice the requests Sanofi presents with this motion to file under seal certain exhibits attached to the Opposition.

Thus, for reasons explained, the court grants in part Sanofi's Unopposed Motion for Leave to Seal Portions of its Memorandum of Law in Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D., and Certain Attached Exhibits (Doc. 1796).  Also, the court denies the motion in part and without prejudice.

---

[1]      For the expert reports, Sanofi explains that the parties agreed to defer until a later date their confidentiality designations of expert reports and objections to those designations.  Doc. 1939 at 8–9.

**Consistent with these rulings, the court orders <span style="color:red">Sanofi</span>, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D.**

**II.     Sanofi's Unopposed Motion for Leave to File Portions of the Exhibit Attached to Sanofi's Opposition to Mylan's Partial Motion to Exclude Opinion Testimony of Eduardo Schur Under Seal (Doc. 1798)**

Sanofi's next sealing motion asks the court to grant it leave to file under seal just one exhibit attached to its Opposition to Mylan's motion seeking to exclude expert opinion testimony of Sanofi's expert, Eduardo Schur.  Sanofi asks to file under seal Exhibit 1 to the Opposition. Exhibit 1 is the Rebuttal Expert Report of J. Lawrence Stevens.  In a renewed motion for leave to file under seal, Sanofi explains that the parties agreed to defer, until later, their confidentiality designations of expert reports and objections to those designations.  Doc. 1939 at 9.  Based on that representation, the court denies without prejudice Sanofi's Unopposed Motion for Leave to File Portions of the Exhibit Attached to Sanofi's Opposition to Mylan's Partial Motion to Exclude Opinion Testimony of Eduardo Schur Under Seal (Doc. 1798).

**III.    Sanofi's Unopposed Motion for Leave to File Portions of Exhibit A to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D. Under Seal (Doc. 1800)**

Next, Sanofi asks the court for leave to file under seal certain portions of Exhibit A to its Opposition to Mylan's motion seeking to exclude expert opinion testimony of Sanofi's expert, Steven N. Wiggins., Ph.D.  Exhibit A consists of excerpts from the transcript of Dr. Wiggins's deposition.  In a later-filed motion (Doc. 1938), Sanofi renews its request to file under seal certain portions of this deposition transcript.  The court addresses those requests in Part XVIII.C., below.  The court thus denies without prejudice the sealing request Sanofi presents with this motion (Doc. 1800).

**IV.    Mylan's Unopposed Motion to Preliminarily File Under Seal the Memorandum of Points and Authorities in Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Thomas Varner (Doc. 1801)**

Mylan asks the court for leave to file under seal certain portions of its Opposition to Sanofi's motion seeking to exclude the opinions of Mylan's expert, Thomas Varner, as well as the exhibits supporting that Opposition.

Mylan already has filed a publicly-available version of its Opposition with limited portions redacted from public view (Doc. 1804). The redacted portions conceal confidential business information about market research and sales forecasts. The court finds that these limited redactions to this Opposition qualify for sealing to protect the parties' confidential business information. The court thus grants Mylan leave to file under seal its unredacted Opposition to Sanofi's motion seeking to exclude expert opinion testimony of Mylan's expert, Thomas Varner.

Also, Mylan asks to file under seal the five exhibits attached to its Opposition. In a later-filed motion (Doc. 1936), Mylan renews its request to file under seal some, but not all portions of these exhibits. The court addresses those requests in Part XVI.B., below. The court thus denies without prejudice the requests Mylan presents with this motion to file under seal certain exhibits attached to the Opposition.

Thus, for reasons explained, the court grants in part Mylan's Unopposed Motion to Preliminary File Under Seal the Memorandum of Points and Authorities in Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Thomas Varner (Doc. 1801). Also, the court denies the motion in part and without prejudice.

Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Thomas Varner.

### V.   Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum of Points and Authorities in Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Gary Zieziula (Doc. 1802)

Next, Mylan asks the court for leave to file under seal certain portions of its Opposition to Sanofi's motion seeking to exclude the opinions of Mylan's expert, Gary Zieziula, and all supporting exhibits to that Opposition.

Mylan already has filed a publicly-available version of its Opposition with limited portions redacted from public view (Doc. 1803). The redacted portions conceal sensitive business information about product costs, royalty rates, and market research. The court agrees that these limited redactions to the Opposition qualify for sealing to protect the parties' confidential business information. The court thus grants Mylan leave to file under seal its unredacted Opposition to Sanofi's motion seeking to exclude expert opinion testimony of Mylan's expert, Gary Zieziula.

Also, Mylan asks to file under seal the 10 exhibits attached to its Opposition. In a later-filed motion (Doc. 1936), Mylan renews its request to file exhibits supporting its Oppositions to Sanofi's motions seeking to exclude expert opinions and testimony. The court addresses those requests in Part XVI.B., below. The court thus denies without prejudice the requests Mylan presents with this motion to file under seal certain exhibits attached to the Opposition to Sanofi's motion seeking to exclude Gary Zieziula's opinions.

Thus, for reasons explained, the court grants in part Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum of Points and Authorities in Opposition to

Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Gary Zieziula (Doc. 1802).  Also, the court denies the motion in part and without prejudice.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Gary Zieziula.**

### VI.  Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum and Points of Authorities in Opposition to Sanofi's Motion for Summary Judgment (Doc. 1805)

Mylan asks the court for leave to file under seal certain portions of its Opposition to Sanofi's Motion for Summary Judgment and certain exhibits attached to that Opposition.

Mylan already has filed a publicly-available version of its Opposition (Doc. 1813) with certain portions redacted from public view.  The redacted portions conceal information about Mylan and Sanofi's confidential business information, including information about pricing, sales, marketing, and contract negotiations.  The court finds that these limited redactions properly protect the parties' confidential business information.  The court thus grants Mylan leave to file its unredacted Opposition under seal.

In a later-filed motion (Doc. 1936), Mylan renews its request to file under seal certain exhibits attached to its Opposition to Sanofi's Motion for Summary Judgment.  The court addresses those requests in Part XVI.A., below.  The court thus denies without prejudice the requests Mylan presents with this motion for leave to file under seal certain exhibits attached to its Opposition to Sanofi's Motion for Summary Judgment.

Thus, the court grants in part Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum and Points of Authorities in Opposition to Sanofi's Motion for Summary Judgment (Doc. 1805).  Also, the court denies the motion in part and without prejudice.

Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to file **under seal** and without redactions, its Opposition to Sanofi's Motion for Summary Judgment.

### VII. Sanofi's Motion for Leave to File Portions of its Memorandum of Law in Support of its Opposition to Mylan's Motion for Summary Judgment and Certain Attached Exhibits Under Seal (Doc. 1820)

Sanofi asks the court for leave to file under seal certain portions of its Opposition to Mylan's Motion for Summary Judgment and certain exhibits attached to that Opposition.

Sanofi already has filed a publicly-available version of its Opposition (Doc. 1814) with certain portions redacted from public view. The redacted portions conceal information about Mylan and Sanofi's confidential strategic planning for product development, pricing, sales, and marketing, as well as information about contract negotiations. The court finds that these limited redactions protect the parties' confidential business information. The court thus grants Sanofi leave to file its unredacted Opposition under seal.

In a later-filed motion (Doc. 1938), Sanofi renews its request to file under seal certain exhibits attached to its Opposition to Mylan's Motion for Summary Judgment. The court addresses those requests in Part XVIII.A., below. The court thus denies without prejudice the requests Sanofi presents with this motion for leave to file under seal certain exhibits.

Thus, the court grants in part Sanofi's Motion for Leave to File Portions of its Memorandum of Law in Support of its Opposition to Mylan's Motion for Summary Judgment and Certain Attached Exhibits Under Seal (Doc. 1820). Also, the court denies the motion in part and without prejudice.

Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to file under seal and without redactions, its Opposition to Mylan's Motion for Summary Judgment.

### VIII.   Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. (Doc. 1866)

Mylan asks the court for leave to file under seal certain portions of its Reply in Support of its Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D.

Mylan already has filed a publicly-available version of its Reply with just certain portions redacted from public view (Doc. 1868). The redacted portions conceal confidential business information about pricing, sales, forecasts, and profits. The court finds that these limited redactions to the Reply qualify for sealing to protect the parties' confidential business information. The court thus grants Mylan leave to file under seal its unredacted Reply.

Also, Mylan asks to file under seal the exhibits attached to its Reply. In a later-filed motion (Doc. 1947), Mylan renews its request to file under seal some, but not all portions, of these exhibits. The court addresses those requests in Part XIX.B., below. The court thus denies without prejudice the requests Mylan presents with this motion to file under seal certain exhibits attached to the Reply.

Thus, for reasons explained, the court grants in part Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. (Doc. 1866). Also, the court denies the motion in part and without prejudice.

Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D.

IX.   **Sanofi's Unopposed Motion for Leave to Seal Portions of its Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Thomas Varner (Doc. 1870)**

Sanofi asks the court for leave to file under seal certain portions of its Reply in Support of its Motion to Exclude the Expert Reports and Testimony of Thomas Varner.

Sanofi already has filed a publicly-available version of its Reply with small portions redacted from public view (Doc. 1869). The redacted portions conceal sensitive business information about sales strategy and manufacturing capacity. The court finds that these limited redactions to the Reply qualify for sealing to protect confidential business information. The court thus grants Sanofi leave to file under seal its unredacted Reply. And, the court grants Sanofi's Unopposed Motion for Leave to Seal Portions of its Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Thomas Varner (Doc. 1870).

Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion to Exclude the Expert Reports and Testimony of Thomas Varner.

X.   **Sanofi's Unopposed Motion for Leave to File Portions of its Reply in Further Support of its Motion for Summary Judgment and Attached Exhibits Under Seal (Doc. 1872)**

Sanofi asks the court for leave to file under seal certain portions of its Reply supporting its Motion for Summary Judgment and certain exhibits attached to that Reply.

Sanofi already has filed a publicly-available version of its Reply with certain portions redacted from public view (Doc. 1871). The redacted portions conceal Sanofi and Mylan's

sensitive business information, including information about sales and marketing strategy, contract negotiations, and pricing.  The court finds that these limited redactions protect the parties' confidential business information.  The court thus grants Sanofi leave to file under seal its unredacted Reply.

In a later-filed motion (Doc. 1948), Sanofi renews its request to file under seal certain exhibits attached to its Reply in Support of its Motion for Summary Judgment.  The court addresses those requests in Part XX.A., below.  The court thus denies without prejudice the requests Sanofi presents with this motion for leave to file under seal certain exhibits.

Thus, the court grants in part Sanofi's Unopposed Motion for Leave to File Portions of its Reply in Further Support of its Motion for Summary Judgment and Attached Exhibits Under Seal (Doc. 1872).  Also, the court denies the motion in part and without prejudice.

**Consistent with these rulings, the court orders Sanofi,  within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion for Summary Judgment**.

### XI.    Sanofi's Unopposed Motion for Leave to File Sanofi's Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula and Certain Exhibits Attached Thereto Under Seal (Doc. 1875)

Sanofi asks the court for leave to file under seal certain portions of its Reply supporting its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula and certain exhibits attached to that Reply.

Sanofi already has filed a publicly-available version of its Reply with just one sentence redacted from public view (Doc. 1874).  The redacted sentence conceals sensitive business information about alleged Sanofi sales and marketing strategies.  The court finds that this very

limited redaction properly protects confidential information.  The court thus grants Sanofi leave to file under seal its unredacted Reply.

In a later-filed motion (Doc. 1948), Sanofi renews its request to file under seal certain exhibits attached to its Reply supporting its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula.  The court addresses those requests in Part XX.B., below.  The court thus denies without prejudice the requests Sanofi presents with this motion for leave to file under seal certain exhibits.

Thus, the court grants in part Sanofi's Unopposed Motion for Leave to File Sanofi's Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula and Certain Exhibits Attached Thereto Under Seal (Doc. 1875).  Also, the court denies the motion in part and without prejudice.

**Consistent with these rulings, the court orders Sanofi,  within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula.**

### XII.   Mylan's Unopposed Motion Preliminarily to File Under Seal Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur (Doc. 1876)

Mylan asks the court for leave to file under seal certain portions of its Reply in Support of its Motion to Exclude Opinion Testimony of Eduardo Schur.

Mylan already has filed a publicly-available version of its Reply with just one portion redacted from public view (Doc. 1877).  The single redacted portion conceals confidential business information about Sanofi's ability to return Auvi-Q to market after the recall.  The court finds that this limited redaction to the Reply qualifies for sealing to protect Sanofi's confidential business information.  The court thus grants Mylan leave to file under seal its unredacted Reply.

And, the court grants Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur (Doc. 1876).

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion to Exclude Opinion Testimony of Eduardo Schur.**

### XIII.   Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Steven Wiggins, Ph.D. (Doc. 1878)

Mylan asks the court for leave to file under seal certain portions of its Reply in Support of its Motion to Exclude Opinion Testimony of Steven Wiggins, Ph.D.

Mylan already has filed a publicly-available version of its Reply with just one portion redacted from public view (Doc. 1879).  The redacted portion—found on page 8 of Doc. 1879—conceals confidential business information about sales strategy and performance.  The court finds that this lone, limited redaction to the Reply qualifies for sealing to protect confidential business information.  The court thus grants Mylan leave to file under seal its unredacted Reply.

Also, Mylan asks to file under seal the exhibits attached to its Reply.  In a later-filed motion (Doc. 1947), Mylan renews its request to file under seal some, but not all exhibits, attached to its motions seeking to exclude expert testimony.  The court addresses those requests in Part XIX.B., below.  The court thus denies without prejudice the requests Mylan presents with this motion to file under seal certain exhibits attached to the Reply.

Thus, for reasons explained, the court grants in part Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Steven Wiggins, Ph.D. (Doc. 1878).  Also, the court denies the motion in part and without prejudice.

**Consistent with these rulings, the court orders** Mylan**, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion to Exclude Opinion Testimony of Steven Wiggins, Ph.D.**

### XIV.  Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply Memorandum of Points and Authorities in Support of Mylan's Motion for Summary Judgment and Exhibits (Doc. 1882)

Mylan asks the court for leave to file under seal certain portions of its Reply supporting its Motion for Summary Judgment and certain exhibits attached to that Reply.

Mylan already has filed a publicly-available version of its Reply (Doc. 1883) with certain portions redacted from public view.  The redacted portions conceal Sanofi and Mylan's business information, including information about sales and marketing strategy, contract negotiations, and pricing.  The court finds that these limited redactions properly protect the parties' confidential business information.  The court thus grants Mylan leave to file its unredacted Reply under seal.

In a later-filed motion (Doc. 1947), Mylan renews its request to file under seal certain exhibits attached to its Reply in Support of its Motion for Summary Judgment.  The court addresses those requests in Part XIX.A., below.  The court thus denies without prejudice the requests Mylan presents with this motion for leave to file under seal certain exhibits.

Thus, the court grants in part Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply Memorandum of Points and Authorities in Support of Mylan's Motion for Summary Judgment and Exhibits (Doc. 1882).  Also, the court denies the motion in part and without prejudice.

**Consistent with these rulings, the court orders** Mylan**, within 30 days from the date of this Order, to file <u>under seal</u> and without redactions, its Reply in Support of its Motion for Summary Judgment**.

XV.   **Mylan's Renewed Motion for Leave to File Under Seal Mylan's Memoranda in Support of its Motion for Summary Judgment and *Daubert* Motions and Mylan's Expert Reports (Doc. 1935)**

Mylan has filed a Renewed Motion seeking leave to file under seal:  (1) its Memoranda in Support of its Motion for Summary Judgment and *Daubert* motions, and (2) Mylan's Expert Reports.  Mylan has attached to its motion the Memoranda and Expert Reports that it seeks leave to file under seal.  Docs. 1935-3–1935-13 (Exhibits A–K).  In each attached exhibit, Mylan has highlighted portions of the documents that the parties seek to redact using a color coding system: Yellow highlighting means that one or more parties seek to redact the highlighted material and no party objects to the redactions; red highlighting means that Sanofi seeks to redact the material but Mylan objects to the redaction; and blue highlighting means that Mylan seeks to redact the material but Sanofi objects to the redaction.

The court has reviewed Exhibits A through K and the proposed redactions contained in them.  The court finds that most, but not all, of the designated material qualifies for sealing.  The redacted material that qualifies for sealing contains sensitive and confidential business information, including information about marketing and sales strategies, sales forecasting, pricing, contract negotiations, and rebate offers.  So, for the most part, the court allows Mylan to file these documents under seal, restricting from public view the approved redactions of confidential information.

But, the court finds that two portions of the designated material don't qualify for sealing. So, it directs Mylan to remove the redactions from this designated material when filing the publicly-available version of these documents.

*First*, the court denies Sanofi's request to redact certain portions of Gary Zieziula's Rebuttal Report (Exhibit H).  Sanofi has designated material in paragraph 2 of the Rebuttal

Report that discusses Sanofi's communications with the FDA about a preference study.  *See* Doc. 1935-10 at 3.  Sanofi's communications with a government agency aren't confidential.  Thus, this material doesn't qualify for sealing.

*Second*, the court denies Mylan's request to redact a sentence on page 49 of its Memorandum in Support of its Motion for Summary Judgment.  Doc. 1935-11 at 61.  Mylan asks to redact a sentence discussing fluctuation of EpiPen's average net price between 2013 and 2015.  This pricing information isn't confidential.  So, the court denies the request to seal this portion of the Memorandum.

Thus, the court grants in part Mylan's Renewed Motion for Leave to File Under Seal Mylan's Memoranda in Support of its Motion for Summary Judgment and Daubert Motions and Mylan's Expert Reports (Doc. 1935).  Also, the court denies the motion in part.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> **(1) File <u>under seal</u> and without redactions, the Memoranda and Expert Reports attached to its Renewed Motion for Leave to File Under Seal, and**

> **(2) File <u>publicly</u> and <u>with approved redactions</u>, the Memoranda and Expert Reports attached to its Renewed Motion for Leave to File Under Seal.**

**XVI.   Mylan's Renewed Motion for Leave to File Under Seal Exhibits to Mylan's Oppositions to Sanofi's Motion for Summary Judgment and *Daubert* Motions (Doc. 1936)**

Mylan's Renewed Motion for Leave to Seal seeks leave to file under seal certain exhibits or portions of exhibits attached to its Opposition to Sanofi's Motion for Summary Judgment and its Oppositions to Sanofi's motions seeking to exclude certain expert testimony.  The court

addresses each set of requests, separately.  For reasons explained below, the court grants each sealing request presented by Mylan's motion.  So, the court grants Mylan's Renewed Motion for Leave to File Under Seal Exhibits to Mylan's Oppositions to Sanofi's Motion for Summary Judgment and *Daubert* Motions (Doc. 1936).

### A.  Exhibits to Mylan's Opposition to Sanofi's Motion for Summary Judgment

Mylan seeks leave to file under seal certain exhibits attached to its Opposition to Sanofi's Motion for Summary Judgment.  For some exhibits, Mylan asserts that they contain confidential information, and thus, qualify for sealing.  For other exhibits, Mylan explains that Sanofi or certain third parties assert that the exhibits qualify for sealing.  Mylan has submitted a chart listing the exhibits that it seeks leave to file under seal and Sanofi's position in response to the sealing request.  *See* Doc. 1936-1.  Also, Mylan has submitted a chart listing the exhibits that Sanofi asserts qualify for sealing, with Mylan's position in response to the sealing request.  *See* Doc. 1936-92.

The court has reviewed the two charts, and it grants each of the requests for leave to file certain exhibits under seal.  Each of the listed exhibits (or portions of them) contain confidential business information or non-public financial information, including information about contract negotiations, pricing, profits, and sales strategy.  Thus, the exhibits qualify for sealed filing either partially or in their entirety.  So, the court grants Mylan's request to file these exhibits under seal.

The following exhibits qualify for sealing in their entirety:  Exhibits 9, 11, 14–15, 33–36, 38–46, 49–51, 53–55, 57–66, 69–78, 80–84, 86–87, 89, 94, 96, 103–113, 116, 126–127, 135, 147–148, 162–163, 165, and 182.

The following exhibits qualify for partial sealing, redacting from public view only the portions of the documents that the parties have identified as containing confidential information that qualifies for sealing:  Exhibits 3, 6, 7, 8, 12, 16, 18, 23, 52, 67, 79, 85, 102, and 164.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> **(1)  File <u>under seal</u> and without redactions, Exhibits 3, 6, 7, 8, 9, 11, 12, 14–15, 16, 18, 23, 33–36, 38–46, 49–51, 52, 53–55, 57–66, 67, 69–78, 79, 80–84, 85, 86–87, 89, 94, 96, 102, 103–113, 116, 126–127, 135, 147–148, 162–163, 164, 165, and 182 to its Opposition to Sanofi's Motion for Summary Judgment, and**

> **(2)  File <u>publicly</u> and <u>with approved redactions</u>, Exhibits 3, 6, 7, 8, 12, 16, 18, 23, 52, 67, 79, 85, 102, and 164 to its Opposition to Sanofi's Motion for Summary Judgment, and**

> **(3)  File <u>publicly</u> all other exhibits to its Opposition to Sanofi's Motion for Summary Judgment that:  (a) no party has sought leave to file under seal or the court now has denied leave to file under seal (excluding Expert Reports for which the parties agreed to defer confidentiality designations until a later date), and (b) no party has filed publicly on the docket yet.**

### B.  Exhibits to *Daubert* Motions

Mylan seeks leave to file under seal just one exhibit to its Oppositions to Sanofi's *Daubert* motions.  Mylan asks to file Exhibit 2 to its Opposition to Sanofi's motion seeking to exclude the expert opinion of Thomas Varner.  Doc. 1936-92.  Mylan explains that Sanofi asserts this exhibit deserves sealing because it is a Sanofi internal business document that contains

confidential information about marketing and strategy.  The court agrees that Exhibit 2 qualifies

for sealing. The court thus grants Mylan's request to file under seal Exhibit 2 to Mylan's

Opposition to the motion seeking to exclude Thomas Varner's expert opinions.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> **(1)  File <u>under seal</u> and without redactions, Exhibit 2 to its Opposition to Sanofi's Motion to Exclude Expert Opinions of Thomas Varner, and**

> **(2)  File <u>publicly</u> all other exhibits to its Opposition to Sanofi's Motion to Exclude Expert Opinions of Thomas Varner and its Opposition to Sanofi's Motion to Exclude Expert Opinions of Gary Zieziula that:  (a) no party has sought leave to file under seal or the court now has denied leave to file under seal (excluding Expert Reports for which the parties agreed to defer confidentiality designations until a later date), and (b) no party has filed publicly on the docket yet.**

**XVII.    Sanofi's Renewed Motion for Leave to File Certain Information Cited in Sanofi's June 28 Briefs and Expert Reports Under Seal (Doc. 1937)**

Sanofi has filed a Renewed Motion seeking leave to file under seal:  (1) its Memoranda in

Support of its Motion for Summary Judgment and *Daubert* motions, and (2) Sanofi's Expert

Reports.  Sanofi has attached to its motion the Memoranda and Expert Reports that it seeks leave

to file under seal.  Docs. 1937-2–1937-9 (Exhibits B–I).  In each attached exhibit, Sanofi has

highlighted the portions of documents that the parties seek to redact using the same color coding

system that Mylan used in its motion (*i.e.*, yellow highlighting means that one or more parties

seek to redact the highlighted material and no party objects to the redactions; red highlighting

means that Sanofi seeks to redact the material but Mylan objects to the redaction; and blue highlighting means that Mylan seeks to redact the material but Sanofi objects to the redaction).

The court has reviewed Exhibits B through I and the proposed redactions contained in them. The court finds that most, but not all of, the designated material qualifies for sealing. The redacted material that qualifies for sealing contains sensitive and confidential business information, including information about marketing and sales strategies, sales forecasting, pricing, contract negotiations, rebate offers, and product development. So, for the most part, the court allows Sanofi to file these documents under seal, restricting from public view the approved redactions of confidential information.

But, the court finds that two proposed redactions to Dr. Scott Morton's Expert Report (Exhibit D) don't qualify for sealing. *First*, Mylan has designated material on page 57 of the Expert Report that discusses EpiPen price increases, including information that Mylan submitted to Congress with its CEO Heather Bresch's testimony. *See* Doc. 1937-4 at 62. *Second*, Mylan seeks to redact information on page 106 that discusses Auvi-Q's net prices in 2014 and 2015. Doc. 1937-4 at 111. This pricing information isn't confidential, and it doesn't qualify for sealing. So, the court denies the request to seal these portions of Dr. Scott Morton's Expert Report (Exhibit D).

Thus, the court grants in part Sanofi's Renewed Motion for Leave to File Certain Information Cited in Sanofi's June 28 Briefs and Expert Reports Under Seal (Doc. 1937). Also, the court denies the motion in part.

**Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to:**

(1) File **<u>under seal</u>** and without redactions, the Memoranda and Expert

Reports attached to its Renewed Motion for Leave to File Under Seal,

and

(2) File **<u>publicly</u>** and **<u>with approved redactions</u>**, the Memoranda and Expert

Reports attached to its Renewed Motion for Leave to File Under Seal.

**XVIII.    Sanofi's Renewed Motion for Leave to Seal Certain Exhibits and Portions of Exhibits in Sanofi's Opposition to Mylan's Motion for Summary Judgment and Opposition to Mylan's Motions to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. and Steven N. Wiggins, Ph.D. (Doc. 1938)**

Sanofi's Renewed Motion for Leave to Seal seeks leave to file under seal certain exhibits

or portions of exhibits attached to its Opposition to Mylan's Motion for Summary Judgment and

its Oppositions to Mylan's motions to exclude expert testimony of Fiona M. Scott Morton, Ph.D.

and Steven N. Wiggins, Ph.D.  The court addresses each set of requests, separately.

**A.  Exhibits to Sanofi's Opposition to Mylan's Motion for Summary Judgment**

Sanofi seeks leave to file under seal certain exhibits attached to its Opposition to Mylan's

Motion for Summary Judgment.  For some exhibits, Sanofi asserts that they contain confidential

information, and thus, qualify for sealing.  For other exhibits, Sanofi explains that Mylan or

certain third parties assert that the exhibits qualify for sealing.  Sanofi has submitted a chart

listing the exhibits that it seeks leave to file under seal and Mylan's position in response to the

sealing request.  Doc. 1939.  Also, Sanofi has submitted a chart listing the exhibits that,

according to Mylan or certain third parties, qualify for sealing, with Sanofi's response to the

sealing request.  Doc. 1939-1.  The court has reviewed the two charts, and it makes the following

conclusions about Sanofi's sealing requests.

The following exhibits qualify for sealing in their entirety:  Exhibits 1, 10, 11, 12, 13, 17, 18, 19, 20, 21, 23, 24, 26, 27, 28, 29, 34–44, 47–53, 55, 56, 58, 59, 60, 62, 64–70, 72, 74–80, 84–92, 94, 96–105, 106, 108, 111, 112, 113, 119, 135, 139, 140, 141–143, 145, 149, 150, 153, 154, 155, 156, 157, 158, 159, 160, 163, 164, 166, 168–71, 173, 175, 176, 177, 178, 181–186, 188, 189, 192, 193, 194, 200, 202, 203, 204, 207–212, 214, 215, 219–220, 223–228, 232–236, 241, 243–245, 247–250, 252–254, 258–59, 263, and 265.

The following exhibits qualify for partial sealing, redacting from public view only the portion of the documents that the parties have identified as containing confidential information that qualifies for sealing:  Exhibits 6, 9, 14, 15, 25, 31, 32, 45, 61, 73, 81, 82, 95, 114, 115, 116, 117, 120, 121, 122, 126, 130, 131, 132, 137, 138, 144, 146, 147, 148, 151, 152, 161, 165, 167, 172, 190, 191, 205, 213, 221, 231, 237, 238, 246, and 255.

These above-listed exhibits (or portions of them) contain confidential business information or non-public financial information, including information about contract negotiations, pricing, royalty payments, profits, and sales strategy.  Thus, the exhibits qualify for sealed filing either partially or in their entirety.  So, the court grants Sanofi's request to file these exhibits under seal.

But, the court denies *five* of Sanofi's requests to file certain exhibits under seal.  The *first* denied request is the request to file under seal Exhibit 199.  Exhibit 199 contains Sanofi's communications with the FDA about the Auvi-Q recall.  Mylan objects to Sanofi's request to file this exhibit under seal because, Mylan contends, the exhibit contains nonconfidential communications with a government agency which does not qualify for sealed filing.  The court agrees.  The court thus denies the request for leave to file Exhibit 199 under seal.

The *second*, *third*, and *fourth* denied requests seek leave to file under seal Exhibits 2, 63, and 222.  Exhibits 2, 63, and 222 are Mylan internal documents.  Mylan asked Sanofi to move to file these exhibits under seal in their entirety.  Sanofi agrees that portions of these exhibits deserve sealing.  But Sanofi objects to sealing the entire exhibits because the portions that discuss the number of lives affected by Mylan's exclusive contracts with PBMs and payors isn't confidential information.  The court agrees.  The court thus grants leave to file these documents under seal, but orders Sanofi also to file these exhibits publicly redacting the appropriate confidential information but making publicly-available the information about the number of lives affected by Mylan's exclusive contracts.

The *fifth* request that the court denies is the request to redact certain portions of the deposition transcript submitted as Exhibit 239.  Exhibit 239 contains excerpts from the transcript of Robert Coury's deposition.  The portions that Mylan has designated for sealing don't contain confidential information.  Thus, the court denies the request.  And, it orders Sanofi to file Exhibit 239 publicly.

In sum, the court grants in part Sanofi's Renewed Motion for Leave to Seal Certain Exhibits and Portions of Exhibits in Sanofi's Opposition to Mylan's Motion for Summary Judgment and Opposition to Mylan's Motions to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. and Steven N. Wiggins, Ph.D. (Doc. 1938).  Also, the court denies this motion in part.

**Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to:**

> **(1) File <u>under seal</u> and without redactions, Exhibits 1, 6, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34–44, 45, 47–53, 55,**

56, 58, 59, 60, 61, 62, 64–70, 72, 73, 74–80, 81, 82, 84–92, 94, 95, 96–106,

108, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 126, 130, 131,

132, 135, 137, 138, 139, 141–143, 144, 145, 146, 147, 148, 149, 150, 151,

152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 163, 164, 165, 166, 167,

168–71, 172, 173, 175, 176, 177, 178, 181–186, 188, 189, 190, 191, 192, 193,

194, 200, 202, 203, 204, 205, 207–212, 213, 214, 215, 219–220, 221, 223–

228, 231, 232–236, 237, 238, 241, 243–245, 246, 247–250, 252–254, 255,

258–259, 263, and 265 to its Opposition to Mylan's Motion for Summary

Judgment, and

(2) File **publicly** and **with approved redactions**, Exhibits 2, 6, 9, 14, 15, 25, 31,

32, 45, 61, 63, 73, 81, 82, 95, 114, 115, 116, 117, 120, 121, 122, 126, 130,

131, 132, 137, 138, 144, 146, 147, 148, 151, 152, 161, 165, 167, 172, 190,

191, 205, 213, 221, 222, 231, 237, 238, 246, and 255 to its Opposition to

Mylan's Motion for Summary Judgment, and

(3) File **publicly** Exhibits 199 and 239 to its Opposition to Mylan's Motion

for Summary Judgment, as well as all other exhibits to its Opposition to

Mylan's Motion for Summary Judgment that:  (a) no party has sought

leave to file under seal or the court now has denied leave to file under seal

(excluding Expert Reports for which the parties agreed to defer

confidentiality designations until a later date), and (b) no party has filed

publicly on the docket yet.

**B.  Exhibits Attached to Mylan's Motion to Exclude Opinion
Testimony of Fiona M. Scott Morton, Ph.D.**

Next, Sanofi seeks leave to file under seal certain exhibits or portions of exhibits attached

to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton,

Ph.D.  These documents fall into two categories:  (1) deposition transcripts; and (2) documents.

*First*, the court addresses Sanofi's requests to file under seal certain portions of

deposition transcripts.

Exhibit 1 contains excerpts from Dr. Scott Morton's deposition transcript.  Sanofi has

identified portions of this exhibit that, it contends, qualify for sealing.  *See* Doc. 1938-47

(highlighted portions).  Sanofi asserts that this testimony contains non-public sensitive

information about products other than Auvi-Q.  Also, Sanofi explains, Mylan has identified

portions of the deposition transcript that, Mylan contends, qualify for sealing.  *See* Doc. 1939-1

at 49–50 (chart showing Mylan's confidential designations).  Mylan asserts that these portions

contain testimony discussing Mylan's market share for particular plans, rebate offers, Mylan's

forecasts, and damage calculations.  And, Mylan argues, this testimony qualifies for sealing

because it references confidential and commercially sensitive information that could harm

Mylan's interests if disclosed.  The court agrees that the portions identified by both Sanofi and

Mylan qualify for sealing.  The court thus grants Sanofi leave to file under seal unredacted

Exhibit 1.  Also, it orders Sanofi to file Exhibit 1 publicly, redacting the portions of testimony

identified as confidential by Sanofi and Mylan.

Exhibit 5 is 12 pages from Robert D. Willig, Ph.D.'s deposition transcript.  As Sanofi

explains, Mylan has identified portions of that deposition transcript that, Mylan contends, qualify

for sealing.  *See* Doc. 1939-1 at 50 (chart showing Mylan's confidential designations).

According to Mylan, these portions of the deposition transcript discuss Mylan's forecasts of

market share based on certain formulary positions.  Also, a portion of this testimony discusses a MedImpact document that contains offers and market share assumptions.  Mylan asserts that the information in these portions of the deposition transcript are highly confidential and commercially sensitive business information that could harm Mylan's interests if disclosed.  The court agrees.  Thus, the court grants Sanofi leave to file under seal unredacted Exhibit 5.  And, it orders Sanofi to file Exhibit 5 publicly, redacting only the portions of testimony identified as confidential by Mylan.

Exhibit 11 is four pages from Peter Guenter's deposition transcript.  Sanofi has identified portions of this transcript that, it contends, qualify for sealing.  *See* Doc. 1938-49 (highlighted portions).  Sanofi asserts that this testimony contains non-public information about Auvi-Q financial projections and strategy.  The court agrees that these portions of the deposition transcript qualify for sealing.  Thus, the court grants Sanofi leave to file unredacted Exhibit 11 under seal.  Also, it orders Sanofi to file Exhibit 11 publicly, redacting only the portions of testimony identified as confidential.

Exhibit 12 is eight pages from Patrick A. Barry's deposition transcript.  Sanofi seeks leave to file the entire transcript under seal.  The testimony in this exhibit discusses non-public information about Sanofi's return of its rights for the Auvi-Q to kaléo.  The court agrees this information qualifies for sealing.  Thus, it grants Sanofi leave to file under seal Exhibit 12.

*Next*, the court addresses Sanofi's requests to file under seal certain documents supporting its Opposition to Mylan's motion seeking to exclude Dr. Scott Morton's opinions. Sanofi seeks leave to file under seal Exhibits 2, 13, 14, 15, & 16.  Exhibits 2, 13, and 16 are Sanofi or Mylan internal business documents that discuss confidential business strategy. Exhibits 14 and 15 are rebate agreements that Prime Therapeutics entered with Mylan or Sanofi.

The court agrees that the exhibits qualify for sealing because they contain confidential business information including non-public financial information and contract terms. The court thus grants Sanofi leave to file under seal Exhibits 2, 13, 14, 15, & 16.

**Consistent with these rulings, the court orders <span style="color:red">Sanofi</span>, within 30 days from the date of this Order, to:**

    **(1) File <u>under seal</u> and without redactions, Exhibits 1, 2, 5, 11, 12, 13, 14, 15, & 16 to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D., and**

    **(2) File <u>publicly</u> and <u>with approved redactions</u>, Exhibits 1, 5, & 11 to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D., and any other exhibits to its Opposition that: (a) no party has sought leave to file under seal or the court now has denied leave to file under seal (excluding Expert Reports for which the parties agreed to defer confidentiality designations until a later date), and (b) no party has filed publicly on the docket yet.**

**C.  Exhibits Attached to Sanofi's Opposition to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D.**

Next, Sanofi seeks leave to file under seal certain portions of Exhibit A attached to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D. Exhibit A contains excerpts from Dr. Wiggins's deposition transcript. As Sanofi explains, Mylan has identified portions of that deposition transcript that, Mylan contends, qualify for sealing. *See* Doc. 1939-1 at 51 (chart showing Mylan's confidential designations). According to Mylan, these portions of the deposition transcript qualify for sealing because they discuss Mylan's forecasts, Mylan's assessment of the competitive landscape including physician

prescribing behavior, and product development strategy.  The court agrees.  These limited redactions to the deposition transcript qualify for sealing to protect Mylan's confidential business information.  The court thus grants Sanofi leave to file under seal unredacted Exhibit A to its Opposition to Mylan's motion seeking to exclude expert opinion testimony of Sanofi's expert, Steven N. Wiggins, Ph.D.  Also, the court orders Sanofi to file Exhibit A publicly, redacting those portions of the transcript that qualify for sealing.

**Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to:**

> **(1) File <u>under seal</u> and without redactions, Exhibit A to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D., and**

> **(2) File <u>publicly</u> and <u>with approved redactions</u>, Exhibit A to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D.**

### XIX.   Mylan's Renewed Motion for Leave to File Under Seal Exhibits to Mylan's Replies in Support of Mylan's Motion for Summary Judgment and Mylan's *Daubert* Motions (Doc. 1947)

Mylan's Renewed Motion for Leave to Seal seeks leave to file under seal certain exhibits or portions of exhibits attached to its Reply in Support of its Motion for Summary Judgment and one of its Replies in Support of its motions to exclude certain expert testimony.  The court addresses each set of requests, separately.  For reasons explained, the court grants each sealing request presented by Mylan's motion.  So, the court grants Mylan's Renewed Motion for Leave to File Under Seal Exhibits to Mylan's Replies in Support of Mylan's Motion for Summary Judgment and Mylan's *Daubert* Motions (Doc. 1947).

### A.  Exhibits to Mylan's Reply Supporting its Motion for Summary Judgment

Mylan seeks leave to file under seal certain exhibits attached to its Reply in Support of its Motion for Summary Judgment.  For some exhibits, Mylan asserts that they contain confidential information, and thus, qualify for sealing.  For other exhibits, Mylan explains that Sanofi or certain third parties assert that the exhibits qualify for sealing.  Mylan has submitted a chart listing the exhibits that it seeks leave to file under seal and Sanofi's position in response to the sealing request.  Doc. 1947-1.  Also, Mylan has submitted a chart listing the exhibits that Sanofi asserts qualify for sealing, with Mylan's position in response to the sealing request.  Doc. 1947-35.  The court has reviewed the two charts, and it grants each of the requests for leave to file certain exhibits under seal.  Each of the listed exhibits (or portions of them) contain confidential business information or non-public financial information, including information about contract negotiations, pricing, and sales strategy.  Thus, the exhibits qualify for sealed filing either partially or in their entirety.  So, the court grants Mylan's request to file these exhibits under seal.

The following exhibits qualify for sealing in their entirety:  Exhibits 251, 255, 258, 266, 268, 269, 271, 273–280, and 283.

The following exhibits qualify for partial sealing, redacting from public view only the portion of the documents that the parties have identified as containing confidential information that qualifies for sealing:  Exhibits 253, 254, 256, 257, 260, 261, 270, and 272.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

> **(1) File <u>under seal</u> and without redactions, Exhibits 251, 253, 254, 255, 256, 257, 258, 260, 261, 266, 268, 269, 270, 271, 272, 273–280, and 283 to its Reply in Support of its Motion for Summary Judgment, and**

    (2) **File <u>publicly</u> and <u>with approved redactions</u>, Exhibits 253, 254, 256, 257, 260, 261, 270, and 272 to its Reply in Support of its Motion for Summary Judgment, and**

    (3) **File <u>publicly</u> all other exhibits to its Reply in Support of its Motion for Summary Judgment that: (a) no party has sought leave to file under seal or the court now has denied leave to file under seal (excluding Expert Reports for which the parties agreed to defer confidentiality designations until a later date), and (b) no party has filed publicly on the docket yet.**

       **B. Exhibits to *Daubert* Motions**

Mylan seeks leave to file under seal certain exhibits (or portions of them) to its Reply supporting its motion seeking to exclude the expert opinion of Fiona M. Scott Morton, Ph.D. Mylan has designated some of the exhibits for sealing because, it contends, the exhibits contain confidential business information about sales and marketing strategies, as well as information about forecasting. Sanofi has designated other exhibits to Mylan's Reply for sealing for the same reasons. The court finds that each of the designated exhibits (or portions of them) qualify for sealing because they contain sensitive and confidential business information. Thus, the court grants Mylan's request to file these exhibits under seal.

**Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:**

    (1) **File <u>under seal</u> and without redactions, Exhibits 1, 3, 4, 5, 8, 10, and 11 to its Reply in Support of its Motion to Exclude Expert Opinions of Fiona M. Scott Morton Ph.D., and**

(2)   **File publicly and with approved redactions, Exhibit 1 to its Reply in**

**Support of its Motion to Exclude Expert Opinions of Fiona M. Scott**

**Morton Ph.D., and**

(3)   **File publicly all other exhibits to its Replies in Support of its motions**

**seeking to exclude expert opinion testimony that:  (a) no party has sought**

**leave to file under seal or the court now has denied leave to file under seal**

**(excluding Expert Reports for which the parties agreed to defer**

**confidentiality designations until a later date), and (b) no party has filed**

**publicly on the docket yet.**

**XX.   Sanofi's Renewed Motion for Leave to Seal Certain Exhibits and Portions of Exhibits in [Sanofi's] August 30 Summary Judgment and *Daubert* Replies (Doc. 1948)**

Sanofi's Renewed Motion for Leave to Seal seeks leave to file under seal certain exhibits or portions of exhibits attached to its Reply in Support of its Motion for Summary Judgment and one of its Replies in support of its motions to exclude certain expert testimony.  The court addresses each set of requests, separately.  For reasons explained, the court grants each sealing request presented by Sanofi's motion.  So, the court grants Sanofi's Renewed Motion for leave to file under seal (Doc. 1948).

**A.   Exhibits to Sanofi's Reply Supporting its Motion for Summary Judgment**

Sanofi seeks leave to file under seal just six exhibits attached to its Reply in Support of its Motion for Summary Judgment.  Sanofi explains that Mylan asserts that these six exhibits (or portions of them) qualify for sealing.  Sanofi has submitted a chart listing the exhibits that Mylan has asked it to seek leave to file under seal, with Sanofi's position in response to the sealing request.  Doc. 1948-1.  The court has reviewed the chart, and the exhibits listed in it.  Based on

that review, the court grants each of the requests for leave to file certain exhibits under seal. Each of the listed exhibits (or portions of them) contain confidential business information, including information about strategic planning, competitive analysis, contract negotiations, and sales strategy.  Thus, the exhibits qualify for sealed filing either partially or in their entirety.  So, the court grants Sanofi's request to file these exhibits under seal.

The following exhibits qualify for sealing in their entirety:  Exhibits 153, 155, 156, and 163.

The following exhibits qualify for partial sealing, redacting from public view only the portion of the documents that the parties have identified as containing confidential information that qualifies for sealing:  Exhibits 159 and 160.

**Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to:**

**(1) File <u>under seal</u> and without redactions, Exhibits 153, 155, 156, 159, 160 and 163 to its Reply in Support of its Motion for Summary Judgment, and**

**(2) File <u>publicly</u> and <u>with approved redactions</u>, Exhibits 159 and 160 to its Reply in Support of its Motion for Summary Judgment, and**

**(3) File <u>publicly</u> all other exhibits to its Reply in Support of its Motion for Summary Judgment that:  (a) no party has sought leave to file under seal or the court now has denied leave to file under seal (excluding Expert Reports for which the parties agreed to defer confidentiality designations until a later date), and (b) no party has filed publicly on the docket yet.**

### B.  Exhibits to *Daubert* Motions

Sanofi seeks leave to file under seal just two exhibits (or portions of them) to its Reply supporting its motion seeking to exclude the expert opinion of Gary Zieziula.  Sanofi explains that Mylan has designated these exhibits for sealing because, it contends, the exhibits contain confidential business information about sales and marketing strategies, product development, and competitive analysis of the market.  The court finds that the designated exhibits (or portions of them) qualify for sealing because they contain sensitive and confidential business information.  Thus, the court grants Sanofi's request to file these exhibits under seal.

**Consistent with these rulings, the court orders Sanofi, within 30 days from the date of this Order, to:**

(1) **File <u>under seal</u> and without redactions, Exhibits 6 and 7 to its Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula, and**

(2) **File <u>publicly</u> and <u>with approved redactions</u>, Exhibit 6 to its Reply in Support of its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula, and**

(3) **File <u>publicly</u> all other exhibits to its Replies in Support of its motions seeking to exclude expert opinion testimony that:  (a) no party has sought leave to file under seal or the court now has denied leave to file under seal (excluding Expert Reports for which the parties agreed to defer confidentiality designations until a later date), and (b) no party has filed publicly on the docket yet.**

**XXI.   Conclusion**

While the court has approved sealing some documents, the court reminds the parties that this outcome may have to yield to other considerations in the future.  As our Circuit has emphasized, "'where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'"  *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). So, the court approves sealing some records for reasons stated in this Memorandum and Order, but this protection may end if the records contribute to the court's analysis of this case's many issues.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Sanofi's Unopposed Motion for Leave to Seal Portions of its Memorandum of Law in Opposition to Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D., and Certain Attached Exhibits (Doc. 1796) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion for Leave to File Portions of the Exhibit Attached to Sanofi's Opposition to Mylan's Partial Motion to Exclude Opinion Testimony of Eduardo Schur Under Seal (Doc. 1798) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion for Leave to File Portions of Exhibit A to its Opposition to Mylan's Motion to Exclude Opinion Testimony of Steven N. Wiggins, Ph.D. Under Seal (Doc. 1800) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion to Preliminarily File Under Seal the Memorandum of Points and Authorities in Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Thomas Varner (Doc. 1801) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum of Points and Authorities in Opposition to Sanofi's Motion to Exclude the Expert Reports and Testimony Offered by Mylan's Expert Gary Zieziula (Doc. 1802) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal the Memorandum and Points of Authorities in Opposition to Sanofi's Motion for Summary Judgment (Doc. 1805) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Sanofi's Motion for Leave to File Portions of its Memorandum of Law in Support of its Opposition to Mylan's Motion for Summary Judgment and Certain Attached Exhibits Under Seal (Doc. 1820) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. (Doc. 1866) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion for Leave to Seal Portions of its Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Thomas Varner (Doc. 1870) is granted.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion for Leave to File Portions of its Reply in Further Support of its Motion for Summary Judgment and Attached Exhibits Under Seal (Doc. 1872) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Sanofi's Unopposed Motion for Leave to File Sanofi's Reply in Further Support of its Motion to Exclude the Expert Reports and Testimony of Gary Zieziula and Certain Exhibits Attached Thereto Under Seal (Doc. 1875) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Eduardo Schur (Doc. 1876) is granted.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply in Support of Mylan's Motion to Exclude Opinion Testimony of Steven Wiggins, Ph.D. (Doc. 1878) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Unopposed Motion Preliminarily to File Under Seal the Reply Memorandum of Points and Authorities in Support of Mylan's Motion for Summary Judgment and Exhibits (Doc. 1882) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Renewed Motion for Leave to File Under Seal Mylan's Memoranda in Support of its Motion for Summary Judgment and *Daubert* Motions and Mylan's Expert Reports (Doc. 1935) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Renewed Motion for Leave to File Under Seal Exhibits to Mylan's Oppositions to Sanofi's Motion for Summary Judgment and *Daubert* Motions (Doc. 1936) is granted.

**IT IS FURTHER ORDERED THAT** Sanofi's Renewed Motion for Leave to File Certain Information Cited in Sanofi's June 28 Briefs and Expert Reports Under Seal (Doc. 1937) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Sanofi's Renewed Motion for Leave to Seal Certain Exhibits and Portions of Exhibits in Sanofi's Opposition to Mylan's Motion for Summary Judgment and Opposition to Mylan's Motions to Exclude Opinion Testimony of Fiona M. Scott Morton, Ph.D. and Steven N. Wiggins, Ph.D. (Doc. 1938) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Mylan's Renewed Motion for Leave to File Under Seal Exhibits to Mylan's Replies in Support of Mylan's Motion for Summary Judgment and Mylan's *Daubert* Motions (Doc. 1947) is granted.

**IT IS FURTHER ORDERED THAT** Sanofi's Renewed Motion for Leave to Seal Certain Exhibits and Portions of Exhibits in [Sanofi's] August 30 Summary Judgment and *Daubert* Replies (Doc. 1948) is granted.

**IT IS FURTHER ORDERED THAT the parties must follow the instructions that the court has outlined above for filing documents both publicly and under seal.**

**IT IS SO ORDERED.**

**Dated this 17th day of December, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**