## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE:  EpiPen (Epinephrine
   Injection, USP) Marketing,
   Sales Practices and Antitrust
   Litigation

   **MDL No:  2785**

   **Case No. 17-md-2785-DDC-TJJ**

(This Document Applies to the *Sanofi* Case)

---

### MEMORANDUM AND ORDER

On December 17, 2020, the court issued two Memoranda and Orders (Docs. 2253 & 2254) ruling the summary judgment and *Daubert* motions filed in the *Sanofi* track of this MDL. The same day, the court filed a Notice of Unsealing and Order (Doc. 2255).  It explained that the court was filing the two Memoranda and Orders under seal.  *Id.* at 2.  But, the sealed status of the filings was just temporary.  *Id.*  The court gave the parties an opportunity to file a joint notice identifying portions of the Orders that they contend should remain sealed.  *Id.* at 3.  And, the court advised, if the parties filed such a joint notice, the court would convene a conference promptly to consider and rule the parties' sealing requests.  *Id.* at 4.

On January 13, 2021, the parties filed a "Joint Notice Requesting That Portions of the Court's December 17, 2020 Memoranda Resolving the Parties' Summary Judgment and *Daubert* Motions Remain Under Seal" (Doc. 2265).  The Joint Notice asks the court to seal substantial portions of the court's Orders.  On January 27, 2021, the court convened a telephone conference with the parties to announce its decision on the sealing requests.  As explained in that conference, the court denies most of the parties' sealing requests.  The court will permit limited redactions to portions of the Memorandum and Order ruling the summary judgment motions.

And, the court won't allow any redactions to the Memorandum and Order ruling the *Daubert* motion.  The court directs the Clerk of the Court to unseal the two Memoranda and Orders consistent with the court's ruling, thus making them available to the public in large measure. Below, the court explains its reasoning for granting in part and denying in part the parties' requests to seal information in the court's December 17, 2020 Memoranda and Orders.

### Legal Standard

Our Circuit long has recognized a common-law right of access to judicial records. *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This right "is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes."  *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994) (citation and internal quotation marks omitted).  But, the public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access."  *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest outweighing the presumption of public access.  *Id.*; *see also Bacon*, 950 F.3d at 1293 ("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" (citation and internal quotation marks omitted)).  Also, our Circuit assigns a strong presumption of public access to judicial records containing substantive rulings about a litigant's legal rights.  *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) ("Especially 'where documents are used to determine

litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))); *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) ("[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies.").

The court applies this governing legal standard to the parties' request to seal certain portions of the court's December 17, 2020 Memoranda and Orders.

### Discussion of the Parties' Sealing Requests

The court grants just four of the parties' requests to seal information contained in the court's Memorandum and Order ruling the summary judgment motions.

*First*, the court permits redaction of just a portion of a sentence on page 6. The court will redact the part of the sentence that provides the monetary amount that Sanofi paid Intelliject for its license to market and sell Auvi-Q. The court agrees that Sanofi has a privacy interest in the specific monetary amount that it paid for this license, and the public's right to access judicial records doesn't outweigh that interest. This is especially true here because the limited redaction doesn't affect the public's ability to understand the pertinent summary judgment facts and the court's analysis of those facts in the context of Sanofi's antitrust claims. So, the court allows this limited redaction.

*Second*, the court allows limited redactions on pages 15, 16, and 53 to seal identifying information about third-party witnesses. The witnesses' identities aren't germane to understanding the summary judgment facts. So, the public's interest in this information is minimal. And, the court thus allows the redactions.

*Third*, the court permits the requested redaction on page 26 that seals specific information about Sanofi's cost of goods and royalties. The court recognizes the confidentiality interest in this information, and this limited redaction doesn't prevent the public from understanding the pertinent summary judgment facts or analysis. So, the court allows this redaction.

*Finally*, the court allows limited reactions to pages 9 and 10. Initially, the court had planned to deny the request to redact information on these two pages. This portion of the court's Order discusses Mylan's perception of Auvi-Q when it entered the market as a competing EAI device. Also, it discusses Mylan's consideration of making certain changes to the EpiPen design. At the hearing, Mylan's counsel asserted that Mylan has a privacy interest in this information because its EpiPen product still competes with Auvi-Q. And, counsel argued, even though the information is dated (*i.e.*, it dates back to the 2011–12 time period), Mylan still has an interest in keeping this information confidential that outweighs the public's right to access it.

Sanofi objected to Mylan's proposed redactions in the parties' Joint Notice. At the hearing, Sanofi's counsel continued to assert the objections. Counsel argued that the information is not competitively sensitive given its age. And, counsel argued, the public has an interest in accessing this information, including potential amici who need this information to assist with their preparing submissions in the appeal of the summary judgment motions.

After considering the parties' arguments, the court grants Mylan's request to make redactions on pages 9 and 10, but only in part. Some of the information Mylan seeks to redact is vague and generalized. And, some of the information is important to understanding the competitive landscape of the market as Auvi-Q prepared to enter it and how Mylan's perception of that competitive threat drove its actions in response Auvi-Q, including its decision to offer exclusive rebate agreements. The public has an interest in accessing that information. So, the

court won't redact all of the requested information.  But, the court will redact limited, specific information that discusses Mylan's perception of Auvi-Q.  Even though the information is somewhat dated, the court finds that Mylan has a privacy interest in this information because it still competes with Auvi-Q.  So, it will allow redactions to four passages on pages 9 and 10 of the Memorandum and Order.  But, it won't adopt Mylan's proposed redactions on these pages in their entirety.

The court denies all other requests to redact information in the Memorandum and Order ruling the summary judgment motions, as well as all requests to redact information in the Memorandum and Order ruling the *Daubert* motions.  Generally, each of the denied requests falls into one or more categories of information that do not qualify for sealing.  For example, Mylan asks the court to redact information about its analysis of Auvi-Q as a competitor and its efforts to compete against Auvi-Q at launch.  This information may qualify as confidential business information, but it's quite stale.  It dates back to the 2008–2012 time period.  And, the information is important for context to the court's later analysis of how Mylan viewed Auvi-Q as a competitor and whether the actions it took in response to Auvi-Q's launch violated the antitrust laws.  The public holds a significant interest in access to this information to understand the court's summary judgment analysis.  And this interest outweighs any limited privacy interest that Mylan has in business information so stale.  So, the court denies these sealing requests.

As another example, the parties ask to redact information about how third party payors viewed the two products—*i.e.*, EpiPen and Auvi-Q.  The sealing requests ask to redact, among other things, information about rebate negotiations and contract terms that Mylan and Sanofi secured with third party payors.  The court understands the parties have a confidentiality interest in this information.  But, these facts about rebate terms go to the heart of the court's merits

analysis—that is, whether Mylan's rebating practices thwarted competition in a way violating our antitrust laws.  Also, this information is several years old now.  It comes from 2008 to 2016, making some of the information more than a decade old.  The public has a strong interest in access to this information because it reveals the reasoning for the court's rulings.  And, that interest outweighs any privacy interest the parties have in this stale business information.  So, the court denies sealing requests falling into this category.

Also, Mylan asks to redact information about its pricing of the EpiPen.  But this information too is important to the court's summary judgment analysis of the antitrust claims.  And, the price increases that Mylan imposed on EpiPen is something already well known by the public—it even was the subject of congressional hearings.  The court denies the requests to redact information about EpiPen pricing.

The parties also ask the court to redact information about EpiPen and Auvi-Q market share.  Again, this information is important to the court's antitrust analysis.  It's also dated information, ranging in time from 2010 to 2015.  The court finds that the public's right to access this information to understand the summary judgment facts and the court's analysis of the antitrust claims outweighs any privacy interest in this business information.

As one last example, one of the more misplaced requests for sealing asks to redact a portion of the Memorandum and Order ruling the parties' *Daubert* motions.  Specifically, Mylan asks to redact a passage that contains a statement made by a committee member of Florida's Medicaid formulary committee during a 2014 meeting.  This information isn't confidential.  It was made by a third party at a meeting more than six years ago.  Any privacy interest in the information is outweighed by the public's right to access it.

For all these reasons and the reasons the court articulated in the January 27, 2021 telephone conference, the court grants in part the parties' requests to redact limited portions of the Memorandum and Order ruling the parties' summary judgment motions, as described in this Order.  But, the court denies all other requests to react information from the court's Memoranda and Orders ruling the parties' summary judgment and *Daubert* motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' requests to seal certain portions of the court's two Memoranda and Orders issued on December 17, 2020 are granted in part and denied in part.  The court directs the Clerk of the Court to unseal the two Orders (Docs. 2253 & 2254), consistent with the rulings in this Order.

**IT IS SO ORDERED.**

**Dated this 29th day of January, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**