IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to the *Sanofi* Case) | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

**MEMORANDUM AND ORDER**

Mylan has filed a "Renewed Motion to Refile Expert Report of Janusz Ordover Along with Third Party Requests to Lodge Certain Portions of the Report Under Seal." Doc. 2321.  In the *Sanofi* track of this MDL, Mylan and Sanofi attached the Ordover Expert Report to their summary judgment briefing as a sealed exhibit.  Mylan now seeks leave to file the Ordover Expert Report publicly, but with certain redactions that two third-parties—kaléo and Princeton Brand Econometrics ("PBE")—have requested.  Mylan objects to some of kaléo's requests and all of PBE's requests.  Sanofi takes no position on any of the third-parties' requests.

When considering the requests to redact certain portions of the Ordover Expert Report, the court recognizes the well-established rule that the public deserves a common-law right of access to judicial records.  *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).  But, the public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).  A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest outweighing

the presumption of public access.  *Id.*; *see also Bacon*, 950 F.3d at 1293 ("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" (citation and internal quotation marks omitted)).

The court takes the requests to seal in paginated order as they appear in the Ordover Expert Report.

- Page 16 (Doc. 2321-1 at 20).  PBE asks the court to seal information disclosing that Sanofi retained it in 2010 to provide forecasts, as well as one piece of information produced by PBE's forecast in February 2012.  The proposed redactions don't qualify for sealing.  PBE has an interest in preventing someone from misunderstanding the 2012 forecasted information without knowing what assumptions and inputs formed the basis for the analysis.  But, the information provided in the Expert Report is minimal, and it's generalized.  Also, the information is dated.  Thus, the court doesn't find a sufficient privacy interest in this information to outweigh the public's right to access it.  So, the court denies the request to redact portions of page 16 of the Ordover Expert Report.
- Pages 31–32, 41 (Doc. 2321-1 at 35–36, 45).  kaléo asks the court to seal information discussing its licensing agreement with Sanofi for Auvi-Q.  Mylan agrees that the exact price terms of the agreement qualify for sealing, but it disagrees that the portion discussing the agreement's royalty milestone payments deserves redaction.  The court agrees with Mylan.  The court previously has allowed the parties to seal information about exact pricing terms, but already has made public that the agreement included milestone payments.  *See* Doc. 2254-1 at

2

6. So, the court permits Mylan to file the Ordover Expert Report publicly, redacting only the blue-highlighted text on pages 31–32 & 41. But, the court denies kaléo's request to seal the red-highlighted portions on those pages.

- Pages 42–44 (Doc. 2321-1 at 46–48). kaléo asks the court to seal information discussing the recall and relaunch of Auvi-Q. Mylan asserts that this information doesn't deserve sealing because it's stale—the recall occurred in 2015 and the relaunch in 2017. Also, Mylan asserts that the information discussed is vague and generalized and doesn't reveal confidential information. The court disagrees with Mylan. kaléo seeks redaction of limited portions of the Ordover Expert Report that describe its infrastructure, its response to Auvi-Q's recall, and certain results produced by the recall. The courts finds that these limited redactions qualify for sealing because they discuss kaléo's confidential business information and its right to privacy for this information outweighs the public's right to access it. So, the court allows the redactions on pages 42–44 of the Ordover Expert Report.

Consistent with these rulings, the court orders Mylan, within 30 days from the date of this Order, to:

(1) File the Ordover Expert Report <u>under seal and without redactions</u>, and

(2) File the Ordover Expert Report <u>publicly and with the redactions</u> on pages 31–32 & 41 (blue highlighting only) and 42–44, that this Order has approved.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mylan's "Renewed Motion to Refile Expert Report of Janusz Ordover Along with Third Party Requests to Lodge

Certain Portions of the Report Under Seal" (Doc. 2321) is granted in part and denied in part, consistent with this Order.

**IT IS SO ORDERED.**

**Dated this 15th day of March, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
