# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>*(This Document Relates to Class Cases)* | Case No. 2:17-MD-02785-DDC-TJJ<br><br>MDL No. 2785 |

### DECLARATION OF DAVID M. FOSTER

Pursuant to 28 U.S.C. § 1746, I, David M. Foster, hereby declare and state as follows:

1. I am over eighteen years of age and am competent to give this Declaration, which is based upon my personal knowledge.

2. I am a partner at Hogan Lovells US LLP ("Hogan Lovells"), and I am counsel of record for the Mylan Defendants in the above-captioned litigation.

3. As part of my role as counsel for the Mylan Defendants in this litigation, I have been responsible for overseeing the Mylan Defendants' production of documents in response to requests for production served by Plaintiffs.

4. All told, the Mylan Defendants have produced millions of pages of documents in this case. The Mylan Defendants produced the majority of these documents ahead of the Court's April 30, 2018 substantial completion deadline.

5. In order to substantially complete their production of documents by the April 30, 2018 deadline, the Mylan Defendants had to conduct a review of over 720,000 documents for potential production. This review took place within the span of approximately two months.

6. Along with other attorneys at Hogan Lovells who have appeared on behalf of the Mylan Defendants in this case, I trained and supervised the team of attorneys that reviewed these documents for potential production. The attorneys reviewed each of the more than 720,000 documents individually to determine if they were responsive to Plaintiffs' requests and to

determine if the documents should be withheld on grounds of privilege, including the attorney-client privilege and work product protection. Hogan Lovells applied a robust process to review and audit the work of the attorneys who performed the first level of review.

7. On April 24, 2018, Mylan inadvertently produced a document Bates-labeled as MYEP00260131 as part of its ninth document production. A true and correct copy of the letter accompanying that production is attached to Mylan's Opposition as Exhibit 2.

8. On June 14, 2018, Plaintiffs deposed Bruce Foster, a Mylan employee. A true and correct copy of selected excerpts of Mr. Foster's deposition testimony are attached to Mylan's Opposition as Exhibit 6.

9. On August 16, 2019, Mylan re-produced documents that it previously produced in this case in another pending litigation, captioned as *In re Mylan N.V. Securities Litigation*, No. 16 Civ. 7926 (JPO) (S.D.N.Y.) (the "Securities Litigation"). The document Bates labeled as MYEP00260131 was among the materials that Mylan re-produced in the Securities Litigation.

10. Robert Potter, the recipient of the email at issue, sat for a deposition in the Securities Litigation on March 1, 2021. During the deposition, a copy of MYEP00260131 was introduced as an exhibit by the plaintiffs in the Securities Litigation. Mylan's counsel in the Securities Litigation recognized that the document contains privileged information and reserved Mylan's rights to claw it back during the deposition.

11. Shortly thereafter on March 1, Mylan's counsel in the Securities Litigation informed me that MYEP00260131 had been introduced as a deposition exhibit in Mr. Potter's deposition. This was the first time that I, or any of the counsel of record in this case, became aware that the document Bates-labeled as MYEP00260131 had been inadvertently produced. Thus, the Mylan Defendants first became aware of the inadvertent production of this document on March 1, 2021.

12. On March 3, 2021, Mylan sent notice to all parties in the above-captioned case clawing back the document Bates-labeled as MYEP00260131 pursuant to the Third Amended Stipulated Protective Order entered in this case. A true and correct copy of the clawback letter is

2

attached to Mylan's Opposition as Exhibit 3.  Mylan also provided all parties with a redacted copy of the document Bates-labeled as MYEP00260131.  A true and correct copy of the redacted document is attached to Mylan's Opposition as Exhibit 4.

13.  On March 9, 2021, Plaintiffs notified Mylan that they had sequestered the document at issue and intended to challenge Mylan's privilege designation and clawback.  A true and correct copy of Plaintiffs' email is attached to Mylan's Opposition as Exhibit 5.

14.  I have been informed by Mylan's counsel in the Securities Litigation that they formally clawed back the document in the Securities Litigation on March 2, 2021, the day after the document was introduced as an exhibit in Mr. Potter's deposition.  Mylan's counsel in the Securities Litigation also has informed me that all parties in that case have confirmed that they complied with Mylan's clawback request pursuant to the Stipulated Protective Order in the Securities Litigation and that no party to that case has objected to the clawback.  Among the firms that certified compliance is Robbins Geller Rudman & Dowd LLP, which represents a plaintiff in the Securities Litigation.

15.  On May 21, 2020, Plaintiff Sanofi-Aventis U.S., LLC ("Sanofi") clawed back twenty documents that it had inadvertently produced earlier in this case.  A true and correct copy of Sanofi's May 21, 2020 letter is attached to Mylan's Opposition as Exhibit 7.  Mylan complied with its obligations under the Third Amended Stipulated Protective Order and did not object to Sanofi's clawback request.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 3, 2021.

/s/ David M. Foster
David M. Foster