IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ<br><br>FILED UNDER SEAL |

## MEMORANDUM AND ORDER

Defendants ask the court for leave to maintain under seal—but just temporarily—the transcript of the June 16, 2021 status conference.[1] Docs. 2371 & 2378. Defendants ask the court to maintain the transcript under seal until July 15, 2021. By that date, defendants represent that Pfizer and plaintiffs will disclose publicly the settlement they have reached in this lawsuit. But until then, defendants ask the court to maintain under seal the transcript of the June 16, 2021 status conference because the non-final settlement was a topic of discussion among the court and the parties during that conference.

The public enjoys a "common-law right of access" to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 599 (1978); *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020). But, this right is "not absolute." *Bacon*, 950 F.3d at 1293 (citation and internal quotation marks omitted). A litigant can rebut the "strong presumption in favor of public access" when "countervailing interests heavily outweigh the public interests in access to the judicial record." *Id.* (citations and internal quotation marks omitted). This legal standard requires

---

[1] All defendants join in this request that the court grant leave to maintain the transcript under seal. Plaintiffs take no position on the motion. Doc. 2378 at 1.

federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection. When engaging in this endeavor, the case authority confers substantial discretion on district judges. *See Nixon*, 435 U.S. at 599 (explaining the decision about public access "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case").

Here, defendants assert that the need to preserve confidentiality of the parties' non-final settlement outweighs the public's right to access the transcript—at least temporarily. Defendants explain that Pfizer and plaintiffs have entered a binding term sheet that includes a condition that the settlement will remain confidential until the parties file their Motion for Preliminary Approval on July 14, 2021. Doc. 2371 at 1; Doc. 2378 at 3. Also, defendant Mylan asserts that disclosure of the settlement right now—without context—risks prejudicing Mylan in advance of the scheduled September trial date and in other EpiPen-related litigation. Doc. 2378 at 4.

The court agrees that these countervailing interests in maintaining the confidentiality of the transcript outweigh the public's right to access the transcript until July 15, 2021, after the parties publicly disclose the settlement by filing the Motion for Preliminary Approval. Other courts have found that settlement discussions and draft settlement agreements don't "carry a presumption of public access" that outweighs the risk of settlement negotiations "be[ing] chilled to the point of ineffectiveness if draft materials were to be made public." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857–58 (2d Cir. 1998) (concluding "that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent[,]" and the "need for a fair and efficient resolution through settlement of this complex, expensive, ten-year-old case of great public importance far outweighs the negligible

presumption of access to settlement material to the point of ineffectiveness if draft materials were to be made public"); *see also Singleton v. PharmaTech, LLC*, No. 17-921, 2020 WL 7769835, at *11 (W.D. Pa. Dec. 30, 2020) (finding that the parties "met their burden to justify the temporary sealing [of settlement information] because revealing" the information "publicly could place [defendants] at a significant disadvantage in both the litigation of the Florida cases and any negotiations toward a resolution of those matters"); *Murphy v. Dolgencorp, Inc.*, Nos. 1:09CV00007, 1:09CV00014, 2010 WL 4261310, at *1 (W.D. Va. Oct. 28, 2010) (finding "good cause . . . to seal the settlement agreements for a limited period of time" of two years because there were "approximately 800 similar cases pending against the defendant in this and other federal courts around the nation[,]" "keeping the terms of other settlements from each of these plaintiffs [was] beneficial in order to allow negotiations to concentrate on the specific merits of each individual case[,]" and sealing for two years would "allow the parties the opportunity to negotiate settlement in most cases, and adequately balance[d] the needs of the parties with the presumptive right of the public to access court records").

For similar reasons here, the court concludes that the need to preserve the confidentiality of Pfizer and plaintiffs' non-final settlement just for another couple of weeks outweighs the public's right to access the transcript until July 15, 2021, after the settlement is made publicly available.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motions for Leave to Temporarily Maintain Under Seal the Transcript from the June 16, 2021 Status Conference (Docs. 2371 & 2378) are granted. The transcript shall remain under seal until July 15, 2021. On that date, the court will direct the Clerk of the Court to unseal the transcript, as well as defendants' motions (Docs. 2371 & 2378) and this Memorandum and Order.

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2021, at Kansas City, Kansas.**

>  <u>s/ Daniel D. Crabtree</u>
> **Daniel D. Crabtree**
> **United States District Judge**