**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION<br><br>*This Document Relates to CLASS CASES.* | Case No. 2:17-MD-2785-DDC-JJ (MDL No. 2785) |

**THE MYLAN DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO ALLOW LIVE TRIAL TESTIMONY VIA CONTEMPORANEOUS
<u>TRANSMISSION AND FOR TRIAL DEPOSITIONS</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

BACKGROUND ....................................................................................................... 2

ARGUMENT ........................................................................................................... 5

I.     PLAINTIFFS' MOTION IS MOOT FOR FIVE OF THE SIX WITNESSES
IDENTIFIED. ................................................................................................. 5

II.    PLAINTIFFS' RENEWED RULE 43 MOTION AS TO MS. BRESCH AND MR.
SANDERS SHOULD BE DENIED. ................................................................ 7

     A.    Plaintiffs Are Foreclosed From Relitigating The Issue Under The Law Of The
Case Doctrine. ..................................................................................... 7

     B.    Plaintiffs Still Cannot Use Rule 43 As An End-Run Around Rule 45. .................. 8

     C.    Plaintiffs Have Not Met Their Burden Under The Tenth Circuit's Rule 43
Standard. ............................................................................................. 9

     D.    Plaintiffs Have Not Met Their Burden Even Under Their Proposed Standard..... 11

III.    PLAINTIFFS' REQUEST TO CONDUCT ADDITIONAL "TRIAL DEPOSITIONS"
SHOULD BE DENIED. ................................................................................ 13

     A.    Plaintiffs' Request For Trial Depositions Does Not Comply With Local Rule
30.3..................................................................................................... 13

     B.    Plaintiffs Ignore the Federal Rules of Civil Procedure and the Court's Pretrial
Order. ................................................................................................. 14

     C.    Plaintiffs Cannot Meet The "Manifest Injustice" Standard Required To Modify
the PTO. .............................................................................................. 15

CONCLUSION...................................................................................................... 17

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*In re Actos (Pioglitazone) Prods. Liab. Litig.*,
   No. 12-CV- 00064, 2014 WL 107153 (W.D. La. Jan. 8, 2014) .............................................10

*Avalanche Equip., LLC v. Williams-S. Co., LLC*,
   No. 13-CV-2827, 2014 WL 12676225 (D. Colo. Oct. 28, 2014) ...........................................11

*Benedict v. United States*,
   No. 15-CV-10138, 2016 WL 6138599 (E.D. Mich. Oct. 21, 2016) ........................................14

*Brigham v. Colyer*,
   No. CIV. A. 09-2210, 2010 WL 3909824 (D. Kan. Oct. 1, 2010) ................................. *passim*

*Charles v. Wade*,
   665 F.2d 661 (5th Cir. 1982) ................................................................................................14

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*,
   No. MDL 3:11-MD-2244-K, 2016 WL9776572 (N.D. Tex. Sept. 20, 2016) ........................10

*EEOC v. Beauty Enters., Inc.*,
   No. CIV. 3:01CV378, 2008 WL 3892203 (D. Conn. July 9, 2008).......................................14

*Eller v. Trans Union, LLC*,
   739 F.3d 467 (10th Cir. 2013) .......................................................................................7, 9, 10

*Estenfelder v. Gates Corp.*,
   199 F.R.D. 351 (D. Colo. 2001) ..........................................................................................14

*Gil-Leyva v. Leslie*,
   780 F. App'x 580 (10th Cir. 2019) ..............................................................................7, 10, 11

*Hale v. Vietti*,
   No. 16-4183, 2019 WL 2869441 (D. Kan. July 3, 2019) (Crabtree, J.) .............................8, 10

*Harte v. Bd. of Comm'rs of Cnty. of Johnson, Kansas*,
   940 F.3d 498 (10th Cir. 2019) ........................................................................................7, 8, 12

*Johnson v. Cherokee Cnty. Bd. of Cnty. Comm'rs*,
   No. 02:17-CV-2644, 2020 WL 1320720 (D. Kan. Mar. 20, 2020) ........................................15

*Minshall v. McGraw Hill Broad. Co.*,
   323 F.3d 1273 (10th Cir. 2003) ............................................................................................15

*Mullins v. Ethicon, Inc.*,
   No. 2:12-CV-02952, 2015 WL 8275744 (S.D.W. Va. Dec. 7, 2015) ...............................10, 12

*In re Nat'l Prescription Opiate Litig.*,
    956 F.3d 838 (6th Cir. 2020) ............................................................................9, 12

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
    No. 01 CIV. 1290, 2005 WL 578917 (S.D.N.Y. Mar. 11, 2005) ............................14

*Roundtree v. Chase Bank USA, N.A.*,
    No. 13-239, 2014 WL 2480259 (W.D. Wash. June 3, 2014) ...................................9

*Sithon Mar. Co. v. Holiday Mansion*,
    No. CIV. A. 96-2262, 1999 WL 66216 (D. Kan. Feb. 8, 1999) ............................14

*In re Vioxx Prods. Liab. Litig.*,
    439 F. Supp. 2d 640 (E.D. La. 2006)...........................................................2, 10, 12

*Watchous Enters., L.L.C. v. Pac. Nat'l Cap.*,
    No. 16-1432, 2019 WL 1569344 (D. Kan. Apr. 11, 2019)...............................13, 14

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
    No. MDL 2592, 2017 WL 2311719 (E.D. La. May 26, 2017) ...............................10

**Statutes**

18 U.S.C. § 1961 (RICO)..........................................................................................1, 5, 6

**Rules**

D. Kan. Rule 30.3 ...................................................................................................2, 13, 15

Federal Rule of Civil Procedure Rule 1 .........................................................................7

Federal Rule of Civil Procedure Rule 43 ............................................................... *passim*

Federal Rule of Civil Procedure Rule 43(a) ...................................................................9

Federal Rule of Civil Procedure Rule 45 ........................................................................8

Federal Rule of Civil Procedure 45(c) ............................................................................9

Plaintiffs' renewed Motion, Dkt. 2373 ("Mot."), improperly seeks additional bites at the apple regarding legal issues already decided by this Court, witnesses that have already testified, and factual theories now resolved.  Plaintiffs' Motion makes *no mention* of this Court's prior rulings and governing Federal and Local Rules and precedent, around which Plaintiffs again seek an end-run to evade the consequences of their own strategic choices.  For the reasons summarized below and set forth herein, Plaintiffs' Motion should be denied.

As an initial matter, Plaintiffs' request is now moot as to five of the six witnesses identified in the Motion.  Plaintiffs seek remote testimony under Rule 43 and trial depositions (in the alternative) from Heather Bresch and Lloyd Sanders, as well as trial depositions from Robert Coury, Bruce Foster, Ron Graybill, and Jill Ondos.  But for five of these six witnesses, Plaintiffs' Motion only seeks testimony relating to Plaintiffs' RICO and PBM-related antitrust claims, which have now been dismissed by the Court's June 23, 2021 ruling on summary judgment.  *See* Dkt. 2381; Ex. A (identifying witnesses and dismissed claims).  Therefore, the Motion should be denied as moot with respect to them.  The Motion is also moot as to Ms. Bresch (one of the five) because Plaintiffs acknowledge that there are alternatives to their requested relief that would resolve this issue and obviate their Motion—which they never raised with Mylan before filing.  This is a matter for a meet-and-confer, not a matter that is ripe for the Court's review.

As for the substance of Plaintiffs' Motion, Plaintiffs' renewed Rule 43 request for Ms. Bresch and Mr. Sanders should be denied as little more than a repeat of Plaintiffs' prior motion, Dkt. 2249 ("Prior Mot."), that the Court already rejected.  Although the Court acknowledged the possibility of a new Rule 43 motion that would be "sharply calibrated" and "focuse[d] on a particular witness," Ex. B (May 18, 2021 Email from Judge Crabtree), that is not what Plaintiffs have done.  They have simply repeated what they did before, without any attempts to satisfy the

correct legal standard or the governing law of this Circuit.  The law-of-the-case doctrine forecloses Plaintiffs from relitigating these issues.  And in any event, their renewed Motion is inconsistent with the Federal Rules and Tenth Circuit precedent and would fail even under the five-factor test from *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006).

Plaintiffs' request for trial depositions is at least as flawed.  Local Rule 30.3 governs exactly this situation, including those circumstances in which a trial deposition may be allowed: depositions should be "taken during the discovery period" *unless* a material witness "agrees to appear at trial" *and* "later becomes unable or refuses to attend."  D. Kan. Local Rule 30.3.  The courts in this District have similarly interpreted the Federal Rules to align with the Local Rule.  Yet Plaintiffs make no mention of Rule 30.3 or any relevant cases in this District, and they cannot meet the applicable standard.  None of the individuals identified in Plaintiffs' Motion agreed to appear at trial in Plaintiffs' case-in-chief.  Moreover, Plaintiffs cite an inapplicable "good cause" standard.  That is not the law, and Plaintiffs could not show good cause even if it were:  all of the witnesses identified were either already deposed (in some cases more than once) or Plaintiffs had and relinquished the opportunity to depose them during discovery.  *See* Ex. A (listing depositions).

In short, under the rules and precedent that govern this case, Plaintiffs' Motion should be denied.

## BACKGROUND

As discussed in more detail below, Plaintiffs' Motion is almost entirely moot in light of the Court's ruling on summary judgment.  However, to the extent the Court considers the Motion on the merits, the history of discovery and pretrial motions provides important context.

**Discovery Depositions.**  Pursuant to the Stipulated Deposition Protocol, entered by the Court in May 2018, Plaintiffs had the opportunity to depose up to 25 Mylan witnesses through

coordinated and non-coordinated discovery.  Dkt. 506 ¶¶ 4-5.  Coordinated depositions were to cover "all issues relevant to the litigation," *id.* ¶ 4, and, "[a]bsent agreement of the parties or leave of Court, no witness [was to] be deposed more than once in these proceedings."  *Id.* ¶ 7.  Plaintiffs took the depositions of Ms. Bresch, Mr. Coury, Mr. Foster, and Mr. Graybill in the coordinated phase of discovery, Ex. A, and all four witnesses, along with Ms. Ondos, were also document custodians.

**Non-Coordinated Discovery.**  After the close of coordinated discovery in October 2018, Plaintiffs proceeded with non-coordinated discovery.  On March 1, 2019, Plaintiffs served their Ninth Set of Requests for Production of Documents to Mylan, Dkt. 1479, including a request for documents from Mr. Sanders.  Mr. Sanders's documents were produced prior to the close of fact discovery in July 2019.  On June 21, 2019, Mylan served initial disclosures, which included all of the witnesses identified in Plaintiffs' Motion as individuals likely to have discoverable information.  Dkt. 1639.

On July 2, 2019, Plaintiffs served a notice of deposition of Ms. Ondos, Dkt. 1710, along with several other current and former Mylan employees.  Plaintiffs then sought leave to take a second deposition of Ms. Bresch regarding their "reverse payment" allegations.  Dkt. 1729.  And just a few days later, Plaintiffs filed a motion seeking leave to extend the close of discovery by 90 days.  Dkt. 1740.  On August 2, 2019, the Court granted Plaintiffs' request for a second deposition of Ms. Bresch and allowed a "very limited further deposition" for two hours.  Dkt. 1762 at 4.  On August 14, 2019, the Court extended discovery regarding Plaintiffs' patent litigation allegations and allowed the depositions of Ms. Bresch, Ms. Ondos, and others to take place after the July 31, 2019 discovery deadline.  Dkt. 1832 at 3.  Ms. Ondos was deposed on August 1, 2019, and Ms.

Bresch was deposed on October 19, 2019 entirely on issues relating to Plaintiffs' patent litigation claim.  Ex. A.

**Prior Rule 43 Motion**.  On December 16, 2020, Plaintiffs filed a Motion to Allow Live Trial Testimony Via Contemporaneous Transmission for Witnesses that Defendants Will Not Voluntarily Produce in Person or Who Cannot Otherwise be Compelled to Attend Trial.  Dkt. 2249.  Although Plaintiffs broadly sought relief from the Federal Rules, Plaintiffs identified in particular, among others, Ms. Bresch, Mr. Coury, Mr. Foster, and Mr. Graybill.  *Id.* at 6-12.  On May 18, 2021, the Court notified the parties by email that it would deny Plaintiffs' Motion "based on the standard [the Tenth] Circuit has adopted for Rule 43 motions," and noted that an order would be forthcoming.  Ex. B.  The Court stated that the denial "will not foreclose any party from making a more sharply calibrated motion that focuses on a particular witness."  *Id.*

**Witness Lists & Deposition Designations.**  On May 24, 2021, the Parties filed their proposed witness lists.  Mylan listed Ms. Bresch and Mr. Foster as witnesses Mylan "currently expects to present" and identified the manner of testimony as "live."  Dkt. 2354 at 2.[1]  Mylan also listed Mr. Graybill, Ms. Ondos, and Mr. Sanders as "may call" witnesses, to be called live or by deposition.  *Id.* at 3-4.  On June 1, 2021, Plaintiffs filed their deposition designations, which included designations for the testimony of Ms. Bresch, Mr. Coury, Mr. Foster, Mr. Graybill,[2] and Ms. Ondos.  *See* Dkt. 2357-1.  Notably, Plaintiffs did not designate *any* deposition testimony from Ms. Bresch's October 2019 deposition regarding patent litigation.  *Id.*

---

[1] Like Plaintiffs' Motion, Mylan's witness list was filed before the Court's order on summary judgment.  Mylan therefore reserves its right to remove witnesses from its witness list in light of the Court's order and anticipates that it will do so.

[2] Plaintiffs incorrectly state that Mr. Graybill is not on Defendants' witness list.  Mot. at 17;  Dkt. 2354.

**Plaintiffs' June 18 Motion & Summary Judgment.**  Plaintiffs filed the instant Motion on June 18, 2021, Dkt. 2372, despite being aware that the Court would rule on summary judgment just a few days later.  The Court issued its summary judgment order on June 23, 2021, dismissing Plaintiffs' RICO claim, which included all allegations regarding the two-pack decision and Ms. Bresch's Congressional testimony, as well as Plaintiffs' antitrust allegations regarding PBM rebating.  Dkt. 2381.  The only remaining allegations are state-law antitrust claims involving alleged generic delay.  As shown by the chart attached as Exhibit A, every witness that Plaintiffs have identified in the renewed motion either relates to dismissed claims or was already deposed on exactly the topics identified in Plaintiffs' Motion.

ARGUMENT

## I.   PLAINTIFFS' MOTION IS MOOT FOR FIVE OF THE SIX WITNESSES IDENTIFIED.

As an initial matter, Plaintiffs' Motion is largely moot pursuant to the Court's Order on Summary Judgment.  Plaintiffs seek Rule 43 testimony or trial depositions from six current or former Mylan employees.  With one exception, Plaintiffs seek to justify the testimony of these witnesses by relying entirely on their knowledge of facts associated with either Plaintiffs' RICO allegations (including the two-pack claim) or Plaintiffs' antitrust allegations regarding PBM rebates.  Mot. at 6-7, 16-17.[3]  But on June 23, 2021, the Court granted Mylan's motion for summary judgment in its entirety as it relates to those claims.  Dkt. 2381 at 126-150, 164-182.  Thus, Plaintiffs have no basis to call these five witnesses in any manner, and certainly not through the

---

[3] The only witness that Plaintiffs identify as testifying regarding generic delay issues is Ms. Ondos.  Ex. A.  Thus, she is the only witness for whom the Court's order on summary judgment does not moot Plaintiffs' arguments.  However, Plaintiffs' Motion should be denied as to Ms. Ondos for various other reasons discussed below.

5

extraordinary means of remote testimony or trial depositions.  This renders the Motion moot as to Ms. Bresch, Mr. Sanders, Mr. Coury, Mr. Foster, and Mr. Graybill.  *See* Ex. A.

For example, Plaintiffs identify Ms. Bresch as a "critical witness" because they allege that she "personally committed several RICO predicate acts."   Mot. at 6 (emphasis removed).  Plaintiffs' Motion offers no other basis to compel her testimony.  And Plaintiffs' rationales for seeking extraordinary relief as to the other witnesses also are now obsolete.  Plaintiffs rely solely on Mr. Sanders's involvement in two-pack issues, *id.* at 7; Mr. Coury's approval of the two-pack press release and alleged statements regarding Auvi-Q competition, *id.* at 16; and Mr. Foster's and Mr. Graybill's involvement in two packs and PBM-related issues, *id.* at 16-17.  In light of the Court's order dismissing all but Plaintiffs' state antitrust claims regarding patent litigation, Plaintiffs have not shown any need for these witnesses identified in the Motion, and it should therefore be denied as moot.

Additionally, Plaintiffs' Motion is moot as it pertains to Ms. Bresch for an independent reason:  Mylan's current witness list identifies Ms. Bresch as a witness it will call live to testify at trial.  Dkt. 2354 at 2.  As a result, there is not a live dispute between the parties.  Plaintiffs seem to acknowledge the inconsistency in their motion in footnote 5, stating that there are at least two ways in which "[r]emote live testimony would not be necessary for Ms. Bresch."  Mot at 12 n.5.  Had Plaintiffs informed Mylan of their plans to file this motion prior to doing so, the parties may have been able to reach a resolution without further burdening the Court.  Unfortunately, Plaintiffs charted a different course and instead appear to be negotiating with Mylan by way of motion practice.  There is no need for the Court to wade into this issue.  The parties can meet and confer about a variety of trial-witness issues in the ordinary course, and Ms. Bresch's status—including the manner and order of her testimony in the wake of summary judgment—will undoubtedly be

on the list.  Only if the parties cannot reach agreement would there be a need for the Court to step in.  Plaintiffs' motion as to Ms. Bresch is therefore premature, and should be denied as moot.

## II.      PLAINTIFFS' RENEWED RULE 43 MOTION AS TO MS. BRESCH AND MR. SANDERS SHOULD BE DENIED.

For the reasons discussed above, the portion of Plaintiffs' Motion seeking remote testimony under Rule 43 from Ms. Bresch and Mr. Sanders is moot.  To the extent the Court finds otherwise, the Motion should be denied for the following independent reasons.

### A.      Plaintiffs Are Foreclosed From Relitigating The Issue Under The Law Of The Case Doctrine.

The Court has already ruled on the substantive legal arguments at issue here; the Court denied Plaintiffs' prior motion, and they are not allowed a do-over.  *Harte v. Bd. of Comm'rs of Cnty. of Johnson, Kansas*, 940 F.3d 498, 510 (10th Cir. 2019) ("Under the law of the case doctrine, once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case.") (internal quotation marks omitted).[4]  While the Court left open the possibility of a renewed motion under certain circumstances, Plaintiffs have instead improperly refiled essentially the same motion.

On December 16, 2020, Plaintiffs filed their initial motion to allow live trial testimony via contemporaneous transmission under Rule 43.  Dkt. 2249.  On May 18, the Court informed the parties by email that it was denying Plaintiffs' request "based on the standard [the Tenth] Circuit has adopted for Rule 43 motions."  Ex. B (citing *Eller v. Trans Union, LLC*, 739 F.3d 467, 478-79 (10th Cir. 2013); *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587-89 (10th Cir. 2019)).  Rather than put forward a "more sharply calibrated motion that focuses on a particular witness" using the correct

---

[4] Plaintiffs' Motion is also inapposite with Rule 1, as relitigating the same issues does not "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

Tenth Circuit standard, *id*.,—the only renewed filing that the Court indicated might be allowed—Plaintiffs chose to file a motion that seeks to relitigate many of the very same legal arguments the Court rejected. For example, Plaintiffs repeat many of the same improper legal theories at length that the Court already found inapplicable. *Compare, e.g.*, Mot. at 2 (urging the Court again to adopt the incorrect *Vioxx* standard from the Eastern District of Louisiana when assessing a Rule 43 motion), *with* Prior Mot., Dkt. 2249 at 4 (same). Likewise, Plaintiffs' Motion is neither "sharply calibrated" nor "focuse[d] on a particular witness": most of the witnesses listed in the present motion—including Ms. Bresch—were discussed, nearly word-for-word, in Plaintiffs' prior motion. *Compare* Mot. at 6-7, 16-17, *with* Prior Mot., Dkt. 2249 at 6-12. The Court has already decided these issues, and Plaintiffs should not be allowed to relitigate them. *See Harte*, 940 F.3d at 510.

**B.      Plaintiffs Still Cannot Use Rule 43 As An End-Run Around Rule 45.**

Like their initial motion, Plaintiffs' renewed Motion attempts to use Rule 43 to make an end-run around the strict limits the Federal Rules place on the Court's subpoena power under Rule 45. Mylan incorporates by reference the Rule 45 arguments it made in response to Plaintiffs' prior motion, *see* Dkt. 2262 at 6-8 (Section II.A), as they apply with equal force here. There is no dispute that Ms. Bresch and Mr. Sanders "live more than 100 miles from the trial" and are otherwise outside the Court's Rule 45 subpoena power. *Hale v. Vietti*, No. 16-4183, 2019 WL 2869441, at *1, (D. Kan. July 3, 2019) (Crabtree, J.).[5] Thus, as the Court has recognized, Plaintiffs may not use Rule 43 to contravene the strict geographic limits of Rule 45. *See id.* (noting that the three witnesses plaintiff sought to call remotely "live more than 100 miles from the trial in Topeka,

---

[5] Plaintiffs acknowledge that similarly situated "critical" witnesses are outside the Court's subpoena power and cannot be compelled to testify at trial under Rule 45. Mot. at 15 (noting that the four additional witnesses Plaintiffs seek trial depositions from cannot be compelled to testify at trial under Rule 45). Ms. Bresch and Mr. Sanders are no different than these witnesses for Rule 45 purposes, and Plaintiffs do not explain this discrepancy.

Kansas," such that "plaintiff cannot compel these witnesses' attendance by trial subpoena under Federal Rule of Civil Procedure 45(c)").[6]

Although Plaintiffs appear to acknowledge this fact, Plaintiffs continue (as in their prior motion) to urge the Court to deviate from the Federal Rules because this case is an MDL. *See, e.g.*, Mot. at 7 (discussing "the differences between MDL and non-MDL civil cases").[7] But "the requirements of the Civil Rules in an MDL case . . . 'are the same as those for ordinary litigation on an ordinary docket.'" *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)). This is not a bellwether case; Plaintiffs voluntarily chose to file and consolidate their claims in this District, and to give up their *Lexecon* rights. *See supra* Section C n.9. The Court should again deny Plaintiffs' Motion.

## C.     Plaintiffs Have Not Met Their Burden Under The Tenth Circuit's Rule 43 Standard.

The Court's May 18 Email stated that Plaintiffs' prior motion was denied "based on the standard [the Tenth] Circuit has adopted for Rule 43 motions." Ex. B. Yet Plaintiffs filed a renewed Motion that makes no effort to meet that standard.[8]

As the cases cited in the Court's May 18 Email state, "good cause in compelling circumstances" will be found under Rule 43(a) when a witness cannot appear in person at trial for "unexpected reasons, such as accident or illness." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478

---

[6] *See also Roundtree v. Chase Bank USA, N.A.*, No. 13-239, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) ("Plaintiff attempts to avoid the geographic limits of FRCP 45(c) by arguing that trial testimony via live video link moves a trial to the physical location of the testifying person . . . Plaintiff provides no legal authority or compelling reason for this interpretation of Rule 45(c) and the Court declines to adopt it.").

[7] Plaintiffs make a passing argument that because members of the class may reside in all fifty states (at least pre-summary judgment), that this somehow grants the Court special powers to compel current and former Mylan employees to testify at trial no matter where they are located. Mot. at 7. This claim is unfounded in fact or law.

[8] Again, for the sake of brevity, Mylan incorporates by reference the Rule 43 arguments it made in response to Plaintiffs' prior motion. *See* Dkt. 2262 at 8-11 (Section II.B).

(10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment); *accord Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019). "In contrast, other reasons 'must be approached cautiously.'" *Hale*, 2019 WL 2869441, at *1 (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). The Rule thus presupposes that an individual witness is within the subpoena power or otherwise willing to testify at trial on the requesting party's behalf, but cannot travel to the Courthouse for some unexpected reason.

Plaintiffs have not shown either "good cause" or "compelling circumstances." Plaintiffs do not even try to meet this standard because they cannot: there is nothing unexpected about the present situation as it relates to Ms. Bresch or Mr. Sanders. Plaintiffs have certainly provided no basis to think that something like an "accident or illness," is at play. *See Eller*, 739 F.3d at 478. Plaintiffs' current position is instead a completely foreseeable result of Plaintiffs' own strategic choices. Indeed, it was Plaintiffs' choice to file and consolidate their cases in this District knowing full well that neither Mylan nor any of its primary witnesses reside or work in Kansas. And, for the handful of Plaintiffs that did not originally file their case in this District, it was their choice to knowingly and voluntarily waive their *Lexecon* rights to return to their home districts for trial.[9]

Additionally, Rule 43 favors the presentation of deposition testimony at trial for witnesses that fall outside the Court's subpoena power. Fed. R. Civ. P. 43, advisory committee's note to

---

[9] Like Plaintiffs' prior Rule 43 Motion, this is exactly the opposite situation of many of the bellwether products liability cases Plaintiffs cite throughout their Motion, where thousands of lawsuits were initially filed all over the country and then consolidated in a forum that most plaintiffs did not choose. *See, e.g.*, Mot. at 4-5, 8 (citing *In re Vioxx*, 439 F. Supp. 2d at 643; *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) (relying in part on the bellwether nature of the case in allowing Rule 43 testimony); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. MDL 3:11-MD-2244-K, 2016 WL9776572, at *1 (N.D. Tex. Sept. 20, 2016) (observing that the case was "[t]he third bellwether trial in this MDL" and served "over 8,000 cases [that had] been filed or consolidated to this district for pretrial proceedings"); *Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2015 WL 8275744, at *2 (S.D.W. Va. Dec. 7, 2015) (noting that this "consolidated case may impact hundreds and thousands of cases in this MDL"); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 12-CV- 00064, 2014 WL 107153, at *1, *2 (W.D. La. Jan. 8, 2014) (noting that the trial was "the bellwether case" for "some 2,800 cases originating from across the United States").

1996 amendment ("Ordinarily depositions . . . provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena . . . ."). Beyond conclusory statements that depositions are generally "canned," *e.g.*, Mot. at 1, 9, Plaintiffs fail to address why depositions will not suffice. Plaintiffs have two depositions of Ms. Bresch to choose from—10 hours of deposition testimony, including a deposition focused entirely on the sole remaining claim at issue in this litigation. *See* Dkt. 1762; *supra* Background Section.[10] And they made the strategic decision not to depose Mr. Sanders. *See supra* Background Section. Plaintiffs' simple desire for remote testimony is not enough. *See Avalanche Equip., LLC v. Williams-S. Co., LLC*, No. 13-CV-2827, 2014 WL 12676225, at *2 (D. Colo. Oct. 28, 2014) (denying plaintiff's Rule 43 motion, in part, because plaintiff knew of the importance of the witnesses during discovery and provided "no explanation for why they were not deposed or, it [sic] they were deposed, why their deposition testimony will not suffice").

Despite filing a new motion—and after receiving the benefit of some of the Court's reasoning regarding the denial of the prior motion—Plaintiffs again fail to show the type of "good cause in compelling circumstances" the Tenth Circuit requires under Rule 43.

### D. Plaintiffs Have Not Met Their Burden Even Under Their Proposed Standard.

Though the Court stated "the standard [the Tenth] Circuit has adopted for Rule 43 motions" could be found in *Eller* and *Gil-Leyva*, Ex. B, Plaintiffs ignore the Court's ruling and again base their entire renewed Rule 43 Motion on the inapplicable five-factor *Vioxx* test. The parties have already litigated this issue, Prior Mot., Dkt. 2249 at 4 (basing entire Rule 43 request on *Vioxx*);

---

[10] Moreover, Ms. Bresch's deposition shows that Plaintiffs expected to present Ms. Bresch's testimony at trial by showing the jury her video deposition taken during discovery. During Ms. Bresch's first deposition, Plaintiffs' counsel asked Ms. Bresch to address the "jury" approximately 20 times throughout the deposition and explicitly stated that "this video is for the jury[.]" Ex. C at 146:12-13 (Oct. 9, 2018 H. Bresch Dep. Tr. Excerpt). .

Prior Response, Dkt. 2262 at 8, 12 (citing *Eller* and noting no court in the Tenth Circuit has applied *Vioxx*), and the Court should deny this request as it violates the law-of-the-case doctrine for the reasons discussed above. *Harte*, 940 F.3d at 510. Again, for the sake of brevity, Mylan incorporates by reference the arguments it made in response to Plaintiffs' prior motion seeking to apply this test as they are largely applicable here. *See* Dkt. 2262 at 11-13 (Section II.C). In any event, the result would be the same here as it applies specifically to Ms. Bresch and Mr. Sanders even under *Vioxx*:

- ***Control.*** "[C]ontrol exerted over the witness by the defendant[,]" requires an individualized inquiry as to the particular witness at or near the time of trial. *In re Vioxx*, 439 F. Supp. 2d at 643. Other than to state, in a conclusory manner, that Mylan has control, *e.g.*, Mot. at 5-7, Plaintiffs have not made an individualized showing. Moreover, neither Ms. Bresch nor Mr. Sanders is a *current* Mylan employee, and thus, the cases Plaintiffs cite purporting to support their claim that Mylan retains control over these two witnesses are inapposite. *Id.* at 6-7 (citing *In re Vioxx*, 439 F. Supp. 2d at 643, and *Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2015 WL 8275744, at *2 (S.D.W. Va. Dec. 7, 2015).

- ***Complexity of the litigation.*** The fact that this case is proceeding as an MDL alone is not enough to warrant Rule 43 relief. Indeed, many of the cases cited by Plaintiffs for support relied on the bellwether nature of the case at issue in finding the complexity factor met. *See, e.g.*, *Mullins*, 2015 WL 8275744, at *2; *In re Vioxx*, 439 F. Supp. at 643. Moreover, the Court reduced the complexity of this matter via its summary judgment order, and only one antitrust claim remains. *See* Dkt. 2381 at 181-182.

- ***Tactical advantage.*** Like Plaintiffs' prior Rule 43 Motion, the tactical advantage Plaintiffs complain of as it relates specifically to Ms. Bresch and Mr. Sanders is entirely hypothetical and a byproduct of Plaintiffs' own strategic choices. Plaintiffs only claim that Mylan "*may* seek" or "*might* seek" such an advantage as it pertains to Ms. Bresch and Mr. Sanders. Mot. at 4-6 (emphasis added). But as already discussed, Plaintiffs failed to consult with Mylan in an attempt to resolve this issue prior to filing their Motion.

- ***Prejudice.*** The degree to which Mylan would suffer prejudice by the use of remote witness testimony for Ms. Bresch and Mr. Sanders at trial cuts in Mylan's favor. *See* Prior Response, Dkt. 2262 at 14-15 (Section III).

- ***Flexibility.*** Plaintiffs may not circumvent the Federal Rules in the name of flexibility. *See id.*, at 13-14. Put simply, the Federal Rules apply equally in the MDL and non-MDL setting. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 844 ("MDLs are not some kind of judicial border country, where the rules are few and the law rarely makes an appearance.").

For the reasons stated herein, as well as in Mylan's prior opposition to Plaintiffs' prior motion, Plaintiffs' request that the Court order remote testimony of Ms. Bresch and Mr. Sanders should be denied.

## III.   PLAINTIFFS' REQUEST TO CONDUCT ADDITIONAL "TRIAL DEPOSITIONS" SHOULD BE DENIED.

Plaintiffs' Motion is bereft of any mention of the Federal Rules, Local Rules, or precedent in this District that would apply to determine whether a "trial deposition" is appropriate.  No wonder:  Plaintiffs cannot meet the applicable standards.  Plaintiffs' request for trial depositions should be denied.

### A.   Plaintiffs' Request For Trial Depositions Does Not Comply With Local Rule 30.3.

There is a Local Rule directly on point that governs the depositions Plaintiffs request. Local Rule 30.3, which Plaintiffs' Motion does not mention, provides that "[t]he deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period." D. Kan. Rule 30.3; *accord Watchous Enters., L.L.C. v. Pac. Nat'l Cap.*, No. 16-1432, 2019 WL 1569344, at *2 (D. Kan. Apr. 11, 2019) ("Declining to recognize any distinction between trial depositions and discovery depositions is also consistent with this court's local rules."); *Brigham v. Colyer*, No. CIV. A. 09-2210, 2010 WL 3909824, at *2-3 (D. Kan. Oct. 1, 2010).  That general rule has only one narrow exception, which is stated explicitly in the Rule.  It applies if a witness first "agree[d] to appear at trial, but . . . later becomes unable or refuses to attend."  D. Kan. Rule 30.3.  In that limited situation, the deposition of such a witness "may be taken at any time prior to trial."  *Id.*

Plaintiffs ignore Local Rule 30.3 and do not argue its exception applies to any of the witnesses at issue.  Nor could they.  As Plaintiffs' Motion makes clear, none of the witnesses they

seek to depose or re-depose (for a second or even third time in Ms. Bresch's case) has ever agreed to appear as a witness in Plaintiffs' case-in-chief. Nor are any of them now "unable or refus[ing] to attend." *Id.*[11] Plaintiffs cannot meet the standard governing the relief that they seek, and therefore, their Motion should be denied.

### B. Plaintiffs Ignore the Federal Rules of Civil Procedure and the Court's Pretrial Order.

Courts within the District of Kansas have provided further clarification, consistent with the Local Rule, holding that "[t]he Federal Rules of Civil Procedure do not distinguish between 'trial depositions' and 'discovery depositions.'" *Watchous*, 2019 WL 1569344, at *2. Depositions therefore must be taken during the discovery period as set forth by the Court's pretrial and scheduling orders, and in accordance with the Federal Rules. *See Watchous*, 2019 WL 1569344, at *2 (discussing Rules 30 through 32 and noting that the Federal Rules do not contemplate the taking of trial depositions); *Brigham*, 2010 WL 3909824, at *2-3; *Sithon Mar. Co. v. Holiday Mansion*, No. CIV. A. 96-2262, 1999 WL 66216, at *1-2 (D. Kan. Feb. 8, 1999).

The discovery period here closed nearly two years ago, *see supra* Background Section, and, per the Court's pretrial order ("PTO"), additional discovery may only be conducted if all parties agree. PTO, Dkt. 2169 at 57; *Brigham*, 2010 WL 3909824, at *2 (discussing a similar pretrial order and concluding that "any discovery conducted after the discovery deadline . . . may

---

[11] The out-of-district cases Plaintiffs' cite in support of their argument align with Local Rule 30.3's exception and deal almost exclusively with a party's request to depose a witness that had previously agreed to testify on the moving party's behalf but was unavailable to attend trial. *See Benedict v. United States*, No. 15-CV-10138, 2016 WL 6138599, at *1 (E.D. Mich. Oct. 21, 2016) (unavailable witness agreed to testify via video deposition); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV. 1290, 2005 WL 578917, at *5 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) (same); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) (same); *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (same); *EEOC v. Beauty Enters., Inc.*, No. CIV. 3:01CV378, 2008 WL 3892203, at *2-4 (D. Conn. July 9, 2008) (same for one witness but denying additional deposition of witness Plaintiffs' knew about and could have deposed during the discovery period).

only be conducted if all parties are in agreement").  With the exception of Mr. Sanders (who is no longer relevant to Plaintiffs' claims), *every witness for whom Plaintiffs seek a trial deposition was already deposed during the discovery period.  See supra* Background Section; Ex. A.  Pursuant to this Court's orders and precedent in this District, Plaintiffs do not get another bite at the apple merely by giving the depositions a new label.  And though Plaintiffs failed to confer with Mylan prior to filing this Motion, Mylan does not agree that the requested depositions are warranted here. The Court should thus deny Plaintiffs' Motion.

### C. Plaintiffs Cannot Meet The "Manifest Injustice" Standard Required To Modify the PTO.

Plaintiffs claim "good cause" exists for the Court to grant them leave to take additional depositions, but that too is the incorrect standard.  Mot. at 14 (Section II). Absent Mylan's agreement or Local Rule 30.3's exception, Plaintiffs' request can only be granted if the Court were to modify the PTO and reopen discovery.  *See e.g., Brigham*, 2010 WL 3909824, at *2.[12]  But as expressly stated in the PTO, in order to modify the PTO and reopen discovery Plaintiffs must show that they would suffer a "manifest injustice"—not "good cause."  PTO at 2 (citing Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(b)); *Johnson v. Cherokee Cnty. Bd. of Cnty. Comm'rs*, No. 02:17-CV-2644, 2020 WL 1320720, at *13 (D. Kan. Mar. 20, 2020) ("The Court may modify a final pretrial order only to prevent manifest injustice.") (internal quotation marks omitted).[13]  Plaintiffs cannot make this showing.

---

[12] Plaintiffs have waived any argument to modify the PTO as they fail to make such a request.  *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (argument not raised in opening brief is waived).

[13] The Tenth Circuit directs courts to consider the following factors when deciding whether a party has shown manifest injustice:  "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."  *Brigham*, 2010 WL 3909824, at *2 (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citations omitted)).

Plaintiffs have already deposed five of the six witnesses they now seek to re-depose, and they did so on the very same topics they list to justify their request. *See* Ex. A.[14]  For example, as to Ms. Ondos, who is the only remaining relevant witness at issue post-summary judgment, *see supra* Section I, Plaintiffs were already granted leave to depose her on the sole remaining claim to be tried in this case—which they did in August 2019. *See* Dkt. 1832 at 3.  And while no longer relevant, the other witnesses Plaintiffs seek to re-depose have also been questioned on the same topics listed in the Motion. *See* Ex. A.[15]  For example, Plaintiffs justify the need to re-depose Mr. Coury on two issues: (1) his approval of the two-pack press release, and (2) alleged statements regarding competition with Auvi-Q. Mot. at 16.  But Mr. Coury was already deposed on both of these issues.  In fact, he was even specifically deposed on the *exact same documents* underlying the references to Plaintiffs' summary judgment brief included in the Motion. R. Coury. Dep. Tr. at 48:5-58:17 (discussing approval of the two-pack press release); *id.* at 214:2-223:23 (discussing the Auvi-Q competition issue).[16]  Notably, Plaintiffs chose not to even designate Mr. Coury's deposition testimony related to the latter issue for purposes of trial. *See* Dkt. 2357-1.  Reopening

---

[14] Plaintiffs also argue in passing that they should be granted additional depositions because they would provide more streamlined testimony than the depositions conducted with Sanofi. *See, e.g.*, Mot. at 15.  Although Plaintiffs shared time with Sanofi, coordinated depositions were to cover "all issues relevant to the litigation." Dkt. 506 ¶ 4.  If Plaintiffs are now unhappy with the strategic decisions they made in coordination with Sanofi, that is a problem of their own making and Mylan should not be penalized for it.  Additionally, Plaintiffs took the depositions of Ms. Ondos and Ms. Bresch in the non-coordinated phase of discovery and their argument on this point is moot as to at least those witnesses.

[15] While Mylan lists Mr. Coury by way of example, the same is true for Plaintiffs' request related to Ms. Bresch, Mr. Foster, and Mr. Graybill.  As mentioned in the Background Section, Plaintiffs were granted leave to take a second deposition of Ms. Bresch on the topic of the sole remaining claim to be tried. Dkt. 1832 at 3.  Plaintiffs provide no reason as to why they chose not to designate Ms. Bresch's deposition testimony on this topic.  And, while no longer relevant, Plaintiffs deposed Mr. Foster and Mr. Graybill about their involvement in the only topics Plaintiffs list to justify their need for additional depositions; the two-pack decision and Mylan's rebating strategy.  As it relates to Mr. Sanders, Plaintiffs cannot show manifest injustice for the reasons already discussed: they were well aware of him during the discovery period and chose not to seek his deposition. *See supra* Background Section.

[16] Mylan has not included the referenced deposition testimony as an exhibit because portions have been designated as confidential, but will do so if requested by the Court.

discovery to allow Plaintiffs to depose or re-depose these witnesses, at this late stage, would prejudice Mylan.  *Brigham*, 2010 WL 3909824, at *3 (declining to modify the PTO to reopen discovery because, in part, deposing a witness two months before trial "is certainly a surprise . . . and prejudicial" to the non-requesting party).  It also would disrupt the parties' ability to prepare for trial, as a significant amount of resources would need to be moved away from trial preparation and towards preparing for cumulative and unwarranted depositions.  Plaintiffs have not even approached what would be needed to modify the PTO and to reopen discovery in order to "prevent manifest injustice."  PTO at 2.

## CONCLUSION

For all the reasons stated herein, the Court should deny Plaintiffs' Motion.


Dated:  July 2, 2021                                 Respectfully submitted,

                                                    */s/ Adam K. Levin*
                                                    Adam K. Levin
                                                    David M. Foster
                                                    Carolyn A. DeLone
                                                    Kathryn M. Ali
                                                    HOGAN LOVELLS US LLP
                                                    555 13th Street, NW
                                                    Washington, DC 20004
                                                    Telephone: (202) 637-5600
                                                    Fax: (202) 637-5910
                                                    adam.levin@hoganlovells.com
                                                    david.foster@hoganlovells.com
                                                    carolyn.delone@hoganlovells.com
                                                    kathryn.ali@hoganlovells.com

                                                    Brian Fries (15889)
                                                    James Moloney (23786)
                                                    LATHROP GAGE LLP
                                                    2345 Grand Boulevard, Suite 2200
                                                    Kansas City, Missouri  64108-2618
                                                    Telephone: (816) 292-2000

17

Fax: (816) 292-2001
bfries@lathropgage.com
jmoloney@lathropgage.com

*Counsel for the Mylan Defendants*