# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: EpiPen (Epinephrine
      Injection, USP) Marketing,
      Sales Practices and Antitrust
      Litigation

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to Consumer
Class Cases)

## MEMORANDUM AND ORDER

Plaintiffs have filed two motions asking the court to allow them to present live trial

testimony via contemporaneous transmission during this case's trial.  Docs. 2249 & 2373.[1]

Plaintiffs filed their first motion (Doc. 2249) on December 16, 2020.  On May 25, 2021, the

court informally advised the parties that it intended to deny plaintiffs' first-filed motion based on

the governing standard the Tenth Circuit has adopted for Rule 43 motions.  *See Eller v. Trans*

*Union, LLC*, 739 F.3d 467, 477–78 (10th Cir. 2013) (holding district court didn't abuse

discretion by refusing to permit witnesses to testify telephonically when plaintiff failed to "make

a sufficient showing of good cause to justify making arrangements for them to testify remotely");

*see also Gil-Leyva v. Leslie*, 780 F. App'x 580, 587–88 (10th Cir. 2019) (finding good cause

existed to permit witness to testify remotely because witness lived in British Columbia, he lacked

financial resources to travel to Colorado for the hearing, and requiring the witness to attend in

---

[1]    Plaintiffs also have filed a motion that asks for oral argument on their first-filed Motion to Allow
Live Trial Testimony Via Contemporaneous Transmission (Doc. 2249).  Doc. 2341.  Our court's local
rule provides:  "The court may set any motion for oral argument or hearing at the request of a party or on
its own initiative."  D. Kan. Rule 7.2.  Here, the court finds no reason to order oral argument on this
motion.  The parties adequately have briefed the issue and the law.  And, the court finds, oral argument
will not assist its work deciding the motion.  So, ordering oral argument here would contradict Fed. R.
Civ. P. 1.  The court thus denies plaintiffs' request for oral argument.

person would force a continuance that would have prejudiced defendant).  The court's informal decision explained that the breadth of the order sought by plaintiffs' motion—*i.e.*, asking the court to allow contemporaneous transmission of testimony by any of defendants' current and former employees who defendants would not make available in-person at trial—does not comport with the good cause showing required by the governing legal standard.  But, this ruling, the court explained, would not foreclose any party from making a more sharply calibrated motion that focuses on a particular witness.  For those same reasons—and for additional reasons now articulated in more detail below—the court denies plaintiffs' first-filed motion asking the court to order live trial testimony via contemporaneous transmission (Doc. 2249).

Since the court informally advised the parties of its conclusion about the issue, plaintiffs have filed a second motion asking—more narrowly—that the court allow live trial testimony via contemporaneous transmission for two witnesses who are former employees of defendants:  (1) Heather Bresch; and (2) Lloyd Sanders.  Doc. 2373.  Alternatively, plaintiffs ask the court to allow trial depositions of these two witnesses.  *Id.* at 6.  Also, plaintiffs' motion asks the court to allow trial depositions for four more witnesses:  (1) Robert Coury; (2) Bruce Foster; (3) Ron Graybill; and (4) Jill Ondos.  *Id.* at 5.  For reasons explained below, the court also denies plaintiffs' second-filed motion.[2]

---

[2]  Plaintiffs' second-filed motion also asks the court to order expedited briefing on the motion.  The court denies this request.  There is no reason to order expedited briefing because the parties already have briefed the issue thoroughly with the first-filed motion.  And, the court doesn't find that expedited briefing will assist its evaluation of the second-filed motion.

Also, our court's local rules "only permit and do not require reply briefs[.]"  *Clark v. City of Shawnee, Kan.*, No. 15-4965-SAC, 2016 WL 4733859, at *3 (D. Kan. Sept. 12, 2016) (citing D. Kan. Rule 7.1(c)).  So, the court "has the discretion to rule 'before the filing of a reply brief.'"  *Id.* (citing *Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994)); *see also Pawnee Petroleum Prods., LLC v. Crawford*, No. 01-1314-WEB, 2003 WL 21659665, at *1 n.1 (D. Kan. Apr. 18, 2003) (noting that while "the time for filing the reply has not yet expired," the court found that "the issues raised in the motion and response have been adequately briefed" and so it "need not wait for a reply prior to issuing its ruling").

## I.    Legal Standard

Plaintiffs' motion implicates two of the Federal Rules of Civil Procedure:  Rules 43 and 45.

### A.  Rule 45

Rule 45 governs the issuance of trial subpoenas.  It provides that a "subpoena may command a person to attend a trial" either:  (A) "within 100 miles of where the person resides, is employed, or regularly transacts business in person;" or (B) "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1).

### B.  Rule 43

Rule 43 generally requires that "the witnesses' testimony must be taken in open court[.]" Fed. R. Civ. P. 43(a).  But, Rule 43 also "provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court '[f]or good cause in compelling circumstances and with appropriate safeguards.'"  *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a)).

Mere inconvenience for the witness will not satisfy the good cause standard.  *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019).  Generally, Rule 43(a) applies when a witness cannot appear in person "'for unexpected reasons, such as accident or illness[.]'"  *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).  In contrast, other reasons "'must be approached cautiously.'"  *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).  And, a party "who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the

compelling nature of the circumstances." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

The advisory committee's note to Rule 43 also recognizes that "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness *who is beyond the reach of a trial subpoena*, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." *Id.* (emphasis added).

## II. Analysis

As already explained, plaintiffs' motion makes two requests. First, the court addresses plaintiffs' request that the court enter an order allowing plaintiffs to present live testimony via contemporaneous transmission of Heather Bresch and Lloyd Sanders. Second, the court addresses plaintiffs' request for trial depositions.

### A. Request for Live Testimony Via Contemporaneous Transmission

Plaintiffs ask the court to allow them to present live testimony via contemporaneous transition of Heather Bresch and Lloyd Sanders. Ms. Bresch was Mylan's President and CEO during the relevant time period when plaintiffs allege defendants engaged in a scheme to raise the EpiPen's price, violating the antitrust laws. Mr. Sanders was Dey's Chief Operating Officer during the same relevant time period. Plaintiffs' motion never says explicitly whether these two witnesses are within the court's Rule 45 subpoena power, but it suggests that they are not. For example, plaintiffs ask the court to prevent defendants from having a "tactical advantage" by refusing to "bring their current or former employees for live testimony during Class Plaintiffs' case-in-chief." Doc. 2373 at 5; *see also id.* at 9 (asserting that defendants "are in complete control of whether the jury hears from Ms. Bresch and Mr. Sanders live during Class Plaintiffs' case-in-chief"); *id.* at 18 (explaining that plaintiffs "intend to serve Rule 45 subpoenas on the

witnesses who reside outside Kansas" that "will command attendance at a location meeting the requirements of Rule 45(c)(1) (that is, within the state, or within 100 miles, of where each such witness lives or works), and the live testimony will be transmitted from that location to the courtroom in Kansas City, Kansas during trial").

The Wyoming federal court recently recognized that "neither the District of Wyoming nor the Tenth Circuit have taken a position on whether Rule 43(a) may be used to circumvent Rule 45." *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wyo. Dec. 2, 2020). Other districts, however, "have read Rule 43 and Rule 45 together to allow the court to serve a subpoena on a witness located anywhere in the United States and order the person to testify via remote transmission." *Id.* (first citing *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *2 (E.D. La. May 26, 2017); then citing *Mullins v. Ethicon, Inc.*, No. 2:12-cv-02952, 2015 WL 8275744, at *2 (S.D.W. Va. Dec. 7, 2015)); *see also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2021 WL 2605957, at *4 (N.D. Fla. May 28, 2021) (concluding "that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)" because "the 100-mile limitation now found in Rule 45(c) has to do with the place of *compliance*; not the location of the court from which the subpoena issued" (citation and internal quotation marks omitted)); *United States v. $110,000 in U.S. Currency*, No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) (concluding that "Rule 45(c) does not limit the reach of a subpoena to only those residing within 100 miles of the pending litigation" but instead "Rule 45(c)'s geographic limits were crafted to protect third parties from the undue burden of traveling more than 100 miles to provide

testimony or produce documents in a proceeding to which they are not a party"); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11-md-2244-K, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016) (granting plaintiffs' motion "to compel contemporaneous transmission of live testimony where a witness under Defendants' control is unable to appear live in court" because without "this contemporaneous transmission to provide live testimony, the jury would be left with less reliable deposition transcripts and video[,]" and plaintiffs' "motion serves the inherent goal of Rule 43, which is to provide the jury with a more truthful witness"); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-md-2299, 2014 WL 107153, at *10 (W.D. La. Jan. 8, 2014) (finding that "the Federal Rules of Civil Procedure specifically authorize a court to issue an order permitting contemporaneous transmission of live witness testimony as well as the issuance of a subpoena to compel such an appearance by a witness (within the location limits and under the conditions defined by Rule 45) for the purpose of the transmission of his or her contemporaneous testimony at trial, if the requirements included within both r[u]les are heeded").

But "other Districts have declined to adopt that interpretation." *Black Card LLC*, 2020 WL 9812009, at *2 (first citing *Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, *2 (W.D. Wash. June 3, 2014); then citing *Ping-Kuo Lin v. Horan Cap. Mgmt., LLC*, No. 14 Civ. 5202(LLS), 2014 WL 3974585, *1 (S.D.N.Y. Aug. 13, 2014)); *see also Broumand v. Joseph*, __ F. Supp. 3d __, No. 20-cv-9137(JSR), 2021 WL 771387, at *10 (S.D.N.Y. Feb. 27, 2021) (rejecting a reading of Rule 45 that "would have to conclude that testimony via teleconference somehow moves a trial to the physical location of the testifying person" and concluding that such an "approach is inconsistent with the text of Rule 45(c), which speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a

person would be required to attend" and "any other reading would render Rule 45(c)'s

geographical limitations a nullity and bestow upon any [court] sitting anywhere in the country

the unbounded power to compel remote testimony from any person residing anywhere in the

country"); *Cross v. Wyeth Pharms., Inc.*, No. 8:06-cv-429-T-23AEP, 2011 WL 2517211, at *9

(M.D. Fla. June 23, 2011) (denying plaintiffs' motion to compel live testimony by

contemporaneous transmission when "each non-party witness resides outside the scope of Rule

45" and "plaintiffs identify neither 'good cause' nor a federal statute permitting a subpoena" and

"plaintiffs fail to show a sufficient basis for issuing a subpoena authorized neither by Rule 45 nor

by compelling circumstances" and holding that, instead, "plaintiffs may proffer the [witnesses']

deposition testimony for admission at trial"); *Roundtree*, 2014 WL 2480259, at *2 (rejecting

plaintiff's "attempts to avoid the geographic limits of [Rule] 45(c) by arguing that trial testimony

via live video link moves a trial to the physical location of the testifying person" because

plaintiff "provides no legal authority or compelling reason for this interpretation of Rule 45(c)");

*Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011)

(denying motion to compel testimony via video transmission because "[t]here is nothing in the

language of Rule 43(a) that permits this court to compel the testimony of an individual who is

indisputably outside the reach of its subpoena power" and "even if this court could circumvent

Rule 45's requirements, [plaintiff] has failed to show the good cause and compelling

circumstances mandated by Rule 43(a)").

    After summarizing the diverging case law, the Wyoming federal court recently

concluded—"[b]ased on a full reading of Rule 43 and the committee notes"—that "subpoenas

for live video testimony under Rule 43 are subject to the same geographic limits as a trial

subpoena under Rule 45." *Black Card LLC*, 2020 WL 9812009, at *3. "Thus, application of

Rule 43 requires the witness to either be compelled to testify at trial via Rule 45, or willing to testify at trial." *Id.* To reach this conclusion, the court found Rule 43's advisory committee notes "although not binding . . . highly persuasive." *Id.* As already discussed, those notes "state video depositions are ordinarily the superior option when the witness is outside of the subpoena power of the court[.]" *Id.* The court agreed with that conclusion and rejected plaintiff's "attempts to avoid the limitations of Rule 45" by asking the court to "find good cause and compelling circumstances under Federal Rule of Civil Procedure 43" to allow live remote testimony. *Id.* at *3–4. The court concluded that, because it could not compel defendants' witnesses to testify under Rule 45, there was "no reason . . . to consider whether the testimony of the [witnesses] merits the use of video transmission of testimony through the good cause in compelling circumstances standard articulated in Rule 43." *Id.* at *4. So, the court denied plaintiff's motion to compel three of defendants' witnesses "to appear at trial via remote video because Rule 45 [did] not authorize the [c]ourt to do so." *Id.* Instead, the court found that "video depositions are the best method for [plaintiff] to secure the testimony of" the witnesses, consistent with Rule 43's advisory committee notes. *Id.*

The court finds the Wyoming federal court's reasoning persuasive. And, it predicts the Tenth Circuit would apply that same reasoning if presented with the question. So, to the extent that Ms. Bresch and Mr. Sanders aren't subject to the court's Rule 45 subpoena power, the court will not circumvent Rule 45's requirements by allowing plaintiffs to present their testimony remotely via contemporaneous transmission under Rule 43(a). If the rule functioned as plaintiffs propose, the court would obviate the limitations that Rule 45 places on a court's subpoena power. And, such a ruling would conflict with Rule 43's advisory committee's note, which directs: "Ordinarily depositions, including video depositions, provide a superior means of

8

securing the testimony of a witness *who is beyond the reach of a trial subpoena*, or of resolving

difficulties in scheduling a trial that can be attended by all witnesses." *Id.* (emphasis added). So,

heeding this instruction, the court will require the parties to rely on video depositions to present

the testimony of witnesses who are outside this court's Rule 45 subpoena power.

Alternatively, and even if the court were willing to ignore Rule 45's limits on its

subpoena power, plaintiffs haven't shown good cause to allow testimony from a remote location

instead of live in the courtroom. Plaintiffs ask the court to grant their Rule 43(a) motion using

the five-factor test articulated in *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640 (E.D. La.

2006). The five factors include: "(1) the control exerted over the witness by the defendant; (2)

the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage,

as opposed to any real inconvenience to the witness, that the defendant is seeking by not

producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the

flexibility needed to manage a complex multi-district litigation." *Id.* at 643.[3]

The Tenth Circuit has not adopted this test, and the court has found no court within the

Tenth Circuit who has applied it. Nevertheless, even if the Tenth Circuit had adopted this test to

govern requests for live remote testimony under Rule 43(a), plaintiffs fail to establish good cause

under the five factors.

*First*, plaintiffs assert that defendants have "complete control" whether Ms. Bresch and

Mr. Sanders appear to testify at trial. Doc. 2373 at 9. Plaintiffs assert that Ms. Bresch is a

named defendant so she has control whether she will appear for trial. And, they assert that

---

[3]      Importantly, and unlike the facts here, the *In re Vioxx* court first concluded that the witness came
within the court's Rule 45 subpoena power, and then it applied the five-factor test to determine whether
good cause and compelling circumstances existed to allow contemporaneous transmission of live
testimony under Rule 43(a). 439 F. Supp. 2d at 642 (explaining that "Rule 45(c)(3)(A)(ii) allows
[plaintiffs] to subpoena [the witness] to personally attend and testify at trial" because he "is an officer of
Merck, which is a party to this litigation").

defendants retain significant control over Ms. Bresch and Mr. Sanders because they are high-level executives.  The cases plaintiffs cite to support that argument involved witnesses who were currently employed by a party.  *See In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d at 642–43 (finding defendant "has significant control" over witness who was an "upper-level" officer); *Mullins v. Ethicon, Inc.*, No. 2:12-cv-02952, 2015 WL 8275744, at \*2 (S.D.W. Va. Dec. 7, 2015) (finding "defendants unquestionably have control of the witnesses because they currently employ [the witnesses], both of whom are relatively important and knowledgeable employees").  Here, Ms. Bresch no longer holds an executive position with Mylan.  And, though the record isn't entirely clear, plaintiffs haven't established that Mr. Sanders currently serves as an executive for any defendant.[4]  In any event, the court will assume that defendants have control of these two witnesses.  And, it will assume that this first factor favors ordering contemporaneous live testimony from a remote location.

*Second*, plaintiffs assert that live remote testimony is warranted in this MDL because it is a "complex, multi-party, multi-state" lawsuit.  *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d at 643.  That much is true.  But, this truth doesn't nullify the principle that "the requirements of the Civil Rules" in an MDL "'are the same as those for ordinary litigation on an ordinary docket.'"  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)).  So, to the extent plaintiffs seek to circumvent Rule 45's subpoena requirements because this action is an MDL proceeding, the court can't abide their reasoning.  This second factor is a neutral one in its analysis.

*Third*, plaintiffs assert that defendants will enjoy a tactical advantage if they refuse to produce Ms. Bresch or Mr. Sanders for testimony during plaintiffs' case-in-chief.  The tactical

---

[4]     Defendants' most recent filing asserts that "neither Ms. Bresch nor Mr. Sanders is a *current* Mylan employee[.]"  Doc. 2385 at 16.

advantage, they assert, is the inability to present live testimony from these witnesses during their case-in-chief. But plaintiffs' argument ignores their ability to offer deposition testimony of these witnesses. And, as the court repeatedly has discussed already, Rule 43's advisory committee's note instructs that video depositions ordinarily "provide *a superior means* of securing the testimony of a witness *who is beyond the reach of a trial subpoena*[.]" *Id.* (emphasis added).

One court explicitly has rejected a plaintiff's argument that "she will be disadvantaged by presenting the deposition testimony of a witness whom Defendants may later call to the stand in their own case[,]" finding that the argument "lacks merit." *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *2 (E.D. Tex. Nov. 22, 2011). Instead, the court observed, this "circumstance occurs all the time and does not present a 'compelling circumstance.'" *Id.* (quoting *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D. Fla. 2003)); *see also Cross v. Wyeth Pharms., Inc.*, No. 8:06-cv-429-T-23AEP, 2011 WL 2517211, at *9 (M.D. Fla. June 23, 2011) (denying plaintiffs' request to compel live remote testimony and concluding that, instead, plaintiffs "may proffer the [witnesses'] deposition testimony for admission at trial"). And, as the Texas federal court explained, if defendants later call the witness to testify live during their case, then plaintiff will enjoy the opportunity to "cross-examine these individuals live in front of the jury." *Lea*, 2011 WL 13195950, at *2. The same reasoning applies here. The Federal Rules allow plaintiffs to present deposition testimony of defendants' witnesses during their case-in-chief. And, if defendants call Ms. Bresch or Mr. Sanders to testify during their case, plaintiffs may cross-examine them live at trial.

Also, as defendants concede, the Federal Rules apply equally to both parties. Just as the Rules may prevent plaintiffs from calling defendants' witnesses during their case-in-chief, the Rules also may restrict defendants from calling any of plaintiffs' witness who are beyond the

court's Rule 45 subpoena power. So, to the extent any "tactical advantage" exists, it applies equally to both ends of the caption and their witnesses. The court thus finds that this factor disfavors allowing live remote testimony.

*Fourth*, an order allowing live remote testimony will prejudice the witnesses. Plaintiffs even recognize that the witnesses will incur the "real 'burden' [of] preparing . . . for cross examination" during plaintiffs' case-in-chief. Doc. 2373 at 16. And, an order allowing live remote testimony will burden the witnesses by forcing them to testify before a court who lacks subpoena power to compel their appearance. In contrast, plaintiffs won't sustain anymore prejudice than they otherwise would experience under the Federal Rules of Civil Procedure to provide witness testimony. As the Texas federal court observed, a party's inability to elicit live testimony from a witness outside of the court's subpoena power "occurs all the time and does not present a compelling circumstance" when the party can introduce deposition testimony instead. *Lea*, 2011 WL 13195950, at *2 (citation and internal quotation marks omitted); *see also Est. of Spear v. C.I.R.*, 41 F.3d 103, 116 (3d Cir. 1994) (explaining that while "live testimony is generally preferable to videotaped testimony, the absence of such testimony, even from a key witness, is only minimally prejudicial when that witness is adverse and when there is a videotaped deposition that can be introduced in lieu of live testimony"). As defendants correctly have asserted, plaintiffs chose to litigate in this forum. Several of the named plaintiffs made the strategic decision to file their lawsuits in our court. And later, plaintiffs asked the Judicial Panel on Multi-District Litigation to centralize all of the EpiPen-related lawsuits in the District of Kansas. On these facts, the court can't abide plaintiffs' attempts to navigate around Rule 45's subpoena power by forcing these witnesses to testify remotely. This fourth factor measuring prejudice favors denying plaintiffs' motion.

*Fifth*, and *last*, the need for flexibility in this MDL doesn't permit the court to ignore the requirements of the Federal Rules of Civil Procedure. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) ("[T]he requirements of the Civil Rules" in an MDL "'are the same as those for ordinary litigation on an ordinary docket.'" (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011))). Like the second requirement, the court finds this factor is a neutral one. The court recognizes that some cases can present a need for flexibility, but this one fails to present such a need. The court declines plaintiffs' invitation to issue an order that circumvents Rule 45's subpoena requirements.

After considering all of the factors from *In re Vioxx*, the court finds that one favors plaintiffs' request for an order allowing live remote testimony, two factors are neutral, and two factors favor denying the request. On balance, the court finds that these factors fail to show "good cause in compelling circumstances" that would permit the court to "permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). So, the court denies plaintiffs' request for an order allowing live remote testimony by Ms. Bresch and Mr. Sanders.

### B. Request for Trial Depositions

Next, the court considers plaintiffs' request to allow them to take trial depositions of six witnesses. Plaintiffs already deposed five of these six witnesses during discovery,[5] and they chose not to depose the remaining witness. Plaintiffs try to nullify this fact, arguing that the five depositions were "discovery depositions" which differ from the "trial depositions" they seek with their motion.

---

[5]     At least one of the witnesses—Heather Bresch—sat for a two-day deposition in 2018. *See* Doc. 690 at 1 (noticing Heather Bresch's deposition for October 8–9, 2018). Then, in 2019, the court granted plaintiffs leave to take a second, limited deposition of Ms. Bresch that was "not to exceed two hours." Doc. 1762. Plaintiffs deposed Ms. Bresch for a second time on October 15, 2019. Doc. 1887.

But, their argument contradicts authority from this court.  It has held that the "Federal Rules do not recognize such a distinction" between discovery depositions and trial depositions. *Clay v. Bd. of Trs. of Neosho Cnty. Cmty. Coll.*, No. 94-2282-EEO, 1995 WL 646817, at \*1 (D. Kan. Sept. 26, 1995); *see also Watchous Enters., L.L.C. v. Pac. Nat'l Cap.*, No. 16-1432-JTM-ADM, 2019 WL 1569344, at \*2 (D. Kan. Apr. 11, 2019).  Nor do our court's local rules recognize such a distinction.  D. Kan. Rule 30.3 ("The deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period.  However, the deposition of a material witness who agrees to appear at trial, but who later becomes unable or refuses to attend, may be taken at any time prior to trial.").

In essence, plaintiffs' only reason for seeking trial depositions is to introduce trial testimony in a "more streamlined" way that is "focused on the issues being presented at trial." Doc. 2373 at 22.  But plaintiffs already had the opportunity to elicit this testimony during five of the witnesses' earlier depositions.  And plaintiffs chose not to depose the sixth witness.  So, while plaintiffs lack testimony from this sixth witness, and the court "sympathizes with the quandary plaintiffs find themselves in," the circumstances are "a quandary of plaintiffs' own making." *Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM (PAL), 2012 WL 5199145, at \*4 (D. Nev. Oct. 18, 2012) (citation and internal quotation marks omitted); *see also Watchous Enters., L.L.C.*, 2019 WL 1569344, at \*3 (denying motion for leave to take trial depositions where plaintiff didn't "indicate that it ever had any plan to depose the twelve witnesses within the discovery period" and thus it "failed to establish good cause for the lengthy extension of the discovery deadline sought in the current motion" seeking leave to take depositions out of time). The court thus denies plaintiffs' request to take these trial depositions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motions to

Allow Live Trial Testimony Via Contemporaneous Transmission (Docs. 2249 & 2373) are

denied.  The court also denies plaintiffs' request for expedited briefing on the second motion

(Doc. 2373).

**IT IS FURTHER ORDERED THAT** plaintiffs' Request for Oral Argument For Motion

to Allow Live Trial Testimony Via Contemporaneous Transmission (Doc. 2341) is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of July, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**