# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

### ORDER (I) PRELIMINARILY APPROVING SETTLEMENT Under FED. R. CIV. P. 23(e)(1), (II) APPOINTING THE SETTLEMENT ADMINISTRATOR, (III) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS, (IV) SCHEDULING A FINAL FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (V) GRANTING RELATED RELIEF

An action is pending before this court entitled *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, No. 2:17-md-02785-DDC-TJJ (D. Kan.) (the "Action"). Plaintiff Class Representatives, on behalf of the certified Class, have filed a motion, under Federal Rule of Civil Procedure 23(e). Doc. 2392. The motion asks the court to enter an order preliminarily approving the Settlement of this Action against Defendants Pfizer, Inc., Meridian Medical Technologies, Inc., and King Pharmaceuticals LLC (f/k/a King Pharmaceuticals, Inc.) (collectively, the "Pfizer Defendants"), in accordance with a Stipulation of Class Action Settlement dated as of July 14, 2021 (the "Settlement Agreement"), which, together with the Exhibits attached to it, sets forth the terms and conditions for a proposed Settlement of the Action against the Pfizer Defendants and for dismissal of the Action with prejudice against the Pfizer Defendants upon the terms and conditions set forth therein. The court has read and

considered the Settlement Agreement and the Exhibits attached to it.[1]  Also, the court held a hearing on the motion on July 23, 2021.  Now, the court proceeds to consider whether it should grant preliminary approval of that Settlement Agreement under Rule 23(e).

Rule 23(e) permits the parties to settle the claims of a certified class action, but "only with the court's approval."  And, the court may approve a settlement only upon finding that it is "fair, reasonable, and adequate[.]"  Fed. R. Civ. P. 23(e)(2).  The Tenth Circuit has noted four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate":

> (1) whether the proposed settlement was fairly and honestly negotiated;
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The settlement approval process typically occurs in two phases.  First, the court considers whether preliminary approval of the settlement is appropriate.  William B. Rubenstein, *Newberg on Class Actions* § 13:10 (5th ed.); *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *4 (D. Kan. Dec. 6, 2012).  "If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement."  *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also Newberg on Class Actions* § 13:10 ("[T]he court's primary objective [at the preliminary approval stage] is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing.").  Second,

---

[1]  Unless otherwise defined, all terms used in this Order have the same meanings as set forth in the Settlement Agreement.

"taking account of all of the information learned during [the preliminary approval] process, the court decides whether or not to give 'final approval' to the settlement." *Newberg on Class Actions* § 13:10.

Because preliminary approval is just the first step of the approval process, courts apply a "less stringent" standard than that at final approval. *Freebird*, 2012 WL 6085135, at *5. "[D]istrict courts have developed a jurisprudence whereby they undertake some review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class is not a complete waste of time." *Newberg on Class Actions* § 13:10. "The general rule [is] that a court will grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (internal citation omitted). "While the Court will consider [the Tenth Circuit's] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. at 502–03.

Applying this governing legal standard, the court grants the Motion for Preliminary Approval of Settlement (Doc. 2393), as follows: NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The court has reviewed the Settlement Agreement and does preliminarily approve the Settlement between Plaintiffs and the Pfizer Defendants set forth therein as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2. As the court previously certified in its Memorandum and Order dated February 27, 2020 (ECF No. 2018-1), the classes are defined as follows, which are collectively referred to as the "Class":

> All persons and entities in the United States who paid or provided reimbursement for some or all of the purchase price of Branded or authorized generic EpiPens for

the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries, at any time between August 24, 2011, and November 1, 2020;

All persons and entities in the Antitrust States who paid or provided reimbursement for some or all of the purchase price of Branded EpiPens at any time between January 28, 2013, and November 1, 2020, for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries.

The "Antitrust States" are: Alabama, California, Florida, Hawaii, Illinois, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New York, North Carolina, Tennessee, and Utah.

The following groups are excluded from the Class:

- a. Defendants and their officers, directors, management, employees, subsidiaries, and affiliates;

- b. Government entities, other than government-funded employee benefit plans;

- c. Fully insured health plans (*i.e.*, plans that purchased insurance that covered 100% of the plan's reimbursement obligations to its members);

- d. "Single flat co-pay" consumers who purchased EpiPens or generic EpiPens only via a fixed dollar co-payment that is the same for all covered devices, whether branded or generic (*e.g.*, $20 for all branded and generic devices);

- e. Consumers who purchased or received EpiPens or authorized generic equivalents only through a Medicaid program;

- f. All persons or entities who purchased branded or generic EpiPens directly from defendants;

- g. The judges in this case and members of their immediate families;

- h. All third-party payors who own or otherwise function as a Pharmacy Benefit Manager or control an entity who functions as a Pharmacy Benefit Manager; and

- i. Individual consumers whose only purchases of an EpiPen occurred before March 13, 2014 (the Generic Start Date).

3. Also excluded from the Class are those persons and entities who timely and validly requested exclusion from the Class pursuant to the court's Memorandum and Order dated October 13, 2020 (ECF No. 2240), and are listed on Exhibit F to Class Plaintiffs' Final Status Report Re Implementation of Class Notice (ECF No. 2323-1).

4. The court preliminarily finds that the proposed Settlement of the Action between Plaintiff Class Representatives and the Pfizer Defendants should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Fairness Hearing described below.

5. The Fairness Hearing shall be held before this court on October 27th, 2021, at 9:00 am, Central Time, at the United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, Courtroom 643, (A) to determine (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be finally approved by the court; (ii) whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered as to the Pfizer Defendants; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (v) any service award to Plaintiff Class Representatives; (B) to hear any objections by Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Class Counsel; and (iii) service awards to Plaintiff Class Representatives; and (C) to consider such other matters the court

deems appropriate.  The court may adjourn the Fairness Hearing without further notice to the Class Members.

6. The court approves, as to form and content, the Notice substantially in the form annexed as Exhibit B to the Settlement Agreement.

7. The court approves, as to form and content, the Summary Notice[2] and Proof of Claim forms (together, the "Notice Package"), substantially in the forms annexed as Exhibits C and D to the Settlement Agreement, respectively.

8. The court finds that the distribution and publication of the Notice and Notice Package substantially in the manner and form set forth in ¶¶ 10, 11 of this Order:  (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable law.

9. The firm of A.B. Data, Ltd. ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10. Not later than August 4, 2021 (the "Notice Date"), the Settlement Administrator shall commence distribution of the Notice Package to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website,

---

[2] Also referred to as the Short-Form Notice.

www.EpiPenClassAction.com, according to the Notice Plan in the Declaration of Eric Schachter filed in support of Preliminary Approval.

11. Not later than August 4, 2021, the Settlement Administrator shall cause the Summary Notice to be published, according to the Notice Plan in the Declaration of Eric Schachter filed in support of Preliminary Approval.

12. At least seven (7) calendar days prior to the Fairness Hearing, Class Counsel shall serve on the Pfizer Defendants' counsel and file with the court proof, by affidavit or declaration, of such distribution and publishing.

13. All fees and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees or expenses.

14. The Settlement Administrator shall submit a projected budget to Class Counsel for performing its duties and shall not make expenditures that exceed the projected budget by more than five percent without the prior approval of Class Counsel. Consistent with the requirements of Rules 1, 23, and due process, the Settlement Administrator shall coordinate to minimize costs in effectuating its duties.

15. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class, regardless of whether such persons or entities seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

16. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the court orders

otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than November 12, 2021. Any Class Member who submits a Proof of Claim shall reasonably cooperate with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator. Any Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the releases therein, unless otherwise ordered by the Court. Notwithstanding the foregoing, the Settlement Administrator may, in its discretion, accept late-submitted claims for processing so long as distribution of the Net Settlement Fund to Class Members is not materially delayed thereby.

17. The Proof of Claim submitted by each Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be deemed adequate by the Settlement Administrator or Class Counsel; (c) if the person executing the Proof of Claim is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (d) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (e) be signed under penalty of perjury. As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the court with respect to the claim submitted.

18. Any Class Member may enter an appearance in the Action, at the Class Member's own expense, individually or through counsel of the Class Member's own choice. If a Class Member does not enter an appearance, that Class Member will continue to be represented by Class Counsel.

19. Any Class Member may appear at the Fairness Hearing and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and

adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Class Counsel, or why an amount of Service Awards should or should not be awarded to Plaintiff Class Representatives; provided, however, that no Class Member or any other person or entity shall be heard or entitled to contest such matters, unless that person or entity has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before September 24, 2021, by Rex A. Sharp, SHARP LAW, LLP, 4820 West 75th Street, Prairie Village, KS 66208, and Raj S. Gandesha, WHITE & CASE LLP, 1221 Avenue of the Americas, New York, NY 10020, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, on or before September 24, 2021, unless otherwise ordered by the court. Any objections must: (i) state the name, address, and telephone number of the objector and must be signed by the objector even if represented by counsel; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, application for Attorneys' Fees and Expenses, and/or application for Service Awards to Plaintiffs; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (iv) state whether the objection applies only to the objector, to a subset of the Class, or to the entire Class; (v) identify all class actions to which the objector and his, her, or its counsel has previously objected; (vi) include documents sufficient to prove the objector's membership in the Class, such as the number of EpiPens purchased, acquired, or paid for during the Class Period, as well as the dates and prices of each such purchase, acquisition, or payment; (vii) state whether the objector intends to appear at the Fairness Hearing; (viii) if the objector intends to appear at the Fairness Hearing through

counsel, state the identity of all attorneys who will appear on the objector's behalf at the Fairness Hearing; and (ix) state that the objector submits to the jurisdiction of the court with respect to the objection or request to be heard and the subject matter of the Settlement of the Action, including, but not limited to, enforcement of the terms of the Settlement. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the award of fees, charges, and expenses to Class Counsel or any incentive awards to Plaintiff Class Representatives, unless otherwise ordered by the Court. Class Members submitting written objections are not required to attend the Fairness Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Fairness Hearing. Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the court, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

21. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees, charges, and expenses and Service Awards to Plaintiff Class Representatives shall be filed and served by no later than

September 10, 2021, and any reply papers shall be filed and served no later than October 15, 2021. The Pfizer Defendants' Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, charges, or expenses submitted by Class Counsel or any Service Award to Plaintiff Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22. At or after the Fairness Hearing, the court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, charges, expenses, or awards should be approved. The court reserves the right to enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or charges and expenses.

23. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the court, or otherwise fails to become effective, neither Plaintiff Class Representatives nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶ 2.1 of the Settlement Agreement.

24. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Pfizer Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

25. The court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The court may approve the

Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

26. If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶ 7.2 of the Settlement Agreement.

27. Pending a final determination about the approval of the settlement, the court shall stay all proceedings in the Action for the Pfizer Defendants only, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the court should approve proposed Settlement, neither Plaintiff Class Representatives nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Pfizer Defendants, any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims.

28. Except to the extent the Settling Parties may agree to resolve through mediation any disputes that may arise prior to the entry of judgment, the court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Class Plaintiffs' Motion for Preliminary Approval of Settlement With the Pfizer Defendants (Doc. 2393) is granted.

**IT IS SO ORDERED.**

**Dated this 23rd day of July 2021, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**

**APPROVED SCHEDULE FOR FINAL APPROVAL PROCESS**

| DATE | EVENT |
| --- | --- |
| July 14, 2021 | Plaintiffs file Motion for Preliminary Approval of Settlement |
| July 23, 2021 | Pfizer provides Class Action Fairness Act Notice to State Attorneys General |
| July 28, 2021 | Hearing on Preliminary Approval of Settlement [Date and Time TBD by Court] |
| August 4, 2021 | Settlement Notice Program Begins |
| September 10, 2021 | Plaintiffs file Motion for Final Approval of Settlement, Attorneys' Fees, Expenses, and Service Awards |
| September 24, 2021 | Objection Deadline and Deadline for State Attorneys General to file Comments/Objections |
| October 15, 2021 | Plaintiffs file Response to Objections for Final Approval of Settlement, Attorneys' Fees, Expenses, and Service Awards |
| October 27, 2021 at 9:00 am | Hearing on Final Approval of Settlement, Attorneys' Fees, Expenses, and Service Awards |