**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

IN RE:  EpiPen (Epinephrine
        Injection, USP) Marketing,
        Sales Practices and Antitrust
        Litigation

(This Document Applies to
Consumer Class Cases)

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

_____

**MEMORANDUM AND ORDER**

Plaintiffs have filed an Unopposed Motion for Leave to Provisionally File Under Seal Exhibits to Their Opposition to Mylan's Motion to Decertify the State Antitrust Class.  Doc. 2405.  Plaintiffs ask for leave to file Exhibits D and H under seal provisionally "pending their request for . . . redactions to those exhibits[.]"  *Id.* at 1.  The court grants plaintiffs' requests— both their request for leave to file the exhibits under seal and for leave to file the exhibits with redactions.

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted).  Nevertheless, a party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted).  The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest outweighing the presumption of access.  *Id.* (citation and internal quotation marks omitted); *see also United States v. Bacon*, 950 F.3d 1286,

1293 (10th Cir. 2020) ("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," and it must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access[.]" (citation and internal quotation marks omitted)).

This legal standard requires federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection. When engaging in this endeavor, the case authority confers substantial discretion on district judges. *See, e.g.*, *Nixon*, 435 U.S. at 599 (citation omitted); *see also Mann*, 477 F.3d at 1149 (citation omitted). Applying this standard, the court finds that plaintiffs have established that the need to preserve the confidentiality of the specific and limited redactions they seek outweighs the public's right to access the material.

*First*, plaintiffs ask to redact personally identifiable information from Exhibit D (Doc. 2405-1). Exhibit D lists the prescription purchasing history of a minor patient. The court agrees that the need to protect the minor patient's confidentiality outweighs the public's right to access it. And, importantly, Federal Rule of Civil Procedure 5.2 and our court's local procedures require parties to redact minors' names from publicly-filed documents. *See* Fed. R. Civ. P. 5.2(a)(3) (permitting a filing party to use a minor's initials instead of the minor's name); *see also* District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II.I (revised Oct. 1, 2018), http://www.ksd.uscourts.gov/wp-content/uploads/2018/11/CvAdminProc-10-1-18.docx.

Also, it appears that none of the information that plaintiffs ask to redact from Exhibit D is germane to any of the legal issues the court must decide in Mylan's pending Motion to Decertify the State Antitrust Class (Doc. 2389). So, the court grants both: (1) plaintiffs' request to file Exhibit D under seal, and (2) plaintiffs' request to redact personally identifiable information

including the minor's name and identifying information, other non-EAI prescriptions, and provider information.  The court thus orders plaintiffs to file:  (1) Exhibit D under seal; and (2) Exhibit D publicly with the approved redactions.

*Second*, plaintiffs ask to redact portions of Exhibit H (Doc. 2405-2).  Exhibit H is titled "Declaration of Dr. Meredith Rosenthal in Response to Motion to Decertify."  *Id.* at 2.  Dr. Rosenthal, one of plaintiffs' experts, uses IQVIA sales and market share data, as well as Mylan market share forecasts and rebate data, to analyze the classwide impact of Mylan's alleged generic delay of competition.  Plaintiffs seek to redact portions of Exhibit H that contain this data because, plaintiffs explain, it is highly confidential information.  Specifically, plaintiffs ask to redact the following portions of Exhibit H:  Figure 1, Figure 2, Figure 3 and footnote 12, and Appendix A.  Plaintiffs explain that the IQVIA data is highly confidential, and IQVIA provided the information under an agreement with a confidentiality clause.  Also, and while its designation isn't controlling, Mylan designated its market share and rebate data as highly confidential.  The court agrees that these limited portions of Exhibit H qualify for redaction because they contain confidential and commercially sensitive information that could harm Mylan's interests if disclosed.  Also, the court previously has permitted the parties to redact similar sales and market share data from Dr. Rosenthal's expert reports, finding that the confidential nature of the information qualified it for sealing.  *See* Doc. 1633 at 2.  So, the court grants both:  (1) plaintiffs' request to file Exhibit H under seal, and (2) plaintiffs' request to redact Figure 1, Figure 2, Figure 3 and footnote 12, and Appendix A from Exhibit H.  The court thus orders plaintiffs to file:  (1) Exhibit H under seal; and (2) Exhibit H publicly with the approved redactions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the class plaintiffs' Unopposed Motion for Leave to Provisionally File Under Seal Exhibits to Their Opposition to

Mylan's Motion to Decertify the State Antitrust Class (Doc. 2405) is granted, as set forth in this Order.

**IT IS SO ORDERED.**

**Dated this 16th day of August, 2021, at Kansas City, Kansas.**

                                                    **s/ Daniel D. Crabtree**
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**