IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE:  EpiPen (Epinephrine
Injection, USP) Marketing,
Sales Practices and Antitrust
Litigation

MDL No:  2785

Case No. 17-md-2785-DDC-TJJ

(This Document Applies to
Consumer Class Cases)

## MEMORANDUM AND ORDER

Plaintiffs have filed two Unopposed Motions for Leave to Provisionally File Under Seal. Docs. 2417 & 2419. The first motion asks for leave to file under seal Exhibits 1 and 2 attached to plaintiffs' Reply to the Motion for Reconsideration (Doc. 2416). Doc. 2417. The second motion asks for leave to file under seal Exhibit 3 and, separately, file a redacted version of their Reply Memorandum that redacts Figure 1. Doc. 2419.

With the second request, plaintiffs explain that they initially filed Exhibit 3 and the Reply publicly because "the Court already made parts of these documents public when it described and quoted the exhibits referenced in and attached to Figure 1 and Exhibit 3." *Id.* at 2 n.1 (citing *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, __ F. Supp. 3d __, 2021 WL 2585065, at *8–9, 13, 81 (D. Kan. June 23, 2021)). As plaintiffs correctly assert, the court already has "concluded that 'none of the information in [the summary judgment] Order qualifies for sealing under the governing legal standards.'" *Id.* (quoting *In re EpiPen*, 2021 WL 2585065, at *1 n.3); *see also* Doc. 2382 at 19 (Tr. of June 16, 2021 Teleconference) (announcing that the court intended to file the then-forthcoming *Daubert*

and summary judgment Orders publicly because the information discussed "is dated and/or is . . . already contained in public record" and was germane to the court's "dispositive reasoning" so "the public deserve[d] to have immediate access to that reasoning").

But now, plaintiffs are asking the court for leave to file a portion of their Reply and Exhibit 3 under seal because "these exhibits are subject to the protective order and the Court has not ruled on whether the public has a right to full access to them for summary judgment purposes[.]" Doc. 2419 at 2. So, they seek leave to file under seal "while the Court decides whether to permanently seal or redact Exhibit 3 and redact Figure 1 out of Class Plaintiffs' Reconsideration Reply." *Id.*

Although the court hasn't yet ruled the underlying motions asking to seal certain summary judgment exhibits, it will deny both requests for leave to file under seal for reasons the court already has articulated. As the court explained on summary judgment, no "'countervailing interests'" exist here that "'heavily outweigh the public interests in access to the judicial record'" and suffice to "rebut the 'strong presumption in favor of public access' to judicial records." *In re EpiPen*, 2021 WL 2585065, at *1 n.3 (quoting *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020)). The court gave three reasons for this conclusion in its summary judgment Order. "*First*, the court's summary judgment analysis relie[d] on the factual information submitted by the parties to determine the litigants' rights; so, the public has a strong interest in accessing the information." *Id.* (citing *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009)). "*Second*, a good portion of the factual information already is publicly-available through other sources." *Id.* "*And third*, most of this information is quite stale—ranging in date from 2007 to 2017." *Id.* So, the court concluded that "the public's right to access the entire contents of this Order to understand the summary judgment facts and the court's

analysis of plaintiffs' antitrust claims and RICO claims outweighs any privacy interest that the parties assert over the information." *Id.*

With plaintiffs' present sealing requests, Exhibits 1 and 2 are Mylan and Pfizer emails discussing a competing generic product. The emails are from 2011, and thus more than 10 years old. The information in these emails is stale. The court finds no reason that Exhibits 1 and 2 qualify for sealing under the legal governing standard. So, the court denies the request for leave to file Exhibits 1 and 2 under seal.

Figure 1 in plaintiffs' Reply is a demonstrative timeline that plaintiffs have created to show—in their view—the alleged fraud that defendants committed by implementing the EpiPen 2-Pak switch. Exhibit 3 to the Reply is a collection of documents that—plaintiffs contend—provide the factual support for their timeline. The court discussed—and in some instances quoted verbatim—these documents in its publicly-filed summary judgment Order. *See id.* at *8–9, 13, 81 (discussing Pls.' Exs. 15, 97, 102, 144); *see also id.* at *10 (discussing Pls.' Ex. 125 which is a later version of the presentation found in Pls.' Ex. 123 that plaintiffs have attached to their Reply's Exhibit 3 as Attach. 4). The information thus is publicly available in the court's summary judgment Order. So, for the same reasons that the court declined to seal that information in that Order, the court denies the request for leave to file under seal Exhibit 3 and to redact Figure 1 from plaintiffs' Reply.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the class plaintiffs' Unopposed Motions for Leave to Provisionally File Under Seal (Docs. 2417 & 2419) are denied. The court orders plaintiffs to file Exhibits 1 and 2 on the public docket.

**IT IS SO ORDERED.**

**Dated this 1st day of September, 2021, at Kansas City, Kansas.**

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**