IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

### ORDER

This matter is before the Court on Class Plaintiffs' Renewed Motion to File Under Seal Their Motion to Strike in Part the Testimony of Dr. John H. Johnson IV and Related Documents (ECF No. 2216). As the Court has previously noted, the Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."[1] The public's right of access, however, is not absolute.[2] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[3] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[4] The party seeking to overcome the

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted).

[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[4] *Helm*, 656 F.3d at 1292.

presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[5]

Applying this standard, the Court grants the Renewed Motion in part and denies it in part as set forth below.[6]

**Exhibit 2** (ECF No. 2216-34) is Plaintiffs' Memorandum in Support of Motion to Strike in Part Testimony of Dr. John H. Johnson IV. Mylan requests redaction in part. The Court denies Mylan's request to redact the excerpts identified on pages 18, 19, 21, 26, 27, 31, 32, and 33.[7] References to a model without disclosing information about the model, and data that is now stale are not sufficiently compelling reasons to redact the material in question. However, the Courts grants Mylan's request to redact the excerpt beginning on page 25 that carries over to page 26.

The Court denies Mylan's request to redact **Exhibit 3** (ECF No. 2216-9). No meaningful information is disclosed in the excerpts.

Mylan, Sanofi, and Teva seek redaction of various portions of **Exhibit 4** (ECF No. 2216-10), the Merits Expert Report of Dr. John H. Johnson, IV dated December 23, 2019. Mylan asks the Court to "refer to the redactions that Mylan submitted for this exhibit as part of its Summary Judgment Motion sealing requests." Because of the voluminous nature of the documents

---

[5] *Id.*; *Mann*, 477 F.3d at 1149.

[6] Consistent with District Judge Crabtree's Order dated July 23, 2021 (ECF No. 2401), this order does not rule on any requests by the Pfizer Defendants for sealing or redaction. *See* ECF No. 2401 at 12 ("Pending a final determination about the approval of the settlement, the court shall stay all proceedings in the Action for the Pfizer Defendants only, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.").

[7] The Court refers to the page numbers assigned by CM/ECF to the filed motion and exhibits, and not to the page numbers on the original documents.

contained in this motion and the parties' other sealing motions related to their summary judgment briefing and motions to strike expert testimony, the Court will not search through the record to find the proposed redactions in another filing. When the Court issues an order ruling on Mylan's Summary Judgment Motion sealing requests, the parties shall apply the ruling regarding Dr. Johnson's December 23, 2019 report to Mylan's requested redactions of Exhibit 4. When Plaintiffs publicly file Exhibit 4 pursuant to this Order, they shall provisionally treat Mylan's requested redactions as approved.

With respect to Sanofi's request to redact four excerpts from **Exhibit 4** which refer to internal business strategies, the Court grants the request. As for Teva's request to redact excerpts from **Exhibit 4** which discuss Teva internal file containing information on potential business and pricing plans, the Court grants the request.

Mylan and Teva seek redaction of various portions of **Exhibit 7** (ECF No. 2216-13), the Merits Expert Report of Dr. Meredith Rosenthal dated October 31, 2019. Mylan makes the same request for the Court refer to its other filings, which the Court will also treat in the same manner as Exhibit 4. And Plaintiffs shall provisionally redact the information Mylan addresses.

The Court grants Teva's request to redact five excerpts from **Exhibit 7** regarding emails about settlement communication between Teva and Mylan.

The Court grants Mylan's request to seal **Exhibits 8** (ECF No. 2216-14), **9** (ECF No. 2216-15), **10** (ECF No. 2216-16), **11** (ECF No. 2216-17), **12** (ECF No. 2216-18), **13** (ECF No. 2216-19), **15** (ECF No. 2216-21), **19** (ECF No. 2216-25), **20** (ECF No. 2216-26), and **21** (ECF No. 2216-27). These exhibits discuss Mylan's competitive strategy and analysis, financial and market share projections, and/or internal decision-making process regarding launching its product.

The Court grants Mylan's request to redact two excerpts from **Exhibit 25** (ECF No. 2216-31) which relate to strategic analysis on the EpiPen product's growth, financial projections, and competitive strategy.[8]

The Court denies Mylan's request to seal **Exhibit 14** (ECF No. 2216-20). The excerpts from the deposition transcript of Roger Graham identify individuals who were involved in working on a model but contain no discussion of the model itself.

The Court will handle **Exhibits 16** (ECF No. 2216-22) and **26** (ECF No. 2216-32), and Mylan's request to redact portions of **Exhibit 27** (ECF No. 2216-33), in the same manner as Mylan's request to redact portions of Exhibit 4, and Plaintiffs shall likewise apply the same provisional treatment. The Court grants Teva's request to redact portions of **Exhibit 27** which refer to confidential internal emails and minutes containing proprietary information.

The Court denies Mylan's request to seal **Exhibit 17** (ECF No. 2216-23). The information is stale and no strategic or analytical information is displayed.

Judge Crabtree has ruled on the appropriate redactions for **Exhibit 18** (ECF No. 2216-24). Class Plaintiffs shall file the redacted version which appears in the docket at ECF No. 1837-2, as the Court finds no compelling reason to reach a different result.

**IT IS THEREFORE ORDERED THAT** Class Plaintiffs' Renewed Motion to File Under Seal Their Motion to Strike in Part the Testimony of Dr. John H. Johnson IV and Related Documents (ECF No. 2216) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** within thirty (30) days of the date of this order:

---

[8] The Court notes the same document appears at ECF No. 2216-34 (pages 46-61). When publicly filing those pages, Class Plaintiffs shall redact them in the same manner as Exhibit 25.

(1) Class Plaintiffs must <u>file under seal</u>, and without redactions, **Exhibits 8** (ECF No. 2216-14), **9** (ECF No. 2216-15), **10** (ECF No. 2216-16), **11** (ECF No. 2216-17), **12** (ECF No. 2216-18), **13** (ECF No. 2216-19), **15** (ECF No. 2216-21), **19** (ECF No. 2216-25), **20** (ECF No. 2216-26), and **21** (ECF No. 2216-27);

(2) Class Plaintiffs must file <u>publicly</u> **Exhibit 2** (ECF No. 2216-34), **Exhibit 4** (ECF No. 2216-10), **Exhibit 7** (ECF No. 2216-13), **Exhibit 18** (ECF No. 2216-24), **Exhibit 25** (ECF No. 2216-31), and **Exhibit 27** (ECF No. 2216-33), each with the approved redactions;

(3) Class Plaintiffs must file <u>publicly</u> and without redaction **Exhibit 3** (ECF No. 2216-9), **Exhibit 14** (ECF No. 2216-20), and **Exhibit 17** (ECF No. 2216-23); and

(4) Class Plaintiffs must file <u>publicly</u> the exhibits to their Motion to Strike in Part the Testimony of Dr. John H. Johnson IV and Related Documents that no party or third party has sought leave to file under seal in Class Plaintiffs' Renewed Motion to File Under Seal Their Motion to Strike in Part the Testimony of Dr. John H. Johnson IV and Related Documents (ECF No. 2216).

**IT IS SO ORDERED.**

Dated this 24th day of September, 2021 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge