IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

## ORDER

This matter is before the Court on Mylan's Renewed Motion for Leave to File Under Seal Documents in Support of Defendants' Opposition to Plaintiffs' Motion to Strike in Part the Testimony of Dr. John H. Johnson IV (ECF No. 2238). As the Court has previously noted, the Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."[1] The public's right of access, however, is not absolute.[2] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[3] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[4] The party seeking to

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted).

[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[4] *Helm*, 656 F.3d at 1292.

overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[5]

Applying this standard, the Court denies the Renewed Motion. Mylan seeks to redact certain lines from the brief comprising Defendants' Opposition to Plaintiffs' Motion to Strike in Part the Testimony of Dr. John H. Johnson IV (originally filed at ECF No. 2132-1).[6] Mylan asserts the redacted lines discuss its confidential projections relating to generic substitution rates, generic entry modeling, and the metrics considered to form those projections. According to Mylan, disclosure would give competitors a strategic advantage.

The Court denies the request to redact the lines because the information contained in them is now a matter of public record. District Judge Crabtree quoted from, described, and/or analyzed the contents of these lines in his Memorandum and Order dated June 23, 2021 that includes a ruling on Plaintiffs' motion to strike Dr. Johnson's testimony.[7]

**IT IS THEREFORE ORDERED THAT** Mylan's Renewed Motion for Leave to File Under Seal Documents in Support of Defendants' Opposition to Plaintiffs' Motion to Strike in Part the Testimony of Dr. John H. Johnson IV (ECF No. 2238) is denied.

---

[5] *Id.*; *Mann*, 477 F.3d at 1149.

[6] Although District Judge Crabtree has stayed all proceedings for the Pfizer Defendants and this Order addresses excerpts from Mylan's and Pfizer's joint opposition to Plaintiffs' motion to strike Dr. Johnson's testimony, only Mylan seeks redaction of the joint opposition brief. *See* ECF No. 2401 at 12 ("Pending a final determination about the approval of the settlement, the court shall stay all proceedings in the Action for the Pfizer Defendants only, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement."). Accordingly, this Order does not violate the stay because it does not address any proceeding affecting Pfizer.

[7] *See* ECF No. 2380 at 9-14.

**IT IS FURTHER ORDERED THAT** within ten (10) days of the date of this order, Mylan must file <u>publicly</u> Defendants' Opposition to Plaintiffs' Motion to Strike in Part the Testimony of Dr. John H. Johnson IV (originally filed at ECF No. 2132-1), along with Exhibits A, B, and C to the Opposition (ECF Nos. 2132-4, -5, and -6). No party or non-party has maintained a request to seal those exhibits.

**IT IS SO ORDERED.**

Dated this 24th day of September, 2021 in Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge