IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No: 2785<br><br>Case No. 17-md-2785-DDC-TJJ |

**MEMORANDUM AND ORDER**

Plaintiffs have filed a Motion to Certify Orders for Interlocutory Appeal.  Doc. 2414.  The Mylan defendants oppose plaintiffs' motion.  Doc. 2428.  For reasons explained below, the court denies plaintiffs' motion.[1]

**I.     Factual and Procedural Background**

This case involves a certified class action brought by consumers and third-party payors of the EpiPen.  They allege that the Mylan and Pfizer defendants, who manufacture and sell the EpiPen, violated certain state antitrust laws and the federal civil RICO statute.  Doc. 2169 at 42, 44–45 (Pretrial Order ¶¶ 4.a., 4.d.).

With their motion, plaintiffs ask the court to certify three questions of law for interlocutory appeal under 28 U.S.C. § 1291.  Two of the three questions arise from the court's rulings in its Order granting in part and denying in part the Mylan defendants' Motion for

---

[1]  Plaintiffs also have filed a Motion for Oral Argument.  Doc. 2430.  It asks the court to conduct oral argument on this motion and plaintiffs' earlier-filed Motion for Reconsideration (Doc. 2398).  Our local rule, D. Kan. Rule 7.2, gives the court discretion to "set any motion for oral argument or hearing at the request of a party or on its own initiative."  The court denies the Motion for Oral Argument.  The parties' papers adequately argue the issues raised by plaintiffs' two motions.  Oral argument isn't necessary or consistent with Fed. R. Civ. P. 1.

Summary Judgment. Doc. 2381. The third question comes from the court's Order denying plaintiffs' Motions to Allow Live Trial Testimony Via Contemporaneous Transmission. Doc. 2388. Plaintiffs frame the questions as follows:

> **Question 1 (RICO):** Did the Court err, as a matter of law, in its legal conclusions regarding RICO causation?
>
> > **Question 1A:** In a civil RICO mail and wire "scheme to defraud" case, is the causation analysis limited to false representations or must it consider the entire scheme to defraud?
> >
> > **Question 1B:** Is direct evidence of reliance required in a civil RICO claim predicated on mail and wire fraud?
>
> **Question 2:** May a court properly dismiss a plaintiff for lack of subject matter jurisdiction, without conducting a prejudice analysis, where that plaintiff is added through a consolidated complaint?
>
> **Question 3:** Did the Court err in its assessment of its authority to compel remote, contemporaneously transmitted video testimony at trial?

Doc. 2414 at 6.

For reasons explained below, the court declines plaintiffs' request to certify the three questions for interlocutory appeal.

**II.     Legal Standard**

Generally, federal courts of appeals only have jurisdiction to hear appeals from a district court's final decision. 28 U.S.C § 1291. But, 28 U.S.C. § 1292 establishes certain exceptions to this rule, permitting courts of appeals to hear certain interlocutory appeals. One interlocutory exception is a decision certified by a district judge. *Id.* § 1292(b). A district judge may certify an interlocutory order for immediate appeal when the judge is "of the opinion that such order [(1)] involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and that [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Id.* "The proponent of an interlocutory appeal bears

2

the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met." *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JAR-KGG, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020).

A district court has discretion to certify an interlocutory order for appeal under § 1292(b). *Id.*; *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) (explaining that when it enacted § 1292(b), "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals"). But, such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of controlling questions encountered early in the action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and internal quotation marks omitted).

### III. Analysis

Plaintiffs assert that they have satisfied the three requirements for a § 1292(b) appeal, and so, the court should certify the three questions of law for interlocutory appeal. The court addresses plaintiffs' arguments for each question of law, separately, below. But first, the court addresses the Mylan defendants' argument that the court can deny plaintiffs' motion for interlocutory appeal as untimely.

#### A. Timeliness of Plaintiffs' Motion

The Mylan defendants argue that the court should deny plaintiffs' motion asking the court to certify its Orders for interlocutory appeal because it's not timely. For support, they cite a district court opinion from a court within our Circuit which recognized that "[s]ome courts have considered the timeliness of a motion under § 1292(b) when determining if an order should be certified for interlocutory appeal." *Lindley v. Life Invs. Ins. Co. of Am.*, Nos. 08-CV-0379-

CVE-PJC, 09-CV-0429-CVE-PJC, 2010 WL 2465515, at *2 (N.D. Okla. June 11, 2010) (collecting cases); *see also Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) ("There is also a nonstatutory requirement:  the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.").  And, following that guidance, the Oklahoma federal district court found that "[a]lthough timeliness is not a statutory requirement, . . . timeliness should be considered when exercising [the court's] discretion to certify an order for interlocutory appeal under § 1292(b)." *Lindley*, 2010 WL 2465515, at *2.

*Lindley*'s plaintiff filed his motion for certification more than two months after the court issued its order on the legal question.  *Id.* at *3.  The court found that on those facts "plaintiff's motion was not filed within a reasonable time."  *Id.*  But, the court declined to "treat this as a dispositive factor when ruling on plaintiff's motion," and instead "consider[ed] plaintiff's delay as a factor weighing against permitting an interlocutory appeal[.]"  *Id.*

In the current case, the court issued its Order granting in part and denying in part the Mylan defendants' Motion for Summary Judgment on June 23, 2021.  Doc. 2381.  And, the court issued its Order denying plaintiffs' Motions to Allow Live Trial Testimony Via Contemporaneous Transmission on July 7, 2021.  Doc. 2388.  Plaintiffs filed their Motion to Certify Orders for Interlocutory Appeal on August 23, 2021.  Doc. 2414.  Defendants argue that it was unreasonable for plaintiffs to wait to file their motion seeking certification of an interlocutory appeal until 61 days after the court had issued the summary judgment Order and 47 days after the court had issued the Order denying plaintiffs' requests for contemporaneous transmission of live trial testimony.  Here, the court need not consider the timeliness of plaintiffs' motion because, as explained below, it can deny plaintiffs' motion on the merits for failing to satisfy § 1292(b)'s requirements for certification of an interlocutory appeal.

4

Now, the court explains why plaintiffs fail to shoulder their burden to establish that the motion satisfies § 1292(b)'s three criteria, and thus why their motion doesn't present the "extraordinary case[ ]" where certification is warranted. *Kennecott Corp.*, 14 F.3d at 1495 (citation and internal quotation marks omitted).

### B.  Should the Court Certify Question 1 for Interlocutory Appeal?

Plaintiffs ask the court to certify Question 1 (and its two subparts) for interlocutory appeal.  Generally, Question 1 asks whether the court erred in its legal conclusions about RICO causation in its June 23 Order granting summary judgment against plaintiffs' RICO claim.  The court declines to certify this question of law because plaintiffs fail to satisfy at least two of § 1292(b)'s certification requirements.  *See Freedom Transp., Inc.*, 2020 WL 108670, at *2 (explaining that §1292(b)'s three requirements for certification "are conjunctive, not disjunctive" and the "proponent of an interlocutory appeal bears the burden of establishing that *all three* of the substantive criteria are met" (emphasis added) (citations and internal quotation marks omitted)).

*First*, plaintiffs haven't shown that a substantial ground for a difference of opinion exists on this question of law.  For the court to find a substantial ground for difference of opinion, the court must conclude that the question of law "'is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" *Farmer v. Kan. State Univ.*, No. 16-CV-2256-JAR-GEB, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017) (quoting *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014)).  That an issue presents a question of first impression is not, by itself, sufficient.  *Id.* (citation omitted).  Nor will contradictory case law—by itself—qualify a case for certification.  *Id.*

5

Here, to support their certification request, plaintiffs regurgitate the arguments they asserted in their Motion for Reconsideration (Doc. 2398).  The reconsideration motion asks the court to rethink its decision granting summary judgment against plaintiffs' RICO claim.  *Id.*  The court thoroughly has addressed those arguments in a contemporaneously-filed Order denying plaintiffs' Motion to Reconsider.  Doc. 2497.  It explains why the court didn't commit clear error in its RICO causation analysis, on both of these two issues:  (1) whether a genuine dispute of material fact required a trial to determine if the RICO predicate acts caused plaintiffs' alleged injuries, and (2) whether there was a triable issue whether anyone had relied on the alleged fraudulent misrepresentations or omissions.  To the contrary, the court's summary judgment Order—and now the Order denying the Motion for Reconsideration—describe why the court's summary judgment decision on the RICO claim was consistent with Supreme Court and Tenth Circuit authority.

Also, plaintiffs haven't cited any judicial opinions that directly contradict the court's rulings.  Although plaintiffs cite cases that, they contend, contradict the court's rulings, the court has explained—either in the summary judgment Order or the Order denying the Motion for Reconsideration—why those cases don't apply to the facts here.  The court remains convinced that its analysis is correct, and plaintiffs have presented no persuasive argument to the contrary.  Thus, plaintiffs have failed to demonstrate that a substantial ground for difference of opinion exists about this question of law.  For this reason, and because of the "Tenth Circuit's demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances," *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998), the court denies plaintiffs' request to certify for interlocutory appeal Question 1.  *See also Kennecott Corp.*, 14 F.3d at 1495 (explaining that certification of an interlocutory order is "limited to

*extraordinary cases* in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of controlling questions encountered early in the action" (emphasis added) (citation and internal quotation marks omitted)).

*Second*, plaintiffs haven't shown that an immediate appeal from the Order may advance the ultimate termination of the litigation materially. Plaintiffs argue that an interlocutory appeal now will promote efficiency because it will prevent the possibility of another trial should the Circuit reverse the court's Order granting summary judgment against the RICO claim. But, as our court has recognized previously, the mere "possibility that the Tenth Circuit may reverse the court's rulings does not warrant a postponement of this case" for an interlocutory appeal to play out. *Pro. Serv. Indus., Inc. v. Kimbrell*, 841 F. Supp. 358, 363 (D. Kan. 1993). Also, "an immediate appeal would delay, and not materially advance, the ultimate termination of the litigation" because it would require the court to postpone the jury trial on plaintiffs' remaining claims that is scheduled to begin on January 24, 2022, in a case that the JPML transferred to this court more than four years ago. *In re Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2010 WL 11431874, at *3 (D. Kan. Aug. 27, 2010); *see also Pro. Serv. Indus., Inc.*, 841 F. Supp. at 363 ("If anything, an interlocutory appeal at this stage would delay the adjudication of the case, which has been on file well over three years.").

In sum, the court denies plaintiffs' request to certify for interlocutory appeal their Question 1 because plaintiffs have failed to show that (1) a "substantial ground for difference of opinion" exists on the question, or that (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

### C. Should the Court Certify Question 2 for Interlocutory Appeal?

Next, the court addresses plaintiffs' request to certify for interlocutory appeal their Question 2. It states: "**Question 2:** May a court properly dismiss a plaintiff for lack of subject matter jurisdiction, without conducting a prejudice analysis, where that plaintiff is added through a consolidated complaint?" Doc. 2414 at 6. The court also declines to certify this question for interlocutory appeal because plaintiffs haven't shown that at least two of § 1292(b)'s three requirements are met here.

*First*, plaintiffs haven't established that a substantial ground for difference of opinion exists about this question. As the court explained in its summary judgment Order, it dismissed four named plaintiffs from the MDL for lack of subject matter jurisdiction because those four plaintiffs never filed an underlying case in a transferor court that the JPML transferred to this court under 28 U.S.C. § 1407. Doc. 2381 at 163. Plaintiffs moved the court to reconsider this portion of the court's summary judgment Order, and the court has denied that request in the contemporaneously-filed Order denying plaintiffs' Motion for Reconsideration. Doc. 2497.

The court's Order on the Motion for Reconsideration thoroughly addresses plaintiffs' arguments on this issue. And, it demonstrates that every single MDL transferee court to consider the question has concluded that transferee courts don't have subject matter jurisdiction to adjudicate a claim brought by an MDL plaintiff who never filed an underlying lawsuit in a transferor court. Plaintiffs have identified no case law holding to the contrary. And they don't cite any case law holding (or even suggesting) that a transferee court must conduct a prejudice analysis before dismissing an MDL plaintiff from a lawsuit based on that plaintiff's failure to file an underlying lawsuit in a transferor court. Thus, this question doesn't present a substantial ground for difference of opinion.

*Second*, plaintiffs also haven't shown that certification of this question for interlocutory appeal may advance materially the ultimate termination of the litigation. Plaintiffs argue that it is more efficient to try these named plaintiffs' state antitrust claims with the other generic delay claims that are set for jury trial on January 24, 2022. But, as discussed, the possibility that the Circuit may reverse the court's decision on these four named plaintiffs' claims[2] doesn't require the court to delay the case by certifying the issue for interlocutory appeal. *See Pro. Serv. Indus., Inc.*, 841 F. Supp. at 363 (explaining that the "possibility that the Tenth Circuit may reverse the court's rulings does not warrant a postponement of this case" through an interlocutory appeal). And, here, an interlocutory appeal of the question "would delay" the scheduled jury trial, and thus, it would "not materially advance" the litigation's "ultimate termination[.]" *See In re Motor Fuel Temperature Sales Pracs. Litig.*, 2010 WL 11431874, at *3; *see also Pro. Serv. Indus., Inc.*, 841 F. Supp. at 363 ("If anything, an interlocutory appeal at this stage would delay the adjudication of the case, which has been on file well over three years.").

Thus, the court declines to certify for interlocutory appeal plaintiffs' Question 2 because plaintiffs haven't shouldered their burden to show that (1) a "substantial ground for difference of opinion" exists on the question, or that (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

### D. Should the Court Certify Question 3 for Interlocutory Appeal?

Last, plaintiffs ask the court to certify for interlocutory appeal their Question 3. This question asks: "**Question 3:** Did the Court err in its assessment of its authority to compel

---

[2] Only one of the dismissals of a named plaintiff resulted in the dismissal of one state's antitrust claims. The court dismissed the Tennessee named plaintiff which, in turn, caused the court to dismiss the Tennessee antitrust claims because the operative Complaint included no other named Tennessean. Doc. 2381 at 163. The other three dismissals didn't require the court to dismiss any pending claims because other properly named plaintiffs assert the same claims asserted by the three dismissed plaintiffs. *Id.* at 163. n.68.

9

remote, contemporaneously transmitted video testimony at trial?" Doc. 2414 at 6. Again, the court declines to certify the question for appeal because plaintiffs fail to satisfy at least two of § 1292(b)'s criteria.

*First*, plaintiffs haven't shown a substantial ground for difference of opinion on the issue. The court's Order denying plaintiffs' motion for contemporaneous transmission of live trial testimony concluded that the court couldn't "circumvent [Fed. R. Civ. P.] 45's [subpoena] requirements by allowing plaintiffs to present their testimony remotely via contemporaneous transmission under Rule 43(a)." Doc. 2388 at 8. It reached this conclusion by relying on persuasive authority from a Wyoming federal district court and the language of the advisory committee's notes to the Federal Rules of Civil Procedure. *See id.* at 8–9 (citing *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wyo. Dec. 2, 2020)). And, alternatively, the court explained that even if it "were willing to ignore Rule 45's limits on its subpoena power, plaintiffs [hadn't] shown good cause to allow testimony from a remote location instead of live in the courtroom" under Rule 43(a). *Id.* at 9.

As discussed already, to find a substantial ground for difference of opinion, the court must conclude that the question of law "is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *Farmer*, 2017 WL 3674964, at *3 (internal quotation marks omitted). That standard isn't met here. The question isn't novel. As the court's previous Order discussed, several courts have considered this question. And while some courts have reached an opposite conclusion on permitting contemporaneous live trial testimony, *see* Doc. 2388 at 5–6, "it is not enough" to show a "substantial ground for a difference of opinion" exists by citing a case on point that has "reached the opposite conclusion[,]" *Freedom Transp., Inc.*, 2020 WL 108670, at *3.

Also, a "substantial difference of opinion may exist if the district court's ruling appears contrary to the rulings of all courts of appeal which have reached the issue, [or] if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point[.]" *Id.* at *3 (citation and internal quotation marks omitted).  That's not the scenario here.  As plaintiffs concede:  "No Court of Appeals has weighed in on this dispute."  Doc. 2414 at 18.  Indeed, the issue "appears to be one that has evaded appellate review" but several district courts have "grapple[d] with this question," *id.*, as the court explained in its Order deciding the issue, Doc. 2388 at 5–9.  The court can't find that the question presents a substantial ground for a difference of opinion.

*Second*, plaintiffs haven't shown that an interlocutory appeal of this procedural issue about the mode of presenting trial testimony may advance the ultimate termination of the litigation materially.  Instead, like the other questions already addressed, certifying this question for interlocutory appeal "would delay" the scheduled jury trial, and, as a consequence, it would "not materially advance" the litigation's "ultimate termination[.]"  *See In re Motor Fuel Temperature Sales Pracs. Litig.*, 2010 WL 11431874, at *3.

Thus, the court declines to certify for interlocutory appeal plaintiffs' Question 3.

### IV.   Conclusion

For reasons explained, the court denies plaintiffs' Motion to Certify Orders for Interlocutory Appeal (Doc. 2414).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Certify Orders for Interlocutory Appeal (Doc. 2414) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Oral Argument on Pending Motions (Doc. 2430) is denied.

11

**IT IS SO ORDERED.**

**Dated this 25th day of October, 2021, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**