| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION ) ) ) ) ) | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No: 2785) |
| ) | |
| **This Document Relates To:** ) | |
| **CONSUMER CLASS CASES.** ) ) | |

**NOTICE AND ORDER TO SHOW CAUSE**

**To class plaintiffs:**

The court orders the class plaintiffs to show cause why the court should not deny the

portion of their Motion for Final Approval of Settlement, Approval of Plan of Allocation, and

Award of Attorneys' Fees, Expenses, and Service Awards (Doc. 2434) asking the court to award

a $5,000 service fee to four individuals: Michael Gill, April Sumner, Landon Ipson, and Donna

Anne Dvorak. *See* Doc. 2434 at 2 (asking court to award "service awards in the amount of

$5,000 to each of the Plaintiff Class Representatives"); *see also* Doc. 2434 at 14, 59 (asking the

court to award $5,000 service awards "to each of the 35 class representatives"); Doc. 2435-2 at

81 (Gill Decl. ¶¶ 4–5 ) (identifying Mr. Gill as "a named plaintiff and Class Representative in

this case," and estimating that he "expended greater than 50 hours participating in and helping to

oversee this litigation on behalf of the Class"); Doc. 2435-2 at 135 (Sumner Decl. ¶¶ 4–5 )

(identifying Ms. Sumner as "a named plaintiff and Class Representative in this case," and

estimating that she "expended greater than 60 hours participating in and helping to oversee this

litigation on behalf of the Class"); Doc. 2435-2 at 160–61 (Ipson Decl. ¶¶ 3–4 ) (identifying Mr.

Ipson as "a named plaintiff and Class Representative in this case," and estimating that he "expended greater than 40 hours participating in and helping to oversee this litigation on behalf of the Class"); Doc. 2435-2 at 74 (Dvorak Decl. ¶¶ 4–5 ) (identifying Ms. Dvorak as "a named plaintiff and Class Representative in this case," and estimating that she "expended greater than 100 hours participating in and helping to oversee this litigation on behalf of the Class").

The Consolidated Class Action Complaint named these four individuals as plaintiffs. Doc. 60 at 1–2, 19, 21–23 (Consol. Class Action Compl. ¶¶ 44, 54, 56, 60). And, the court recognizes, these four individuals are among the named plaintiffs that the court appointed as class representatives when it certified two classes in the Class Certification Order. *See* Doc. 2018-1 at 127 ("The court appoints the named plaintiffs proposed as representatives in plaintiffs' Consolidated Class Action Complaint as class representatives for these two classes."). But, the court since has learned that these plaintiffs never were properly named as plaintiffs. And so, in the court's summary judgment Order, the court dismissed these four individuals from the case because they never had filed an underlying case transferred to this MDL. Doc. 2381 at 163 ("dismissing "Ms. Sumner's claims because the court lacks subject matter jurisdiction over them[,]" and for "the same reasons" dismissing "the claims asserted by Donna Anne Dvorak, Michael Gill, and Landon Ipson").

Also, the court recognizes that these four individuals are parties to the Settlement Agreement (Doc. 2393-2 at 11), which the parties entered on July 14, 2021 (*id.* at 3). But, as of June 23, 2021, the court had dismissed these four individuals' claims for lack of subject matter jurisdiction. Doc. 2381 at 163. So, as of June 23, 2021, these four individuals no longer could serve as class representatives.

At least two other courts have determined that the law doesn't permit a service award to an individual who is not a class representative. *See In re Celexa & Lexapro Mktg. and Sales Pracs. Litig.*, No. 09-2067-NMG, 2014 WL 4446464, at \*10 (D. Mass. Sept. 8, 2014) (declining a plaintiff's request for an incentive award because that plaintiff was not a class representative and she "invoke[d] no authority for her request for an incentive award to a plaintiff who is not a class representative"); *see also Acevedo v. City of Los Angeles*, No. CV 14-5661-GHK (PJWx), 2016 WL 11525322, at \*9 (C.D. Cal. Dec. 2, 2016) (holding that because an objector was "not a class representative, he is not entitled to an incentive award"). Because Michael Gill, April Sumner, Landon Ipson, and Donna Anne Dvorak are not class representatives, the court is inclined to deny their requests for $5,000 service awards unless plaintiffs can provide authority suggesting that such an award is proper.

But, the court won't deny the requests without permitting the class plaintiffs an opportunity to brief this question. The court was unaware of this issue during the October 27, 2021 hearing on the class plaintiffs' motion seeking settlement approval. Otherwise, it would have inquired about this issue then.

**IT IS THEREFORE ORDERED BY THE COURT THAT** class plaintiffs are required to show good cause in writing, **on or before November 12, 2021**, why the court should not deny the portion of their Motion for Final Approval of Settlement, Approval of Plan of Allocation, and Award of Attorneys' Fees, Expenses, and Service Awards that asks the court to award a $5,000 service fee to four individuals: Michael Gill, April Sumner, Landon Ipson, and Donna Anne Dvorak. The court presumes that the Pfizer family of defendants takes no position on this issue. But, if the court's presumption is wrong, those defendants also must file any response to this Order by November 12, 2021, as well.

**IT IS SO ORDERED.**

**Dated this 3rd day of November, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
