IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION ) ) ) ) ) This Document Relates To: ) ) CONSUMER CLASS CASES. ) ) | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No. 2785) |

**CLASS PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE CONCERNING SERVICE AWARDS FOR GILL, SUMNER, IPSON & DVORAK**

In its November 3, 2021 Notice and Order to Show Cause, the Court asks Class Plaintiffs to show cause as to why it "should not deny the portion of [Class Plaintiffs'] Motion for Final Approval of Settlement, Approval of Plan of Allocation, and Award of Attorneys' Fees, Expenses, and Service Awards (Doc. 2434)" that requests a service fee for four individuals: Michael Gill, April Sumner, Landon Ipson, and Donna Anne Dvorak. Doc. 2502.

The Court expresses concern that, because these four plaintiffs were dismissed on June 23, 2021 and the Settlement Agreement was "entered on July 14, 2021," "as of June 23, 2021, these four individuals no longer could serve as class representatives." *Id*. at 2. However, the parties reached a binding agreement to settle on June 10, 2021—nearly two weeks before the Court dismissed these four plaintiffs. Doc. 2452-2 at 9, ¶ 20 (Joint Decl. of Co-Lead Counsel). On that date (June 10, 2021), the parties executed a written settlement term sheet, binding them to the terms of settlement and committing to executing a long-form Stipulation of Settlement. *See* Plaintiffs' Mem. in Support of Motion for Preliminary Approval of Settlement with the Pfizer Defendants, Doc. 2393-1 at 5 ("On June 10, 2021, Plaintiffs and the Pfizer Defendants agreed to settle the claims

against Pfizer in return for a cash payment of $345 million inclusive of all fees and costs, for the benefit of the certified Class."). Therefore, Gill, Sumner, Ipson, and Dvorak, were Class Representatives at the time the parties entered a binding settlement.

Even if these four individuals were no longer Class Representatives at the time of settlement, they nevertheless remained Class Members who meaningfully advanced the litigation. As the Court properly recognizes in its Order, these individuals have each spent 40 hours or more contributing to the case (Doc. 2502 at 1-2), and they are parties to the Settlement Agreement with Pfizer (*id.* at 2). Decisional authority and fairness support the Court's discretion to provide them with modest service awards for their significant and meaningful contributions to the case. *See In re Bank of Am. Wage & Hour Emp. Litig.*, No. 10-MD-2138-JWL, 2013 WL 6670602, at *4 (D. Kan. Dec. 18, 2013) (Lungstrum, J.) (approving different service awards for "named plaintiffs," "plaintiffs who provided a deposition," "plaintiffs who responded to interrogatories," and "plaintiffs who provided a declaration or responded to document requests," but noting a plaintiff is entitled to one service award payment of "the highest qualifying amount" where a plaintiff qualifies for multiple awards); *In re Tyson Foods, Inc. Chicken Raised Without Antibiotics Consumer Litig.*, No. RDB-08-1982, 2010 WL 19424012, at *4 (D. Md. May 11, 2010) (awarding incentive awards of "$2,500 for each of the four named Plaintiffs and four other class members who were deposed … for their contribution to the process of the litigation."); *Trujillo v. City of Ontario*, No. EDCV 04-1015VAPSGLX, 2009 WL 2632723, at *5 (C.D. Cal. Aug. 24, 2009) (finding $10,000 incentive payments to "ten persons named in the original Complaint" but who did not serve as class representatives supported by "the contributions these persons made to the prosecution of the litigation or the risk of retaliation they experienced, which were not shared by the class as a whole.").

Each of these individuals participated in discovery and each sat for a deposition: three traveled to Kansas City and the fourth sat for cross-examination for nearly 8 hours at her deposition.[1] Multiple courts have provided such awards to ordinary class members deposed in an action. *See In re Bank of Am. Wage & Hour Emp. Litig.*, 2013 WL 6670602, at *4; *In re Tyson Foods, Inc.*, 2010 WL 19424012, at *4; *Equal Rts. Ctr. v. Washington Metro. Area Transit Auth.*, 573 F. Supp. 2d 205, 214 n.10 (D.D.C. 2008) ("incentive awards of $5,000 and $1,000 granted to named plaintiffs and deposed class members are not uncommon in class action litigation"); *Nilsen v. York Cty.*, 382 F. Supp. 2d 206, 215 (D. Me. 2005) (finding incentive award to "each class member who was deposed . . . fair, reasonable").[2]

In light of the above, Class Plaintiffs respectfully submit that the contributions of these four individuals should be recognized on par with the other Class Representatives. Because of their contributions to the case, this Court would be well within its discretion to provide them with service awards, notwithstanding any change in status from Class Representatives to Class Members.[3] The

---

[1] *See* Doc. 2435-2 at 81 (Gill Decl. ¶ 4-5); Doc. 2435-2 at 135 (Sumner Decl. ¶¶ 4–5); Doc. 2435-2 at 160–61 (Ipson Decl. ¶¶ 3–4); Doc. 2435-2 at 74 (Dvorak Decl. ¶¶ 4-5).

[2] The cases cited by the Court in its Order are distinguishable. *In re Celexa & Lexapro Mktg. and Sales Pracs. Litig.*, No. 09-2067-NMG, 2014 WL 4446464, at *1 (D. Mass. Sept. 8, 2014) deals with an **objector** class member and in *Acevedo v. City of Los Angeles*, No. CV 14-5661-GHK (PJWx), 2016 WL 11525322, at *8 (C.D. Cal. Dec. 2, 2016), the plaintiff brought an individual action following decertification and the court denied an award because he was "not a *class* representative." *Id.* at *9 (emphasis in original). Here, rather than objecting, the four individuals have contributed to the prosecution and settlement of the case, and there remains a valid class of which they are members.

[3] Class Plaintiffs appreciate the opportunity to provide this information and agree that the issue of these four service awards does not bear on the approval of the balance of the $345 million significant settlement with Pfizer. Doc. 2502 at 3 (narrowing Order to Show Cause to "the portion" of the motion dealing with Gill, Sumner, Ipson, and Dvorak's service awards).

Pfizer Defendants have informed Class Plaintiffs that the Pfizer Defendants take no position on the issue.

          Respectfully submitted,

    SHARP LAW LLP

    By: */s/ Rex A. Sharp*
    SHARP LAW LLP
    REX A. SHARP
    RYAN C. HUDSON
    W. GREG WRIGHT
    4820 West 75th Street
    Prairie Village, KS  66208
    Telephone:  913/901-0505
    913/901-0419 (fax)
    rsharp@midwest-law.com
    rhudson@midwest-law.com
    gwright@midwest-law.com

    KELLER ROHRBACK L.L.P.
    LYNN LINCOLN SARKO
    GRETCHEN FREEMAN CAPPIO
    1201 Third Avenue, Suite 3200
    Seattle, WA  98101
    Telephone:  206/623-1900
    206/623-3384 (fax)
    lsarko@kellerrohrback.com
    gcappio@kellerrohrback.com

    ROBBINS GELLER RUDMAN
      & DOWD LLP
    PAUL J. GELLER
    STUART A. DAVIDSON
    120 East Palmetto Park Road, Suite 500
    Boca Raton, FL 33432
    Telephone: 561/750-3000
    561/750-3364 (fax)
    pgeller@rgrdlaw.com
    sdavidson@rgrdlaw.com
    bbeall@rgrdlaw.com

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER
JONATHAN K. LEVINE
1900 Powell Street, Suite 450
Emeryville, CA  94608
Telephone:  415/692-0772
415/366-6110 (fax)
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com

BURNS CHAREST LLP
WARREN T. BURNS
SPENCER COX
900 Jackson Street, Suite 500
Dallas, TX  75202
Telephone:  469/904-4550
469/444-5002 (fax)
wburns@burnscharest.com
scox@burnscharest.com

*Co-Lead Counsel and Liaison Counsel for Class Plaintiffs*

THE LANIER LAW FIRM
W. MARK LANIER
RACHEL LANIER
CRISTINA DELISE
10940 W. Sam Houston Parkway North, Suite 100
Houston, TX  77064
Telephone:  713/659-5200
713/659-2204 (fax)
mark.lanier@lanierlawlirm.com
rachel.lanier@lanierlawfirm.com
cristina.delise@lanierlawfirm.com

*Special Trial Counsel for Class Plaintiffs*

BOIES SCHILLER FLEXNER LLP
MATTHEW S. TRIPOLITSIOTIS
333 Main Street
Armonk, NY 10504
Telephone:  914/749-8200
914/749-8300 (fax)
mtripolitsiotis@bsfllp.com
dloft@bsfllp.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

*/s/ Rex A. Sharp*
Rex A. Sharp