# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION | Civil Action No. 2:17-md-02785-DDC-TJJ (MDL No. 2785) |
| This Document Relates To:<br><br>CONSUMER CLASS CASES. | |

**RESPONSE IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION, AND AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

After this Court preliminarily approved Class Plaintiffs' settlement with the Mylan Defendants, ECF No. 2590, the Settlement Administrator widely disseminated and published notice of the Settlement to Class Members. In response, no serious objections to any aspect of the Settlement are before the Court. Nineteen individual consumers and one employer have served written communications on Co-Lead Counsel, the Settlement Administrator, or the Court related to the Settlement. Of the 20 communications, none is a properly submitted substantive objection and all are readily resolved: four individuals who previously timely opted out request to opt-out again; twelve others belatedly request to opt-out as Class Members in connection with the current Settlement, but do not substantively object; two fail to submit any information establishing they are Class Members; one individual merely states generically that she objects to the Settlement, but provides no basis for her objection or other information required for a valid objection; and one individual has withdrawn her objection that was not filed with the Court. And there are no objections to the Plan of Allocation, requested award of attorneys' fees and expenses, or the Class Representatives' requested service awards.

Based on the positive reaction to the Settlement and lack of any valid objection, and for the reasons set forth in Class Plaintiffs' initial filings in support of its Motion for Final Approval, *see* ECF Nos. 2612–2613, the motion should be granted and the Settlement, Plan of Allocation, award of attorneys' fees and expenses, and the service awards should be approved.

## I. THE NOTICE PROGRAM

As of June 27, 2022, the Settlement Administrator has: (a) mailed 6,486,674 copies of the summary notice to Class Members; (b) emailed 1,790,695 copies (of which 1,378,4883 were successfully delivered) of the summary notice to Class Members; (c) implemented the media plan to publish notice of the Settlement on certain websites and social media platforms, and in *People* magazine; and (d) updated and managed the Settlement website, *EpipenClassAction.com*. *See* Declaration of Eric Schachter of A.B. Data, Ltd. in Support of Class Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation ("Schachter Decl."), ECF No. 2613-2 at 29–34, ¶¶ 5–12; Supplemental Declaration of Eric Schachter of A.B. Data, Ltd. in Support of Class Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation ("Supplemental Schachter Decl.") at ¶¶ 3-5, attached as **Exhibit 1**. The Settlement Agreement, Preliminary Approval Order, Notice, Consumer and TPP Claim Forms, and other relevant documents about the Action were also posted on the Settlement website. *See* Schachter Decl. at ¶ 12. As a result, Class Members have been made fully aware of the terms of the Settlement, the Plan of Allocation, and the requests for an award of attorneys' fees, expenses, and service awards.

The deadline for Class Members to file a claim is July 25, 2022—about three weeks after the scheduled hearing for final approval on July 6, 2022. To date 638,478 consumer claims and 3,403 TPP claims have been filed, many of which were also claims in the prior Pfizer Settlement. *See* Supplemental Schachter Decl. at ¶ 6. Because more claims typically are filed closer to the claims filing deadline, the Settlement Administrator and Co-Lead Counsel expect the claims rate

will increase even more by the July 25, 2022 deadline. *Id.* Co-Lead Counsel will update the Court with the number of claims submitted at the July 6 final approval hearing.

## II. THE POSITIVE REACTION OF THE CLASS

The reaction of the Class has been overwhelmingly positive. No Class Member has submitted a qualifying substantive objection to the Settlement, the Plan of Allocation, the requested award of attorneys' fees and expenses, or the requested service awards. That no Class Member has objected to any aspect of the Settlement strongly supports final approval of the Settlement, Plan of Allocation, and requested awards of fees, expenses, and service awards. *See Jackson v. Ash*, No. 13-2504-EFM-JPO, 2015 WL 751835, at *3 n.15 (D. Kan. Feb. 23, 2015) ("Though not controlling, a relatively small number of objectors can be taken as some indication that the class members as a group did not think the settlement was unfair.") (internal quotation marks omitted); *Cox v. Sprint Commc'ns Co. L.P.*, No. 6:10-cv-01262-KGG, 2012 WL 5512381, at *4 (D. Kan. Nov. 14, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *Make a Difference Found., Inc. v. Hopkins*, No. 10-cv-00408-WJM-MJW, 2012 WL 917283, at *3 (D. Colo. Mar. 19, 2012) (finding that the filing of only three objections out of 47,000 notices "weighs heavily in favor of approval of the . . . litigation settlement" and requested fee).

## III. ALL OBJECTIONS ARE WITHOUT BASIS AND SHOULD BE OVERRULED

The Preliminary Approval Order established June 8, 2022, as the deadline for Class Members to file comments on or objections to the Settlement. *See* ECF No. 2594 at 14. No States Attorneys General have filed comments on or objections to the Settlement and only 19 individual consumers and one employer submitted comments on or objections to the Settlement. Declaration of Elizabeth C. Pritzker ("Pritzker Decl.") at ¶¶ 4-5, attached as **Exhibit 2**. None provide a basis

for the Court to deny final approval of the Settlement Plan of Allocation, or the motions for attorneys' fees, expenses, and service awards.

### A. The Four Prior Opt-Outs Are Already Excluded from the Settlement.

Four individuals—Mamiesha Banks, Amanda McCrary, Carol Fuller, and Arthur Vergara—wrote to Co-Lead Counsel requesting to be excluded from the Settlement. Pritzker Decl. at ¶ 6, Exs. A-D. Each of these individuals previously filed a timely request to be excluded from the Action, as confirmed by the Settlement Administrator in its Final Status Report filed February 26, 2021. ECF No. 2323. Accordingly, these four individuals are no longer Class Members, are already excluded from the Settlement, and the Court need take no further action with respect to them.

### B. The Court Has Discretion to Grant Twelve Untimely Exclusion Requests.

Eleven individuals and one employer— Barbara Nuckols, Kathy Valleau, Marcia Engen, Charmaine Jones, Melisa Nguyen, Amy Dollin, Anthony Aiden, M. Denny, Justine Chiang, Najeeha Khan, Brian and Katrina Catron,[1] and Central Painting & Sandblasting—did not timely request exclusion from the Action following class certification, but now appear to seek to be excluded as Class Members in connection with the Settlement. Pritzker Decl. at ¶¶ 7-8, Exs. E-P; ECF Nos. 2614, 2615. While four also are styled as "objections" (Chiang, Khan, Denny, and Catrons), all 12 express a desire to be "removed from the settlement," "be excluded from any inclusion of the class action lawsuit," "be remove[d] from this process," "be officially removed from this case," "be excluded from the settlement," not "be included in the EpiPen case," or not "be party to this lawsuit." *Id.*

---

[1] Brian and Katrina Catron made one joint submission requesting to be excluded from the settlement and are treated as one here. Pritzker Decl., Ex. P.

To the extent Justine Chiang, Najeeha Khan, M. Denny, and the Catrons express a desire to be excluded from the Action or the Settlement, their stated "objection" fails as a matter of law. A person cannot both opt out of a class and object to a settlement. *See Harper v. C.R. England, Inc.*, 746 F. App'x 712, 718 (10th Cir. 2018) ("Opted-out class members lack standing to object to a settlement."). Stated simply, "[c]lass members who opt-out of the settlement extinguish their ability to object to it and those objections need not be considered." *Stinson v. City of New York*, 256 F. Supp. 3d 283, 292 (S.D.N.Y. 2017). In any event, these four objections, if the Court were to consider them, must be denied because they don't comply with Fed. R. Civ. P. 23(e)(5)(A) or the Preliminary Approval Order.[2]

As opt outs, all 12 submissions here are untimely. All were filed or submitted well after the January 15, 2021 exclusion deadline. *See* ECF 2245-1 at ¶ 13 (establishing January 15, 2021 as the exclusion deadline, calculated as 75 days after the start of the notice period). Under the Federal Rules of Civil Procedure, the Court has discretion to grant late exclusion requests, but the requester must show (1) excusable neglect in failing to timely opt-out, and (2) that neither party would be substantially prejudiced by the court granting the exclusion. *See Burns v. Copley Pharms., Inc.*, No. 96-8054, 1997 WL 767763, at *3 (10th Cir. Dec. 11, 1997). "This discretion is the same whether the matter is viewed as arising under the court's discretion to extend time under Rule 6(b)(2), to grant relief from an order or judgment under Rule 60(b), or to implement Rule 23." *Id.*; *see also In*

---

[2] While two of the objections were filed with the Court (*see* ECF Nos. 2614 (Khan), 2615 (Chiang)), they provide none of the information required for a valid objection under Rule 23(e)(5)(A), which provides that an "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Fed. R. Civ. P. 23(e)(5)(A). The Denny and Catrons objections, which were not filed with the Court, suffer from the same deficiencies. Similarly, all four submissions fail to provide the information required in paragraph 20 of the Preliminary Approval Order, which sets forth nine categories of information that must be included in an objection for that objection to be deemed valid and considered by the Court at final approval. ECF No. 2594.

*re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290-91 (10th Cir. 1974) (granting extension of time to opt out under Fed. R. Civ. P. 6(b)(2)).

Here, the number of Class Members belatedly seeking to opt out of the Settlement is minimal: only 12 opt outs to add to the existing list of 1,426 previously excluded Class Members,[3] which will not impact the parties' Stipulation of Settlement, nor affect the finality of the judgment. For this reason, Plaintiffs do not oppose allowing these 12 parties to opt out of the Settlement, should the Court decide to exercise its discretion and grant their requests to be excluded as Class Members in connection with the Settlement now.[4] Pritzker Decl. at ¶¶ 7-8. Plaintiffs met and conferred with Mylan on this issue. Mylan respectfully submits that 11 of the 12 late opt-out requests (all but Kathy Valleau, whose spouse states that she passed away in 2018) do not meet the "excusable neglect" legal standard applied by the Court during the Pfizer Settlement process and are indistinguishable on those grounds from the eight, unopposed late opt-out requests that the Court denied during its review of the Pfizer Settlement and therefore are not valid opt-out requests. *See* Final Judgment and Order of Dismissal, ECF No. 2507, at ¶ 9; Pritzker Decl. at ¶¶ 7-8.

C.   **The Two Who Are Not Class Members Cannot Object.**

Two submissions—Jesse Danielson and Monica Shelton—appear to "object" to the Settlement but fail to provide enough information to establish that each is a Class Member. *See* Pritzker Decl., Exs. Q-R; ECF. No. 2607. To the contrary, both submissions demonstrate they are

---

[3]   *See* Declaration Eric Schachter of A.B. Data, Ltd., Re: Implementation of Class Notice dated February 26, 2021 (ECF 2323-1) at ¶ 12 (attesting that the Settlement Administrator received "a total of 1,423 requests for exclusion" as of January 15, 2021 exclusion deadline); ECF No. 2507 at ¶ 9 (granting 3 additional exclusions).

[4]   Plaintiffs are mindful that during the Pfizer Settlement approval process, the Court denied eight of 11 belated opt-out requests for failure to provide enough information to permit the Court to determine whether granting the belated opt-out requests was warranted. *See* Final Judgment and Order of Dismissal, ECF No. 2507, at ¶ 9.

not Class Members. *See* Pritzker Decl., Ex. R (Monica Shelton submission explaining she was "on MedCost and Medicaid while getting these EpiPens" and she "never had to pay out of pocket for them."); *id.*, Ex. Q, ECF No. 2607 (Jesse Danielson submission explaining his "insurance has covered 100% of [his EpiPens]," which "excludes [him] from the share [*sic*] in the distribution of settlement funds").

The Court should overrule these "objections." Rule 23 is clear that only "class member[s] may object to a proposed settlement." Fed. R. Civ. P. 23(e)(5). As such "'non-class members have no standing to object to the [S]ettlement[.]'" *Hellr v. Quovadx, Inc.*, 345 F. App'x 839, 842 (10th Cir. 2007) (citation omitted); *see also Uselton v. Comm'l Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854-55 (10th Cir. 1993) (holding that only class members had standing to object to award of attorney fees paid from class settlement fund). The Court should find that both Mr. Danielson and Ms. Shelton lack standing to "object" to the Settlement because they are not Class Members. And, if necessary, the Court should also overrule their "objections" as meritless and because they fail to comply with the Preliminary Approval Order. S*ee* ECF No. 2594 at ¶ 20; Fed. R. Civ. P. 23(e)(5)(A).

### D. The Court Should Overrule the One Remaining Objection.

Though there are two more submissions, by Dorothy Conners and Lucy Balick, only Ms. Conners' objection remains as Ms. Balick has withdrawn her objection. *See* Pritzker Decl., Exs. S-T, ECF No. 2605. Ms. Balick submitted her objection to Co-Lead Counsel but did not file it with the Court as required by the Preliminary Approval Order. *See* Pritzker Decl., Ex. S. In any event, in communications with Co-Lead Counsel, Ms. Balick has conveyed that she withdraws her unfiled objection and that Co-Lead Counsel may represent to the Court that her objection is withdrawn. *Id.* at ¶ 10.

Ms. Conners' objection, though timely filed, is procedurally improper and lacks substantive merit. *See* ECF No. 2605. She provides only her name and address, and a thread-bare submission stating only that she "object[s] to the Settlement completely." The objection fails to comply in any respect with the specific requirements of Fed. R. Civ. P. 23(e), the Preliminary Approval Order, or the Class Notice. Among other things, it does not state the basis for Ms. Conners' objection, the specific reasons for it, nor provide any legal or evidentiary support for the objection. *See* ECF No. 2594 at ¶ 20. Ms. Conners likewise does not provide proof of her membership in the Class, nor state whether she intends to appear at the Fairness Hearing, either personally or through counsel. For all these reasons, Ms. Conners' objection should be overruled. *See In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1003-04 (D. Kan. 2018) (overruling "this very short objection where the class member states it does not like 'any part of' the settlement," but "does not include any explanation why any aspect of the settlement or the fee request is unfair or unreasonable") (internal citations omitted).

## CONCLUSION

For these reasons, and as in the initial filings in support of their motion, Class Plaintiffs request the Court grant the motion, approve the Settlement and Plan of Allocation, and award the attorneys' fees, expenses, and service awards as requested in the motion.

Dated: June 27, 2022.	Respectfully submitted,

SHARP LAW LLP

By: */s/ Rex A. Sharp*
SHARP LAW LLP
REX A. SHARP
RYAN C. HUDSON
W. GREG WRIGHT
4820 West 75th Street
Prairie Village, KS 66208
Telephone: 913/901-0505
913/901-0419 (fax)
rsharp@midwest-law.com
rhudson@midwest-law.com
gwright@midwest-law.com

KELLER ROHRBACK L.L.P.
LYNN LINCOLN SARKO
GRETCHEN FREEMAN CAPPIO
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: 206/623-1900
206/623-3384 (fax)
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
bbeall@rgrdlaw.com

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER
JONATHAN K. LEVINE
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: 415/692-0772
415/366-6110 (fax)
ecp@pritzkerlevine.com
jkl@pritzkerlevine.com

BURNS CHAREST LLP
WARREN T. BURNS
SPENCER COX
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: 469/904-4550
469/444-5002 (fax)
wburns@burnscharest.com
scox@burnscharest.com

*Co-Lead Counsel and Liaison Counsel for Class Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on June 27, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

*/s/ Rex A. Sharp*
Rex A. Sharp