IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(This Document Applies to Consumer Class Cases) | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE FOR THE MYLAN DEFENDANTS

This matter came before the court on July 6, 2022, as scheduled by the "Order (I) Preliminarily Approving Settlement Under Fed. R. Civ. P. 23(e)(1), (II) Appointing the Settlement Administrator, (III) Approving Form and Manner of Notice to Class Members, (IV) Scheduling a Final Fairness Hearing to Consider Final Approval of the Settlement, and (V) Granting Related Relief" ("Order") dated March 11, 2022 (Doc. 2594), and on the Class Plaintiffs' Motion for Final Approval of Settlement, Approval of Plan of Allocation, and Award of Attorneys' Fees, Expenses, and Service Awards (Doc. 2612) set forth in the Stipulation of Class Action Settlement ("Settlement Agreement") dated February 27, 2022 (Doc. 2590-2).  The court finds that due and adequate notice was given to the Class as required in the Order.  And, after considering all papers filed and proceedings had herein and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** by the court that:

1. This Final Judgment and Order of Dismissal with Prejudice for the Mylan Defendants ("Judgment") incorporates by reference:  (a) the Settlement Agreement; (b) the Notice of Proposed Settlement of Class Action (Doc. 2590-4) and Summary Notice (Doc. 2590-

6) (collectively, the "Notice"); and (c) the Declaration of the Settlement Administrator (Doc. 2590-8) filed with this court on February 28, 2022. All terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth in this Order.

2. This court has jurisdiction over the subject matter of the Action[1] and Other Actions[2] and over all Settling Parties to the Action and Other Actions, including all Class Members.

3. The Notice given to the Class was the best notice practicable under the circumstances and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the United States Constitution (including the Due Process Clause), the Rules of this court, and other applicable law.

4. Under Rule 23 of the Federal Rules of Civil Procedure, the court now affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Settlement Agreement in all respects, and finds that:

   (a) the Settlement Agreement and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class;

   (b) there was no collusion in connection with the Settlement;

---

[1] The Settlement Agreement defines the "Action" as this pending MDL—*i.e.*, Case No. 17-md-2785-DDC-TJJ (MDL No. 2785). *See* Doc. 2590-2 at 7 (Settlement Agreement ¶ IV.1.1.1.).

[2] The Settlement Agreement defines the "Other Actions" as the following four cases, collectively: (1) *Ipson v. Viatris Inc.*, No. 2:21-cv-02556-DDC-TJJ (D. Kan); (2) *Gill v. Viatris Inc.*, No. 2:21-cv-02534-DDC-TJJ (D. Kan.); (3) *Dvorak v. Viatris Inc.*, No. 2:21-cv-02561-DDC-TJJ (D. Kan.); and (4) *Sumner v. Viatris Inc.*, No. 2:21-cv-02555-DDC-TJJ (D. Kan.). *See* Doc. 2590-2 at 12 (Settlement Agreement ¶ IV.1.1.25.).

    (c) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel; and

    (d) the record is sufficiently developed and complete to have enabled the Plaintiff Class Representatives and the Mylan Defendants to have adequately evaluated and considered their positions.

  5. The court thus authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions of this Judgment. Except for any individual claims of those persons or entities who have validly and timely requested exclusion from the Class, as set forth in Exhibit F to Class Plaintiffs' Final Status Report Re Implementation of Class Notice (Doc. 2323-1 at 28–59) and in the Pfizer Settlement Final Judgment (Doc. 2507 at 8), the court hereby dismisses the Action and Other Actions against the Mylan Defendants and all Plaintiffs' Released Claims against the Mylan Defendants' Released Parties with prejudice. The Settling Parties are to bear their own costs, except for and to the extent provided in the Settlement Agreement and any separate order(s) entered by the court deciding Class Counsel's Motion for Award of Attorneys' Fees and Expenses.

  6. The Releases set forth in Section 4 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating to it, are expressly incorporated by reference into this Order. The court thus orders that:

    (a) Upon the Effective Date, and as provided in the Settlement Agreement, Plaintiff Class Representatives shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Plaintiffs' Released Claims against the Mylan Defendants' Released

Parties, whether or not such Class Member shares in the Settlement Fund. Claims to enforce the terms of the Settlement Agreement are not released.

(b) Plaintiff Class Representatives and all Class Members, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Plaintiffs' Released Claims against any of the Mylan Defendants' Released Parties.

(c) Upon the Effective Date, and as provided in the Settlement Agreement, each of the Pfizer Defendants' Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs' Released Persons, including Class Counsel, from all Defendants' Released Claims, except for claims relating to the enforcement of the Settlement.

7. Upon the Effective Date, any and all persons or entities shall be permanently barred, enjoined, and restrained, to the fullest extent permitted by law, from bringing, commencing, prosecuting, or asserting any and all claims, actions, or causes of action for contribution or indemnity or otherwise against the Mylan Defendants or any of the Mylan Defendants' Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or obligated or agree to pay to the Class or any Class Member, arising out of, based upon, relating to, concerning, or in connection with any facts, statements, or omissions that were or could have been alleged in the Action or Other Actions. Notwithstanding the foregoing, nothing herein shall bar any action by any of the Settling Parties to enforce the terms of the Settlement Agreement.

8.     Four individuals—Mamiesha Banks, Amanda McCrary, Carol Fuller, and Arthur Vergara—have written to co-lead counsel asking to opt out of the Settlement. Doc. 2619 at 5, 8–20 (Pritzker Decl. ¶ 6, Exs. A–D). Each of these individuals previously filed a timely request seeking exclusion from the Action, which the Settlement Administrator confirmed in the Final Status Report filed February 26, 2021. Doc. 2323-1. Because these four individuals were already excluded from the class when they timely filed their requests, they are no longer class members. Thus, the court need not take any action with respect to these four individuals.

9.     Eleven individuals and one employer—Barbara Nuckols, Kathy Valleau, Marcia Engen, Charmaine Jones, Melisa Nguyen, Amy Dollin, Anthony Aiden, M. Denny, Justine Chiang (Doc. 2615), Najeeha Khan (Doc. 2614), Brian and Katrina Catron,[3] and Central Painting & Sandblasting—have made belated requests to be excluded from the Settlement. Doc. 2619 at 5–6, 21–58 (Pritzker Decl. ¶¶ 7–8, Exs. E–P). Plaintiffs do not oppose or object to these requests, while the Mylan Defendants submit that 11 of these 12 requests (all but Kathy Valleau, whose spouse reports that Ms. Valleau passed away in 2018) do not meet the "excusable neglect" legal standard the court applied during the Pfizer Settlement proceedings: "(1) whether the movant's neglect [in seeking a timely opt-out] was excusable, and (2) whether either party would be substantially prejudiced by the court's action." *See Burns v. Copley Pharms., Inc.*, No. 96-8054, 1997 WL 767763, at *3 (10th Cir. Dec. 11, 1997) (citing *Supermarkets Gen. Corp. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir.1974)); *see also In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290–91 (10th Cir. 1974) (holding that trial court didn't err by permitting

---

[3]    Brian and Katrina Catron made one joint submission to co-lead counsel requesting exclusion from the Settlement. *See* Doc. 2619 at 57–58 (Pritzker Decl. Ex. P). The court treats the request as one request here.

a late opt-out where the "facts support[ed] a finding" of excusable neglect and "there was no prejudice" sustained from the late opt-out).

Of the 12 belated opt-out requests, only one provides the court with enough information to determine that: (1) the belated request is the result of excusable neglect, and (2) permitting the late opt-out won't prejudice any party. *Cf. Burns*, 1997 WL 767763, at *3 (reversing a district court's "summary ruling" that provided "no findings indicating how the district court reached its conclusions" to permit a late opt-out). Kathy Valleau's husband submitted a letter explaining that Ms. Valleau passed away in 2018, and that he believes he already had requested an opt out for his wife from the Pfizer settlement. Doc. 2619 at 27 (Pritzker Decl. Ex. F). Based on this submission, the court concludes that Kathy Valleau's husband has established excusable neglect for Ms. Valleau's failure to opt out in a timely fashion. And, the court finds, no prejudice will result from permitting Ms. Valleau's late opt-out. So, the court excludes Ms. Valleau from the class. As a consequence, she doesn't have standing to object to the Settlement. *See Harper v. C.R. Eng., Inc.*, 746 F. App'x 712, 718 (10th Cir. 2018) ("Opted-out class members lack standing to object to a settlement.").

The remaining 11 belated opt-out requests (Barbara Nuckols, Marcia Engen, Charmaine Jones, Melisa Nguyen, Amy Dollin, Anthony Aiden, M. Denny, Justine Chiang, Najeeha Khan, Brian and Katrina Catron, and Central Painting & Sandblasting) don't provide the court with enough information to conclude that permitting them to opt out belatedly is warranted. So, the court denies their requests to opt out.

Also, to the extent Justine Chiang, Najeeha Khan, M. Denny, and the Catrons assert an "objection" to the Settlement, the court overrules their objections. *See* Doc. 2615 at 1 (stating that Ms. Chiang "object[s] to the Settlement, the Plan of Allocation, or the fees and expenses"

and that she does "not wish to participate in the . . . Settlement"); Doc. 2614 at 1 (stating that Ms. Khan "object[s] to the Settlement and ask[s] to be uninvolved in the proceedings"); Doc. 2619 at 50 (Pritzker Decl. Ex. M) (stating that M. Denny "object[s] and do[es] not want to be party to this lawsuit, settlement, plan of allocation, or the fee and expense application"); *id.* at 58 (Pritzker Decl. Ex. P) (stating that the Catrons "object to being part of the settlement and do not wish to participate"). Fed. R. Civ. P. 23(e)(5)(A) permits class members to object to a proposed class action settlement, but the Rule also requires the objection to "state with specificity the grounds for the objection." These four submissions provide no reason or grounds for their purported "objections." And, as a result, the court denies the objections because they don't comply with Fed. R. Civ. P. 23(e)(5)(A).

10. Two individuals—Jesse Danielson (Doc. 2607) and Monica Shelton—appear to "object" to the Settlement but provide information to establish that each is not a Class Member. *See* Doc. 2619 at 7, 59–62 (Pritzker Decl. ¶ 9, Exs. Q–R); *see also id.* at 60 (Pritzker Decl. Ex. Q) (Jesse Danielson submission explaining his "insurance has covered 100% of [his EpiPens]," which "excludes [him] from the share [sic] in the distribution of settlement funds"); *id.* at 62 (Pritzker Decl. Ex. R) (Monica Shelton submission explaining she was "on MedCost and Medicaid while . . . getting these EpiPens" and she "never had to pay out of pocket for them"). Because these two individuals haven't shown they are Class Members—to the contrary, they have shown that they don't qualify as Class Members—they have no standing to object to the Settlement. *See Heller v. Quovadx, Inc.*, 245 F. App'x 839, 842 (10th Cir. 2007) (explaining that "'non-class members have no standing to object'" to a proposed settlement (quoting *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989))). Thus, the court need not take any action on these two individuals' submissions.

11. These conclusions leave one remaining objection[4]—submitted by Dorothy Conners (Doc. 2605). Ms. Conners's submission fails to state whether she qualifies as a Class Member. Indeed, it just asserts that she "object[s] to the Settlement completely." *Id.* at 4. But her submission doesn't "state with specificity the grounds for the objection[,]" as Fed. R. Civ. P. 23(e)(5)(A) requires. Thus, the court overrules Ms. Conners's objection (Doc. 2605) because she does not make any showing that she is a Class Member, nor does she provide the basis or specific reasons for her objection, all of which is required by Rule 23 and the Preliminary Approval Order to qualify as a valid objection.

12. Any Plan of Allocation and Distribution submitted by Class Counsel or any order entered deciding any attorneys' fees, expenses, or service awards to the Plaintiff Class Representatives shall in no way disturb or affect this Judgment and must be considered separate from this Judgment.

13. Neither the Settlement Agreement nor the Settlement contained in it, nor any act performed or document executed under or in furtherance of the Settlement Agreement or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Plaintiffs' Released Claim, or of any wrongdoing or liability of the Mylan Defendants' Released Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Mylan Defendants' Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Mylan Defendants' Released Parties may file the Settlement Agreement and/or this

---

[4] One other individual—Lucy Balick—submitted an objection to plaintiffs' co-lead counsel but did not file it with the court. Doc. 2619 at 7, 63–66 (Pritzker Decl. ¶ 10, Ex. S). Ms. Balick advised plaintiffs' co-lead counsel that she withdrew her objection, so it is not before the court. *See id.* at 7 (Pritzker Decl. at ¶ 10).

Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense.  The Mylan Defendants expressly disclaim and deny any wrongdoing or liability whatsoever.  The Mylan Defendants contend that the claims and allegations of wrongdoing or liability on their part, individually and collectively, by the Plaintiffs and the Class in the Action and Other Actions are without merit.  The Mylan Defendants are settling the Action and Other Actions solely to avoid the burden and expense of further litigation.

14. Without affecting the finality of this Judgment in any way, this court retains continuing jurisdiction over:  (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and service awards to Plaintiff Class Representatives; (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement Agreement; (e) the Class Members for all matters relating to the Action; and (f) other matters related or ancillary to the foregoing.  The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this court.

15. The court finds that during the course of the Action and Other Actions, the Settling Parties and their respective counsel at all times complied with the applicable rules of procedure, including Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Judgment will

be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and will be vacated and, in such event, all orders entered and releases delivered in connection herewith will be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Settlement Agreement.

17. Without further order of the court, the Settling Parties will continue to abide by and/or effectuate any and all other terms of the Settlement Agreement not otherwise referenced in this Order. Also, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. The court directs immediate entry of this Judgment by the Clerk of the Court.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**