IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br><br>(This Document Applies to Consumer Class Cases) | MDL No:  2785<br><br>Case No. 17-md-2785-DDC-TJJ |

### ORDER

Putative class member Denny Randall submitted a letter to the Clerk on June 23, 2023. In short form, his letter asserts that he submitted a claim seeking to participate in class action settlements approved in this Multi-District Litigation.  The court has decided to append a redacted copy of his letter to this Order as Exhibit 1.  The material in Mr. Randall's original letter and attached photos shielded by these redactions provided his street address, his individualized claim number, and some personal medical information.  The court also has attached unredacted versions of these submissions in Exhibit 2 to this Order.  The court finds that Mr. Randall enjoys a privacy interest in his claim number and specific street address.  Also, and obviously, the court finds that Mr. Randall's personal medical information deserves protection.  And the public has no legitimate interest in the redacted information.  None of it contributes—at least at this stage—to the reasoning applied to resolve this dispute.  The court thus directs the Clerk to seal Exhibit 2. The parties can view Mr. Randall's original materials, but sealing it shields the redacted material from the public.

Following receipt of Mr. Randall's submissions, the court directed Class Counsel for the plaintiff class to respond.  Plaintiff's Class Counsel now has provided a detailed response.  It's

appended to this letter as Exhibit 3 (redacted) and Exhibit 4 (unredacted).  Again, the redactions shield Mr. Randall's street address and certain other personalized claim information.  Nothing known to the court currently suggests that the public has any interest in this shielded information.  The court thus directs the Clerk to seal Exhibit 4, making it available to the parties in this action but not the public.

The court now provides Mr. Randall the opportunity to respond to Class Counsel's letter to the court.  Mr. Randall may submit:  (1) any response he wishes to make to Class Counsel's letter no later than 60 days from the date shown at the end of this Order; and (2) any additional materials he believes the court should see to understand his claim and the reasons he should share in the class settlement.  The court also orders that Mr. Randall's response must not exceed 10 pages.  The court does **not** impose a limit, however, on the quantity of materials Mr. Randall submits to support his claim.  Once the court receives Mr. Randall's response, it will decide what, if any, further proceedings are necessary for the court to decide this dispute.

Finally, to ensure that Mr. Randall receives this Order, the court directs the Clerk to send this Order (along with attachments) to Mr. Randall by:  (a) certified receipt, United States Mail; and (b) by email attachment using the email address Mr. Randall has provided in his communications with the court.

**IT IS SO ORDERED.**

**Dated this 2nd day of October, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**