**DAN POOLE**
**APDO 599-1250**
**Escazu, San Jose 10201**
**COSTA RICA**
Email: danpooleum@yahoo.com

FILED
U.S. District Court
District of Kansas

FEB 09 2026

Clerk, U.S. District Court
By SMH_____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation<br><br>(Consumer Class Cases) | ) MDL No: 2785<br>)<br>) Case No. 17-md-2785-DDC-TJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **MOTION TO COMPEL AB DATA TO**<br>) **DISCLOSE WHETHER THEY HAVE**<br>) **EXPERIENCED A DATA BREACH OR**<br>) **OTHER SECURITY EVENT, AND FOR**<br>) **COURT TO PROVIDE AB DATA WITH**<br>**MANDATORY GUIDANCE REGARDING**<br>**PAYMENTS TO APPROVED CLAIMANTS** |

    Comes now, Dan Poole ("Poole"), class member and approved claimant, and files this, his Motion to Compel Settlement Administrator AB Data ("AB Data") to disclose to the Court and to Class Members whether they have experienced a data breach or other security event, and for the Court to further provide Settlement Administrator with mandatory and binding guidance regarding an appropriate procedure to conclude distribution of settlement funds to approved claimants.

    Due to the danger that, upon viewing this motion, AB Data might immediately send Poole's settlement payment in order to moot the motion, Poole hereby respectfully requests that the Court declare that Poole is part of a similarly situated sub-class of Class Members with Approved Claims who have not yet received their settlement payments, or if the Court deems that the heretofore defined

sub-class is overly broad, then it should be narrowed to include a similarly situated sub-class of Class Members who have made inquiry or otherwise been in contact with AB Data with regards to their settlement payment but have still not succeeded in obtaining their settlement payment from AB Data. If Class Counsel is not going to effectively advocate for the described sub-class, then independent counsel should be appointed by the Court to represent the sub-class.

In communications with Poole, Settlement Administrator AB Data has stated that they have received "hundreds" of fraudulent requests to send claimant settlement checks to "unintended parties," "out of the country" and "thousands" of similar requests from within the USA and Canada. While AB Data has not come out and stated that they have been subject to a data breach or other security event, it would seem that the only way that they could receive such a large number of fraudulent requests would be if their list of approved claimants had been in some way compromised, or perhaps even more specifically, their list of approved claimants that have not yet received their respective settlement payments.

Class members have a right to know if their medical and personal data has been breached and may be in the hands of unauthorized third parties, and AB Data should be compelled to make a statement about whether or not they believe a breach has occurred. Furthermore, if they state that they do not have a reason to believe that a security breach has occurred, they should be required to explain to the Court and to Class Members just how bad actors might have obtained Class Member data with which fraudulent requests relative to settlement payments could be made.

Moreover, a review of AB Data's communications with Poole will demonstrate that whatever procedures AB Data is using to get settlement payments into the hands of claimants after a failed initial delivery are wholly inadequate, Poole having been promised that his settlement payment would be reissued on or around mid-August of 2023 and still awaiting a reissue of his payment. Based on statements made by AB Data, it is believed that this problem is affecting many class members with approved claims.

With regards to distribution of remaining settlement funds to Class Members with approved claims the Court should direct AB Data to email any and all approved claimants that have not yet received or negotiated their settlement payments and use best efforts to get settlement checks to any of said claimants who reply. If AB Data is for some reason not able to reach any approved claimant, or after additional communication cannot get settlement payments in the hands of said claimants, AB Data should turn the uncashed checks over to the appropriate state unclaimed property agency. See *All Plaintiffs v. All Defendants*, 645 F3d 329 (5th Cir. 2011)(state unclaimed property laws apply to federal class action uncashed checks).

Respectfully submitted,

_____
DAN POOLE

APDO 599-1250<br>
Escazu, San Jose 10201<br>
COSTA RICA<br>
Email: danpooleum@yahoo.com

## EXHIBIT A:

## DAN POOLE'S DECLARATION IN SUPPORT

I, Dan Poole, declare and state under the penalty for perjury under the laws of the United States of America on this day of January 10, 2025 that:

1) I am a Class Member and approved claimant in the EpiPen Settlement. My claim was assigned claim ID 126124525.

2) The email chain in Exhibit "B" attached hereto and incorporated herein by reference is true and correct.

3) I contacted Settlement Administrator AB Data by email sent to Help@abdataclassaction.com on July 25, 2023 to inquire after the status of my claim.

4) AB Data responded to me promptly on July 28, 2023 and informed me that a settlement check had been mailed to me the previous month, in mid-June, 2023, and offered to reissue my settlement check to me. At this time I realized that I had not updated AB Data with a new mailing address for my claim since having moved to Costa Rica, and proceeded to do so on August 4, 2023 and ask that the reissued settlement check be sent to the updated address.

5) A few days later on August 7, 2023 AB Data responded and informed me that by the middle of that same month, August of 2023, that my settlement check for $3,363.95 would be reissued and mailed to the address that I had provided them with.

6) By November of 2023 I had still not received my check so I inquired once again regarding the status on November 9, 2023 and asked whether the check had been mailed to me.

7) This time AB Data did not respond until 11 days later on November 20, 2023, and did not confirm whether or not the check had been mailed, but instead indicated that address change requests would need to be reviewed and approved, which could take 90 days.

8) On January 31 of 2024 I made another inquiry with regards to the status of the check reissue and reminded AB Data that my address change request had been made in August of 2023, over 6 months prior. After sending this email I received an auto-response email confirming that AB Data had received my inquiry and then I subsequently forgot about the matter for a while. AB Data never replied to my email with a direct response, which would have served to remind me that the matter was still pending.

9) On August 13, 2024 I happened to see the email thread buried in my email box and remembered that I had sent an email in January, that I had never gotten a reply, and that the matter of my settlement check was still pending. I proceeded to write to AB Data once again to ask regarding the status.

10) Two weeks later on August 27, 2024 AB Data finally responded and said that due to security reasons and because of a large number of fraudulent requests to send checks out of the country, I would not be allowed to use the mailing address that I had provided and would have to provide a regular street

address and would have to provide a copy of my ID, and following that it might take them 90 days to review and then finally reissue my settlement check.

11) Having been told in August of 2023 that my check would be reissued and sent that same month and now over a year later and having made multiple inquiries that were sometimes totally ignored by AB Data, I was becoming somewhat frustrated. However, I responded immediately on August 27, 2024 and pledged that I would be willing to supply a copy of my ID if they would supply a copy of their privacy policy and disclose how they treat and maintain the HIPAA information.

12) I received the next communication from AB Data on September 19, 2024. No privacy policy was attached or linked to, and no response was provided regarding the treatment of HIPAA data. Instead I was again told "...we have received hundreds of email requests from South America that have led to fraudulent claim filings and requests for payment to unintended recipients. We have also had thousands of similar requests from locations throughout the United States and Canada. We have requested the same information from all of these email inquiries."

13) Again I replied more or less immediately on September 19, 2024. My email stated:

"If AB Data suspects that thousands of requests, including hundreds from South America, are fraudulent, it should notify the court at once and post information on the class website. Certainly, if someone stole someone's information, they should not be declared to have forfeited their claim. On the contrary, it would seem that AB Data has a heightened obligation to either track down the claimants and, if it is not able to, to turn this money over to the appropriate state unclaimed property agencies. It is my understanding that the United States Supreme Court provided guidance that it should be turned over to the state reflecting the last known address of the person and if no address is known, or it is outside of the United States, the laws of the state where the holder is apply.

As to photocopies of identity documents, considering that AB Data appears to have suffered an undisclosed fraud event, coupled with the failure to disclose any form of privacy policy and HIPAA compliance policies, which is aggravated by the fact that AB Data asks for this information through unencrypted email channels, I am particularly concerned with how the information will be retained, the

document retention policies, the nature of the encryption used to store said data, and how it will be transmitted to AB Data securely.

I think the most appropriate thing is to seek guidance from the court at this juncture unless AB Data agrees to turn over claimant funds to the state unclaimed property agencies as required by law.

Dan Poole"


14)     I once again received AB Data's auto-reply to the above message indicating that it was received, but have received no email correspondence nor postal mail from them regarding my claim since.


DATED: January 10, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　DAN POOLE

EXHIBIT "B"

TRUE AND CORRECT COPY OF EMAIL THREAD WITH

SETTLEMENT ADMINISTRATOR AB DATA

From: danpooleum@yahoo.com <danpooleum@yahoo.com>
Sent: Tuesday, July 25, 2023 6:32 PM
To: Help@abdataclassaction.com
Subject: claim id 126124525, Epipen

EXTERNAL SENDER

Dear Administrator,

Please inform me of the status of claim 126124525 which is my claim in the Epipen settlement.

I haven't received any news since submitting my claim.

Dan Poole

On Friday, July 28, 2023 at 07:40:23 AM CST, Help@abdataclassaction.com <help@abdataclassaction.com> wrote:

Thank you for your inquiry regarding the EpiPen Settlement.

We mailed a physical check to the address we have on file for you in mid-June. If you need this check to be reissued, please reply to this message with your preferred mailing address and we can send you a new check.

Please be patient and feel free monitor www.EpiPenClassAction.com for updates.

Regards,

Settlement Administrator

From: danpooleum@yahoo.com <danpooleum@yahoo.com>
Sent: Friday, August 4, 2023 5:12 PM
To: Help@abdataclassaction.com
Subject: Re: claim id 126124525, Epipen

EXTERNAL SENDER

Dear Administrator,

Thanks for your message!

I have moved in the last couple of years but I can't remember which address I provided when I entered my claim if it is my current address or if it was before I moved. Maybe you can help me confirm this point. My prior address was 1701 E 12th St in Cleveland, Ohio. However I have moved to Costa Rica to retire. My current mailing address is:

Dan Poole

APDO 599-1250
Escazu, San Jose 10201
COSTA RICA

If you can mail my settlement payment to this address I will certainly appreciate it.

Dan Poole


On Monday, August 7, 2023 at 07:32:00 AM CST, Help@abdataclassaction.com <help@abdataclassaction.com> wrote:


Dear Don,

Your address has been updated to APDO 599-1250 ESCAZU, SAN JOSE 10201 COSTA RICA and your check request has been made to the amount of $3,363.95. The next rounds of checks will be sent out Mid-August, You should receive your check by then end of August. If you do not receive your check by then feel free to get ahold of us to be able to assist you with another check issue.

Sincerely,


A.B. DATA, LTD.

Settlement Administrator

From: danpooleum@yahoo.com <danpooleum@yahoo.com>
Sent: Thursday, November 9, 2023 3:40 PM
To: Help@abdataclassaction.com
Subject: Re: claim id 126124525, Epipen

EXTERNAL SENDER

Dear Administrator,

Can you confirm whether my settlement check was resent? You indicated that it should be sent in August. We are now in November almost 3 months later and I still haven't received anything!

Please let me know.

Dan Poole


On Monday, November 20, 2023 at 01:01:52 PM CST, Help@abdataclassaction.com <help@abdataclassaction.com> wrote:

Dear Claimant,

Due to security reasons, address change requests will be reviewed and the address verified before the reissue will be authorized. This process can take up to 90 days.

Sincerely,

A.B. DATA, LTD.

Settlement Administrator


On Wednesday, January 31, 2024 at 12:58:54 PM CST, danpooleum@yahoo.com <danpooleum@yahoo.com> wrote:


Hi,

I requested that you register my change of address and reissue my settlement check back on August 4th of LAST YEAR. You wrote to me in November (quoted below) that address changes can take up to 90 days but it had been almost 90 days already at that point. Now it has been yet another 60 days.

Excuse my bluntness, but are you going to reissue my settlement check or do I need to send a complaint directly to the court about how the administration of class members' funds are being handled? Six months is too long to wait for you to do your job, and I suspect the next thing you will tell me is that time has run out and my settlement payment can no longer be reissued.

Please resolve this matter right away.

Dan Poole
APDO 599-1250
Escazu, San Jose 10201
COSTA RICA


From: danpooleum@yahoo.com <danpooleum@yahoo.com>
Sent: Tuesday, August 13, 2024 10:03 AM
To: Help@abdataclassaction.com
Subject: Re: claim id 126124525, Epipen


EXTERNAL SENDER

I sent the below email back in January. Another SEVEN MONTHS with no reply, other than your auto-response demonstrating that you did in fact receive my email.

I expect a response back from you within the next three days to let me know when the settlement percentage that corresponds with my claim is expected to be paid. Absent that I am going to ask my attorney to prepare a motion for me to submit to the court to see if we can enforce some accountability regarding settlement payments.

Dan Poole


On Tuesday, August 27, 2024 at 09:16:46 AM CST, Help@abdataclassaction.com <help@abdataclassaction.com> wrote:


Dear Claimant,


We are in receipt of your request, however, due to security reasons and a large number of fraudulent requests to send checks out of the country, we cannot accept an APDO address for a check reissue request. . Please provide a street mailing address and a copy of your government issued identification, so we can begin this process for you. Address change requests will be reviewed and the address verified before the reissue will be authorized. This process can take up to 90 days.

Sincerely,

A.B. DATA, LTD.

Settlement Administrator

From: danpooleum@yahoo.com <danpooleum@yahoo.com>
Sent: Tuesday, August 27, 2024 12:35 PM
To: Help@abdataclassaction.com
Subject: Re: claim id 126124525, Epipen

EXTERNAL SENDER

Hello,

I'm not sure why you didn't tell me this or ask me to supply ID back on August 4 of last year when you confirmed that my mailing address had been updated and that my check was due for reissue in August of 2023.. Or any of the times I have contacted you since then by email to ask what is going on with my claim.

Anyway, I will be happy to supply you with a copy of my ID if you will please provide me with a copy of your privacy policy beforehand as to the treatment of my confidential data, and a further explanation of how you treat and maintain the HIPAA information.

I thank you ahead of time for supplying this, and will look forward to settling this matter as soon as possible so that I can receive my settlement payment and so that you can close out the accounting relative to my claim.

Dan Poole


On Tuesday, September 17, 2024 at 09:56:24 AM CST, Help@abdataclassaction.com <help@abdataclassaction.com> wrote:


Hello

We can understand your frustration, but the large influx of fraudulent t requests for the APDO addresses occurred during distribution, not beforehand. We are simply asking for verification of ID to prove that you are the intended recipient or the settlement award, as we have received hundreds of email requests from South America that have led to fraudulent claim filings and requests for payment to unintended recipients. We have also had thousands of similar requests from locations throughout the United States and Canada. We have requested the same information from all of these email inquiries.

We would hope you would appreciate that we want to ensure you are the intended recipient and are not careless to hand over your payment to anyone who may email a request to do so.

We are happy to make an exception for you, and waive providing two documents related to your current address, as long as you can provide us the copy of your government ID to prove your identity.

Sincerely,

A.B. Data, Ltd.
Settlement Administrator

From: danpooleum@yahoo.com <danpooleum@yahoo.com>
Sent: Thursday, September 19, 2024 7:32 PM
To: Help@abdataclassaction.com
Subject: Re: claim id 126124525, Epipen

Hello:

If AB Data suspects that thousands of requests, including hundreds from South America, are fraudulent, it should notify the court at once and post information on the class website. Certainly, if someone stole someone's information, they should not be declared to have forfeited their claim. On the contrary, it would seem that AB Data has a heightened obligation to either track down the claimants and, if it is not able to, to turn this money over to the appropriate state unclaimed property agencies. It is my understanding that the United States Supreme Court provided guidance that it should be turned over to the state reflecting the last known address of the person and if no address is known, or it is outside of the United States, the laws of the state where the holder is apply.

As to photocopies of identity documents, considering that AB Data appears to have suffered an undisclosed fraud event, coupled with the failure to disclose any form of privacy policy and HIPAA compliance policies, which is aggravated by the fact that AB Data asks for this information through unencrypted email channels, I am particularly concerned with how the information will be retained, the document retention policies, the nature of the encryption used to store said data, and how it will be transmitted to AB Data securely.

I think the most appropriate thing is to seek guidance from the court at this juncture unless AB Data agrees to turn over claimant funds to the state unclaimed property agencies as required by law.

Dan Poole



Dan Pool
Apartado 599-1250
Escazu San Jose 1250
Costa Rica

SANTA CLARITA CA  913
4 FEB 2026  PM 1  L




RECEIVED
FEB 0 9 2026
By _____

MAILED
FEB 0 4 2026

Clerk Us District Court   #Filing
401 North Market Street
Wichita U.s. Federal Courthouse
Wichita KS 67202

67202-209699