**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **IN RE:  EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation** | **Case No. 17-md-2785-DDC-TJJ** |
| **(This Document Applies to Consumer Class Cases)** | |

**MEMORANDUM AND ORDER**

Class member Ivan Alexander has sent a letter to the undersigned judge, attached, that asks, "whether the Settlement Administrator may condition payment on documentation that may not exist for claimants residing abroad[.]"  The answer is yes.

"In resolving disputes about implementation of a settlement agreement, courts begin with the terms of the agreement itself."  4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 12:25 (6th ed. 2025).  Here, the court previously approved a Settlement Agreement (Doc. 2590-2) that included a Claim Form (Doc. 2590-5).  On that Claim Form, all claimants "agree[d] to supplement" their claim with "documentary backup for the information provided" in the Claim Form, "upon request of the Settlement Administrator."  Doc. 2590-5 at 4.  So, if the Settlement Administrator requests documentation—*i.e.*, proof of address—then a claimant must provide that documentation.

Perhaps anticipating this outcome, Mr. Alexander asks—if the Settlement Administrator may condition payment on documentation that's difficult to track down for those living abroad— "whether reasonable alternative verification procedures should be provided."  The answer is no.

Claimants sign a Claim Form, in which they agree to provide documentary backup on the

Settlement Administrator's request.  That's what claimants agree to do.  And the court won't

impose additional requirements unsupported by the parties' agreed-upon settlement documents

and processes.

**IT IS SO ORDERED.**

**Dated this 2nd day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**